**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

IN RE: MOTOR FUEL TEMPERATURE )
SALES PRACTICES LITIGATION )
) **MDL No: 1840**
**(This Document Relates to All Cases)** )
) **Case No: 07-md-1840-KHV**
_____)

## ORDER

The Court intends to appoint lead counsel and liaison counsel to act on behalf of plaintiffs in this case. Applications for these positions shall be filed on or before **September 4, 2007.**

**I.     Position Duties**

Lead counsel shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall

(a) after such consultation with co-counsel as may be appropriate, determine and present to the Court and opposing parties (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) the position of the plaintiffs on all matters arising during pretrial proceedings;

(b) coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

(c) conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

(d) delegate specific tasks to other counsel or committees of counsel, as authorized by the Court, in a manner to ensure that pretrial preparation for the plaintiffs is conducted

efficiently and effectively;

(e) enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

(f) prepare and distribute periodic status reports to the parties;

(g) maintain adequate time and disbursement records covering services as lead counsel;

(h) monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

(i) perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the court.

Counsel for plaintiffs who disagree with lead counsel or those acting on behalf of lead counsel, or who have individual or divergent positions, may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their clients as appropriate, provided that in doing so they do not repeat arguments, questions or actions of lead counsel.

Liaison counsel shall

(a) maintain and distribute to co-counsel and to defendants' liaison counsel an up-to-date service list;

(b) receive and, as appropriate, distribute to co-counsel orders from the court and documents from opposing parties and counsel;

(c) except such documents as may be available at a document depository, maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party; and

(d) establish and maintain a document depository if appropriate.

**II.     Applications**

Applications for the positions of plaintiffs' lead counsel and plaintiffs' liaison counsel must be filed on or before **September 4, 2007.** The court will only consider attorneys who have filed a civil action in this litigation. The main criteria for these appointments are (1) willingness and ability to commit to a time-consuming process and an ambitious schedule; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. Practical problem-solving skills and a good sense of humor are a plus. Applications should set forth attorney fee proposals, rates and percentages that applicants expect to seek if the litigation succeeds in creating a common fund.

**III.    Attorney Time And Expense Records**

All counsel for plaintiffs (not merely lead counsel and liaison counsel) shall keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours, location and particular activity (such as "conduct deposition of A.B."). The failure to maintain such records will be grounds for denying court-awarded attorney fees, as will an insufficient description of the activity (such as "research" or "review of correspondence").

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas this 29th day of August, 2007.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge