**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE ) | |
| SALES PRACTICES LITIGATION ) | |
| ) | MDL No: 1840 |
| (This Document Relates to All Cases) ) | Case No: 07-md-1840-KHV |
| ) | |
| _____) | |

## ORDER

On August 29, 2007, the Court entered an order which directed that applications for the positions of plaintiffs' lead counsel and plaintiffs' liaison counsel be filed on or before September 4, 2007. See Doc. #131. Two groups of attorneys have applied for the positions. See Original Plaintiffs' Motion For Appointment Of Interim Lead And Liaison Class Counsel ("Original Plaintiffs' Motion") (Doc. #137) and Application Of Horn Aylward & Bandy, LLC, Girardi And Keese, And Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. For Appointment Of Plaintiffs' Lead Counsel, And Walters Bender Strohbehn & Vaughan, P.C. For Appointment Of Plaintiffs' Liaison Counsel ("Application Of Horn, Et Al.") (Doc. #139), both filed September 4, 2007.

The first group is comprised of six attorneys who want to act as co-lead counsel for plaintiffs,[1] and Norman E. Siegel who wants to act as liaison counsel for plaintiffs.[2] See id. For

---

[1] The attorneys in the first group are Philip C. Korologos and William D. Marsillo of Boies, Schiller & Flexner LLP in New York, New York; George A. Zelcs, Stephen M. Tillery and Robert L. King of Korein Tillery LLC in Chicago, Illinois and St. Louis, Missouri; and Michael J. Brickman of Richardson Patrick Westbrook and Brickman LLC in Charleston, South Carolina. The signature page of the motion includes names of additional attorneys from those firms, but the motion does not discuss the qualifications of those attorneys and the Court therefore does not consider them as applicants for lead counsel positions. See Original Plaintiffs' Memorandum In Support Of Motion For Appointment As Interim Lead And Liaison Class Counsel ("Original Plaintiffs' Memorandum") (Doc. #138) at 1, 18-23, 35.

[2] Siegel is with the law firm of Stueve Siegel Hanson LLP in Kansas City, Missouri. See id.

identification purposes, the Court will refer to this group as the Siegel group. The Siegel group reports that it filed the first and most comprehensive lawsuits to date, encompassing 17 states and the District of Columbia and accounting for a majority of nation-wide motor fuel consumption, and that it has invested a significant amount of time and resources in identifying, investigating and developing the claims in the case. See id. at 1, 23-28. The Siegel group asks the Court to appoint it exclusively, "rather than mixing and matching from among those counsel who have filed competing motions." Id. at 8.

The second group is comprised of three attorneys who want to act as co-lead counsel for plaintiffs,[3] and Thomas V. Bender who wants to act as liaison counsel for plaintiffs.[4] See id. For identification purposes, the Court will refer to this group as the Bender group. The Bender group reports that it has support from more than 25 law firms which brought 30 of the 45 cases in this multi-district proceeding. See id. at 1. The Bender group states that it endorses a different approach to the case than the Siegel group. Specifically, the Bender group states that it views the case as a damage case for citizens of different states and favors an approach which emphasizes counsel from each state representing the interests of citizens within their corresponding states, while the Siegel group seeks to recover on behalf of citizens in multiple states without filing cases in each state or including participation of attorneys within those states. See id. at 3-4. The Bender group advises that it has proposed alternate leadership structures to the Siegel group, but the Siegel group has

---

[3] The attorneys in the second group are Robert A. Horn of Horn Aylward & Bandy, LLC in Kansas City, Missouri; Thomas V. Girardi of Girardi and Keese in Los Angeles, California; and Rhon E. Jones of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. in Montgomery, Alabama. See Application Of Horn, Et Al. (Doc. #139) at 1, 18-19.

[4] Bender is with the law firm of Walters Bender Strohben & Vaughn, P.C. in Kansas City, Missouri. See id.

rejected its overtures.[5]  See id. at 5.

In its previous order, the Court identified the following main criteria for the appointment of plaintiffs' lead counsel and liaison counsel: (1) willingness and ability to commit to a time-consuming process and an ambitious schedule; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner.  See Order (Doc. #131) at 3.  With regard to the first, third and fourth criteria, the Court has thoroughly reviewed the applications and is satisfied that both groups are amply qualified to adequately represent plaintiffs in these multi-district proceedings.  The Court is particularly impressed with the Siegel group's effort and expertise in investigating and developing the underlying bases for the claims in the case.[6]  See Original Plaintiffs' Memorandum (Doc. #138) at 23-28. The Court, however, is deeply troubled by the Siegel group's apparent unwillingness to work cooperatively in a co-leadership capacity with attorneys in the Bender group.  The ability to work cooperatively with others is an essential qualification for the positions of lead counsel and liaison counsel.

In light of the two groups' divergent views of the case, the Court believes that a hybrid group of three co-lead counsel would adequately and fairly represent plaintiffs' interests in the case.  Such a structure would allow lead counsel to effectively sort through competing views, make prompt

---

[5]  The Bender group reports that if the Court chooses to select an attorney from the Siegel group to serve as co-lead counsel with Bender group counsel, Rhon Jones will voluntarily withdraw his request for appointment as co-lead counsel in the Bender group.  See id. at 7-8.

[6]  The Bender group acknowledges that one of the firms in the Siegel group "has been especially active in monitoring the underlying technical issues in this litigation."  See Application Of Horn, Et Al. (Doc. #139) at 7.  The Bender group, however, does not identify the firm to which it refers.

decisions and communicate with non-lead counsel in the case. Unfortunately, the current record provides insufficient information for the Court to select among different counsel from each group. The Court will therefore allow the Siegel group and the Bender group to each select one individual to act as co-lead counsel.[7] These designations must be filed on or before **September 11, 2007.** In the event that the Siegel group and/or the Bender group cannot agree on what individuals will represent their respective groups, the Court will appoint those individuals. If either group is unable to agree on co-lead counsel from their respective group, on or before **September 12, 2007,** each individual who wishes to be considered for that position shall file a supplemental application which includes the individual's qualifications for the position, including hourly rate and ability to fund the litigation.[8]

After co-lead counsel have been selected from the Siegel group and the Bender group, co-lead counsel shall then select a third individual to act as co-lead counsel and to chair the lead counsel group. If co-lead counsel are unable to agree, the Court will appoint this individual. The Court will establish a time line for selecting the third individual after co-lead counsel have been selected from the Siegel group and the Bender group.

With regard to liaison counsel, the Court is impressed with the credentials of Siegel and Bender. Clearly, both attorneys are highly respected and well qualified to serve as plaintiffs' liaison counsel. The Court, however, notes that Siegel recently became involved in the litigation in June

---

[7] The groups must select one individual attorney, not a law firm or several individuals from a law firm. In addition, the groups must select from attorneys included in the present applications before the Court.

[8] The Court will consider applications from only one individual within a given law firm.


of 2007, after it was transferred to this Court, whereas Bender has been involved since December of 2006. In light of the fact that both attorneys are equally qualified, the Court selects Bender to serve as plaintiffs' liaison counsel, based on his lengthier involvement in the case.[9]

**IT IS THEREFORE ORDERED** that the Original Plaintiffs' Motion For Appointment Of Interim Lead And Liaison Class Counsel (Doc. #137) and the Application Of Horn Aylward & Bandy, LLC, Girardi And Keese, And Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. For Appointment Of Plaintiffs' Lead Counsel, And Walters Bender Strohbehn & Vaughan, P.C. For Appointment Of Plaintiffs' Liaison Counsel (Doc. #139), both filed September 4, 2007, be and hereby are **SUSTAINED in part.**

On or before **September 11, 2007**, the Siegel group and the Bender group shall each identify one attorney from their respective groups to serve as co-lead counsel in the case. In the event that the Siegel group and/or the Bender group cannot agree on what individuals will represent their respective groups, the Court will appoint those individuals. If either group is unable to agree on co-lead counsel from their respective group, on or before **September 12, 2007,** each individual who wishes to be considered for that position shall file a supplemental application which includes the individual's qualifications for the position, including hourly rate and ability to fund the litigation.

**IT IS FURTHER ORDERED** that Thomas V. Bender of Walters Bender Strohben & Vaughn, P.C. in Kansas City, Missouri, be appointed plaintiffs' liaison counsel.

**IT IS FURTHER ORDERED** that pursuant to Rule 5.2(e) of the Rules Of Procedure Of

---

[9] Although they only seek appointment as liaison counsel, Siegel and Bender also seem qualified to serve as co-lead counsel in the case. The appointment of liaison counsel is not intended to foreclose the possibility that either or both could be chosen to serve as co-lead counsel in the case. In the event Bender is chosen to serve as co-lead counsel, the Court will appoint alternate liaison counsel for plaintiffs.

The Judicial Panel On Multidistrict Litigation, 199 F.R.D. 425, 431-32 (2001), service under said rule shall be satisfied by serving each party in each affected action and all liaison counsel. In addition, liaison counsel shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he serves as liaison counsel.

Dated this 7th day of September, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge