**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE SALES PRACTICES LITIGATION )<br>)<br>) | |
| | ) **MDL No: 1840** |
| **(This Document Relates to All Cases)** ) | |
| | ) **No:07-md-1840-KHV-JPO** |

**PLAINTIFFS' MOTION TO ENFORCE DISCOVERY
AND MEMORANDUM IN SUPPORT**

Plaintiffs move this Court to compel Defendants Murphy Oil USA, Inc., Murphy Oil Corporation (collectively, the "Murphy Defendants"), and all other Defendants identified within Exhibit "A" hereto, to provide full and complete responses to Plaintiffs' opening five interrogatories without baseless objections to Plaintiffs' definition of the applicable "Region." Defendants' specific objection to the definition of "Region" is the only subject of this Motion. In support of this Motion, Plaintiffs state as follows:

**I.    STATEMENT OF FACTS**

1. On June 18, 2007, the Judicial Panel on Multi-District Litigation consolidated ten civil actions in this Court for purposes of coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Subsequently, an additional thirty-seven cases were transferred to this Court as tag-along actions.

2. All forty-seven cases assert state common law and statutory causes of action on behalf of the residents of the twenty-eight states and territories involved, which have been repeatedly referred to collectively as the "Region" in this litigation and include:

> Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Washington D.C., Tennessee, Texas, Utah, Virginia and Guam.

3. There are more than one hundred and fifty (150) named defendants in this proceeding. Some Defendants, like Exxon Mobil, are named in numerous cases from the Region. Other Defendants are named in only one case in the Region.

4. On August 28, 2007, the parties appeared for an initial status conference before the Hon. Kathryn Vratil and Magistrate James O'Hara. During this conference, and in prior submissions to the Court, Defendants asserted that many defendants were improperly named in some cases because they did not conduct business in certain states within the Region.

5. In response to the Defendants' concerns, Judge Vratil queried why partial dismissals were necessary at this point of the litigation:

> Help me understand why it's important to sort this out as the first order of business. If somebody is properly sued in one of the cases and the issues seem to be extremely overlapping from one case to the next, why does it matter at this stage in the game whether it's properly named in the 46 other cases?

(Tr., D.E. 149, at 40.)

6. In response, Defendants asserted that a process was needed to obtain dismissals for Defendants in states where they had been sued, but did not transact business.[1] (Tr., D.E. 149, at 37-45.)

7. Early in this litigation, Plaintiffs realized that a realignment of Defendants was necessary in order to ensure that Defendants were named only in jurisdictions where they transact business. Therefore, during the August 28th status conference, Plaintiffs presented the Court with a draft set of five interrogatories[2] that sought only that information necessary to

---

[1] Notably, Defendants preferred a process where each Defendant that desired dismissal from a particular jurisdiction would simply provide Plaintiffs with information that the Defendant thought "would be sufficient for (Plaintiffs) to make a judgment as to whether certain defendants belong in the case and should be dismissed". *Id.* at 39.

[2] The draft interrogatories presented to Magistrate O'Hara were identical to the Opening Interrogatories served on Defendants noted below.

address Defendants' valid concerns about the inappropriateness of naming certain Defendants in jurisdictions where they did not conduct business. (Tr., D.E. 149, at 35-36.)

8. During this same status conference, after reviewing the five interrogatories[3] proposed by Plaintiffs, Magistrate O'Hara commented to Defendants' counsel:

> But plaintiffs aren't even suggesting broad discovery. As I understand, it would be the focus set of interrogatories. There are many subparts, but it's fairly specific in nature.

(Tr., D.E. 149, at 42-43.)

9. Although the Court thereafter determined it would first consider and rule on Defendants' Rule 12(b)(6) motion before allowing discovery by either party,[4] Magistrate O'Hara's Scheduling Order No. 1 specifically noted:

> If Judge Vratil denies the motion to dismiss in whole or in part, plaintiffs may immediately serve interrogatories on any or all defendants under Fed. R. Civ. P. 33. These interrogatories shall be no more numerous (or broader in scope) than the draft set which plaintiffs' designated interim liaison counsel provided the Court during the scheduling conference on August 28, 2007.

(Scheduling Order No. 1, Aug. 30, 2007, D.E. 134, at 5.)

10. In addition, the Court noted in Scheduling Order No. 1:

> During the scheduling conference, counsel provided draft interrogatories which plaintiffs have suggested all defendants answer. Judge O'Hara has reviewed this draft and believes that although it may cast an unnecessarily broad net, it at least provides a reasonable general framework for the sort of information which hopefully can be exchanged before the consolidated amended complaint is filed.

*Id.*

11. On February 21, 2008, the Court entered its Order denying Defendants' Rule 12(b)(6) Motion to Dismiss.[5]

---

[3] Tr., D.E. 149, at 35.
[4] Scheduling Order No. 1, August 30, 2007, D.E. 134.

3

12. Consistent with the express permission given in Scheduling Order No. 1, Plaintiffs served their opening five (5) interrogatories ("Opening Interrogatories")[6] upon all Defendants on March 3, 2008.[7]

13. Because the Opening Interrogatories were designed to obtain information related to where each Defendant transacts business within the twenty-eight jurisdictions[8] encompassed by this proceeding – in order to address Defendants' stated concerns – the Opening Interrogatories defined "Region" as:

> "Region" means all of the states involved in this MDL litigation, including Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Washington D.C., Tennessee, Texas, Utah and Virginia.

14. On March 17, 2008, and continuing through the present, various Defendants have served objections or responses to Plaintiffs' Opening Interrogatories.[9]

15. Some Defendants, such as Wal-mart, Inc., have provided substantive responses to Plaintiffs' Opening Interrogatories with very few objections.

16. Many Defendants, however, have asserted virtually identical objections[10] to Plaintiffs' definition of "Region" set forth in the Opening Interrogatories. For example, Defendant Murphy Oil USA, Inc.'s objection to "Region" states:

> Murphy Oil USA objects to the definition of "Region" as overly broad and unduly burdensome and as seeking information that is neither relevant to the Plaintiffs' claims against Murphy Oil USA nor reasonably calculated to lead to the discovery of admissible evidence. No response is required

---

[5] Order Nunc Pro Tunc, D.E. 284.

[6] The Opening Interrogatories served on each defendant were identical. As an exemplar, a copy of the Plaintiffs' opening five interrogatories to Defendant Murphy Oil USA, Inc. is attached hereto as Exhibit "B".

[7] *See* Certificate of Service, D.E. 288.

[8] Plaintiffs' Opening Interrogatories erroneously excluded the District of Guam from the definition of Region.

[9] A copy of Defendant Murphy Oil USA, Inc.'s original responses and objections are attached hereto as Exhibit "C".

[10] The only substantive difference being the identity of cases in which each defendant was sued.

<blockquote>

from Murphy Oil USA except as to those states or territories at issue in cases in which Murphy Oil USA has been sued and served by the plaintiffs and in which a named plaintiff has specifically directed allegations at, and claims to have purchased motor fuel from, Murphy Oil USA.  Murphy Oil USA further renews its objection to providing responses within eleven days of service regarding any state or territory and concerning any other information that is not "specifically limited to the … assertion by some defendants that they do not sell motor fuel at retail in the geographic region impacted by this case," as directed by the Court in the Scheduling Order No. 1 dated August 30, 2007. (Scheduling Order at ¶ 7.)  These responses and objections are accordingly limited to the following jurisdictions:  Alabama (*Cook v. Hess Corporation, et al.,* Case No. 2:07-CV-2492; *Snable v. Murphy Oil USA, Inc., et al.,* Case No. 2:07-CV-2352); Arkansas (*Jones v. E-Z Mart Stores, Inc., et al.,* Case No. 2:07-CV-2518);  Florida (*Cozza v. Murphy Oil USA, Inc., et al.,* Case No. 2:07-CV-2394); Georgia (*Rutherford v. RaceTrac Petroleum, Inc.,* Case No. 2:07-CV-2389); Indiana (Rybalid v. BP Corporation north America, Inc., et al., *Case No. 2:07-CV-2398); Mississippi (Couch v. BP Products North America, Inc., et al.,* Case No. 2:07-CV-2397);  Missouri (*Vandyne v. Murphy Oil USA, Inc., et al.,* Case no. 2:07-CV-2284); Oklahoma (*Bower v. 7-Eleven, Inc. et al.,* Case No. 2:07-CV-2430; *Massey v. BP Corporation North America, Inc., et al.,* Case No. 2:07-CV-2289);  North Carolina (*Neese v. Abercrombie Oil Company, Inc., et al.,* Case No. 2:07-CV-2358);  Tennessee (*Shields v. RaceTrac Petroleum Inc., et al.,* Case No. 2:07-CV-2416);  Texas (*Couch v. BP Products North America, Inc., et al.,* Case No. 2:07-CV-2397).

</blockquote>

17. On April 2, 2008, Magistrate James O'Hara conducted a scheduling conference with the parties and set certain deadlines, including a deadline of July 15, 2008, for all motions to amend or add parties.  Discovery objections were also discussed during the April 2nd scheduling conference, and Magistrate O'Hara noted in his subsequent Scheduling Order No. 2:

<blockquote>

During the scheduling conference, although no formal motion to compel was pending, there was extended discussion among counsel and the court about certain objections at least one defendant had served in response to plaintiffs' opening, limited set of interrogatories. As earlier indicated, consistent with Scheduling Order No. 1, this discovery was specifically limited to the assertion by some defendants that they do not sell motor fuel at retail in the geographic region impacted by this case, and therefore the claims against those defendants should be dismissed for lack of standing and, in turn, lack of subject matter jurisdiction (*see* doc. 134, p. 5). Based

</blockquote>

> on that discussion, and with a view toward keeping discovery on track without getting bogged down with numerous discovery motions, the court *strongly* encourages all counsel to cooperate on working out any legitimate kinks concerning plaintiffs' definitions in said discovery requests. Once that is done, it would seem prudent for defendants to serve amended responses that interpose *only* objections that can be substantially justified in light of this district's very well-developed body of case law on discovery issues.
>
> (Scheduling Order No. 2, D.E. 388, at 14.)

18. During the weeks after the April 2nd scheduling conference, many Defendants followed Magistrate O'Hara's suggestion and provided supplemental objections and responses to the Opening Interrogatories.[11]

19. Through subsequent "meet and confer" sessions with Defendants and Defendants' Liaison Counsel, the majority of Defendants have agreed to withdraw their objection to Plaintiffs' definition of Region, and supplement their interrogatory responses accordingly.

20. However, numerous Defendants, including the Murphy Defendants, have refused to withdraw their objection to the definition of Region. For purposes of this Motion, these Defendants are referred to collectively as the "Objecting Defendants," and are listed within Exhibit "A" hereto.

21. The Objecting Defendants' objection to Plaintiffs' definition of "Region" is the only subject of this Motion.

## II.   QUESTION PRESENTED

Whether the Court should enter an Order, pursuant to Fed. R. Civ. P. 37, compelling the Objecting Defendants to answer Plaintiffs' Opening Interrogatories without objection to Plaintiffs' definition of "Region."

---

[11] A copy of Murphy Oil USA, Inc.'s Second Set of Objections and Responses is attached hereto as Exhibit "D".

**III.   ARGUMENT**

Objecting Defendants assert that Plaintiffs' definition of Region is: 1) not relevant, or calculated to lead to the discovery of admissible evidence; 2) overly broad; and 3) unduly burdensome. Rule 37(a) of the Federal Rules of Civil Procedure provides this Court with authority to compel the Objecting Defendants to answer Plaintiff's Opening Interrogatories without objection to the definition of Region. *See* Fed. R. Civ. P. 37(a)(2).[12]  Such an order is appropriate in this case because the objection to the definition of Region is ill founded and should be overruled.

**A.     Defendants' Objection Impedes The Efficient Management Of This Case**

Although the Objecting Defendants' rote objections to "Region" should be initially overruled because they are legally unsound, Plaintiffs respectfully suggest that the more practical consideration that militates in favor of their abandonment is that Plaintiffs' definition is integral to "cleaning up" the Defendants, which Defendants have repeatedly requested and is acknowledged by this Court as the appropriate focus for this phase of litigation.

The Opening Interrogatories, which this Court first reviewed during its August 28, 2007, status conference, were specifically designed to determine where every Defendant transacts business to ensure that Defendants are properly named in those states. Plaintiffs realize that not all Defendants transacted business during all years involved in this litigation in all states in the Region and that Defendants have no wish to be sued in states where they do not conduct business. Plaintiffs have therefore made it a priority to determine where Defendants conduct business, which is not easily ascertainable from public information and requires Defendants' good faith discovery responses. Once Plaintiffs receive substantive responses to their Opening Interrogatories, Plaintiffs intend to complete their investigation regarding the propriety of Defendants by the July 15, 2008,

---

[12]  An evasive or incomplete answer or response to a discovery request is to be treated as a failure to answer or respond.  *See* Fed. R. Civ. P. 37(a)(3).

deadline set by the Court for adding parties and amendment of pleadings, which will lead to the addition of certain Defendants to complaints in some jurisdictions of the Region and voluntary dismissal of certain Defendants in some jurisdictions of the Region.

The engine driving this "clean-up" process, however, is basic information related to where the Defendants transacted business within the twenty-eight jurisdictions encompassed by this litigation. Plaintiffs do not wish to add Defendants in jurisdictions based upon their current state of information regarding where each Defendant operates (which may differ from where each Defendant actually transacts business), to then engage in a process of elimination and dismissal as information is received that, in fact, demonstrates such Defendants do not transact business in those jurisdictions. Such a process clearly does not further judicial economy or efficiency, and is contrary to the intended purpose of multi-district proceedings-to facilitate and streamline complex litigation.

By refusing to provide even the simple corporate information requested within the Opening Interrogatories, which virtually all of the other named Defendants in this litigation have agreed to provide, the Objecting Defendants seek to frustrate Plaintiffs' good faith attempt to realign the parties in order to streamline this litigation. Plaintiffs respectfully suggest that given the implicit (if not express) directive of this Court to dedicate the first several months of discovery to the process of realigning the parties, the Plaintiffs' requests to obtain information related to the Objecting Defendants throughout the Region is appropriate.

### B.   General Objections Are Ineffective and Improper

Objecting Defendants assert in their interrogatory responses a general objection to the Plaintiffs' definition of Region, which they incorporate in many of their interrogatory responses.[13] It is well established in this District, however, that general objections are improper.

---

[13]   For example, see Murphy Oil USA, Inc.'s Objections to Interrogatories One and Five, Exhibit "D" hereto, at 3.

*See*, e.g., *Kansas Heart Hosp. v. Executive Risk Indem.,* No. 06-1345-MLB, 2007 WL 1125772, at *2 (D. Kan. Apr. 16, 2007). Where no meaningful effort is made to show how such theoretical objections apply to individual discovery requests, courts deem general objections waived. It does not matter how the objection is labeled or what grounds are asserted. *See Johnson v. Kraft Foods N. Am.*, 238 F.R.D. 648 (D. Kan. 2006) (noting that general objections directed to Plaintiffs' preliminary instructions does not make them any less hypothetical or contingent to hold that objections based on privilege, over-breadth, and ambiguity are waived). Thus, to the extent the Objecting Defendants fail to specifically set forth their "Region" objection to specific interrogatories, or to explain how their theoretical objection actually impacts any specific interrogatory response, their objection should be overruled as waived.

### C. Defendants' Specific Objections Are Without Merit

Similar to Defendants' general objections, Defendants' specific objections are not well-founded and should be overruled.

#### 1. An objection based on relevancy is unfounded

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In this case, the discovery sought through the Opening Interrogatories is both relevant and calculated to lead to admissible evidence, and the Objecting Defendants' relevancy objections are unfounded.

It should be noted that relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim <u>or</u> defense of any party. Consequently, a request for discovery should be allowed

"unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. When the discovery sought appears relevant on its face, <u>the party resisting the discovery has the burden</u> to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Owens v. Sprint/United Management Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004).

In this situation, the question of whether this discovery is relevant is a foregone conclusion that the majority of Defendants already recognize. Plaintiffs have sued on behalf of fuel purchasers in twenty-eight jurisdictions. Certainly, whether the Objecting Defendants transacted business (and harmed putative class members) in those states is relevant to the claims asserted in those states, regardless of whether the Defendants were named in each individual suit. For example, Murphy Oil USA, Inc. was sued in Missouri and elsewhere, but it was not sued in Kansas. However, if Murphy sells hot fuel and transacts business in Kansas, how can it be argued that information related to Murphy Oil's Kansas transaction is not relevant to the claims asserted on behalf of Kansas residents, especially in this phase of the litigation when such discovery may lead to the addition of Murphy Oil as a named defendant in other states? Plaintiffs should therefore be allowed to obtain discovery to determine where Defendants operate within the Region.

In addition, many of the Objecting Defendants have been named in the <u>Van Dyne</u> action from the Western District of Missouri, which was filed as a putative class action related to over-collection of federal fuel taxes on behalf of residents <u>in every state in the Region</u>. Certainly, given the scope of the class alleged in <u>Van Dyne</u>, the conduct of all Defendants, including the

Objecting Defendants, throughout the Region is relevant irrespective of whether each Objecting Defendant was named in each particular state.

Many of the actions that comprise this proceeding also include causes of action for civil conspiracy that allege Defendants and others, among other things, suppress technology related to automatic temperature compensation throughout the country (and obviously, throughout every state in the Region). Thus, information related to the corporate activities of the Objecting Defendants, as alleged co-conspirators, in every state in the Region is relevant to these conspiracy claims, regardless of whether each Defendant was named in every state.

As Rule 26 notes, relevancy can be keyed to defenses, not just claims. Fed. R. Civ. P. 26(b)(1). Objecting Defendants will likely oppose certification of any class, including a Region-wide class, citing notions of manageability or supposed variances in state law. Information related to the Objecting Defendants' conduct throughout the Region is therefore relevant to these defenses.

Because Plaintiffs' claims for over-collection of federal fuel taxes and conspiracy cut across geographic borders and Defendants' activities throughout the Region are relevant to these claims as well as the Defendants' anticipated defenses to class certification, the objection to "Region" should be overruled.

### 2. The discovery requests are not overly broad

The Objecting Defendants also assert that the definition of Region is overly broad. However, as the party resisting discovery, the Objecting Defendants have the burden to support or substantiate this objection. *Cromwell v. Sprint Communications*, No. Civ.A. 992125-GTV, 2000 WL 726339, at *8 (D. Kan. May 26, 2000); *Etienne v. Wolverine Tube,* 185 F.R.D. 653, 656 (D. Kan.1999); *Daneshvar v. Graphic Technology*, No. Civ.A. 97-2304-JWL, 1998 WL 726091, at *1 (D. Kan. Oct. 9, 1998); *Hilt v. SFC*, 170 F.R.D. 182, 186 (D. Kan.1997). This rule

applies to any objection to the temporal or geographic scope of the request. *Daneshvar,* 1998 WL 726091, at *1; *Hilt,* 170 F.R.D. at 186.

In this case, the Objecting Defendants have failed to substantiate their objection, or provide any explanation why the definition of Region is overly broad.[14] Thus, unless the discovery sought is facially over broad, Defendants' objection must be overruled. *Etienne*, 185 F.R.D. at 656.[15]

Plaintiffs' Opening Interrogatories are not facially "overly broad" in defining the Region. The Opening Interrogatories are specifically limited to the states and territories where lawsuits involved in this proceeding have been filed. As noted above, many of the Objecting Defendants have been named in a putative Region-wide class action related to over-collection of federal fuel taxes, or sued under theories of conspiracy with other Defendants that do transact business throughout the Region. Such claims cut across geographic borders, rendering the Defendants' activities throughout the Region relevant for purposes of this litigation. Because Defendants' activities throughout the Region are relevant, or calculated to lead to admissible evidence, it can hardly be said that discovery requests specifically limited to the Defendants' activities in the Region are over broad.

Because the Objecting Defendants have failed to substantiate their objection that the definition of Region is overly broad, and because the definition is not facially over broad, the Objecting Defendants' objection to the definition of Region should be overruled.

---

[14] To the extent the Objecting Defendants contend they have substantiated this objection by noting that the definition of Region seeks information beyond the jurisdictions where the Objecting Defendants have been named as defendants, this contention fails for the reasons set forth in Part III(C)(1) above.

[15] *See, e.g, Owens v. Sprint/United Management. Co.*, 221 F.R.D. 649, 677 (D. Kan. 2004)(objection overruled where defendants did not meet their burden to substantiate the objection).

### 3. The discovery sought is not unduly burdensome

The Objecting Defendants also assert that the definition of Region is unduly burdensome. This objection similarly fails upon inspection. The criteria by which this District gauges an objection on the basis of "undue burden" is well known:

> The mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not of itself require denial of the motion. Rule 26(c) speaks of "undue burden or expense" and discovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery." (citations omitted). The fact that an unwieldy record keeping system would require heavy expenditures of time and effort to produce requested documents, is not a sufficient reason to prevent disclosure of otherwise discoverable material.
>
> *Snowden v. Connaught Labs*, 137 F.R.D. 325, 332-333 (D. Kan. 1991) (citing C. Wright and A. Miller, 8 *Federal Practice and Procedure* § 2214, p. 647-48 (1970)).

As the party resisting discovery, the Objecting Defendants bear the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to the discovery sought is unduly burdensome. *Id.* at 332. This imposes an **obligation** to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. *Horizon Holdings v. Genmar Holdings,* 209 F.R.D. 208, 213 (D. Kan. 2002).

Objecting Defendants have provided no documentation or proof that the Opening Interrogatories are unduly burdensome under Plaintiffs' definition of Region. No documentation was provided with their original interrogatory response. No documentation was provided with their supplemental response. Even after several discussions regarding their objections to the Opening Interrogatories, Objecting Defendants have never produced documentation to substantiate their objection. This

13

failure by the Objecting Defendants is dispositive of this objection – it must be overruled. This specific question was addressed by the Hon. David Waxse in *Horizon Holdings v. Genmar Holdings*, 209 F.R.D. 208, 213 (D. Kan. 2002), where he summarily overruled the defendant's objection when the defendant failed to document the alleged burden.

At this point, with the filing of this Motion, it is simply too late to cure the deficiency of this objection. Similar to the defendant in *Horizon Holdings*, the Objecting Defendants have failed to substantiate their undue burden objection by producing documentation demonstrating how the Plaintiffs' definition of "Region" somehow imposes an undue burden. Thus, like in *Horizon Holdings*, the Objecting Defendants' unsubstantiated objection should be overruled.

Even assuming *arguendo* this Court were inclined to overlook the Objecting Defendants' failure to substantiate why Plaintiffs' Opening Interrogatories are unduly burdensome, a facial review of the discovery sought hardly leads to the conclusion that the Objecting Defendants will incur an undue burden by fully responding to the Opening Interrogatories. Plaintiffs Opening Interrogatories seek very basic information related to where Defendants transact business and the nature of those transactions. For sophisticated corporations like the Objecting Defendants, this basic corporate information should be readily obtainable with a minimum of time and expense, and there is no reason to believe simply responding to five interrogatories poses any <u>undue</u> burden. The Murphy Oil Defendants, for example, are international oil and gas companies with operations and offices in the United States, Canada, United Kingdom, Malaysia, Africa,

Indonesia, South America and elsewhere that reaped profits in excess of $750 million in 2007.[16] Certainly, asking companies like Murphy Oil or any of the other Objecting Defendants to fully respond to the five simple Opening Interrogatories is not an undue burden. The objections should therefore be overruled and complete responses should be compelled.

## IV.   CERTIFICATION

As noted within the attached certification, the undersigned certifies that he and his co-counsel have in good faith conferred repeatedly with counsel for the Objecting Defendants in writing, in person, and by telephone in a good faith effort to obtain full and complete answers to Plaintiffs' Opening Interrogatories without objection to the definition of Region pursuant to Local Rule 37.2.

WHEREFORE, for the reasons above, Plaintiffs pray the Court for an order pursuant to Fed. R. Civ. P. 37 compelling Defendants Murphy Oil USA, Inc., Murphy Oil Corporation and the other Objecting Defendants identified on Exhibit "A" hereto, to provide full and complete responses to Plaintiffs' five Opening Interrogatories without objection to Plaintiffs' definition of "Region", and for such further relief the Court deems proper.

---

[16] Information obtained publicly from Murphy Oil Company's 2007 Annual Report, available at

Dated: May 15, 2008.

Respectfully submitted,

*s/ Joseph A. Kronawitter*
Robert A. Horn             KS #70254
Joseph A. Kronawitter      KS #19665
HORN AYLWARD & BANDY, LC
2600 Grand Boulevard, Suite 500
Kansas City, MO 64105
Telephone 816-421-0700
Facsimile 816-421-0899
rhorn@hab-law.com
jkronawitter@hab-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all person registered for ECF as of that date.

_____/s/ *Joseph A. Kronawitter*__

---

http://www.murphyoilcorp.com/ir/annualreport/2007/2007_MurphyAR.pdf.