**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE SALES PRACTICES LITIGATION<br><br>(This Document Relates to All Cases) | )<br>)<br>) **MDL No: 1840**<br>)<br>) **No: 07-md-1840-KHV JPO**<br>) |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND PLEADINGS

COME NOW Plaintiffs and move the Court for an order allowing Plaintiffs leave to file a Second Consolidated Amended Complaint and to amend certain of the underlying complaints as reflected in this Consolidated Complaint. In support hereof, Plaintiffs state as follows:

### *Legal Standard*

Amendment of a pleading is governed by Federal Rule of Civil Procedure 15 which states, in pertinent part:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The language of Rule 15(a) has repeatedly been interpreted to allow broad latitude in the amendment of pleadings. In Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962) the Supreme Court observed:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. (citations omitted) If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

Davis, 371 U.S. at 182 (citing Moore, Federal Practice and Procedure).

### *Background*

Plaintiffs attach hereto their proposed Second Consolidated Amended Complaint ("SCAC"). Following previous Court orders and in the interests of clarity and efficiency in this complex MDL proceeding consolidating dozens of actions, the SCAC is intended to do the following:

1. Set forth a roadmap for the litigation;

2. Set forth, in its text and in Exhibit A, the multi-state defendants and class representatives, and in Exhibit B all current Defendants sued in individual states. This regional class consists of members of all of the classes in the 28 jurisdictions in which actions have been filed;

3. Provide a basis for filing a motion(s) to certify subclasses in the Region and in individual states;

4. Narrow the scope of the original Consolidated Amended Complaint by removing certain causes of action;[1]

5. Set forth the basis for Defendant classes; and

6. Provide a template to which all individual actions should be deemed conformed, unless counsel in an individual case within a reasonable period of time notifies the Court otherwise, including notification to the Court that for any individual case different or additional plaintiffs, class representatives, or defendants are named or causes of action stated.[2]

---

1  The SCAC adds no new substantive or factual allegations, or causes of action, that are not set forth in the Plaintiffs' original Consolidated Amended Complaint filed on October 7, 2008.

2  As the Court has previously ordered, "Counsel for plaintiffs who disagree with Lead Counsel or those acting on behalf of Lead Counsel, or who have individual or divergent positions, may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their clients as appropriate, provided that in doing so they do not repeat arguments, questions or actions of Lead Counsel." (Sched. Order No. 1, D.E. 134, pg. 3).

### *Procedure*

There are dozens of complaints in the underlying constituent cases consolidated in this MDL proceeding to which Plaintiffs desire some form of amendment. In an effort to streamline and clarify the proceedings before this Court, Plaintiffs propose that this Court follow the process that has been utilized in other multi-district litigation, in which the master administrative complaint has been treated as the operative complaint, and complaints in the underlying actions consolidated in the multi-district litigation have been deemed amended in conformity with the master complaint unless counsel in the underlying actions moved to segregate causes of action from the master complaint. *See, e.g, Order, In re Educational Testing Service Praxis Principles of Learning and Teaching: Grades 7-12 Litigation,* MDL No. 1643 (E.D.La. April 13, 2005). If certification of subclasses is sought, the subclasses will be based on the causes of action in this amended consolidated complaint unless counsel in an underlying action has moved to segregate additional causes of action and seeks to include those causes of action in an individual state complaint, in which case the subclass that is part of this complaint will be based on that individual complaint.

This Motion, the SCAC and the exhibits attached to the SCAC set forth the amendments sought and the nature of the amendments. The SCAC includes some plaintiffs and defendants not included in underlying complaints. Those additions reflect amendments that, with leave of this Court, will be made to underlying complaints within a short period of time. The SCAC also alleges defendant classes against fifteen defendants. These classes, which also reflect amendments that, with leave of this Court, will be made to underlying complaints within a short period of time, have their genesis in the discovery responses Plaintiffs have received to date. Many of the integrated oil companies, such as Citgo, and some retail chains, such as Kroger,

have taken the position that they have no responsibility, or liability, for the thousands of franchised gas stations that display their name.  Consequently, although Plaintiffs disagree with these Defendants' theory, pursuit of a defendant class against these fifteen Defendants has become necessary in order for Plaintiffs' counsel to seek full relief on behalf of the Plaintiffs and the putative class members.

Federal Rule of Civil Procedure 20(a) allows the permissive joinder of plaintiffs that:

"assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of occurrences and if any question of law or fact common to all these persons will arise in the action.

Similarly, Rule 20 provides for the permissive joinder of defendants:

"All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

Certainly, these new plaintiffs, which would be joined within thirty (30) days of the Court's order allowing leave, satisfy the requirements of Rule 20 because they would be asserting the same claims as the current Plaintiffs in the actions to which these new plaintiffs would be joined.  Similarly, the claims against these new defendants arise out of the same transactions and occurrences, and contain common questions of law and fact, rendering joinder of such defendants proper.

WHEREFORE, for the reasons set forth above, Plaintiffs pray the Court for an order allowing leave to file the attached Second Consolidated Amended Complaint, to amend underlying complaints to join additional defendants and join additional plaintiffs, and for such other relief as the Court deems just and proper.

Respectfully submitted,

\_\_\_*s/ Robert A. Horn*_____
Robert A. Horn     KS Bar No. 70254
HORN AYLWARD & BANDY, LC
2600 Grand Boulevard, Suite 500
Kansas City, MO 64105
Telephone 816-421-0700
Facsimile 816-421-0899
rhorn@hab-law.com

\_\_\_*s/ Thomas V. Girardi* _____
Thomas V. Girardi  CA Bar No. 36603
GIRARDI AND KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017-1904
Telephone: 213-977-0211
Facsimile: 213-481-1554
tgirardi@girardikeese.com

\_\_\_*s/ George A. Zelcs*_____
George A. Zelcs   IL Bar No. 3123738
KOREIN TILLERY LLC
205 North Michigan Plaza
Suite 1950
Chicago, Illinois 60601
Telephone: 312-641-9750
Facsimile: 312-641-9751
gzelcs@koreintillery.com

LEAD COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on Wednesday, July 30, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all person registered for ECF as of that date.

\_\_\_*/s/ Joseph A. Kronawitter* _____