**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **IN RE: MOTOR FUEL TEMPERATURE SALES PRACTICES LITIGATION**<br><br>**(This Document Relates to All Cases)** | )<br>)<br>)  **MDL No: 1840**<br>)<br>)  **No:07-md-1840-KHV-JPO**<br>) |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO THE**
**MOTION FOR LEAVE TO AMEND PLEADINGS**

Defendants warn of a parade of evils that would follow from the Court's acceptance of Plaintiffs' proposed Second Consolidated Amended Complaint ("SCAC"). The parade of evils includes violating *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26 (1988), seeking to impose Kansas choice of law rules on all of the underlying complaints and attempting to subject defendants who do no business in Kansas to the jurisdiction of the District of Kansas. Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Pleadings ("Def. Motion") at 1. All of these evils assume that the SCAC would completely replace the underlying complaints.

Defendants misunderstand the purpose of a master complaint that serves as the "operative complaint" in a complex MDL proceeding. As Plaintiffs made clear in the Motion for Leave to Amend Pleadings ("Pl. Motion"), their intent in filing the Second Consolidated Amended Complaint ("SCAC") was to further the interests of clarity and efficiency and to provide a road map to the court and to the defendants of their claims, of the parties and of their intentions with regard to class certification. Plaintiffs were clear that, far from dispensing with the underlying complaints, as defendants' professed fears suggest, Plaintiffs intended to amend the underlying

1

complaints to add the regional class indicated in the SCAC, as well as any plaintiff or defendant named in the SCAC but not previously named in an underlying complaint.

To ensure that Defendants had clear notice of their intent, Plaintiffs provided Exhibits A and B, which listed all of the defendants named or to be named in the proceeding, the jurisdictions in which each defendant did business and the particular plaintiff intended to be a representative for the regional class sought against each defendant listed in Exhibit A. Plaintiffs also requested that, on substantive matters, the underlying complaints be deemed amended in conformity with the SCAC, which dismissed certain causes of action in an effort to streamline the complaint and the litigation. As the SCAC made clear, the underlying complaints would, of course, control choice of law issues, the appropriate forum for trial after MDL resolution of pretrial matters and the jurisdictions in which a court could assert jurisdiction over particular defendants.

Far from being a radical proposal, Plaintiffs' proposal that the underlying complaints be deemed amended in conformity with the master complaint is consistent with the procedure in other MDL proceedings. Not only did the court accept this type of proposal in *In re Educational Testing Service Praxis Principles of Learning and Teaching: Grades 7-12 Litig.*, MDL No. 1643 (E.D. La. April 13, 2005), but also it was accepted by the court in a Case Management Order in *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass July 23, 2002), attached hereto as Exhibit "A". In that case, the Court ordered that:

> Plaintiffs are granted until September 3, 2002 to file Master Consolidated Complaint. If filed and served, the Master Consolidated Complaint shall amend the claims and allegations in all complaints (a) now pending before the Court and coordinated as part of the MDL No. 1456 by order of the Judicial Panel on Multidistrict Litigation as shown on Schedule A attached hereto, and (b) in any class actions subsequently transferred to the Court.

> . . .
>
> This Order . . . is made without prejudice to the right of any party to seek severance of any claim or action, or otherwise to seek individual or distinct treatment of any claim or issue.

Exhibit "A" at 1-2.

Moreover, when Plaintiffs spoke of making the SCAC the "operative complaint," they merely intended – in accordance with MDL practice – for the consolidated complaint to be the device used *for pre-trial proceedings* in this Court, before these actions are transferred back to the originating court for trial. Plaintiffs have never intended for the consolidated complaint to "supersede" the underlying complaint in the sense of having the consolidated complaint replace the underlying complaints for trial purposes, nor did they intend that the District of Kansas would become the trial court for these claims. To the extent that the term "operative complaint," has created confusion, Plaintiffs' clear statement that they intended to amend the underlying complaints in conformity with the SCAC should have dispelled that confusion.

Throughout this process, Plaintiffs' primary goal has been efficiency in these complex proceedings. In addition to amending the underlying complaints, Plaintiffs will seek to consolidate within each state as many of the underlying complaints as possible so that almost all states will have only one complaint on the basis of which motion to certify classes may be made. Plaintiffs will file copies of the amended underlying complaints showing their conformity with the SCAC when the Court rules the pending Motion to Amend.

Defendants' only remaining complaint is one of timing. They urge that the Court should not accept the amended complaints because they were not filed with the SCAC and because allowing Plaintiffs to add additional defendants would delay the litigation schedule.

3

Defendants' complaints are purely formal. They can point to no prejudice they have suffered as a result of the procedure Plaintiffs have followed. Plaintiffs provided clear notice in the SCAC of the claims they intended to pursue, the defendants they intended to include and the classes on which they intended to seek certification. They would have gained no additional insight had the underlying complaints been attached to the SCAC or, as promised, provided a short time later. If the addition of defendants causes delay in the litigation, which Plaintiffs do not anticipate, that delay is not the result of a 6 week delay in serving those defendants.

Defendants also raise concerns about the SCAC referring to Regional Classes. What the SCAC does is provide flexibility in the filing of motions for class certification. As Plaintiffs indicated in their motion, the SCAC is a tool that provides a road map for what will follow. When motions for class certification follow they will be supportable by the underlying complaints. Any motion for certifying any regional class will all be supportable by the underlying complaints, as will any class or subclasses, whether on a state wide basis or other wise. Defendants objection to any reference to regional classes, or to any classes, are appropriately left to responding to motions for class certification. They are not a basis for denying the pending motion to file the Second Consolidated Amended Complaint.

There is one concern expressed by Defendants with which, after reflection, Plaintiffs agree, and that relates to the potential for Defendant classes. Plaintiffs do not now intend to file any motions for certifications of defendant classes.

## **CONCLUSION**

Plaintiffs respectfully request that leave to amend both the Consolidated Amended Complaint and then each of the underlying complaints be granted.

Respectfully submitted,

*s/ Robert A. Horn*
Robert A. Horn      KS Bar No. 70254
HORN AYLWARD & BANDY, LC
2600 Grand Boulevard, Suite 500
Kansas City, MO 64105
Telephone 816-421-0700
Facsimile 816-421-0899
rhorn@hab-law.com

*s/ Thomas V. Girardi*
Thomas V. Girardi  CA Bar No. 36603
GIRARDI AND KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017-1904
Telephone: 213-977-0211
Facsimile: 213-481-1554
tgirardi@girardikeese.com

*s/ George A. Zelcs*
George A. Zelcs   IL Bar No. 3123738
KOREIN TILLERY LLC
205 North Michigan Plaza
Suite 1950
Chicago, Illinois 60601
Telephone: 312-641-9750
Facsimile: 312-641-9751
gzelcs@koreintillery.com

LEAD COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 16, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all person registered for ECF as of that date.

                                                    /s/ *Joseph A. Kronawitter*