**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **IN RE: MOTOR FUEL TEMPERATURE** )<br>**SALES PRACTICES LITIGATION** )<br>) | **MDL No. 1840** |
| **This Document Relates to the Following Cases:** )<br>) | **Case No. 07-MD-1840-KHV** |

*Aguirre v. BP West Coast Products, LLC, et al.*,   )
    **07-2391-KHV;**   )
*Barker, et al. v. ConocoPhillips Co., et al.*,   )
    **07-2345-KHV;**   )
*Conlin, et al. v. Chevron USA, Inc., et al.*,   )
    **07-2359-KHV;**   )
*Cook, et al. v. Hess Corp., et al.*,   )
    **07-2492-KHV;**   )
*Couch, et al. v. BP Prods. N. Am., Inc., et al.*,   )
    **07-2397-KHV;**   )
*Delgado v. Allsup's Convenience Stores, Inc., et al.*,   )
    **07-2347-KHV;**   )
*Donaldson, et al., v. BP Corp. N. Am., Inc., et al.*,   )
    **07-2280-KHV;**   )
*Eller v. Chevron USA, Inc., et al.*,   )
    **07-2402-KHV;**   )
*Graham v. Chevron USA, Inc., et al.*,   )
    **07-2399-KHV;**   )
*Keen Exploration, LLC, et al., v. Amoco Oil Co., et al.*,   )
    **07-2294-KHV;**   )
*Kohut, et al., v. Chevron USA, Inc., et al.*,   )
    **07-2371-KHV;**   )
*Korleski v. BP Corp. N. Am., Inc., et al.*,   )
    **07-2531-KHV;**   )
*Lalor v. BP Corp. N. Am., Inc., et al.*,   )
    **07-2483-KHV;**   )
*Massey v. BP Corp. N. Am., Inc., et al.*,   )
    **07-2289-KHV;**   )
*Neese, et al. v. Abercrombie Oil Co., et al.*,   )
    **07-2358-KHV;**   )
*Panto v. BP Corp. N. Am., Inc.*,   )
    **07-2504-KHV;**   )
*Payne, et al. v. Chevron USA, Inc., et al.*,   )
    **07-2366-KHV;**   )
*Redstone, et al. v. Chevron USA, Inc., et al.*,   )
    **07-2375-KHV;**   )
*Rushing, et al. v. Ambest, Inc. et al.*,   )

|  |  |
|---|---|
| 07-2300-KHV; | ) |
| *Ruybalid v. BP Corp. N. Am., Inc., et al.*, | ) |
| 07-2398-KHV; | ) |
| *Sagalyn, et al. v. Chevron USA, Inc., et al.*, | ) |
| 07-2374-KHV; | ) |
| *Vanderbilt v. Ampride, Inc., et al.*, | ) |
| 07-2281-KHV; | ) |
| *Wash v. Chevron USA, Inc., et al.*, | ) |
| 07-2361-KHV; | ) |
| *Williams, et al. v. BP Corp. N. Am., Inc., et al.*, | ) |
| 07-2355-KHV; | ) |
| *Wilson, et al. v. Ampride Inc., et al.*, | ) |
| 06-2582-KHV; | ) |
| *Wyatt, et al. v. BP Am. Corp., et al.*, | ) |
| 07-2507-KHV; | ) |
|  | ) |

## MEMORANDUM AND ORDER

Plaintiffs assert putative class action claims for damages and injunctive relief against various motor fuel retailers in Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, the District of Columbia and Guam.  Plaintiffs claim that because defendants sell motor fuel for a specified price per gallon without disclosing or adjusting for temperature expansion, they are liable under various state law theories including breach of contract, breach of warranty, fraud and consumer protection.[1]  This matter comes before the Court on <u>Defendant CITGO Petroleum Corporation's Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(1)</u> (Doc. #533) filed August 5, 2008; <u>Defendant CITGO Petroleum Corporation's Motion And Memorandum</u>

---

[1] The Court has jurisdiction over consolidated pretrial proceedings in these actions following a transfer order of the Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407. <u>See</u> Doc. #1 filed June 22, 2007.

2

In Support For Sanctions Pursuant To Federal Rule Of Civil Procedure 11 (Doc. #586) filed September 26, 2008; Plaintiffs' Motion For Leave To File A Supplemental Memorandum In Opposition To Defendant CITGO's Motion For Sanctions Pursuant To Rule 11 Of The Federal Rules Of Civil Procedure (Docs. #614 and #617)[2] filed November 4, 2008; and Defendant CITGO Petroleum Corporation's Motion For Leave To File An Additional Exhibit In Support Of Its Motion For Sanctions Pursuant To Federal Rule Of Civil Procedure 11 And Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(1) (Doc. #653) filed December 2, 2008.  For reasons set forth below, the Court overrules all motions.

CITGO asks the Court to dismiss plaintiffs' claims under Rule 12(b)(1), Fed. R. Civ. P., for lack of jurisdiction based on lack of standing.  Specifically, CITGO asserts that plaintiffs lack standing to assert claims against it because it does not own or operate retail stations and plaintiffs therefore could not have purchased motor fuel from it.  See Defendant CITGO Petroleum Corporations's Memorandum In Support Of Its Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(1) ("CITGO's Memorandum") (Doc. #534) filed August 5, 2008 at 1.  The concept of constitutional standing is derived from the case or controversy requirement of Article III of the Constitution and requires plaintiffs to show that (1) they have suffered actual or threatened injury which is (2) fairly traceable to defendant's unlawful conduct and (3) will likely be redressed by a favorable decision.  See Robey v. Shapiro, Marianos & Cejda, ,L.L.C., 434 F.3d 1208, 1210-11 (10th Cir. 2006).  The elements of constitutional standing are not mere pleading requirements, but an indispensable part of plaintiffs' case.  Utah v. Babbitt, 137 F.3d 1193, 1204 (10th Cir. 1998)

---

[2] Doc. #614 is a redacted version of the motion filed for public viewing.  Doc. #617 is a confidential version of the motion filed under seal.

(citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).  Thus, plaintiffs must support each element in the same way as any other matter on which they bear the burden of proof, i.e. with the manner and degree of evidence required at each successive stage of litigation.  See Lujan, 504 U.S. at 561.  At the pleading stage, general factual allegations of injury resulting from defendant's conduct may suffice.  See id.  In response to a summary judgment motion, plaintiffs can no longer rest on mere allegations but must set forth affidavit or other evidence of "specific facts" which the Court will accept as true for summary judgment purposes.  Id. (quoting Fed. R. Civ. P. 56(e)).  At the final stage, plaintiffs must support those facts with evidence adduced at trial.  See id.

Whether plaintiffs have standing to sue implicates subject matter jurisdiction.  See San Juan County, Utah v. United States, 420 F.3d 1197, 1203 (10th Cir. 2005).  Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974));  Fed. R. Civ. P. 12(h)(3).  Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction.  Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999).  Plaintiffs bear the burden of showing that jurisdiction is proper, see id., and must demonstrate that the case should not be dismissed, see Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).  Conclusory allegations of jurisdiction are not enough.  Id.

Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations.  See Holt v. United States, 46 F.3d 1000, 1002-03 (10th

Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). Regarding factual challenges, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. See Holt, 46 F.3d at 1003. When reviewing a factual attack on subject matter jurisdiction, the Court may not presume the truthfulness of plaintiffs' factual allegations. See id. The Court has wide discretion to allow affidavits, other documents and/or a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). See id. In such instances, the Court may refer to evidence outside the pleadings without converting the motion to a Rule 56 motion. See id. If resolution of the jurisdictional question is intertwined with the merits of the case, however, the Court must convert a Rule 12(b)(1) motion to one under Rule 12(b)(6) or Rule 56. See id. The jurisdictional question is intertwined with the merits of the case if "resolution of the jurisdiction question requires resolution of an aspect of the substantive claim." Pringle v. United States, 208 F.3d 1220, 1223 (10th Cir. 2000).

Plaintiffs contend that CITGO is liable because it controls retail gas stations and/or their deceptive advertising. See Plaintiffs' Opposition To Defendant CITGO's Motion To Dismiss Pursuant To Rule 12(b)(1) Of The Federal Rules Of Civil Procedure ("Plaintiffs' Opposition") (Doc. #611) filed November 4, 2008 at 1, 3, 11-27. CITGO challenges the accuracy of those allegations with evidence that it does not control pricing decisions or the type of fuel dispensing equipment used at retail stations. See Exhibits A-D to CITGO's Memorandum (Doc. #534).[3] CITGO urges the Court to consider the evidence and determine that plaintiffs do not have standing

---

[3] Plaintiffs respond with evidence that CITGO controls the quality and advertising of fuel sold at retail stations and shared in profits of at least one retail station. See Exhibits A-G to Plaintiffs' Opposition (Doc. #611).

to assert claims against it. Such a determination, however, is not appropriate at this stage in the proceedings. With regard to standing, the manner and degree of plaintiffs' burden of proof varies with the successive stages of litigation. See Lujan, 504 U.S. at 561. Thus, at the pleading stage, the Court may accept as true general factual allegations of injury resulting from defendant's conduct. See id. Moreover, even if the Court has discretion under Rule 12(b)(1) to allow evidence to resolve disputed facts regarding standing, the Court must convert the motion to one under Rule 56 where resolution of the jurisdictional question is intertwined with the merits of the case. See Holt, 46 F.3d at 1003. Here, the standing question is clearly intertwined with the merits of the case. To recover against CITGO, plaintiffs must show that CITGO exercised sufficient control over retail pricing, advertising and/or motor fuel dispensing practices to make it directly and/or vicariously liable for the allegedly unlawful conduct of retail stations. See, e.g., Thompson v. Jiffy Lube Int'l, No. 05-1203, 2006 U.S. Dist. Lexis 39113, at *38-39 (D. Kan. June 13, 2006). Because resolution of the standing question requires resolution of an aspect of plaintiffs' substantive claim, the Court must convert CITGO's Rule 12(b)(1) motion to one for summary judgment under Rule 56. See Pringle, 208 F.3d at 1223.

CITGO's Rule 12(b)(1) motion does not comply with the requirements of D. Kan. Rule 56.1. Accordingly, the Court strikes CITGO's motion. CITGO may re-file the motion as one for summary judgment in accordance with the local court rules. In light of this ruling, the Court overrules as moot CITGO's motion for leave to file an additional exhibit (Doc. #653).

CITGO's motion for sanctions (Doc. #586) depends in the first instance on a favorable ruling on its motion to dismiss. The Court therefore overrules the motion for sanctions. CITGO may re-file the motion if and when it receives a favorable ruling on its summary judgment motion. In light

of this ruling, the Court overrules as moot plaintiffs' motion to file a supplemental memorandum (Docs. #614 and #617).

**IT IS THEREFORE ORDERED** that Defendant CITGO Petroleum Corporation's Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(1) (Doc. #533) filed August 5, 2008 be and hereby is **STRICKEN.**

**IT IS FURTHER ORDERED** that Defendant CITGO Petroleum Corporation's Motion And Memorandum In Support For Sanctions Pursuant To Federal Rule Of Civil Procedure 11 (Doc. #586) filed September 26, 2008 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Leave To File A Supplemental Memorandum In Opposition To Defendant CITGO's Motion For Sanctions Pursuant To Rule 11 Of The Federal Rules Of Civil Procedure (Docs. #614 and #617) filed November 4, 2008 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendant CITGO Petroleum Corporation's Motion For Leave To File An Additional Exhibit In Support Of Its Motion For Sanctions Pursuant To Federal Rule Of Civil Procedure 11 And Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(1) (Doc. #653) filed December 2, 2008 be and hereby is **OVERRULED.**

Dated this 29th day of January, 2009 at Kansas City, Kansas.

                                              s/ Kathryn H. Vratil
                                              Kathryn H. Vratil
                                              United States District Judge