IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: MOTOR FUEL TEMPERATURE )
SALES PRACTICES LITIGATION )
)
)
) Case No. 07-MD-1840-KHV
This Order Relates to All Cases )

## **ORDER**

In this multidistrict litigation, plaintiffs assert putative class action claims for damages and injunctive relief against various sellers of gasoline and diesel fuel in Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, the District of Columbia, and Guam (the "Region"). Plaintiffs assert claims individually and on behalf of similarly situated persons and entities who purchased such motor fuel at temperatures greater than 60 degrees Fahrenheit from one or more defendants within the Region. Plaintiffs claim that defendants are liable under various state law theories because they sell motor fuel for a specified price per gallon without disclosing or adjusting for temperature expansion.

This case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on plaintiffs' motion to compel defendants to complete document production **(doc. 667)**, and plaintiffs' related motion to modify the parties' previously stipulated document production

protocol (the "Protocol") **(doc. 671)**. Defendants have filed a response that addresses both motions (doc. 694). Plaintiffs have filed a reply brief (doc. 705). For the reasons set froth below, plaintiffs' motions are granted in part and denied in part.

The pertinent procedural background is as follows. On June 4, 2008, after extensive negotiations, the parties submitted the Protocol to govern the production of discoverable documents and electronically stored information. The court issued an order later that day approving the Protocol (doc. 458). Paragraph 17 of the Protocol, which specifically governs the production of privilege logs contemplated by Fed. R. Civ. P. 26(b)(5), states:

> The Producing Parties will produce privilege logs in Excel format or a similar electronic format that allows text searching and organization of data. *A Producing Party will produce a privilege log within 90 days after the completion of its document production*. When there is a chain of privileged e-mails, the Producing Party need only include one entry on the privilege log for the entire email chain, and need not log each e-mail contained in the chain separately. The production of a privilege log for a custodian will be not less than 30 days prior to a custodian's deposition. The parties may modify the deadlines for production of privilege logs by agreement (emphasis added).

On June 24, 2008, plaintiffs served their consolidated first set of requests for production of documents. Defendants served their objections and responses on August 8, 2008 and September 8, 2008. Plaintiffs argue that, after defendants served their responses, only a few defendants actually produced any documents. In plaintiffs' reply brief, filed on January 13, 2009, they claim that out of 103 total defendant groups responding to the requests, only forty-four actually have produced documents responsive to the requests.

Plaintiff filed the instant motion to compel on December 8, 2008, followed two days later by the filing of their motion to modify the Protocol.

Plaintiffs state that defendants, through their liaison counsel or individual counsel, have indicated that they are producing documents on a "rolling" basis and have not agreed to produce all responsive documents by January 1, 2009. Plaintiffs argue the rolling production method adopted by defendants will allow defendants to produce documents infinitely into the future, thus preventing plaintiffs from knowing when production will be complete by any defendant, in turn preventing plaintiffs from proceeding with depositions or challenging any documents deemed privileged by defendants. In addition, plaintiffs argue that production of documents could last into mid-2009 if the Protocol is not modified. Plaintiffs' motions seek an order requiring all defendants to produce the documents responsive to their requests by February 1, 2009 (a date which of course already has passed). Plaintiffs also request that Paragraph 17 of the Protocol be modified to require submission of a privilege log within ten days (instead of ninety days) after an objection is made to a discovery request on the basis of privilege. Plaintiffs request that the court apply this modification to the discovery requests already answered by defendants.

Defendants acknowledge that over the last six months they have been producing documents on a rolling basis. They claim, however, that plaintiffs have been producing their documents in the same manner. Defendants oppose plaintiffs' request that the Protocol be modified to require defendants to provide privilege logs within ten days after they respond

to plaintiffs' discovery requests, especially as to the discovery requests they have already answered. Defendants state that, on December 23, 2008, their liaison counsel offered their "best efforts" in completing defendants' production by February 15, 2009 (which happens to be a Sunday). In addition to the proposed February 15 best efforts deadline, defendants offered to serve privilege logs sixty days thereafter. Defendants state plaintiffs did not accept this proposal. Defendants argue that plaintiffs' proposed new ten-day time frame to provide privilege logs would negatively impact defendants due to the volume of documents that they have been requested to produce. Instead of ten days, defendants argue that sixty days is a reasonable amount of time to produce privilege logs after production has occurred.

The Protocol does not state how long document production should last. In any event, what is more important to the court is that, despite the obviously vast scale of documents involved here, document production seems to be moving too slowly (or at least not quickly enough). Document production is still not complete some six months after the original requests for documents were served. Plaintiffs are justifiably worried discovery could carry on infinitely.

A finite date for production of documents clearly is needed here. Defendants already have promised their "best efforts" to complete their document production completed by February 15, 2009. In the interest of moving discovery along, providing some reasonable certainty to the situation, and putting plaintiffs in a position to meet the May 1, 2009 deadline to file class certification motions, the court hereby sets an absolute deadline of **February 20,**

**2009** for *all* parties to actually complete document production as to discovery requests served before the instant motions were filed. Further, the ninety-day delay provision in the Protocol to provide privilege logs is hereby shortened so as to require all logs related to the above-described discovery to be provided by all parties no later than **March 20, 2009**; as to all other discovery requests served by the parties, the ninety-day delay provision in the Protocol is hereby shortened to forty-five days after the completion of document production. Certificates shall be filed by the parties confirming compliance with this order.

At the risk of stating the obvious, but lest there be any confusion on this point, merely saying that best efforts have been made to meet the deadlines in this order will not be considered sufficient and may provide grounds for sanctions. The parties should keep in mind that no extensions of these deadlines will be granted absent a showing of truly extraordinary circumstances.

In consideration of the foregoing,

IT IS HEREBY ORDERED that plaintiffs' motion to compel production of documents **(doc. 667)**, and plaintiffs' related motion to modify the document production protocol with regard to privilege logs **(doc. 671)**, are granted in part and denied in part.

Dated this 6th day of February, 2009, at Kansas City, Kansas.

                                                 s/James P. O'Hara
                                                 James P. O'Hara
                                                 U.S. Magistrate Judge