IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


IN RE: MOTOR FUEL TEMPERATURE            )
SALES PRACTICES LITIGATION               )
                                         )
                                         )
                                         )          Case No. 07-MD-1840-KHV
This Order Relates to All Cases          )


## ORDER

Currently before the court is defendants' motion **(doc. 678)** for a protective order

relieving them of any obligation to review and log documents created after the

commencement of this litigation and relating to communications with attorneys about this

lawsuit.  Defendants assert that requiring them to review and log privileged communications

exchanged among joint defense counsel or exchanged between defense counsel and one or

more of the 150 defendants is unduly burdensome.  Having reviewed the motion and the

briefs filed by the parties (*see* docs. 679, 695, 698, and 729), the court is ready to rule.

Fed. R. Civ. P. 26(b)(5)(A) requires the creation of a privilege log "[w]hen a party

withholds information otherwise discoverable by claiming that the information is privileged

or subject to protection as trial-preparation material."  Fed. R. Civ. P. 26(c), however,

permits the court, upon a finding of good cause, to enter an order protecting a party from

discovery that imposes an undue burden or expense.  Additionally, Fed. R. Civ. P.

26(b)(2)(c) provides that the court must limit the extent of discovery if it determines that the

burden of the proposed  discovery outweighs its likely benefit.  As the party seeking the

protective order, defendants have the burden to show good cause for it.[1]  "To establish good cause, [defendants] must make 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"[2]

Defendants assert that reviewing post-litigation communications of attorneys and creating a corresponding privilege log "would be a waste of time and money and produce little if any benefit to Plaintiffs."[3]  The declarations of defendants' counsel explain that since the commencement of this litigation, tens of thousands of documents (primarily email communications) have been exchanged among counsel for defendants, between counsel (including in-house counsel) and defendants, and between counsel and retained consultants. According to the declarations, reviewing these documents would cost hundreds of thousands of dollars.  For example, the declaration of counsel for Shell Oil Company, Equilon Enterprises LLC, and Motiva Enterprises LLC (collectively, "the Shell defendants") estimates that reviewing and logging the emails of all counsel for the Shell Defendants would take more than 1000 hours and cost more than $165,000.  Defendants assert that the benefit to plaintiffs of this review and logging would be minimal because the vast majority of these documents are subject to the joint-defense, attorney-client, or work-product privilege because they (1) were prepared to assist in anticipated or pending litigation or (2) contain information reflecting communications between counsel and their clients for the purpose of rendering

_____

[1] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[2] *Id.* (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)).

[3] Defendants' Memorandum in Support of Motion for Protective Order at 6.

legal services to the clients.  According to defendants, if they are made to review and log each of these documents, it would chill the use of future email communications amongst defense counsel.

Plaintiffs respond that defendants should not be permitted to completely bypass reviewing documents potentially responsive to plaintiffs' discovery requests.  Plaintiffs assert that, were the court to grant defendants the requested relief, plaintiffs would be prevented from obtaining documents that clearly are not privileged, such as emails in which an attorney was merely cc'ed or bcc'ed, emails between employees of defendants and in-house counsel on a variety of non-legal matters, and communications that were distributed to third-parties such that privilege has been waived.[4]  Plaintiffs further argue that defendants have failed to substantiate their claim of undue burden because, although defendants claim that defense counsel possess thousands of post-litigation emails, defendants do not state how many of these emails are potentially responsive to any of plaintiffs' discovery requests.[5]

---

[4] As an example, plaintiffs state that they seek communications from defendants' in-house counsel to defendants' station managers preparing the station managers for questions that might arise from consumers once this lawsuit was reported by the media and providing information about defendants' positions on the installation of ATC equipment.  Defendants respond that "Plaintiffs' concern can be ameliorated by the defendants individually logging post-litigation privileged documents found in their review of non-attorney employees' files." Defendants' Reply Memorandum in Support of Motion for Protective Order at 8.

[5] Plaintiffs note that their discovery requests "specifically exclude documents that are clearly privileged (assuming a privilege objection was made), such as correspondence from counsel to client relating to answering interrogatories, providing updates concerning litigation activity, discussing what legal counsel to hire and similar litigation-specific subjects relating to 'status.'" Plaintiffs' Response to Defendants' Motion for Protective Order at 16.

As an initial matter, the court finds it significant that defendants seek relief not only from the Rule 26(b)(5) requirement that they create a detailed privilege log of withheld documents, but also relief from having to *review* any post-litigation attorney communications that are potentially responsive to plaintiffs' discovery requests.   Defendants have cited no case, and the court's research has found none, granting a party such a blanket exception.[6]  To the contrary, caselaw in this circuit has required the logging—and thus, by necessity, the reviewing—of post-litigation attorney communications for which a privilege is asserted.  For example, in *Horton v. United States*, the argument was made that "documents exchanged between a client and its lawyers subsequent to the initiation of the litigation and concerning the litigation need not be included in the privilege log."[7]   U.S. Magistrate Judge Boyd N. Boland, of the District of Colorado, rejected the argument, stating,

> [T]he plain language of Rule 26(b)(5) extends to all documents withheld from production on a claim of privilege.  In addition, the cases imposing the requirement of a privilege log do not carve out of the requirement documents between a lawyer and client created after the initiation of the litigation. . . . Moreover, common sense dictates that even post-filing correspondence and materials exchanged between lawyer and client must be listed on the privilege

---

[6] The cases cited by defendants—*Durkin v. Shields*, 174 F.R.D. 475, 476–79 (S.D. Cal. 1997); *SEC v. Nacchio*, No. 05-cv-00480, 2007 WL 219966, at *10–11 (D. Colo. Jan. 25, 2007); *United States v. Magnesium Corp.*, No. 2:01-cv-00040, 2006 WL 1699608, at *5–6 (D. Utah June 14, 2006); and *SEC v. Thrasher*, No. 92 CIV. 6987, 1996 WL 125661, at *1–2 (S.D.N.Y. March 20, 1996)—address the format of privilege logs to be provided; they do not support the proposition that a party asserting a privilege need not review potentially responsive documents.  *See FG Hemisphere Assocs., L.L.C. v. Republique Du Congo*, No. 01 Civ. 8700SASHBP, 2005 WL 545218, at *7 (S.D.N.Y. Mar. 8, 2005) (noting that *Durkin* and *Thrasher* "deal with the format of the index to be provided with respect to post-litigation documents").

[7] 204 F.R.D. 670, 673 (D. Col. 2002).

log.  It is certainly possible that such a document might be copied to a third party, thus destroying any privilege that otherwise would attach. Consequently, the mere fact that a document concerning the litigation is created and exchanged between lawyer and client after the lawsuit is commenced does not mean necessarily that the document is privileged and not subject to discovery.[8]

Despite the dearth of caselaw supporting defendants' request, nothing prevents the court, of course, from entering a Rule 26(c) order protecting defendants from reviewing post-litigation attorney communications if defendants satisfy their burden of demonstrating that such a review imposes an undue burden or expense.  Indeed, in the District of Kansas, U.S. Magistrate Judge David J. Waxse recognized the possibility of such an order in *Aikens*, but determined that the defendant seeking the order therein had not satisfied its burden to show that reviewing post-litigation documents and preparing a privilege log would cause undue burden.[9]  The declaration submitted by the defendant in *Aikens*, while estimating the time and expense of reviewing attorney communications, did not address the time and expense of reviewing such documents in an effort to respond to specific discovery requests propounded

_____

[8] *Id.* (citing *Epling v. UCB Films, Inc.*, Nos. 98-4226 & 98-4227, 2000 WL 1466216, at *18–19 (D. Kan. Aug. 7, 2000)); *see also Epling*, 2000 WL 1466216, at *19 (granting motion to compel the production of documents too broadly described in defendant's privilege log as "[d]ocuments exchanged between Defendant and its counsel, related to Plaintiff's allegations, generated by Defendant and its legal counsel in preparation for, and subsequent to the pending litigation . . . prepared in the normal course of defending this threatened litigation, lawsuit, and charges of discrimination"); *FG Hemisphere Assocs., L.L.C.,* 2005 WL 545218, at *5–7 (noting that Fed. R. Civ. P. 26(b)(5) is a rule that "must be obeyed" and rejecting argument that "to the extent documents are created in connection with ongoing litigations, they are necessarily privileged and need not be indexed"); *Miller v. Pruneda*, 236 F.R.D. 277, 284 (N.D. W. Va. 2004) (requiring the creation of a log identifying post-litigation documents claimed to be privileged).

[9] 217 F.R.D. at 537.

(and later limited by) plaintiffs.[10]   The court finds that the declarations submitted by defendants in this case suffer from the same deficiency.  While the declarations discuss the burden of reviewing and logging *all* emails "sent or received" by attorneys and "relating to this litigation," none of the declarations discuss the burden of reviewing only those attorney emails potentially responsive to plaintiffs' discovery requests or even only those attorney emails that hit on the search terms agreed to by the parties in this lawsuit.  Defendants have not satisfied their burden of showing with specificity good cause for the entry of a protective order limiting their obligation to review attorney communications.

Defendants request that, if the court orders the review and logging of post-litigation attorney communications, then rather than log each individual document, they be permitted to give a categorical description of the privileged documents "through counsel declarations providing information concerning the number of documents withheld, the time period encompassed by those documents, and a statement declaring that the documents fall within the attorney-client privilege and/or work product doctrine."[11]  Such a categorical approach is contemplated in the advisory committee notes accompanying Rule 26[12] and has been

---

[10] *Id.*

[11] Defendants' Reply Memorandum in Support of Motion for Protective Order at 10.

[12] Fed. R. Civ. P. 26 advisory committee note on 1993 Amendments ("The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection.  Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.").

approved in other cases involving large numbers of documents.[13]   The court is sympathetic to defendants' argument that individually logging thousands of privileged attorney communications would be immensely burdensome and have little, if any, benefit to plaintiffs. Therefore, the court will permit defendants to categorically group, in the manner described above, post-litigation attorney communications for which a privilege is asserted.[14]

In opposing the instant motion, the court assumes plaintiffs are mindful of the old proverb that what is sauce for the goose is sauce for the gander.  That is, should defendants

---

[13] *See Durkin*, 174 F.R.D. at 476–79; *Magnesium Corp.*, 2006 WL 1699608, at *5–6; *United States v. Gericare Med. Supply, Inc.*, No. 99-0366, 2000 WL 33156442, at *3–4 (S.D. Ala. Dec. 11, 2000); *see also Queen's University*, 161 F.R.D. at 447 (holding that a letter to opposing counsel explaining that information was being withheld on the basis of the work-product doctrine "arguably disclosed the information required by Rule 26(b)(5)"); *Seebeck v. General Motors Corp.*, Nos. 1:96-449, 1:96-452, 1:96-450, & 1:96-451, 1996 WL 742914, at *3 (N.D. Ga. May 17, 1996) (holding that, because the discovery request was "extremely specific," the need to describe the exact nature of the documents being withheld was obviated and satisfied by the declaration of counsel).

[14] Plaintiffs also argue that defendants who failed to timely assert privilege objections to plaintiffs' discovery requests should not now be permitted to seek protection from producing a privilege log.  Defendants respond that they were not required to assert privileges until the time that a privilege log was due, ninety days after the completion of defendants' document production.  Defendants further assert that they could not have asserted the privileges currently at issue at the time of their discovery responses because the parties did not agree on the search terms to be used in searching electronically stored documents until after that time.  Finally, defendants state that plaintiffs' counsel did not raise this issue in meet-and-confer discussions and have thereby themselves waived any objection to the timing of defendants' privilege assertions.  Although a party's failure to timely object to a request for production on the basis of privilege may constitute a waiver of the privilege, a court may excuse the failure for good cause shown.  *Starlight Intern., Inc. v. Herlihy*, 181 F.R.D. 494, 496 (D. Kan. 1998); *see also  Queen's University v. Kinedyne Corp.*, 161 F.R.D. 443, 447 (D. Kan. 1995) ("Waiver is not the automatic result of failure to comply with Rule 26(b)(5).").   Given the circumstances of this complex litigation, the court deems it appropriate to entertain the instant motion for a protective order.

now move to require plaintiffs to produce post-litigation privilege logs, obviously the court will be strongly inclined to grant that motion.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

Defendants' motion (**doc. 678)** for a protective order is denied in part and granted in part. Specifically, defendants' request for relief from reviewing *all* post-litigation attorney communication is denied. But defendants' request to categorically group withheld documents in a privilege log is granted.

Dated this 3rd day of April, 2009, at Kansas City, Kansas.


  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge