**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE | ) |
| SALES PRACTICES LITIGATION | ) |
| | ) **MDL No: 1840** |
| (This Document Relates to All Cases) | ) |
| | ) **No: 07-md-1840-KHV-JPO** |

**UNOPPOSED MOTION OF PLAINTIFFS FOR ORDER CONDITIONALLY
CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT, DIRECTING DISTRIBUTION OF CLASS NOTICE,
SETTING HEARING FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND APPOINTING CLASS COUNSEL**

COME NOW Plaintiffs Zachary Wilson, Joan Korleski, James Graham, Phyllis Lerner and Herb Glazer (hereinafter collectively referred to as the "Class Plaintiffs") and the class of individuals they seek to represent ("Class Members"), by and through the undersigned counsel, and move this Court for an Order preliminarily approving a settlement between Class Plaintiffs and Defendant Costco Wholesale Corp ("Costco").

Defendant Costco does not oppose the instant Motion.

In further support hereof, Class Plaintiffs provide the following memorandum and authorities.

# TABLE OF CONTENTS

I.   INTRODUCTION …………………………………………………………………..3

II.  APPLICABLE LEGAL AUTHORITIES …………………………………...………3

III. STATEMENT OF THE CASE ……………………………………………………...….4

    A.   Background Facts …………………………………………………….………..4

    B.   Procedural History ……………………………………………………..………5

    C.   Representation ……………………………………………………….……………7

    D.   Discovery ……………………………………………………………..………..7

    E.   Settlement Negotiations ……………………………………….……….…....8

    F.   Summary of Settlement Terms ………………………………….....……..8

    G.   Settlement Procedure …………………………………………….……..10

IV.  CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS ………...…..11

    A.   The Settlement Class ……………………………………………………11

    B.   Rule 23(a) Standards Are Satisfied …………………………………...……11

    C.   Rule 23(b)(3) Standards Are Satisfied …………………………….....…..14

V.   PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE …..…...15

    A.   The Terms of the Proposed Settlement Are Fair …………………….……15

    B.   Plaintiffs' Counsel Have a Sufficient Factual Basis for
              the Settlement Agreement ……………………………………….……...16

    C.   The Class Notice Plan Is Appropriate ……………………………….....17

    D.   The CAFA Notice Is Adequate …………………………………………19

VI.  ESTABLISHMENT OF A FINAL APPROVAL AND FAIRNESS HEARING …..….19

VII. APPOINTMENT OF SETTLEMENT CLASS COUNSEL ……………….…...…..20

I.      **INTRODUCTION**

Class Plaintiffs seek preliminary approval of a class action settlement ("Settlement") that resolves all claims against Costco in this MDL proceeding, subject to final Court approval.  The Settlement provides significant relief to the Class Members through extensive injunctive requirements.  These injunctive requirements effectively end (at least, with respect to Costco) a method of retail sale for motor fuel that Class Plaintiffs have alleged to be fraudulent and deceptive, thus preventing significant future damage to the Class Members.

The Settlement was entered into at arms-length by experienced counsel, and only after extensive arms-length negotiations.  The Settlement also bears a probable, reasonable relationship to the claims alleged by Class Plaintiffs and the Class Members, and the litigation risks of Plaintiffs and Costco.  Class Plaintiffs submit that the Settlement is sufficiently within the range of possible final approval to warrant an order granting preliminary approval and directing the provision of notice to the Class Members.

Accordingly, Class Plaintiffs respectfully request an Order: (1) conditionally certifying a Settlement class; (2) preliminarily approving the proposed Settlement; (3) directing distribution of notice to the Settlement class; (4) establishing a final hearing for approval of the class Settlement; and (5) appointing Settlement class counsel.

II.     **APPLICABLE LEGAL AUTHORITIES**

When a proposed class-wide settlement is reached, it must be submitted to the court for preliminary approval.[1]  Preliminary approval is the first of three steps that comprise the approval procedure for settlement of a class action.  The second step is dissemination of notice of the settlement to all class members.  The third step is a settlement approval hearing.[2]

---

[1]  2 H.Newberg & A. Conte, *Newberg on Class Actions* (3d. 1992) at §11.41, p.11-87.
[2]  *Manual for Complex Litigation Third*, §30.41 (2000).

The question presented on a motion for preliminary approval of a proposed class action settlement is whether the proposed settlement is "within the range of possible approval."[3] Preliminary approval is merely the prerequisite to giving notice so that the class may be "given the opportunity to address the court as to the reasons the proposed settlement is unfair or inadequate."[4]   Preliminary approval does <u>not</u> require the trial court to answer the ultimate question of whether a proposed settlement is fair, reasonable, and adequate.  That determination is made only after notice of the settlement has been given to the members of the class and after they have been given an opportunity to voice their views of the settlement or be excluded from the class.[5]

In considering a potential settlement for preliminary approval purposes, the trial court does not have to reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute, and need not engage in a trial on the merits.[6]  The Manual for Complex Litigation, Fourth (Fed. Judicial Center 2004) characterizes the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties.[7]

## III.   <u>STATEMENT OF THE CASE</u>

### A.   *Background Facts*

This MDL proceeding arises from the petroleum industry's deceptive and unfair retail motor fuel sales practices due to its failure to temperature correct retail transactions to account for the effect of temperature on the quality, quantity and value of motor fuel.

---

[3] *Manual for Complex Litigation*, §30.41 at 273.
[4] *In re Plastic Cutlery Antitrust Litig.*, 1998 WL 314655 (E.D. Pa. 1998).
[5] *See, e.g.*, 3B J. Moore, *Moore's Federal Practice* ¶ 23.80[2-1], at 23-479 (2d ed. 1993).
[6] *Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974); *Officers for Justice v. Civil Serv. Comm'n*, 689 F.2d 615 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983).
[7] *Manual for Complex Litigation*, § 21.632.

Specifically, the Class Plaintiffs and Class Members have alleged that the Defendants, including Costco, sell motor fuel at retail in some or all of the states and territories throughout the Region. Class Plaintiffs allege that Defendants do not adjust the volume or price of such motor fuel (or the amount of fuel excise tax recoupment passed on to consumers) to compensate for the effect of temperature expansion, which affects both the quality and quantity of motor fuel sold on a volumetric basis. Class Plaintiffs allege that Defendants' conduct is particularly egregious because Defendants: (1) have known about the effects of thermal expansion on motor fuel for decades; (2) compensate for temperature in their upstream and downstream transactions in order to minimize the detrimental effects of purchasing hot fuel; (3) compensate for temperature in their retail sales in Canada (where motor fuel is colder than 60° Fahrenheit on average) because it inures to their benefit; and (4) have actively resisted the marketing or implementation of ATC equipment in certain regions in the United States (where motor fuel is hotter than 60° Fahrenheit on average) because the use of ATC would inure to the benefit of the consumer.

As a result, Class Plaintiffs brought suit on behalf of themselves and all other similarly situated individuals and entities that purchased hot motor fuel from Defendants, alleging multiple common law and statutory causes of action, including unjust enrichment and consumer protection violations.

Costco has denied all factual allegations and legal claims of Plaintiffs, and contends that its retail motor fuel method of sale is proper, legal and does not violate any law or regulation.

B.     *Procedural History*

Between December 1, 2006 and December 1, 2008, fifty-one "hot fuel" lawsuits were filed in United States District Courts across the Region. Class Plaintiff Zachary Wilson filed suit

against Defendants, including Costco, in the United States District Court for the District of Kansas on December 29, 2006. Class Plaintiffs Phyllis Lerner and Herb Glazer filed suit in the United States District Court for the Central District of California on February 22, 2007. Class Plaintiff James Graham filed suit in the United States District Court for the Eastern District of Virginia on February 27, 2007. Class Plaintiff Joan Korleski filed suit in the United States District Court for the District of South Carolina on September 24, 2007. In total, Costco was named in nineteen lawsuits that involve twenty-eight jurisdictions (hereinafter referred to as the "Litigation").[8]

On June 18, 2007, the Judicial Panel on Multi District Litigation consolidated these suits pursuant to 28 U.S.C. § 1407, transferring all such cases and subsequent tag-alongs to the Honorable Kathryn Vratil for coordinated and consolidated pretrial discovery and preparation.[9]

Subsequent to consolidation and transfer, pretrial discovery was stayed pending briefing and a ruling on Defendants' dispositive motion.[10] In the spring of 2008, the parties began written discovery and document production. The parties are currently conducting depositions of plaintiffs, and the defendants' personnel and corporate representatives. Plaintiffs' motions for

---

[8] Specifically, Costco was named in the following lawsuits in the MDL: *Cook et al. v. Hess Corp. et al.* (D. Kan. 2:07-cv-02492-KHV-JPO); *Williams et al. v. BP Corp. et al. (D. Kan. 2:07-cv-02355 KHV-JPO); Rushing, et al. v. Alon USA, Inc., et al.* (D. Kan. 2:07-cv-02300-KHV-JPO); *Wyatt, et al. v. BP America Corp, et al.* (D. Kan. 2:07-cv-02507-KHV-JPO); *Lerner, et al. v. Costco, et al.* (D. Kan. 2:07-cv-02405-KHV-JPO); *Aguirre v. BP West, et al.* ( D. Kan. 2:07-cv-02391-KHV-JPO); *Redstone, et al. v. Chevron, et al.* (D. Kan. 2:07-cv-02375-KHV-JPO); *Young, et al. v. Ambest, Inc., et al.* (D. Kan. 2:07-cv-02510-KHV-JPO); *Wilson, et al. v. Ampride, et al.* (D. Kan. 2:06-cv-02582-KHV-JPO); *Sagalyn v. Chevron, et al.* (D. Kan. 2:07-cv-02374-KHV-JPO); *Wash, et al. v. Chevron, et al.* (D. Kan. 2:07-cv-02361); *Kohut, et al. v. Chevron, et al.* (D. Kan. 2:07-cv-02371); *Barker, et al. v. Chevron, et al.* (D. Kan. 2:07-cv-02345-KHV-JPO); *Korleski v. BP Corporation North America, et al.* (D. Kan. 2:07-cv-02531); *Foster, et al. v. BP North America, et al.* (D. Kan. 2:07-cv-02296-KHV-JPO); *Conlin, et al. v. Chevron, et al.( D. Kan.* ( 2:07-cv-02359-KHV-JPO); *Couch, et al. v. BP Products, et al*. (D. Kan. 2:07-cv-02397-KHV-JPO*); Jenkins, et al. v. Amoco Oil Co., et al.* (D. Kan. 2:07-cv-02508-KHV-JPO); *Graham v. Chevron, et al.* (D. Kan. 2:07-cv-02399-KHV-JPO).
[9] Twelve cases were transferred by the JPML's original order. Thirty-nine other actions were subsequently transferred as tag-along actions.
[10] *See* Motion to Dismiss filed October 22, 2007 (D.E. 196) (overruled by Order dated February 21, 2008, D.E. 284).

6

class certification are due on June 1, 2009, and factual discovery is currently set to close on November 2, 2009.

C.      _Representation_

The Litigation has been competently and vigorously prosecuted and defended.  Class Plaintiffs in the Litigation are represented by Co-Lead Plaintiffs' Counsel Robert A. Horn of the law firm Horn Aylward & Bandy, LLC, 2600 Grand Blvd., Ste. 1100, Kansas City, MO 64108 and Thomas V. Girardi of the law firm Girardi & Keese, 1126 Wilshire Boulevard, Los Angeles, California 90017, and Plaintiffs' Liaison Counsel Thomas V. Bender of the law firm Walters Bender Strohbehn & Vaughan, PC, 2500 City Center Square, 1100 Main Street, Kansas City, MO 64196 (collectively referred to as "Class Counsel").

Costco is represented by David F. McDowell of the law firm Morrison & Foerster LLP, 555 West Fifth Street, 35th Floor, Los Angeles, CA 90013-1024 ("Defense Counsel").

Class Plaintiffs and Costco are represented by counsel with extensive experience in complex and class action litigation.

D.      _Discovery_

Throughout the course of the Litigation, the parties in the MDL have taken and defended many depositions, produced and inspected millions of pages of documents, completed several rounds of written discovery and retained numerous expert witnesses not yet designated.

In pursuing the claims of the Class Members, and in evaluating the merits of the Settlement, Class Counsel have reviewed voluminous data and documents, conducted witness interviews, taken depositions, held meetings and conferences between representatives of the parties, and investigated the applicable law and facts regarding the claims of the Class Members, the potential defenses thereto, and the damages incurred by the Class.

E.    *Settlement Negotiations*

Costco expressly denies all allegations of wrongdoing made in the Litigation, and contends that at all relevant times its retail motor fuel method of sale was proper, appropriate and authorized under the applicable laws of the various states.  Nevertheless, in an effort to reach a comprehensive settlement of the Litigation, beginning in early 2008 Class Counsel and Defense Counsel began to engage in extensive arms-length settlement negotiations.  The Parties were fully and adequately informed of all facts necessary to evaluate the case for settlement.  Through these settlement negotiations, the Parties were able to reach an outline settlement in early 2009. Over the intervening weeks the Parties have worked diligently to resolve numerous issues related to the outline settlement, and have entered into the final Stipulation of Class Action Settlement, Agreement and Release on April 17, 2009 ("Agreement")(a copy of the Agreement is attached hereto as Exhibit 1).

F.    *Summary of Settlement Terms*

The Settlement is intended to resolve, inter alia, the Class Members' claims against Costco relative to the sale of gasoline at Costco's stations within the Region from January 1, 2001 through the present.  The Agreement provides that Costco will convert all of the motor fuel dispensers at its existing retail locations in the States of Alabama, Arizona, California, Florida, Georgia, Kentucky, Nevada, New Mexico, North Carolina, South Carolina, Tennessee, Texas, Utah, and Virginia to ATC dispensers. (¶ 4.2).  For new retail stations built by Costco in such states, Costco agrees to install ATC dispensers. (¶ 4.3).  In addition, to the extent Costco begins

to purchase motor fuel on a temperature adjusted basis in the States of Indiana, Kansas, Maryland, Missouri, New Jersey, Oregon, Pennsylvania or the District of Columbia after the Effective Date of the Agreement, Costco agrees to convert all of the motor fuel dispensers in those States as well.

Essentially, Costco will complete the conversion and installation of ATC on a phased basis within five years of the Effective Date of the Agreement (¶ 4.4), subject to exceptions for regulatory or supplier delays or denials. (¶ 4.5, 4.6, 4.8).  Costco will provide semiannual reports to Class Counsel regarding Costco's compliance with the ATC phase-in timeline set forth in the Agreement. (¶ 8.2).  Under the Agreement, the Court has continuing jurisdiction to enforce the Agreement and any final judgment entered on the Agreement. (¶ 8.1).

In terms of notice to the class, Costco will provide the Notice to Class Members within one hundred-fifty (150) days after entry of an order granting the instant Motion. (¶ 3.1).  The Notice will direct interested persons to a website that will be maintained for one hundred-eighty (180) days after filing of the this Motion, where Class Members can obtain copies of a detailed notice. (¶ 3.2). The Notice will also include an address to which Class Members can submit written requests for information about the settlement. (¶ 3.2).  Costco will pay all expenses of the Notice plan, including the costs of mailing the Notice, maintenance of the website and the provision of copies of settlement documents to Class Members upon request. (¶ 3.2).

Under the terms of the Agreement, Class Members may elect to opt out of the Settlement.  Opt-outs must be in writing, signed by the Class Member, contain certain basic information and must be postmarked within forty-five days of the last day upon which Notice can be provided to the Class Members. (¶ 3.3.1).  If 2,500 or more of the Class Members opt-out of

the Settlement, Costco has the right to rescind this Agreement.  If that occurs, the parties will resort to their respective positions immediately prior to execution of the Agreement. (¶ 3.3.2).

Class Members also have the right to object to the Settlement.  All such objections must be filed with the Court, and served on Class Counsel and Defense Counsel, at least thirty (30) days prior to the final fairness hearing. (¶ 5.2).

The Agreement provides that, should the Court not preliminarily approve the Settlement or not grant final approval, the Agreement will be construed as having no force or effect and the parties will resort to their respective positions immediately prior to execution of the Agreement. (¶ 2.2).

The Settlement advances the interests of the Class Members and is the product of substantial, informed and non-collusive negotiations in which the Parties were represented by experienced counsel who approved and recommended the Settlement.  It is fair and reasonable and falls within the range of proper approval by the Court.

G.    _Settlement Procedure_

The settlement approval procedure provided for by the Agreement has three distinct steps:

1.  Submission of the Settlement to the Court for preliminary approval;

2.  Dissemination of notice to the Class Members; and

3.  A final fairness hearing.

With the instant Motion, Class Plaintiffs request that the Court take the first step in the settlement confirmation process and preliminarily approve the Settlement.  As noted by the authorities referenced above, the purpose of the Court's preliminary evaluation of the proposed Settlement is to determine whether it is within "the range of reasonableness," and thus whether

the provision of notice to the Class Members and the scheduling of a fairness hearing are appropriate.[11]

## IV.   CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

Class Plaintiffs request certification of a settlement class for purposes of obtaining final approval of the Settlement.  Certification of the settlement class is appropriate under Federal Rule of Civil Procedure 23 for the reasons set forth below.  Costco does not oppose class certification of a settlement class under the agreed terms, and for settlement purposes only.

### A.     *The Settlement Class*

The settlement class is defined as: All residents of the States at Issue who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family ("Settlement Class").[12]

### B.     *Rule 23(a) Standards Are Satisfied*

Under Rule 23(a), a settlement class must meet four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.[13]  This proposed Settlement Class satisfies all four requirements.

#### 1.     Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  There is no exact numerical formula for determining whether a class is

---

[11] 4 Newberg, *Class Actions* § 11.25.

[12]  As defined in the Agreement at ¶ 1.17, the "States at Issue" are the twenty-eight states and territories where Costco was sued in this MDL proceeding: Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, the District of Columbia and Guam.

[13] *In re Urethane Antitrust Litig.*, 251 F.R.D. 629, 633 (D. Kan. 2008).

sufficiently numerous, but it is a determination that must be made by the district court "in light of the particular circumstances of the case . . ."[14]

Here, the proposed Settlement Class consists of many thousands of individuals and entities that purchased motor fuel from Costco. Thus, joinder is impracticable and the numerosity requirement is satisfied.[15]

### 2.    Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class."[16]

In the instant case, numerous questions of law and fact are common to the Settlement Class and, thus, satisfy the requirement of "commonality." Costco's method of sale with respect to all Class Members was essentially uniform in that, Costco did not compensate retail motor fuel sales for temperature. This uniformity gives rise to the Class Members' claims for unjust enrichment, breach of contract and other theories. Similarly, Costco did not inform the Class Members that such sales were not compensated for temperature, or advise the Class Members of the detrimental effect that thermal expansion has on the quality and quantity of motor fuel. This uniform conduct gives rise to the Class Members' claims for misrepresentation, consumer protection violations and other theories.

Simply put, Class Plaintiffs and the Class Members stand in virtually identical shoes with respect to non-temperature corrected motor fuel purchases from Costco and the claims arising

---

[14] *Ark. Ed. Ass'n v. Bd. of Educ. of the Portland, Ark. School Dist.,* 446 F.2d 763, 765 (8th Cir.1971); *see also*, *Rex v. Owens ex rel. State of Okl.*, 585 F.2d 432, 436 (10th Cir. 1978).

[15] Class actions have been routinely certified even where the class amounts to less than one hundred members. *See, e.g., Ark. Educ. Ass'n v. Bd. of Educ.,* 446 F.2d 763, 756-66 (8th Cir.1971) (20 class members sufficient); *Swanson v. American Consumer Industries,* 415 F2d 648, 653 (4th Cir. 1967) (18 class members sufficient); *Riordan v. Smith Barney,* 113 F.R.D. 60 (N.D. Ill. 1986) (10–29 class members sufficient); *Sala v. Nat'l Railroad Passenger Corp.*, 120 F.R.D. 494, 497 (E.D. Pa. 1988) (40–50 class members sufficient).

[16] *See Am. Fin. Sys., Inc. v. Harlow*, 65 F.R.D. 94, 107 (D. Md.1974), *cert. denied*, 460 U.S. 1083 (1983) (commonality is not required on every question raised in a class action; rather, Rule 23 is satisfied when the legal question "linking the class members is substantially related to the resolution of the litigation.").

therefrom.  The virtually identical nature of the Settlement Class' claims is sufficient to satisfy

the "commonality" requirement of Rule 23(a)(2).

> 3.    Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties (be)

typical of the claims or defenses of the class."[17]  Courts in this District have held:

> This requirement does not mandate . . . that the claims of the
> representative plaintiffs be identical to those of the other class
> members.  Rather, the Court should look to whether the claims of
> the representative plaintiff are antagonistic to the claims of the
> proposed class. "Typicality insures that the class representative's
> claims resemble the class's claims to an extent that adequate
> representation can be expected."[18]

Clearly, the claims of the Class Plaintiffs are not antagonistic to the claims of the Class

Members.  In this Litigation, "typicality" is further established because each Class Member was

treated the same by Costco – each received non-temperature adjusted motor fuel.  Although

Costco disputes that its method of sale was improper, it is undeniable that this method of sale and

the failure to inform the Class Members of material facts are the single acts that give rise to the

Class Members' claims.  Thus, each Class Member, including each Class Plaintiff, holds the

same claims.  The "typicality" requirement of Rule 23(a)(3) is satisfied.

> 4.    Adequate Representation

The final prerequisite of Rule 23(a) is that "the representative parties will fairly and

adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4).  To establish that they will

fairly and adequately protect the interests of the class, the representative plaintiffs must show

---

[17]  It should be noted that the "typicality" requirement, as customarily applied, tends to merge with "commonality."
*Gen. Tel. Co. of Southwest. v. Falcon*, 457 U.S. 147, n.13, 102 S. Ct. 2364, 2371 n.13, 72 L.Ed.2d 740 (1982).
[18] *Swisher v. U.S.*, 189 F.R.D. 638, 640-641 (D. Kan. 1999) (citations omitted), quoting *Edgington v. R.G. Dickinson and Co.*,139 F.R.D. 183, 189 (D. Kan. 1991).

that: (1) they are able to prosecute the action vigorously through qualified counsel and (2) there is no conflict between their interests and those of the class members.[19]

With respect to the proposed Settlement Class, both elements of Rule 23(a)(4) are satisfied. First, there should be no dispute that the three proposed Class Counsel have substantial experience in the arena of complex and class action litigation, and are qualified, experienced and have vigorously pursued this Litigation.[20] Furthermore, there is no evidence or indication of a conflict between the interests of the Class Plaintiffs and the Class Members. Under these circumstances, the requirements of Rule 23(a) are met with respect to the proposed Settlement Class.

C.    *Rule 23(b)(3) Standards Are Satisfied*

The proposed Settlement also meets the requirements of Rule 23(b)(3) which allows class certification where common questions of law and fact predominate over individual questions and class treatment is superior to individual litigation. When assessing predominance and superiority, the court may consider that the class will be certified for settlement purposes only, and that a showing of manageability at trial is not required.[21] The test is "whether proposed classes are sufficiently cohesive to warrant adjudication by representation."[22]

Here, the proposed Settlement class is sufficiently cohesive. As described above, the Class Plaintiffs and all Class Members seek redress for the same claims. Because these claims all arise out of events that occurred uniformly throughout the Settlement Class and to all Class Members, common questions predominate over individual questions for each of the Class

[19] *Schreiber v. Nat'l Collegiate Athletic Ass'n*, 167 F.R.D. 169, 175 (D. Kan. 1996); s*ee also*, 1 Newberg, *Class Actions*, § 3.22 at 198.
[20] *See* Declarations of Co-Lead Counsel and Liaison Counsel previously submitted to the Court, resulting in this Court's orders of appointment (D.E. 145 and 179) which are incorporated herein by reference. If additional declarations or support for this Motion are required by the Court, the undersigned will promptly submit the same upon request.
[21] *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 618 (1997).

Member Categories.   Therefore, the proposed Settlement Class is particularly appropriate for certification for settlement purposes.

Furthermore, class resolution is superior to other available methods for the fair and efficient adjudication of this controversy.   The Class Members' claims could prove uneconomical for individual action because litigation costs could dwarf potential recovery.

In summary, certification of the proposed Settlement Class is appropriate under Federal Rules of Civil Procedure 23(a) and 23(b)(3).   Accordingly, the Class Plaintiffs respectfully suggest that the Court conditionally certify the proposed Settlement Class.

## V.   **PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

Class Plaintiffs respectfully submit that the Settlement is "within the range of possible approval" and thus, preliminary approval of the Settlement is warranted.   The terms of the Agreement are fair and provide a complete plan for notice to the Settlement Class, for Class Member objections, for Class Members to "opt out" of the Settlement, for implementation of Settlement benefits, for oversight of the Settlement process, and for final certification of compliance with the terms of the Settlement.   The terms of the Settlement Agreement also provide that, if for any reason the Settlement does not become final, the Parties will be free to assert any claim or defense that could have been asserted at the outset of the Litigation and the Litigation will continue as if this motion and accompanying documents were never filed.

### A.    *The Terms of the Proposed Settlement Are Fair*

A preliminary review of the terms of the proposed Settlement leaves no doubts as to its fairness.   Indeed, this Court should begin its analysis with a presumption that the proposed agreement is fair:

The initial presumption of fairness of a [plaintiff's] settlement

---

[22] *Id*. at 623.

> may be established by showing: (1) That the settlement has been arrived at by arm's-length bargaining; (2) That sufficient discovery has been taken or investigation completed to enable counsel and the court to act intelligently; (3) That the proponents of the settlement are counsel experienced in similar litigation; and (4) That the number of objectors or interests they represent is not large when compared to the class as a whole.[23]

Furthermore, courts are to give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."[24]

Here, it is the judgment of the proposed Class Counsel that, in consideration of all factors, the Settlement is beneficial to the Class Members and in their best interests at this stage of the Litigation.  Extensive investigation and discovery has allowed Class Counsel and Defense Counsel – who are experienced class action attorneys – to assess the strengths and weaknesses of the claims against Costco and the benefits of the Settlement under the circumstances of this case.

B.      *Plaintiffs' Counsel Have a Sufficient Factual Basis for the Settlement Agreement*

Class Counsel have already conducted substantial investigation and discovery, and engaged in arm's-length discussions in this Litigation.  As noted, Plaintiffs' counsel served numerous discovery requests and received thousands of documents that required extensive review and statistical analyses by Class Counsel and their experts.  In addition, Class Counsel have: taken defense depositions; defended scores of plaintiff depositions; responded to scores of

---

[23]  4 Newberg, § 11.41.

discovery requests; examined and produced thousands of documents; investigated, briefed and successfully opposed a detailed dispositive motion by defendants; investigated and prepared numerous, detailed discovery motions and met and conferred with Costco and defendants over various discovery disputes.

Class Counsel negotiated the Settlement with ample knowledge of the strengths and weaknesses of Plaintiffs' case. The efforts of the Parties' counsel to resolve this case have resulted in a fair and comprehensive settlement that provides significant relief for the Class Members.

C.    *The Class Notice Plan Is Appropriate*

The second step in the class action settlement process is providing the class with notice of the settlement. Federal Rule of Civil Procedure 23(c)(2) requires the Court to direct to class members the "best notice practicable" under the circumstances, including "individual notice to all members who can be identified through reasonable effort."[25] To comport with due process, notice must be fashioned to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.[26]

However, in terms of whether a class action settlement notice is adequate, the Tenth Circuit focuses "upon whether the district court gave 'the best notice practicable' under the circumstances including individual notice to all members who can be identified through reasonable effort" because "the legal standards for satisfying Rule 23(c)(2)(B) and the

---

[24] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988); *see also, Marcus v. State of Kansas, Dept. of Revenue*, 209 F.Supp.2d 1179 (D. Kan. 2002) ("When settlement is reached by experienced counsel after negotiations in adversarial setting, there is initial presumption that settlement is fair and reasonable.").
[25] *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974); *In re Urethane Antitrust Litig.*, 251 F.R.D. 629, 645 (D. Kan. 2008).
[26] *Wyandotte Nation v. City of Kansas City, Kansas*, 214 F.R.D. 656, 664 (D.Kan. 2003).

constitutional guarantee of procedural due process are coextensive and substantially similar."[27]
The Tenth Circuit has specifically held that the Due Process Clause "does not require *actual*
notice to each party intended to be bound by the adjudication of a representative action."[28]

Here, the Parties' proposed Notice plan satisfies any Due Process concerns.  Costco, at its
own expense, will communicate a Notice to each Class Member within one hundred-fifty days after
entry of the Preliminary Approval Order (a copy of the Notice is attached hereto as Exhibit B).
After receipt of the Notice, Class Members will have at least thirty (30) days to opt-out of this
Settlement.  Class Members will have up to thirty (30) days prior to the fairness hearing to file
objections to this Settlement.  This is sufficient notice to comply with the requirements of Due
Process, and Rule 23(c)(2).[29]

The Parties' Notice plan is also the "best notice practicable".  Under the Notice plan,
Class Members will receive the Notice[30] by mail or email, which is clearly an appropriate and
approved form of providing class notice.[31]  The Notice directs interested persons to a website
("Website") that will be maintained for 180 days.  The Website will contain a lengthy notice that
describes this settlement in further detail, which will be available for downloading or printing (a
copy of the Website notice is attached hereto as Exhibit D).  The Notice will also include an
address to which Class Members can submit requests for copies of the detailed notice.

---

[27] *DeJulius v. New England Health Care Employees Pension Plan*, 429 F.3d 935 (10th Cir. 2005) (*citing In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1110 (10th Cir. 2001) (quotation omitted)); *see also*, Advisory Committee's Note, 1966 Amendments, Fed.R.Civ.P. 23, reprinted in Federal Civil Judicial Procedure and Rules 130 (West 2005 ed.) ("This mandatory notice pursuant to subdivision (c)(2) ... is designed to fulfill requirements of due process to which the class action procedure is of course subject.").
[28] *Id. (quoting Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313-314 (1950) ("A construction of the Due Process Clause which would place impossible or impracticable obstacles in the way could not be justified.")].
[29] *See Id.* (approving notice period less than forty days); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993) (approving Notice sent 31 days before the deadline for objections and 45 days before the hearing).
[30] A true and accurate copy of which is attached to the Agreement as Exhibit B.
[31] *Eisen* , 417 U.S. 156.

In short, Class Plaintiffs suggest that the Notice provides even more detail than the requirements under Rule 23.[32]

D.     *The CAFA Notice Is Adequate*

One element of the Class Action Fairness Act of 2005 ("CAFA") is a requirement that appropriate state and federal officials are notified of proposed class action settlements.[33]  Here, the parties have agreed to provide a CAFA notice, in substantially the same form as the draft notice attached hereto as Exhibit F, to the United States Attorney General and all attorney generals in each affected state, as well as the head or director of the weights and measures department in such states.

Class Plaintiffs submit that the parties' CAFA notice plan is adequate and appropriate.

## VI.     ESTABLISHMENT OF A FINAL APPROVAL AND FAIRNESS HEARING

The third step in the class action settlement process is the fairness hearing, at which the Court may evaluate the proposed Settlement.  At the fairness hearing, proponents of the Settlement may explain and describe its terms and conditions and offer argument in support of Settlement approval; Class Members and/or their counsel may be heard in support of or in opposition to the Settlement.

The parties propose the following schedule for final approval of the Settlement Agreement:

---

[32] *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (Class notice "need only describe the terms of the settlement generally").

| Day 0 | Date Preliminary Approval is Granted |
| --- | --- |
| 150 Days After Preliminary Approval | Notice Provided to Class |
| 180 Days After Preliminary Approval | Last Day for Class Members to opt-out of Settlement |
| 30 Days before Final Fairness Hearing | Last Day for Class Members to file objections to the Settlement |
| _____ days or more after Preliminary Approval | Final Fairness Hearing |

## VII.   APPOINTMENT OF SETTLEMENT CLASS COUNSEL

Pursuant to the requirements of Fed.R.Civ.P. 23(g), a Court certifying a case as a class action "must appoint class counsel".  Plaintiffs respectfully request that the Court appoint the undersigned Co-Lead Counsel and Liaison Counsel as counsel for the Class Members.  The experience and qualifications of the proposed class counsel have been established, and the proposed class counsel will zealously prosecute the claims of the Class Members.

## VIII.   CONCLUSION

It is well established that the law favors and prefers the compromise and settlement of class action suits,[34] and settlement is particularly appropriate in complex litigation.[35]

Class Plaintiffs suggest that the instant Settlement is fair, reasonable and falls within the range of possible approval."[36]  Accordingly, Class Plaintiffs request the Court enter an order

---

[33]  28 U.S.C. §1715 *et seq.*
[34] *See*, *Schering-Plough Corp. v. FTC*, 402 F.3d 1056 (11th Cir. 2005); 4 Newberg, *Class Actions* § 11.41 (and cases cited therein); *see also*, *New England Health Care Employees Pension Fund v. Woodruff*, 520 F.3d 1255, 1258 (10th Cir. 2008).
[35]  As this Court is aware, as a matter of sound policy the settlement of disputed claims are encouraged. *Officers for Justice v. Civil Service Commission of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617 (N.D. Cal. 1979); *Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566, 576 (9th Cir. 2004) (*quoting Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

conditionally certifying the Settlement Class, preliminarily approving the Settlement, approving and ordering completion of the Parties' Notice plan, establishing a final fairness hearing and appointing the undersigned as Settlement Class Counsel.

WHEREFORE, Class Plaintiffs Zachary Wilson, Joan Korleski, James Graham, Phyllis Lerner and Herb Glazer respectfully move the Court for an Order consistent with the foregoing, and for such other relief the Court deems proper.

Respectfully submitted this 22nd day of April, 2009.

---

[36] *Manual for Complex Litigation*, §30.41 at 273.

Respectfully submitted,

_____s/ Robert A. Horn_____
Robert A. Horn        KS Bar No. 70254
HORN AYLWARD & BANDY, LC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
Telephone 816-421-0700
Facsimile 816-421-0899
rhorn@hab-law.com

_____s/ Thomas V. Girardi_____
Thomas V. Girardi  CA Bar No. 36603
GIRARDI AND KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017-1904
Telephone: 213-977-0211
Facsimile: 213-481-1554
tgirardi@girardikeese.com

LEAD COUNSEL FOR PLAINTIFFS

_____s/ Thomas V. Bender_____
Thomas V. Bender      Ks. Bar #22860
WALTERS BENDER STROHBEHN
      & VAUGHAN, P.C.
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
(816) 421-6620
(816) 421-4747 (Facsimile)
tbender@wbsvlaw.com

LIAISON COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all person registered for ECF as of that date.

_____/s/ Joseph A. Kronawitter_____