# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN RE MOTOR FUEL TEMPERATURE SALES PRACTICES LITIGATION<br><br>(This Document Relates to All Cases) | MDL Docket No. 1840<br><br>Case No.:07-md-1840-KHV-JPO |

## [PROPOSED] PRELIMINARY APPROVAL AND NOTICE ORDER

WHEREAS, this matter has come before the Court pursuant to a Joint Motion for Preliminary Approval of Proposed Settlement and Approval of Form and Manner of Notice (the "Joint Motion");

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties for purposes of settlement and that venue is proper in this district;

WHEREAS, the Court has considered the Joint Motion, the Settlement Agreement and exhibits thereto, and all other documentary evidence submitted concerning the Joint Motion; and

WHEREAS, the Court has conducted a preliminary approval hearing on _____, 2009, and is otherwise fully advised in the premises and on considering the record of these proceedings, the representations, argument, and recommendation of counsel for the parties, and the requirements of law.

**IT IS HEREBY ORDERED THAT:**

**I.     PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT**

The terms of the Stipulation of Class Action Settlement Agreement and Release between the Class Representatives on behalf of themselves and the Settlement Class (the "Plaintiffs") and (2) Costco Wholesale Corporation ("Costco"), dated April __, 2009, including all exhibits thereto (the "Proposed Settlement Agreement" or "Proposed

la-1017139

Settlement" annexed hereto as Exhibit A) are preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. Unless otherwise provided herein, the terms defined in the Proposed Settlement Agreement shall have the same meaning in this Order. The Proposed Settlement was entered into at arms-length by experienced counsel and only after extensive arms-length negotiations. The Proposed Settlement is not the result of collusion. The Proposed Settlement bears a probable, reasonable relationship to the claims alleged by Plaintiffs and the litigation risks of Plaintiffs as well as Costco. The Proposed Settlement is sufficiently within the range of reasonableness so that notice of the Proposed Settlement should be given as provided by this Order.

## II.   PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS

The following Settlement Class is preliminarily certified for settlement purposes only, in accordance with Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All residents of Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, the District of Columbia and Guam who, between January 1, 2001 and the date of the Settlement Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family.

The Court is exercising its discretion and preliminarily certifying the Settlement Class for settlement purposes only and has not determined whether the Action could properly be maintained as a class action on behalf of the Settlement Class for purposes of trial. The Court recognizes that if the Settlement Class is not certified at the Certification Hearing, the settlement is not finally approved by the Court following the

la-1017139               2

Fairness Hearing, and/or if the Class Settlement Agreement is terminated for any reason, the Class Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity and the fact of the settlement reflected in this Class Settlement Agreement, that Costco did not oppose the certification of any class under this Settlement Agreement, or that the Court preliminarily approved the certification of any settlement class, shall not be used or cited thereafter by any person or entity, including in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class.

### III. APPROVAL OF SETTLEMENT CLASS REPRESENTATIVES AND SETTLEMENT CLASS COUNSEL

The nomination by Settlement Class Counsel of the following persons to serve as provisional Class Representatives is hereby approved: Joann Korleski, Zach Wilson, Phyllis Learner, Herb Glazer, and James Graham.

The following are hereby approved as Class Counsel: Robert Horn, Thomas Girardi and Thomas Bender.

### IV. NOTICE TO SETTLEMENT CLASS

The Court directs the parties to provide Notice to the Class in the form of the Notice of Class Action Settlement attached hereto as Exhibit A. Notice to Class Members will be given by mail or e-mail.

The parties shall also provide notice to Class Members by publication in USA Today in the form attached hereto as Exhibit A. Notice shall appear in this newspaper twice times over a thirty-day period.

The parties are further directed to create a website providing notice to all Settlement Class Members. In addition, all Class Members shall be directed to review a

copy of the detailed Settlement Notice in the form attached hereto as Exhibit B, which the parties will publish on the website and mail to any Class Member upon request.

Notice shall be completed within 150 days following entry of this Order.

The Court finds that the mailing and publication described in this section ("Class Notice") constitutes the best notice practicable under the circumstances for this Settlement Class, and is due and sufficient notice to the Settlement Class, and the Class Notice fully satisfies the requirements of due process and Rule 23(c)(2)(B).

### V.   RELIEF FROM COURT'S AUGUST 30, 2007 ORDER

Pursuant to the Court's order dated August 30, 2007 (doc. 135), defendants were to share in the costs of the fees and expenses of defendants' Liaison Counsel. Effective April 12, 2009, Costco is hereby relieved of this obligation.

### VI.   NOTICE REQUIRED BY 28 U.S.C. § 1715(a)

The Court finds that the form, content, and manner of service of notice required by 28 U.S.C. § 1715 on the Attorney General of the United States, which this Court finds to be the "appropriate Federal official," and the Attorney General of each State at Issue (as defined in the Settlement Agreement) of the United States and the head of the appropriate Weights and Measures Department of each State at Issue, which the Court finds to be the "appropriate State Officials," complies with applicable law, including specifically the requirements of 28 U.S.C. § 1715.

### VII.   OPT OUT PROVISION

Settlement Class Members are permitted to opt out of this Settlement via an opt-out procedure. In order to opt out of the Settlement, Settlement Class Members must submit a letter requesting exclusion to the Notice Administrator postmarked no later than 45 days after the last notice is provided, whether by mail or by publication. The request

must be signed and must include the class member's name, address and proof of purchase of gasoline from Costco. The request must also state: "I request that I be excluded from the Costco Settlement in *In re Motor Fuel Temperature Sales Practices Litigation*, MDL Docket No. 1840." Costco has the right to rescind the Settlement Agreement in accordance with the procedure set forth in the Settlement Agreement.

## VIII. FINAL APPROVAL HEARING

The Court hereby schedules a Final Approval Hearing to determine whether the Settlement should be approved as being fair, reasonable, and adequate, and in the best interests of the Settlement Class and why judgment should not be entered thereon. The hearing will take place on _____, 2009, at _____ a.m. The Final Approval Hearing may, without further notice to the Settlement Class, be continued or adjourned by Order of the Court. However, the Final Approval Hearing will not take place less than seven months after the date of this Order to allow time for the notice and objections procedures set forth herein.

Any person who objects to the Settlement may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing (or at such other time as may be directed by the Court) to present any evidence or argument that may be proper and relevant. However, no such person shall be heard and no papers, briefs, pleadings, or other documents submitted by any person shall be received and considered by the Court unless no later than 30 days before the date of the Final Approval Hearing, such person files a written objection with the Court and serves a copy of the written objection on Class Counsel and Costco Counsel. Any person who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this action.

## IX. ATTORNEYS' FEES AND COSTS

Class Counsel may apply for approval by the Court of their request for attorneys' fees and costs. The Court will permit only a single request from all counsel for plaintiffs for attorneys' fees and costs. Class Counsel shall make this application on behalf of all persons seeking attorneys' fees and costs pursuant to this Settlement. Any fees and costs awarded by the Court will be paid by Costco.

## X. INCENTIVE FEE

Class Counsel may apply for approval by the Court for an award of an incentive fee for the named class representatives of Joann Korleski, Zach Wilson, Phyllis Learner, Herb Glazer, and James Graham in an amount of two thousand five hundred dollars ($2,500) each. If the Court awards this amount it will be deducted from the amount awarded Class Counsel for fees and costs.

## XI. TERMINATION

If the Settlement Agreement is terminated, (a) the Agreement shall have no effect on the rights of the Parties or the Class Members to take any action in support of or in opposition to class certification and (b) subject expressly to the reservation and preservation of rights and defenses and all Parties and Class Members shall be restored to their respective positions immediately prior to the date the Parties signed the Settlement Agreement. In such event, the Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Parties, and shall not be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law.

The Settlement Agreement, the evidence introduced at the preliminary hearing on the Joint Motion, or that may be introduced into evidence at the Final Approval Hearing,

or in connection with any related motion (including any motion to enjoin or stay any of the Filed Actions), and all negotiations, proceedings, documents prepared and statements made in connection herewith, shall be without prejudice to Plaintiffs and Costco, and shall not (i) be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law; (ii) constitute, be construed as, or be admissible as evidence of an admission by or against any Person, including any Party or Settlement Class Member, that this Action or any other proposed or certified class action, can be or is properly certified for trial or litigation purposes under Rule 23 of the Federal Rules of Civil Procedure or any similar statute or rule; (iii) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Action, or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Costco, or (iv) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

### XII. MODIFICATIONS

Prior to the entry of the Final Approval Order and Judgment, this Class Agreement may, with approval of the Court, be modified by written agreement of Class Counsel and Costco Counsel in their discretion without giving any additional notice to the Class (other than the notice given with respect to the settlement and the Final Approval Hearing), provided that such modifications in the aggregate are not materially adverse to the Class.

DATED:
This ___ day of _____, 2009

                                                  Honorable Kathryn H. Vratil
                                                  United States District Court