IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: MOTOR FUEL TEMPERATURE )
SALES PRACTICES LITIGATION )
 )
This Document Relates to: )
*Rushing v. Ambest, Inc.*, )
 KS 2:07-cv-02300 ) Case No: 07-MD-1840-KHV
*Telles v. Conocophillips Company*, )
 KS 2:07-cv-02369 )
*Eller v. Chevron USA, Inc.*, )
 KS 2:07-cv-02402 )
*Becker v. Marathon Petroleum Company*, )
 KS 2:07-cv-02350 )
*Galauski v. Amerada Hess Corp.*, )
 KS 2:07-cv-02293 )

## **ORDER**

In this multidistrict litigation ("MDL"), plaintiffs assert putative class action claims

for damages and injunctive relief against various sellers of gasoline and diesel fuel in

Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas,

Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico,

North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah,

Virginia, the District of Columbia, and Guam ("the Region").   Plaintiffs claim that

defendants are liable under various state law theories because they sell motor fuel for a

specified price per gallon without disclosing or adjusting for temperature expansion.   The

cases brought by plaintiffs have been consolidated in this district for pretrial purposes.

Currently before the court is the motion **(doc. 683)** of plaintiffs in the five underlying

cases listed in the caption ("the underlying cases") for leave to correct defendant misnomers, substitute real parties in interest, intervene additional class representatives, and file amended complaints that conform to the second consolidated amended complaint ("SCAC"). Defendants oppose the motion (*see* doc. 730), arguing that it seeks relief directly contrary to the court's November 18, 2008, Order (doc. 646).[1]  Having reviewed the motion and the parties' briefs, the undersigned U.S. Magistrate Judge, James P. O'Hara, is ready to rule.

## I.  Correction of Defendant Misnomers

Plaintiffs' first request is for leave to make what they label "technical amendments" to the underlying complaints by changing the names of certain existing defendants to name the proper corporate entities.  Plaintiffs state that they learned through discovery that they had not listed the technically correct names of some defendants.  For example, plaintiffs note that some complaints named "Wal-Mart Stores, Inc.," but that they learned that "Wal-Mart Stores, Inc." is the technically correct corporate name only in Arkansas; in all other states, Wal-Mart, Inc. sells motor fuel at retail through wholly-owned subsidiaries, such as Sam's East, Inc. and  Sam's West, Inc.

Defendants object to plaintiffs' request on two grounds.  First, defendants state that plaintiffs' request is too late.  Defendants note that plaintiffs had the correct names of

---

[1]Defendant The Kroger Company ("Kroger") filed a separate memorandum in opposition (doc. 733). Kroger noted that plaintiffs were seeking to add Ralph's Grocery Company ("Ralph's"), an indirect subsidiary of Kroger, to the *Rushing* case, but that Ralph's is a separate corporate entity that has not been sued in this litigation.  In reply (doc. 764), plaintiffs withdrew the portion of their motion that seeks to add Ralph's as a defendant in *Rushing*.

corporate entities in April 2008 when defendants responded to an interrogatory asking each defendant to state its proper corporate name.  Scheduling Order No. 2 (doc. 388) set a July 15, 2008, deadline—later extended to July 30, 2008 (doc. 519)—for filing motions for leave to join additional parties or otherwise amend the pleadings.  Second, defendants assert that plaintiffs are seeking to add new corporate entities in cases where those defendants have not previously been named.  As an example, defendants state that plaintiffs seek to add Equilon Enterprises LLC as a defendant in *Rushing*.  Defendants also state that plaintiffs seek to add Murphy Oil USA Inc. in *Becker* without dismissing the incorrectly named Murphy Oil Corporation.

Upon consideration of the above-described arguments, the court grants plaintiffs' request to make *technical* amendments to the names of current defendants in the underlying complaints.  By "technical amendments," the court means those amendments that would simply substitute the undisputedly correct name of a defendant for the currently pled incorrect name.  For example, in *Becker*, plaintiffs may change the name "Murphy Oil Corporation" to "Murphy Oil USA, Inc." And in *Rushing*, plaintiffs may change the name "Shell Oil Products Company LLC" to "Equilon Enterprises, LLC."[2]  Such technical amendments do not expand the scope of this action and help prepare a clean record as these cases are prepared for trial.

---

[2]To address defendants' concerns, plaintiffs should be sure to delete references to the incorrect party names so that a complaint does not list a single defendant twice under different variants of the defendant's name.

## II.  Joinder and Substitution of Real Parties in Interest as Plaintiffs

Plaintiffs' second request is for leave to amend the underlying complaints to name real parties in interest as plaintiffs.  Plaintiffs state that they have determined that certain individual plaintiffs made some or all of the motor fuel purchases that are the subjects of their complaints through a business entity.  Pursuant to Fed. R. Civ. P. 17(a)'s requirement that actions be prosecuted in the name of a real party in interest, plaintiffs seek to join and substitute business entities as plaintiffs in the affected underlying cases.[3]  Plaintiffs state that there are nine situations in which all relevant purchases from a particular defendant were made by an individual plaintiff's business, rather than the individual plaintiff named in the complaint, and plaintiffs seek leave to substitute the business in place of the individual plaintiff in those instances.  Plaintiffs state that there are also nine situations in which motor fuel purchases from a particular defendant were made by a plaintiff's business, as well as by the individual plaintiff named in the complaint, and plaintiffs seek leave to join the businesses to the same underlying actions in which the individual plaintiffs are already named.

Defendants object to the substitution and joinder of business entities, arguing that these proposed amendments would have significant liability ramifications: rather than face liability from a single plaintiff's motor fuel purchases, a defendant would face exposure from purchases made by an entire company.  Defendants also argue that the joinder of businesses

---

[3]See Exhibit A to doc. 683.

would prejudice defendants because defendants would have to undertake additional discovery of these new parties.

Plaintiffs reply that defendants will not be prejudiced by the requested joinder and substitution because "Plaintiffs have produced the transaction/purchase documents responsive to Defendant's [discovery] Requests, irrespective of whether the purchase was made by the named individual Plaintiff or his company."[4]

Federal Rule of Civil Procedure 17(a) governs the substitution and joinder of real parties in interest. Under this rule, the court must consider "whether the plaintiff engaged in deliberate tactical maneuvering" and "whether the defendant was prejudiced thereby."[5] A district court does not abuse its discretion when it permits joinder that does not alter a complaint's factual allegations or substantially change the issues in the case.[6]

There is no indication that plaintiffs' failure to originally name the business entities as parties was a tactical maneuver to gain an advantage over defendants. Plaintiffs simply state, and defendants do not dispute, that they were late in determining that some of the motor-fuel purchases pled in the complaints were made by individual plaintiffs in their capacities as business employees or owners. The court finds that permitting the joinder or substitution of the individual plaintiffs' business entities would not significantly alter the complaints' factual allegations or change the issues in the cases. Given plaintiffs'

---

[4]Doc. 764 at 12–13.

[5]*Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir. 2004).

[6]*Scheufler v. General Host Corp.*, 126 F.3d 1261, 1270 (10th Cir. 1997).

representations that they have fully responded to defendants' discovery requests by producing documents related to both a plaintiff's individual purchases and the purchases of a plaintiff's business, the court finds that defendants will suffer little, if any, prejudice from the joinder and substitution requested by plaintiffs. Plaintiffs' request for leave to amend the underlying complaints to name real parties in interest is therefore granted. While it does not appear that plaintiffs contemplate this in their request, the court wishes to make clear that plaintiffs are not given leave to add new claims. In other words, while plaintiffs are permitted to substitute the named businesses, only the fuel purchases originally pled as made by the originally named individual plaintiffs (and not by other employees of the businesses) are at issue in these actions.

### III.  Intervention of Additional Plaintiffs

Plaintiffs' next request is for leave under Fed. R. Civ. P. 24 to permit the intervention of additional plaintiffs in the underlying cases. Plaintiffs' request falls under three areas: (1) adding individuals who are named as plaintiffs in one or more of the underlying actions to one or more of the underlying actions in which they are not currently involved,[7] (2) adding the business entities of individuals who are named as plaintiffs in one or more of the underlying actions to one or more of the underlying actions in which those individual

---

[7]Plaintiffs state that there are nine individual plaintiffs who have unasserted claims against defendants in underlying actions other than the actions in which the nine plaintiffs are currently involved. *See* Exhibit B to doc. 683. For example, James Jarvais is a current plaintiff in *Becker* and he seeks to bring claims against one or more defendants named in *Rushing* (who are not defendants in *Becker*).

plaintiffs are not currently involved,[8] and (3) permitting individuals who are not currently involved in any underlying action to intervene in one or more of the underlying actions.[9]

Defendants object to the proposed amendments adding new parties.  Defendants assert that the deadline for filing motions for leave to join additional parties or otherwise amend the pleadings was July 30, 2008.[10]

Defendants also argue that plaintiffs' requests are contrary to the court's November 18 order, by which the court denied plaintiffs' request to amend the consolidated amended complaint "to the extent plaintiffs wish to add new plaintiffs and/or new defendants in the underlying cases currently consolidated in this MDL litigation."[11]  Plaintiffs' current request seeks to add twenty-three new plaintiffs who previously have not been named in any case in this MDL.[12]  Moreover, defendants argue, permitting individual plaintiffs and/or their

---

[8]Plaintiffs state that there are seventeen individual plaintiffs whose business entities seek to bring claims against defendants named in one or more of the underlying actions in which the individual plaintiffs are not currently involved.  For example, Donald Allen is currently a plaintiff in *Galauski*.  Mr. Allen's business, Allen Transport Services, Inc., purchased fuel from one or more of the defendants named in *Rushing*, and the business seeks to intervene in *Rushing* to assert claims arising out of such purchases.

[9]Plaintiffs seek to add twenty-three individuals who are not currently involved in any case consolidated in this proceeding.  *See* Exhibit C to doc. 683.

[10]*See* docs. 388, 519, & 646.

[11]Doc. 646 at 7.

[12]Some of the twenty-three proposed new plaintiffs wish to intervene in more than one case: sixteen new plaintiffs to *Becker*, five new plaintiffs to *Eller*, twenty new plaintiffs to *Galauski*, twenty-three new plaintiffs to *Rushing*, and ten new plaintiffs to *Telles*.  *See* Exhibit C to doc. 683.

business entities to intervene in underlying actions in which they are not currently involved would have the same effect on some defendants as would the intervention of brand-new plaintiffs. For example, plaintiffs seek the intervention in *Galauski* of John Taylor, who is currently a plaintiff in *Rushing*. But because defendant Sunoco, Inc. ("Sunoco") is a party to *Galauski* and not a party to *Rushing*, Mr. Taylor is, from Sunoco's perspective, a brand-new plaintiff who previously had asserted no claims against Sunoco.

Defendants claim that they would be prejudiced by the addition of these new plaintiffs. Defendants state that they would be forced to propound and review new discovery and depose new parties. Additionally, some defendants' potential liability would be expanded into jurisdictions in which they have not already been sued in this MDL action. For example, plaintiffs' proposed amendment to the *Becker* complaint would expose defendant Speedway SuperAmerica LLC to liability in eight states, up from two states, and would expose defendant The Pantry, Inc. to liability in Mississippi for the first time.

Plaintiffs reply that defendants' arguments are hollow. Plaintiffs assert that each underlying complaint states in both its prefatory paragraphs and class action allegations that all defendants are being sued in all states alleged. Plaintiffs also argue that the proposed interventions would not prejudice defendants. Some defendants, like Motiva Enterprises LLC, are "already specifically named in other hot fuel lawsuits by different plaintiffs in this MDL that allege these exact claims."[13] These defendants have been defending against these

---

[13]Doc. 764 at 6.

claims, albeit in other cases and against other plaintiffs, since 2007.  Finally, plaintiffs assert that if they are not allowed to amend their complaints, they will be required to file new suits alleging the same claims, against the same defendants, in the same jurisdictions; thus wasting judicial resources.

Rule 24(b) governs permissive intervention and gives the court discretion to permit anyone to intervene who has a claim "that shares with the main action a common question of law or fact."  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[14]  The court's discretion under Rule 24(b) is substantial.[15]

The court has previously addressed the impact that adding new parties would have on this complex case.  The court's November 18, 2008, order found that amending the underlying complaints to add new plaintiffs "would assert liability for fuel sales that are not at issue in any underlying complaint by substantially expanding the number of jurisdictions at issue for several defendants."[16]  The court concluded that adding plaintiffs in the underlying cases would unduly prejudice defendants.  Specifically, the court noted that such an amendment "would unduly lengthen the schedule previously set out in this case" and

---

[14]Fed. R. Civ. P. 24(b)(3).

[15]*See City of Stilwell, Okl. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996); *S.E.C. v. Kings Real Estate Inv. Trust*, 222 F.R.D. 660, 670 (D. Kan. 2004).

[16]Doc. 646 at 6–7.

would "only serve to further confuse and protract this already complex case."[17]  The court permitted plaintiffs to revise the SCAC only to the extent that the revisions *narrowed* the scope of this action.   The court specifically prohibited revisions that "add any new substantive or factual allegations, or causes of action."[18]

The court finds that plaintiffs' intervention requests would prejudice defendants for the same reasons discussed in the court's November 18 order.  The addition of new plaintiffs would increase defendants' discovery burdens and add confusion to this complex case.  The court respectfully rejects plaintiffs' argument that the proposed additions would not subject any defendants to liability in new jurisdictions.  As noted by defendants, plaintiffs' argument that the prefatory paragraphs and class-action allegations of the underlying complaints somehow expose all defendants to liability in all states alleged is nonsensical—surely plaintiffs are not attempting to hold defendants liable in states where defendants do not sell motor fuel.

Relatedly, the court finds plaintiffs' motion for intervention untimely.  At the time of its filing, each of the underlying cases had been ongoing for a year-and-a-half or longer.  Moreover, as previously noted by the court, the deadline for filing motions for leave to join additional parties or otherwise amend the pleadings was July 30, 2008.[19]  While the instant motion is styled as a motion for intervention, for all practical purposes it is a motion to

---

[17]*Id.* at 7.

[18]*Id.*

[19]*See* docs. 388, 519, & 646.

amend the pleadings to add additional parties.

Finding that intervention would be prejudicial, as well as late, the court denies plaintiffs' motion to the extent that it seeks this relief.

### IV.  Amending the Underlying Complaints to Conform to the SCAC

Finally, plaintiffs seek leave to file amended complaints in each of the underlying actions such that the claims in the underlying action would conform to the claims set forth in the SCAC.  The court has rejected a similar request to conform the underling actions to the SCAC,[20] and nothing in the current pleadings convinces the court to change course.  As the court has previously stated, it is the intent of the court to use the SCAC as an "administrative and procedural tool designed to narrow the predominate legal issues common to the underlying cases" and not to "supercede any pleading in the constituent cases."[21]  As defendants correctly note, adding all the causes of action set forth in the SCAC necessarily expands the legal issues in the underlying cases.  For example, defendants named in *Becker* would face eight additional causes of action, and in *Galauski* defendant Motiva Enterprises LLC would face ninety-seven new claims.  Plaintiffs' request to amend  the underlying complaints to make them conform to the SCAC is denied.

### V.  Order

In consideration of the foregoing,

IT IS HEREBY ORDERED:

---

[20]*See* doc. 646 at 2.

[21]Doc. 134 at 4; Doc. 646 at 6.

1.      Plaintiffs' motion for leave to correct defendant misnomers, substitute real parties in interest, intervene additional class representatives, and file amended complaints that conform to the second consolidated amended complaint (**doc. 683**) is granted in part and denied in part, all as explained in detail above.

2.      Plaintiffs shall file amended complaints consistent with this order by **May 15, 2009.**

Dated this 1st day of May, 2009, at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge