## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE: MOTOR FUEL TEMPERATURE** ) | |
| **SALES PRACTICES LITIGATION** ) | |
| ) | |
| **This Document Relates to** ) | |
| *Rushing v. Ambest, Inc.,* ) | |
| (Case No. KS 2:07-cv-02300 ); ) | **MDL No: 1840** |
| *Telles v. ConocoPhillips Company,* ) | **Case No. 07-md-1840-KHV-JPO** |
| (Case No. KS 2:07-cv-02369); ) | |
| *Becker v. Marathon Petroleum Company,* ) | |
| (Case No. KS 2:07-cv-02350); ) | |
| *Galauski v. Amerada Hess Corp* ) | |
| (Case No. KS 2:07-cv-02293); ) | |
| *Eller v. Chevron USA, Inc.,* ) | |
| (Case No. KS 2:07-cv-02402). ) | |

### PLAINTIFFS' OBJECTIONS TO
### MAGISTRATE JUDGE'S MAY 1 ORDER

Come now Plaintiffs and for their Objections to the Magistrate Judge's 5/1/09 Order pursuant to Fed. R. Civ. P. 72(a) and Local Rule 72.1.4(a), hereby incorporate by reference their 12/30/08 motion and exhibits (Doc. 683) and their February 16 reply memorandum (Doc. 764), and state as follows:

### Introduction

On May 1, the Magistrate Judge denied Plaintiffs' December 30, 2008, motion in which they requested leave to amend their complaints to conform those complaints to the Second Amended Consolidated Complaint, requested leave to intervene as plaintiffs in pending lawsuits already before the Court, and joined in the request of new would-be plaintiffs who sought leave to join in the litigation. The Magistrate Judge's objective — keeping this complex litigation moving and on schedule — is unassailable. His ruling, however, not only will ultimately fail to further that objective, it will prove an obstacle to that laudable goal. Rather than deferring to the Magistrate Judge's May 1 Order as is typical in an appeal from a magistrate judge's ruling, this case

presents unusual circumstances warranting this Court's intervention to ensure an orderly and fair progression of the litigation.

Had Plaintiffs' motion been allowed, the only causes of action that would have been added to any complaint are causes of action with respect to which Defendants have been on notice since October 2007, with respect to which they have both filed motions to dismiss and subsequently answered, and with respect to which they have propounded far ranging written discovery to Plaintiffs and questioned Plaintiffs in their depositions.

The addition of the claims and plaintiffs — both the existing plaintiffs seeking leave to intervene in cases other than the ones in which they were originally named and entirely new plaintiffs — would have taken care of problems the Court will likely need to address when it eventually considers the motions for class certification. For instance, if existing plaintiffs have sued defendants on behalf of a class of purchasers that includes purchasers in a state in which none of the currently named plaintiffs have purchased fuel from those defendants, then if the Court is otherwise prepared to certify a class, it will then have to consider the addition of purchasers for those states.

But the real problem with the Magistrate Judge's order is that it requires new plaintiffs to jump needlessly through hoops that will ultimately slow proceedings down rather than keep them on track. Existing plaintiffs who have been denied leave to intervene in other cases already before the Court will have to file new lawsuits (maybe in this District, maybe in the districts whether they reside) merely to assert claims against Defendants who are currently defending identical claims in these proceedings. New plaintiffs who have been denied leave to intervene in any of the cases will have to file new lawsuits (maybe in this District, maybe in the districts

whether they reside) merely to assert their claims which are identical to the claims currently being litigated in these proceedings.

Finally, denial of leave to existing plaintiffs to conform their complaints to the Second Amended Consolidated Complaint and freezing their claims to specific purchases mentioned in their complaints is not justified by any claim of prejudice to Defendants. Defendants have conducted broad discovery without regard to which claims a particular plaintiff technically pleaded. The initial motions for class certification are not due to be filed until June 1. Thus, the Court's consideration of the motions for class certification is still months away, and merits discovery and a trial are still further off. Allowing the proposed amendments will not prejudice Defendants, and the Magistrate Judge's refusal to allow the amendments was clear error.

The Court should set aside the Magistrate Judge's ruling and grant Plaintiffs' motion.

## STANDARD OF REVIEW

"The standard of review applied by this court to the magistrate judge's Report and Recommendation depends on whether it relates to a non-dispositive or dispositive pretrial matter." *Wilson v. Wal-Mart Stores, Inc.*, 2008 WL 2622895 at *1 (D. Kan. June 30, 2008). "Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law." *N.L.R.B. v. Midwest Heating and Air Conditioning, Inc.*, 251 F.R.D. 622, 624 (D. Kan. 2008). *Accord Zhu v. Federal Housing Fin. Bd.*, 2007 WL 608355 (D. Kan. Feb. 22, 2007) (quoting Fed. R. Civ. P. 72(a) and citing 28 U.S.C. § 636(b)(1)(A)).

> The Court does not conduct a de novo review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997) The Court is required to affirm the magistrate's order unless the entire evidence leaves it "'with the definite and

firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988).

*Id.* (some citations omitted).

The standard for reviewing a magistrate judge's denial of a motion to amend, however, is different, as the magistrate judge noted in a November 18, 2008 ruling (Doc. 646 at 8). A magistrate judge's rulings on dispositive motions are to be reviewed under a *de novo* standard, and the denial of a motion to amend can be a "dispositive" motion.

> [W]hen a magistrate judge grants leave to amend, it does not remove any claim or defense from the case and is, therefore, nondispositive. *McCormick v. City of Lawrence*, 2003 WL 158704, *1 (D. Kan. 2003) (citing *Pedro* [*v. Armour Swift-Eckrich*, 118 F.Supp.2d 1155, 1157 (D. Kan. 2000)]; *Stetz v. Reehr Enterprises, Inc.*, 70 F.Supp.2d 119, 120 (N.D.N.Y.1999)). "However, when the magistrate judge's order denies a motion to amend and a claim or defense is not permitted to be asserted in the case, several courts have found such a ruling to be dispositive." *McCormick*, 2003 WL 158704, *1.

*Wilson*, 2008 WL 2622895 at*1. As the Tenth Circuit has explained, "motions not designated on their face as one of those excepted in [28 U.S.C. § 636(b)(1) ] subsection (A) are nevertheless to be treated as such a motion when they have an identical effect." *Ocelot Oil*, 847 F.2d at 1462-63.

To the extent the May 1 Order denies existing Plaintiffs leave to conform their complaints to the Second Consolidated Amended Complaint or freezes their claims to those specific purchases they have specifically pled in their complaints, it removes claims from the litigation and should be reviewed *de novo*. To the extent the May 1 Order will, instead, force existing and new plaintiffs to file new lawsuits alleging identical claims to those already at issue here against the same defendants already defending here, it is counterproductive and should leave this Court "with the definite and firm conviction that a mistake has been committed." For these reasons, as discussed more fully below, the May 1 Order should be set aside, and Plaintiffs' motion should be granted.

**FACTUAL BACKGROUND**

On December 30, 2008, plaintiffs in five of the cases[1] in this MDL proceeding sought leave to amend their complaints to correct defendant misnomers, substitute real parties in interest, intervene as additional class representatives, and to conform their pleadings to the consolidated amended complaint. The plaintiffs sought to makes these amendments to the underlying complaints in the wake of the Magistrate Judge's November 18, 2008 (Doc. 646) denial of Plaintiffs' July 30, 2008 (Doc. 520) motion to amend the Consolidated Amended Complaint. When Plaintiffs filed their motion last December, depositions of named plaintiffs had not yet begun, although discovery was underway.

Before the Magistrate Judge, Defendants attempted to make much ado of the Plaintiffs' supposed delay in seeking to make the proposed changes to their Complaints. In August 2007, the Court stayed all formal discovery pending a ruling on Defendants' motion to dismiss. The Court denied Defendants' motion to dismiss on February 21, 2008, and issued Scheduling Order No. 2 on April 4, 2008 and directed defendants to file a joint Answer to plaintiffs' Consolidated Amended Complaint by April 21.

Then, last summer, on July 30, 2008, Plaintiffs' filed their timely motion for leave to file the Second Consolidated Amended Complaint. After a considerable length of time, partly due to Defendants' request, Plaintiffs' Motion for Leave was denied.  Shortly thereafter, Plaintiffs' brought the present motion.

In his May 1 Order, the Magistrate Judge denied Plaintiffs leave to do more than make technical changes to the defendants' names. The Magistrate Judge denied Plaintiffs leave to add counts that would conform their complaints to the Second Consolidated Amended Complaint,

---

[1] *Rushing v. Ambest, Inc.,* Case No. KS 2:07-cv-02300; *Telles v. ConocoPhillips Company,* Case No. KS 2:07-cv-02369; Case No. KS 2:07-cv-02350; *Galauski v. Amerada Hess Corp.* Case No. KS 2:07-cv-02293; and *Eller v.*

and and denied leave: 1) for Plaintiffs intervene in one or more of the underlying actions in which they are not currently named plaintiffs; 2) for Plaintiffs to add business entities owned by named plaintiffs in one or more of the underlying action in which neither the plaintiff/owner nor that plaintiff's business is a currently named plaintiff; 3) for proposed plaintiffs to be added to the litigation. The magistrate judge also froze in place the specific "fuel purchases originally pled as made by the originally named individual plaintiffs …." 5/1/09 Order at 6.

## ARGUMENT

### I. The Magistrate Judge Erred in Concluding that Plaintiffs' Proposed Amendments Would Dramatically Alter the Scope of the Litigation.

"To state a claim under Fed. R. Civ. P. 8(a)(2), the plaintiff must offer "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1228 (10th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs have done just that. In each case, they clearly articulated that the Plaintiffs were bringing the case on behalf of all persons who purchased motor fuel in the listed states.[2]

Defendants argued before the Magistrate Judge that granting Plaintiffs' Motion would dramatically increase the number of jurisdictions in which some Defendants are currently named, Defendants' Opp. at p. 9. The Magistrate Judge accepted that argument, even though it was based on the erroneous assumption that Plaintiffs have only sued those defendants in the states where one of the current plaintiffs specifically alleges a purchase transaction. As Plaintiffs explained below, however, they have explicitly sued *all* defendants named in their complaints in

---

*Chevron USA, Inc.,* Case No. KS 2:07-cv-02402.
[2] For instance, in *Telles, et al. v. ConocoPhillips Company, et al.,* Plaintiffs state in the first numbered paragraph that "Plaintiffs bring this class action complaint individually and on behalf of persons who purchased motor fuel in the States of Alabama, Arizona, Arkansas, California, Florida, Georgia, Louisiana, Mississippi, New Jersey, New Mexico, Nevada, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, and Virginia…."

*all* the states specifically named in their complaints. The liberal notice pleading requirements of Fed. R. Civ. P. 8 require nothing more and certainly do not require a specific factual allegation detailing each and every fuel purchase between each plaintiff and each defendant in each state at issue.

For example, in the *Becker* Complaint, Defendant Speedway SuperAmerica, LLC ("Speedway"), is named as a defendant in each of the 7 counts alleged. In addition, the Becker Complaint alleges:

> Plaintiffs bring this class action complaint individually and <u>on behalf of persons who purchased motor fuel in the States of Alabama, Arizona, Arkansas, Florida, Georgia, Louisiana, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, and Virginia</u> when the motor fuel at the time of sale to Plaintiffs or class members was greater than 60 degrees Fahrenheit. During each such sale of "hot" motor fuel, *the Defendants* delivered a smaller quantity of motor fuel to Plaintiffs or class members…[3]

Paragraph 86 of the original *Becker* complaint also makes it abundantly clear that Plaintiffs sued the defendants in *each* state alleged, and the putative class against each defendant consists of purchasers in each of those states.

Each of the other complaints at issue are likewise explicitly clear in identifying that all named defendants are being sued in all states identified. The current complaint in *Rushing* specifically states:

> Plaintiffs bring this class action complaint individually and <u>on behalf of persons who purchased motor fuel in the States of Alabama, Arizona, Arkansas, California, Florida, Georgia, Louisiana, Mississippi, New Jersey, New Mexico, Nevada, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, Washington DC and Virginia</u> when the motor fuel at the time of sale to Plaintiffs or class members was greater than 60 degrees Fahrenheit. During each such sale of "hot" motor fuel, **the Defendants** delivered a smaller quantity of motor fuel to Plaintiffs or class members than the amount for which Defendants charged them because **the Defendants** measured the amount of motor fuel they delivered in non-standard "gallons" which contained variable quantities of motor fuel depending on the temperature of the motor fuel. The Defendant continues these practices, securing for themselves temperature-inflated profits and injuring Plaintiffs and class members. (Page 2, ¶ 1) [emphasis added]

---

[3]  *See Becker* Complaint, ¶ 1(emphasis added).

> Plaintiffs bring this action on behalf of **all persons** who purchased motor fuel at a temperature greater then 60 degrees Fahrenheit <u>from one or more of the Defendants in the States of Alabama, Arizona, Arkansas, California, Florida, Georgia, Louisiana, Mississippi, New Jersey, New Mexico, Nevada, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, Washington DC and Virginia.</u>  Excluded from the class are all officers and directors of the Defendants, their parents, subsidiaries and affiliates, any law firm or attorney of record in this matter and any judge who presides over this case. (Page 20, ¶ 118) [emphasis added][4]

Thus, the current allegations in *Rushing, Eller, Telles, Becker* and *Galauski* contain no limiting language that restricts the scope of those cases to only some of the identified states against some of the defendants.

Here, intervention was sought before any of the named plaintiffs in these underlying complaints had even been deposed, including those plaintiffs who were seeking intervention in other cases. For instance, James Jarvais, a Plaintiff in *Becker*, sought to intervene in *Rushing*, *Telles,* and *Galauski*. Defendants did not take his deposition until January 22, 2009, almost a month after Plaintiffs filed their motion. During the deposition, Mr. Jarvais was asked many questions concerning his purchases of fuel from the defendants in *Rushing, Telles,* and *Galauski*.

Defendants cannot and did not show undue prejudice, if Plaintiffs are allowed to amend their complaints. To the extent Plaintiffs are denied leave to conform their complaints to the Second Consolidated Amended Complaint or their claims are limited to the specific purchases alleged in their complaints, they have been denied leave which Federal Rule 15 commands to be "freely" given. As for those claims Plaintiffs can assert in new lawsuits (and the Intervenors' claims), the May 1 Order merely stands as an obstacle to the efficient, orderly and fair administration of this complex litigation. Plaintiffs and Intervenors will have no choice but to file new lawsuits to

---

[4] *See* Exhibit A to Plaintiffs' motion (containing pertinent excerpts from the current operative complaints in *Eller, Galauski* and *Telles*).

assert those claims, though ultimately their cases will wind up right back before this Court, only several months down the road instead of now.

## II. Plaintiffs' Motion Does Not Add Any Causes of Actions or Claims Not Presently Asserted Under the Consolidated Amended Complaint and the Underlying Complaints

Defendants contended below that granting Plaintiffs' motion would add "thousands" of claims to the litigation, even though the proposed amendments do not add a single claim or jurisdiction not already included collectively in the underlying Complaints and the Consolidated Amended Complaint ("CAC"). Defendants have had in their hands, have moved to dismiss, have answered and have been defending each of the claims set forth in Plaintiffs motion *since October 2007*, when Plaintiffs filed the CAC. Defendants filed an answer to the Second Consolidated Amended Complaint, which mirrors the claims asserted in the CAC. Nevertheless, the Magistrate Judge regarded Plaintiffs' proposed amendments to somehow set forth "new" claims and that allowing them would somehow unduly prejudice Defendants.

Defendants have for months now conducted broad discovery on claims across the CAC, regardless of whether a plaintiff specifically pled those claims in the underlying cases. Conspiracy, for example, was not originally pleaded in the *Rushing* case. Yet, Shell Oil's counsel questioned Mark Rushing about his knowledge of conspiracy.[5] Similarly, Defendants questioned Ken Becker about his knowledge of Defendants' conspiracy, even though he had not pleaded conspiracy in the *Becker* complaint.[6] Defendants have also sent detailed, burdensome interrogatories to all Plaintiffs asking about their knowledge of various claims (like conspiracy), without any regard to whether the plaintiffs to whom they propounded those interrogatories pled

---

[5] *See* excerpts of Mark Rushing and Ken Becker depositions (Exhibit B to Plaintiffs' motion).
[6] *See* excerpts of Ken Becker deposition (Exhibit B).

9

those claims.[7] The Magistrate Judge's conclusion that allowing Plaintiffs' proposed amendments would prejudice defendants is clearly erroneous.

### III. New Plaintiffs Should be Added to These Cases Sooner (Here and Now), Not Later (in Yet More Lawsuits to be Filed Later).

The proposed new plaintiffs sought leave to intervene in these proceedings because their only other choice was to file yet more lawsuits. The proliferation of lawsuits is not purpose of the Federal Rules or of the statute permitting multidistrict litigation, but it is the certain consequence of the May 1 Order. The order simply bars in these consolidated proceedings the participation of new class representatives who possess evidence to support each of the claims already at issue. The order will merely force Intervenors to file new suits alleging the same claims, against the same defendants, in the same jurisdictions, already at issue in this litigation. Requiring Intervenors to jump needlessly through such procedural hoops will — not *may*, but most definitively *will* — result in an enormous waste of judicial resources. The district courts where the cases are filed will have to deal with the cases until the Judicial Panel on Multidistrict Litigation transfers them here as tag-alongs, and the Judicial Panel will have to consider the cases, how ever briefly that consideration might be, before transferring them here. And the primary by-product of all that work is one thing: delay.

### CONCLUSION

Plaintiffs, both existing and the new would-be (or more accurately, *will*-be) plaintiffs, all share the Magistrate Judge's desire for the orderly and expeditious progression of this litigation. The May 1 Order, though well intended, will ultimately produce needless work and delay. This Court should short-circuit all that, set aside the May 1 Order, and grant Plaintiffs' underlying motion.

---

[7] *See* Defendants' First Consolidated Interrogatories (Exhibit C to Plaintiffs' motion).

DATED: May 18, 2009                    Respectfully submitted,

                                            *s/ George A. Zelcs*
George A. Zelcs   IL Bar No. 3123738
KOREIN TILLERY LLC
205 North Michigan Plaza
Suite 1950
Chicago, Illinois 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com

CO-LEAD COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

   I hereby certify that on May 18, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all person registered for ECF as of that date.

                                            *s/ George A. Zelcs*