IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: MOTOR FUEL TEMPERATURE     )
SALES PRACTICES LITIGATION        )
                                  )
                                  )
                                  )   Case No. 07-MD-1840-KHV
This Order Relates to All Cases   )

## ORDER

This multidistrict litigation comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on defendants' motion for reconsideration (doc. 1192) of the court's May 28, 2009, memorandum and order (doc. 1080) ruling on three discovery motions that raised complex First Amendment issues. Also before the court is defendants' application for stay (doc. 1194) of the court's May 28, 2009, order until such time as the court has ruled on the motion for reconsideration. As discussed below, the motion for reconsideration is denied and the application for stay is denied as moot.

On May 28, 2009, after considering both written submissions and oral arguments from the parties, the court issued a memorandum and order addressing the discovery of documents of third-party trade associations. The court ruled that under the First Amendment privilege of free association, confidential membership lists of trade associations, confidential financial contributor lists of trade associations, and confidential internal trade association communications concerning lobbying and legislation were protected from disclosure. The court found, however, that defendants were withholding information that does not fall under

the privilege recognized and ordered defendants to produce that information to plaintiffs by June 26, 2009.[1]

Defendants seek reconsideration of the portion of the memorandum and order finding that the First Amendment privilege "does not cover documents shared among trade associations or other intergroup associational communications."[2]

D. Kan. Rule 7.3 provides, in pertinent part:

> A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge. . . . A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.

In this instance, defendants base their motion on the third factor, the need to correct clear error or prevent manifest injustice.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[3] A motion to reconsider gives the court the opportunity to correct manifest errors of law[4] and is appropriate if the court has obviously misapprehended a party's position, the

---

[1] While not at issue in the current motion, the May 28, 2009, memorandum and order further quashed subpoenas served on third-party trade associations as unduly burdensome.

[2] Motion to Reconsider Ruling on First Amendment Privilege at 1.

[3] *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[4] *Comm. for the First Amendment v. Campbell*, 962 F.4 2d 1517, 1523 (10th Cir. 1992).

facts, or the applicable law.[5]  But a motion to reconsider "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[6]

In defendants' memorandum in support of their motion for reconsideration, defendants argue that associational documents shared with like-minded groups "for the purpose of advancing common goals, especially with respect to lobbying, petitioning, and influencing government action" are privileged.[7]  This argument is not new; it was fully addressed by defendants in their briefing on the discovery motions and by defense counsel at the May 13, 2009, oral argument.  The case law cited by defendants in support of their motion for reconsideration was previously identified by the parties and considered by the court.

The court rejects defendants' attempt to dress up an argument that has previously failed.  In issuing its May 28, 2009, memorandum and order, the court understood defendants' argument, but disagreed with defendants' position.  In light of defendants' motion for reconsideration, the court has reviewed its memorandum and order and remains convinced that the court's analysis and holding are correct.  Accordingly, defendants' motion to reconsider is denied.

In consideration of the foregoing,

---

[5]*Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981); *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

[6]*Voelkel*, 846 F. Supp. at 1483 (citing *OTR Driver at Topeka Frito-Lay, Inc.'s Distrib. Cr. v. Frito-Lay, Inc.*, No. 91-4193, 1993 WL 302203, at *1 (D. Kan. July 19, 1993)).

[7]Memorandum in Support of Motion to Reconsider at 1.

IT IS HEREBY ORDERED

1. Defendants' motion to reconsider (doc. 1192) is denied.

2. Defendants' application for stay (doc. 1194) is denied as moot.

Dated this 15th day of June, 2009, at Kansas City, Kansas.

                                           s/ James P. O'Hara  
                                           James P. O'Hara  
                                           U.S. Magistrate Judge