# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE ) | |
| SALES PRACTICES LITIGATION ) | |
| ) | **MDL No. 1840** |
| (This Document Relates to All Cases) ) | **Case No. 07-MD-1840-KHV** |
| ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiffs bring putative class action claims for damages and injunctive relief against motor

fuel retailers in Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana,

Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico,

North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah,

Virginia, the District of Columbia and Guam ("the Region").[1]  Plaintiffs claim that because

defendants sell motor fuel for a specified price per gallon without disclosing or adjusting for

temperature expansion, they are liable under state law theories including breach of contract, breach

of warranty, fraud and consumer protection.  Following a transfer order of the Judicial Panel on

Multidistrict Litigation ("JPML"), the Court has jurisdiction over consolidated pretrial proceedings

in these actions.  See 28 U.S.C. § 1407; Doc. #1 filed June 22, 2007.  This matter comes before the

Court on the Unopposed Motion Of Plaintiffs For Order Conditionally Certifying Settlement Class,

Preliminarily Approving Class Action Settlement, Directing Distribution Of Class Notice, Setting

Hearing For Final Approval Of Class Action Settlement And Appointing Counsel ("Motion For

Preliminary Settlement Approval") (Doc. #1015) filed April 22, 2009 and Non-Settling Defendants'

Response To Plaintiffs' Request To Conditionally Certify Settlement Class And Motion To

---

[1]     Plaintiffs assert claims individually and on behalf of similarly situated persons and entities who purchased gasoline or diesel fuel ("motor fuel" or "fuel") at temperatures greater than 60 degrees Fahrenheit from one or more defendants in the Region.

Coordinate Putative Class Certification Proceedings ("Non-Settling Defendants' Response") (Doc. #1040) filed May 6, 2009. Plaintiffs seek conditional class certification and preliminary approval of a settlement with Costco Wholesale Corporation, a defendant in 19 of the MDL cases. Costco does not oppose the motion for preliminary settlement approval. Non-settling defendants ask that the Court coordinate any certification of the Costco settlement class with scheduled motion proceedings for class certification in the larger MDL litigation. For reasons stated below, the Court in part sustains plaintiffs' motion for preliminary settlement approval and overrules the motion of non-settling defendants to coordinate putative class certification proceedings.

## I. Legal Standards

### A. Class Certification

The determination of class certification is committed to the broad discretion of the trial court. See Shook v. El Paso County, 386 F.3d 963, 967 (10th Cir. 2004). In deciding whether to certify, the Court performs a "rigorous analysis" whether the proposed class satisfies the requirements of Rule 23, Fed. R. Civ. P. See Gen. Tel. Co. v. Falcon, 457 U.S. 147, 155 (1982); see also Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc., 158 F.R.D. 681, 685 (D. Kan. 1994). As the parties seeking class certification, plaintiffs have the burden to demonstrate "under a strict burden of proof" that the requirements of Rule 23 are clearly satisfied. See Trevizo v. Adams, 455 F.3d 1155, 1162 (10th Cir. 2006). In so doing, plaintiffs first must satisfy the prerequisites of Rule 23(a), that is, they must demonstrate that (1) the class is so numerous that joinder of all members is impracticable, (2) questions of law or fact are common to the class, (3) the claims of the representative parties are typical of the claims of the class and (4) the representative parties will fairly and adequately protect the interests of the class. Rule 23(a), Fed. R. Civ. P. After meeting these requirements, plaintiffs

must demonstrate that the proposed class action fits within one of the categories described in Rule 23(b).

Plaintiffs seek to proceed under Rule 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any questions affecting individual members," and that a class action "is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In determining predominance and superiority under Rule 23(b)(3), the Court considers the following factors:

(A)     the class members' interests in individually controlling the prosecution or defense of separate actions;

(B)     the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C)     the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D)     the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). In deciding whether to certify a settlement class, the Court need not inquire whether the case, if tried, would present difficult management problems under Rule 23(b)(3)(D). See Amchem Prods. v. Windor, 521 U.S. 591, 620 (1997). All of the other requirements apply, however, and demand even heightened attention in the settlement context. Id. Such attention is vital because in the settlement context, the Court generally lacks an opportunity to adjust the class as it becomes informed by the proceedings as they unfold. See id.

**B.     Preliminary Approval Of Settlement**

Under Rule 23(e), Fed. R. Civ. P., once a class is certified, the action may not be settled,

dismissed or compromised without Court approval.[2] Preliminary approval of a proposed settlement is the first of two steps required before a class action may be settled. See Am. Med. Ass'n v. United Healthcare Corp., No. 00 Civ. 2800(LMM), 2009 WL1437819, at *3 (S.D.N.Y. May 19, 2009). If the Court grants preliminary approval, it directs notice to class members and sets a hearing at which it will make a final determination on the fairness of the class settlement. See Am. Med. Ass'n, 2009 WL1437819 at *3; In re Wireless Facilities, Inc. Sec. Litig., 253 F.R.C. 630, 634 (S.D. Calif. 2008).

At the preliminary approval stage, the Court makes a preliminary evaluation of the fairness of the proposed settlement and determines whether it has any reason to not notify the class members of the proposed settlement or to not hold a fairness hearing. See Am. Med. Ass'n, 2009 WL1437819 at *3; Gautreaux v. Pierce, 690 F.2d 616, 621 n.3 (7th Cir. 1982). The Court will ordinarily grant preliminary approval where the proposed settlement "appears to be the product of serious, informed,

---

[2]      Rule 23(e) provides as follows:

(e) SETTLEMENT, VOLUNTARY DISMISSAL, OR COMPROMISE. The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
    (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
    (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
    (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
    (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
    (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e).

non-collusive negotiations, has no obvious-deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." <u>Am. Med. Ass'n</u>, 2009 WL1437819 at *3. The standards for preliminary approval of a class settlement are not as stringent as those applied for final approval. <u>See</u> <u>Karvaly v. eBay Inc.</u>, 245 F.R.D. 71, 86 (E.D.N.Y. 2007). The Court is mindful, however, that a higher degree of scrutiny applies when determining the fairness of a settlement which is negotiated prior to class certification. <u>See</u> <u>D'Amato v. Deutsche Bank</u>, 236 F.3d 78, 85 (2d Cir. 2001).

In deciding whether to approve a proposed settlement, the Court assesses the reasonableness of the compromise, taking into account the context in which the parties reached settlement. <u>See</u> <u>Nat'l Treasury Employees Union v. United States</u>, 54 Fed. Cl. 791, 797 (Fed. Cl. 2002). Although the Court must assess the strength of plaintiffs' claims, it should "not decide the merits of the case or resolve unsettled legal questions." <u>Id.</u> (quoting <u>Carson v. Am. Brands, Inc.</u>, 450 U.S. 79, 88 n.14 (1981)).

**C.** **Notice**

With respect to a class certified under subsection (b)(3), Rule 23(c)(2)(B) requires the following notice:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
> - (i) the nature of the action;
> - (ii) the definition of the class certified;
> - (iii) the class claims, issues, or defenses;
> - (iv) that a class member may enter an appearance through an attorney if the member so desires;
> - (v) that the court will exclude from the class any member who requests exclusion;
> - (vi) the time and manner for requesting exclusion; and

(vii)    the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

With respect to a proposed class settlement, Rule 23(e) requires the Court to direct notice "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e).

In addition to the requirements of Rule 23, the Due Process Clause of the United States Constitution guarantees unnamed class members the right to notice of class certification or settlement. See U.S. Const., amend. V; DeJulius v. New England Healthcare Employees Pension Fund, 429 F.3d 935, 943-44 (10th Cir. 2005). This due process right does not require actual notice to each party intended to be bound by adjudication of a class action. See DeJulius, 429 F.3d at 944. The Court must give "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Id. (quoting In re Integra Realty Res., Inc., 262 F.3d 1089, 1110-11 (10th Cir. 2001)). The legal standards for satisfying Rule 23(c)(2)(B) and due process are coextensive and substantially similar. See DeJulius, 429 F.3d 944.

## II.    Terms Of Settlement Agreement

On April 12, 2009, plaintiffs and Costco agreed to settle the MDL class claims under the following terms:

Plaintiffs allege that Costco sold motor fuel without adjusting for temperature in 28 jurisdictions: Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah,

Virginia, the District of Columbia and Guam (defined under the settlement agreement as the "States at Issue").  See Stipulation Of Class Action Settlement Agreement And Release ("Settlement Agreement") ¶ 1.17, Exhibit 1 to Motion For Preliminary Settlement Approval (Doc. #1015).  Of the 28 States at Issue, Costco does not sell motor fuel in seven states: Arkansas, Delaware, Louisiana, Mississippi, Oklahoma, District of Columbia and Guam.  In the remaining 21 states, Costco sells motor fuel without adjusting for temperature.  See id.  In 14 of the states – Alabama, Arizona, California, Florida, Georgia, Kentucky, Nevada, New Mexico, North Carolina, South Carolina, Tennessee, Texas, Utah and Virginia – Costco purchases its fuel on a temperature adjusted basis.  See id.  In seven states – Indiana, Kansas, Maryland, Missouri, New Jersey, Oregon and Pennsylvania – Costco does not purchase its fuel on a temperature adjusted basis.  See id.

For settlement purposes only, the parties agree that the Court may certify the following class:

All residents of the States at Issue who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family.

Settlement Agreement ¶ 2.1.  If the Court does not grant final approval of the settlement, certification of the settlement class will be vacated and the parties will return to their respective positions as if they had never entered into the settlement agreement.  See id. ¶ 2.2.

Within 150 days after the Court enters an order which preliminarily approves the proposed settlement, Costco will communicate notice to settlement class members in substantially the form of Exhibit B to the settlement agreement.  See id. ¶ 3.1.  The notice will direct interested persons to a web site which Costco will maintain for 180 days after the Court enters its order.  See id. ¶ 3.2; Motion For Preliminary Settlement Approval (Doc. #1015) at 20.  The web site will contain the detailed notice which is attached as Exhibit D to the settlement agreement.  See id. ¶ 3.2.  Said

7

notice will describe the class claims and proposed settlement and explain how class members can object to or opt out of the proposed settlement. See Exhibit D to Settlement Agreement. If more than 2,500 members opt out, Costco may rescind the settlement agreement. See id. ¶ 3.3.2.

In exchange for release of settlement class claims, Costco agrees to the following: (1) within five years, at existing retail locations in Alabama, Arizona, California, Florida, Georgia, Kentucky, Nevada, New Mexico, North Carolina, South Carolina, Tennessee, Texas, Utah and Virginia (the "conversion states"), Costco will convert all motor fuel dispensers to automatic temperature compensation ("ATC") dispensers;[3] (2) for new retail stations in the conversion states, Costco will install ATC dispensers; and (3) if Costco begins to purchase motor fuel on a temperature adjusted basis in the remaining states (Indiana, Kansas, Maryland, Missouri, New Jersey, Oregon, Pennsylvania and the District of Columbia), it will convert its motor fuel dispensers in those states to ATC dispensers. See id. ¶¶ 4.2-4.3.[4] If any of the conversion states require regulatory approval to convert motor fuel dispensers to ATC dispensers, class counsel shall take all reasonable steps to seek such approval. See id. ¶ 4.6. If any conversion state denies regulatory approval, retail stations in that state will be excluded from the settlement. See id.

If class representatives and class counsel enter into any agreement to resolve any claim concerning ATC which is materially more favorable to Costco than the agreement with Costco, at any time before Costco completes installation of ATC dispensers, Costco may adopt the materially more favorable terms in place of its obligations under the settlement agreement. See id. ¶ 4.7.

---

[3]     The agreement sets forth detailed requirements regarding the number of dispensers which Costco must install by the end of each year. See id. ¶ 4.4.

[4]     Costco is not liable for any breach of the agreement which results from acts or omissions of a third party or other cause beyond Costco's control. See id. ¶ 4.5.

If Costco loses a commercially material amount of its motor fuel supply and/or experiences commercially material increases in the price of motor fuel in a conversion state as a result of the settlement agreement, Costco may elect to rescind the settlement agreement as to that state.  See id. ¶ 4.8.

Class counsel may apply to the Court for an award of fees and costs in this action.  Costco agrees to pay any fees and costs which the Court awards.  See id. ¶ 7.1.

Class counsel will ask the Court to provide an incentive fee of $2,500 to class representatives Zach Wilson, Phyllis Lerner, Herb Glazer, James Graham and Joann Korleski.  Any such award will be deducted from amounts awarded for class counsel fees and costs.  See id. ¶ 7.4.

The Court will have continuing jurisdiction to enforce the settlement terms and final judgment.  The parties submit to the Court's jurisdiction for purposes of implementing and enforcing terms of the settlement agreement.  See id. ¶ 8.1.

The effective date of the agreement is the last date on which all of the following have occurred: the Court enters final judgment approving the settlement in a manner which is substantially consistent with the terms and intent of the agreement and either (1) 35 days have passed after service on the parties and objectors, if any; or (2) if an appeal is taken or the time to appeal is extended, the date on which all appellate rights with respect to final judgment have expired.  See id. ¶ 1.8.

## III.    Analysis

Plaintiffs seek an order which (1) conditionally certifies a settlement class; (2) preliminarily approves the proposed settlement with Costco; (3) directs notice to the settlement class; (4) sets a final hearing for approval of the class settlement; and (5) appoints settlement class counsel.  Costco

does not oppose plaintiffs' motion. The non-settling defendants have not taken a position with respect to the proposed settlement. They do ask that the Court coordinate certification of any Costco settlement class with scheduled motion proceedings for class certification in the larger MDL litigation.[5] See Non-Settling Defendants' Response (Doc. #1040).

## A. Class Certification

Plaintiffs seek conditional certification of the following settlement class:

All residents of the [Costco Settlement States] who, between January 1, 2001 and the date of [the settlement agreement],[6] purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit, excluding (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family.

Settlement Agreement ¶ 2.1. The Tenth Circuit requires that plaintiffs demonstrate "under a strict burden of proof" that the requirements of Rule 23 are clearly satisfied. See Trevizo, 455 F.3d at 1162; see also Kelly v. Market USA, No. 01-4169-SAC, 2002 WL 1334830, at *2 (D. Kan. May 14, 2002); D. Kan. Rule 23.1(d).[7]

---

[5]    On June 1 and 2, 2009, plaintiffs filed 35 motions for class certification. See Docs. ##1088-1135. Under the current schedule, the parties will complete briefing by November 13, 2009. See Doc. #1227 filed July 10, 2009.

[6]    The settlement agreement states that the class consists of residents who purchased motor fuel between January 1, 2001 and "the date of this Agreement." The agreement states that the parties entered into it on April 12, 2009, although they signed it on April 22, 2009. For purposes of this order, the Court resolves the ambiguity in favor of the class, and holds that it should include residents who purchased gas between January 1, 2001 and April 22, 2009.

[7]    Rule 23.1(d) states as follows:

(d) Burden of Proof; Notice. The burden shall be upon any party seeking to maintain a case as a class action to present an evidentiary basis to the court showing that the action is properly maintainable as such. * * *

D. Kan. Rule 23.1(d)

### 1. Rule 23(a) Requirements

#### a. Numerosity

Rule 23(a)(1) requires plaintiffs to show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); <u>see also</u> <u>Trevizo v. Adams</u>, 455 F.3d 1155, 1162 (10th Cir. 2006); Fed. R. Civ. P. 23(a). To satisfy this requirement, plaintiffs must produce some evidence or otherwise establish by reasonable estimate the number of class members who may be involved. <u>See</u> <u>Rex v. Owens ex rel. State of Okla.</u>, 585 F.2d 432, 436 (10th Cir. 1978). The Court has no set formula, however, for determining whether plaintiffs meet this requirement. <u>Id.</u>

Plaintiffs assert that the proposed settlement class consists of "many thousands of individuals and entities that purchased motor fuel from Costco." <u>Motion For Preliminary Settlement Approval</u> (Doc. #1015) at 12. Although plaintiffs have not produced evidence or otherwise shown that their estimate is reasonable, the Court assumes that they will be able to do so at the final approval hearing. Accordingly, it appears that plaintiffs can satisfy the numerosity requirement.

#### b. Commonality

Rule 23(a)(2) requires plaintiffs to show that "questions of law or fact are common to the class." Fed. R. Civ. P. 23(a)(2). This inquiry requires the Court to find only whether common questions of law or fact exist; unlike Rule 23(b)(3), such questions need not predominate under this element. <u>See</u> <u>Olenhouse v. Commodity Credit Corp.</u>, 136 F.R.D. 672, 679 (D. Kan. 1991).

Plaintiffs assert that Costco engaged in the same conduct with respect to all settlement class members, <u>i.e.</u> it did not compensate retail motor fuel sales for temperature and did not inform class

members of the detrimental effect that thermal expansion has on quality of motor fuel. Plaintiffs therefore assert common issues of law and fact exist with respect to the class claims for unjust enrichment, breach of contract, misrepresentation, consumer protection violations and other theories. See Motion For Preliminary Settlement Approval (Doc. #1015) at 12. Based on this representation, it appears that plaintiffs can satisfy the commonality requirement.

### c.    Typicality

Rule 23(a)(3) requires plaintiffs to show that "the claims of the representative parties are typical of the claims of the class." Fed. R. Civ. P. 23(a)(3). This element requires that representative plaintiffs possess the same interests and suffer the same injuries as the proposed class members. See Olenhouse, 136 F.R.D. at 680. The claims of the representative plaintiffs need not be identical to those of the other class members. See id. Rather, the Court should look to whether the claims of the representative plaintiffs are "significantly antagonistic" to the claims of the proposed class. Id.

Plaintiffs assert that the claims of the representative plaintiffs are not antagonistic to the class members' claims and that the claims are typical in that Costco treated the representatives and class members in the same way. See Motion For Preliminary Settlement Approval (Doc. #1015) at 13. Based on this representation, it appears that plaintiffs can satisfy the typicality requirement.

### d.    Fair And Adequate Representation

Rule 23(a)(4) requires plaintiffs to show that "the representative parties will fairly and adequately protect the interests of the class." To meet this requirement, the representatives must be members of the class they seek to represent and show that (1) their interests do not conflict with those of the class members; and (2) they will be able to prosecute the action

vigorously through qualified counsel.  See E. Tex. Motor Freight Sys., Inc., v. Rodriguez, 431 U.S. 395, 403 (1977); Rutter & Wilbanks Corp. v. Shell Oil Co., 314 F.3d 1180, 1187-88 (10th Cir. 2002); Olenhouse, 136 F.R.D. at 680.

Plaintiffs assert that no conflicts exist between the representatives and class members and that class counsel have substantial experience in complex and class action litigation.  See Motion For Preliminary Settlement Approval (Doc. #1015) at 14.  Based on this representation, it appears that plaintiffs can satisfy the fair and adequate representation requirement.

## 2.    Rule 23(b)(3) Requirements

In addition to meeting the requirements of Rule 23(a), plaintiffs must satisfy the requirements of one subsection of Rule 23(b).  In this case, plaintiffs seek certification under Rule 23(b)(3).  Rule 23(b)(3) addresses situations where class action treatment is not as clearly called for as under Rule 23(b)(1) and (b)(2), but "may nevertheless be convenient and desirable." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 615 (1997) (further citations omitted).  Thus, courts should take a "close look" at the criteria under Rule 23(b)(3).  Id.

Rule 23(b)(3) provides for class certification if the criteria of Rule 23(a) are satisfied and the Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  The predominance requirement tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation.  Amchem, 521 U.S. at 623.  The superiority requirement insures that no other available method of handling the claims has greater practical advantages.  See In re Universal Serv. Fund Tele. Billing Practices Litig., 219 F.R.D. 661, 679 (D. Kan. 2004).

Plaintiffs assert that the settlement class is sufficiently cohesive to meet the predominance requirement because class claims arise out of events which occurred uniformly to class members and common questions predominate over individual questions. See Motion For Preliminary Settlement Approval (Doc. #1015) at 14. In addition, plaintiffs assert that a class action is the superior method of resolution because the costs of bringing individual actions would dwarf any potential recovery. See id. at 15. On the surface, plaintiffs' position appears to be plausible. Plaintiffs have cited no evidence in support of these arguments, however, and the Court does not have sufficient information to conclusively determine whether Rule 23(b)(3) is satisfied.

Over the next several months, as the non-settling parties brief their motions for class certification with respect to plaintiffs' remaining claims, the Court will become more informed on certification issues. Under these circumstances, the Court will preliminarily certify the proposed settlement class, subject to plaintiffs' demonstration at the final approval hearing – "under a strict burden of proof" – that the requirements of Rule 23(a) and (b)(3) are clearly satisfied. In addition, the Court will further evaluate certification of the settlement class in the context of plaintiffs' motions for class certification in the remaining MDL litigation. If later events disclose that the reasons for granting certification no longer exist, or never existed, the Court may decertify the settlement class. See Fed. R. Civ. P. 23(c)(1)(C);[8] Vernon Gries v. Standard Ready Mix Concrete, LLC, No. C07-4013-MWB, 2009 WL 427281, at *3 n.2 (N.D. Iowa Feb. 20, 2009).

---

[8]    Rule 23(c)(1)(C) states as follows:

Altering or Amending the Order. An order that grants or denies class certification may be altered or amended before final judgment.

Fed. R. Civ. P. 23(c)(1)(C).

**B.**     **Preliminary Approval Of Settlement**

Plaintiffs ask the Court to preliminarily approve the settlement with Costco.  In determining whether a proposed settlement is fair, reasonable and adequate, the Court considers the following factors :

(1)     whether the proposed settlement was fairly and honestly negotiated;

(2)     whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3)     whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4)     the judgment of the parties that the settlement is fair and reasonable.

Rutter & Wilbanks Corp. v. Shell Oil Co., 314 F.3d 1180, 1188 (10th Cir. 2002).  While the Court will consider these factors in depth at the final approval hearing, they are a useful guide at the preliminary approval stage as well.  See Lucas v. Kmart Corp., 234 F.R.D. 688, 693 (D. Colo. 2006); Am. Med. Ass'n, 2009 WL 1437819 at *3.

As to the first factor, the Court has no reason to believe that the proposed settlement was not fairly and honestly negotiated.  This factor weighs in favor of preliminary approval.

As to the second factor, the case presents serious questions of law and fact, placing the ultimate outcome of the litigation in doubt.  Plaintiffs' claims survived defendants' motions to dismiss, but the Court has not evaluated any evidence in the case.  Given the complexity of plaintiffs' claims and the relatively early stage of litigation, this factor weighs in favor of preliminary approval.

As to the third factor, the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation.  The costs of continued litigation are high, and it is possible that plaintiffs could receive little or no pecuniary relief.  This factor weighs in favor of preliminary approval.

As to the fourth factor, _i.e._ whether the parties judge that the settlement is fair and reasonable, Costco and the named plaintiffs obviously believe that it is. The Court will have more information on this issue after settlement class members receive notice and an opportunity to object. At this time, however, the fourth factor weighs in favor of preliminary approval.

On this record, the Court preliminarily approves the settlement.

## C.    Notice To Settlement Class

Plaintiffs ask the Court to approve and direct notice to settlement class members in accordance with the terms of the settlement agreement. As noted, the settlement agreement provides that within 150 days after the Court enters an order which preliminarily approves the proposed settlement, Costco will communicate a notice substantially in the form of Exhibit B to the settlement agreement. See id. ¶ 3.1. The proposed notice states as follows:

<u>**CLASS ACTION SETTLEMENT NOTICE**</u>

**TO:**    All residents of the States listed below who, after **January 1, 2001,** purchased gasoline from Costco.

States Covered by Proposed Settlement:  Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, the District of Columbia and Guam.

YOU ARE HEREBY NOTIFIED that a proposed class action settlement has been preliminarily approved by the Court in In re Motor Fuel Temperature Sales Practices Litigation, Case No. 07-MD 1840 (United States District Court, District of Kansas). The complaint alleges that Costco misled consumers by marketing motor fuel at temperatures above 60 degrees Fahrenheit without adjustment for the fuel's temperature. Costco denies all claims and liability.

If you purchased gasoline at Costco in one of the identified states after January 1, 2001, your rights may be affected by the settlement of this action. For further information regarding the settlement and your rights, including information

on how to object to the terms of the settlement agreement, please visit the website http://www.Costco.com/fuelsettlement.pdf or write to Fuel Settlement Notice, P.O. Box 34680, Seattle, WA 98124.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE.**

Exhibit B to Settlement Agreement. The notice directs interested persons to a web site which Costco will maintain for 180 days after the Court enters an order which preliminarily approves the proposed settlement. See Settlement Agreement ¶ 3.2. The web site will consist of the detailed notice set forth in Exhibit D to the settlement agreement. See id.

Because the proposed notice communicates class certification as well as proposed class settlement, it must comply with the requirements of subsections (c)(2) and (e) of Rule 23. See Larson v. Sprint Nextel Corp., No. 07-5325, 2009 WL 1228443, at *2 (D.N.J. April 30, 2009). Regarding notice of class certification, subsection (c)(2) imposes more stringent requirements than subsection (e) imposes with regard to class settlement. See id. Personal jurisdiction over absent class members attaches only upon satisfaction of the Rule 23(c)(2) notice requirements. See id. at *3. Rule 23(c)(2) includes an "unambiguous requirement" that "individual notice must be provided to those class members who are identified through reasonable effort." Id. (quoting Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 175-76 (1974)). Once individual class members are identified, they must receive individual notice of class certification. See Larson, 2009 WL 1228443, at *3.

Rule 23(c)(2)(B) requires that the class certification notice clearly and concisely state the following in plain, easily understood language:

> (i)     the nature of the action;
> (ii)    the definition of the class certified;
> (iii)   the class claims, issues, or defenses;
> (iv)   that a class member may enter an appearance through an attorney if the member so desires;

17

(v)     that the court will exclude from the class any member who requests exclusion;

(vi)    the time and manner for requesting exclusion; and

(vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

To satisfy Rule 23(c)(2)(B), reasonably identifiable class members must receive individual notice which sets forth the criteria listed therein. The settlement agreement contemplates that Costco will send class members the notice set forth in Exhibit B, which will direct them to a web site which contains more detailed information. It is not sufficient, however, to communicate the elements of Rule (c)(2)(B) via a web site link. See Larson, 2009 WL 1228443, at *10 n.12. The notice which Costco mails to class members, i.e. Exhibit B, must contain the criteria set forth in Rule 23(c)(2)(B). See id. at *10 (bill insert which directed class members to web site did not comply with Rule 23(c)(2)(B) requirements).

In its present form, Exhibit B does not comply with Rule 23(c)(2)(B). It arguably states the nature of the action and class claims, but it does meet the other requirements of Rule 23(c)(2)(B). It does not state (1) the definition of the class certified; (2) that a class member may enter an appearance through an attorney; (3) that the Court will exclude any member who requests exclusion; (4) the time and manner for requesting exclusion; or (5) the binding effect of a class judgment on members under Rule 23(c)(3). The proposed web site contains detailed information regarding those issues, and the Court approves of the idea of using a web site to do so. Nevertheless, class members must also receive individual notice which complies with Rule 23(c)(2)(B). In addition, under Rule 23(e)(3), the individual notice should contain a fair description of the terms of the proposed settlement and class members' options with regard thereto. See In re Integra Realty Res., Inc., 262 F.3d 1089, 1111 (10th Cir. 2001). Accordingly, the Court will not approve individual notice in the

form of Exhibit B to the settlement agreement. On or before **August 27, 2009,** the settling parties may submit a revised notice which complies with Rule 23(c)(2)(B) and (e)(3).

The parties have not stated how Costco will determine who receives individual notice or in what manner Costco will communicate the notice.[9] The Court makes no ruling with respect to (1) whether Costco has taken reasonable efforts to identify class members; (2) whether Costco is providing notice to all reasonably identifiable class members; or (3) whether the manner in which Costco will send the notice (i.e. if it is combined with other communications by Costco) satisfies Rule 23(c)(2). See, e.g., Larson, 2009 WL 1228443, at *11 (if parties use bill insert as mechanism to provide notice, they must do so in way which complies with mandatory elements of Rule 23(c)(2) and provide general settlement information required by Rule 23(e)). At the final approval hearing, the parties will need to demonstrate that they have met all notice requirements of Rule 23(c)(2) and (e)(3).

### D.     Final Approval Hearing

Plaintiffs ask the Court to set a hearing for final approval of the settlement. The settlement agreement provides Costco 150 days to provide notice and an additional 30 days for class members to object. Thus, the final approval hearing will need to be at least 180 days after the Court approves the notice. At the time the Court approves the individual notice which Costco will send class members, it will set a date for the final hearing. In the meantime, it preliminarily dockets that hearing for **April 1, 2010 at 9:30 a.m.**

### E.     Appointment Of Settlement Class Counsel

Plaintiffs ask the Court to appoint Robert A. Horn and Thomas V. Girardi as lead counsel

---

[9]     The settlement agreement provides that Costco may communicate notice as part of one or more communications by Costco to its members. See Settlement Agreement ¶¶ 1.10, 3.1.

and Thomas V. Bender as liaison counsel for the proposed settlement class. The Court has already appointed these counsel to serve in such positions with respect to the MDL proceedings. See Doc. #179 filed September 19, 2007; Doc. #150 filed September 12, 2007; Doc. #145 filed September 7, 2007.[10] Accordingly, the Court will grant plaintiffs' request.

### F. Defendants' Motion To Coordinate Class Certification Proceedings

Non-settling defendants ask the Court to coordinate any certification of the Costco settlement class with scheduled motion proceedings for class certification in the larger MDL litigation. Under the current schedule, the motions for class certification in the larger MDL litigation will be fully briefed by November 13, 2009. With regard to the Costco settlement, the Court will decide certification at the final approval hearing, which is preliminarily set for April 1, 2010 at 9:30 a.m. As a practical matter, the Court will be addressing the class certification motions during the same general time frame. If unforeseen circumstances delay the class certification motions in the larger MDL litigation, however, the Court may choose to proceed with the Costco settlement hearing. Similarly, if unforeseen circumstances delay certification of the Costco settlement class, the Court may choose to proceed with class certification motions in the larger MDL litigation. For these reasons, the Court will not order that they must proceed together.

**IT IS THEREFORE ORDERED** that the <u>Unopposed Motion Of Plaintiffs For Order Conditionally Certifying Settlement Class, Preliminarily Approving Class Action Settlement, Directing Distribution Of Class Notice, Setting Hearing For Final Approval Of Class Action Settlement And Appointing Counsel</u> (Doc. #1015) filed April 22, 2009 be and hereby is

---

[10] The Court also appointed George Zelcs to serve as lead counsel for plaintiffs in the MDL proceedings. See Doc. #150 filed September 12, 2007 and Doc. #148 filed September 11, 2007.

**SUSTAINED in part**. The Court orders as follows:

The Court preliminarily certifies the proposed settlement class, subject to plaintiffs demonstrating at the final approval hearing "under a strict burden of proof" that the requirements of Rule 23(a) and (b)(3) are clearly satisfied.

The Court preliminarily approves the proposed settlement.

On or before **August 27, 2009,** the settling parties may submit a revised notice which complies with the requirements of Rule 23(c)(2)(B) and (e)(3).

The Court preliminarily schedules the final approval hearing for **April 1, 2010 at 9:30 a.m.**

The Court appoints Robert A. Horn and Thomas V. Girardi as lead counsel and Thomas V. Bender as liaison counsel for the settlement class.

**IT IS FURTHER ORDERED** that the Non-Settling Defendants' Response To Plaintiffs' Request To Conditionally Certify Settlement Class And Motion To Coordinate Putative Class Certification Proceedings (Doc. #1040) filed May 6, 2009 be and hereby is **OVERRULED.** The Court reserves the right to coordinate certification issues in the Costco settlement with proceedings for class certification in the larger MDL litigation but will not order that they must proceed together.

Dated this 13th day of August, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge