**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE ) <br> SALES PRACTICES LITIGATION ) <br> ) <br> This Document Relates to the Following Cases: ) <br> ) <br> *Rushing v. Ambest, Inc.*, ) <br>     D. Kan. No. 07-2300-KHV; ) <br> *Telles v. ConocoPhillips Company*, ) <br>     D. Kan. No. 07-2369-KHV; ) <br> *Becker v. Marathon Petroleum Company*, ) <br>     D. Kan. No. 07-2350-KHV; ) <br> *Galauski v. Amerada Hess Corp.*, ) <br>     D. Kan. No. 07-2293-KHV; ) <br> *Eller v. Chevron USA, Inc.*, ) <br>     D. Kan. No. 07-2402-KHV. ) <br> _____) | **MDL No. 1840** <br> **Case No. 07-1840-KHV** |

**MEMORANDUM AND ORDER**

Plaintiffs bring putative class action claims for damages and injunctive relief against motor fuel retailers in Alabama, Arizona, Arkansas, California, Florida, Georgia, Louisiana, Mississippi, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, Virginia and the District of Columbia. Plaintiffs claim that because defendants sell motor fuel for a specified price per gallon without disclosing or adjusting for temperature expansion, they are liable under state law theories including breach of contract, breach of warranty, fraud and consumer protection. Following a transfer order of the Judicial Panel on Multidistrict Litigation ("JPML"), the Court has jurisdiction over consolidated pretrial proceedings in these actions. See 28 U.S.C. § 1407; Doc. #1 filed June 22, 2007. This matter comes before the Court on Plaintiffs' Objections To Magistrate Judge's May 1 Order ("Plaintiffs' Objections") (Doc. #1060) filed May 18, 2009. For reasons stated below, the Court overrules plaintiffs' objections.

**I.      Legal Standards**

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a de novo review; rather, it applies a deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate judge order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

Typically, a magistrate judge ruling on a motion to amend the complaint is non-dispositive. See, e.g., Wilson v. Wal-Mart Stores, Inc., No. 07-2263-JWL, 2008 WL 2622895, at *1 (D. Kan. June 30, 2008). When the magistrate judge ruling effectively removes a defense or claim from the case, however, several courts have found it to be dispositive and subject to de novo review. See McCormick v. City of Lawrence, Kan., No. 02-2135-JWL, 2003 WL 158704, at *1 (D. Kan. Jan. 17, 2003) (citations omitted); Pedro v. Armour Swift-Eckrich, 118 F. Supp.2d 1155, 1157 (D. Kan. 2000). This is particularly true when a magistrate judge denies leave to amend on futility grounds. See McCormick, 2003 WL 158704, at *1; Pedro, 118 F. Supp.2d at 1157.

## II.     Procedural History

### A.     Background

On August 30, 2007, the magistrate judge entered Scheduling Order No. 1 (Doc. #134). In that order, the magistrate judge directed that by October 5, 2007, plaintiffs file a consolidated amended complaint ("CAC"). Id. at 2. The magistrate judge stated that the CAC would be used "[s]olely as an MDL administrative and procedural tool designed to narrow the predominant legal issues common to the underlying cases" and "shall not supercede any pleading in the constituent cases in the MDL proceeding." Id. The magistrate judge ordered that by October 19, 2007, defendants file a consolidated motion to dismiss the CAC. Id. at 4. The magistrate judge stayed the parties' Rule 26(f) meeting and formal discovery pending the Court's ruling on the motion to dismiss. Id. at 5-6.[1]

On February 21, 2008, the Court overruled defendants' motion to dismiss. See Doc. #283. The Court lifted the stay on discovery and ordered that by March 3, 2008, the parties conduct a Rule 26(f) meeting. See id. at 42.

On April 4, 2008, the magistrate judge entered Scheduling Order No. 2 (Doc. #388). Among other things, he ordered that by July 15, 2008, the parties file any motions for leave to join additional parties or otherwise amend the pleadings. See Scheduling Order No. 2 (Doc. #388) at 3, 14.[2] The

---

[1]    On October 5, 2007, the magistrate judge extended to October 8, 2007, the time for plaintiffs to file the CAC and to October 22, 2007, the time for defendants to file their motion to dismiss. See Doc. #185. The parties filed accordingly. See Doc. #186 filed October 8, 2007 and Doc. #196 filed October 22, 2007.

[2]    The magistrate judge also set the following deadlines:
• April 21, 2008 – defendants' joint answer to the CAC;
• June 16, 2008 – Rule 26(a)(1) disclosures;

(continued...)

magistrate judge subsequently extended this deadline to July 30, 2008. See Doc. #506 filed July 10, 2008 and Doc. #519 filed July 29, 2008.

On July 30, 2008, plaintiffs filed a five-page motion for leave to file a second consolidated amended complaint ("SCAC"). See Plaintiffs' Motion For Leave To Amend Pleadings (Doc. #520) filed July 30, 2008. As an exhibit to the motion, plaintiffs attached their proposed 151-page SCAC and stated that they intended it to do the following:

1. Set forth a roadmap for the litigation;
2. Set forth, in its text and in Exhibit A, the multi-state defendants and class representatives, and in Exhibit B all current Defendants sued in individual states. This regional class consists of members of all of the classes in the 28 jurisdictions in which actions have been filed;
3. Provide a basis for filing a motion(s) to certify subclasses in the Region and in individual states;
4. Narrow the scope of the original Consolidated Amended Complaint by removing certain causes of action;
5. Set forth the basis for Defendant classes;[3] and
6. Provide a template to which all individual actions should be deemed conformed, unless counsel in an individual case within a reasonable period of time notifies the Court otherwise, including notification to the Court that for any individual case different or additional plaintiffs, class representatives, or defendants are named or causes of action stated.

---

[2](...continued)
- November 2, 2009 – fact discovery complete;
- May 5, 2010 – expert discovery complete;
- July 1, 2008 – motions challenging personal jurisdiction, venue or the propriety of named parties;
- December 1, 2008 – motions for class certification; and
- July 2, 2010 – motions for summary judgment.

See id. at 3.

On June 30, 2008, the Court granted the parties' joint motion to stay indefinitely the time for filing motions challenging personal jurisdiction, venue and the propriety of named parties. See Doc. #493.

[3] In their reply brief, plaintiffs stated that they no longer intended to file motions for certification of defendant classes. See Doc. #581 at 4.

4

Id. at 2 (footnotes omitted). In their motion, plaintiffs did not discuss specific details regarding the proposed amendments. They stated that the proposed SCAC included some plaintiffs and some defendants which were not included in the CAC and that the proposed SCAC added no new substantive or factual allegations or causes of action which were not already contained in the CAC. See id. at 2 n.1. Plaintiffs proposed that as a matter of procedure, the Court treat the SCAC as the operative complaint and deem the underlying complaints conformed thereto, unless counsel in the underlying actions moved to segregate causes of action from the master complaint. See id. at 3.[4]

On November 18, 2008, the magistrate judge sustained in part plaintiffs' motion for leave to file the proposed SCAC. See Order Doc. #646. The magistrate judge found that plaintiff's motion did not comply with D. Kan. Rule 15.1 because (1) it did not set forth a concise statement of proposed amendments specific to the underlying complaints; and (2) plaintiffs did not attach the proposed amended complaints to their motion. See id. at 4.[5] In this regard, the magistrate judge

---

[4] On August 4, 2008, the magistrate judge held a telephone status conference regarding plaintiffs' then pending motion for leave to file the SCAC. The magistrate judge noted that the proposed SCAC would add new entities as proposed representatives of a class of defendants, and that the new entities would presumably request additional time for discovery before plaintiffs filed their motions for class certification. See Status Conference Order (Doc. #525). The magistrate judge ordered, inter alia, the following deadlines:
- August 18, 2008 – defendants to confer with plaintiffs about clarifying perceived issues regarding the proposed SCAC;
- September 2, 2008 – defendants respond to plaintiffs' motion for leave to file the proposed SCAC;
- September 16, 2008 – plaintiffs reply in support of their motion for leave to file the proposed SCAC.

See id. at 1. The magistrate judge stated that he would hold a status conference approximately two weeks after he ruled on plaintiffs' motion for leave to file the proposed SCAC. The magistrate judge also vacated the previous schedule for class certification motions and extended to August 18, 2008, the deadline for the parties to make Rule 26(a)(1) disclosures. See id. at 2.

[5] The magistrate judge noted that plaintiffs claimed that they intended to file amended complaints in the underlying cases to conform with the proposed SCAC after the Court ruled on
(continued...)

5

stated that "[a]pparently plaintiffs believed that defendants could parse through the SCAC, which is 151 pages long, to determine which underlying complaints plaintiffs intended to amend and the exact nature of the proposed amendments." Id. The magistrate judge did not state whether he based his ruling in whole or in part on plaintiffs' failure to follow D. Kan. Rule 15.1. See id.

To the extent that plaintiffs sought to narrow the scope of the original CAC by removing certain claims, the magistrate judge granted the request. The magistrate judge stated as follows:

> The court will grant plaintiffs leave to file a revised SCAC to the extent that it narrows the scope of the CAC by removing certain causes of action and set[s] forth plaintiffs' intentions with regard to class certification. As represented by plaintiffs in their motion, the revised SCAC will not add any new substantive or factual allegations, or causes of action, that are not set forth in plaintiffs' original CAC.

Id. at 7.

To the extent that plaintiffs sought to add plaintiffs or defendants in underlying cases, the magistrate judge denied the request. He found that the proposed SCAC would (1) add 39 new defendants which were not named in any underlying complaints; (2) sponsor 13 new plaintiffs who had not sued any of the defendants in the underlying complaints; (3) include 11 "Region-wide" representatives who had not alleged such a class in the underlying complaints; and (4) assert liability for fuel sales which are not at issue in any underlying complaint by substantially expanding the number of jurisdictions at issue for several defendants.[6] See id. at 6-7. The magistrate judge concluded that to allow the proposed SCAC would unduly lengthen the case schedule and thereby prejudice defendants. See id. at 7. The magistrate judge stated as follows:

---

[5](...continued)
their motion for leave to file the SCAC. See id. at 6.

[6]   The magistrate judge also noted that plaintiffs had not identified which underlying complaints would be amended for any of the proposed changes. See id. at 6-7.

> Allowing the SCAC, as proposed, would unduly prejudice defendants and only serve to further confuse and protract this already complex case, both substantively and procedurally. Therefore, to the extent plaintiffs wish to add new plaintiffs and/or new defendants in the underlying cases currently consolidated in this MDL litigation, the court denies plaintiffs' motion. In making such ruling, however, the court is not precluding the filing of new cases against existing defendants (or new defendants) in the underlying jurisdictions.

Id. at 7.

To the extent plaintiffs sought to conform all underlying complaints to the SCAC, the magistrate judge rejected the request. The magistrate judge found that the proposed approach would be "confusing and impractical." Id. at 6. The magistrate judge stated that the Court had always intended to treat the consolidated complaint as an "administrative and procedural tool designed to narrow the predominant legal issues common to the underlying cases" and not to "supercede any pleading in the constituent cases." Id. at 6 (quoting Scheduling Order No. 1 (Doc. #134) at 4 and Scheduling Order No. 2 (Doc. #388) at 5).[7]

---

[7] On December 15, 2008, the magistrate judge held a telephone status conference and ordered, inter alia, the following deadlines:
- January 12, 2009 – defendants' joint answer to the SCAC;
- May 1, 2009 – plaintiffs' motions for class certification;
- July 10, 2009 – defendants' responses to the motions for class certification; and
- September 11, 2009 – plaintiffs' replies in support of the motions for class certifications.

See Status Conference Order (Doc. #676) at 1-2.

On April 3, 2009, the magistrate judge extended to June 1, 2009, the time for plaintiffs to file motions for class certification. See Order (Doc. #981).

On July 10, 2009, the magistrate judge amended the scheduling order as follows:
- January 4, 2010 – fact discovery;
- July 2, 2010 – expert discovery;
- September 2, 2010 – summary judgment motions.

Doc. # 1229.

**B.   Plaintiffs' Motion For Leave To File Amended Complaints In Underlying Cases (Doc. #683)**

On December 30, 2008, plaintiffs in five underlying cases filed a motion for leave to correct defendant misnomers, substitute real parties in interest, intervene additional class representatives and conform their complaints to the SCAC. See Motion For Leave To Correct Defendant Misnomer, Substitute Real Parties In Interest, Intervene Class Representatives And File Conformed Amended Complaint ("Motion For Leave In Underlying Cases") (Doc. #683).[8] Plaintiffs noted that in the order of November 18, 2008, which addressed plaintiffs' motion for leave to file the SCAC, the magistrate judge expressed concern that without the proposed amended complaints in the underlying actions, defendants could not determine which plaintiffs and defendants would be added in which complaints. See id. at 2. To their new motion, plaintiffs attached the proposed amended complaints and provided charts which showed which plaintiffs and defendants would be added in which actions. See exhibits to Doc. #683. Plaintiffs stated that through the proposed amendments, they wished to (1) correct the names of existing defendants to the proper corporate entities; (2) join and/or substitute corporate entities in situations where individual plaintiffs purchased fuel on behalf of corporate entities; (3) add current plaintiffs and/or their corporate entities in underlying cases in which they did not previously sue; (4) add new plaintiffs; and (5) amend their underlying complaints

---

[8]   The five underlying cases are Rushing v. Ambest, Inc., No. 07-2300-KHV (putative class action claims in California, Arizona, Texas, Florida, North Carolina, New Jersey and Virginia); Telles v. ConocoPhillips Co., No. 07-2369-KHV (putative class action claims in Alabama, Arizona, Arkansas, California, Florida, Georgia, Louisiana, Mississippi, New Jersey, New Mexico, Nevada, North Carolina, Oklahoma, South Carolina, Tennessee, Texas and Virginia); Becker v. Marathon Petroleum Co., No. 07-2350-KHV (putative class action claims in Alabama, Arizona, Arkansas, Florida, Georgia, Louisiana, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas and Virginia); Galauski v. Amerada Hess Corp., No. 07-2293-KHV (putative class action claims in California, Arizona, Florida, Texas, North Carolina, New Jersey and Virginia); and Eller v. Chevron USA, Inc., No. 07-2402-KHV (putative class action claims in California).

to conform to the claims set forth in the SCAC. See id. at 3-9.[9]

### C. Magistrate Judge Order Of May 1, 2009 (Doc. #1033)

On May 1, 2009, the magistrate judge sustained in part plaintiffs' motion. See Doc. #1033. With regard to each of plaintiffs' requests, the magistrate judge ruled as follows:

#### 1. Correct Names Of Existing Defendants To Proper Corporate Entities

Plaintiffs requested leave to correct the names of existing defendants to name the proper corporate entities. The magistrate judge granted the request, stating as follows: "By 'technical amendments,' the court means those amendments that would simply substitute the undisputedly correct name of a defendant for the currently pled incorrect name. . . . Such amendments do not expand the scope of this action and help prepare a clean record as these cases are prepared for trial." Id. at 3.

#### 2. Join And/Or Substitute Corporate Entities Where Individuals Purchased Fuel On Behalf Of The Entities

Plaintiffs requested leave to join corporate entities in situations where nine individual plaintiffs purchased fuel on behalf of themselves and on behalf of companies, and to substitute corporate entities for nine individuals who purchased fuel only on behalf of companies. The magistrate judge granted the request, finding that it would not significantly alter the factual allegations or change the issues in the case. See id. at 5.

---

[9] On May 15, 2009, plaintiffs filed amended complaints in four of the underlying actions. See Doc. #2 in Telles, 07-2369; Doc. #4 in Rushing, 07-2300; Doc.. #2 in Becker, 07-2350; Doc. #2 in Galauski, 07-2293. On May 29, 2009, defendants filed a motion to strike portions of the amended complaints, arguing that plaintiffs filed them without leave of Court and exceeded the scope permitted by the Court's previous orders. See Doc. #1083. That motion is currently pending before the magistrate judge.

### 3. Add Current Plaintiffs And/Or Corporate Entities In Underlying Cases In Which They Did Not Previously Sue

Plaintiffs sought leave to allow nine existing individual plaintiffs and 17 business entities of existing individual plaintiffs to intervene in underlying cases in which they did not previously sue.[10] The magistrate judge denied the request, finding that it would prejudice defendants for the reasons stated in his order of November 18, 2008. See id. at 10. Specifically, the magistrate judge stated that adding plaintiffs "would increase defendants' discovery burdens and add confusion to this complex case." Id. In addition, the magistrate judge found that plaintiffs' request was untimely, noting that the deadline to file motions for leave to join additional parties had expired on July 30, 2008. Id. at 10-11.

### 4. Add New Plaintiffs

Plaintiffs sought leave to add 23 new plaintiffs in the underlying cases.[11] The magistrate judge denied the request, finding that it would prejudice defendants for the reasons stated in his order of November 18, 2008. See id. at 10. Specifically, the magistrate judge stated that adding plaintiffs "would increase defendants' discovery burdens and add confusion to this complex case." Id. In addition, the magistrate judge found that plaintiffs' request was untimely, noting that the deadline to file motions for leave to join additional parties had expired on July 30, 2008. Id. at 10-11.

### 5. Allow Amendments To Conform Underlying Complaints To SCAC

Plaintiffs sought leave to amend their underlying complaints to conform to the claims

---

[10] The would-be interveners were already involved as plaintiffs in one or more underlying suits and sought to join in one or more additional underlying suits.

[11] The would-be interveners had not previously sued in any of the underlying suits.

set forth in the SCAC. The magistrate judge denied the request. The magistrate judge stated that in the order of November 18, 2008, he "rejected a similar request to conform the underlying actions to the SCAC." Id. at 11. The magistrate judge noted that it has been the Court's intent "to use the SCAC as an 'administrative and procedural tool designed to narrow the predominate legal issues common to the underlying cases' and not to 'supercede any pleadings in the constituent cases.'" Id. (quoting Scheduling Order No. 1 (Doc. #134) at 4 and Order (Doc. #646) at 6). The magistrate judge found that to allow plaintiffs' request would necessarily expand the legal issues in the underlying cases. See id.

**III.    Analysis**

Plaintiffs object to the magistrate judge order, arguing that (1) denying existing and new plaintiffs leave to intervene in the underlying cases will result in them filing new lawsuits which will delay these proceedings; and (2) denying plaintiffs leave to amend the underlying complaints to conform to the SCAC is not justified by any claim of prejudice to defendants.

**A.    Denying Existing And New Plaintiffs Leave To Intervene**

The magistrate judge denied leave for nine existing plaintiffs and 17 business entities of existing plaintiffs to intervene as plaintiffs in underlying cases in which they did not previously sue, and for 23 new plaintiffs to intervene in underlying cases. Plaintiffs urge the Court to set aside the magistrate judge order because it will cause the would-be-intervening plaintiffs to file more lawsuits which will "result in an enormous waste of judicial resources." Plaintiffs' Objections (Doc. #1060) at 10. Plaintiffs assert that the JPML will eventually transfer the new cases here, as tag-along cases, which will ultimately delay these proceedings. See id.

The magistrate judge order does not dispose of any claims, i.e. the would-be intervening

11

plaintiffs are free to assert their claims in separate lawsuits. Therefore, the Court applies a deferential standard of review. To prevail, plaintiffs must show that the magistrate judge order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see Burton, 177 F.R.D. at 494.

Rules 15 and 20, Fed. R. Civ. P., apply to plaintiffs motion for leave to add plaintiffs.[12] Under Rule 20(a)(1), plaintiffs may join in one action if they assert claims which arise out of the same series of transactions or occurrences. See Fed. R. Civ. P. 20(a). On their face, the proposed amendments appear to satisfy this requirement. See, e.g., Aguilar v. Schiff Nutrition Int'l, Inc., No. 2:07-CV-504-TC, 2008 WL 4526051, at *12 (D. Utah Sept. 29, 2008). Accordingly, the Court will assume that the proposed amendments satisfy Rule 20(a)(1).

---

[12] Rule 15(a) states as follows:

(a) AMENDMENTS BEFORE TRIAL.
    (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course:
        (A) before being served with a responsive pleading; or
        (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
    (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
\* \* \*
Fed. R. Civ. P. 15(a).

Rule 20(a) states as follows:

(a) PERSONS WHO MAY JOIN OR BE JOINED.
    (1) Plaintiffs. Persons may join in one action as plaintiffs if:
        (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
        (B) any question of law or fact common to all plaintiffs will arise in the action.
\* \* \*
Fed. R. Civ. P. 20(a).

12

Under Rule 15(a), the Court shall freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). The purpose of the rule is to give litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)). In the absence of an apparent or declared reason – such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party or futility – the Court should freely allow leave to amend. See id. (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)); see also State Distrib., Inc. v. Glenmore Distilleries Co., 738 F.2d 405, 416 (10th Cir. 1984) (in deciding whether to allow amendment court considers undue prejudice, undue delay and good faith).

The magistrate judge found that the proposed intervention would prejudice defendants for the reasons stated in his order of November 18, 2008. See id. at 10. Specifically, the magistrate judge stated that adding new plaintiffs – whether by allowing new plaintiffs to join or allowing existing plaintiffs to join in new cases – "would increase defendants' discovery burdens and add confusion to this complex case." Id. The magistrate judge also found that plaintiffs' request was untimely because the deadline to file motions for leave to join additional parties expired on July 30, 2008. See id. at 10-11.

The magistrate judge ruling was not clearly erroneous or contrary to law. As the magistrate judge noted in his order of November 18, 2008, the would-be interveners are free to file their own cases against existing defendants in the underlying jurisdictions. Plaintiffs argue that this will waste judicial resources because the JPML will eventually transfer the new cases to this MDL litigation. To allow the proposed intervention, however, will cause immediate delay and potentially waste more

13

judicial resources. If the Court grants plaintiffs' requests for class certification, perhaps some or all of the proposed new plaintiffs will fall within the class and be content to have their claims asserted thereunder. Moreover, to the extent the proposed new plaintiffs choose to file separate lawsuits, the Court's rulings in this MDL litigation will presumably frame the factual and legal issues in those suits. In this regard, it is in the best interest of the MDL litigation to move forward with the current underlying cases. Furthermore, plaintiffs have not explained their delay in seeking leave to amend, or shown good cause for their failure to comply with the deadline for filing motions for leave to join additional parties. See Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1495 (10th Cir. 1995) (untimeliness alone can be sufficient reason to deny leave to amend particularly when movant provides no adequate explanation for delay); Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (untimeliness alone sufficient reason to deny leave to amend). On this record, the Court is not left "with the definite and firm conviction that a mistake has been committed." Ocelot Oil, 847 F.2d at 1464 (quotation omitted). The Court will not reverse the magistrate judge ruling on this ground.[13]

### B    Denying Plaintiffs Leave To Amend Underlying Complaints To Conform To The SCAC

The magistrate judge denied plaintiffs leave to amend their underlying complaints to conform to the SCAC. Plaintiffs urge the Court to set aside the magistrate judge ruling, arguing that the proposed amendments will not prejudice defendants. Because the magistrate judge ruling effectively

---

[13]    Plaintiffs assert that the magistrate judge erred in finding that to allow new and existing plaintiffs to join in underlying suits would dramatically increase the number of jurisdictions in which some defendants face potential liability. See Plaintiffs' Objections To Magistrate Judge's May 1 Order (Doc. #1060) at 6-7. Plaintiffs assert that because the underlying complaints state that plaintiffs sue defendants in all of the states named in the complaint, defendants face liability in all of those states even if none of the named plaintiffs purchased fuel from them in those states. See id. Plaintiffs, however, do not explain how defendants can be liable in states where plaintiffs did not purchase fuel from them.

14

precludes plaintiffs from asserting claims, the Court will review it de novo. See McCormick, 2003 WL 158704, at *1; Pedro, 118 F. Supp.2d at 1157. Pursuant to Rule 15(a), the Court freely grants leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). In deciding whether to grant leave to amend, the Court looks to whether plaintiffs have acted with undue delay, bad faith or dilatory motive and whether the proposed amendments will cause undue prejudice to defendants. See Minter, 451 F.3d at 1204; State Distrib., 738 F.2d at 416.

Here, plaintiffs have acted with undue delay. Since the beginning of this MDL litigation, the Court has consistently stated that the consolidated amended complaint would serve as an administrative tool and would not supercede any pleading in the underlying cases.[14] Plaintiffs did not object. Instead, they waited until July 30, 2008 – the last day to file motions for leave to amend – to ask that the Court deem all underlying complaints automatically amended to conform to the SCAC. See Plaintiffs' Motion For Leave To Amend Pleadings (Doc. #520) at 2-3. In the meantime,

---

[14] On August 30, 2007, the magistrate judge stated as follows:

Solely as an MDL administrative and procedural tool designed to narrow the predominant legal issues common to the underlying cases, plaintiffs (acting by and through their appointed Lead Counsel) shall file a consolidated amended complaint by October 5, 2007. The consolidated amended complaint shall not supercede any pleading in the constituent cases in the MDL proceeding.

Scheduling Order No. 1 (Doc. #134) at 4.

Similarly, with respect to defendants' joint answer, the magistrate judge stated as follows:

By April 21, 2008, defendants shall file a joint answer to plaintiffs' consolidated amended complaint (doc. 186). . . . [T]he joint answer shall be used solely as an MDL administrative and procedural tool designed to narrow the predominant legal and factual issues common to the underlying cases, i.e., the joint answer shall not supercede any answers already on file in the underlying cases.

Scheduling Order No. 2 (Doc. #388) filed April 4, 2008 at 5.

15

plaintiffs took no steps to timely amend their underlying complaints in the event the Court denied their last-minute request to change the stated procedure. On November 18, 2008, the magistrate judge rejected plaintiffs' request. See Order (Doc. #646) at 6. Plaintiffs did not object. More than a month later, on December 30, 2008, plaintiffs in these five underlying proceedings filed a motion for leave to amend their underlying complaints to conform to the claims set forth in the SCAC. See Motion For Leave In Underlying Cases (Doc. #683) filed December 30, 2008 at 9. Plaintiffs provide no explanation for the delay, and the Court finds that their request should be denied as untimely. See Panis, 60 F.3d at 1495; Frank, 3 F.3d at 1365.

Moreover, to allow the proposed amendments would unduly prejudice defendants. Plaintiffs argue that defendants have been aware of the claims since plaintiffs filed the CAC in October of 2007. See Plaintiffs' Objections (Doc. #1060) at 9. Given the Court's instructions regarding the purpose of the CAC, however, defendants were entitled to believe that the only claims asserted against them were those listed in the underlying complaints. Plaintiffs assert that defendants have conducted broad discovery on all of the claims, regardless what plaintiffs pled in the underlying cases. See id. The Court, however, has no basis to make findings in this regard. Plaintiffs do not explain how their claims would change as a result of the proposed amendments.[15] The Court's review of each original and proposed amended complaint, compared to the SCAC, indicates that the proposed amendments would add multiple substantive claims in each underlying case.[16] Despite

---

[15] D. Kan. Rule 15.1 requires that a motion for leave to amend attach the proposed pleading and "set forth a concise statement of the amendment." D. Kan. Rule 15.1.

[16] The SCAC asserts claims for unjust enrichment – federal fuel tax (Count I); unjust enrichment – state fuel tax (Count II); unjust enrichment – other (Count III); breach of contract (Count IV); breach of duty of good faith and fair dealing (Count V); breach of express and implied warranties (Count VI); civil conspiracy (Count VII); and breach of the following state consumer
(continued...)

---

[16](...continued)

protection laws: Alabama (Count VIII); Arizona (Count IX); Arkansas (Count X); California (Counts XI and XII); Florida (Count XIII); Georgia (Count XIV); Guam (Count XV); Indiana (Count XVI); Kansas (Count XVII); Kentucky (Count XVIII); Louisiana (Count XIX); Maryland (Count XX); Missouri (Count XXI); Nevada (Count XXII); New Jersey (Count XXIII); New Mexico (Count XXIV); North Carolina (Count XXV); Oklahoma (Counts XXVI and XXVII); Oregon (Count XXVIII); Pennsylvania (Count XXIX); Tennessee (Count XXX); Texas (Count XXXI); Utah (Counts XXXII and XXXIII);  and Virginia (Count XXXIV).

In Rushing, No. 07-2300, the underlying complaint asserts consumer protection claims under Arizona, California, Florida, New Jersey, North Carolina, Texas and Virginia law. See Doc. #1-2 filed July 10, 2007 in No. 07-2300.  The proposed amended complaint in Rushing adds fact paragraphs which appear to mirror the SCAC and claims for breach of contract, unjust enrichment – federal fuel tax, unjust enrichment – state fuel tax, unjust enrichment – other, breach of express and implied warranties, breach of duty of good faith and fair dealing, civil conspiracy, and consumer protection claims under Arkansas, Nevada, New Mexico and District of Columbia law.  See proposed amended complaint in Rushing, Exhibit G to Doc. #683.

In Telles, No. 07-2369, the underlying complaint asserts breach of contract and consumer protection claims under Arizona, California, Florida, New Jersey, North Carolina, Texas, Virginia, Arkansas, Nevada and New Mexico law. See Doc. #1-2 filed August 13, 2007 in No. 07-2369. The proposed amended complaint in Telles adds fact paragraphs which appear to mirror the SCAC and claims for unjust enrichment – federal fuel tax, unjust enrichment – state fuel tax, unjust enrichment – other, breach of express and implied warranties, breach of duty of good faith and fair dealing and civil conspiracy.  See proposed amended complaint in Telles, Exhibit H to Doc. #683.

In Becker, No. 07-2350, the underlying complaint asserts breach of contract and consumer protection claims under Arizona, Florida, North Carolina, Texas, Virginia and Arkansas law.  See Doc. #1-2 filed August 6, 2007 in No. 07-2350.  The proposed amended complaint in Becker adds fact paragraphs which appear to mirror the SCAC and claims for unjust enrichment – federal fuel tax, unjust enrichment – state fuel tax, unjust enrichment – other, breach of express and implied warranties, breach of duty of good faith and fair dealing and civil conspiracy and consumer protection claims under Nevada and New Mexico law.  See proposed amended complaint in Becker, Exhibit J to Doc. #683.

In Galauski, No. 07-2293, the underlying complaint asserts breach of contract and consumer protection claims under Arizona, California, Florida, New Jersey, North Carolina, Texas, Virginia, Arkansas, Nevada, New Mexico and District of Columbia law. See Doc. #1-3 filed July 6, 2007 in No. 07-2293.  The proposed amended complaint in Galauski adds fact paragraphs which appear to mirror the SCAC and claims for breach of contract, unjust enrichment – federal fuel tax, unjust enrichment – state fuel tax, unjust enrichment – other, breach of express and implied warranties, breach of duty of good faith and fair dealing and civil conspiracy.  See proposed amended complaint in Galauski, Exhibit K to Doc. #683.

In Eller, No. 07-2402, the underlying complaint asserts breach of contract and consumer protection claims California law. See Doc. #1-3 filed August 24, 2007 in No. 07-2402.  The proposed amended complaint in Eller adds fact paragraphs which appear to mirror the SCAC and

(continued...)

plaintiffs' claims to the contrary, the Court finds that the proposed amendments would unfairly prejudice defendants. Fact discovery is set to close on January 4, 2010. To allow plaintiffs to add multiple claims at this time would unduly prejudice defendants. Accordingly, the Court will not reverse the magistrate judge ruling.

**IT IS THEREFORE ORDERED** that Plaintiffs' Objections To Magistrate Judge's May 1 Order (Doc. #1060) filed May 18, 2009 be and hereby are **OVERRULED**.

Dated this 1st day of September, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[16](...continued)
claims for unjust enrichment – federal fuel tax, unjust enrichment – state fuel tax, unjust enrichment – other, breach of express and implied warranties, breach of duty of good faith and fair dealing and civil conspiracy. See proposed amended complaint in Eller, Exhibit I to Doc. #683.

18