IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE ) <br> SALES PRACTICES LITIGATION ) <br> ) <br> This Document Relates to: ) <br> *Rushing v. Ambest, Inc.*, ) <br>     KS 2:07-cv-02300 ) <br> *Becker v. Marathon Petroleum Company*, ) <br>     KS 2:07-cv-02350 ) <br> *Galauski v. Amerada Hess Corp.*, ) <br>     KS 2:07-cv-02293 ) | Case No: 07-MD-1840-KHV |

## **ORDER**

Currently before the court is plaintiffs' formal suggestion of the death of named plaintiff William Younger and motion for substitution of his wife, Nancy Younger, as his representative in the above-captioned cases **(doc. 1009)**.

Mr. Younger died on February 27, 2008. Fed. R. Civ. P. 25(a)(1) provides, "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Pursuant to this rule, plaintiffs request that Mr. Younger's wife be substituted in his place to represent his currently pending claims.

Plaintiffs' single-page motion was not accompanied by a memorandum in support. Defendants took issue with the motion, arguing that plaintiffs made no attempt to show (1) that Mr. Younger's claims survive his death or (2) that Mrs. Younger is the proper party

entitled to pursue those claims.[1]

In reply, plaintiffs explained that their motion was abbreviated because defendants had stated on April 7, 2009 that they did not oppose the substitution of Mrs. Younger to represent her husband's claims.[2] Plaintiffs argued that their motion should be granted based on defendants' express consent to the substitution. Plaintiffs went on, however, to address whether Mr. Younger's claims survived his death. They submitted a detailed chart showing the survival statutes in each jurisdiction implicated by Mr. Younger's claims.[3] According to plaintiffs, Mr. Younger's contract claims survive in all implicated states. Although Arkansas and New Mexico have revival statues that set a one-year limitations period for the substitution for a deceased party, plaintiffs argue that they have either satisfied the limitations period or have satisfied the requirement in the statutes that revival after the limitations period shall be done with the consent of defendants. Plaintiffs also noted that Mr. Younger's consumer fraud claims survive in all implicated states. They asserted that, while Texas appellate courts are split on the question of whether a claim made under the Texas Deceptive Trade Practices Act survives a plaintiff's death, the Texas Supreme Court will likely follow

---

[1] To the extent defendants also argue that the motion is untimely because it was filed after the deadline set in the scheduling order for filing motions to amend the pleadings, defendants' objection is overruled. The substitution of a deceased party, as governed by Rule 25, is clearly not the type of amendment contemplated by the court's scheduling order. In any event, the court would find good cause, pursuant to Fed. R. Civ. P. 16(b)(4), to modify the scheduling order to permit substitution if Rule 25 is satisfied.

[2] *See* Exhibit B to doc. 1076.

[3] Exhibit A to doc. 1076.

the line of cases holding that the cause of action survives the plaintiff's death.  With regard to defendants' argument that plaintiffs have not established that Mrs. Younger is the proper party entitled to pursue Mr. Younger's claims, plaintiffs simply stated that Mr. Younger died intestate and, as his widow, "Mrs. Younger is a successor to plaintiff decedent's property and has an interest therein."[4]

The court finds convincing the fact that defendants clearly consented to the substitution of Mrs. Younger to represent Mr. Younger's interests.  This consent was without equivocation, and defendants should be held to their commitment.  The court also notes that plaintiffs have now provided detailed legal support for their assertion that Mr. Younger's claims survive his death.  Defendants have cited no law to the contrary.  Should defendants believe that a particular claim does not survive Mr. Younger's death, they will have the opportunity to make that assertion in a dispositive motion.

The court is concerned, however, with the lack of evidence demonstrating that Mrs. Younger is the proper party to be substituted for Mr. Younger in these cases.  Although plaintiffs broadly asserted that Mrs. Younger is the successor to her deceased husband's claims, plaintiffs submitted no evidence in support of this assertion.  The court will not grant plaintiffs' motion for substitution unless plaintiffs can show that Rule 25's "proper party" requirement is satisfied.  Therefore, the court directs plaintiffs, by **September 28, 2009**, to supplement the record with evidence, such as letters of administration, showing that Mrs.

---

[4]Doc. 1076 at 6.

Younger is the personal representative of Mr. Younger's estate or otherwise has standing to prosecute his claims, or to submit a written explanation as to why such evidence is not necessary under Florida law.

For now, the court retains jurisdiction over plaintiffs' motion for substitution.

IT IS SO ORDERED.

Dated this 11th day of September, 2009, at Kansas City, Kansas.

                                  s/ James P. O'Hara
                                  James P. O'Hara
                                  U.S. Magistrate Judge