IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE ) | |
| SALES PRACTICES LITIGATION ) | |
| ) | |
| ) | |
| ) | Case No. 07-MD-1840-KHV |
| This Order Relates to All Cases ) | |

# **ORDER**

In this multidistrict litigation, plaintiffs claim that defendants are liable under various state law theories because defendants sell motor fuel for a specified price per gallon without disclosing or adjusting for temperature expansion. Currently before the court are defendants' motion to compel plaintiffs to respond to defendants' consolidated second set of interrogatories **(doc. 1041)**, and defendants' separate motion to compel plaintiffs to produce documents in response to defendants' third set of requests for production of documents **(doc. 1073)**. Having reviewed the motions and the briefs filed by the parties (*see* docs. 1190, 1191, 1210, and 1211), the court is ready to rule.

I. Motion to Compel Responses to Interrogatories (doc. 1041)

Defendants first ask the court to compel plaintiffs to provide full responses to Interrogatory Nos. 1, 3, 47, and 51 of defendants' consolidated second set of interrogatories.[1]

---

[1] Defendants initially asked the court to compel responses to far more interrogatories, but since the filing of defendants' motion, plaintiffs have agreed to provide supplemental responses to a number of interrogatories. Defendants' reply brief thus informs the court that they now seek a ruling only on Interrogatory Nos. 1, 3, 47, and 51. Doc. 1211 at 2.

A.  Interrogatory No. 1

Interrogatory No. 1 asked plaintiffs to "[d]escribe with specificity how [they] intend to identify individuals who purportedly purchased fuel at temperatures above 60 degrees Fahrenheit."[2]  Defendants state that through this interrogatory they were attempting to learn plaintiffs' method for identifying putative class members.  Plaintiffs responded to the interrogatory, in relevant part, as follows:

> Plaintiffs state that in addition to documents of class representatives that demonstrate typical purchases, testimony from class representatives demonstrating typical purchases and testimony and reports from experts, the identify [sic] of those individuals who purchased motor fuel at temperatures above 60 degrees Fahrenheit can be ascertained by Defendants' records that demonstrate: (1) the amount of net gallons of motor fuel purchased and gross gallons of motor fuel sold and/or (2) the amount of motor fuel sold and the temperature of the motor fuel and (3) Defendants' and third parties' documents demonstrating who the motor fuel was sold to.[3]

Defendants argue that this response is insufficient because it is too general.  Defendants urge that plaintiffs should indicate with specificity *where* this information can be found, e.g., plaintiffs should state *which* records of defendants or reports from experts contain information from which defendants can ascertain the identity of individuals who purchased motor fuel at temperatures above 60 degrees Fahrenheit.  Defendants note that plaintiffs' ability to ascertain the members of the class they seek to represent is a critical requirement for class certification.  Plaintiffs respond that they have fully answered the

---

[2] Exhibit B to doc. 1044, at 1.

[3] *Id.* at 1–2.

question posed by Interrogatory No. 1 by stating *how* they intend to identify the individuals.[4]

The court agrees with defendants that plaintiffs' response falls short. Generally, a party may not answer an interrogatory by referring the party propounding the interrogatory to documents produced in the case, deposition testimony, "or other broad classes of documents with no articulation of where [the] information can be found."[5] Absent compliance with Fed. R. Civ. P. 33(d) or attachment of appropriate documents to its interrogatory responses, "a party may not merely refer another party to documents hoping the other party will be able to glean the requested information from them."[6] Plaintiffs must therefore identify with specificity which documents, testimony, or reports they will use to identify putative class members. Plaintiffs are ordered to supplement their response to Interrogatory No. 1 by **October 7, 2009**.

B.  Interrogatory Nos. 3 and 47

Interrogatory Nos. 3 and 47 asked plaintiffs to reveal how they intend to prove certain allegations in this action. Specifically, Interrogatory No. 3 stated, "Describe with specificity

---

[4]Although plaintiffs raised other objections to Interrogatory No. 1 in their consolidated responses to the interrogatories, they did not reassert those objections in response to defendants' motion to compel. The other objections are therefore deemed waived and the court will not address them. *See Moses v. Halstead*, 236 F.R.D. 667, 672 & n.8 (D. Kan. 2006). This is true for all objections to the interrogatories and requests for production that are the subject of the instant motions—throughout this order, the court will only consider objections reasserted by plaintiffs in response to the motions.

[5]*Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 501 (D. Kan. 2006).

[6]*Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006) (internal quotations and citation omitted).

how You intend to prove that the temperature of a Gallon of motor fuel exceeded 60 degrees Fahrenheit at the time that it was purchased by a putative class member."[7]  Interrogatory No. 47 stated, in relevant part, "[S]et forth how You will prove class-wide damages at trial, including the methodology and basis for calculating damages."[8]

Plaintiffs objected to answering these interrogatories on the bases that "the interrogatories, on their face, invades [sic] attorney work-product."[9]  The court agrees that the interrogatories ask plaintiffs to reveal their legal strategy for proving elements in this case.  This is quintessential information protected by the work-product doctrine.[10]

Defendants attempt to spin these interrogatories as seeking "Plaintiffs' key *contentions* in this MDL proceeding"[11] and "the *facts* supporting two of Plaintiffs' central allegations in this MDL proceeding."[12]  Defendants correctly note that the work-product doctrine "does not apply to contentions and supporting facts."[13]  Defendants' argument might therefore have carried the day *if*, for example, Interrogatory No. 3 had asked plaintiffs to

---

[7]Exhibit B to doc. 1044, at 2.

[8]*Id.* at 27.

[9]Doc. 1190 at 1.

[10]*See Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("[T]he work product doctrine is intended . . . to guard against divulging the attorney's strategies and legal impressions . . . .").

[11]Doc. 1042 at 12 (emphasis added).

[12]Doc. 1211 at 5 (emphasis added).

[13]*Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395, 1995 WL 625953, at *3 (D. Kan. Oct. 5, 1995) (internal quotations and citations omitted).

"state the principal or material facts upon which you rely to support your contention that the temperature of a Gallon of motor fuel exceeded 60 degrees Fahrenheit at the times that it was purchased by each putative class member." But Interrogatory Nos. 3 and 47 did not request plaintiffs' contentions and supporting facts. Rather, the interrogatories requested a specific recitation of plaintiffs' counsels' strategy for proving plaintiffs' contentions. As recognized by the *Audiotext* case relied on by defendants, "the trial strategies of counsel" are privileged and need not be revealed in response to an interrogatory.[14]

Defendants' motion to compel is thus denied as to Interrogatory Nos. 3 and 47.

C.  Interrogatory No. 51

Interrogatory No. 51 addressed a damages set-off defense that has been pleaded by defendants.[15] It stated,

> If a putative class member purchased motor fuel from a Defendant at a temperature below 60 degrees Fahrenheit, do You contend that Defendant is not entitled to a set-off against any damages it might incur for selling motor fuel at temperatures exceeding 60 degrees Fahrenheit? If so, state with specificity each principal or material fact and each document that You contend supports Your position.[16]

Plaintiffs objected to this interrogatory "because it seeks a legal opinion from the Plaintiffs

---

[14]*Id.*

[15]*See* Doc 703 at 38 (defendants' fifteenth defense asserting that any damages awarded to putative class members for the purchase of fuel at temperatures above 60 degrees should be subject to a set-off in the amount of benefits they received when they purchased fuel at temperatures below 60 degrees).

[16]Exhibit B to doc. 1044, at 28–29.

as to the Defendants' claimed defense of set-off."[17]

The court finds that, unlike Interrogatory Nos. 3 and 47, Interrogatory No. 51 is a proper contention interrogatory seeking only plaintiffs' contentions and supporting facts related to defendants' set-off defense. Under Fed. R. Civ. P. 33(a)(2), "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Thus, to the extent plaintiffs contend that interrogatories may never seek legal opinions, they are incorrect.[18] "[T]he only kind of interrogatory that is objectionable on the basis that it calls for a legal conclusion is one that extends to legal issues *unrelated to the facts of the case*."[19] The information sought in Interrogatory No. 51 clearly relates to the set-off defense at issue in this case.

Defendants' motion to compel is therefore granted as to Interrogatory No. 51, and Plaintiffs are ordered to supplement their response to this interrogatory by **October 7, 2009**.

II. Motion to Compel Production of Documents (doc. 1073)

Defendants also ask the court to compel plaintiffs to produce documents responsive

---

[17]Doc. 1190 at 2.

[18]*See Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) ("Following [Rule 33's] 1970 amendment, this Court has held that interrogatories which seek opinions or contentions that call for the application of law to facts are proper, and an interrogatory may properly inquire into a party's contentions in the case." (internal quotations and citations omitted)).

[19]*Holland v. GMAC Mortgage*, No. 03-2666, 2005 WL 1285678, at *3 (D. Kan. May 27, 2005) (emphasis in original) (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2167, at 247 (2d ed. 1994)).

to Request Nos. 6, 7, and 8 of defendants' third set of requests for production of documents.[20] These three requests seek information related to the mileage of plaintiffs' vehicles,[21] maximizing the energy content and fuel efficiency of plaintiffs' vehicles,[22] and the advantages or disadvantages of using environmentally friendly motor fuels like ethanol.[23] Plaintiffs object to these requests on the ground that they are not relevant.

Under Fed. R. Civ. P. 26(b)(1), discovery may be obtained "regarding any non-privileged matter that is relevant to any party's claim or defense." Relevancy is broadly construed for pretrial discovery purposes. "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible

---

[20] Defendants initially asked the court to compel the production of documents responsive to Request Nos. 5 and 10–12 as well, but since the filing of defendants' motion, plaintiffs have agreed to produce responsive documents to these four requests. Defendants' reply brief thus informs the court that they now seek a ruling only on Request Nos. 6–8. Doc. 1210 at 1.

[21] Request No. 6 stated, "Produce copies of all documents reflecting or relating to the mileage of any vehicle for which You purchased motor fuel during the Relevant Time Period, including but not limited to, any and all mileage logs and diaries." Exhibit B to doc. 1073, at 2.

[22] Request No. 7 stated, "Produce copies of all documents reflecting or relating to information regarding maximizing energy content, fuel efficiency and/or miles per gallon for your vehicle, including but not limited to, all drivers manuals for all vehicles owned or operated by You, any articles, advertisements, webpage, internet research, letter, email, instant message, or other communication in your possession, custody or control relating to these subject matters." *Id.*

[23] Request No. 8 stated, "Produce copies of all documents reflecting or relating to the advantages and disadvantages of using motor fuel containing ethanol or other environmentally friendly motor fuels, including but not limited to, documents relating to the energy content of such motor fuels." *Id.* at 3.

evidence."[24] At least as a general proposition, then, "[a] request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party."[25]

> When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[26]

The question of relevancy "is to be more loosely construed at the discovery stage than at the trial."[27]

Under the presumption in favor of disclosure, the court finds the information sought in Request Nos. 6, 7, and 8 relevant to the claims and defenses in this case. Plaintiffs have made allegations in this case that when they purchase fuel, they do so with "the expectation that they are purchasing a certain amount of energy"[28] and that they "unknowingly receive[] less fuel" when they purchase fuel at warmer temperatures than at cooler temperatures.[29]

---

[24] *Mackey v. IBM*, 167 F.R.D. 186, 193 (D. Kan. 1996).

[25] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D. Kan. 2001) (internal quotations and citations omitted).

[26] *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003) (citations omitted).

[27] 8 Charles Allen Wright & Arthur Miller, Federal Practice and Procedure § 2008, at 99 (2d ed. 1994).

[28] *See, e.g.,* Doc. 1 in case No. 07-2289, at ¶ 34; Doc. 1 in case No. 07-2355, at ¶ 30.

[29] Doc. 186, at ¶ 3.

Likewise, plaintiffs allege that consumers "have no basis to expect that the 'gallon' Defendants sell varies in energy content from sale to sale."[30] With these assertions, plaintiffs have put the state of their knowledge and understanding about the energy content and efficiency of motor fuel, including so-called environmentally friendly motor fuel, at issue. Thus, it is clearly possible that information in plaintiffs' custody and control about the mileage, fuel energy content, and fuel efficiency of their vehicles could have a bearing on the claims and defenses in this action. Plaintiffs' relevancy objections to these requests are overruled.[31]

Defendants' motion to compel is granted. Plaintiffs are ordered to produce the information sought in Request Nos. 6, 7, and 8 by **October 7, 2009**.[32]

### III.  Order

In consideration of the foregoing,

IT IS HEREBY ORDERED:

---

[30] Doc. 229 at 17 n.34.

[31] Plaintiffs assert that defendants have not met their initial burden of showing the facial relevancy of the information sought in Request Nos. 6, 7, and 8, such that the burden of proving the lack of relevance did not fall on plaintiffs. While the court finds specious plaintiffs' argument about whether defendants met their very minimal initial burden, the court need not decide this issue because the court would reach the same outcome on this matter regardless of which party bears the burden of proof.

[32] Defendants also "request that the Court allow Defendants to supplement their class certification briefing with new information obtained from documents responsive to these requests." Doc. 1210 at 3. Defendants' request for supplemental briefing is denied at the present time. After defendants have reviewed the information produced by plaintiffs in response to Request Nos. 6, 7, and 8, if they still seek to supplement their class certification briefing, they may request leave to do so from U.S. District Judge Kathryn H. Vratil.

1. Defendants' motion to compel plaintiffs to respond to defendants' consolidated second set of interrogatories (doc. 1041) is granted as to Interrogatory Nos. 1 and 51, and is denied as to Interrogatory Nos. 3 and 47. Plaintiffs are ordered to supplement their response to Interrogatory Nos. 1 and 51 by **October 7, 2009**.

2. Defendants' motion to compel plaintiffs to produce documents in response to defendants' third set of requests for production of documents (doc. 1073) is granted. Plaintiffs are ordered to produce the information sought in Request Nos. 6, 7, and 8 by **October 7, 2009**.

Dated this 21st day of September, 2009, at Kansas City, Kansas.

                                            s/ James P. O'Hara
                                            James P. O'Hara
                                            U.S. Magistrate Judge