IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE ) | |
| SALES PRACTICES LITIGATION ) | |
| ) | |
| ) | |
| ) | Case No. 07-MD-1840-KHV |
| This Order Relates to: ) | |
| *Peterson v. Exxon Mobil, et. al.* ) | |
| D. Kan. No. 07-2348-KHV ) | |

## **ORDER**

Currently before the court is the motion **(doc. 1068)** of plaintiff Max Paul Peterson for leave to amend the complaint in the case of *Peterson v. Exxon Mobil*, D. Kan. No. 07-2348 ("the *Peterson* action")[1] to substitute new parties as named plaintiffs and proposed class representatives. Plaintiff states that other legal matters preclude him from fulfilling his responsibilities as the class representative, and he seeks to substitute Luanna Tschinderle, Jeri T. Tschinderle, Karl H. Tschinderle, and Kelly Duton (collectively, "proposed plaintiffs") as plaintiffs and class representatives. For the reasons stated below, plaintiff's motion is granted.

Pursuant to Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) directs the court to "freely give leave when justice so requires." When

---

[1] The *Peterson* action was filed in the United States District Court for the District of Utah, but is one of the many cases that have been transferred to this district and consolidated for pretrial proceedings by the Judicial Panel on Multidistrict Litigation. Doc. 1.

the deadline set in the scheduling order for amending pleadings has passed, however, Fed. R. Civ. P. 16(b)(4) may also be implicated.[2] Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Thus, courts in the District of Kansas determine whether the Rule 16(b)(4) "good cause" standard has been established before proceeding to determine if the more liberal Rule 15(a) standard has been satisfied.[3] Because the scheduling order deadline for amending the pleadings was July 30, 2008 (docs. 388, 506, & 519) but plaintiff did not file the instant motion to amend until May 20, 2009, the court will follow this two-step approach.

First, to establish "good cause" under Rule 16, plaintiff must show that he could not have met the July 30, 2008 scheduling order deadline for amending the complaint even if he had acted with due diligence.[4] A criminal indictment was issued against plaintiff and his company in October 2007, alleging that plaintiff made false statements in connection with a highway project. However, as set forth in the declaration of plaintiff's counsel, C. Val Morely, information available to plaintiff's counsel suggested that the charges against

---

[2]The Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders." *U.S. ex re. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (citing *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006)).

[3]*See, e.g.*, *Miller v. Union Pacific R.R.*, No. 06-2399, 2008 WL 4271906, at *2 (D. Kan. Sept. 12, 2008); *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146, 2008 WL 2944909, at *2 (D. Kan. July 28, 2008).

[4]*Miller*, 2008 WL 4271906, at *2; *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993).

plaintiff personally would be dropped, leaving only the charges against plaintiff's company.[5] That was the state of the matter on July 30, 2008, such that counsel "saw no need as of that date to substitute class representatives."[6] It was not until December 2008 that plaintiff's counsel learned that plaintiff would be personally prosecuted and that there would not be a speedy resolution of his criminal case.[7] At that point, counsel made the decision that new plaintiffs should be substituted to represent the interests of the class. Counsel states that it then took a significant amount of time to locate proposed plaintiffs who had purchased motor fuel from the defendants already alleged in the complaint and for those proposed plaintiffs to locate and gather their records of such purchases.[8]

The court finds that plaintiff has sufficiently established good cause to substitute plaintiffs outside of the deadline set in the scheduling order. Although defendants complain that plaintiff and his counsel have "dragged their feet" in reaching the decision that plaintiff would not be a proper class representative and in identifying substitute plaintiffs, the court finds it reasonable that on July 30, 2008, the scheduling order deadline, plaintiff was still considered an appropriate class representative. The fact that an indictment had been issued against him, without more, did not indicate that plaintiff would be unable to protect the interests of the class. Thus, even acting with due diligence, plaintiff had no reason to seek

---

[5] Exhibit A to doc. 1218.

[6] *Id.*

[7] *Id.*

[8] *Id.*

substitution prior to the deadline.

Having determined that plaintiff has satisfied Rule 16(b)(4)'s good cause standard, the court now considers whether plaintiff has also satisfied the Rule 15(a) standard for amendment of pleadings. As mentioned above, Rule 15(a) anticipates the liberal amendment of pleadings. Nonetheless, a court may deny leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[9]

As discussed above, plaintiff did not unduly delay in seeking substitution. Nor is there any suggestion of bad faith, dilatory motive, previous failure to cure deficiencies, or prejudice to defendants.[10] Defendants' only argument in this regard is that the putative class members in the *Peterson* action are adequately protected by the other District of Utah case consolidated in this multidistrict litigation, *Jenkins v. Amoco Oil Co.*, D. Kan. No. 07-2508 ("the *Jenkins* action").[11] Defendants note that the definitions of the proposed class are nearly identical in the motions for class certification filed in the two cases.[12] Thus, according to

---

[9] *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[10] The most defendants allege is that plaintiff was never produced for a deposition; they concede that plaintiff responded to interrogatories and produced documents.

[11] See doc. 191.

[12] Both motions for class certification define the proposed class as "All individuals and entities that, at any time between January 1, 2001 and the present, purchased [motor fuel/gasoline or diesel fuel] at retail at a temperature greater than 60 degrees Fahrenheit, in the State of Utah, from a [motor fuel dispenser/station] owned, operated or controlled by one or more of the Defendants." Doc. 1125 at 1; doc. 1090 at 1.

defendants, "[j]ustice will not be served by granting this motion"[13] because "the claims of purchasers of fuel in Utah will in no way be precluded if the *Peterson Action* is dismissed."[14]

Plaintiff refutes defendants' argument. He notes that "the *Jenkins* action does not assert two key causes of action asserted in this case -- violation of the Utah Truth in Advertising Act and breach of contract."[15] Given that the denial of substitution in this case would therefore result in the Utah putative class members losing two significant claims, the court finds that it is in the interest of justice to allow substitution.[16]

Finally, the court recognizes that the need to substitute new plaintiffs as class representatives does not frequently arise at convenient times, such as prior to the deadlines contemplated in Rules 15 and 16. Courts in the Tenth Circuit have therefore taken a rather liberal approach in permitting the substitution of class representatives at various stages in the proceedings.[17] Because it has become clear in this case that plaintiff is no longer a suitable

---

[13] Doc. 1198 at 5.

[14] *Id.* at 7.

[15] Doc. 1218 at 2.

[16] The instant motion to amend to substitute plaintiffs as class representatives is distinguishable from previous motions to amend that the court has denied. *See, e.g.*, docs. 520, 646, 683, 1033. The previous motions, if granted, would have prejudiced defendants and expanded the number of jurisdictions in which several defendants would have had to defend. Here, defendants do not assert that they would be prejudiced, the motion does not substantively alter the claims asserted, and the proposed plaintiffs have agreed to respond to discovery previously propounded by defendants within ten days of the entry of this order. *See* doc. 1068 at 2.

[17] *See, e.g., Lindley v. Life Investors Ins. Co. of Am.*, Nos. 08-0379 & 09-1429, 2009 WL 2601949, at *4 (N.D. Okla. Aug. 20, 2009) ("If it becomes clear that class certification is appropriate but plaintiff is not a suitable class representative, . . . a new class representative

representative of the class, the court will permit the requested substitution.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's motion (doc. 1068) for leave to amend the complaint to substitute new parties as named plaintiffs and proposed class representatives is granted.

2. Proposed plaintiffs Luanna Tschinderle, Jeri T. Tschinderle, Karl H. Tschinderle, and Kelly Duton shall file the proposed amended complaint forthwith.

Dated this 24th day of September, 2009, at Kansas City, Kansas.

                                        s/ James P. O'Hara
                                        James P. O'Hara
                                        U.S. Magistrate Judge

---

may be substituted."); *In re Aluminum Phosphide Antitrust Litig.*, 160 F.R.D. 609, 613 (D. Kan. 1995) ("If it later becomes apparent that certain types of purchasers are not adequately represented by the named representatives, the Court may require substitution or addition of a class representative . . . ."); *Heartland Commc'ns, Inc. v. Sprint Corp.*, 161 F.R.D. 111, 115 (D. Kan. 1995) ("[I]f it later becomes apparent that Partners selling certain types of services are not adequately represented by the named representatives, the court may require substitution or addition of a class representative . . . ."); *see also Lynch v. Baxley*, 651 F.2d 387, 387 (5th Cir. 1981) (holding that, after intervening circumstances deprived class representatives of standing, "the district court erred in dismissing the case without giving members of the original class with live claims an opportunity to become plaintiffs by amendment of the complaint or by intervention and thereby save the subclass action" (internal quotation and citation omitted)) .