IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: MOTOR FUEL TEMPERATURE | ) | |
| SALES PRACTICES LITIGATION | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 07-MD-1840-KHV |
| This Order Relates to All Cases | ) | |

## **ORDER**

In this multidistrict litigation, plaintiffs claim that defendants are liable under various state law theories because defendants sell motor fuel for a specified price per gallon without disclosing or adjusting for temperature expansion. Currently before the court is plaintiffs' motion to compel the deposition of defendant Marathon Petroleum Company, LLC ("MPC") pursuant to Fed. R. Civ. P. 30(b)(6) **(doc. 1390)**. For the reasons set forth below, plaintiffs' motion is granted.

On April 9, 2009, plaintiffs served a deposition notice on MPC pursuant to Rule 30(b)(6). Shortly thereafter, MPC's counsel contacted plaintiffs' counsel and resisted the deposition, noting that plaintiffs already had taken the depositions of two MPC employees, Bradley Allsop and Robroy Millican. Plaintiffs' counsel responded that Allsop and Millican only had been deposed in their individual capacities pursuant to Fed. R. Civ. P. 30(b)(1). Counsel then exchanged a number of correspondences about the deposition, eventually agreeing to table the discussion until after the court ruled on dispositive motions filed by

MPC.[1]  On July 31, 2009, however, plaintiffs informed MPC that they had decided to move forward with the Rule 30(b)(6) deposition in light of the approaching discovery deadline and the absence of a ruling on MPC's dispositive motions.[2]

Plaintiffs' decision to pursue the deposition set in motion a new round of discussion amongst counsel.  It appeared that the parties had reached an agreement during an October 1, 2009 teleconference in which counsel agreed that the noticed deposition topics would be narrowed, but unfortunately the agreement later fell apart when the parties could not reach a consensus on what, if any, topics would be covered.[3]  Around that same time, counsel for all parties began negotiating a possible stay of discovery.  On October 20, 2009, plaintiffs' counsel sent a letter to MPC's counsel "insist[ing] that [MPC] put up a representative(s) now on all topics we have noticed."  The letter stated that if MPC did not clarify by October 23, 2009 "whether [MPC] will (or will not) offer a 30(b)(6) deponent for the topics noticed," plaintiffs would move the court to compel the Rule 30(b)(6) deposition.  On October 23, 2009, MPC's counsel emailed plaintiffs' counsel and stated that MPC would provide its

---

[1]*See* MPC's Motion for Summary Judgment (doc. 684), Certain defendants' Motion to Dismiss for Lack of Jurisdiction (doc. 1242), and MPC's Motion for Summary Judgment (doc. 1254).  Certain defendants' Motion to Dismiss for Lack of Jurisdiction was overruled on December 3, 2009 (doc. 1444).  The two motions for summary judgment have been administratively terminated pending the court's ruling on the motion to certify a class in Kansas (doc. 1448).

[2]On September 21, 2009, plaintiffs formally noticed MPC's Rule 30(b)(6) deposition for October 20, 2009.

[3]MPC took the position that all of the noticed topics either had been addressed by Millican and Allsop, had been addressed in written discovery, were not relevant, or were beyond the knowledge possessed by MPC.

position on the deposition after it was approved by MPC's in-house counsel early the following week. Plaintiffs filed the instant motion to compel on October 26, 2009.[4]

On November 4, 2009, following two status conferences with liaison and lead counsel, the court entered an order indefinitely staying all deposition discovery (doc. 1406). In Scheduling Order No. 3, entered on November 20, 2009, the court adopted the parties' agreement to stay depositions and written discovery until U.S. District Judge Kathryn H. Vratil ruled on the motion for class certification in Kansas (doc. 1429 at 7). Scheduling Order No. 3 noted, however, that the undersigned intended to rule the instant motion prior to Judge Vratil's certification decision and that the undersigned would consider the discovery stay in setting any deadlines for compliance with his order (*id.* at 11). Thus, despite the current stay of deposition discovery, the court will proceed to address plaintiffs' motion to compel the Rule 30(b)(6) deposition of MPC.

The motion to compel is granted. Rule 30 clearly permits a party to depose a company, and MPC has suggested no valid reasons why it should be immune from the noticed deposition.

MPC asserts that because it is willing to formally designate Millican and Allsop's Rule 30(b)(1) testimony as its Rule 30(b)(6) testimony, it should not be forced to submit to

---

[4]Given the parties' history of communication on this issue, the court is minimally satisfied that plaintiffs have met their duty to confer before filing the motion. *See* D. Kan. R. 37.2; *see also White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, No. 07-2319, 2009 WL 722056, at *2 (D. Kan. March 18, 2009) (court has discretion to address merits of discovery dispute even where duty to confer might not have been satisfied); *Strasburg-Jarvis, Inc. v. Radiant Sys., Inc.*, No. 06-2552, 2009 WL 129361, at *2 (D. Kan. Jan. 20, 2009) (same).

a separate deposition. Courts in this district, however, have recognized a distinction between Rule 30(b)(1) testimony and Rule 30(b)(6) testimony. In *Miller v. Union Pacific R.R. Co.*, the court explained:

> With respect to a Rule 30(b)(6) deposition, no distinction exists between the designated corporate representative and the corporation. During the Rule 30(b)(6) deposition, the designated corporate representative does not give his or her personal opinion like an individual does, but rather presents the corporation's position on the topic. In other words, the designee testifies on behalf of the corporation and thus holds it accountable. Most importantly, the designated representative's testimony is binding on the corporation. In contrast, the testimony of a corporation's employee, when taken in his or her individual capacity, does not bind the corporation.[5]

Based on this reasoning, courts have consistently held that the fact that a company's employee was deposed under Rule 30(b)(1) does not insulate the company from producing the same—or another—individual as a corporate representative to give a Rule 30(b)(6) deposition.[6] Indeed, Rule 30(b)(6) itself contemplates both individual and corporate depositions, stating "[t]his paragraph (6) does not preclude a deposition by any other

---

[5] No. 06-2399-JAR-DJW, 2008 WL 4724471, at *2 (D. Kan. Oct. 24, 2008) (internal quotations and citations omitted).

[6] *See, e.g., id.* at *3 ("Waste Management is entitled to know what the corporation's position is on this topic, and a Rule 30(b)(6) deposition is the proper vehicle to determine that position. In short, the fact that individually-named witnesses have testified concerning a subject is no obstacle to a 30(b)(6) deposition on the same subject."); *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1732369, at *3 (D. Kan. June 11, 2007) (ruling, "just because [a party] may choose to designate certain individuals as its corporate designees whose fact depositions have already occurred does not insulate [the party] from the requirements of Rule 30(b)(6). Such a finding would eviscerate Rule 30(b)(6)"); *Williams v. Sprint/United Mgmt. Co.*, No. 2006 WL 334643, at *1 & n.1 (D. Kan. Feb. 8, 2006) (distinguishing a Rule 30(b)(6) deposition from the deposition of a witness as an individual).

procedure allowed by these rules."[7]

MPC also argues that plaintiffs' Rule 30(b)(6) deposition notice seeks duplicative and cumulative "testimony on topics that (1) were exhaustively covered during Mr. Millican and Mr. Allsop's depositions, (2) are either irrelevant or non-existent because MPC does not own or operate retail stations in the states in which it has been sued, and/or (3) have already been provided in written discovery."[8]  The court is unpersuaded that any of these stated reasons support MPC's resistance to a Rule 30(b)(6) deposition.

First, the fact that Millican and Allsop addressed the noticed topics when testifying in their individual capacities is of no consequence.  As discussed above, when a person testifies in his individual capacity under Rule 30(b)(1), he speaks on behalf of himself, not his company.  Plaintiffs are entitled to learn MPC's official corporate position—based on the

---

[7]MPC has cited no case from within the Tenth Circuit that supports its position that designating Millican and Allsop's Rule 30(b)(1) testimony as MPC's Rule 30(b)(6) testimony would limit or eliminate a Rule 30(b)(6) deposition.  If it is MPC's contention that if MPC makes such a designation, plaintiffs should be prohibited in the Rule 30(b)(6) deposition from asking the same questions that they previously asked during the witnesses' Rule 30(b)(1) depositions, MPC should fully address this argument in the context of a motion for a protective order (fully developing this matter is particularly important here given plaintiffs' contention that Millican and Allsop were unable to answer numerous questions because, testifying as individuals, they had no duty to learn information that was reasonably available to the company).

[8]Doc. 1415 at 18; *see* Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.").

institutional knowledge of the corporation—on the noticed topics.[9]

Second, whether MPC controls and operates retail stations is a contested matter in this litigation.[10] Plaintiffs allege that, as a franchisor, MPC controls the manner in which Marathon-branded motor fuel is represented and sold to consumers. Thus, noticed topics falling, for example, under the heading "Control of Operations" clearly are relevant to a claim or defense in this action. Plaintiffs are entitled to conduct discovery into these areas because "the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[11] To the extent that MPC contends that it has no information on a particular topic (such as the pricing of retail motor fuel), it must simply state as much in the deposition.[12]

Third, MPC has not presented any specific examples of written discovery that have

---

[9] *See Miller*, 2008 WL 4724471, at *5 ("As noted above, however, the fact that other individual employees may have testified regarding certain matters does not preclude a Rule 30(b)(6) deposition of the corporate representative on the same or similar issues.").

[10] *Compare* MPC's Motion for Summary Judgement (doc. 684) with plaintiffs' Response to Motion for Summary Judgement (doc. 941).

[11] Fed. R. Civ. P. 26(b)(1).

[12] *See Miller*, 2008 WL 4724471, at *4 ("To the extent Union Pacific contends that no one within the corporation has any knowledge of any complaints from Mr. Taylor or Mr. Tidquist, then Union Pacific may designate a corporate representative to testify to that effect."); *Payless Shoesource Worldwide, Inc. v. Target Corp.*, No. 05-4023-JAR, 2008 WL 973118, at *12 (D. Kan. April 8, 2008) ("To the extent that Target has no more information regarding accessories from 1992-2002, or other aspects of topic no. 38, then Target's designated Rule 30(b)(6) representative can testify that the information sought is not known or reasonably available to [Target]."); *Raytheon Aircraft Co. v. U.S.*, No. 05-2328-JWL-DJW, 2007 WL 2668725, at *7 (D. Kan. Sept. 6, 2007) ("If USACE, as an institution, does not have the information Raytheon seeks, then its designated Rule 30(b)(6) representative can testify that the information sought is not known or reasonably available to USACE.").

fully addressed topics listed on the deposition notice. The court will not accept unsupported, conclusory statements as a basis for blocking the deposition contemplated by Rule 30(b)(6).[13]

Finally, the court notes that while MPC initially filed a cross-motion for a protective order with its response to the instant motion (doc. 1415),[14] MPC has since "withdrawn" that cross-motion (*see* doc. 1447 at 3). The court therefore denies the cross-motion as moot.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.      Plaintiffs' motion to compel the Rule 30(b)(6) deposition of MPC (doc. 1390) is granted. However, given the current discovery stay imposed by Scheduling Order No. 3 (doc. 1429), the deposition shall not go forward at this time. As discussed in Scheduling Order No. 3, after Judge Vratil makes her class certification decision, the court will convene a status conference to determine the scope and timing of remaining discovery. The court will address the scheduling of the MPC deposition at that time.

2.      MPC's cross-motion for a protective order (doc. 1415) is denied as moot.

Dated this 16th day of December, 2009, at Kansas City, Kansas.

                                                 s/ James P. O'Hara
                                                James P. O'Hara
                                                U.S. Magistrate Judge

---

[13] *See G.D. v. Monarch Plastic Surgery, P.A.*, 239 F.R.D. 641, 648 (D. Kan. 2007) (ruling that objections to discovery must be supported and noting that the court "looks with disfavor on conclusory or boilerplate objections" (*quoting Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670 (D. Kan. 2004)).

[14] MPC's cross-motion asked the court to stay all discovery against MPC until dispositive motions filed by MPC have been ruled. *See supra* note 1.