IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

In re  MOTOR FUEL SALES
PRACTICES LITIGATION

)
)
)
)
)
)
)
)
)
)

<u>Class Action</u>

Case No.: 07-MD 1840-KHV-JPO
MDL No.:  1840


Date:  April 1, 2010
Time:  9:30 a.m.
Courtroom:  476

(PROTECTIVE) OBJECTION AND NOTICE OF INTENTION TO
APPEAR AT FAIRNESS HEARING ON PROPOSED SETTLEMENT
<u>AND AWARD OF ATTORNEYS' FEES AND EXPENSES</u>

Lawrence W. Schonbrun
(California State Bar No.  054519)
Law Offices of Lawrence W. Schonbrun
86 Eucalyptus Road
Berkeley, CA 94705
Tel: (510) 547-8070
Fax: (510) 923-0627
E-mail:  lschon@inreach.com

Richard C. Wallace
Evans & Mullinix, P.A.
7225 Renner Rd., Ste. 200
Shawnee, KS 66217-3043
Tel:  (913) 962-8700
Fax:  (913) 962-8702
E-mail:  richard@evans-mullinix.com

*Counsel for Putative Plaintiff Class Member/Objector
Daryl Chilimidos*

TO:     THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL
        PARTIES AND THEIR ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE that pursuant to the "Legal Notice by Order of the Court"

(hereinafter "Notice"), authorized by this Court, Plaintiff Class Member/Objector Daryl

Chilimidos, who is a putative class member of the above-denominated Plaintiff class (see

attached), files the following (protective) written objection regarding the proposed settlement and

attorneys' fees and expense request.  This Class Member intends to appear through counsel and

orally object at the above-scheduled fairness hearing and anticipates that, with the Court's

permission, his presentation will not exceed 30 minutes.

OBJECTIONS

        Putative Plaintiff Class Member/Objector objects as follows:

        1.      Class Member objects to the class definition in the Notice because it provides no

information or mechanism by which a class member can determine whether he or she is a part of

the class, i.e., how would a purchaser of gasoline from Costco be certain that gasoline had been

"purchased ... at a temperature above 60 degrees?"

        2.      Class Member objects to Class Counsel's request for attorneys' fees.

        (a)     Class Counsel have violated class members' Rule 23(h) right to notice.

                (1)     *Motion for Award of Attorney Fees.*  A claim for an award of
                attorney fees and nontaxable costs must be made by motion under Rule
                54(d)(2), subject to the provisions of this subdivision, at a time set by the
                court.  <u>Notice of the motion must be served on all parties and, for motions
                by class counsel, directed to class members in a reasonable manner.</u>
                ....
                (2)     *Objections to Motion.*  A class member, or a party from whom
                payment is sought, may object to the motion.

Fed.R.Civ.P. 23(h)(1) and (2) (emphasis added).

        Class members' due process right to be heard at the fairness hearing is violated

because class members are being required to file their objection to Class Counsel's fee request

before Class Counsel's motion for attorneys' fees is filed with the Court.  Therefore, class members have been denied an adequate opportunity to oppose Class Counsel's fee request.

> Subject to Rule 23(h), the court must, on a party's request [for attorneys' fees], give an opportunity for adversary submissions on the motion....

Fed.R.Civ.P. 54(d)(2)(C) (emphasis added).

> In setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion.

Report of the Judicial Conference of the United States on Class Action Settlements (Feb. 2006), Proposed Amendments to Fed.R.Civ.P. 23, "Class Actions," Committee Note, Subdivision (h), ¶ 2 (emphasis added).

This is exactly the situation criticized by Keith L. Johnson, former Chief Legal Counsel for the State of Wisconsin Investment Board (and rectified by the Rule 23(h) amendment):

> In most cases, settlement notices call for class members to state their objections to fee awards by a deadline that is set to pass before class counsel even files the fee petition.  Thus, class members must decide whether to object to something they haven't seen!  This appears to be a patent violation of the due process rights of class members....  Since courts do not seem to recognize this problem, class members will have to raise the issue repeatedly until this practice changes.

Keith L. Johnson, former Chief Legal Counsel for the State of Wisconsin Investment Board, *Lesson 5: Settlements are Often Structured So the Class Has to Object to Fee Petitions before They Are Even Filed* (Foley & Lardner, Chicago, Ill., bulletin).

In order to cure this defect, Class Member requests that the Court appoint a class guardian[1] to represent the class members' interests on this issue.

---

[1] An additional reason for this appointment is the misleading language in the Notice, which reads**:**

> "You may also pay your own lawyer to attend, but it's not necessary."
> ....

---

> For this reason, in addition to requiring that the trial court evaluate whether a class action settlement is "fair, adequate and reasonable and is not the product of collusion between the parties", . . . the law accords special protections, primarily procedural in nature, to individual class members whose interests may be compromised in the settlement process. These protections include notice, ensuring that class members know when their rights are being compromised, and an opportunity to voice objections to the settlement.

*Piambino v. Bailey*, 757 F.2d 1112, 1145 (11th Cir. Mar. 18, 1985) (footnote omitted).

        (b)      Class Member objects to court approval of Class Counsel's fee request for the additional reason that Class Counsel has failed to disclose the terms of their fee-sharing agreement. Although more than one law firm is seeking attorneys' fees in this case, there is no information on the nature of the fee-sharing agreement between or among these firms.

> *In re "Agent Orange" Prod. Liab. Litig.*, 611 F.Supp. 1452, 1458-62 (E.D.N.Y. 1985) (Chief Judge Weinstein ... ordered that "[i]n future cases, *as soon as a fee-sharing arrangement is made its existence must be made known to the court,* and through the court to the class." *Id.* at 1463.)

*In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 156-57 (2d Cir. Apr. 21, 1987).

> Rule 23(e)(2) directs the parties to "file a statement made in connection with the proposed settlement." Let the settling parties know that you expect them to provide the full settlement agreement as well as an informative summary of other agreements, ... <u>side understandings about attorney fees;</u> and agreements about filing future cases, ... and the like.

---

> "If you want to be represented by your own lawyer, you may hire one at your own expense."

(Notice at 6, ¶ 13 and 5, ¶ 8, respectively.) These statements are deceptive because they improperly discourage class members from seeking legal representation when Rule 23 recognizes the power of the court to award reasonable attorneys' fees to objectors' counsel.

> In some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the class, such as ... attorneys who represented objectors to a proposed settlement under Rule 23(e) or to the fee motion of class counsel.

Fed.R.Civ.P. 23(h), 2003 Advisory Committee Notes.

---

Barbara J. Rothstein and Thomas Willging, *Managing Class Action Litigation:  A Pocket Guide for Judges* (Fed. Jud. Center 2005), at 9 (emphasis added).

Without this disclosure, class members' ability to evaluate the reasonableness of Class Counsel's fee request, as well as the district court's role as protector of the class's interests under F.R.C.P.  23(e) and its role of assuring the reasonableness of attorneys' fee awards cannot be effectuated.

> [A fee award] that "allows counsel to divide the award among themselves in *any* manner they deem satisfactory under a private fee sharing agreement ... overlooks the district court's role as protector of class interests ... and its role of assuring reasonableness in the award of fees in equitable fund cases."

*In re FPI/Agretech Sec. Litig.*, 105 F.3d 469, 473 (9th Cir. 1997).

> [Plaintiffs' counsel may] attempt to resolve the competition by "private ordering," that is, by agreeing to divide the labor, expenses, and fees.  To safeguard the interests of the class and to prevent unnecessary litigation and overstaffing, you may want to review those agreements (which will be subject to disclosure upon settlement in any event).  MCL 4th § 21.272.
> ....
> Rule 23(e)(2) directs the parties to "file a statement identifying any agreement made in connection with the proposed settlement."  Let the settling parties know that you expect them to provide the full settlement agreement as well as an informative summary of other agreements, such as settlement agreements for claims similar to those of class members; side understandings about attorney fees; and agreements about filing future cases, sealing of discovery, and the like.

Rothstein & Willging, *Managing Class Action Litigation, supra*, at 5 and 9, respectively.

(i)     Also, no information is provided in the Notice with regard to the amount of attorneys' fees earned or to be earned by these counsel in additional lawsuits against retailers of gasoline and diesel fuel other than Costco mentioned in the Notice at 1.

(c)     The payment of attorneys' fees should be delayed until it is determined what benefits the class will actually receive with respect to the conditional promises contained in the section "What does the Proposed Settlement Provide?" (Notice at 2, ¶ 4.)  *See* ¶ 3(b), on page 7, *infra*.

_____

(i)      The number of states identified in the Notice in which Costco converts its motor fuel pumps to "automatic temperature correcting pumps."

(ii)     The dollar value of the savings to class members as a result of those conversions.

> Before proceeding further, we think it important to restate some observations that have been made by lawyers and judges about class actions and, in particular, the delicate role of the class lawyer.  It has been said that class actions are "strike suits promoted by attorneys who simply are seeking fat fees" and that nothing has created as much "cynicism at the bar" as the settlement negotiations in class actions and the "accompanying maneuvering for fees."  In Chief Judge Lumbard's view, "the only persons to gain from a class suit are not potential plaintiffs, but the attorneys who will represent them."
> ....
> When the class attorneys succeed in reaping "a golden harvest of fees" in a case involving a relatively small recovery, the judicial system and the legal profession are disparaged. As Judge Moore has observed, "the practice of awarding attorneys' fees is one that has been 'delicate, embarrassing and disturbing' for the courts.  (citations omitted).  This embarrassment is rooted in the fact that 'the bitterest complaints [about the legal profession] from laymen [are directed at] the windfall fees and featherbedding that lawyers have managed to perpetuate through . . . their influence with the judiciary.'"  "For the sake of their own integrity, the integrity of the legal profession, and the integrity of *Rule 23*, it is important that the courts should avoid awarding 'windfall fees' and that they should likewise avoid every appearance of having done so."

*Piambino v. Bailey*, *supra*, 757 F.2d at 1143 and 1144, respectively  (footnoted citations omitted).

> The relevant inquiry...focuses a court's attention on the benefits <u>actually received</u> and used by plaintiffs, [and] will determine not only the often evident threshold question of eligibility for fees, but it will also be critical in determining the amount of a reasonable fee award, in that the final award must depend on a full assessment of the extent of the benefits received by plaintiffs.

*In re Prudential Ins. Co. America Sales Practice Litig.*, 148 F.3d 283 n.116 (3d Cir. 1998), *cert. denied*, 525 U.S. 1114 (1999) (emphasis added).

---

> One fundamental focus is <u>the result actually achieved</u> for class members, a basic consideration in any case in which fees are sought on the basis of a benefit achieved for class members....
>
> In many instances, the court may need to proceed with care in assessing the value conferred on class members.  Settlement regimes that provide for future payments, for example, may not result in significant actual payments to class members.  In this connection, the court may need to scrutinize the manner and operation of any applicable claims procedure.  In some cases, it may be appropriate to defer some portion of the fee award until actual payouts to class members are known.

Report of the Civil Rules Advisory Committee, *Rule 23 Class Actions*, "Rule 23(h):  Attorney Fees Award," Committee Note,  at 293 (September 2002) (emphasis added).

3.      Class member objects to the Court's approval of the proposed settlement because:

(a)      "No payments will be made to any class members" (Notice at 3, ¶ 4)  in spite of the fact that this litigation is apparently based on excess profits related to the sale of motor fuel without compensating the purchasing class members for the expansion of motor fuels.

(b)      The settlement's consideration offered to the class is too speculative in that the benefits are described in the following conditional terms:

> [T]o the extent allowed under the law of those states....
> ....
> [I]f Costco sells gasoline in the state and purchases gasoline temperature (sic) adjusted within the State....
> ....
> If Costco experiences material disruption in its supply of gasoline in a State as a result of this agreement, Costco may choose to rescind the agreement to convert to temperature correcting pumps in that State.

(Notice at 3, ¶ 4; emphasis added.)

(c)      Neither the Settlement Agreement nor the Notice contain necessary information regarding the fairness, adequacy, and reasonableness of the proposed settlement.

In *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277 (7th Cir. 2002), at 285, Judge Posner, in directing a district court on settlement approval procedures, instructed the court as follows:

_____

> [I]nsist[] that the parties present evidence that would enable four possible outcomes to be estimated [by the class and the court]:  call them high, medium, low, and zero.  [This] approximate range of percentages, reflecting the probability of obtaining each of these outcomes in a trial ... and so a ballpark valuation [can be] derived.

*Accord, Synfuel Technologies, Inc. v. DHL Express (USA), Inc., et al.*, 463 F.3d 646 (7th Cir. 2006), at 653:

> In conducting this analysis [of the fairness, adequacy, and reasonableness of the settlement], the district court should begin by "quantify[ing] the net expected value of continued litigation to the class." *Reynolds*, 288 F.3d at 284-85.  To do so, the court should "estimat[e] the range of possible outcomes and ascrib[e] a probability to each point on the range."  *Id.* at 285.  Although we have recognized that "[a] high degree of precision cannot be expected in valuing a litigation," the court should nevertheless "insist[] that the parties present evidence that would enable[] possible outcomes to be estimated," so that the court can at least come up with a "ballpark valuation."  *Id.* at 285.

Additional information is needed:

> [Y]ou cannot rely on adversaries to shape the issues that you must resolve in the class context.
>
> ....
>
> [I]t seems absolutely necessary to obtain information and arguments from the parties about their assessment of the probabilities of success and their projection of a realistic range of possible recoveries. *Reynolds*, 288 F.3d at 284-85, discusses this approach further.  While party submissions may influence your judgment about the merits, keep in mind that the parties have their own interests in supporting the settlement.  You may need to look elsewhere for information that will allow you to take an independent and hard look at the merits of the claims and defenses.

Rothstein & Willging, *Managing Class Action Litigation, supra*, at 2 and 9 (emphasis added).

    4.    Class Member objects to approval of the proposed settlement unless the Court obtains an expert's opinion regarding:

    (a)    whether the evidence in this case supports class members' allegation that they have been defrauded by the Defendant, and, if so, the amount of monetary damages suffered by the class as a result of that fraud;

(b)    which consumer protection laws asserted by Class Counsel would provide

the class with relief.

> Be aware that the adversarial clashes usually end with the settlement.
> Indeed, most settlements preclude the parties and attorneys from opposing
> the settlement's provisions, especially the stipulations about attorney fees.
> Thus, you need to take independent steps to get the information you'll
> undoubtedly need to review a settlement agreement.
> ....
> Reviewing a proposed settlement calls for you to use your traditional
> judging skills.  The central questions relate to the merits of the claims and
> defenses:  What are the class claims?  How likely is the class to succeed
> on each claim in further litigation, including trial?
> ....
> Expert evaluations of the costs and present monetary value of all aspects
> of the settlement to the class may be available.  What information did the
> parties use to exercise their own "due diligence" reviews?
> ....
> If so, this is the time to appoint an expert, special master, magistrate judge,
> or other judicial adjunct to evaluate the proposal before the fairness
> hearing....  As a practical matter, your waiting for objections or for the
> settlement parties' presentations at the fairness hearing will be too late.

Rothstein & Willging, *Managing Class Action Litigation, supra*, at 8, 9, 10 and 11 respectively
(citations omitted).

(c)    The separate payment of attorneys' fees provision, "fees and expenses ...

will be paid by Costco" (Notice at 5, ¶ 9), should be rejected by the Court unless the parties agree

that if the court's attorneys' fee award  is below $10 million, that difference will be used to

benefit class members rather than become a windfall for the Defendant.  Under the Settlement

Agreement, should the Court award a reasonable attorneys' fee of less than $10 million, the

reduction will solely benefit the Defendant.  This is particularly important in that in the instant

case the class will not be receiving any monetary relief.

(i)    Objector requests that both the class's recovery and the maximum

fee agreed to be paid by the Defendant without objection be treated as part of one class recovery

so that  in the event the full $10 million is not awarded, the class can share the benefit of any fee reduction.

The attorneys' fee payment must be considered part of the class's recovery.

> In an effort to avoid the sort of abuse and "sharp" professional practice these quotations describe, *Rule 23* imposes heavy burdens on the court and plaintiffs' counsel.  In the situation before us, for example, "by asserting a representative role on behalf of the alleged class [as Lead Counsel did when they filed this suit, <u>Lead Counsel] voluntarily accepted a fiduciary obligation towards the members of the putative class they [undertook] to represent</u>. They [could] not abandon the fiduciary role they assumed at will or by agreement with the [defendants], if prejudice to the members of the class they claimed to represent would result or if they have improperly used the class action procedure for their personal aggrandizement."  Moreover, once the court below determined the class and designated Lead Counsel as the lead attorneys in this case, they commenced to serve "in something of a position of public trust."  Consequently, [they] share[d] with the court the burden of protecting the class action device against public apprehensions that it encourages strike suits and excessive attorneys' fees."

*Piambino v. Bailey*, *supra*, 757 F.2d at 1144 (emphasis added; footnote and citations omitted).

A simple way to rectify Class Counsel's breach of fiduciary duty to their clients would be to merge payment by the Defendant of the attorneys' fee into a fund for the class, as suggested in the MANUAL FOR COMPLEX LITIGATION.  Absent such a change, Class Counsel have violated their responsibility under Fed.R.Civ.P. 23(a)(4) -- failure to provide adequate representation to the class.

> If an agreement is reached on the amount of a settlement fund and a separate amount for attorney fees and expenses ... the sum of the two amounts ordinarily should be treated as a settlement fund for the benefit of the class, with the agreed-on fee amount constituting the upper limit on the fees that can be awarded to counsel.

Manual for Complex Litigation, Fourth, *Class Actions*, "Attorney Fee Awards," § 21.7 at 335 (Fed. Jud. Center 2004).

For example, see *Cisek v. National Surface Cleaning, Inc., et al.*, 954 F. Supp. 110 (S.D.N.Y 1997) (emphasis added):

> The defendants and plaintiffs' counsel agreed on the record that any amount by which the fees and costs defendants agreed to pay plaintiffs' counsel exceeds the sum awarded by the court will be paid to the plaintiffs themselves).

*See also* Alan B. Morrison and Brian Wolfman, *Representing the Unrepresented in Class Actions Seeking Monetary Relief*, 71 N.Y.U. L. REV. 439 (April/May 1996), at 504-05 (emphasis added):

> For all these reasons, class action Rules should treat direct payments of fees from the defendant to the plaintiffs' lawyers as payments into the common fund. In addition, if the defendant does not oppose a fee below a certain amount, any fee award "saved" by a successful challenge to the award, or a *sua sponte* court reduction, should go to the class and not the defendant.

> (ii) Lack of adequacy of representation.

Class Counsel are not adequate representatives of the class as long as the separate payment of the attorneys' fee provision exists. Unless a modification of the proposed settlement is agreed to by Class Counsel and the Defendant, Putative Class Member/Objector objects to Class Counsel's representation of the class as they are inadequate representatives of the class's interest under the separate attorneys' fee payment settlement structure.

> "When counsel for the [plaintiff-]class negotiates simultaneously for the settlement fund and for individual counsel fees there is an inherent conflict of interest." The defendant, and therefore its counsel, is "uninterested in what portion of the total payment will go to the class and what percentage will go to the class attorney"; accordingly, the defense operates as no brake against the invidious effects of such a conflict of interest.

*Piambino v. Bailey*, *supra*, 757 F.2d 1112, 1143 (1985) (footnote and citations omitted).

---

In a class action, adequate representation is a due process requirement and class counsel must represent the interests of absent class members <u>at all times</u> of the negotiations with the Defendants.  (*See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Matsushita Ele. Indus. Co., Ltd. v. Epstein*, 116 S.Ct. 874, 885 (1996)).

> An adequate representative must...be <u>free from economic interests that are antagonistic</u> to the interests of the class.

*Larson v. Dumke*, 900 F.2d 1363, 1367 (9th Cir. 1990) (emphasis added).

A lawyer's obligation is to maximize his or her client's recovery. The separate fee payment maximizes the attorneys' recovery at the expense of the class recovery.

Plaintiffs' and Defendants' counsel are perfectly capable of understanding at the outset of their negotiation that the total cost of the settlement to the Defendants is the sum of the attorneys' fee plus the class's recovery.  Both sides understand the obvious fact that giving the class no money means there is more cash available to offer to Plaintiffs' counsel for their fees.  Therefore, Plaintiffs' counsel have a financial incentive not to drive the hardest bargain they can with regard to the class's recovery.

5.      Objector objects to the restrictions imposed on the parties with regard to public comment.  (See Settlement Agreement at 15, ¶ 12) as being against public policy.

6.      Class Member objects to the approval of any proposed settlement that does not include a provision requiring Class Counsel or the Defendant or both to file a motion advising the Court, with notice to class members who have filed objections to the proposed settlement, under any of the following circumstances:

(a)      the Stipulation of Class Action Settlement Agreement and Release (hereinafter "Settlement Agreement"] is rescinded, cancelled, or annulled (Settlement Agreement at 10, ¶ 4.8.)

(b)      the parties wish to modify the Settlement Agreement (Settlement Agreement at 17, ¶ 14.7 and 18 ¶ 14.8.)

---

(c)     the parties wish to amend the Settlement Agreement (Settlement Agreement at 17, ¶ 14.7.)

7.     Any compliance report under the Settlement Agreement (Settlement Agreement at 13, ¶ 8.2) must be filed with the Court.

8.     Class Member objects to the requirement that he publicly disclose his address and telephone number. This confidential information can be obtained from the Objector's counsel. No explanation is provided for a requirement that class members publicly disclose personal identification information.

9.     Objector reserves the right to adopt objections filed by other class member/objectors.

Dated: March 2, 2010       s/Lawrence W. Schonbrun
                                      Lawrence W. Schonbrun, Esq.
                                      (California State Bar  No. 054519)
                                      Law Offices of Lawrence W. Schonbrun
                                      86 Eucalyptus Road
                                      Berkeley, CA 94705
                                      Tel: (510) 547-8070
                                      Fax: (510) 923-0627
                                      E-mail:  lschon@inreach.com

Dated: March 2, 2010       Evans & Mullinix, P.A.

                                      Richard C. Wallace
                                      7225 Renner Rd., Ste. 200
                                      Shawnee, KS 66217-3043
                                      Tel:  (913) 962-8700
                                      Fax:  (913) 962-8702
                                      E-mail:  richard@evans-mullinix.com

                                    *Counsel for Putative Plaintiff Class*
                                    *Member/Objector Daryl Chilimidos*

_____

(Protective) Objection and Notice of Intention to Appear at
Fairness Hearing, etc. – No. 07-MD-1840-KHV-JPO; MDL No. 1840        13

<u>CERTIFICATE OF SERVICE</u>
(Fed.R.Civ.P. 5(b))


   I declare that I am employed in the law firm of Lawrence W. Schonbrun, whose address is 86 Eucalyptus Road, Berkeley, CA 94705.  I am not a party to the within cause.  I am over the age of 18 years and I am readily familiar with the business practices of this office.

   On March 2, 2010, by electronic transmission via the Court's Electronic Case Filing System, I caused to be served a copy of the following documents:

   OBJECTION AND NOTICE OF INTENTION TO APPEAR AT FAIRNESS HEARING ON PROPOSED SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES

on interested parties registered for e-filing in the within action.

   In addition, on March 2, 2010, I served a copy of the above documents:

 X  By mail on the below-named parties in said action by placing a true and accurate copy thereof in a sealed envelope, with postage thereon fully prepaid, and depositing the same in the United States Mail to the addresses set forth below:


Robert A. Horn, Esq.     David F. McDowell, Esq.
Horn Aylward & Bandy LLC   Morrison & Foerster LLP
2600 Grand Blvd., Ste. 1100   555 W. Fifth St.
Kansas City, MO 64108    Los Angeles, CA 90013


   I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 2, 2010, at Berkeley, California.


       s/Sandra Norris
       Sandra Norris

Lawrence W. Schonbrun, Esq. (CSB No. 054519)
Law Offices of Lawrence W. Schonbrun
86 Eucalyptus Road
Berkeley, CA 94705
Tel: (510) 547-8070

Attorney for Plaintiff Class Member
Daryl Chilimidos

UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | |
|---|---|
| In re MOTOR FUEL SALES PRACTICES LITIGATION | Class Action<br><br>Case No.: 07-MD 1840-KHV-JPO<br>MDL No.: 1840<br><br>DECLARATION OF CLASS MEMBERSHIP OF DARYL CHILIMIDOS |

1.      My name is Daryl Chilimidos.

2.      I reside in California and purchased gasoline at Costco in California, on the following occasions:   (see attached)

_____.

3.      As a result of these purchases, I understand I am a member of a class defined as persons who "purchased gasoline from Costco at a temperature above 60 degrees[1], between January 1, 2001, and April 22, 2009, and reside in the following states:  Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, the District of Columbia, or Guam."

4.      I have retained Lawrence W. Schonbrun as additional counsel to represent my interests in the further proceedings in this action.

_____

[1]  I do not know the temperature of the gasoline at the time I purchased it.

5.      I authorize Mr. Schonbrun to take all steps which he deems necessary to protect and promote my interests in this litigation, including but not limited to filing an objection on my behalf.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Lafayette, California, on this 13 day of October, 2009.

Daryl Chilimidos, Declarant



FOR HOURS & LOCATIONS, VISIT WWW.COSTCO.COM                    H

Mbr#

**DARYL I CHILIMIDOS**



W00021
07/1998

DARYL CHILIMIDOS | Sign Out



Your savings federally insured to at least $250,000 and backed by the full faith and credit of the United States Government


EQUAL HOUSING
LENDER

# ⌐ Federal Credit Union

# Account History for
# Daryl Chilimidos,  Bank Acct #
# Gas receipts from September22, 2007 to October19, 2009
# (Partial List)

View sorted drafts

| Effective Date | Transaction Description | Amount | Withheld | Balance |
|---|---|---|---|---|
| 10/19/2009 | Withdrawal COSTCO GAS #0663 | -40.00 | 0.00 | 2,390.73 |
| 10/16/2009 | Withdrawal COSTCO GAS #0663 | -46.50 | 0.00 | 3,819.17 |
| 10/10/2009 | Withdrawal COSTCO GAS #0663 | -25.00 | 0.00 | 5,248.41 |
| 09/24/2009 | Withdrawal COSTCO GAS #0663 | -42.00 | 0.00 | 2,344.20 |
| 09/18/2009 | Withdrawal COSTCO GAS #00663 | -47.50 | 0.00 | 2,748.69 |
| 09/14/2009 | Withdrawal COSTCO GAS #00663 | -20.00 | 0.00 | 4,378.69 |
| 09/11/2009 | Withdrawal COSTCO GAS #00663 | -49.50 | 0.00 | 4,836.86 |
| 08/25/2009 | Withdrawal COSTCO GAS #00663 | -40.50 | 0.00 | 59.86 |
| 08/20/2009 | Withdrawal COSTCO GAS #00663 | -38.00 | 0.00 | 2,501.50 |
| 08/20/2009 | Withdrawal COSTCO GAS #00663 | -15.00 | 0.00 | 2,839.50 |
| 08/16/2009 | Withdrawal COSTCO GAS #00663 | -38.00 | 0.00 | 2,145.44 |
| 08/11/2009 | Withdrawal COSTCO GAS #00663 | -23.01 | 0.00 | 7,762.70 |
| 08/08/2009 | Withdrawal COSTCO GAS #00663 | -42.00 | 0.00 | 1,185.67 |
| 08/04/2009 | Withdrawal COSTCO GAS #00663 | -20.20 | 0.00 | 1,918.31 |
| 07/26/2009 | Withdrawal COSTCO GAS #00663 | -30.00 | 0.00 | 299.33 |
| 07/22/2009 | Withdrawal COSTCO GAS #00663 | -36.00 | 0.00 | 1,247.93 |
| 07/17/2009 | Withdrawal COSTCO GAS #00663 | -40.50 | 0.00 | 13,350.07 |
| 07/11/2009 | Withdrawal COSTCO GAS #00663 | -25.00 | 0.00 | 6,524.19 |
| 07/11/2009 | Withdrawal COSTCO GAS #00663 | -22.00 | 0.00 | 6,549.19 |
| 06/23/2009 | Withdrawal COSTCO GAS #00663 | -48.00 | 0.00 | 2,365.81 |
| 06/20/2009 | Withdrawal COSTCO GAS #00663 | -43.00 | 0.00 | 2,767.63 |
| 06/14/2009 | Withdrawal COSTCO GAS #00663 | -39.00 | 0.00 | 6,571.73 |

1

| Date | Description | Amount | | Balance |
|------|-------------|--------|--------|--------|
| 05/31/2009 | Withdrawal COSTCO GAS #00663 | -33.50 | 0.00 | 1,154.67 |
| 05/26/2009 | Withdrawal COSTCO GAS #00663 | -35.00 | 0.00 | 1,830.79 |
| 05/21/2009 | Withdrawal COSTCO GAS #00663 | -40.00 | 0.00 | 1,252.47 |
| 05/18/2009 | Withdrawal COSTCO GAS #00663 | -37.00 | 0.00 | 2,327.33 |
| 05/12/2009 | Withdrawal COSTCO GAS #00663 | -35.00 | 0.00 | 3,408.92 |
| 05/06/2009 | Withdrawal COSTCO GAS #00663 | -20.33 | 0.00 | 476.78 |
| 04/17/2009 | Withdrawal COSTCO GAS #00663 | -32.50 | 0.00 | 2,788.07 |
| 03/30/2009 | Withdrawal COSTCO GAS #00663 | -31.50 | 0.00 | 1,889.42 |
| 03/24/2009 | Withdrawal COSTCO GAS #00663 | -27.50 | 0.00 | 2,687.49 |
| 03/05/2009 | Withdrawal COSTCO GAS #00663 | -24.54 | 0.00 | 768.05 |
| 02/10/2009 | Withdrawal COSTCO GAS #00663 | -20.00 | 0.00 | 9,328.37 |
| 01/23/2009 | Withdrawal COSTCO GAS #00663 | -27.50 | 0.00 | 1,502.95 |
| 01/20/2009 | Withdrawal COSTCO GAS #00663 | -25.03 | 0.00 | 3,790.94 |
| 01/03/2009 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -27.00 | 0.00 | 773.28 |
| 12/24/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -15.00 | 0.00 | 2,107.69 |
| 12/24/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -24.00 | 0.00 | 2,122.69 |
| 12/19/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -18.25 | 0.00 | 3,243.27 |
| 12/17/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -13.00 | 0.00 | 3,426.27 |
| 12/14/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -13.00 | 0.00 | 6,229.26 |
| 12/11/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -26.00 | 0.00 | 6,709.68 |
| 12/11/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -15.00 | 0.00 | 21,254.41 |
| 12/05/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -18.50 | 0.00 | 15,647.05 |
| 11/30/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -14.00 | 0.00 | 5,972.67 |
| 11/30/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -18.50 | 0.00 | 5,986.67 |
| 11/23/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -21.25 | 0.00 | 3,059.58 |
| 11/23/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -20.00 | 0.00 | 3,080.83 |
| 11/18/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -30.00 | 0.00 | 3,820.61 |
| 11/14/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -24.00 | 0.00 | 6,773.66 |
| 10/29/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -41.50 | 0.00 | 4,366.93 |

| 10/17/2008 | Withdrawal CHK PUR COSTCO GAS #00462 9 | -28.00 | 0.00 | 6,706.70 |
| 10/15/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -28.00 | 0.00 | 8,789.92 |
| 10/13/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -52.00 | 0.00 | 9,392.22 |
| 10/07/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -55.76 | 0.00 | 2,226.03 |
| 08/20/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -45.99 | 0.00 | 5,115.89 |
| 08/07/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -36.26 | 0.00 | 2,620.57 |
| 08/07/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -35.88 | 0.00 | 2,656.83 |
| 07/09/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -51.87 | 0.00 | 10,425.52 |
| 06/09/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -48.00 | 0.00 | 22,269.85 |
| 06/03/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -46.00 | 0.00 | 7,190.11 |
| 05/22/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -39.00 | 0.00 | 3,034.38 |
| 05/17/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -57.00 | 0.00 | 4,961.99 |
| 05/16/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -26.25 | 0.00 | 5,018.99 |
| 04/13/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -34.00 | 0.00 | 11,703.32 |
| 04/06/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -38.25 | 0.00 | 4,977.57 |
| 03/09/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -32.00 | 0.00 | 3,519.88 |
| 02/29/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -52.02 | 0.00 | 792.32 |
| 02/29/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -38.00 | 0.00 | 844.34 |
| 02/20/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -44.25 | 0.00 | 2,476.26 |
| 02/16/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -41.00 | 0.00 | 3,130.20 |
| 02/13/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -17.00 | 0.00 | 6,549.81 |

| | | | | |
|---|---|---|---|---|
| 02/13/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -12.82 | 0.00 | 6,566.81 |
| 02/07/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -43.00 | 0.00 | 114.94 |
| 02/07/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -25.00 | 0.00 | 290.94 |
| 01/31/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -40.02 | 0.00 | 1,120.81 |
| 01/30/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -31.00 | 0.00 | 645.41 |
| 01/21/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -48.00 | 0.00 | 1,629.25 |
| 01/17/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -15.59 | 0.00 | 3,103.73 |
| 01/15/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -50.50 | 0.00 | 7,280.91 |
| 01/09/2008 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -46.00 | 0.00 | 221.52 |
| 12/31/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -32.00 | 0.00 | 1,177.27 |
| 12/24/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -30.80 | 0.00 | 1,572.50 |
| 12/22/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -46.01 | 0.00 | 2,261.62 |
| 12/11/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -30.00 | 0.00 | 8,357.95 |
| 11/27/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -30.70 | 0.00 | 2,950.96 |
| 11/25/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -51.00 | 0.00 | 3,233.78 |
| 11/14/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -30.00 | 0.00 | 8,381.53 |
| 11/05/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -44.00 | 0.00 | 530.19 |
| 11/05/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -48.25 | 0.00 | 574.19 |
| 10/25/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -29.00 | 0.00 | 2,096.68 |
| 10/17/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -14.75 | 0.00 | 4,773.60 |

| 10/17/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -50.79 | 0.00 | 6,848.92 |
| 10/12/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -39.00 | 0.00 | 8,625.77 |
| 10/08/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -32.00 | 0.00 | 190.37 |
| 10/01/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -40.05 | 0.00 | 413.02 |
| 09/25/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -29.00 | 0.00 | 1,275.41 |
| 09/22/2007 | Withdrawal CHK PUR COSTCO GAS #00663 2 | -44.17 | 0.00 | 1,686.05 |

Copyright © 2008, Open Solutions, Inc.