Jeffery Schroeder
32072 Via Tonada
San Juan Capistrano, CA 92675
(Phone No. Unlisted, not provided)

March 2, 2010

**FILED**
**MAR -5 2010**
TIMOTHY M. O'BRIEN, Clerk
By_____Deputy

Clerk of the Court
United States District Court
500 State Avenue
259 U.S. Courthouse
Kansas City, Kansas 66101

### In re: Motor Fuel Temperature Sales Practices Litigation, MDL 1840

#### Objection to Settlement

I am a Costco member and regularly purchase gasoline from Costco. I object to the proposed settlement of this action on the following grounds:

1. If this is a serious problem that impacts consumers, one would think that consumers should get some relief. There is no relief, not even a coupon for consumers, but the lawyers are walking off with $10,000,000. This seems very unfair to consumers and should not be approved by the court.

2. The "class representatives" are getting $2,500 as an "incentive fee". Again consumers get nothing. It seems unfair that consumers get nothing and "class representatives" basically get a year's worth of gas. What if anything did they do to get paid off.

3. The settlement "benefit" appears to be pump replacement (paragraph 4). Is there any evidence that this is a result of this lawsuit or was this something that Costco planned to do in any event.

4. The notice clearly states (paragraph 1) that Costco posted a notice that advised consumers of the issue involved here. How could anyone be harmed by a practice that is announced to customers before they purchase? There simply does not appear to be anything designed to rip off consumers. This seems like a case of, by and for the sole benefit of lawyers and "class representatives".

5. The notice does not state how much money consumers lost as a result of this publicly disclosed conduct. Was it a penny a tank, a nickel, a dime? It would seem that there should be some significant loss to consumers to justify the $10

million fee. The release section of the notice (paragraph 5) says that consumers give up all claims for "any type of restitution or damages". Again, what are consumers actually giving up? The notice is silent on this point. Are the "restitution or damages" so large that $10 million in attorneys' fees is warranted? There is nothing in the notice on this.

From what I can tell from the notice, this settlement solves a problem that simply does not exist and did no harm to consumers. It should not be approved and there should definitely not be an award $10 million dollars in fees to attorneys.

Respectfully

*[signature]*

Jeffrey Schroeder

Copy of letter also sent to:

Class Counsel
Robert A. Horn
Horn Aylward & Brandy, LLC
2600 Grand Blvd., Ste. 1100
Kansas City, MO 64108

Costco Counsel
David F. McDowell
Morrison & Foerster LLP
555 W. Fifth Street
Los Angeles, CA 90013