

FILED
MAR - 5 2010
TIMOTHY M. O'BRIEN, Clerk
By_____ Deputy

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

In re Motor Fuel Temperature Sales Practices Litigation

Case No. 07-MD 1840-KHV-JPO

MDL Docket No. 1840

## JEFF WEINSTEIN'S OBJECTION TO PROPOSED SETTLEMENT

To The Honorable District Judge:

Comes Now class member and objector Jeff Weinstein ("Objector"), and files these Objections to the Proposed Settlement and would show as follows:

### 1. Class Member Status

Objector is a member of the settlement class.

### 2. Objection to Certification of the Settlement Class

Because the proposed class cannot be certified, the Court must deny the application to certify the class and must disapprove the settlement. The class is defined as:

> All residents of the States at Issue who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family.

Objector objects to certification of the settlement class because the class is not adequately defined. The definition of the class does not comply with due process or Rule 23. Rule 23 and due process require that the class definition be precise, objective, and presently ascertainable. MANUAL FOR COMPLEX LITIGATION 4th, p. 270. The definition is neither precise nor presently ascertainable.

First, the definition is ambiguous. Does the phrase "purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit" refer to the temperature of the fuel or the weather? Both interpretations are reasonable. Thus, the class definition is not precise because it is subject to two reasonable interpretations. Moreover, that ambiguity means that potential class members may not have had fair notice as to whether they are in the class.

Second, to determine if an individual is a class member, a court must be able to do so by reference to the class definition and without inquiry into any sort of fact-finding on the merits of the case. Whether a potential class member "purchased motor fuel from Costco at a temperature

**Page 1**

above 60 degrees Fahrenheit" requires a fact finding as to the temperature. Thus, the class definition is not presently ascertainable.

Cases under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, bear out the problem with the class definition. The two seminal TCPA cases on the class definition are *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403 (E.D. Pa. 1995) and *Kenro, Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162 (S.D.Ind.1997). *Forman* held:

> Here, defining the purported class as "all residents and businesses who have received *unsolicited facsimile advertisements*" requires addressing the central issue of liability to be decided in the case. Determining a membership in the class would essentially require a mini-hearing on the merits of each case.

*Id.* at 403 (emphasis by the court). As the court emphasized, it was the inclusion of the factual finding requirement in the definition as to whether the fax was unsolicited that made the definition improper. In this case that same problem arises from the issue of the temperature at the time of purchase. Similarly, the *Kenro* court held:

> Because Kenro's class definition would require the court to conduct individual inquiries with regard to each potential class member in order to determine whether each potential class member had invited or *given permission* for transmission of the challenged fax advertisements, Kenro has failed to meet the requirements of Rule 23(a).

*Kenro*, 962 F.Supp. at 1169 (emphasis added). The same problem exists here: for any individual who purchased fuel at Costco, the Court would be required to conduct an individual factual inquiry to determine the temperature at the time of purchase.

Because the class definition here (1) does not provide a precise, objective and presently ascertainable way to identify class members, and (2) requires a "mini trial" to determine whether a particular person is in the class, the class definition is not appropriate and the Court should not certify the class or approve the settlement.

### 3. Objections to the Approval of the Settlement and Plan of Allocation

The settlement is not fair, reasonable, or adequate, and Objector objects to the settlement for the following reasons.

In the Class Action Fairness Act of 2005, (CAFA), Congress highlighted the very abuse that this settlement presents:

> Congress finds the following: ...
> (3) Class members often receive little or no benefit from class actions, and are sometimes harmed, such as where--
> (A) counsel are awarded large fees, while leaving class members with coupons or other awards of little or no value.

**Page 2**

Pub.L. 109-2, § 2, Feb. 18, 2005, 119 Stat. 4. Similarly, the Federal Judiciary Center's MANUAL FOR COMPLEX LITIGATION 4th, found:

> There are a number of recurring potential abuses in class action litigation that judges should be wary of as they review proposed settlements: ... releasing claims of parties who received no compensation in the settlement ... .

*Id.* § 21.61, p 310-311. The settlement here provides a benefit to Defendants – they obtain a release of all Class Member claims. The settlement provides a benefit to Class Counsel – a whopping $10 million. Yet, the class members receive little or no consideration as a result of the settlement, but nonetheless lose their claims against Defendants. That is not fair, reasonable, or adequate as a matter of law. The Seventh Circuit aptly described what appears to be the case in this case:

> Would it be too cynical to speculate that what may be going on here is that class counsel wanted a settlement that would give them a generous fee and [the Defendant] wanted a settlement that would extinguish 1.4 million claims against it at no cost to itself? The settlement that the district judge approved sold these 1.4 million claimants down the river.

*Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 785 (7th Cir. 2004). Here too Class Counsel sold Class Members down the river in a settlement that gave a generous fee to Class Counsel, gave Defendants a release that extinguished all the claims against it, but gave no consideration to Class Members.

A court should not approve a class action settlement that does not provide adequate consideration for the release of the Class Member claims:
> Rule 23(e) imposes on the trial judge the duty of protecting absentees, which is executed by the court's assuring that the settlement represents adequate compensation for the release of the class claims.

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 782 (3d Cir. 1995). The only alleged benefit to the class members under the settlement are changes Costco will make in the future. There is no compensation for past overcharges. Thus, the settlement is not fair, reasonable, or adequate because it fails to provide adequate compensation to class members.

The lack of consideration for the release of Class Member claims is plain from the treatment of persons who opted out of the settlement ("opt outs") under the settlement. The settlement provides that potential class members could opt out of the settlement and not release their claims against Defendants. Opt outs would receive *everything* that class members received – i.e. the same changes Costco is making in the future. Yet, they would not release their claims for money damages. There is nothing that class members who remained in the class would receive that opt outs would not receive. Thus, there is no consideration for the release, because the exact same alleged consideration is provided even if a class member does not provide a release of the monetary claims. As a matter of law, there is no consideration for the release.

**Page 3**

The settlement must be fair, reasonable, and adequate. Fed. R. Civ. P. 23 (e)(2)("the court may approve [a class action settlement] only after a hearing and on finding that it is fair, reasonable, and adequate."). The lack of consideration to class members in a class action settlement is at the heart of the complaints raised by legislators, commentators, and the public about class actions. Courts routinely reject class action settlements that provide little or no consideration to class members.

For example, in *Molski v. Gleich*, 318 F.3d 937, 953-54 (9th Cir. 2003) the Ninth Circuit reversed the district court's approval of a settlement that released individual damage claims without compensating class members in a case very similar to this. The Plaintiff brought the action against ARCO on behalf of a class of mobility-impaired individuals, alleging denial of access to public accommodations and discrimination under various disability laws. The settlement provided:

> Under the consent decree, ARCO agreed to undertake certain accessibility enhancements at its locations, pay monetary damages to Molski and the class counsel's fees, and make donations to eight disability rights organizations. In exchange, the class members agreed to release all claims for statutory damages and certain actual damages.

*Id.* at 941. Thus, just as in this case, the sole alleged benefit was future conduct by the Defendant, and the sole persons receiving any money were the class counsel and class representatives. The Ninth Circuit reversed:

> In sum, the class members received nothing; the named plaintiff and class counsel received compensation for his injury and their time; and the defendant escaped paying any punitive or almost any compensatory damages.

*Id.* at 954. Here, the class members receive nothing, Class Counsel receives a $10 million in fees, the class representatives receive cash, and the Defendant escapes paying *any* damages. Just as the Ninth Circuit rejected the settlement in *Molski*, this Court should reeject the settlement in this case. *Id.* ("Because the consent decree released almost all of the absent class members' claims with little or no compensation, the settlement agreement was unfair and did not adequately protect the interests of the absent class members.").

Another district court recently rejected a class settlement where class members received no consideration for their release of claims against the Defendant. In *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 388 (C.D. Cal. 2007), the Court dealt with a settlement that provided no relief to a portion of the class and thereby held that the settlement was not just, reasonable, or adequate:

> [O]ver two-thirds of the Settlement Class, and up to 10 million class members, will be completely ineligible for any economic relief under the Settlement. In order to avoid having their rights to recover ... extinguished in exchange for zero economic relief, the Settlement requires these class members to affirmatively opt out lest their claims be permanently relinquished ... .

**Page 4**

For these millions of class members, the Settlement therefore provides zero opportunity for any relief whatsoever. The Settlement nevertheless would absolve them of all possible claims unless they have both the good fortune to receive notice of the Settlement and the sagacity to take affirmative opt out action in order to protect claims of which they may be unaware. This compromise is unacceptable.

*Id.* at 388. Similarly here, where *no Class Members* obtain any economic relief, the settlement is unacceptable. The right of Class Members to opt out of this unfair, unreasonable, and inadequate settlement does not make the settlement any more fair, reasonable or adequate. *Id.*

Wherefore, Objector prays that the Court disapprove the proposed settlement and certification of the settlement class.

Dated: March 2, 2010

JEFFREY L. WEINSTEIN
518 East Tyler Street
Athens, TX 75751
903/677-5333
903/677-3657 – facsimile

**Page 5**

## CERTIFICATE OF SERVICE

     A copy of the foregoing Objection to Proposed Settlement etc. was on March 2, 2010 delivered to the following by first class mail, postage prepaid:

Clerk of the Court
United States District Court
500 State Ave.
259 U.S. Courthouse
Kansas City, Kansas 66101

Robert A. Horn
Horn Aylward & Bandy, LLC
2600 Grand Blvd., Ste. 1100
Kansas City, MO 64108

David F. McDowell
Morrison & Foerster LLP
555 W. Fifth St.
Los Angeles, CA 90013

Jeff Weinstein