Exhibit 5

**LEGAL NOTICE BY ORDER OF THE COURT**

**IF YOU PURCHASED GASOLINE FROM COSTCO BETWEEN JANUARY 1, 2001, AND APRIL 22, 2009, AND RESIDE IN THE STATES IDENTIFIED BELOW, YOU MAY HAVE A CLAIM UNDER THE SETTLEMENT DESCRIBED BELOW**

**READ THIS NOTICE AND FOLLOW THE INSTRUCTIONS CAREFULLY**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

A settlement has been proposed by plaintiffs and Costco Wholesale Corp. in lawsuits against retailers of gasoline and diesel fuel, including Costco. The cases were brought on behalf of all purchasers of gasoline and diesel fuel from various motor fuel retailers. They alleged that the defendants improperly sold motor fuel at temperatures above 60 degrees Fahrenheit without adjustment for the fuel's temperature. Costco denies all liability and the cases have been vigorously contested. The proposed settlement can provide benefits to people who buy gasoline from Costco in certain states.

Your legal rights are affected whether or not you respond. **Your rights and options — and the deadlines to exercise them — are explained in this notice. *Read this notice carefully.***

| | |
|---|---|
| **REMAIN IN THE CLASS** | If you wish to stay in the class you do not need to do anything. You will not be able to sue Costco for the claims in these lawsuits and you will be bound by the Court's decisions concerning the settlement. |
| **EXCLUDE YOURSELF FROM THE CLASS** | You can write and ask to be excluded from the class. This is the only option that may allow you to pursue your claims against Costco that are asserted in these cases. |
| **OBJECT** | Write to the Court about why you don't think the proposed settlement is fair, reasonable and adequate. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the proposed settlement. |

• The Court still must decide whether to approve the proposed settlement. Costco is required to take actions under the proposed settlement only if the Court approves the proposed settlement and after appeals are resolved. Please be patient.

## BASIC INFORMATION

This proposed settlement applies to several lawsuits that make very similar claims.

### 1.    WHAT ARE THESE LAWSUITS ABOUT?

The lawsuits allege that gasoline and diesel fuel retailers committed fraud and violated state consumer protection laws by selling motor fuel without compensating for expansion of motor fuels that occurs as temperatures increase.

Costco denies all allegations of wrongdoing and contends that it fully complied with the law. In addition, in December, 2007, Costco posted a notice on its fuel dispensers stating:

> This device dispenses gasoline solely by volume measured in standard gallons (231 cubic inches). It does not adjust for temperature or other factors which may affect the energy content of each gallon dispensed.

### 2.    WHY IS THERE A PROPOSED SETTLEMENT?

The Court has not decided in favor of Class Representatives or Costco. Instead both sides agreed to a proposed settlement. Settlements avoid the costs and uncertainty of a trial and related appeals, while providing benefits to members of the Class. The Class Representatives and the attorneys for the class think the proposed settlement is best for all Class Members. The Court in charge of these lawsuits has granted preliminary approval of this proposed settlement, which is subject to further decision by the Court following another hearing, and ordered this notice be mailed to explain it.

## WHO IS AFFECTED BY THE PROPOSED SETTLEMENT?

### 3.    HOW DO I KNOW IF I AM AFFECTED BY THE PROPOSED SETTLEMENT?

You are a member of the Settlement Class and are affected by the proposed settlement if you purchased gasoline from Costco at a temperature above 60 degrees, between January 1, 2001, and April 22, 2009, and reside in the following states: Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, the District of Columbia, or Guam.

If you are a member of the Settlement Class, you are automatically included in the proposed settlement. You can exclude yourself from the Settlement Class ("opt out") by making a valid request for exclusion that is received by the Claims Administrator by February 23, 2010.

## WHAT BENEFITS ARE PROVIDED?

### 4.    WHAT DOES THE PROPOSED SETTLEMENT PROVIDE?

The proposed settlement provides that Costco will convert its motor fuel pumps in Alabama, Arizona, California, Florida, Georgia, Kentucky, Nevada, New Mexico, North Carolina, South Carolina, Tennessee, Texas, Utah, and Virginia to "automatic temperature correcting" pumps over the next five years to the extent allowed under the laws of those states. Costco will also convert in the States of Indiana, Kansas, Maryland, Missouri, New Jersey, Oregon or Pennsylvania if Costco sells gasoline in the state and purchases gasoline temperature adjusted within the State. Under the settlement agreement, Plaintiffs and Costco have specified a timetable for identifying and converting pumps that will be replaced with temperature correcting pumps.  No payments will be made to any class members, except as stated in 9 below.  If Costco experiences material disruption in its supply of gasoline in a State as a result of this agreement, Costco may choose to rescind the agreement to convert to temperature correcting pumps in that State.

## HOW WILL MY LEGAL RIGHTS BE LIMITED BY THE PROPOSED SETTLEMENT?

**5.   IF THE PROPOSED SETTLEMENT IS APPROVED, YOU WILL LOSE THE RIGHT TO BRING A LEGAL CLAIM AGAINST COSTCO RELATED TO THE USE OF TEMPERATURE ADJUSTMENT IN THE SALE OF GASOLINE.**

The proposed settlement does not give you the option of preserving any right you may have to seek independent relief against Costco. If the proposed settlement is approved, your right to seek further or different relief against Costco will be eliminated, as described below.

**Releases**

Upon the Effective Date, Class Representatives and each Settlement Class Member, and each of their respective, executors, representatives, heirs, successors, bankruptcy trustees, guardians, and all those who claim through them or who assert claims on their behalf, will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability for any claim, including all claims for declaratory or injunctive relief, or for any type of restitution or damages or any other relief whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which the Class Representatives or any Settlement Class Member now has or ever had, from the beginning of the world to the Effective Date, resulting from, arising out of or in any way, directly or indirectly, connected to claims that are, or could have been, asserted in the lawsuits.

Except for the enforcement of the final judgment entered pursuant to this Settlement, Class Representatives and Settlement Class Members shall be enjoined from prosecuting any proceeding against any Released Party with respect to the conduct, services, fees, charges, acts, or omissions of any Released Party relating to all matters within the scope of this release or actions taken by a Released Party that are authorized or required by the Settlement Agreement or by the Final Judgment.

**"Released Parties"** means Costco and its present, former, and future subsidiaries, affiliates,

divisions, associates, agents, successors, predecessors, assignors, assignees, and/or assigns and
each of their respective present, former or future, officers, directors, shareholders, agents and
employees.

## EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

If you want to maintain the right to sue, or continue to sue, Costco based on claims you may
have arising from gas sales by Costco on a non-temperature adjusted basis, you must exclude
yourself from the Settlement Class, as described below. This is sometimes referred to as
"opting out." If more than 2,500 people opt out of this settlement, Costco has the right to
cancel the settlement.

**6.     HOW DO I EXCLUDE MYSELF FROM THE PROPOSED SETTLEMENT?**

To exclude yourself from the Settlement Class, you must send a letter by mail saying that you
wish to do so. The request must state: "I request that I be excluded from the Settlement in In re
Motor Fuel Temperature Sales Practices Litigation, MDL Docket No. 1840." You must also
include: (1) your full name and current address; (2) your signature and (3) proof of gasoline
purchase from Costco after January 1, 2001. You must postmark your exclusion request to the
address below **no later than February 23, 2010**:

> Settlement Administrator
> P.O. Box 12985
> Birmingham, AL 35202-2985

**REQUESTS FOR EXCLUSION THAT ARE NOT POSTMARKED ON OR BEFORE
FEBRUARY 23, 2010 WILL NOT BE HONORED.**

You cannot exclude yourself by telephone or by email. You cannot exclude yourself by
mailing a request to any other location or after the deadline. The letter must be signed by you.
You cannot exclude yourself by having an actual or purported agent or attorney acting on
behalf of you or a group of Settlement Class Members sign the letter.

**7.     IF I DON'T EXCLUDE MYSELF, CAN I SUE COSTCO FOR THE SAME THING LATER?**

No. If the proposed settlement is approved, unless you exclude yourself, you give up the right
to sue Costco for relief arising from the claims that this proposed settlement resolves. If you
have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude
yourself from this Class to continue your own lawsuit. Remember, **the exclusion deadline is
February 23, 2010**.

## THE LAWYERS REPRESENTING YOU

**8.     DO I HAVE A LAWYER IN THE CASE?**

The Class Representatives retained the following firms to represent them: Horn Aylward &
Bandy, LLC, Girardi & Keese and Walters Bender Strohbehn & Vaughan, P.C. In connection

with the preliminary approval of the proposed settlement, the Court appointed these firms to represent you and other Class Members. Together, the lawyers are called Class Counsel. You will not be charged by these lawyers for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

**9.    HOW WILL THE LAWYERS BE PAID?**

Class Counsel will ask the Court for attorneys' fees and expenses not to exceed ten million dollars. The Court will determine the fees and expenses to be paid, and they will be paid by Costco. Costco is also paying the costs of notifying the class members of the proposed settlement and of administering the proposed settlement process. The Court may award the five class representatives in this case an incentive fee of $2,500 each for the time and effort they have put into this case on behalf of the Class.  Any award to these class representatives of an incentive fee will be deducted from the award made to Class Counsel.

## OBJECTING TO THE PROPOSED SETTLEMENT

**10.    HOW DO I TELL THE COURT THAT I DON'T LIKE THE PROPOSED SETTLEMENT?**

If you're a Class Member, you can object to the proposed settlement if you don't think the proposed settlement is fair, reasonable or adequate. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter stating that you object to the proposed settlement. Be sure to include (1) the name of this lawsuit, In re Motor Fuel Sales Practices Litigation; (2) your full name, current address and telephone number; (3) the reasons you object to the proposed settlement; and (4) your signature. Mail the objection to these three different places, postmarked no later than March 2, 2010:

| COURT | CLASS COUNSEL | COSTCO COUNSEL |
|---|---|---|
| Clerk of the Court | Robert A. Horn | David F. McDowell |
| United States District Court | Horn Aylward & Bandy, LLC | Morrison & Foerster LLP |
| 500 State Ave. | 2600 Grand Blvd., Ste. 1100 | 555 W. Fifth St. |
| 259 U.S. Courthouse | Kansas City, MO  64108 | Los Angeles, CA  90013 |
| Kansas City, Kansas  66101 | | |

You also must file a Proof of Service with the Court stating that you mailed or delivered copies of these papers to class and Costco counsel.

**11.    WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?**

Objecting is simply telling the Court that you don't like something about the proposed settlement. You can object to the temperature-correcting pump conversion and related releases only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be included in the proposed settlement. If you exclude yourself, you have no basis to object to the settlement and related releases because the settlement no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you don't have to.

**12.    WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE PROPOSED SETTLEMENT?**

The Court will hold a Fairness Hearing at 9:30 a.m. on April 1, 2010 at Courtroom 476 of the United States District Court for the District of Kansas, 500 State Ave., 259 U.S. Courthouse, Kansas City, Kansas 66101. At this hearing, the Court will consider whether the proposed settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak at the hearing. The Court may also decide how much Class Counsel will receive as attorneys' fees and expenses. After the hearing, the Court will decide whether to approve the proposed settlement. We do not know how long these decisions will take.

**13.    DO I HAVE TO COME TO THE HEARING?**

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**14.    MAY I SPEAK AT THE HEARING?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in the Motor Fuel case." You must include your name, address, telephone number and your signature, and your letter must identify the points you wish to speak about at the hearing, enclose copies of any documents you intend to rely on at the hearing, and state whether you intend to have a lawyer speak on your behalf.

Your Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel and Defense Counsel, at the addresses contained in section 10 above, and must be received by the Clerk of the Court by March 2, 2010. You also must file a Proof of Service with the Court stating that you mailed or delivered copies of these papers to class and defense counsel. You cannot speak at the hearing if you have excluded yourself from the settlement.

## IF YOU DO NOTHING

**15.    WHAT HAPPENS IF I DO NOTHING?**

If you do nothing, you will be included in the class. You will be bound by the terms and conditions of the proposed settlement. You will not be able to pursue any other lawsuit against Costco concerning or relating to the claims alleged in these lawsuits. If the proposed settlement is approved, the claims against Costco will be completely "released." This means

that you cannot sue Costco for money damages or other relief based on the claims in these lawsuits. Class Members agree to forever release all claims even if they later discover new facts about the claims in these lawsuits. This includes any claims whether known or unknown, suspected or unsuspected, contingent or non-contingent.

## GETTING MORE INFORMATION

**16.    ARE THERE MORE DETAILS ABOUT THE PROPOSED SETTLEMENT?**

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement at http://www.Costco.com/fuelsettlement.pdf or at the Office of the Clerk, United States District Court, 500 State Ave., 259 U.S. Courthouse, Kansas City, Kansas 66101, during the hours of 9:00 a.m. to 4:30 p.m., Monday through Friday, except holidays.

**17.    HOW DO I GET MORE INFORMATION?**

If you have questions about the case, you can write to HORN AYLWARD & BANDY, LLC, ATTN: COSTCO SETTLEMENT, 2600 Grand Blvd., Ste. 1100, Kansas City, Missouri 64108.  ***Please do not contact the Court.***

la-1020216