# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

IN RE: MOTOR FUEL TEMPERATURE    )
SALES PRACTICES LITIGATION       )
                                 )  **MDL No. 1840**
[This Document Relates To All Cases.]  )  **Case No. 07-1840-KHV**
                                 )

## MEMORANDUM AND ORDER

Plaintiffs bring putative class action claims for damages and injunctive relief against motor fuel retailers in Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, the District of Columbia and Guam. Plaintiffs claim that because defendants sell motor fuel for a specified price per gallon without disclosing or adjusting for temperature expansion, they are liable under state law theories which include breach of contract, breach of warranty, fraud and consumer protection. Following a transfer order of the Judicial Panel on Multidistrict Litigation ("JPML"), the Court has jurisdiction over consolidated pretrial proceedings in these actions. See 28 U.S.C. § 1407; Doc. #1 filed June 22, 2007. This matter comes before the Court on the Joint Motion To Reconsider March 4, 2010 Memorandum & Order (Doc. 1583) ("Joint Motion") (Doc. #1590) which certain defendants and third party trade associations filed March 15, 2010 and the Application For Emergency Stay Of March 4, 2010 Order (Doc. 1583) (Doc. #1592) which defendants and certain third party trade associations filed March 16, 2010.[1] For reasons stated

---

[1] The motion to reconsider states that it is filed on behalf of "certain" defendants (which it does not identify) and the following trade associations: NATSO, Inc., California Independent Oil Marketers Association, Petroleum Marketers Association of America, Inc. and Petroleum Marketers and Convenience Store Association of Kansas, Inc. See Doc. #1590. Attorneys for the following defendants appear on the signature page: Circle K Stores, Inc., Kum &
(continued...)

below, the Court overrules both motions.

**I.     Legal Standards**

A court has discretion whether to grant a motion to reconsider. <u>Brumark Corp. v. Samson Res. Corp.</u>, 57 F.3d 941, 944 (10th Cir. 1995). A motion which asks the Court to reconsider a nondispositive order "must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). In general, a motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence. <u>Sump v. Fingerhut, Inc.</u>, 208 F.R.D. 324, 327 (D. Kan. 2002) citing <u>Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.</u>, 115 F. Supp.2d. 1250, 1256 (D. Colo. 2000). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See <u>Voelkel v. Gen. Motors Corp.</u>, 846 F. Supp. 1482, 1483 (D. Kan. 1994), <u>aff'd</u>, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir. 1991). Reconsideration may be appropriate, however, if the Court has misapprehended the facts, a party's position or the controlling law. See <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000); <u>accord</u> <u>O'Connor v. Pan Am Corp.</u>, 5 Fed. Appx. 48, 56 (2d. Cir. 2001).

---

[1](...continued)
Go, LC, Murphy Oil USA, Inc., Pilot Travel Centers, LLC, Marathon Petroleum Company, LLC, Speedway SuperAmerica LLC, Sheetz, Inc., Mac's Convenience Stores, LLC, RaceTrac Petroleum, Inc., QuikTrip Corporation, The Pantry, Inc. and Wawa, Inc. See <u>id.</u> at 29.

The same defendants and trade associations filed the application for emergency stay. See Doc. #1592. The Court refers collectively to these defendants and trade associations as "defendants."

**II.      Analysis**

On March 4, 2010, the Court entered a memorandum and order which sustained plaintiffs' motion to review Judge O'Hara's order of May 28, 2009 (Doc. #1080) and overruled defendants' request to review Judge O'Hara's orders of May 28 and June 15, 2009 (Doc. #1196).[2] See Doc. #1583. Specifically, the Court found that (1) to the extent that Judge O'Hara may have presumed a First Amendment privilege for internal trade association communications with regard to legislative and lobbying on ATC for retail motor fuel, his conclusion would be contrary to law, see id. at 15-21; (2) defendants did not show an objectively reasonable probability that compelled disclosure of such communications would chill associational rights, see id. at 21-24; (3) the balance of factors weighed heavily in favor of disclosure, see id. at 24-28; (4) defendants did not show an objectively reasonable probability that disclosure of lobbying and legislative communications between trade associations regarding ATC for retail motor fuel would chill First Amendment rights, see id. at 28-30; and (5) defendants did not show a reasonable probability that disclosure of publically available documents would chill First Amendment rights, see id. at 31-32.

Defendants assert that by requiring them to demonstrate a prima facie showing of chill on First Amendment rights, the Court imposed an erroneous standard. In its previous ruling, the Court found that to invoke associational privilege, defendants must demonstrate an objectively reasonable probability that compelled disclosure would chill associational rights, i.e. that disclosure would likely deter membership due to fears of threats, harassment or reprisal from either government

---

[2] The following trade associations joined in defendants' request for review: NATSO, Inc., Petroleum Marketers Association of America, Inc., Association for Convenience and Petroleum Retailing, Society of Independent Gasoline Marketers of America and California Independent Oil Marketers Association. See Doc. #1216 filed June 26, 2009; Doc. #1233 filed July 16, 2009; Doc. #1237 filed July 17, 2009; Doc. #1252 filed July 30, 2009.

3

officials or private parties which may affect members' physical well-being, political activities or economic interests. See Memorandum And Order (Doc. #1583) at 10-11 (citing NCAAP v. State of Ala., 357 U.S. 449, 462-63 (1958); Perry v. Schwarzenegger, 591 F.3d 1147, 1160-61 (9th Cir. 2010); Wyoming v. USDA, 239 F. Supp.2d 1219, 1236-37 (D. Wyo. 2002), appeal dismissed as moot, 414 F.3d 1207 (10th Cir. 2005); In re GlaxoSmithKline PLC, 732 N.W.2d 257, 270-71 (Minn. 2007)). Defendants assert that established precedent required the Court to presume that associational privilege applies to trade association documents related to lobbying and legislative affairs. See Memorandum In Support Of Joint Motion To Reconsider March 4, 2010 Memorandum & Order (Doc. 1583) ("Defendants' Memorandum In Support Of Motion To Reconsider") (Doc. #1591) filed March 16, 2010 at 3-9. In support of their assertion, defendants largely repeat the arguments which they made in their motion to review. See Defendants' Response To Plaintiffs' Motion To Review And Set Aside The Magistrate Judge's Order Dated May 28, 2009 And Defendants' Memorandum In Support Of Motion To Review Magistrate Judge Orders (Doc. 1080, 1196) ("Defendants' Memorandum In Support Of Motion To Review Magistrate Orders") (Doc. #1215) filed June 25, 2009 at 8-14. The Court has fully considered and rejected defendants' argument in this regard, and it is not persuaded by its reiteration. See Voelkel, 846 F. Supp. at 1483 (motion to reconsider not second opportunity to rehash arguments or dress up arguments that previously failed).

Defendants contend that the Court erred in finding that they had not shown an objectively reasonable probability that compelled disclosure would chill associational rights. See Memorandum And Order (Doc. #1583) at 21-24. Specifically, through evidence that compelled disclosure would interfere with trade association lobbying efforts, defendants assert that they demonstrated a prima

4

facie showing of chill on associational rights. See Defendants' Memorandum In Support Of Motion To Reconsider (Doc. #1591) at 12-18. Defendants apparently contend that they can demonstrate chill on *associational rights* by showing that disclosure will negatively impact their *right to petition* the government. Courts have generally held that efforts to petition the government are not protected from discovery. See, e.g., N. C. Elec. Membership Corp. v. Carolina P&L Co., 666 F.2d 50, 52-53 (4th Cir. 1981); Stalling v. Union Pac. R.R. Co., No. 01 C 1056, 2003 WL 21688235, at *2 (N.D. Ill. July 17, 2003); In re Glaxosmithkline, 732 N.W.2d at 273. Defendants cite no authority which supports the proposition that because they have formed an association, their right to petition is somehow entitled to heightened protection. In its previous order, the Court rejected similar arguments. See Memorandum And Order (Doc. #1583) at 23-24. It will not reconsider its ruling on this ground. See Voelkel, 846 F. Supp. at 1483.

Defendants seek to supplement the evidentiary record. They contend at the time they briefed the issue before Judge O'Hara, they reasonably relied on existing case law which presumed a prima facie privilege and that they had no idea that the Court would expect them to show a reasonable probability of chill on associational rights. The Court disagrees. Only one case – Judge Bostwick's opinion in Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc., No. 05-2164-MLB-DWB, 2007 WL 852521 (D. Kan. March 16, 2007) – even arguably presumed prima facie privilege with regard to trade association internal lobbying and legislative activities. See Memorandum And Order (Doc. #1583) at 21. The weight of long-standing authority requires that to invoke discovery privilege, one must show a reasonable probability of chill on associational rights. See, e.g., NCAAP, 357 U.S. at 462-63; United States v. Comley, 890 F.2d 539, 544 (1st Cir. 1989); Wyoming v. USDA, 239 F. Supp.2d at 1236; In re Glaxosmithkline PLC, 732 N.W.2d at 271. Plaintiffs argued

5

this point below. See Plaintiffs' Motion To Compel Discovery And Memorandum In Support (Doc. #668) filed December 8, 2008 at 9-11. Moreover, at oral argument, Judge O'Hara stated that he would not hesitate to deviate from Heartland if he believed that Judge Bostwick had wrongly decided it. See Transcript of Status Conference on May 13, 2009 (Doc. #1587-1) filed March 8, 2010 at 43:24 to 44:1. Defendants have not shown good cause to supplement the record at this late date. See Van Skiver, 952 F.2d at 1243 (motion to reconsider not forum for new supporting facts which could have been presented originally). The Court will not reconsider its ruling on this ground.

Defendants assert that the Court should have reversed Judge O'Hara's ruling which "denied categorically that intergroup communications could be protected by the First Amendment privilege." Defendants' Memorandum (Doc. #1591) at 23. In its previous order, the Court found that to invoke associational privilege for legislative and lobbying communications between trade associations and similar groups regarding ATC for retail motor fuel, defendants must show an objectively reasonable probability that disclosure of such communications would chill associational rights. See Memorandum And Order (Doc. #1583) at 30. Defendants did not do so. Defendants seek to supplement the record, but they are too late and have not established good cause to do so. See Van Skiver, 952 F.2d at 1243. The Court will not reconsider its ruling on this ground.

Defendants complain that in balancing whether plaintiffs had shown a compelling need for the requested information, the Court applied the wrong standard. See Defendants' Memorandum In Support Of Motion To Reconsider (Doc. #1591) at 25-26. The Court disagrees, and will not reconsider its ruling on this ground.

Finally, defendants assert that the Court erred in not ruling that the common interest privilege protects some of the requested documents from discovery. Defendants did not argue this issue in

6

their motion to review the magistrate judge rulings. See Defendants' Memorandum In Support Of Motion To Review Magistrate Orders (Doc. #1215) at 27-33.[3] The Court will not reconsider its ruling on this ground. See Van Skiver, 952 F.2d at 1243 (motion to reconsider not forum for new arguments which could have been presented originally).

Based on the foregoing analysis, the Court overrules defendants' motion to reconsider. In light of this ruling, defendants' motion for emergency stay is moot and overruled as such.

**IT IS THEREFORE ORDERED** that the Joint Motion To Reconsider March 4, 2010 Memorandum & Order (Doc. 1583) (Doc. #1590) which defendants and certain third party trade associations filed March 15, 2010 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that the Application For Emergency Stay Of March 4, 2010 Order (Doc. 1583) (Doc. #1592) which defendants and certain third party trade associations filed March 16, 2010 be and hereby is **OVERRULED as moot.**

---

[3] In their motion to review the magistrate rulings, defendants argued only that the First Amendment protected intergroup associational documents. See Defendants' Memorandum In Support Of Motion To Review Magistrate Orders (Doc. #1215) at 27-33. In a footnote, defendants compared the First Amendment privilege to the common interest privilege as follows:

> Although at a higher level due to the First Amendment constitutional implications, the protection from disclosure of confidential communications afforded groups with common political stances under the First Amendment privilege is comparable to the joint-defense/common-interest privilege in multi-defendant litigation, which protects confidential communications shared among otherwise distinct parties and third parties (i.e., "actual or potential co-defendants") when the information is exchanged "'for the limited purpose of assisting in their common cause.'" Burton v. R.J. Reynolds Tobacco Co., 167 F.R.D. 134, 139 (D. Kan. 1996) (citation omitted). That privilege "encompasses shared communications to the extent that they concern common issues and are intended to facilitate representation in possible subsequent proceedings." Id.

See Defendants' Memorandum In Support Of Motion To Review Magistrate Orders (Doc. #1215) at 32 n.88. Defendants did not assert that Judge O'Hara had made an erroneous ruling with regard to the common interest privilege.

Dated this 26th day of March, 2010 at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                Kathryn H. Vratil
                                                United Stated District Judge