IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE<br>SALES PRACTICES LITIGATION<br><br>(This Document Relates to All Cases) | )<br>)<br>) **MDL No: 1840**<br>)<br>) No: 07-md-1840-KHV-JPO |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Class Plaintiffs' Motion for Final Approval of Class Action Settlement ("Plaintiffs' Motion")(Doc. # 1620) is well-supported and dispositive for purposes of determining whether the Settlement is fair, reasonable and adequate. This Reply is filed solely to address arguments raised in the Alkon Objectors' untimely Response to Plaintiffs' Motion (Doc. #1645).[1]

As an initial matter, the Alkon Objectors' Response should be stricken or disregarded because it is untimely under Local Rule 6.1(d) (allowing 14 days to respond to motions other than summary judgment or motion to dismiss). All responses to Plaintiffs' April 1, 2010 Motion were due on or before April 15th. The Alkon Objectors are represented by experienced counsel, who claims expertise in class action practice; there is no reason why such counsel should not be held to the same procedural requirements that apply to all District of Kansas practitioners.

Should the Court consider the Alkon Objectors' untimely filing, however, the Response should still be disregarded because it is replete with unfounded argument and supposition. First, the Alkon Objectors argue that the opinions of Plaintiffs' expert economist Dr. Andrew Safir do not satisfy *Daubert*[2] checklist criteria – a curious argument as the Supreme Court in *Daubert*

---

[1] This is Alkon's third written submission protesting the Settlement, and the second one she has filed past the March 2, 2010 objection deadline set by this Court. *See* Doc. # 1598-6 at 6, 1598-4 at 4. Alkon's previous submissions include an initial Objection, Doc. # 1578, and a Reply Objection, Doc. # 1615, in addition to this latest "Response".
[2] *Daubert v. Merrell Dow Pharms. Co.*, 509 U.S. 579 (1993).

rejected then-existing expert admissibility punchlists as unduly "rigid" and "austere,"[3] and thus naturally declined to set forth any new "definitive checklist or test" to govern the admissibility of expert opinions.[4] Alkon Objectors take issue with Dr. Safir but fail to explain why his opinions are neither helpful nor reliable. Instead, they simply propose to substitute their own conclusions and speculation of their attorney for the expert opinions of Dr. Safir, an individual who is highly qualified in economics and econometrics, who has studied the evidence and who has submitted a series of prior reports in these proceedings that describe the methodology of those disciplines, and his adherence to those methods.[5]

Despite their own lack of qualifications to do so, Alkon Objectors spout economic buzzwords and principles in their Response, such as "cross-subsidization"[6] and "price-equalization," with no showing that Ms. Alkon,[7] or her counsel, are economists, and even understand the terms they use. They speculate once again that all costs of conversion will be passed through to consumers, despite the opinions of qualified experts that total pass-through is unlikely and that retrofit costs are dwarfed by consumer benefits.[8] Objectors' unfounded economic pronouncements are untethered to either fact or the science of economics and, thus, are inadmissible by the Objectors' own arguments. Their speculative conclusions do not undermine the well-qualified analysis preformed by Dr. Safir.

---

[3] *Id.* at 588-89.
[4] *Id.* at 593.
[5] The topic of admissibility of Dr. Safir's opinions in connection with class certification has been fully briefed and was argued on the same day as the Costco settlement class certification hearing was held.
[6] Alkon Objectors apparently pirated this term from a very different context of price-fixing and anti-trust violation. They cite no authority for the proposition that "cross-subsidization" or a potentially unequal result disqualifies a settlement, and in this instance, temperature compensation would reduce or eliminate rather than cause one customer to subsidize another, as every customer pays equitably for the energy dispensed to that customer.
[7] According to her declaration, Alkon is a newspaper columnist.
[8] *See, e.g.,* Plaintiffs' Response to Objections, Doc. # 1597 at 8-9, responding to argument about passed-through costs.

Second, the Alkon Objectors' factual suppositions are unsubstantiated and frankly, do not make sense. From the arguments made, it appears unlikely the Alkon Objectors have availed themselves of the record evidence – whether that evidence be published, or subject to confidentiality. There is no indication that they have viewed a single shred of evidence in this case. To compensate, they hypothesize speculative factual scenarios to support their own homespun economic conclusions, from coupon-cutting consumers to credit cards and car washes. Such divination has no basis in fact, nor is it part of the record before this Court. Such bald speculation adds nothing substantive or evidentiary to the question of whether the Settlement is fair, reasonable and adequate.

Finally, Objectors argue that the fairness of ATC is a matter better left to legislatures or regulatory agencies.[9] That, too, is an issue that has been heard before by this court, and decided in an Order denying Defendants' Motion to Dismiss (Political Question).[10] This Settlement creates no national or local, official policy; rather, it formalizes Costco's groundbreaking promise to its customers that it will ensure that accurate information is supplied to them about the temperature of the fuel they buy and the effect that temperature has on that fuel.

Class Plaintiffs respectfully request that the Court disregard the untimely and unhelpful Response of the Alkon Objectors. They have offered nothing more than speculation to contest the well-reasoned and well-grounded conclusions of a highly qualified expert and to protest a settlement that is fair, adequate and reasonable.

---

[9] Response, Doc. # 1645 at 6-7.
[10] Doc. #1444.

Respectfully submitted this 3rd day of May, 2010.

                                            Respectfully submitted,

                                            */s/ Robert A. Horn*
                                            Robert A. Horn      KS Bar No. 70254
                                            HORN AYLWARD & BANDY, LC
                                            2600 Grand Boulevard, Suite 1100
                                            Kansas City, MO 64108
                                            Telephone 816-421-0700
                                            Facsimile 816-421-0899
                                            rhorn@hab-law.com

                                            Co-Class Counsel

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 3, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all person registered for ECF as of that date.

                                            */s/ Joseph A. Kronawitter*