IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE SALES PRACTICES LITIGATION | MDL No. 1840<br>Case No. 07-MD-1840 KHV/JPO |
| (This Document Relates To All Cases) | |

### EXXON MOBIL CORPORATION'S MOTION TO HOLD THE OWNER OPERATOR INDEPENDENT DRIVERS ASSOCIATION IN CONTEMPT OF COURT, AND TO ENFORCE THE COURT'S JULY 7, 2010 ORDER

Exxon Mobil Corporation ("ExxonMobil") moves for an Order (i) holding the Owner Operator Independent Drivers Association in contempt of court for its intentional violation of Judge O'Hara's Order, dated July 7, 2010 (the "July 7 Order), requiring OOIDA to submit certain documents, over which OOIDA asserted attorney-client privilege, for an *in camera* review, (ii) sanctioning OOIDA for its refusal to comply; and (iii) enforcing the July 7 Order.

OOIDA's contempt of this Court is plain and unmistakable. Despite being ordered to provide the documents at issue to Judge O'Hara for an *in camera* review no later than July 21, 2010, OOIDA simply "chose[] not to provide the communications for the magistrate judge's *in camera* review."[1]  Objection at 16. OOIDA has no choice. It

---

[1] OOIDA produced documents to ExxonMobil only after months of failing even to respond to the subpoena. ExxonMobil and OOIDA did not enter into "several informal agreements" to extend OOIDA's time to respond, as OOIDA claims. Rather, ExxonMobil granted a single thirty day extension of OOIDA's time to respond. Thereafter, OOIDA's counsel, George Zelcs, made numerous promises to respond to the subpoena, only to disregard each of them, as well as ignore ExxonMobil's counsel's communications.

never obtained a stay of Judge O'Hara's July 7 Order (indeed, OOIDA never even sought one until five days *after* it violated the Order),[2] and the Local Rules and Kansas law are plain that OOIDA cannot disregard a court order merely because it disagrees with it, and OOIDA's objection does not relieve it of its obligation to comply with the Order.  *See* Local Civil Rule 72.1.4(d) (An "[a]pplication for stay of a magistrate judge's order pending review of objections must first be made to the magistrate judge"); *Lipari v. U.S. Bancorp*, *N.A.*, No. 07-2146-CM-DJW, 2008 WL 4120059, at *1 (D. Kan. Aug. 25, 2008)("[T]he mere filing of an objection to a Magistrate Judge's order, without applying for a stay, does not relieve a party of the obligation to comply with the order."); *Kelly v. Market USA*, No. 01-4169-SAC, 2003 WL 21089075, at *2 (D. Kan. Apr. 11, 2003) ("Plaintiff was ordered to produce and respond to discovery, yet failed to do so.  Plaintiff was not relieved from complying with the disputed order merely because he had filed an objection to it ..., and made no application for a stay of the magistrate's non-dispositive order regarding discovery.") (citations omitted).  OOIDA apparently does not want anyone – including this Court – even looking at the documents at issue.[3]

---

[2] OOIDA evidently had no intention even to seek a stay until counsel for ExxonMobil informed them, on July 26, 2010, that they were in violation of the July 7 Order, that its objection did not act as a stay, and that ExxonMobil intended to move for contempt that day unless OOIDA complied with the Order.  OOIDA advised ExxonMobil that it would reply by close of business Central Time on July 26.  Recognizing its contempt, however, OOIDA thereafter hastily crafted a stay motion, with virtually no analysis of any sort, that fails for the very same reason that its objection lacks merit – as explained below, there is no conflict between Kansas and federal law with respect to the attorney-client privilege.

[3] The July 7 Order did not require OOIDA to produce anything at this time.  Thus, the only conclusion that can be drawn from OOIDA's refusal to comply with the Order is that it does not want the Court even to look at the documents in question, because certainly no prejudice to OOIDA could occur from the Court conducting a confidential, *in camera* review of the documents.

OOIDA asserts only one argument defending its "choice" to disregard this Court's July 7 Order – that Kansas privilege law "conflicts" with federal privilege law, and thus the Court would apply the wrong standard in reviewing the documents – and cites only one case in support, *Cypress Media, Inc. v. City of Overland Park*, 997 P.2d 681 (Kan. 2000).[4]  Besides providing absolutely no basis for blatantly disregarding a court order, this argument is also completely without merit.  Numerous cases, all decided after *Cypress Media* (and all of which apparently were wrongly decided under OOIDA's argument), make plain that no conflict exists between Kansas and federal privilege law with respect to the attorney-client privilege.[5]  Indeed, *Cypress Media* itself, in reviewing applicable federal case law,[6] noted that it suggested that "no conflict appears to exist between federal and Kansas law" with respect to the attorney client privilege.  *Id.* at 692.[7]

---

[4] OOIDA's motion for a stay does not cite any additional relevant authority.

[5] *See, e.g., Coffeyville Res. Ref. & Mktg. v. Liberty Surplus Ins. Corp.*, 2009 U.S. Dist. LEXIS 24803, *7 n.2 (D. Kan. Mar. 24, 2009) (Whether the court applies federal or Kansas law generally makes no difference in determining whether the attorney-client privilege applies."); *C.T. v. Liberal School Dist.*, Nos. 06-2093-JWL 06-2360-JWL, 06-2359-JWL, 2008 WL 217203, at *2 (D. Kan. Jan. 25, 2008) (Even though there were both federal and pendant state claims the court applied federal privilege law to the disputed documents because "no real conflict between Kansas law regarding the attorney-client privilege [exists]" and held that "only confidential communications which involve the requesting or giving of legal advice" are privileged.) (citing *Kan. Wastewater, Inc. v. Alliant Techsystems, Inc.*, 217 F.R.D. 525, 526 at n. 3 (D. Kan. 2003); *U.S. Fire Ins. Co. v. Bunge North America, Inc.*, 2006 WL 3715927, *1 n. 2 (D. Kan. Dec. 12, 2006) ("The Court notes no real conflict between federal and Kansas law regarding the attorney-client privilege exists."); *Western Resources, Inc. v. Union Pacific R. Co.*, No. 00-2043-C, 2002 WL 1822412, at *1 , n. 1 (D. Kan. June 26, 2002) ("Whether the court applies federal or Kansas law generally makes no difference in determining whether the attorney-client privileged exists."); *Flint Hills Scientific v. Davidchack*, No. 00-2334-KHV, 2001 WL 1718276, at 3, n.3 (D. Kan. Nov. 14, 2001) (same).

[6] *See ERA Franchise Systems, Inc. v. Northern Ins. Co. of New York.* 183 F.R.D. 276, 278 n. 1 (D. Kan. 1998) ("Whether the court applies federal or Kansas law generally makes no difference in determining whether the attorney-client privilege applies.")

[7] *See also Coffeyville Res. Ref. & Mktg.*, 2009 U.S. Dist. LEXIS 24803, *7 n.2 (D. Kan. Mar. 24,

In *Cypress Media,* the Kansas Supreme Court specifically rejected the argument that the attorney client privilege applies to all interactions between attorney and client, noted that the position that the privilege only exists in connection with legal advice being given or received is consistent with the court's prior decisions, and reasoned that the privilege should be interpreted and understood in that light:

> "We reject the City's contention that the attorney-client privilege applies to every interaction between attorney and client.  We likewise hesitate to adopt unqualifiedly the Star's argument that privilege exists only where advice is given or received, *although such position appears to be more consistent with our prior pronouncements*. . .Our statements that the attorney-client privilege attaches to communications related to the giving or receiving of legal advice does not add any element to the statutory definition but rather *is an aid in its interpretation and explanation*."[8]

997 P.2d at 690 (emphasis added).  Nothing in *Cypress Media* demonstrates that any conflict exists between Kansas privilege law and federal privilege law, and the Court unquestionably applied the correct standard in addressing ExxonMobil's motion to compel.

The remainder of OOIDA's objection merely rehashes the same arguments it presented in opposing ExxonMobil's motion to compel, which need not be addressed once again.[9]  After considering these arguments, the Court reasonably concluded that it

---

2009) (citing *Cypress Media* for proposition that "[n]o conflict appears to exist between federal and Kansas law concerning the attorney client privilege.")

[8] The Court only declined to endorse this position unequivocally because privilege issues necessarily present fact specific inquiries.  *See Cypress Media*, 997 P.2d at 690 ("The facts under which the attorney-client privilege may be claimed will necessarily differ in most cases, so any attempt to adopt a bright line rule is inadvisable.").

[9] To address just one of the many mischaracterizations that OOIDA continues to make, ExxonMobil has never argued that the documents in question are not privileged merely because OOIDA is not a party in the MDL.  Rather, the documents are privileged only if they constitute confidential communications reflecting the giving or receiving of legal advice.  Since OOIDA is

could not determine whether the documents were privileged without conducting an *in camera* review. This is no less the case now than it was when the Court issued the July 7 Order, and OOIDA's apparent desire to avoid having *anyone* look at the documents in question presents no basis to avoid or overrule the July 7 Order. Accordingly, the Court should (i) hold OOIDA in contempt of court, (ii) order OOIDA to produce the documents in question to ExxonMobil as a sanction for its contempt,[10] and (iii) award ExxonMobil its fees and costs associated with bringing this motion.

## CONCLUSION

For the foregoing reasons, ExxonMobil's motion should be granted in its entirety.

Dated: July 26, 2010
    New York, New York

/s/ *David J. Lender*_____
David J. Lender
Weil, Gotshal & Manges
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8487
Facsimile: (212) 310-8007

*Counsel for Exxon Mobil Corporation*

---

not a party to the MDL proceeding, and has no legal interest at all in its resolution, as the Court correctly noted, it is not apparent how communications concerning the MDL involve any legal advice being requested by, or provided to, OOIDA.

[10] The Court may impose a variety of sanctions for failure to obey a court order. If, however, the Court decides not to sanction OOIDA, it still should, at a minimum, enforce the July 7 Order.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of Court of the United States District Court for the District of Kansas on July 26, 2010 by using the CM/ECF system, which will automatically send a notice of electronic filing to all persons registered for ECF as of that date.

/s/ *David J. Lender*_____
David J. Lender
Weil, Gotshal & Manges
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8487
Facsimile: (212) 310-8007

*Counsel for ExxonMobil Corporation*