**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **IN RE: MOTOR FUEL TEMPERATURE** | ) | |
| **SALES PRACTICES LITIGATION** | ) | |
| | ) | **MDL No. 1840** |
| **(This Document Relates to All Cases)** | ) | **Case No. 07-MD-1840-KHV** |
| | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

Plaintiffs bring putative class action claims for damages and injunctive relief against motor fuel retailers in Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, the District of Columbia, Puerto Rico and Guam. See Second Consolidated Amended Complaint (Doc. #652) filed December 1, 2008 ¶ 11.[1] This matter comes before the Court on Certain Defendants' Motion For Certification And Amendment Of Order Pursuant To 28 U.S.C. § 1292(b) ("Defendants' Motion For Certification") (Doc. #1565) filed January 19, 2010. For reasons set forth below, the Court overrules the motion.[2]

---

[1] Plaintiffs assert claims individually and on behalf of similarly situated persons and entities who purchased gasoline or diesel fuel at temperatures greater than 60 degrees Fahrenheit from one or more defendants in the Region. Following a transfer order of the Judicial Panel on Multidistrict Litigation ("JPML"), the Court has jurisdiction over consolidated pretrial proceedings in these actions. See 28 U.S.C. § 1407; Doc. #1 filed June 22, 2007.

With respect to Kansas claims, the Court has certified a class under Rule 23(b)(2), Fed. R. Civ. P., as to the liability and injunctive aspects of plaintiffs' claims for unjust enrichment, violation of the KCPA and civil conspiracy as to certain defendants. See Doc. #1675 filed May 28, 2010 at 34-35.

[2] The Court finds that oral argument will not materially assist in the disposition of this motion or promote the speedy, just and inexpensive determination of this matter. Accordingly, defendants' request for oral argument is overruled.

I.      **Legal Standards**

The court of appeals may hear appeals from all final decisions of the district courts of the United States and certain interlocutory orders involving, <u>inter alia</u>, granting, modifying and dissolving injunctions, appointing receivers and determining rights under admiralty cases. <u>See</u> 28 U.S.C. § 1291; 28 U.S.C. § 1292(a). With regard to other interlocutory orders, a district judge may certify an interlocutory order when she is of the opinion that (1) such order involves a controlling question of law, (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation, and (3) a substantial ground for difference of opinion exists with respect to the question of law. <u>See</u> 28 U.S.C. § 1292(b).[3]

The Court retains discretion to certify an interlocutory order for appeal under Section 1292(b). <u>See</u> <u>Swint v. Chambers County Comm'n</u>, 514 U.S. 35, 47 (1995). Such certification is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." <u>Menefee v. Werholtz</u>, No. 08-2214-SAC, 2009 WL 949134, at *1 (D. Kan. April 7,

---

[3]       Section 1292(b) provides as follows:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

2009) (quoting State of Utah ex rel. Utah State Dep't of Health v. Kennecott Corp., 14 F.3d 1489,

1495 (10th Cir. 1994)).  A primary purpose of Section 1292(b) is to provide an opportunity to review

an order when an immediate appeal would "materially advance the ultimate termination of the

litigation."  Menefee, 2009 WL 949134, at *1 (quoting Kennecott, 14 F.3d at 1495).

## II.     Background

Plaintiffs claim that because defendants sell motor fuel for a specified price per gallon

without disclosing or adjusting for temperature expansion, they are liable under state law theories

including breach of contract, breach of warranty, fraud and consumer protection.  Plaintiffs seek

damages and injunctive relief, including (without limitation) installation of automatic temperature

correction ("ATC") devices.

On July 24, 2009, certain defendants filed a motion to dismiss plaintiffs' claims, arguing that

they present nonjusticiable political questions under Baker v. Carr, 369 U.S. 186 (1962).  See

Certain Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Rule 12(b)(1))

Or In The Alternative, For Summary Judgment (Rule 56), Under Political-Question Doctrine

(Doc. #1242).[4]  In the motion, defendants argued that plaintiffs' claims revolve around policy

choices and value determinations which are constitutionally committed to Congress and that the

---

[4]      The following defendants filed the motion: 7-Eleven, Inc., Circle K Stores, Inc., Kum
& Go, LC, Murphy Oil USA, Inc., Pilot Travel Centers, LLC, Marathon Petroleum Company LLC,
Speedway SuperAmerica, LLC, Sheetz, Inc., Mac's Convenience Stores, LLC, RaceTrac Petroleum,
Inc., QuickTrip Corporation, The Pantry, Inc., Star Fuel Marts, LLC and WAWA, Inc.
       The following defendants joined in the motion: B-B Oil Company, Inc., Coulson Oil
Company, Inc., Diamond State Oil LLC, Flash Market Inc., J&P Flash Inc., The Kroger Co.,
Magness Oil Co., Maverik, Inc., Port Cities Oil LLC, Rivercity Energy Company, Inc., South Pacific
Petroleum Corp., Thorntons Inc., WR Hess Company, Tesoro Refining and Marketing Company and
Dansk Investment Group Inc.  See Doc. #1410 filed November 5, 2009 and Doc. #1430 filed
November 20, 2009.  The remaining defendants did not join in the motion.

judiciary is "particularly ill-suited" to resolve the issues because courts are "fundamentally under equipped to formulate national policies or develop standards for matters not legal in nature." Certain Defendants' Memorandum In Support Of Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Rule 12(b)(1), Or In The Alternative, For Summary Judgment (Rule 56), Under Political-Question Doctrine ("Defendants' Brief") (Doc. #1244) at 43-44 (quoting Japan Whaling Ass'n v. Am. Cetacean Soc'y, 478 U.S. 221, 230 (1986)).  Specifically, defendants asserted that implementation of ATC devices would alter the definition of a "gallon" and thereby interfere with a "weights and measures" determination which the Constitution has explicitly committed to Congress.  Defendants argued that through its partnership with state regulators and the National Conference on Weights and Measures ("NCWM"), Congress has defined a "gallon" solely in terms of volume.  Defendants also noted that for years, many fora have debated whether to mandate ATC and asserted that the Court should abstain from that policy debate.

On December 3, 2009, the Court entered an order which denied defendants' motion.  See Memorandum And Order (Doc. #1444) filed December 3, 2009.  The Court found that contrary to defendants' arguments, plaintiffs' claims created a potential clash between the Court and *state* regulators – not *federal* regulators – and therefore the political question doctrine was not implicated. See id. at 4 (citing Gordon v. State of Tex., 153 F.3d 190, 194 (5th Cir. 1998)).  The Court rejected defendants' assertion that adjudicating plaintiffs' claims would require the Court to formulate national policies.  Rather, the Court found that a determination that defendants have breached their contracts and deceived consumers would not be a formulation of national policy on ATC.  See id. at 5.  The Court further found that the fact that political branches are debating the wisdom of ATC does not foreclose judicial review – particularly where they have taken no action.  See id. (citing

Conn. v. Am. Elec. Power. Co., 582 F.3d 309, 321-24) (2d Cir. 2009)).  Finally, the Court found that

if plaintiffs prevail on their claims, it would have no duty to order ATC and that defendants did not

assert that other remedies which plaintiffs seek – e.g., money damages, accurate information to

consumers about the temperature of the fuel which they purchase and the effect of temperature on

that fuel – would require the Court to make impermissible policy determinations.  See id.

On January 19, 2010, certain defendants filed a motion asking the Court to certify an

interlocutory appeal pursuant to 28 U.S.C. §1292(b).[5]  See Defendants' Motion For Certification

(Doc. #1565).

### III.    Analysis

Defendants assert that the Court should certify its order regarding the political question

doctrine for immediate appeal.  As noted, a district judge may certify an interlocutory order for

immediate appeal when she is of the opinion that (1) such order involves a controlling question of

law, (2) an immediate appeal from the order may materially advance the ultimate termination of the

litigation, and (3) a substantial ground for difference of opinion exists with respect to the question

of law.  See 28 U.S.C. § 1292(b).

Defendants contend that the Court's ruling involves a controlling question of jurisdictional

law for which substantial ground for difference of opinion exists, and that certification will

materially advance the ultimate termination of the litigation.  The Court disagrees.  As noted in its

---

[5]      The following defendants filed the motion: 7-Eleven, Inc., B-B Oil Company, Inc., Circle K Stores, Inc., Coulson Oil Company, Inc., Dansk Investment Group Inc., Diamond State Oil LLC, Flash Market Inc., Kum & Go, LC,   Mac's Convenience Stores, LLC, Magness Oil Co., Marathon Petroleum Company LLC, Maverik, Inc., Murphy Oil USA, Inc., Pilot Travel Centers, LLC, Port Cities Oil LLC, QuickTrip Corporation, RaceTrac Petroleum, Inc., Rivercity Energy Company, Inc., Sheetz, Inc., South Pacific Petroleum Corp., Speedway SuperAmerica, LLC, Thorntons Inc., Tesoro Refining and Marketing Company, The Pantry, Inc., and WAWA, Inc.  The remaining defendants did not join in the motion.

earlier order, defendants complain about a potential clash between the Court and *state* regulators –

not *federal* regulators.   Therefore, the political question doctrine is not implicated.   See

Memorandum And Order (Doc. #1444) at 4 (citing Gordon, 153 F.3d at 194).  The Court finds that

an immediate appeal would delay, and not materially advance, the ultimate termination of the

litigation.  Furthermore, defendants have not shown a "substantial" ground for difference of opinion

with respect to the issues involved.   Accordingly, the Court overrules defendants' request for

certification of an interlocutory appeal.

      **IT IS THEREFORE ORDERED THAT** Certain Defendants' Motion For Certification

And  Amendment  Of  Order  Pursuant  To  28  U.S.C.  §  1292(b)  ("Defendants'  Motion  For

Certification") (Doc. #1565) filed January 19, 2010 be and hereby is **OVERRULED.**

      Dated this 27th day of August, 2010 at Kansas City, Kansas.

                          s/Kathryn H. Vratil
                          Kathryn H. Vratil
                          United States District Court