IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: MOTOR FUEL TEMPERATURE | ) | |
| SALES PRACTICES LITIGATION | ) | |
| | ) | MDL No. 1840 |
| (This Document Relates to All Cases) | ) | |
| | ) | Case No. 07-MD-1840-KHV |
| _____ | ) | |

## <u>ORDER</u>

On July 7, 2010, the undersigned U.S. Magistrate Judge, James P. O'Hara, entered an order ruling on the motion of defendant Exxon Mobil Corporation to compel non-party Owner-Operator Independent Drivers Association ("OOIDA") to produce certain documents in response to a subpoena (doc. 1694). The order, among other things, required OOIDA to submit documents it was withholding under an asserted attorney-client privilege for *in camera* review by July 21, 2010. Rather than submit the documents, on July 21, 2010, OOIDA filed objections to the undersigned's order, asking the presiding U.S. District Judge, Kathryn H. Vratil, to set aside the portion of the order requiring *in camera* submission of the documents (doc. 1697). OOIDA did not file a timely application to stay the undersigned's order.

On July 26, 2010, Exxon's attorneys informed OOIDA that the filing of its objections did not stay the undersigned's order and OOIDA was in violation of the order. That same day, the parties filed the two motions that are now before the court: OOIDA filed an application to stay the undersigned's order to the extent it required the submission of

documents being withheld under an asserted attorney-client privilege (**doc. 1700**), and Exxon filed a motion to hold OOIDA in contempt of court for failing to submit said documents for *in camera* review (**doc. 1701**).  For the reasons discussed below, OOIDA's application for stay is granted and Exxon's motion for contempt is denied.

<u>OOIDA'S APPLICATION FOR STAY</u>

D. Kan. Rule 72.1.4(d) permits a party to apply to a magistrate judge for a stay of the magistrate judge's order pending review of the order by the district court judge.  However, neither the Federal Rules of Civil Procedure nor the Rules of Practice of the United States District Court for the District of Kansas establish criteria to be considered upon an application for stay pending review.  The courts in this district thus have applied the criteria used in evaluating discretionary stays in other contexts.  "Generally stated, the rule is that the court reviewing the application assesses the movant's chances for success on appeal and weighs the equities between the parties."[1]  Specifically, the court considers:

1.      Whether the movant is likely to prevail on review;

2.      Whether the movant has established that absent a stay the movant will suffer irreparable harm;

3.      Whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and

---

[1]*Mannell v. Kawasaki Motors Corp.*, No. 89-4258, 1991 WL 34214, at *3 (D. Kan. Feb. 22, 1991).

4.   The public interests implicated by the stay.[2]

As relates to the first of the four factors, the undersigned notes that, in OODIA's motion for review, the association objects to submitting the withheld documents for *in camera* review because the undersigned supposedly adopted the wrong legal standard to be applied in evaluating whether the documents are protected by the attorney-client privilege. The undersigned has reviewed the arguments and authority submitted by the parties on the motion for review and remains satisfied that he set forth the correct standards for evaluating the asserted privilege.  The undersigned does not presume to predict how Judge Vratil will rule on the matter.  But the undersigned finds OOIDA is unlikely to prevail on review; this finding should come as no surprise to any of the parties.

Under the second factor, OOIDA contends it will be harmed if it is forced to expend resources and time to re-evaluate the withheld documents under a standard that Judge Vratil may ultimately deem incorrect.  The undersigned's July 7, 2010 order required OOIDA to "take another hard look at each document on its privilege log and, applying the legal standards set forth in this opinion, consider whether each document is truly subject to the privilege."[3] Because the order directed OOIDA to undertake the supplemental review before submitting the documents for *in camera* review, the undersigned finds, in the event Judge

---

[2]*See id.* (citing *E.I. DuPont de Nemours & C. v. Phillips Petroleum Co.*, 835 F.2d 277 (Fed. Cir. 1987); *Hesston Corp. v. Sloop*, 734 F. Supp. 952, 953 (D. Kan.1990); and *Franklin Savs. Assoc. v. Dir. of the Office of Thrift Supervision*, No. 90-4054, 1990 WL 95055 (D. Kan. June 22, 1990)).

[3]Doc. 1694 at 6–7.

Vratil modifies the order, the supplemental review would have subjected OOIDA to unnecessary expense.  In addition, if, upon submission of the documents, the undersigned were to find documents not privileged under the standard set forth in his order and were to direct OOIDA to produce documents to Exxon, OOIDA would undeniably be prejudiced if Judge Vratil later set forth a standard under which the produced documents were privileged.

Under the third factor, Exxon has not suggested it will suffer substantial harm if the stay is granted.

Finally, the public interest weighs in favor of granting the stay.  While there is no indication the public has an interest in this particular discovery dispute, the attorney-client privilege does hold a very special place in American jurisprudence.  The public interest in ensuring that certain attorney-client communications are protected counsels in favor of granting the stay until Judge Vratil has a chance to consider the matter.

After weighing the equities, the undersigned grants OOIDA's motion to stay its July 7, 2010 order pending review by Judge Vratil.

<u>EXXON'S MOTION TO HOLD OOIDA IN CONTEMPT</u>

As Exxon points out, "the mere filing of an objection to a Magistrate Judge's order, without applying for a stay, does not relieve a party of the obligation to comply with the order."[4]  Thus, OOIDA was not relieved of its obligation to comply with the court's July 7,

---

[4]*Lipari v. U.S. Bancorp, N.A.,* No. 07-2146, 2008 WL 4120059, at *1 (D. Kan. Aug. 25, 2008) (citing *Kelly v. Market USA*, No. 01-4169, 2003 WL 21089075, at *2 (D. Kan. Apr. 11, 2003)).

2010 order and should have submitted the withheld documents to the court.  Pursuant to Fed.

R. Civ. Pro. 37(b)(2)(A), a court may impose a variety of sanctions against a party for failing

to obey a discovery order, including treating the failure as contempt of court.[5]  Whether to

hold a party in contempt is left to the broad discretion of the court.[6]

The undersigned declines to exercise his discretion to hold OOIDA in contempt.

OOIDA explains that its failure to seek a stay was an inadvertent oversight, and its counsel

has apologized to the court.  Once alerted to the oversight by Exxon's counsel, OOIDA filed

its motion for stay almost immediately.  Exxon has not demonstrated it was harmed by the

five-day delay in the filing of OOIDA's motion for stay.  Finding no bad faith on the part

of OOIDA and no prejudice to Exxon, the court denies Exxon's motion to hold OOIDA in

contempt of court.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.      OOIDA's application to stay the July 7, 2010 order pending review by Judge

Vratil (doc. 1700) is granted.

2.      Exxon's motion to hold OOIDA in contempt of court for failing to fully

---

[5]*See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991) (recognizing the inherent power vested in federal courts to punish for contempt when their orders are disobeyed).

[6]*United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1236 (10th Cir. 2000); *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, 99 F. Supp. 2d 1300, 1303 (D. Kan. 2000).

comply with the July 7, 2010 order (doc. 1701) is denied.

IT IS SO ORDERED.

Dated September 16, 2010, at Kansas City, Kansas.


  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge