IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: MOTOR FUEL TEMPERATURE  )
SALES PRACTICES LITIGATION  )
  )  MDL No. 1840
(This Document Relates to All Cases)  )
  )  Case No. 07-MD-1840-KHV
_____  )

## ORDER FOR STATUS CONFERENCE

On November 20, 2009, the presiding U.S. District Judge, Kathryn H. Vratil, and the undersigned U.S. Magistrate Judge, James P. O'Hara, jointly filed Scheduling Order No. 3 (doc. 1429) in this multidistrict litigation ("MDL") proceeding. Based on the parties' agreement, Scheduling Order No. 3 generally stayed all "written" discovery and depositions until Judge Vratil could rule on certain motions for class certification which were pending at that time.

Recently there have been some very significant developments which bear on how this MDL should be managed from this point forward. For the sake of context, the following is a brief recap of what the undersigned considers to be the more significant developments since Scheduling Order No. 3 was filed.

On March 4, 2010, Judge Vratil ruled on the parties' cross-motions for review of the undersigned's decisions on a First Amendment associational privilege asserted in response to various trade association lobbying information sought by plaintiffs (*see* doc. 1583); on March 26, 2010, she denied a motion for reconsideration filed by certain defendants and

some non-party trade associations aligned with those defendants (*see* doc. 1612).  Certain defendants have filed an appeal and a separate petition for a writ of mandamus on these issues with the United States Court of Appeals for the Tenth Circuit; for purposes of record and submission, these two appellate proceedings have been consolidated.  Based on how an ostensibly similar case was handled in the Ninth Circuit, counsel for the above-referenced defendants expressed great optimism that the Tenth Circuit would process their appeals on an expedited basis.  Although the legal issues presented have been fully briefed since July 19, 2010, oral arguments are not scheduled until November 17, 2010, and it is unknown when the Tenth Circuit will hand down its decision.

Scheduling Order No. 3 did *not* generally stay discovery or pretrial proceedings in this MDL pending the Tenth Circuit's decision on the First Amendment association privilege issues.  However, on April 30, 2010, over plaintiffs' objection, the undersigned did stay the compliance obligation of the appealing defendants and the non-party trade associations aligned with them to produce the subject documents; that stay expires 14 days after the Tenth Circuit enters its judgment, i.e., assuming the Tenth Circuit affirms Judge Vratil's decision (*see* doc. 1661).  Further, on April 30, 2010, subject to further briefing on whether a stay was appropriate pending a decision on the merits (which briefing since has been completed), the Tenth Circuit granted a temporary stay of any obligation to comply with the subject document requests.

On May 28, 2010, limited to just the two Kansas cases in this MDL (i.e., *Wilson v.*

*Ampride*, D. Kan. Case No. 06-2582-KHV, and *American Fiber & Cabling, LLC v. BP West Coast Prods., LLC*, D. Kan. Case No. 07-2053-KHV), Judge Vratil certified a class under Fed. R. Civ. P. 23(b)(2) as to the liability and injunctive relief aspects of plaintiffs' claims for unjust enrichment, violation of the Kansas Consumer Protection Act, and civil conspiracy as to certain defendants (*see* doc. 1675). On August 31, 2010, in a one-sentence order entered without oral argument, the Tenth Circuit declined to permit defendants to pursue an interlocutory appeal of Judge Vratil's above-referenced class certification rulings.

On August 13, 2010, Judge Vratil denied plaintiffs' motion for final approval of their settlement with defendant Costco Wholesale Corporation ("Costco") (*see* doc. 1707). However, her order acknowledges the Costco settlement could be approved if suitably restructured.

On August 18, 2010, the parties' respective liaison counsel informed the undersigned via email that, as required by Scheduling Order No. 3 (doc. 1429, pp. 11-12), plaintiffs and the non-Costco defendants had timely engaged in several private mediation sessions with mediator Gary McGowan of Houston, Texas within 45 days of Judge Vratil's class certification ruling, despite defendants' Fed. R. Civ. P. 23(f) appeal of that ruling. Mediation supposedly is "ongoing." But at this point the court has no specific information as to how productive the mediation sessions have been or whether the parties are close to or far from settlement.

On August 20, 2010, over defendants' objection, Judge Vratil consolidated the

Kansas cases for all purposes, including trial (*see* doc. 1708).

On August 27, 2010, Judge Vratil denied certain of the defendants' motion for leave to take an interlocutory appeal to the Tenth Circuit pursuant to 28 U.S.C. § 1292(b) with regard to one of their major defenses in this case (*see* doc. 1711). This discretionary ruling related to the July 24, 2009 motion by said defendants to dismiss or, in the alternative, for summary judgment, on all of plaintiffs' pleaded claims based on the argument that those claims presented nonjusticiable political questions within the meaning of *Baker v. Carr*, 369 U.S. 186 (1962) (*see* doc. 1242); Judge Vratil denied that motion for summary dismissal on December 3, 2009 (*see* doc. 1444).

Evidently, only one motion is pending in the district court at this time. That is, on July 21, 2010, a non-party aligned with plaintiffs, namely, the Owner-Operator Independent Drivers' Association ("OOIDA"), filed some objections (doc. 1697) seeking review by Judge Vratil of the undersigned's July 7, 2010 order (doc. 1694) which granted in part and took under advisement in part a motion to compel (doc. 1671) filed by defendant Exxon Mobil Corporation. The above-referenced objections and motion for review have been fully briefed since August 25, 2010 (*see* docs. 1697, 1703, and 1710). It should be noted, however, that on September 16, 2010, over Exxon Mobil's objection, the undersigned stayed OOIDA's obligation to produce the subpoenaed documents until Judge Vratil rules on the merits of the motion for review (*see* doc. 1714).

As earlier indicated, it is virtually impossible to predict when the Tenth Circuit will

decide the First Amendment issues.  And, of course, despite the above-described compliance stays recently approved by the undersigned (and the temporary stay granted by the Tenth Circuit), it does not follow that all other remaining discovery and pretrial proceedings must or should be put on hold just because defendants have appealed a discrete discovery issue. Indeed, subject to further input by the parties, the undersigned currently is of the view that all aspects of this MDL case should move forward briskly except to the very limited extent they have been stayed.

In view of the foregoing, the parties and counsel are hereby notified that, pursuant to Fed. R. Civ. P. 16(a), the undersigned will conduct a  status conference on **October 20, 2010, at 3:30 p.m.**, in Courtroom 655 of the U.S. Courthouse at 500 State Avenue in Kansas City, Kansas.  The basic purpose of this conference will be to discuss "where we go from here."  More specifically, the court wishes to address: (1) the status of any restructuring of the Costco settlement; (2) the status of the ongoing settlement negotiations between and among plaintiffs and the defendants other than Costco and what, if anything, the court might do to bring closure to those negotiations; (3) within the parameters set forth in Scheduling Order No. 3 (doc. 1429, pp. 8-9), a very aggressive yet reasonable timetable for completing common issue discovery so all of the non-Kansas cases in this MDL can be remanded to their respective transferor courts for jurisdiction-specific discovery, dispositive motion practice, and trial; and (4) again as contemplated by Scheduling Order No. 3 (doc. 1429, p. 9), as relates to the two Kansas cases, a "fast track" schedule for jurisdiction-specific

discovery and dispositive motion practice, with a No. 1 trial setting in the middle of 2011.

So the parties, counsel, and the court can efficiently prepare for the upcoming status conference, and so the court can then fashion the particulars of Scheduling Order No. 4, the parties' liaison and lead counsel shall confer in good faith about the issues raised in the instant order and then file a joint report outlining their respective positions by **October 8, 2010**.  This report shall be limited to 10 double-spaced pages.

IT IS SO ORDERED.

Dated September 27, 2010, at Kansas City, Kansas.

 s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge