IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: MOTOR FUEL TEMPERATURE SALES PRACTICES LITIGATION | ) ) ) | MDL No. 1840 |
| (This Document Relates to All Cases) | ) ) | Case No. 07-MD-1840-KHV/JPO |

# JOINT STATUS REPORT REGARDING OCTOBER 20, 2010

# SCHEDULING CONFERENCE

In the September 27, 2010 Status Conference Order, the Court directed the parties to submit a joint status report addressing four specific issues in preparation for the October 20, 2010 status conference.[1] In response, the parties submit the following joint statement:

## I. STATUS OF ANY RESTRUCTURING OF COSTCO SETTLEMENT

### Plaintiffs'/Costco's Joint Statement[2]

Plaintiffs and Costco Wholesale Corporation currently are negotiating an amendment to the previously proposed class action settlement and anticipate filing a renewed motion for final approval with the Court within the next thirty (30) days.

## II. STATUS OF SETTLEMENT NEGOTIATIONS

### Joint Statement of the Parties

As directed in this Court's Scheduling Order No. 3 (Doc. # 1429), the parties, with the assistance of a privately-retained mediator, Gary V. McGowan, have been engaged in active settlement negotiations since early July 2010. Since that time, the parties' representatives have met with Mr. McGowan in face-to-face settlement meetings on three occasions occurring on or about July 27, August 2, and September 13, 2010 in Chicago, Illinois. The September 13, 2010 session lasted an entire day, and involved active negotiations between plaintiffs and defendants' counsel. In addition, the parties have been involved in several telephonic conferences with Mr. McGowan for the purpose of discussing settlement. The parties have exchanged detailed written settlement proposals. Plaintiffs' expect to present their most recent proposal on or about October 12, 2010 in response to issues discussed at the September 13, 2010 mediation.

---

[1] Order (Doc. # 1715) at 5-6.

[2] Defendants other than Costco take no position on this matter.

The parties believe that further progress toward settlement between plaintiffs and some subset of defendants is likely to be made as negotiations continue.

### Plaintiffs' Additional Statement

Plaintiffs' most recent proposal proposes settlements that are geared to a global settlement and are specific for each defendant. Plaintiffs believe the Court should order the continuation of the mediation by requiring that Plaintiffs and each Defendant meet with the mediator in Kansas City within the next sixty (60) days. Each side should be required to have in attendance a person with full authority to settle the case.

### Defendants' Additional Statement

Defendants do not believe that settlement discussions are likely to lead to a universal settlement between all plaintiffs and all defendants. Moreover, any bilateral negotiations precipitated by plaintiffs' most recent settlement proposal can, and should, continue while the parties litigate these cases; accordingly, defendants believe that continuing settlement discussions should not delay the remand of the non-Kansas cases to the transferor courts, or the setting of a schedule for resolution of the Kansas cases. The Court will best assist the parties in pursuing possible resolution of these cases by setting an aggressive schedule for case resolution.

**III.   TIMETABLE FOR COMPLETING COMMON ISSUE DISCOVERY**

### Joint Statement of the Parties

The parties agree that the following specific areas of discovery should be deferred for completion in the transferor courts:

- Discovery of meteorological evidence specific to a state from third-party sources;

- Merits-related expert discovery. The parties have already completed expert discovery as it relates to class certification issues. The parties' merits-related experts may vary from case to case depending on the particular jurisdiction;

- Third-party discovery to state regulators (e.g., state weights and measures officials or state department of revenue officials). This may include subpoenas for the production of documents and/or testimony;[3]

- Discovery relating to individual motor fuel purchase transactions and information related solely to damages.[4]

The parties disagree, however, as to whether jurisdiction-specific discovery should be limited solely to these four categories, as set forth in the parties' statements below.

### Defendants' Statement

Defendants believe that common issue discovery[5] can be completed in two months—the same amount of time remaining on the discovery schedule at the time the discovery stay was entered on November 20, 2009.[6] At that time, the parties had been actively engaged in discovery for well over one year, and the parties have had ample opportunity to take essentially all necessary discovery, including from third-party vendors, and in Canada and elsewhere. Plaintiffs and defendants have responded to numerous interrogatories and requests for production of documents. Additionally, more than 90 defendant witnesses and more than 130 plaintiffs have

---

[3] Plaintiffs agree that this area of discovery may be deferred for completion in the transferor courts, with the caveat that should Plaintiffs desire to engage in such discovery in preparation for the liability trial in the Kansas case, they are not prohibited from doing so.

[4] As referenced in Scheduling Order No. 2 (Doc. # 388), plaintiffs agreed to forego discovery of electronically stored information relating to individual transactions/purchases until after a ruling on the plaintiffs' motions for class certification. Defendants contend that because plaintiffs have not issued any formal document requests for individual purchase transaction documents, defendants are not in a position to evaluate whether the requests are objectionable, including whether the requests are unduly burdensome, or whether defendants would even have responsive documents. For this reason, defendants reserve the right to interpose appropriate objections to specific discovery requests relating to individual purchase transaction data.

[5] Discovery currently subject to objections on First Amendment privilege grounds should be encompassed within the "common issue discovery" completed in the MDL. That discovery, however, is currently stayed under the 10th Circuit's April 30, 2010 Order. Because the 10th Circuit's ruling on these issues may materially impact the scope of allowable discovery, defendants believe that the schedule for completion of First Amendment discovery should be handled separately after entry of the 10th Circuit's ruling.

been deposed. Given the amount of discovery that has already taken place and the limited number of remaining common issues, the parties should be able to complete common issue discovery (other than First Amendment discovery described below) within a two-month period.

Upon completion of all common issue discovery, excluding the First Amendment discovery (defined broadly to include the third-party discovery previously propounded to OOIDA and Consumer Watchdog that has been the subject of motion practice in this Court), the parties should immediately begin the process of designating the record to be transmitted to each transferor court upon remand, so that the cases can be expeditiously remanded to their respective transferor jurisdictions for jurisdiction-specific discovery and dispositive motion practice (and trial if any is necessary). Upon remand, the transferor courts shall also address issues of class certification, including, without limitation, whether any state-law claims asserted in each of the underlying cases are appropriate for class treatment under Fed. R. Civ. P. 23, as defendants understand is this Court's intent.[7] Any other proposal for resolution of these motions in this Court would be excessively time-consuming and simply impracticable.

Defendants believe that jurisdiction-specific discovery should be limited to the specific categories of inquiry described above, and request that the multi-district panel's remand order specify those items and/or classes of discovery as the only discovery that remains to be taken in the cases subject to remand. Without specific limits on the jurisdiction-specific discovery being remanded to the transferor courts, the parties and courts run a substantial risk of losing any cost

---

[6] Defendants believe that the two month period remaining on the discovery schedule provides sufficient time for the completion of discovery for all the reasons stated in Defs.' Response to Pls.' Mot. to Extend Disc. Deadlines, Oct. 8, 2009 (Doc. # 1370).

[7] *See, e.g.*, Sept. 27, 2010 Order for Status Conference at 5 (purpose of October 20 conference is to determine an "aggressive yet reasonable timetable for completing common issue discovery so all of the non-Kansas cases in this MDL can be remanded to their respective transferor courts") (Doc. #1715).

savings and efficiencies gained through the MDL process. All discovery other than the specified items and/or classes must be completed in the MDL as common-issue discovery.

## Plaintiffs' Statement

Common Discovery to Be Conducted in the MDL Proceeding

Two months is not enough time to conduct all remaining liability discovery in this MDL proceeding. As an example, Plaintiffs may need to obtain motor fuel temperature data from third party vendors, which will require significant time. In addition, Plaintiffs desire to take depositions and conduct discovery with respect to Defendants' Canadian operations. Because some Defendants maintain that they cannot compel the appearance of the necessary Canadian witnesses, Plaintiffs must undergo a complicated and time-consuming procedure to compel the depositions that simply cannot be completed in sixty (60) days.

In light of such issues, Plaintiffs suggest that the Court allow a four (4) month period for the parties to complete discovery related to common liability issues that would be relevant to all cases in the MDL. Such discovery would include, but not be limited to, the following:

- Background information and discovery related to Defendants' sales practices in the states at issue and Canada,[8] including where Defendants operate(ed), how they operate(ed) and the extent of their operations in the retail motor fuel industry;

- Defendants' acts and omissions related to the sale of non-temperature corrected motor fuel at retail in the states at issue, including when Defendants first learned about the inequities of selling hot fuel and what steps Defendants have taken to prevent implementation of ATC technology;

---

[8] Prior to the stay of discovery last November, Plaintiffs began negotiations with some Defendants concerning the necessary Canadian depositions. Immediately, upon the recommencement of discovery, Plaintiffs will resume those discussions. However, given the need to obtain orders from Canadian courts, it may not be possible for the

- Resolution of Defendants' claims of privilege, which encompasses thousands of documents currently being withheld by Defendants;
- Acts, omissions and knowledge of third-parties related to the hot fuel issue.

To facilitate an expeditious completion of this common liability discovery, Defendants should respond to Plaintiffs' outstanding written discovery requests (many of which relate to common, liability issues) on an expedited basis.[9] However, certain common discovery may not be capable of resolution within the next four months, such as discovery related to Defendants' lobbying activities, which is currently stayed pending appeal to the Tenth Circuit on the issue of Defendants' alleged First Amendment privilege. If the Tenth Circuit affirms Judge Vratil's order denying Defendants' assertion of the First Amendment privilege, the information obtained from Defendants in that regard will no doubt spawn other areas (or parties) for common discovery that are presently unknown and impossible to predict.

<u>Deferred Discovery to Be Conducted in the Transferor Courts</u>

All non-liability discovery should be deferred to the transferor courts. But, contrary to Defendants' suggestion, the scope of discovery to be deferred is not susceptible to exacting delineation. For example, Defendants have not yet filed substantive answers to the individual, underlying complaints (including the Kansas complaints). When Defendants do file such answers, presumably in the transferor courts following remand, they will no doubt assert numerous affirmative defenses that have never been the subject of discovery.[10] Until Plaintiffs know the extent of such defenses, it is impossible to determine what additional discovery may be

---

Canadian depositions to be completed within a four-month period. As such, Plaintiffs suggest that Canadian deposition discovery be carved out from any finite discovery timetable.

[9] Those requests were served prior to entry of the Court's discovery stay and have been outstanding for almost one year.

needed to substantiate and investigate those defenses.  In short, the scope of deferred discovery must be committed to the discretion of the transferor courts upon remand.

### Class Certification Motions In Transferred Cases

When Defendants, including Exxon, Motiva (Shell) and others, moved the Judicial Panel On Multi District Litigation ("JPML") for consolidation of these "hot fuel" lawsuits pursuant to 28 U.S.C. § 1407, they argued that consolidation was necessary because of the "particularly unjust"[11] possibility of "inconsistent and potentially conflicting class certification decisions."[12] In light of Defendants' arguments, the JPML consolidated this litigation in this District with the understanding that such centralization would "avoid inconsistent pretrial rulings, **especially with respect to class certification**".[13]  Two years later, Defendants asked this Court to rule only on the Kansas Motion for Class Certification ("Kansas Motion") and defer ruling on the remaining class certification motions because a ruling on the Kansas Motion would be "highly instructive" to disposition of the other motions.[14]  At that time, Defendants suggested a procedure whereby, after a ruling on the Kansas Motion, the parties would engage in a "single and focused round of briefing on the impact of the ruling on the Kansas Motion" on the other class certification motions.[15]

Plaintiffs suggest that the Court should adopt Defendants' previous proposal: both sides should engage in a single round of limited briefing to articulate why this Court's May 28, 2010

---

[10]  For instance, the Defendants' Answer to the Second Consolidated Amended Complaint indicates that Defendants may have defenses pursuant to Fed.R.Civ.P. 12(b)(2), (3) and (5) that "are reserved until such time that answers to the Complaints in the individual consolidated lawsuits are filed." Doc. # 703, pg. 35.

[11]  Motion for Transfer and Consolidation, pg. 9.

[12]  *Id.* at 8.

[13]  JMPL Transfer Order, Doc. # 1, pg. 2.

[14]  Joint Motion for Entry of Scheduling Order No. 3, Doc. # 1423, pg. 7.  In contrast, Plaintiffs sought a procedure whereby the Court would rule on arguably the broadest class, the narrowest class <u>and</u> the Kansas class. *Id.*

[15]  *Id.* at 8.

7

class certification decision[16] should, or should not, apply to the non-Kansas class certification motions. Such briefing could be limited to a single, ten page supplemental brief per side, per certification motion. After that expedited, limited round of briefing, this Court should rule on the non-Kansas certification motions. Only by doing so will the parties avoid the "particularly unjust" possibility of "inconsistent and potentially conflicting class certification decisions."

### Dispositive Motions

Plaintiffs suggest that, to the extent a party anticipates a dispositive motion that does not turn on state law, such motions should be filed and ruled on by this Court. An example is the motion for summary judgment previously filed by Defendant Marathon Petroleum Company, LLC related to application of NCWM Handbook 44, which is fully briefed and ready for ruling.[17]

## IV.   KANSAS "FAST TRACK" SCHEDULE

### Plaintiffs' Proposed Schedule

| | |
|---|---|
| November 1, 2010: | Kansas Defendants shall answer the Kansas complaints. |
| February 15, 2011: | All fact discovery to be completed. |
| March 1, 2011: | Parties submit joint briefing related to jury trial issues; Dispositive motions due. |
| April 1, 2011: | Plaintiffs to designate experts, submit reports as required by Rule 26, and provide three dates for depositions within 30 days of the designations. |
| May 10, 2011: | Pretrial conference to discuss jury trial issues, class notice issues; hearing on dispositive motions. |
| May 16, 2011: | Defendants to designate experts, submit reports as required by Rule 26, and provide three dates for depositions within 30 days of the designations. |

---

[16] Doc. # 1675.

[17] Doc. # 1254. Although this motion was among those administratively terminated by the Court, the Court specifically contemplated that it may reinstate certain dispositive motions following a ruling on the Kansas class certification motions, *see* Doc. # 1448.

June 15, 2011: All expert discovery to be completed.[18]

July 1, 2011: Deadline for the parties to file motions to strike experts or their testimony.

August 1, 2011: All briefing will be complete and the case will be ready for trial upon the Court's ruling on any outstanding dispositive motions and motions to strike experts or their testimony.

_____: Trial

## Defendants' Proposed Schedule

With respect to the consolidated Kansas cases, this Court has certified an injunctive relief only class against some, but not all, of the named defendants. Defendants understand that, with respect to these cases, plaintiffs intend to try only claims against those defendants against whom the injunctive relief only class has been certified, and, based on this understanding, propose the following schedule:

November 19, 2010: Defendants file answers to Kansas complaints

November 19, 2010: Plaintiffs to submit a Trial Plan detailing (1) the claims to be tried and the manner in which those claims are to be tried; (2) how plaintiffs propose to protect the rights of putative class members and defendants without a notice or opt-out procedure (or, if they propose establishing a notice and an opt-out procedure, how such procedure can be sufficient in light of the fact that it is unknown whether or not a damages class will be certified in the future); (3) depending on the claims plaintiffs intend to try, how plaintiffs would address the Seventh Amendment issue raised by the Court's class certification order;[19] (4) how plaintiffs propose to impanel an impartial jury consisting of jurors who are not members of the certified class; and (5) how plaintiffs propose to show that class members have been injured and lack intra-class conflicts.

December 17, 2010: Defendants to file a response to plaintiffs' Trial Plan.

---

[18] Plaintiffs would reserve the right to designate rebuttal experts, to the extent necessary.

[19] If a jury is empanelled in a first phase trial, the prohibition against trials by successive juries on overlapping issues may well be violated. *See, e.g.*, *In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1302-03 (7th Cir. 1995) ("[T]he judge must not divide issues between separate trials in such a way that the same issue is reexamined by different juries. … The right to a jury trial in federal civil cases, conferred by the Seventh Amendment, is a right to have juriable issues determined by the first jury impaneled to hear them … and not reexamined by another finder of fact.").

9

December 20, 2010:   All fact discovery to be completed

January 10, 2011:   Pretrial conference to address Trial Plan.

February 18, 2011:   Plaintiffs to designate experts, submit reports as required by Rule 26, and provide three dates for depositions within 30 days of the designations.

April 18, 2011:   Defendants to designate experts, submit reports as required by Rule 26, and provide three dates for depositions before June 1, 2011.

June 1, 2011:   All expert discovery to be completed.

July 1, 2011:   Deadline for the parties to file all dispositive motions and motions to strike experts or their testimony. All such motions should for good order be filed by a single deadline. To ease the Court's burden, the fifteen defendants remaining in these consolidated cases shall present as many of their dispositive motions to the Court as joint motions brought on behalf of multiple defendants as differences in the defendants' respective factual circumstances and legal positions will reasonably allow.

August 5, 2011:   All briefing will be complete and the case will be ready for trial upon the Court's ruling on pending dispositive motions and motions to strike experts or their testimony.

_____:   Trial

Forty-five days prior to trial: Parties to exchange list of witnesses expected to be called at trial, and all exhibits expected to be offered at trial; parties to designate deposition testimony to be read at trial (excluding impeachment and rebuttal).

Thirty days prior to trial: parties to file objections to exhibits and designated deposition testimony, and submit counter designations to designated deposition testimony; parties to file motions in limine.

Fifteen days prior to trial: parties to file responses to motions in limine and objections to exhibits, and counter designated deposition testimony.

Seven days prior to trial: final pretrial conference.

DATE: October 12, 2010.                    Respectfully submitted,

**Plaintiffs' Co-Lead Counsel**
**HORN AYLWARD & BANDY, LLC**

  /s/ Robert A. Horn
Robert A. Horn                KS Bar # 70254
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64105
Telephone 816-421-0700
Facsimile 816-421-0899
rhorn@hab-law.com


**Defendants' Liaison Counsel**
**HUSCH BLACKWELL, L.L.P.**

    /s/ Martin M. Loring
Martin M. Loring              KS Bar # 20840
4801 Main Street, Suite 1000
Kansas City, MO  64112
Phone:  (816) 983-8142
Fax:  (816) 983-8080
martin.loring@huschblackwell.com


**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all persons registered for ECF as of that date.

      /s/    Tristan L. Duncan