**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

IN RE: MOTOR FUEL TEMPERATURE )
SALES PRACTICES LITIGATION )
                                                                         ) MDL No. 1840
This Document Relates to the Following Cases: ) Case No. 07-1840-KHV
                                                                          )
*Rushing v. Ambest, Inc.,* )
    D. Kan. No. 07-2300-KHV; )
*Becker v. Marathon Petroleum Company,* )
    D. Kan. No. 07-2350-KHV; )
*Galauski v. Amerada Hess Corp.,* )
    D. Kan. No. 07-2293-KHV. )
                                                                  )

**MEMORANDUM AND ORDER**

Plaintiffs bring putative class action claims for damages and injunctive relief against motor fuel retailers in Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, the District of Columbia, Puerto Rico and Guam. See Second Consolidated Amended Complaint (Doc. #652) filed December 1, 2008 ¶ 11.[1] Plaintiffs claim that because defendants sell motor fuel for a specified price per gallon without disclosing or adjusting for temperature expansion, they are liable under state law theories which include breach of contract, breach of warranty, fraud and consumer protection. This matter comes before the Court on Plaintiffs' Objections To Magistrate Judge's October 6 Order (Doc. #1393) filed October 26, 2009.[2] For reasons stated

---

[1] Following a transfer order of the Judicial Panel on Multidistrict Litigation, the Court has jurisdiction over consolidated pretrial proceedings in these actions. See 28 U.S.C. § 1407; Doc. #1 filed June 22, 2007.

[2] Plaintiffs initially filed the document as an objection. As such, it did not appear on the Court's docket as a pending motion. The Court discovered the filing on August 18, 2010, and
(continued...)

below, the Court overrules the objections.

**I.      Legal Standards**

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a de novo review; rather, it applies a deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate judge order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

Here, the magistrate judge denied a motion to substitute a deceased plaintiff's surviving spouse as his successor or representative under Rule 25(a)(1), Fed. R. Civ. P. Because the ruling effectively removes plaintiff's claims from the case, the Court finds that it is dispositive and subject to de novo review. See In re Motor Fuel Temp. Sales Pract. Litig., 261 F.R.D. 577, 585 (D. Kan. 2009) (reviewing de novo magistrate judge ruling which denied plaintiffs leave to amend and effectively precluded them from asserting claims); McCormick v. City of Lawrence, Kan., No. 02-2135-JWL, 2003 WL 158704, at *1 (D. Kan. Jan. 17, 2003) (citations omitted); Pedro v. Armour

---

[2](...continued)
modified the docket entry to reflect it as a pending motion.

Swift-Eckrich, 118 F. Supp. 2d 1155, 1157 (D. Kan. 2000). Pursuant to Rule 72(b)(3), Fed. R. Civ. P., upon a timely objection to a magistrate judge ruling on a dispositive matter, the district judge must conduct a de novo review and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1).

## II. Procedural History

On April 15, 2009, plaintiffs filed a Suggestion Of Death Upon The Record And Motion For Substitution Under Rule 25(a)(1) (Doc. #1009). In one sentence, plaintiffs suggested the death of William Younger and requested that his wife, Nancy Younger, be substituted as his representative to protect the decedent's interest in this litigation.[3] See Doc. #1009. Plaintiffs offered no evidence

---

[3] William Younger was a named plaintiff in Rushing v. Ambest, Inc., D. Kan. No. 07-2300-KHV, Becker v. Marathon Petroleum Co., D. Kan. No. 07-2350-KHV, and Galauski v. Amerada Hess Corp., D. Kan. No. 07-2293-KHV.

In Rushing, Mr. Younger was one of 11 named plaintiffs. The Rushing case involves claims under the law of Alabama, Arizona, Arkansas, California, Florida, Georgia, Louisiana, Mississippi, New Jersey, New Mexico, Nevada, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, District of Columbia and Virginia. See Second Amended Complaint (Doc. #5) filed October 30, 2009 in D. Kan. No. 07-2300. Plaintiffs allege that Mr. Younger was a resident of Florida who purchased hot fuel for business use in Florida, Georgia, Louisiana, Mississippi, New Jersey, North Carolina, Oklahoma, South Carolina, Tennessee, Texas and Virginia. See id. at 5. Plaintiffs allege that Mr. Younger also purchased hot fuel for personal use in Florida, New Jersey, North Carolina and Virginia. See id. at 6.

In Becker, Mr. Younger was one of eight named plaintiffs. The Becker case involves claims under the law of Alabama, Arizona, Arkansas, Florida, Georgia, Louisiana, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas and Virginia. See Amended Complaint (Doc. #3) filed October 30, 2009 in D. Kan. No. 07-2350 at 2. Plaintiffs allege that Mr. Younger purchased hot motor fuel for business use in North Carolina and South Carolina and for personal use in North Carolina. See id. at 2.

In Galauski, Mr. Younger is one of five named plaintiffs. The Galauski case involves claims under the law of Alabama, Arizona, Arkansas, California, Florida, Georgia, Louisiana, Mississippi, New Jersey, New Mexico, Nevada, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, District of Columbia and Virginia. See Second Amended Complaint (Doc. #3) filed October 30,
(continued...)

or legal analysis to support the motion. See id.

On April 29, 2009, defendants responded to plaintiffs' motion. See Doc. #1026. Defendants urged the Court to overrule the motion because plaintiffs did not show that Mr. Younger's claims survived his death or that Mrs. Younger is entitled to pursue those claims. See id. at 1-5. Defendants also asserted that plaintiffs had unduly delayed filing the motion. See id. at 6.

On May 22, 2009, plaintiffs filed their reply. See Doc. #1076. Plaintiffs asserted that on April 7, 2009, defendants consented to plaintiffs' request to substitute Mrs. Younger for Mr. Younger.[4] See id. at 1. Plaintiffs also asserted – with legal analysis and citation to case law – that Mr. Younger's claims survive his death. See id. at 3-5. Plaintiffs also asserted – without legal analysis or case citation – that Mrs. Younger is the proper party for substitution under Rule 25(a)(1). See id. at 6.

On September 11, 2009, Magistrate Judge James P. O'Hara issued an order which required plaintiffs to supplement the record. See Doc. #1290. Judge O'Hara found that defendants had

---

[3](...continued)
2009 at 2. Plaintiffs allege that Mr. Younger purchased hot motor fuel for business use in Florida. See id. at 4.

[4] In support of the assertion, plaintiffs provided an email from defense counsel which stated as follows:

> Obviously, when an individual party dies, someone needs to be substituted in as the personal representative for the one who died, and we would not oppose it in that very limited capacity. But we will not agree for her to substitute and appear in her own interests, as I believe she is seeking to do in your as yet un-ruled upon motion.

Email dated April 7, 2009 from Marty Loring to Tom Rosenfeld, Exhibit B to Doc. #1076. Plaintiffs asserted that because of the stipulation, they did not file a lengthy memorandum detailing how Mr. Younger's claims survive his death and how Mrs. Younger is the proper representative of his estate. See Doc. #1076 at 3.

-4-

consented to the substitution of Mrs. Younger to represent the interests of Mr. Younger and that plaintiffs had provided detailed legal support for their position that Mr. Younger's claims survived his death.[5] See id. at 3. Judge O'Hara expressed concern, however, that plaintiffs had not shown that Mrs. Younger was the proper party to be substituted for Mr. Younger. See id. In this regard, Judge O'Hara stated as follows:

> Although plaintiffs broadly asserted that Mrs. Younger is the successor to her deceased husband's claims, plaintiffs submitted no evidence in support of this assertion. The court will not grant plaintiffs' motion for substitution unless plaintiffs can show that Rule 25's "proper party" requirement is satisfied.

Id. Judge O'Hara ordered plaintiffs to "supplement the record with evidence, such as letters of administration, showing that Mrs. Younger is the personal representative of Mr. Younger's estate or otherwise has standing to prosecute his claims, or to submit a written explanation as to why such evidence is not necessary under Florida law." Id. at 3-4.

On September 28, 2009, plaintiffs filed a memorandum in response to the order of September 11, 2009. See Doc. #1301 at 1. Plaintiffs stated that Mr. Younger had died intestate on February 27, 2008, and that no probate proceedings and/or estate was opened on his behalf. See id. Plaintiffs asserted that because Mrs. Younger is his surviving spouse, she is the proper party for substitution and no probate court appointment is necessary. See id. at 1-2.

On October 6, 2009, Judge O'Hara entered an order which overruled plaintiff's motion. See Doc. #1355. Judge O'Hara found that plaintiffs had not shown that Mrs. Younger was the proper party to be substituted for Mr. Younger. See id. at 1, 4. Specifically, Judge O'Hara found that although plaintiffs asserted that Mrs. Younger was the proper party for substitution, the cases which

---

[5] Judge O'Hara noted that defendants cited no contrary law and that if defendants believed that a particular claim did not survive, they could file a dispositive motion on that issue. See Doc. #1290 at 3.

they cited did not support the assertion. See id. at 2-4. Judge O'Hara also found that plaintiffs did not show that Mr. Younger's estate was distributed or that if it was, Mrs. Younger was a distributee of the estate. See id. at 2-4. He concluded that plaintiffs had submitted no evidence which demonstrated that Mrs. Younger was the proper party for substitution under Rule 25(a)(1). See id. at 4.

On October 26, 2009, plaintiffs filed an objection to the magistrate judge order of October 6, 2009. See Doc. #1393. Plaintiffs assert that Judge O'Hara erred in finding that Mrs. Younger is not a proper party for substitution under Rule 25(a)(1). See id.

**II. Analysis**

Plaintiffs object to the magistrate judge order of July 7, 2010 (Doc. #1355). Specifically, plaintiffs assert that Judge O'Hara erred in finding that Mrs. Younger is not a proper party for substitution under Rule 25(a)(1). Plaintiffs assert that because Mrs. Younger is the surviving spouse of Mr. Younger, she is a successor in interest under Florida law. See Doc. #1393 at 3.

Judge O'Hara found that plaintiffs had not shown that Mrs. Younger is the proper party to be substituted for Mr. Younger. See Doc. #1355 at 1-2. Specifically, Judge O'Hara found that the cases which plaintiffs cited did not support their assertion that as surviving spouse, Mrs. Younger is the proper party for substitution. See id. at 2-3. In addition, Judge O'Hara found that plaintiffs had submitted no evidence that Mr. Younger's estate was distributed or that if it was, Mrs. Younger was a distributee of the estate. See id.

Plaintiffs assert that under McSurely v. McClellan, 753 F.2d 88 (D.C. Cir. 1985), Mrs. Younger is a proper party for substitution under Rule 25(a)(1). See Doc. #1393 at 3-4. In McSurely, plaintiffs sued multiple government officials in their personal and official capacities for

violation of constitutional rights. See id. at 92, 94. Two defendants died during the pendency of the action. Plaintiffs sought to substitute their surviving spouses as defendants under Rule 25(a)(1). See id. at 97. Each decedent had prepared a will which named his surviving spouse as executor of his estate and provided for her to receive all of his assets. See id. Neither will was probated, however, so neither spouse was designated as "legal representative" of her husband's estate. See id. The district court granted plaintiff's motion and allowed the substitution. See id. at 96. The government appealed, arguing that the widows could not be proper parties because no court with jurisdiction over decedents' estates had named them as legal representatives for the deceased parties. See id. at 98. The District of Columbia Circuit rejected the government's argument and affirmed the district court ruling. It found that under the government's argument, no proper party for substitution could exist unless plaintiffs assumed the burden of securing the appointment of representatives ad litem for the estates of deceased defendants. See id. The District of Columbia Circuit found that to compel plaintiffs to institute machinery to produce a representative of the estate ad litem would contravene the purpose behind Rule 25(a)(1) to allow flexibility in substitution of parties. See id. at 98-99. The District of Columbia Circuit concluded that the distributee of a distributed estate is a proper party for substitution under Rule 25(a)(1) and that, therefore, the widows of the deceased defendants were proper parties to substitute as defendants in the case. See id. at 99.

Plaintiffs contend that McSurely supports their assertion that surviving spouses are proper parties for substitution under Rule 25(a)(1). See Doc. #1393 at 3. Plaintiffs, however, ignore significant factual distinctions between McSurely and this case. In McSurely, each decedent left a will which named his wife as executor of his estate and provided for her to receive all of his assets.

Under those circumstances, the District of Columbia Circuit found that the surviving spouses were distributees of distributed estates and proper parties for substitution under Rule 25(a)(1). McSurely, 753 F.2d at 99. Here, Mr. Younger died intestate. Under Florida law, if Mr. Younger left surviving descendants, it appears that Mrs. Younger would not be the only distributee of Mr. Younger's estate. See F.S.A. § 732.102.[6] The record contains no information regarding whether other distributees of the estate exist and, if so, whether they agree that Mrs. Younger is the proper party to be substituted for Mr. Younger's claims.[7] On this record, the Court agrees with Judge O'Hara that plaintiffs have not shown that Mrs. Younger is the proper party for substitution under Rule 25(a)(1).

**IT IS THEREFORE ORDERED** that Plaintiffs' Objections To Magistrate Judge's October 6 Order (Doc. #1393) filed October 26, 2009 be and hereby are **OVERRULED.**

Dated this 3rd day of November, 2010 at Kansas City, Kansas.

---

[6] Section 732.102 states as follows:

The intestate share of the surviving spouse is:

(1) If there is no surviving descendant of the decedent, the entire intestate estate.

(2) If there are surviving descendants of the decedent, all of whom are also lineal descendants of the surviving spouse, the first $60,000 of the intestate estate, plus one-half of the balance of the intestate estate. Property allocated to the surviving spouse to satisfy the $60,000 shall be valued at the fair market value on the date of distribution.

(3) If there are surviving descendants, one or more of whom are not lineal descendants of the surviving spouse, one-half of the intestate estate.

F.S.A. § 732.102.

[7] Plaintiffs assert that Rule 25(a)(1) does not require them to show that Mrs. Younger is a distributee of the estate. See Doc. #1355 at 2. In McSurely, however, the District of Columbia Circuit allowed substitution because the surviving spouses were distributees of their husbands' distributed estates. See McSurely, 753 F.2d at 99.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United Stated District Judge