IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE SALES PRACTICES LITIGATION<br><br>(This Document Relates to All Cases) | )<br>)<br>)<br>) MDL No: 1840<br>)<br>) No: 07-md-1840-KHV-JPO |

## PLAINTIFFS' RENEWED MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Annie Smith, Christopher Payne, Phyllis Lerner, Herb Glazer, Mara Redstone, Brent Crawford, Victor Ruybald, Zach Wilson, Lisa McBride, Raphael Sagalyn, Brent Donaldson, Gary Kohut, Richard Gaulauski, Charles Byram, Jean Neese, Shonna Butler, Gerald Panto, Joann Korleski, Tamara Miller, Priscilla Craft, Jeff Jenkins, and James Graham (collectively, the "Class Plaintiffs") move the Court for an order granting final approval to the Settlement with Defendant Costco Wholesale Corporation ("Costco"), in accordance with the Amended Stipulation of Class Action Settlement Agreement and Release (the "Settlement"), attached hereto as Exhibit A. In further support, Class Plaintiffs state as follows:

### I. FACTUAL AND PROCEDURAL HISTORY

Previously, this Court granted preliminary approval to an almost identical settlement, and appointed the undersigned as Class Counsel for the Settlement Class. [Doc. # 1273.][1] Costco provided notice of the Original Settlement to the Settlement Class (over 10 million class members), subsequent to which twenty-nine objections to the Original Settlement were filed. On April 1, 2010, this Court heard oral argument from the parties regarding the fairness of the Original

---

[1] Plaintiffs have previously set forth the detailed factual and procedural history of the instant litigation and the Stipulation of Class Action Settlement and Release originally entered into by the parties (the "Original Settlement"), and Plaintiffs incorporate herein by reference the background information contained in their Unopposed Motion for Preliminary Approval of Class Settlement [Doc. # 1015] and Motion for Final Approval of Class Action Settlement [Doc. # 1620].

Settlement, as well as argument from several objectors who appeared in person at the fairness hearing.

On August 13, 2010, this Court entered its Order [Doc. # 1707] ("Order") identifying two issues that prevented the Court from granting final approval: (1) the inclusion of states where Costco does not sell motor fuel, and (2) Plaintiffs' request that five Class members represent all Class members from all states at issue.[2] Aside from those two discrete issues, the Court found the Original Settlement to be fair, reasonable, and of value to the Class:

> Moreover, once the cost of conversion is paid, class members who purchase ATC fuel from Costco would presumably reap economic benefits. In addition, those class members would benefit from increased price transparency and fairness, accuracy and consistency of fuel measurement for their fuel dollar, regardless of fuel temperature at the time of pumping . . . Some objectors contend that after installing ATC, Costco would simply adjust its fuel price to account for temperature variation, so class members would receive no economic benefit from the proposed injunctive relief. The proposed settlement does not limit Costco's ability to alter fuel price based on temperature. Nevertheless, the Court has no reason to believe that market pressures would allow it to do so. Class members would have a choice to purchase fuel from various vendors who do not adjust for fuel temperature. Costco would therefore need to keep fuel prices competitive to attract class members and other fuel purchasers. At the settlement fairness hearing, counsel for Costco stated that Costco is committed to selling at the low price in the market and that because Costco is not likely to change its pricing philosophy, it may be at a competitive disadvantage if it sells temperature adjusted fuel while its competitors do not. Thus, while objectors are correct that Costco would be free to adjust its prices to account for fuel temperature, it does not appear likely that it would do so. Even so, if it did, class members would be free to purchase fuel from other vendors. In the end, it appears that class members would benefit from the choice whether to buy temperature adjusted fuel from Costco or non-temperature adjusted fuel from other fuel vendors.[3]

---

[2] *Id.* at 35-36, 44-45.
[3] *Id.* at 48-50 (citations omitted). Although some objectors contended that ATC would harm consumers that purchase "cold" fuel, the Court summarily dismissed those concerns, noting: "As an initial matter, the Court notes that said class members are hypothetical and objectors do not contend that they, or anyone they know, frequently buy gas at cooler temperatures and would therefore receive more overall gas if Costco did not implement ATC. More importantly, if class members believe they will be worse off purchasing ATC fuel from Costco, they will be free to purchase fuel from vendors who do not adjust for temperature. Thus, the proposed injunctive relief would not harm class members who purchase fuel in cold weather." *Id.* at 50.

2

The Court found the proposed injunctive relief to align with Plaintiffs' claims, noting: "[O]btaining injunctive relief for temperature adjusted motor fuel sales is a primary goal of plaintiffs' cases . . . The proposed injunctive relief responds to plaintiffs' claims and provides the same relief which plaintiffs might obtain if they proceeded to trials."[4]

Now, Class Plaintiffs request final approval of the Settlement, as set forth in Exhibit A, which resolves the two issues this Court previously noted with respect to final approval. Aside from those two issues, the Settlement is otherwise identical to the Original Settlement in all material respects and provides the same injunctive relief to the Class. In this renewed motion for final approval, Class Plaintiffs also provide the Court with certain information requested in the Order to assist the Court in deciding this motion.

## II. THE REVISED SETTLEMENT

### A. *The Revised Settlement Excludes States Where Costco Does Not Sell Motor Fuel*

In the Court's prior Order denying final approval the Original Settlement, the Court observed:

> As to class members in states in which Costco does not sell motor fuel, it is not clear that the proposed settlement achieves this goal. As discussed above, because Costco does not sell motor fuel in these states, is it unclear whether class members exist and, if so, whether they have viable claims against Costco. The proposed settlement provides no relief to class members in states in which Costco does not sell motor fuel and the named representatives do not appear to represent the interests of class members in these states. Under these circumstances, the Court cannot determine whether the proposed settlement would be fair, reasonable and adequate as to class members in states in which Costco does not sell motor fuel.[5]

In the Settlement attached hereto, the parties have omitted the seven jurisdictions where Costco does not sell motor fuel: Arkansas, Delaware, Louisiana, Mississippi, Oklahoma, the District of Columbia, and Guam. Residents in those seven jurisdictions

---

[4] *Id.* at 41.
[5] *Id.* at 45-46.

3

are neither included in this Settlement, nor release claims through this Settlement, thus mooting any concern that the Settlement may be unfair vis-à-vis those individuals.

> B.   *The Revised Settlement Is Comprised Of Subclasses With Representatives From Each Subclass*

In the Court's prior Order denying final approval of the Original Settlement, the Court observed:

> It appears that each named representative purports to serve generally as a representative for the entire settlement class, even though his or her interests are not the same as class members who reside in states which would receive different relief under the proposed settlement. Under the circumstances, the structure of the proposed settlement does not assure that named representatives have operated under a proper understanding of their representational responsibilities to three distinct subgroups.

Based on that analysis, the Court concluded that the Original Settlement did not pass the adequacy requirement of Rule 23(a) or the predominance requirement of Rule 23(b)(3).[6] In making that determination, however, the Court observed:

> To address this problem, the parties could restructure the proposed settlement to (1) assure that representatives from conversion states represent class members from conversion states and representatives from non-conversion states represent class members from non-conversion states; and (2) create subclasses which account for any material differences in state laws. One way to do so would be to create subclasses with a named representative for each state. Under this scenario, other than South Carolina, California, Virginia and Kansas, additional representatives would be needed to represent class members from remaining states.[7]

In order to remedy this concern, and consistent with the Court's suggestion, the Settlement includes Class Representatives from each of the States at Issue, which Class Plaintiffs request be appointed as representatives of a subclass of Class members from each of their respective states, *viz.*:

---

[6] *Id.* at 36, 38.
[7] *Id.* at 36-37.

Annie Smith (Alabama Subclass), Christopher Payne (Arizona Subclass), Phyllis Lerner and Herb Glazer (California), Mara Redstone (Florida Subclass), Brent Crawford (Georgia Subclass), Victor Ruybald (Indiana Subclass), Zach Wilson (Kansas Subclass), Lisa McBride (Kentucky Subclass), Raphael Sagalyn (Maryland Subclass), Brent Donaldson (Missouri Subclass), Gary Kohut (Nevada Subclass), Richard Gaulauski (New Jersey Subclass), Charles Byram (New Mexico Subclass), Jean Neese (North Carolina Subclass), Shonna Butler (Oregon Subclass), Gerald Panto (Pennsylvania Subclass), Joann Korleski (South Carolina Subclass), Tamara Miller (Tennessee Subclass), Priscilla Craft (Texas Subclass), Jeff Jenkins (Utah Subclass), and James Graham (Virginia Subclass).

Each of these Class Plaintiffs is a current plaintiff in this litigation. Each of these Class Plaintiffs is a member of the respective state subclass that they seek to represent. Each of these Class Plaintiffs has entered into the Settlement. Class Plaintiffs respectfully suggest that the Settlement satisfies all necessary requirements of Rule 23, and request certification of settlement subclasses in the manner set forth above.

## III. ADDITIONAL INFORMATION REQUESTED BY THE COURT

In denying final approval to the Original Settlement, the Court indicated that if the parties submitted a restructured settlement for final approval, it desired certain information it deemed pertinent to its fairness analysis. That information is set forth below.

### A. *Criteria To Determine Potential Class Members*

In the Order, the Court queried about the criteria utilized by Costco to determine potential Class Members.

> The record does not identify the criteria which Costco used to determine potential settlement class members or whether Costco sent notice to all Costco members or only settlement class members. For instance, the record does not reflect whether Costco sent notice to (1) all persons who were Costco members during the relevant time; (2) only those Costco members who purchased fuel during the relevant time; or (3) only those Costco members who purchased fuel at specific temperatures during the relevant time.

In response, Costco has informed Class Plaintiffs that Costco sent notice to every member who bought gas at a Costco store within the jurisdictions at issue any time during the

5

class period, regardless of state or country of residence. By state at issue, the number of Class members sent notice are: Alabama (83,146), Arizona (746,924), California (4,350,217), Georgia (290,407), Florida (661,256), Indiana (107,739), Kansas (80,586), Kentucky (28,420), Maryland (256,910), Missouri (143,765), New Jersey (120,256), New Mexico (118,248), Nevada (276,275), North Carolina (305,708), Oregon (422,692), Pennsylvania (35,743), South Carolina (128,985), Tennessee (122,956), Texas (641,844), Utah (319,517), and Virginia (396,885). The total number of Class members that received notice is 10,134,738.[8]

### B. *Cost Of Conversion And Fuel Profits*

At page 48 of the Order, the Court stated, "[T]o fully evaluate the cost of conversion, the Court would need to compare the total cost of conversion with the total amount of Costco's annual fuel sales and net profits therefrom."

In response, Costco has provided the following information:

- The total cost of ATC conversion in the fourteen (14) Conversion states is ▮. This figure was calculated as follows: ▮▮;

- In terms of motor fuel sales in the Conversion states, during the last eight years Costco has had motor fuel sales of approximately ▮;

- In terms of motor fuel profits in the Conversion states, during the last eight years Costco has had motor fuel profits of approximately ▮;

- In 2010, Costco's profit from the sale of motor fuel in the Conversion States was approximately ▮, on revenue in those states of approximately ▮ from ▮ separate motor fuel transactions.

---

[8] *See* Declaration of Michelle Acpal. [Doc. #1599.]

6

Also at page 48, footnote 37 of the Order, the Court stated, "If the parties choose to restructure the settlement for each conversion state, they should provide information regarding the number of Costco members who purchase fuel and Costco's total annual fuel sales and net profits therefrom." In response, Plaintiffs noted that the total number of Costco members who purchased motor fuel during the Class period is set forth above, as are Costco's fuel sales and fuel profits.

C. *Cost of Conversion*

At page 50 of the Order, the Court stated it would need, "additional information regarding the cost of conversion to determine whether it would outweigh potential benefits to class members." In response, Plaintiffs state that the estimated cost of conversion is set forth above, in addition to information related to Costco's profits from motor fuel sales.

D. *Compliance Reports*

At page 54 of the Order, the Court stated:

If the parties restructure the settlement, it should require Costco to file regular compliance reports with the Court. With that modification, the proposed settlement would provide adequate information for the Court and class members to monitor and enforce Costco's compliance with the proposed settlement.

In response, Plaintiffs note that § 8.2 of the Settlement states:

Within six months of the Effective Date, and within each six month period thereafter during the Term of this Amended Settlement Agreement, Costco will serve on Class Counsel and file with the Court a declaration executed under penalty of perjury describing Costco's compliance with the requirements of section 4.

In addition, pursuant to § 8.1 of the Settlement, this Court has continuing jurisdiction to enforce the terms of the Settlement, and the parties submit to this Court's jurisdiction for purposes of implementing and enforcing the terms of the Settlement.

### E. *Provision Of The Class Notice*

At page 60 of the Order, the Court stated:

> If the parties restructure the settlement, their application for approval should provide a physical copy of the actual notice which Costco sent to class members and explain how the notice was sent.

In response, Plaintiffs have attached hereto as Exhibit B a copy of an actual notice provided to the Class.[9] In addition, the Declaration of Michelle Acpal previously submitted to the Court [Doc. # 1599] sets forth details regarding how the notice was provided to the Class.

WHEREFORE, Plaintiffs request that the Court grant final approval to the Settlement, enter the approved Final Order and Judgment previously provided, and for all other relief the Court deems proper.

February 4, 2011                     Respectfully submitted,

                                                           *s/ Robert A. Horn*
                                                          Robert A. Horn     KS Bar No. 70254
                                                          HORN AYLWARD & BANDY, LC
                                                          2600 Grand Boulevard, Suite 1100
                                                         Kansas City, MO 64108
                                                         Telephone 816-421-0700
                                                         Facsimile 816-421-0899
                                                         rhorn@hab-law.com

                                                         *s/ Thomas V. Girardi*
                                                         Thomas V. Girardi  CA Bar No. 36603
                                                         GIRARDI AND KEESE
                                                         1126 Wilshire Boulevard
                                                         Los Angeles, California 90017-1904
                                                         Telephone: 213-977-0211
                                                         Facsimile: 213-481-1554
                                                         tgirardi@girardikeese.com

                                                         LEAD COUNSEL FOR PLAINTIFFS

---

[9] Exhibit B is a hard copy of the actual Class Notice sent to the Class and is being filed manually.

*s/ Thomas V. Bender*
Thomas V. Bender    Ks. Bar #22860
WALTERS BENDER STROHBEHN
& VAUGHAN, P.C.
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
(816) 421-6620
(816) 421-4747 (Facsimile)
tbender@wbsvlaw.com

LIAISON COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all person registered for ECF as of that date.

*/s/ Joseph A. Kronawitter*
