IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE SALES PRACTICES LITIGATION | ) ) |
| | ) MDL No: 1840 |
| (This Document Relates to All Cases) | ) ) ) No: 07-md-1840-KHV-JPO |

**PLAINTIFFS' RENEWED MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

# EXHIBIT A

**AMENDED**
**STIPULATION OF CLASS ACTION SETTLEMENT**
**AGREEMENT AND RELEASE**

This Amended Stipulation of Class Action Settlement, Agreement, and Release ("Amended Settlement Agreement") is entered into on January 3, 2011, between Costco Wholesale Corporation ("Costco") and the Class Representatives, on behalf of themselves and the purported class members in the proceedings entitled: *In re Motor Fuel Temperature Sales Practices Litigation,* Case No. 07-MD 1840-KHV-JPO, MDL No. 1840 (the "Action"). Class Representatives and Costco are collectively referred to as the "Parties."

RECITALS

WHEREAS, Class Representatives are plaintiffs in various federal court actions filed against Costco and other defendants alleging common law claims and violations of various state consumer protection statutes, based on the marketing and sale of motor fuel at temperatures above 60 degrees Fahrenheit without adjustment for the fuel's temperature (the "Costco Actions");

WHEREAS, on June 18, 2007, the Judicial Panel on Multidistrict Litigation ("MDL Panel") granted a motion for consolidation for coordinated pretrial proceedings under 28 U.S.C. § 1407 and subsequently transferred the cases identified in the motion, as well as all tag-along cases, to the United States District Court for the District of Kansas;

WHEREAS, all of the actions filed against Costco have been consolidated in accordance with the MDL Panel's transfer orders, and are currently part of the MDL proceedings pending in the District of Kansas;

WHEREAS, Class Representatives filed their Second Consolidated Amended Complaint on December 1, 2008, and defendants, including Costco, filed a Second Consolidated Answer on January 12, 2009;

WHEREAS, Costco denies the allegations and all liability with respect to any and all facts and claims alleged in the Costco Actions;

WHEREAS, Class Representatives and Class Counsel represent that they have investigated the facts and law, have engaged in discovery and settlement negotiations relating to

1

the Costco Actions, and this Amended Settlement Agreement and the original Stipulation of Class Action Settlement Agreement and Release entered into on April 12, 2009 ("Original Settlement Agreement") are a product of sustained, arm's length negotiations;

WHEREAS, the Parties and their counsel have agreed to resolve the claims against Costco, and only Costco, as a class action settlement according to the terms of this Amended Settlement Agreement;

WHEREAS, Class Counsel and Class Representatives believe that this Amended Settlement Agreement is fair, reasonable, and adequate because: (1) it provides for certification of a conditional Settlement Class, even though the Court has not yet determined whether any or all of the Actions against Costco could properly be brought or maintained as a class action, and (2) it provides Injunctive and Other Relief of value to the Settlement Class in exchange for Settlement Class Members' release of their claims against only Costco;

WHEREAS, on August 13, 2009, the Court entered an order granting conditional class certification and preliminary approval of the Original Settlement Agreement;

WHEREAS, on August 13, 2010, the Court overruled Class Representatives' Motion and Memorandum in Support of Final Approval of Class Action Settlement ("Final Approval Motion"). In overruling the Final Approval Motion, the Court proposed suggestions to restructure the settlement to satisfy the concerns expressed by the Court in its August 13, 2010 Order;

WHEREAS, the Parties believe that this Amended Settlement Agreement addresses the concerns expressed by the Court in its August 13, 2010 Order, and that the Amended Settlement Agreement is fair, reasonable, and adequate;

NOW THEREFORE, it is hereby stipulated and agreed by the undersigned, on behalf of the Class Representatives, the Settlement Class, Class Counsel, and Costco:

1.     **Definitions**

As used in this Amended Settlement Agreement, the terms set forth in this section in boldface type will have the following meanings:

la-1096720

2

**1.1** **Attorneys' Fees Award.** Any amount awarded by the Court to Class Counsel as attorneys' fees and costs as contemplated by section 7.

**1.2** **Automatic Temperature Compensation Equipment or ATC.** Equipment capable of producing "Automatic Temperature or Density Compensation" as defined in Appendix D to Handbook 44, in the context of the retail sale of motor fuel.

**1.3** **Class Counsel.** The Lead and Liaison Counsel appointed by the Court: Robert A. Horn, Thomas V. Girardi and Thomas V. Bender.

**1.4** **Class Representatives.** Annie Smith (Alabama), Christopher Payne (Arizona), Phyllis Lerner (California), Herb Glazer (California), Mara Redstone (Florida), Brent Crawford (Georgia), Victor Ruybald (Indiana), Zach Wilson (Kansas), Lisa McBride (Kentucky), Raphael Sagalyn (Maryland), Brent Donaldson (Missouri), Gary Kohut (Nevada), Richard Gaulauski (New Jersey), Charles Byram (New Mexico), Jean Neese (North Carolina), Shonna Butler (Oregon), Gerald Panto (Pennsylvania), Joann Korleski (South Carolina), Tamara Miller (Tennessee), Priscilla Craft (Texas), Jeff Jenkins (Utah), and James Graham (Virginia).

**1.5** **Confidential Information.** All documents and things provided to Class Counsel by Costco during the course of the Costco Actions, whether by formal discovery or otherwise.

**1.6** **Court.** The Honorable Kathryn H. Vratil, United States District Court Judge, District of Kansas, or such other judge to whom the Actions may hereafter be assigned.

**1.7** **Costco's Counsel.** David F. McDowell.

**1.8** **Effective Date.** The last date on which all of the following have occurred:

  a. The Court enters the Final Judgment finally approving this settlement in a manner substantially consistent with the terms and intent of the Agreement; and either: (i) Thirty-five (35) days have passed after completed service on the parties to the Costco Actions and all objectors to the settlement of the Costco Actions, if any, of notice of entry of the Court's Final Judgment finally approving this settlement, and every order awarding attorneys' fees, and within such time no appeal

is taken or extension for such appeal is granted, or (ii) if an appeal is taken or an extension for such appeal is granted with respect to the Court's Final Judgment finally approving this settlement, the date when all appellate rights with respect to the Final Judgment have expired or have been exhausted in such a manner as to affirm the Final Judgment, and when no further appeals are possible, including review by the United States Supreme Court, and the appellate court has by final order affirmed the Court's Final Judgment finally approving this settlement, or has denied review, or the appellant otherwise has exhausted all appellate remedies.

**1.9    Final Judgment.** The Final Judgment and Order of Dismissal with Prejudice to be entered by the Court substantially consistent with this Amended Settlement Agreement in the form of Exhibit A attached hereto.

**1.10    Notice.** The document, substantially in the form of Exhibit B attached to the Original Settlement Agreement, communicated to each Member of Costco who is a member of the Settlement Class.

**1.11    Parties.** The Class Representatives, on behalf of themselves and the Settlement Class Members, and Costco.

**1.12    Preliminary Approval Order.** The August 13, 2009 Order granting conditional class certification and preliminary approval of the Original Settlement Agreement.

**1.13    Released Parties.** Costco and its present, former, and future subsidiaries, affiliates, divisions, associates, agents, successors, predecessors, assignors, assignees, and/or assigns and each of their respective present, former or future, officers, directors, shareholders, agents and employees.

**1.14    Retail Stations.** Motor fuel stations presently owned and/or operated by Costco in the States at Issue.

**1.15    Amended Settlement Agreement.** This agreement, together with all of its exhibits and the exhibits attached to the Original Settlement Agreement.

4

**1.16    Settlement Class Members or Settlement Class.**  All persons who fall within the settlement class contemplated by this Amended Settlement Agreement to be certified by the Court and who did not opt out as set forth in section 3.3.1 of the Original Settlement Agreement.

**1.17    States at Issue.**  The states where Class Representatives allege Costco sold motor fuel without adjustment for the fuel's temperature:

> Alabama, Arizona, California, Florida, Georgia, Indiana, Kansas, Kentucky, Maryland, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, and Virginia.

> The states where Costco currently purchases motor fuel on a temperature corrected basis are:  Alabama, Arizona, California, Florida, Georgia, Kentucky, Nevada, New Mexico, North Carolina, South Carolina, Tennessee, Texas, Utah, and Virginia.

> The states where Costco currently does not purchase motor fuel on a temperature corrected basis are:  Indiana, Kansas, Maryland, Missouri, New Jersey, Oregon and Pennsylvania.

**1.18    Term.**  This Amended Settlement Agreement will be implemented over a five-year period beginning on the Effective Date.

**2.    The Settlement Class**

**2.1 Settlement Class.**  For settlement purposes only, the Parties agree that the Court may certify a Settlement Class consisting of the following twenty one (21) subclasses pursuant to all provisions of Federal Rule of Civil Procedure 23, defined as follows:

>   a.   *Alabama Purchasers Subclass*:  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Alabama, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family.  Class representative:  Annie Smith.

>   b.   *Arizona Purchasers Subclass*:  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Arizona, excluding: (a) officers and

5

employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Christopher Payne.

c. *California Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of California, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representatives: Phyllis Lerner and Herb Glazer.

d. *Florida Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Florida, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Mara Redstone.

e. *Georgia Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Georgia, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Brent Crawford.

f. *Indiana Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Indiana, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Victor Ruybald.

g. *Kansas Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Kansas, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Zach Wilson.

h. *Kentucky Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Kentucky, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Lisa McBride.

i. *Maryland Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Maryland, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Raphael Sagalyn.

j. *Missouri Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature

6

la-1096720

above 60 degrees Fahrenheit in the State of Missouri, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Brent Donaldson.

k. *Nevada Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Nevada, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Gary Kohut.

l. *New Jersey Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of New Jersey, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Richard Gaulauski.

m. *New Mexico Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of New Mexico, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Charles Byram.

n. *North Carolina Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of North Carolina, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Jean Neese.

o. *Oregon Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Oregon, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Shonna Butler.

p. *Pennsylvania Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Pennsylvania, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Gerald Panto.

q. *South Carolina Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of South Carolina,

7

excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Joann Korleski.

r.  *Tennessee Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Tennessee, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Tamara Miller.

s.  *Texas Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Texas, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Priscilla Craft.

t.  *Utah Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Utah, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: Jeff Jenkins.

u.  *Virginia Purchasers Subclass*: All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Virginia, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family. Class representative: James Graham.

Class Representatives shall move for certification of the Settlement Class contemporaneously with their renewed motion for final approval of this settlement. Class Representatives will provide a copy of the motion to Costco prior to filing.

2.2     **Decertification of the Settlement Class if Settlement Not Approved.** If the Court does not grant final approval of the settlement reflected in the Amended Settlement Agreement, any certification of any settlement class will be vacated and the Parties will be returned to their positions with respect to the Costco Actions as if the Amended Settlement Agreement had not been entered into. In the event that Final Approval is not achieved: (a) any Court orders preliminarily or finally approving the certification of any class contemplated by this Amended Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (b) the fact of the settlement reflected in this Amended Settlement Agreement, that Costco did not oppose the certification of any class under this Amended

8

Settlement Agreement, or that the Court preliminarily approved the certification of any settlement class, shall not be used or cited thereafter by any person or entity, including in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class.

3.    **Notice**

    **3.1**    **Manner of Giving Notice.**  Notice of this Amended Settlement Agreement shall be maintained on Costco's website at Costco's expense, until the Effective Date of the Amended Settlement Agreement.

4.    **Consideration**

    **4.1**    Costco agrees to the following:

    **4.2**    **Conversion to ATC.**  Subject to the other provisions in this Agreement, Costco will convert all of the motor fuel dispensers at all Retail Stations in the States of Alabama, Arizona, California, Florida, Georgia, Kentucky, Nevada, New Mexico, North Carolina, South Carolina, Tennessee, Texas, Utah, and Virginia (the "Conversion States") to Automatic Temperature Compensation Equipment.  Should Costco begin consistently purchasing motor fuel on a temperature adjusted basis subsequent to the Effective Date for sale in one of the States of Indiana, Kansas, Maryland, Missouri, New Jersey, Oregon or Pennsylvania, Costco agrees to convert all of the motor fuel dispensers at all Retail Stations in that State.  If the standard practice in any of the states listed in this paragraph changes such that sales of Motor Fuel to a material number of retailers are made on a non-temperature corrected basis and Costco begins consistently purchasing on such basis in that State during the Agreement Term, the requirement that Costco convert all of the motor fuel dispensers at all Retail Stations in that State to Automatic Temperature Compensation Equipment shall cease until such time that Costco begins consistently purchasing on a temperature corrected basis.

    **4.3**    **Installation of ATC.**  Subject to the other provisions in this Agreement, Costco will install Automatic Temperature Compensation Equipment on all motor fuel dispensers at any new Retail Station in the Conversion States opened during the Agreement Term.  Should Costco begin purchasing motor fuel on a temperature adjusted basis subsequent to the Effective

9

Date for sale in one of the States of Indiana, Kansas, Maryland, Missouri, New Jersey, Oregon, or Pennsylvania, Costco agrees to install Temperature Compensation Equipment on all motor fuel dispensers at any new Retail Station in those states.  If the standard practice in any of the states listed in this paragraph changes such that sales of Motor Fuel to a material number of retailers are made on a non-temperature corrected basis and Costco begins consistently purchasing on such basis in that State during the Agreement Term, the requirement that Costco install Automatic Temperature Compensation Equipment at new Retail Stations in that State to shall cease until such time that Costco begins consistently purchasing on a temperature corrected basis.

4.4     **Implementation Period.**  Subject to the other provisions in this section, Costco will complete the conversion and installation of ATC set forth in sections 4.2 and 4.3 above within five years of the Effective Date in accordance with the following schedule:

4.4.1     Within two years of the Effective Date, subject to section 4.6, Costco will have converted to Automatic Temperature Compensation Equipment the lesser of (a) 10% of the motor fuel dispensers in the Retail Stations in the Conversion States; or (b) all of the motor fuel dispensers in Conversion States where it can lawfully do so in light of the regulatory approvals required and received as of six months after the Effective Date.

4.4.2     As of the end of the third year after the Effective Date, subject to section 4.6, Costco will have converted to Automatic Temperature Compensation Equipment the lesser of: (a) 40% of the motor fuel dispensers in the Retail Stations in the Conversion States; or (b) all of the motor fuel dispensers in Conversion States where it can lawfully do so in light of the regulatory approvals required and received as of eighteen months after the Effective Date.

4.4.3     As of the end of the fourth year after the Effective Date, subject to section 4.6, Costco will have converted to Automatic Temperature Compensation Equipment the lesser of: (a) 70% of the motor fuel dispensers in the Retail Stations in the Conversion States; or (b) all of the motor fuel dispensers in Conversion States where it can lawfully do so in light of the regulatory approvals required and received as of two and one-half years after the Effective Date.

**4.4.4**   As of the end of the fifth year after the Effective Date, subject to section 4.6, Costco will have converted to Automatic Temperature Compensation Equipment the lesser of: (a) 100% of the motor fuel dispensers in the Retail Stations in the Conversion States; or (b) all of the motor fuel dispensers in Conversion States where it can lawfully do so in light of the regulatory approvals required and received as of four and one-half years after the Effective Date.

**4.4.5**   Notwithstanding the schedule set forth in sections 4.4.1 to 4.4.4 above, the maximum number of motor fuel dispensers Costco must convert to ATC in any one year cannot exceed 30% of the motor fuel dispensers in the Retail Stations in the Conversion States.  If delays in obtaining required regulatory approval have prevented Costco from converting more than 50% of the motor fuel dispensers in the Retail Stations in the Conversion States by the end of the fifth year after the Effective Date, the parties agree to extend the Agreement Term for an additional year.

**4.5**   **Force Majeure.**  Costco shall not be liable for failure to perform any obligation set forth in this Agreement, and any such failure shall not be considered a breach of or non-compliance with the terms of this Agreement, if such failure results from the actions or omissions of a third party or other cause beyond Costco's control.  This provision shall apply, for example, if Costco is unable to procure sufficient and affordable (as agreed to by Class Counsel and Costco or if failure to agree by the Parties, then as determined by the Court) ATC equipment to comply with its obligations pursuant to sections 4.2 and 4.3 above.  It shall also apply if Costco is unable to meet the five-year implementation deadline set forth in sections 4.2 and 4.3 above due to delays in any regulatory approval that is required by law.

**4.6**   **Regulatory Approval.**  Class Counsel and Company Counsel shall provide each other with any and all non-privileged evidence in their possession concerning whether or not any Conversion State allows or prohibits ATC.  If in the good faith judgment of the Company there is any regulatory approval required as a matter of law, beginning on the Effective Date, the Company shall notify Class Counsel and Class Counsel agree to take all reasonable steps to seek such regulatory approval required by law from each of the Conversion States so that Costco can fully comply with the obligations of this Amended Settlement Agreement.

la-1096720

Following denial of any legally required regulatory approval in a Conversion State, or, if the legality of a regulatory denial is challenged then following an adverse final adjudication of such legal challenge, the Retail Stations in that state will be excluded from Section 4, and all of the equipment in Retail Stations in that state will be excluded from the total amount of equipment used to compute the conversion percentage identified in section 4.4.

4.7    **Other Agreements.** If at any time prior to the completion of conversion and installation of ATC, Class Counsel and Class Representatives agree to enter into any agreement with any person or company to resolve any action or any other pending or threatened claim concerning ATC that is materially more favorable to that person or company than this Amended Settlement Agreement is to Costco (including, without limitation, calling for a lower conversion percentage, slower rate of conversion to ATC, or for completion of conversion to ATC at a later date than required by Section 4.4), Class Counsel and Class Representatives agree to notify Costco promptly of the terms of such agreement. At Costco's sole discretion, it may adopt the materially more favorable terms in any such agreement in place of its obligations under Section 4.4. Costco agrees to notify Class Counsel and Class Representatives in writing of any such election. The Parties agree that any change in Costco's obligations under Section 4.4 as a result of any such election that is not a change that is materially adverse to the Settlement Class does not require additional notice to the class.

4.8    **Supply Disruption.** If Costco, as a direct or indirect result of the Settlement agreement (determined solely in the good faith subjective judgment of Costco), loses a commercially material amount of its current motor fuel supply and/or experiences commercially material increases in the price of motor fuel in a Conversion State, the Agreement shall, at Costco's election, be rescinded, cancelled, and annulled as applied to that state if ATC shall not have been installed and operating with requisite public notice in the majority of Retail Locations in that State for at least one year. If Costco exercises this option, it shall provide Class Counsel with written notice of its election.

5.    **Settlement Procedures**

5.1    **Final Approval and Dismissal.** Within 10 days of execution of this Amended Settlement Agreement by all Parties, Class Representatives shall move the Court for an order for

12

final approval of this settlement.  Class Representatives shall request from the Court a Final Judgment and Order of Dismissal substantively identical to Exhibit A, specifically including provisions:

    **5.1.1**   finding that the Parties have submitted to the jurisdiction of the Court for purposes of settlement, that the Court has personal jurisdiction over the parties and all Settlement Class Members, and that the Court has subject matter jurisdiction to approve the settlement;

    **5.1.2**   finding that the Notice was the best notice practicable under the circumstances and was due and sufficient notice to the Settlement Class, and that such notice fully satisfies the requirements of due process and applicable law;

    **5.1.3**   approving this settlement and finding it is fair, reasonable and adequate, and in the best interests of the Settlement Class;

    **5.1.4**   confirming that the Class Representatives and the Settlement Class shall be deemed to have released all claims against Costco, as described in Section 6 below, and permanently barring and enjoining Class Representatives and any member of the Settlement Class from asserting, commencing, prosecuting, or continuing any of the Released Claims against Costco;

    **5.1.5**   dismissing Costco from the Costco Actions with prejudice, subject to the Court's retaining jurisdiction over the enforcement of the terms of this Agreement; and

    **5.1.6**   determining that the Final Judgment and Order of Dismissal shall be final and appealable.

    **5.2**   If the Court certifies any class or enters any orders relating to Class Representatives and Class Counsel, such actions shall not be an adjudication of any fact or issue for any purpose other than the effectuation of this Agreement and shall neither be considered as law of the case or *res judicata* nor shall have collateral estoppel effect in this or any other proceeding.  In the event that Final Approval is not achieved, the Court's orders contemplated by this section shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity for any purpose in the any actions or otherwise.

13

6.     **Release of Claims**

6.1     **Release of Class Claims.**  Upon the Effective Date, Class Representatives and each Settlement Class Member, and each of their respective, executors, representatives, heirs, successors, bankruptcy trustees, guardians, and all those who claim through them or who assert claims on their behalf, will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability for any claim, including all claims for declaratory or injunctive relief, or for any type of restitution or damages or any other relief whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which the Class Representatives or any Settlement Class Member now has or ever had, from the beginning of the world to the Effective Date, resulting from, arising out of or in any way, directly or indirectly, connected to claims that are, or could have been, asserted in the actions against Costco.

6.2     **Bar to Future Suits.**  Except for the enforcement of the final judgment entered pursuant to this Settlement, Class Representatives and Settlement Class Members shall be enjoined from prosecuting any proceeding against any Released Party with respect to the conduct, services, fees, charges, acts, or omissions of any Released Party relating to all matters within the scope of the release in this section or actions taken by a Released Party that are authorized or required by this Amended Settlement Agreement or by the Final Judgment. The Court shall retain jurisdiction to enforce the judgment, releases and bar to suits contemplated by this Amended Settlement Agreement. It is further agreed that the Amended Settlement Agreement and the Final Judgment may be pleaded as a complete defense to any proceeding subject to this section as to Costco. This bar, and all provisions of this paragraph 6, and all of its subparts, and all other paragraphs and sections of this document, is made because of the valuable benefits conferred on members of the class by this settlement, the extended period of time that would be required, at least several years, to come to some other resolution, and the uncertain nature of any resolution absent this settlement.

7.     **Attorneys' Fees and Costs**

7.1     **Application.**  Class Counsel may apply to the District Court for an award of fees and costs in this Action (the "Fee Application").  Costco agrees to pay any fees and costs

14

awarded by the Court and such payment shall not reduce any of Costco's obligations to the Settlement Class pursuant to this Amended Settlement Agreement.

**7.2    Service of Fee Application on Objectors.**  Class Counsel shall serve any Fee Application on all Settlement Class Members who filed objections to the Original Settlement Agreement.

**7.3    Timing.**  The Parties agree that any amount awarded by the Court for Class Counsel's fees and costs shall be payable by Costco in accordance with any payment schedule set by the Court.

**7.4    Incentive Fees.**  Class Counsel will ask that the District Court provide for an incentive fee for Class Representatives Annie Smith, Christopher Payne, Phyllis Lerner, Herb Glazer, Mara Redstone, Brent Crawford, Victor Ruybald, Zach Wilson, Lisa McBride, Raphael Sagalyn, Brent Donaldson, Gary Kohut, Richard Galuski, Charles Byram, Jean Neese, Shonna Butler, Gerald Panto, Joann Korleski, Tamara Miller, Priscilla Craft, Jeff Jenkins, and James Graham, in the amount of $2,000 each.  If the Court awards this amount, it will be deducted from the amount awarded Class Counsel for fees and costs.

**8.    Continuing Jurisdiction; Compliance Reporting**

**8.1    Continuing Jurisdiction.**  The Court shall have continuing jurisdiction to enforce this Agreement's terms, and to enforce the Final Judgment.  The Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of the Amended Settlement Agreement.

**8.2    Compliance Reporting.**  Within six months of the Effective Date, and within each six month period thereafter during the Term of this Amended Settlement Agreement, Costco will serve on Class Counsel and file with the Court a declaration executed under penalty of perjury describing Costco's compliance with the requirements of section 4.

**9.    Exception for Compliance with Legislative/Regulatory Requirements**

To the extent that any local, state, or federal legislative or regulatory body or agency has adopted or adopts legislation, regulations, or rules that conflict with or impose requirements

la-1096720

substantially similar to the terms of the Amended Settlement Agreement, then compliance by Costco with any such legislation, regulations, or rules shall be deemed to constitute satisfaction of the terms of the Amended Settlement Agreement.  In the event Costco concludes that it is legally required to depart from the requirements of this Amended Settlement Agreement, it shall, to the extent practicable, provide notice of such intended departure to Class Counsel.

## 10.   Return of Confidential Information

Class Counsel, on behalf of themselves and any expert witnesses and consultants retained by them, acknowledge that during the course of the Actions, they have received Confidential Information.  No later than thirty (30) days after the Effective Date, Class Counsel will return to Costco all Costco Confidential Information and will certify under oath that they and their expert witnesses and consultants do not retain any copies or summaries or compilations or indices of such information.

This provision is not intended to cover work product of Class Counsel but is intended to cover Confidential Information that might simply be attached to any work product.

Class Counsel also will not use any of the Confidential Information learned or obtained in the actions against Costco for any purpose after the Effective Date.

## 11.   Notices

Any communication sent by any Party in connection with this Amended Settlement Agreement other than the Notice to Class Members set forth in section 3 above and in the Original Settlement Agreement shall be sent by telecopy and certified mail, return receipt requested, as follows:

**To Class Representatives:**
**Robert A. Horn**
**Horn Aylward Bandy**
**2600 Grand Boulevard, Suite 1100**
**Kansas City, Missouri 64108**

**To Costco:**
**David F. McDowell**
**Morrison & Foerster LLP**
**555 West Fifth Street, 35th Floor**
**Los Angeles, California 90013-1024**

16

12.    **Publicity**

Any comments for publication in any media by Class Counsel or Settlement Class Representatives concerning the Amended Settlement Agreement must be consistent with the statements in the Joint Press Release (attached as Exhibit E to the Original Settlement Agreement) and shall not provide any substantive information concerning the Agreement or any of its terms not included in the Joint Press Release.  Settlement Class Counsel and Settlement Class Representatives shall not disparage the business or reputation of Costco or Costco's counsel, make any statement concerning the negotiations which culminated in this Agreement, or mischaracterize the Agreement or any of its terms.  Settlement Class Counsel and Settlement Class Representatives recognize that this provision has significant value to Costco.

13.    **Representations and Warranties**

13.1    **No Additional Persons with Financial Interest.**  Class Representatives and Class Counsel represent and warrant that all persons (natural or legal) having any interest in any award of attorneys' fees or costs in connection with this Settlement must seek any award of attorney's fees or costs with this Court pursuant to the Court's Preliminary Approval Order.  Class Counsel will hold Costco harmless from any claim by any person other than the single claim presented by Class Counsel for attorneys' fees or costs in connection with the Costco Actions arising from work performed or costs advanced prior to the date on which the last subscribing party signs this Amended Settlement Agreement.

13.2    **Parties Authorized to Enter into Amended Settlement Agreement.**  Class Representatives, Class Counsel, and Costco represent and warrant that he, she, or it is fully authorized to enter into this Amended Settlement Agreement and to carry out the obligations provided for herein.  Each person executing this Amended Settlement Agreement on behalf of a Party covenants, warrants and represents that he is and has been fully authorized to do so by such Party.  Each Party hereto further represents and warrants that he, she, or it intends to be bound fully by the terms of this Amended Settlement Agreement.

13.3    **No Attempt by Parties to Object.**  Class Representatives and Class Counsel and Costco each represent and warrant that they have not made, nor will they (a) attempt to void this

17

Amended Settlement Agreement in any way, or (b) solicit, encourage, or assist in any fashion any effort by any person (natural or legal) to object to the Amended Settlement Agreement.

**14.    Miscellaneous**

    **14.1    No Liability.** This Amended Settlement Agreement does not constitute, is not intended to constitute, and will not under any circumstances be deemed to constitute, an admission by either party as to the merits, validity, or accuracy, or lack thereof, of any of the allegations or claims in these Actions, nor the waiver of any defense.

    **14.2    No Construction Against Drafter.** This Amended Settlement Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Amended Settlement Agreement.

    **14.3    Signatures.** Signature by facsimile or in PDF format will constitute sufficient execution of this Amended Settlement Agreement; original signatures must be available upon request.

    **14.4    Execution in Counterparts.** This Amended Settlement Agreement shall become effective upon its execution by all Parties. The Parties may execute this Amended Settlement Agreement in counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

    **14.5    Invalidity on Modification or Disapproval.** In the event any court disapproves or sets aside this Amended Settlement Agreement or any material part of this Amended Settlement Agreement for any reason, or holds that it will not enter or give effect to the Final Judgment without material modification, or holds that the entry of the Final Judgment or any material part thereof should be overturned or modified in any material way, then:

            (A)    If all Parties do not agree jointly to appeal such ruling, this Amended Settlement Agreement will become null and void, and the Costco Actions will continue, and the Parties stipulate to joint motions (i) that any and all orders entered pursuant to this Amended Settlement Agreement be vacated, and (ii) that any and all dismissals pursuant to this Agreement will be vacated; or

            (B)    if the Parties do agree to jointly appeal such ruling and if the Final

Judgment or its equivalent in all material respects is not in effect after the termination of all proceedings arising out of such appeal, this Agreement will become null and void, and the Costco Actions will continue, and the Parties stipulate to joint motions (i) that any and all orders entered pursuant to this Agreement be vacated, including, without limitation, any order modifying the class certification order or permitting amendment of the complaint to conform the complaint to the class definition set out in section 2.1, and (ii) that any and all dismissals pursuant to this Agreement will be vacated.

**14.6    Termination Option.** If, at any time prior to the Court's entry of the Final Judgment, Class Counsel and Class Representatives enter into any agreement with any person to resolve any of the Actions or any other pending or threatened claim concerning ATC, Class Counsel and Class Representatives agree to notify Costco promptly of the terms of such agreement. At Costco's sole discretion, if Costco believes that any such agreement is materially more advantageous to Costco than this Agreement and for any reason Costco is not able to exercise its rights under section 4.7, Costco shall have the option to rescind this Agreement, in which case all of Costco's obligations under this Agreement shall cease to be of any force and effect, and this Agreement shall be rescinded, cancelled, and annulled. If Costco exercises this option, it shall provide Class Counsel with written notice of its election, at which point the Parties shall return to their respective positions in the manner and effect as set forth in section 2.2.

**14.7.    Amendment.** This Amended Settlement Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives or by court order modifying the Amended Settlement Agreement based on changed circumstances.

**14.8    Modification.** Prior to entry of the Final Judgment, this Agreement may, with approval of the Court, be modified by written agreement of Class Counsel and Costco's Counsel in their discretion without giving any additional notice to the Class, provided that such modifications are not materially adverse to the Class.

Subsequent to the Final Approval Order and Judgment becoming a Final Judgment, this Agreement may, with approval of the Court, be modified by written agreement of Class Counsel and Costco's Counsel in their discretion without giving any additional notice to the Settlement

Class Members, provided that such modifications do not limit the rights of the Settlement Class Members under the Agreement.

14.9   **Best Efforts.**  Class Counsel and Class Representatives and Costco will use their best efforts to seek approval of the Amended Settlement Agreement by the Court, including amendment of the complaint to incorporate the definition of the Settlement Class, if necessary, and in responding to any objectors, intervenors or other persons or entities seeking to preclude the final approval of this Amended Settlement Agreement.

14.10   **Time Periods.**  The time periods and dates described in this Amended Settlement Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of the Parties' counsel.

14.11   **Governing Law.**  Except where otherwise provided for herein, this Amended Settlement Agreement is intended to and shall be governed by the laws of the State of Washington.

14.12   **Agreement Binding on Successors in Interest.**  This Amended Settlement Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties.

IN WITNESS WHEREOF, the Parties hereto have caused this Amended Settlement Agreement to be executed as of the day and year indicated below.

**ON BEHALF OF CLASS REPRESENTATIVES**

Dated: ___1/7___, 2011            _____
                                  ANNIE SMITH (ALABAMA)

Dated: _____, 2011          _____
                                  CHRISTOPHER PAYNE (ARIZONA)

Dated: _____, 2011          _____
                                  PHYLLIS LERNER (CALIFORNIA)

Dated: _____, 2011          _____
                                  HERB GLAZER (CALIFORNIA)

Class Members, provided that such modifications do not limit the rights of the Settlement Class Members under the Agreement.

**14.9   Best Efforts.** Class Counsel and Class Representatives and Costco will use their best efforts to seek approval of the Amended Settlement Agreement by the Court, including amendment of the complaint to incorporate the definition of the Settlement Class, if necessary, and in responding to any objectors, intervenors or other persons or entities seeking to preclude the final approval of this Amended Settlement Agreement.

**14.10   Time Periods.** The time periods and dates described in this Amended Settlement Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of the Parties' counsel.

**14.11   Governing Law.** Except where otherwise provided for herein, this Amended Settlement Agreement is intended to and shall be governed by the laws of the State of Washington.

**14.12   Agreement Binding on Successors in Interest.** This Amended Settlement Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties.

IN WITNESS WHEREOF, the Parties hereto have caused this Amended Settlement Agreement to be executed as of the day and year indicated below.

**ON BEHALF OF CLASS REPRESENTATIVES**

Dated: _____, 2011
                                                _____
                                                DENNIS MANN (ALABAMA)

Dated: _January 5_, 2011
                                                _____
                                                CHRISTOPHER PAYNE (ARIZONA)

Dated: _____, 2011
                                                _____
                                                PHYLLIS LERNER (CALIFORNIA)

la-1096720

Class Members, provided that such modifications do not limit the rights of the Settlement Class Members under the Agreement.

   **14.9   Best Efforts.**  Class Counsel and Class Representatives and Costco will use their best efforts to seek approval of the Amended Settlement Agreement by the Court, including amendment of the complaint to incorporate the definition of the Settlement Class, if necessary, and in responding to any objectors, intervenors or other persons or entities seeking to preclude the final approval of this Amended Settlement Agreement.

   **14.10   Time Periods.**  The time periods and dates described in this Amended Settlement Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of the Parties' counsel.

   **14.11   Governing Law.**  Except where otherwise provided for herein, this Amended Settlement Agreement is intended to and shall be governed by the laws of the State of Washington.

   **14.12   Agreement Binding on Successors in Interest.**  This Amended Settlement Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties.

   IN WITNESS WHEREOF, the Parties hereto have caused this Amended Settlement Agreement to be executed as of the day and year indicated below.

## ON BEHALF OF CLASS REPRESENTATIVES

Dated: _____, 2011

_____
DENNIS MANN (ALABAMA)

Dated: _____, 2011

_____
CHRISTOPHER PAYNE (ARIZONA)

Dated: _1 - 10_, 2011

_____
PHYLLIS LERNER (CALIFORNIA)

20

la-1096720

Dated: __1 / 10__, 2011      _Herb Glazer_
HERB GLAZER (CALIFORNIA)

Dated: _____, 2011      _____
MARA REDSTONE (FLORIDA)

Dated: _____, 2011      _____
BRENT CRAWFORD (GEORGIA)

Dated: _____, 2011      _____
VICTOR RUYBALD (INDIANA)

Dated: _____, 2011      _____
ZACH WILSON (KANSAS)

Dated: _____, 2011      _____
LISA MCBRIDE (KENTUCKY)

Dated: _____, 2011      _____
RAPHAEL SAGALYN (MARYLAND)

Dated: _____, 2011      _____
BRENT DONALDSON (MISSOURI)

Dated: _____, 2011      _____
GARY KOHUT (NEVADA)

Dated: _____, 2011      _____
RICHARD GALUSKI (NEW JERSEY)

21

la-1096720

Dated: _____, 2011

_____

HERB GLAZER (CALIFORNIA)

Dated: _1/11/1_____, 2011

_____

MARA REDSTONE (FLORIDA)

Dated: _____, 2011

_____

BRENT CRAWFORD (GEORGIA)

Dated: _____, 2011

_____

VICTOR RUYBALD (INDIANA)

Dated: _____, 2011

_____

ZACH WILSON (KANSAS)

Dated: _____, 2011

_____

LISA MCBRIDE (KENTUCKY)

Dated: _____, 2011

_____

RAPHAEL SAGALYN (MARYLAND)

Dated: _____, 2011

_____

BRENT DONALDSON (MISSOURI)

Dated: _____, 2011

_____

GARY KOHUT (NEVADA)

Dated: _____, 2011

_____

RICHARD GALUSKI (NEW JERSEY)

21

**ON BEHALF OF CLASS REPRESENTATIVES**

Dated: _____, 2011

_____
DENNIS MANN (ALABAMA)

Dated: _____, 2011

_____
CHRISTOPHER PAYNE (ARIZONA)

Dated: _____, 2011

_____
PHYLLIS LERNER (CALIFORNIA)

Dated: _____, 2011

_____
HERB GLAZER (CALIFORNIA)

Dated: _____, 2011

_____
MARA REDSTONE (FLORIDA)

Dated: 1-4 _____, 2011

_____
BRENT CRAWFORD (GEORGIA)

Dated: _____, 2011

_____
VICTOR RUYBALD (INDIANA)

Dated: _____, 2011

_____
ZACH WILSON (KANSAS)

Dated: _____, 2011

_____
LISA MCBRIDE (KENTUCKY)

Dated: _____, 2011

_____
RAPHAEL SAGALYN (MARYLAND)

**ON BEHALF OF CLASS REPRESENTATIVES**

Dated: _____, 2011

_____
DENNIS MANN (ALABAMA)

Dated: _____, 2011

_____
CHRISTOPHER PAYNE (ARIZONA)

Dated: _____, 2011

_____
PHYLLIS LERNER (CALIFORNIA)

Dated: _____, 2011

_____
HERB GLAZER (CALIFORNIA)

Dated: _____, 2011

_____
MARA REDSTONE (FLORIDA)

Dated: _____, 2011

_____
BRENT CRAWFORD (GEORGIA)

Dated: _Jan 5th_, 2011

_Victor Ruybalid_
_____
VICTOR RUYBALID (INDIANA)

Dated: _____, 2011

_____
ZACH WILSON (KANSAS)

Dated: _____, 2011

_____
LISA MCBRIDE (KENTUCKY)

Dated: _____, 2011

_____
RAPHAEL SAGALYN (MARYLAND)

Dated: _____, 2011        _____
                                  HERB GLAZER (CALIFORNIA)


Dated: _____, 2011        _____
                                  MARA REDSTONE (FLORIDA)


Dated: _____, 2011        _____
                                  BRENT CRAWFORD (GEORGIA)


Dated: _____, 2011        _____
                                  VICTOR RUYBALD (INDIANA)


Dated: _1-5_____, 2011        _____
                                  ZACH WILSON (KANSAS)


Dated: _____, 2011        _____
                                  LISA MCBRIDE (KENTUCKY)


Dated: _____, 2011        _____
                                  RAPHAEL SAGALYN (MARYLAND)


Dated: _____, 2011        _____
                                  BRENT DONALDSON (MISSOURI)


Dated: _____, 2011        _____
                                  GARY KOHUT (NEVADA)


Dated: _____, 2011        _____
                                  RICHARD GALUSKI (NEW JERSEY)

la-1096720

Dated: _____, 2011

HERB GLAZER (CALIFORNIA)

Dated: _____, 2011

MARA REDSTONE (FLORIDA)

Dated: _____, 2011

BRENT CRAWFORD (GEORGIA)

Dated: _____, 2011

VICTOR RUYBALD (INDIANA)

Dated: _____, 2011

ZACH WILSON (KANSAS)

Dated: _____, 2011

LISA MCBRIDE (KENTUCKY)

Dated: 1/7 _____, 2011

RAPHAEL SAGALYN (MARYLAND)

Dated: _____, 2011

BRENT DONALDSON (MISSOURI)

Dated: _____, 2011

GARY KOHUT (NEVADA)

Dated: _____, 2011

RICHARD GALUSKI (NEW JERSEY)

N-1096920

23

HERB GLAZER (CALIFORNIA)

Dated: _____, 2011

MARA REDSTONE (FLORIDA)

Dated: _____, 2011

BRENT CRAWFORD (GEORGIA)

Dated: _____, 2011

VICTOR RUYBALD (INDIANA)

Dated: _____, 2011

ZACH WILSON (KANSAS)

Dated: _____, 2011

LISA MCBRIDE (KENTUCKY)

Dated: _____, 2011

RAPHAEL SAGALYN (MARYLAND)

Dated: __1-14__, 2011

BRENT DONALDSON (MISSOURI)

Dated: _____, 2011

GARY KOHUT (NEVADA)

Dated: _____, 2011

RICHARD GALUSKI (NEW JERSEY)

21

la-1096720

Dated: _____, 2011        _____
                                     CHARLES BYRAM (NEW MEXICO)

Dated: Jan 4 , 2011                 _____
                                     JEAN NEESE (NORTH CAROLINA)

Dated: _____, 2011        _____
                                     SHONNA BUTLER (OREGON)

Dated: _____, 2011        _____
                                     GERALD PANTO (PENNSYLVANIA)

Dated: _____, 2011        _____
                                     JOANN KORLESKI (SOUTH CAROLINA)

Dated: _____, 2011        _____
                                     TAMARA MILLER (TENNESSEE)

Dated: _____, 2011        _____
                                     PRISCILLA CRAFT (TEXAS)

Dated: _____, 2011        _____
                                     JEFF JENKINS (UTAH)

Dated: _____, 2011        _____
                                     JAMES GRAHAM (VIRGINIA)

la-1096720

Dated: _____, 2011

_____
HERB GLAZER (CALIFORNIA)

Dated: _____, 2011

_____
MARA REDSTONE (FLORIDA)

Dated: _____, 2011

_____
BRENT CRAWFORD (GEORGIA)

Dated: _____, 2011

_____
VICTOR RUYBALD (INDIANA)

Dated: _____, 2011

_____
ZACH WILSON (KANSAS)

Dated: _____, 2011

_____
LISA MCBRIDE (KENTUCKY)

Dated: _____, 2011

_____
RAPHAEL SAGALYN (MARYLAND)

Dated: _____, 2011

_____
BRENT DONALDSON (MISSOURI)

Dated: _____, 2011

_____
GARY KOHUT (NEVADA)

Dated: JAN 19 , 2011

_____
RICHARD GALUSKI (NEW JERSEY)

21

Dated: 01/18/, 2011

_____
CHARLES BYRAM (NEW MEXICO)

Dated: _____, 2011

_____
JEAN NEESE (NORTH CAROLINA)

Dated: _____, 2011

_____
SHONNA BUTLER (OREGON)

Dated: _____, 2011

_____
GERALD PANTO (PENNSYLVANIA)

Dated: _____, 2011

_____
JOANN KORLESKI (SOUTH CAROLINA)

Dated: _____, 2011

_____
TAMARA MILLER (TENNESSEE)

Dated: _____, 2011

_____
PRISCILLA CRAFT (TEXAS)

Dated: _____, 2011

_____
JEFF JENKINS (UTAH)

Dated: _____, 2011

_____
JAMES GRAHAM (VIRGINIA)

22

la-1096720

Dated: _____, 2011

_____
HERB GLAZER (CALIFORNIA)

Dated: _____, 2011

_____
MARA REDSTONE (FLORIDA)

Dated: _____, 2011

_____
BRENT CRAWFORD (GEORGIA)

Dated: _____, 2011

_____
VICTOR RUYBALD (INDIANA)

Dated: _____, 2011

_____
ZACH WILSON (KANSAS)

Dated: _____, 2011

_____
LISA MCBRIDE (KENTUCKY)

Dated: _____, 2011

_____
RAPHAEL SAGALYN (MARYLAND)

Dated: _____, 2011

_____
BRENT DONALDSON (MISSOURI)

Dated: _1/10_____, 2011

_____
GARY KOHUT (NEVADA)

Dated: _____, 2011

_____
RICHARD GALUSKI (NEW JERSEY)

21

la-1096720

Dated: _____, 2011

_____
CHARLES BYRAM (NEW MEXICO)

Dated: _____, 2011

_____
JEAN NEESE (NORTH CAROLINA)

Dated: _1/6_____, 2011

*Shonna Butler*
_____
SHONNA BUTLER (OREGON)

Dated: _____, 2011

_____
GERALD PANTO (PENNSYLVANIA)

Dated: _____, 2011

_____
JOANN KORLESKI (SOUTH CAROLINA)

Dated: _____, 2011

_____
TAMARA MILLER (TENNESSEE)

Dated: _____, 2011

_____
PRISCILLA CRAFT (TEXAS)

Dated: _____, 2011

_____
JEFF JENKINS (UTAH)

Dated: _____, 2011

_____
JAMES GRAHAM (VIRGINIA)

la-1096720

Dated: _____, 2011

BRENT DONALDSON (MISSOURI)

Dated: _____, 2011

GARY KOHUT (NEVADA)

Dated: _____, 2011

RICHARD GALUSKI (NEW JERSEY)

Dated: _____, 2011

CHARLES BYRAM (NEW MEXICO)

Dated: _____, 2011

JEAN NEESE (NORTH CAROLINA)

Dated: _____, 2011

SHONNA BUTLER (OREGON)

Dated: _1-08-_, 2011

*Gerald Panto*

GERALD PANTO (PENNSYLVANIA)

Dated: _____, 2011

JOANN KORLESKI (SOUTH CAROLINA)

Dated: _____, 2011

TAMARA MILLER (TENNESSEE)

Dated: _____, 2011

PRISCILLA CRAFT (TEXAS)

Dated: _____, 2011

_____
CHARLES BYRAM (NEW MEXICO)


Dated: _____, 2011

_____
JEAN NEESE (NORTH CAROLINA)


Dated: _____, 2011

_____
SHONNA BUTLER (OREGON)


Dated: _____, 2011

_____
GERALD PANTO (PENNSYLVANIA)


Dated: _____, 2011

_____
JOANN KORLESKI (SOUTH CAROLINA)


Dated: _____, 2011

_____
TAMARA MILLER (TENNESSEE)


Dated: _____, 2011

_____
PRISCILLA CRAFT (TEXAS)


Dated: _____, 2011

_____
JEFF JENKINS (UTAH)


Dated: _____, 2011

_____
JAMES GRAHAM (VIRGINIA)


22

la-1096720

Dated: _____, 2011          _____
                                    BRENT DONALDSON (MISSOURI)


Dated: _____, 2011          _____
                                    GARY KOHUT (NEVADA)


Dated: _____, 2011          _____
                                    RICHARD GALUSKI (NEW JERSEY)


Dated: _____, 2011          _____
                                    CHARLES BYRAM (NEW MEXICO)


Dated: _____, 2011          _____
                                    JEAN NEESE (NORTH CAROLINA)


Dated: _____, 2011          _____
                                    SHONNA BUTLER (OREGON)


Dated: _____, 2011          _____
                                    GERALD PANTO (PENNSYLVANIA)


Dated: _____, 2011          _____
                                    JOANN KORLESKI (SOUTH CAROLINA)


Dated: Jan. 5 , 2011                _____
                                    TAMARA MILLER (TENNESSEE)


Dated: _____, 2011          _____
                                    PRISCILLA CRAFT (TEXAS)

Dated: _____, 2011       _____
                                  HERB GLAZER (CALIFORNIA)


Dated: _____, 2011       _____
                                  MARA REDSTONE (FLORIDA)


Dated: _____, 2011       _____
                                  BRENT CRAWFORD (GEORGIA)


Dated: _____, 2011       _____
                                  VICTOR RUYBALD (INDIANA)


Dated: _____, 2011       _____
                                  ZACH WILSON (KANSAS)


Dated: Jan 6, 2011                _____
                                  LISA MCBRIDE (KENTUCKY)


Dated: _____, 2011       _____
                                  RAPHAEL SAGALYN (MARYLAND)


Dated: _____, 2011       _____
                                  BRENT DONALDSON (MISSOURI)


Dated: _____, 2011       _____
                                  GARY KOHUT (NEVADA)


Dated: _____, 2011       _____
                                  RICHARD GALUSKI (NEW JERSEY)


21

la-1096720

Dated: _____, 2011          _____
                                    CHARLES BYRAM (NEW MEXICO)


Dated: _____, 2011          _____
                                    JEAN NEESE (NORTH CAROLINA)


Dated: _____, 2011          _____
                                    SHONNA BUTLER (OREGON)


Dated: _____, 2011          _____
                                    GERALD PANTO (PENNSYLVANIA)


Dated: _____, 2011          _____
                                    JOANN KORLESKI (SOUTH CAROLINA)


Dated: _____, 2011          _____
                                    TAMARA MILLER (TENNESSEE)


Dated: _____, 2011          _____
                                    PRISCILLA CRAFT (TEXAS)


Dated: _____, 2011          _____
                                    JEFF JENKINS (UTAH)


Dated: _____, 2011          _____
                                    JAMES GRAHAM (VIRGINIA)

22

la-1096720

Dated: __ _____, 2011                    _____  __

                                          CHARLES BYRAM (NEW MEXIC

Dated: __ _____, 2011                    _____  __

                                          JEAN NEESE (NORTH CAROLIN/

Dated: __ _____, 2011                    _____  __

                                          SHONNA BUTLER (OREGON)

Dated: __ _____, 2011                    _____  __

                                          GERALD PANTO (PENNSYLVAN

Dated: __ _____, 2011                    _____  __

                                          JOANN KORLESKI (SOUTH CAR(    VA)

Dated: __ _____, 2011                    _____  __

                                          TAMARA MILLER (TENNESSEE)

Dated: __ _____, 2011                    _____  __

                                          PRISCILLA CRAFT (TEXAS)

Dated: 1  7 , 2011                        _____  __

                                          JEFF JENKINS (UTAH)

Dated: __ _____, 2011                    _____  __

                                          JAMES GRAHAM (VIRGINIA)

la-1096720

Dated: _____, 2011          _____
                                     **CHARLES BYRAM (NEW MEXICO)**


Dated: _____, 2011          _____
                                     **JEAN NEESE (NORTH CAROLINA)**


Dated: _____, 2011          _____
                                     **SHONNA BUTLER (OREGON)**


Dated: _____, 2011          _____
                                     **GERALD PANTO (PENNSYLVANIA)**


Dated: _____, 2011          _____
                                     **JOANN KORLESKI (SOUTH CAROLINA)**


Dated: _____, 2011          _____
                                     **TAMARA MILLER (TENNESSEE)**


Dated: _____, 2011          _____
                                     **PRISCILLA CRAFT (TEXAS)**


Dated: _____, 2011          _____
                                     **JEFF JENKINS (UTAH)**


Dated: 1/7_____, 2011       _____
                                     **JAMES GRAHAM (VIRGINIA)**

22

**ON BEHALF OF CLASS COUNSEL**

Dated: _____, 2011

_____
ROBERT A. HORN

Dated: _____, 2011

_____
THOMAS V. GIRARDI

Dated: _____, 2011

_____
THOMAS V. BENDER

**ON BEHALF OF COSTCO WHOLESALE CORPORATION**

Dated: _____, 2011

_____

COSTCO WHOLESALE CORPORATION

BY: _____

ITS: _____

23

la-1096720

**ON BEHALF OF CLASS COUNSEL**

Dated: _____, 2011        _____
                                  ROBERT A. HORN

Dated: _____, 2011        _____
                                  THOMAS V. GIRARDI

Dated: February 3, 2011           _____
                                  THOMAS V. BENDER

**ON BEHALF OF COSTCO WHOLESALE CORPORATION**

Dated: _____, 2011        _____

                                  **COSTCO WHOLESALE CORPORATION**

                                  **BY:**

                                  **ITS:**

23

**ON BEHALF OF CLASS COUNSEL**

Dated: _____, 2010          _____
                                     ROBERT A. HORN

Dated: _____, 2010          _____
                                     THOMAS V. GIRARDI

Dated: _____, 2010          _____
                                     THOMAS V. BENDER

**ON BEHALF OF COSTCO WHOLESALE CORPORATION**

Dated: 1 / 3 , 2011          _____

                              COSTCO WHOLESALE CORPORATION
                              BY: JOHN SULLIVAN
                              ITS: CORPORATE COUNSEL

la-1096720