IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE MOTOR FUEL            )        CIVIL NO. 07-MD-1840-KHV-JPO
SALES PRACTICE LITIGATION   )        MDL NO.: 1840

**McKERLEY OBJECTORS' OPPOSITION TO
PLAINTIFFS' RENEWED MOTION FOR APPROVAL OF SETTLEMENT,
AND OBJECTIONS TO SETTLEMENT**

COME NOW Objectors Mike McKerley, David V. Kenner, Bonnie Anderson, Charles B. Zuravin, Carroll Putnam, Karen Waldvogel, and Suzanne Carpenter ("Objectors"), responding in opposition to Plaintiffs' Renewed Motion (Docket No. ["Doc."] 1769) and Memorandum in Support of Final Approval of Class Action Settlement, and in further support of their Objections (Doc. 1581), stating as follows.

### I.  Objectors Agree with Court's Acceptance of Many Objections.

Objectors agree strongly with this Court's decision in its Order of August 13, 2010 (Doc. 1707) to accept Objectors' positions by, among other things (1) rejecting the originally proposed Settlement Agreement (Id. at 62), (2) finding no basis for approving relief proposed for states in which Costco did not sell fuel (Id. at 46), (3) holding that the alignment and configuration of class representatives was inadequate by failing to accommodate the substantial differences among various states' laws (Id. at 35), (4) realizing that semi-annual compliance reports to Class Counsel alone would be insufficient (Id. at 54), and (5) assuring that Objectors will have an opportunity to review and object to a Revised Agreement and to Class Counsel's fee application (Id. at 61).

In recognizing the Objections were meritorious, this Court suggested several adjustments

which the settling parties since have incorporated in hopes of winning approval.  The Revised Settlement Agreement is a start, but provides only window dressing which fails to resolve the underlying substantive differences among the various states.

## II. Revised Agreement Fails to Resolve Enough of the Original Problems.

Objections to the original Settlement Agreement remain in regard to the Revised Agreement remain, and now new objections arise in regard to the procedure by which approval is sought.  Objectors appreciate this Court's recognition of its obligation to fulfill its independent duty to protect the rights of passive class members.  Id. at 23, citing 7B Federal Practice & Procedure § 1797.1 at 79, and *Amchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997).  Objectors are confident this recognition will continue in regard to the Revised Agreement.

### A. Class Still Cannot be Certified.

Accordingly, Objectors reassert Objections to the original Settlement Agreement which remain unresolved by the Revised Agreement.  First, mere realignment of Class Representatives and creation of subgroups does not correct the problem posed by variations among different states' laws.  As described in detail in Objectors' Supplemental Suggestions in Support of Objections to Settlement (Doc. 1630), the Class cannot be certified.  Certification is precluded by the numerous criteria which were examined exhaustively in *In re Grand Theft Auto Video Game Consumer Litigation*, 251 F.R.D. 139 (S.D.N.Y. 2008).

### B. Single Type of Relief Cannot Fit Different Laws.

Even if the Class somehow could be certified, the Revised Agreement must be rejected because the proposed relief still fails to accommodate the variations among different states' laws.  The variations are wide in regard to numerous significant criteria.  Yet, the Revised Agreement,

like the original Settlement Agreement, would provide no more than the same injunctive relief -- installation of automatic temperature-control equipment -- in all covered states.  *See*, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 252 F.R.D. 83, 94 (D.Mass. 2008); *see also*, *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 296-97 (1st Cir.2000). As described in more complete detail Objectors' Supplemental Suggestions in Support of Objections to Settlement (Doc. 1630), and charted for comparison in Exhibits A and B to that brief (and attached to this brief for ready refereance), some Class Members are surrendering far more rights for the minimal relief than are other Class Members.

One size cannot fit all. Class Counsel's creation of subclasses by adding additional plaintiffs and additional counsel simply elevates form over substance.  None of the subclass representatives have advocated for their subclass according to the differing consumer laws of the various states.  The whole point of the original Objections was that Class Members from different states had differing legal rights based on different state laws.  The Revised Settlement fails to address that critical issue.

**C.     Nevada Should be Carved From Settlement Due to Inadequate Relief.**

Objector Suzanne Carpenter, 10271 Wood Work Lane, Las Vegas, Nevada 89135, an unnamed Class Member, submits that the Revised Agreement is inadequate in that it provides only equitable injunctive relief (and no damages) for Class Members in Nevada.  This is especially unfair, unreasonable and inadequate in that Nevada, unlike every other state in the nation, has provided its citizens a unique remedy pertaining to wholesale clubs such as Costco. Under Nev.Rev.Stat. § 598.920, consumers are entitled to statutory damages against a wholesale club whenever the club is found to have failed to disclose to the consumer a material fact

regarding a transaction. In this case a consumer has a substantial and viable cause of action against Costco each and every time that member purchases gas from the club at an "unregulated" gas pump. This cause of action for money damages is unique to Nevada residents who were members of Costco and purchased gas from Costco. Injunctive relief for Nevada residents is wholly inadequate.

As part of the multistate Revised Agreement, Gary Kohut purports to represent the class members from Nevada by filing the class action Complaint against Costco (and others) seeking injunctive relief and (supposedly) damages from Costco for the failure to disclose the effect of selling gasoline in Nevada without "temperature adjustment" devices. *See*, *Gary Kohut, et al. v. Chevron USA, Inc., et al.*, 2:07-cv-00285-JCM-GWF, U.S.D.C. Nev. Shockingly, this complaint does not even assert a cause of action under Section 598.920! By failing to assert the best -- by far -- cause of action, Gary Kohut is not an adequate class representative for the Class Members who are residents of Nevada. Accordingly, Suzanne Carpenter requests that Nevada be "carved out" of this settlement so as to allow her and other Nevada members to pursue, in a class action, the most important cause of action for damages. Of course, for the same reason that the pending case is a class action -- economics of pursuing numerous small claims -- the opportunity to opt out is not sufficient for Suzanne Carpenter and other Nevada residents.

### III.     Revised Agreement Brings New Problems.

In addition to leaving in place most of the old problems which appeard in the original Settlement Agreement, the contemplated procedure for approving a Revised Agreement presents new problems. Specifically, the Revised Agreement has no provisions for notice, objections, opt outs, or a fairness hearing -- all critical to Due Process in representative litigation. Certainly the

Court recognized the importance of hearing opposing views when it provided time, in its August 13, 2010 Order, at p. 61, for Objectors to respond to a Revised Agreement. However, the undersigned Objectors cannot claim to have a monopoly on generating the only worthwhile objections in the absence of notice to all other Class Members.

Due Process would not permit that anyway. All persons whose rights would be limited or eliminated by the Revised Agreement must have an opportunity to be heard. *Phillips Petroleum v. Shutts*, 472 U.S. 797, 811-813, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). Notice in this instance is not a mere formality. Substantial differences exist between the original Settlement Agreement and the Revised Agreement. After all, if the Revised Agreement were not significantly different from the original Agreement, the Court would have approved that original Agreement. There would be no need to revise. And this is not a situation in which the relief is enhanced, improved or enlarged, which arguably might render additional notice unnecessary. Rather, the relief is less for some Class Members (of the states which are now omitted, for instance), and the representation is different in that Class Representatives are realigned and subgroups are created in the Revised Agreement.

### A. Notice to All Class Members, and Former Class Members, is Necessary.

Notice must be sent to all Class Members and former Class Members, advising them about the Revised Agreement. They must have an opportunity to opt out. They must have an opportunity to object. And they must have an opportunity to appear at a Fairness Hearing and be heard. Due Process permits no less.

Rule 23(e)(B) requires that "the court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or

compromise."  All class members in a Rule 23(b)(3) action are entitled to due process, including notice. *Phillips Petroleum v. Shutts*, 472 U.S. at 810-813.  The court, *in Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (1998), agreed and ordered a supplemental notice to the one million class members who had not received notice.  The *Chrysler* court held, "All class members in a Rule 23(b)(3) action are entitled to due process, including notice." Id at 1018-1019.

Under Rule 23(e)(3), a court is permitted to allow class members a second opportunity to opt out.  Rule 23(e)(3) was intended to be applied in cases in which the first opt-out period closed prior to reaching a settlement.  *Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317, 345 (2005).  In the instant case, the initial opt-out period has closed prior to proposing the Revised Settlement. In the Revised Settlement, the Class Members are now divided into subclasses represented by new class representatives. Class Members must be informed of their changed representation and an opportunity to challenge that, and must be given another opportunity to opt out.

A revised notice is especially necessary for the now-former Class Members in the seven states which have been removed from this Class Action.  Those former Class Members are no longer represented in the settlement.  Most of these Class Members did not opt out after the original Notice.  Thus they will have the mistaken belief they still are Class Members and are included in the Settlement.  The procedural due-process rights of all Class Members include an opportunity to be excluded from this action, or to object to exclusion, as the case may be.  The right to participate, or to opt-out, is an individual right, and cannot be made by the class representative or class counsel.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1024 (1998).  The Revised Settlement effectively would opt out those now-former Class Members.  They must

receive a revised notice informing them of the change, and thereby protect those Class Members' rights and allow them to decide if they wish to file their own lawsuits

Subsequent notices have been sent in other multi-state class actions in which proposed settlements were modified. In *Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317, 345 (2005) a third revised notice was sent class members when the settlement terms were amended:

> Finally, because the settlement proponents made minor changes to the language of the proposed judgment to accommodate objections, Jenkens, at the Court's instructions and in an excess of caution, mailed a third round of notice to all class members (individually, or to counsel if known), containing the final proposed judgment and extending the time frame for objections.

Other cases provide for subsequent notice to non-objectors when class members have already received an earlier form of notice. *See, e.g.*, *In re Auction Houses Antitrust Litig.*, 138 F.Supp.2d 548, 549 n. 3 (S.D.N.Y.2001); *Harris v. Graddick*, 615 F.Supp. 239, 244 (M.D.Ala.1985); *White v. National Football League*, 836 F.Supp. 1458 (1993)

The Revised Agreement ignores these essential procedural requirements, obviously to eliminate the possibility that more objections or opt outs will be raised by absent Class Members whose rights will be jeopardized. As noted above, the Court already has recognized its independent duty to protect those rights. That duty is no less important after a settlement agreement is revised.

### B. Absent Class Members Must be Protected.

A class action may not be settled under Rule 23(e) without a determination by the district court that the proposed settlement is "fair, reasonable and adequate." *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.2d 1180, 1184 (10th Cir. 2002); *see also* Fed.R.Civ.P. 23(e)(1)(A). On several occasions courts have stressed the importance of Rule 23(e), noting that "the district

court acts as a fiduciary who must serve as a guardian of the rights of absent class members." *In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 785 (3rd Cir. 1995) (citations and quotations omitted); *see also*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (noting that the Rule 23(e) inquiry "protects unnamed class members from unjust or unfair settlements affecting their rights when the representatives become fainthearted before the action is adjudicated or are able to secure satisfaction of their individual claims by a compromise") (citations omitted)." *In re Warfin Sodium Antitrust Litigation*, 391 F.3d 516, 534 (3rd Cir. 2004).

**IV.     Conclusion:  Give Notice, Reject Certification, Customize Relief.**

Consideration of the Revised Agreement cannot begin until adequate notice has been given to all Class Members -- and former Class Members -- who would be affected, not just those who previously surfaced.   Even after notice is given, the great weight of authority compels rejection of class certification.  Nevertheless, if the  Court, upon receiving thorough and persuasive comparative analysis by the setting parties, still can determine that the various statutes can be accommodated sufficiently to certify a multi-state Class, then each of the subclasses must receive customized relief to recognize the differences among the states.

In addition to the Objections about failure to accommodate variations in consumer protection laws and to provide adequate notice of the Revised Agreement, Objectors restate the other objections they raised prior to and at the Fairness Hearing and in their prior pleadings, including (1) the Revised Settlement fails to provide damages to Class Members who paid too much for hot fuel and thereby paid extra "taxes" which were kept by Costco, and (2) relief would be payable only to future fuel purchasers, without regard to whether they had been harmed and

are members of the Class.  Objectors also renew their adoption of all other good-faith objections, and incorporate them herein by reference.

                Respectfully submitted,

                 /s/ Kenneth E. Nelson
                Kenneth E. Nelson  (Bar No. 70337)
                Nelson Law Firm, P.C.
                Attorney for Objector Kenner
                1813 NE 83rd St.
                Kansas City, MO 64118
                Ph:   816-421-7225
                Fax:  815-642-8274
                kennelson@mclaw.com

                N. Albert Bacharach, Jr.
                N. Albert Bacharach, Jr., P.A..
                Attorney for Objector Putnam
                115 Northeast 6th Avenue
                Gainesville, Florida 32601-3416
                Ph:   352-378-9859
                Fax: 352-338-1858
                E-mail: N.A.Bacharach@att.net

                Frank H. Tomlinson
                Attorney at Law
                Attorney for Objectors McKerley and Carpenter
                15 North 21st Street, Suite 302
                Birmingham AL 35203
                Ph:   205-326-6626
                Fax: 205-328-2889
                htomlinson@bellsouth.net

                Paul S. Rothstein
                Law Offices of Paul S. Rothstein
                Attorney for Objector Anderson
                626 NE First Street
                Gainesville, FL 32601
                Ph:  352-376-7650
                Fax: 352-374-7133
                psr@rothsteinforjustice.com

        Edward W. Cochran
        Law Offices of Edward W. Cochran
        Attorney for Objectors Zuravin and Carpenter
        20030 Marchmont Rd.
        Cleveland Ohio 44122
        Ph:   216-751-5546
        Fax: 216-751-6630
        edwardcochran@wowway.com

        Darrell Palmer, LL.M.
        Law Offices of Darrell Palmer
        Attorney for Waldvogel
        603 North Highway 101, Ste A
        Solana Beach, CA 92075
        Ph:  858-792-5600
        Fax: 866-583-8115
        darrell.palmer@palmerlegalteam.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 7, 2010, a true and correct copy of the aforementioned was electronically filed with the court using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system.

        <u>/s/ Kenneth E. Nelson</u>
        Kenneth E. Nelson