**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

IN RE: MOTOR FUEL TEMPERATURE )
SALES PRACTICES LITIGATION )
) MDL No. 1840
(This Document Relates to All Cases) ) Case No. 07-MD-1840-KHV
)
_____)

## ORDER

Plaintiffs bring putative class action claims for damages and injunctive relief against motor fuel retailers in Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, the District of Columbia, Puerto Rico and Guam. See Second Consolidated Amended Complaint (Doc. #652) filed December 1, 2008 ¶ 11. Plaintiffs claim that because defendants sell motor fuel for a specified price per gallon without disclosing or adjusting for temperature expansion, they are liable under state law theories which include breach of contract, breach of warranty, fraud and consumer protection.[1] This matter comes before the Court on Plaintiffs' Renewed Motion And Memorandum In Support Of Final Approval Of Class Action Settlement ("Plaintiffs' Renewed Motion") (Doc. #1769) filed February 4, 2011.

On August 13, 2009, the Court entered an order which granted conditional class certification and preliminary approval of a proposed settlement between plaintiffs and Costco Wholesale Corporation ("Costco"), a defendant in 20 of the MDL cases. See Memorandum And Order (Doc. #1273) filed August 13, 2009. The Court ordered the settling parties to give notice to

---

[1] Following a transfer order of the Judicial Panel on Multidistrict Litigation ("JPML"), the Court has jurisdiction over consolidated pretrial proceedings in these actions. See 28 U.S.C. § 1407; Doc. #1 filed June 22, 2007.

settlement class members pursuant Rule 23(c)(2) and (e), Fed. R. Civ. P. See id. at 16-19; Order (Doc. #1284) filed August 27, 2009. On April 1, 2010, the Court held a hearing regarding final approval of the proposed settlement. See Doc. #1624. Following the hearing, the Court entered a memorandum and order which overruled plaintiffs' motion for final approval of the class action settlement. See Memorandum And Order (Doc. #1707) filed August 13, 2010. The Court found that plaintiffs had not shown that the named representatives were adequate representatives under Rule 23(a)(4), Fed. R. Civ. P. See id. at 31-37.[2] The Court noted that the parties could restructure their agreement to try to remedy the problem. See id. at 36-37.[3]

Plaintiffs have filed a "renewed" motion seeking final approval of a new class action settlement with Costco. See Doc. #1769. Plaintiffs state that they have entered into a new settlement agreement which resolves the issues which the Court previously raised but is "otherwise identical to the Original Settlement in all material respects and provides the same injunctive relief to the Class." Id. at 3.[4]

---

[2] Specifically, the Court found that the structure of the proposed settlement did not assure that named representatives operated under a proper understanding of their representational responsibilities to three distinct subgroups and that plaintiffs had not shown that a representative from one state could adequately represent the interests of class members who resided in different states. See Memorandum And Order (Doc. #1707) at 35-36.

[3] Specifically, the Court found that the parties could restructure the proposed settlement to (1) assure that representatives from conversion states represented class members from conversion states and representatives from non-conversion states represented class members from non-conversion states; and (2) create subclasses to account for material differences in state laws. See Memorandum And Order (Doc. #1707) at 36-37.

[4] Specifically, plaintiffs assert that the new settlement agreement (1) omits seven jurisdictions in which Costco does not sell motor fuel and (2) includes class representatives from each of the states at issue. See Plaintiffs' Renewed Motion (Doc. #1769) at 3-5. In addition, plaintiffs provide information regarding (1) the criteria which Costco utilized to determine potential class members for initial notice of the original settlement agreement; (2) information regarding the
(continued...)

Plaintiffs ask the Court to grant final approval of the new settlement. See id. at 8. Pursuant to Rule 23(e), Fed. R. Civ. P., the following procedures apply to a proposed class settlement:

> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e).

Plaintiffs' motion does not discuss the procedures set forth in Rule 23(e). Before the Court may approve the new settlement, it must direct notice in a reasonable manner to all class members who would be bound by the new agreement and – after allowing class members an opportunity to request exclusion and/or object – hold a hearing to determine whether the new settlement is fair, reasonable and adequate. See Fed. R. Civ. P. 23(e)(1), (2), (4) and (5).[5]

---

[4](...continued)
total cost of conversion with the total amount of Costo's annual fuel sales and net profits therefrom; and (3) a copy of the original notice which Costco sent to class members. See id. at 5-8. Plaintiffs also state that under the new settlement agreement, every six months, Costco must file with the Court information relating to its compliance with the settlement. See id. at 7.

[5] In addition, plaintiffs and Costco must file a statement identifying any agreement made in connection with the proposal. See Fed. R. Civ. P. 23(e)(3).

**IT IS THEREFORE ORDERED** that on or before April 22, 2010, plaintiffs may submit a proposed order which directs notice of the new settlement to all class members in compliance with Rule 23(e).  The proposed order should provide a reasonable opt out and objection period and leave a blank space for the Court to insert a date for a fairness hearing.

Dated this 5th day of April, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
