IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: MOTOR FUEL TEMPERATURE )
SALES PRACTICES LITIGATION )
) MDL No. 1840
(This Document Relates to All Cases) ) Case No. 07-MD-1840-KHV
)
_____)

## MEMORANDUM AND ORDER

On April 5, 2011, the Court entered an order which found that before it may approve the amended settlement agreement between plaintiffs and Costco Wholesale Corporation ("Costco"), it must direct notice in a reasonable manner to all class members who would be bound by the new agreement and – after allowing class members an opportunity to request exclusion and/or object – hold a hearing to determine whether the new settlement is fair, reasonable and adequate. See Order (Doc. #1841) at 2-3. The Court allowed plaintiffs until April 22, 2011, to submit a proposed order which directs notice of the new settlement agreement to all class members in compliance with Rule 23(e). See id. at 4. This matter comes before the Court on Plaintiffs And Defendant Costco Wholesale Corporation's Joint Motion And Memorandum In Support Of Proposed Order Finding Rule 23(e) Notice Requirement Satisfied (Doc. #1867) filed April 20, 2011. For reasons stated below, the Court overrules the motion.

## Factual Background

On August 13, 2009, the Court entered an order which granted conditional class certification and preliminary approval of a proposed settlement (the "original settlement agreement") between plaintiffs and Costco, a defendant in 20 of the MDL cases. See Memorandum And Order (Doc. #1273). The Court ordered the settling parties to give notice to settlement class members pursuant to Rule 23(c)(2) and (e), Fed. R. Civ. P. See id. at 16-19; Order (Doc. #1284) filed

August 27, 2009.[1] Specifically, the Court approved the method of notice set forth in the original settlement agreement, i.e. that Costco would communicate a notice substantially in the form of Exhibit B to the original settlement agreement, which would direct interested persons to a web site which provided the detailed information set forth in Exhibit D to the original settlement agreement. See Doc. #1273 at 16-17; Doc. #1284 filed August 27, 2009.

On April 1, 2010, the Court held a hearing regarding final approval of the original settlement. See Doc. #1624. Following the hearing, the Court entered a memorandum and order which denied final approval. See Doc. #1707 filed August 13, 2010. The Court found that plaintiffs had not shown that the named representatives were adequate representatives under Rule 23(a)(4), Fed. R. Civ. P.[2] See id. at 31-37. The Court found that the parties could restructure their agreement to try to remedy the problem.[3] See id. at 36-37. The Court directed that if the parties chose to restructure the settlement, Costco should maintain its web site and provide updated information regarding the restructured settlement and any fee request by class counsel. See id. at 60-61.[4]

---

[1] The Court initially found that the notice set forth in Exhibit B did not comply with Rule 23(c)(2)(B). See Doc. #1273 at 18. The Court allowed the parties to submit a revised notice, which it approved on August 27, 2009. See Exhibit A to Doc. #1278; Doc. #1284.

[2] Specifically, the Court found that the structure of the proposed settlement did not assure that named representatives operated under a proper understanding of their representational responsibilities to three distinct subgroups and that plaintiffs had not shown that a representative from one state could adequately represent the interests of class members who resided in different states. See Memorandum And Order (Doc. #1707) at 31-36.

[3] Specifically, the Court noted that the parties could restructure the proposed settlement to (1) assure that representatives from conversion states represented class members from conversion states and representatives from non-conversion states represented class members from non-conversion states; and (2) create subclasses to account for material differences in state laws. See Memorandum And Order (Doc. #1707) at 36-37.

[4] Elsewhere in the order, the Court noted that the notice to individual class members
(continued...)

On February 4, 2011, plaintiffs filed a "renewed" motion seeking final approval of a restructured class action settlement (the "amended settlement agreement") with Costco. See Doc. #1769. Plaintiffs state that they have amended the settlement agreement to resolve the issues which the Court previously raised. Plaintiffs state that the amended agreement is "otherwise identical to the Original Settlement in all material respects and provides the same injunctive relief to the Class." Id. at 3.

On April 5, 2011, the Court entered an order which found that under the procedures set forth in Rule 23(e), it must direct notice in a reasonable manner to all class members who would be bound by the amended agreement and – after allowing class members an opportunity to request exclusion and/or object – hold a hearing to determine whether the amended settlement is fair, reasonable and adequate. See Order (Doc. #1841) at 3. The Court allowed plaintiffs until April 22, 2011, to submit a proposed order which directs notice of the amended settlement agreement to all class members in compliance with Rule 23(e). See id. at 4.

On April 20, 2011, plaintiffs and Costco filed a motion asking the Court to find that with respect to the amended settlement agreement, they have satisfied the notice requirements of Rule 23(e), and that no further notice is necessary. See Doc. #1867. Specifically, plaintiffs and Costco assert that they have provided reasonable notice of the amended settlement agreement by (1) posting a copy of the amended settlement agreement on Costco's web site and (2) providing written notice of the amended settlement to those class members who objected to the original settlement. See id. at 2, 6, 9, 11-12.

---

[4](...continued)
directed them to Costco's web site, http://www.Costco.com/fuelsettlement.pdf, for detailed information regarding the settlement. See Doc. #1707 at 13-14.

## Legal Standards

Rule 23(e) requires that class members receive notice of a proposed settlement "in such manner as the court directs." Fed. R. Civ. P. 23(e)(1). While due process and Rule 23(e) require the parties to give notice of a settlement, the content and form of that notice are left to the Court's discretion. See Gottlieb v. Wiles, 11 F.3d 1004, 1013 (10th Cir. 1993), overruled in part on other grounds by Devlin v. Scardelletti, 536 U.S. 1 (2002). Under Rule 23(e), a notice of settlement must "fairly apprise" class members of the terms of the proposed settlement and their options with respect thereto. Id. (quoting 3B Moore's Federal Practice ¶ 23.80[3], at 23-484). Such notice is not mandatory in all instances, but "shall be given to all members of the class in such manner as the court directs." 4 Newberg on Class Actions § 11:66 (4th ed. 2002). Broadly interpreted, this language is sufficiently flexible to permit the Court to approve a compromise but to determine that class notice is not required when the compromise will not result in any prejudice to the class.[5] See id.

## Analysis

Plaintiffs and Costco urge the Court to find that with respect to the amended settlement agreement, they have satisfied the notice requirements of Rule 23(e). Specifically, the parties assert that they have provided reasonable notice of the amended settlement by (1) posting the amended settlement agreement on Costco's web site and (2) providing written notice of the amended agreement to those class members who objected to the original settlement agreement. See

---

[5] Rule 23(c)(2) imposes a higher notice requirement – that class members receive "the best notice practicable under the circumstances" of the pendency of a class action. Fed. R. Civ. P. 23(c)(2). This higher standard is designed to ensure that class members who desire to pursue their own claims individually have the opportunity to exercise their right to opt out of the class. See Gottlieb, 11 F.3d at 1012.

-4-

Doc. #1867 at 2, 9, 11-12. Plaintiffs and Costco assert that additional notice is unnecessary because (1) class members received adequate notice of the original settlement agreement; (2) the amended settlement agreement contains no changes which are materially adverse to class members; and (3) the cost of providing additional notice would be unduly burdensome. See id. at 2-3, 9-12.

The parties assert that Costco has provided notice of the amended settlement agreement at http://www.costco.com/Service/FeaturePage.aspx?ProductNo=11494300.[6] See id. at 6. The Court, however, cannot determine how class members would know to look at that web site. The notice which the Court approved – and the notice which Costco apparently mailed out – stated that class members could find further information regarding the settlement at http://www.Costco.com/fuelsettlement.pdf.[7] Exhibit A to Doc. #1278. To the extent Costco has

---

[6] The web site contains three links. The first link is entitled "Fuel Settlement Detailed Notice." It leads to a document which appears to be the detailed information set forth in Exhibit D to the original settlement agreement. The detailed notice states that "[y]ou can get a copy of the Settlement Agreement at http://www.Costco.com/fuelsettlement.pdf."

The second link is entitled "Fuel Settlement Agreement." It leads to a copy of the original settlement agreement dated April 12, 2009.

The third link is entitled "Amended Fuel Settlement Agreement." It leads to a copy of the amended settlement agreement dated January 3, 2011.

The web site provides no explanation regarding the three links or the amended settlement agreement. Also, the web site provides no information regarding the parties' motion for Court approval of the amended settlement, any opportunity for class members to object thereto or the motion for attorney's fees which class counsel filed March 23, 2011 (Doc. #1820).

[7] Specifically, the Court authorized the parties to provide individual class members the following notice:

CLASS ACTION SETTLEMENT NOTICE

TO:  All residents of Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, the District of Columbia and Guam who purchased gasoline from Costco, between 1/1/01 and 4/22/09.

(continued...)

merely posted a link to the amended settlement agreement at http://www.costco.com/Service/FeaturePage.aspx?ProductNo=11494300, it appears that class members have not received notice regarding the amended settlement.[8]

The Court has searched the record and cannot find any communication to class members

---

[7](...continued)
The Court in In re Motor Fuel Temperature Sales Practices Litigation, Case No. 07-MD- 1840 (U.S. Dist. Ct., KS) has preliminarily certified a class comprised of the persons identified above and preliminarily approved a proposed class action settlement. The complaint alleges that Costco (and others) misled consumers by marketing motor fuel at temperatures above 60 degrees Fahrenheit without adjusting for the fuel's temperature. Costco denies any wrongdoing. If the settlement is approved, Costco will install automatic temperature correcting pumps in certain states under specific conditions. Except for the representatives, the class will not receive any payment.

If you are in the class defined above, your rights may be affected by this settlement. If you do NOT want to be bound by a class judgment, the Court will exclude you ONLY if you send a letter by mail . . . * * *

If you do nothing, you WILL be included in the class and will be bound by the settlement and class judgment. You will not be able to pursue any other lawsuit against Costco concerning or relating to the claims alleged in these lawsuits. You may also file with the court objections to the settlement by [DATE]. The Court will hold a hearing in this case on [DATE], to consider whether to approve the settlement. You may ask to appear at the hearing, either in person or through an attorney of your choosing. For further information regarding the settlement and your rights to participate or object, visit http://www.Costco.com/fuelsettlement.pdf or write to Fuel Settlement Notice, P.O. Box 34680, Seattle, WA 98124.

Exhibit A to Doc. #1278 filed August 21, 2009. With their motion for court approval of the amended settlement agreement, the parties have provided a copy of the actual class notice which Costco sent to class members. See Doc. #1769 at 8 and Exhibit B thereto. The content of the actual class notice appears substantially similar to the notice which the Court previously approved. See Exhibit A to Doc. #1278; Doc. #1284.

[8] As noted, in its previous order, the Court found that if the parties chose to restructure the settlement, Costco should maintain its web site and provide updated information regarding the restructured settlement. See Doc. #1707 at 60-61. At this time, the Court does not address whether merely posting a copy of the amended settlement agreement constitutes sufficient compliance with that order.

regarding the web site at http://www.costco.com/Service/FeaturePage.aspx?ProductNo=11494300. The first reference to that web site which the Court can find is in March of 2010, when plaintiffs provided a copy of the web page as an exhibit regarding a change in procedure for members to opt out of the class. See <u>Plaintiffs' Response To Objections To Proposed Class Action Settlement</u> (Doc. #1597) filed March 19, 2010 at 25 n.90 and Exhibit 10 thereto.[9] At the same time, Costco provided declarations which stated that at http://www.Costco.com/fuelsettlement.pdf, it had posted (1) a detailed notice entitled "Legal Notice By Order of the Court," <u>i.e.</u> Exhibit D to the original settlement agreement; and (2) revised instructions regarding the opt out procedure. See <u>Declaration Of Michelle Acpal Certifying Completion Of Distribution Of Notice Of Class Action Settlement</u> (Doc. #1599) filed March 19, 2010 ¶ 8; <u>Declaration Of David F. McDowell Regarding Persons Who Requested To Opt Out Of The Class Action Settlement</u> (Doc. #1600) filed March 19, 2010 ¶ 4.[10]

On this record, the parties have not shown that they have provided class members reasonable notice of the amended settlement agreement. Moreover, it appears that the notice which Costco mailed to individual class members did not direct them to a web site which contained the detailed information set forth in Exhibit D to the original settlement agreement, as contemplated by the Court's order of August 13, 2009.[11] See Doc. #1273 at 17. The web site provided on the notice to

---

[9] Plaintiffs' brief did not state the web site address, but referred to it as the "Costco Hot Fuel Settlement" web site. <u>See</u> Doc. #1597 at 25 n.90.

[10] It appears that the declarations are erroneous because as noted, http://www.Costco.com/fuelsettlement.pdf provides only a link to the pdf version of the original settlement agreement.

[11] As noted, in August of 2009, the Court granted conditional class certification and preliminary approval of the original settlement agreement between plaintiffs and Costco. <u>See</u> Doc. #1273. At that time, the Court approved the method of notice set forth in the original settlement agreement, <u>i.e.</u> that Costco would communicate notice substantially in the form of
(continued...)

-7-

class members, http://www.Costco.com/fuelsettlement.pdf, consists of a direct link to a copy of the original settlement agreement dated April 12, 2009. It does not contain the detailed information set forth in Exhibit D to the original settlement agreement.[12]

In light of the foregoing, the Court will require plaintiffs and Costco to provide class members individual notice of the amended settlement agreement pursuant to the requirements of Rule 23(c)(2)(B) and (e).[13] On or before **June 22, 2011,** the parties may submit a proposed notice to individual class members pursuant to Rule 23(c)(2)(B) and (e).

**IT IS THEREFORE ORDERED** that <u>Plaintiffs And Defendant Costco Wholesale Corporation's Joint Motion And Memorandum In Support Of Proposed Order Finding Rule 23(e) Notice Requirement Satisfied</u> (Doc. #1867) filed April 20, 2011 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that on or before **June 22, 2011,** plaintiffs and Costco may

---

[11](...continued)
Exhibit B to the original settlement agreement, which would direct interested persons to a web site containing the detailed information set forth in Exhibit D to the original settlement agreement. See id. at 16-17; Doc. #1284.

[12] Also, the web site at http://www.Costco.com/fuelsettlement.pdf does not contain information regarding the amended settlement agreement or the request for attorney's fees which class counsel filed March 23, 2011. See Doc. #1820.

When the Court declined to approve the original settlement in August of 2010, it did not realize that Costco had posted information regarding the settlement on two different sites, or that the notice to individual class members did not direct them to a web site which contained the detailed information set forth in Exhibit D to the original settlement agreement. It appears that the parties may have known about the discrepancy for some time, but did not bring it to the Court's attention.

[13] On this record, the Court does not address whether the notice which class members apparently received, i.e. individual notice which directed them to a copy of the original settlement agreement at http://www.Costco.com/fuelsettlement.pdf, satisfies Rule 23(c)(2)(B) and due process notice requirements and if so, whether additional notice of the amended settlement agreement is necessary. If the parties wish to address these issues, on or before **June 22, 2011,** they may file a renewed motion. If the parties choose to file a renewed motion, they must also submit a proposed notice to individual class members pursuant to this memorandum and order.

submit a proposed notice of the amended settlement agreement to individual class members pursuant to the requirements of Rule 23(c)(2)(B) and (e).

Dated this 8th day of June, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
Kathryn H. Vratil<br>
United States District Judge