IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE SALES PRACTICES LITIGATION ) ) ) ) **(This Document Relates to All Cases)** ) ) ) | **MDL No. 1840**<br><br>**Case No. 07-MD-1840-KHV** |

**PLAINTIFFS AND DEFENDANT COSTCO WHOLESALE CORPORATION'S
RENEWED JOINT MOTION AND MEMORANDUM IN SUPPORT OF
PROPOSED ORDER FINDING RULE 23(e) NOTICE REQUIREMENT SATISFIED**

Pursuant to the Court's June 8, 2011 Order, Plaintiffs and Defendant Costco Wholesale Corporation ("Costco") respectfully submit this renewed joint motion and memorandum in support of their proposed order finding that reasonable notice has been provided to the settlement class in accordance with the requirements of Rule 23(e).[1]

In this renewed joint motion and memorandum, the parties address the issues raised by the Court with respect to the individual notice sent to settlement class members, which directed members to the Fuel Settlement Website, located at http://www.Costco.com/fuelsettlement.pdf. In the June 8, 2011 Order, the Court observed that the Fuel Settlement Website only referred settlement class members to a copy of the Original Settlement.

As explained below, however, through the April 1, 2010 final approval hearing date and for several months thereafter, the Fuel Settlement Website contained a copy of the Original Settlement and the Detailed Notice ordered by the Court. In further support of this renewed motion, the parties incorporate fully by reference their Joint Motion and Memorandum in

---

[1] Pursuant to the Court's June 8, 2011 Order, the parties have also submitted concurrently with this renewed motion a proposed notice to individual class members of the Amended Settlement. For the reasons set forth below, however, the parties respectfully submit that reasonable notice has been provided to the settlement class in accordance with the requirements of Rule 23(e) such that the additional notice contemplated in the proposed notice plan is neither required nor necessary.

la-1129392

Support of Proposed Order Finding Rule 23(e) Notice Requirement Satisfied, filed on April 20, 2011 (the "Joint Motion"). [Doc. No. 1867.][2]

## I.  NATURE OF THE MATTER BEFORE THE COURT

The parties filed the Joint Motion following the Court's April 5, 2011 Order [Doc. No. 1841], which ordered Plaintiffs to submit a proposed order directing notice of the Amended Settlement to all class members in compliance with Rule 23(e).  In the Joint Motion, the parties asserted that reasonable notice in accordance with the requirements of Rule 23(e) has been provided to the settlement class and additional notice is neither necessary nor required under the circumstances because (1) class members received notice of the Original Settlement; (2) the Amended Settlement is not a "new" settlement because it contains no changes that would be materially adverse to the settlement class; and (3) the cost of giving additional notice of the Amended Settlement, which is more protective of class members, would be unduly burdensome. (*See* Joint Motion at 2-3, 9-12.)

On June 8, 2011, the Court overruled the parties' Joint Motion, concluding that the parties had not shown that they have provided reasonable notice to class members of the Amended Settlement because of concerns that class members may not have received notice in the form previously ordered by the Court.  [Doc. No. 1952 at 7.]  Specifically, the Court noted, apparently based on a review of the Fuel Settlement Website after the Court's hearing on approval of the Original Settlement, that it appeared class members were not directed to a website that contained detailed information regarding the settlement, which was attached as Exhibit D to the Original Settlement (the "Detailed Notice").

The parties respectfully submit, however, that they complied fully with the Court's August 13, 2009 and August 27, 2009 Orders [Doc. Nos. 1273 and 1284], and that the website class members were directed to — http://www.Costco.com/fuelsettlement.pdf (the "Fuel

---

[2] For the Court's convenience, a copy of the parties' Joint Motion is attached hereto as **Exhibit A**.

Settlement Website") — was functioning properly through the April 1, 2010 final approval hearing date and contained copies of the Detailed Notice and the Original Settlement in a form accessible to all potential class members and to the public.  As explained fully below, approximately 6 months after the deadline to opt out and object had passed (and nearly 5 months after the final approval hearing on the Original Settlement), the configuration of the Fuel Settlement Website was adversely affected when Costco replaced its servers, causing viewers to be directed only to a copy of the Original Settlement.  Unfortunately, at the time the Court considered the parties' Joint Motion, Costco was unaware of this issue and regrets any inconvenience to the Court.  Costco submits, however, that during the entire notice period (*i.e.*, through the time class members were given to opt out or object) class members were directed to the Original Settlement, the Detailed Notice, and a notice regarding a change to opt out procedures.  Furthermore, Costco has confirmed that the Fuel Settlement Website is fully functioning and has updated it pursuant to the issues noted by this Court in its June 8, 2011 Order.  [*See* Doc. No. 1952.]

In light of the foregoing, and for the reasons stated below and in the parties' Joint Motion, Plaintiffs and Costco request that the Court enter an order finding that reasonable notice has been provided to the settlement class in accordance with the requirements of Rule 23(e) and no further notice is necessary.

II.  **STATEMENT OF THE FACTS**

   A.  **Costco Provided Notice in Compliance with the Court's Orders.**

On August 13, 2009, the Court entered an order preliminarily certifying the proposed settlement class, preliminarily approving the proposed settlement between Plaintiffs and Costco, and ordering the parties to give notice to settlement class members.  [Doc. No. 1273.]  On August 27, 2009, the Court entered an order approving the substance of the class notice finding that "it contains the criteria set forth in Rule 23(c)(2)(B) and a fair description of the settlement pursuant to Rule 23(e)(3)."  [Doc. No. 1284 at 2.]  In addition, the Court approved the method of

3

la-1129392

notice set forth in the Original Settlement, which required Costco to provide notice substantially in the form of Exhibit B to the Original Settlement, which would direct settlement class members to a website that provided detailed information regarding the settlement, as set forth in Exhibit D to the Original Settlement. [Doc. Nos. 1273, 1284, 1952.]

Pursuant to the Court's August 2009 Orders, and the Original Settlement, Costco sent notice, substantially in the form of Exhibit B, to more than 10 million settlement class members between September 15, 2009 and January 29, 2010. (Declaration of Michelle Acpal ¶¶ 3-4, previously filed at Doc. No. 1599.) The notices contained information regarding the terms of the settlement and explaining settlement class members' rights to opt out by February 23, 2010, or to object to the proposed settlement by March 2, 2010. (*Id.*) The notices also directed settlement class members to the Fuel Settlement Website located at http://www.Costco.com/fuelsettlement.pdf for further information regarding the settlement and settlement class members' rights to participate or object. [*See* Doc. No. 1769, Ex. B.] In its June 8, 2011 Order, the Court noted that the notice sent by Costco appears substantially similar to the notice that the Court previously approved. [Doc. No. 1952, fn. 7.]

### B. The Fuel Settlement Website Was Fully Functional During the Entire Notice Period, Including the April 1, 2010 Final Approval Hearing.

On or about September 1, 2009, two weeks before Costco sent out the first round of notices, Costco created a specific uniform resource locator (URL) for the Fuel Settlement Website: http://www.costco.com/fuelsettlement.pdf. (Declaration of Christopher Kindelberger ("Kindelberger Dec.") ¶ 3, attached hereto as **Exhibit B**.) The Fuel Settlement Website was created so that Costco could publish a copy of the Original Settlement, the Detailed Notice (*i.e.*, Exhibit D to the Original Settlement), and other information relevant to the settlement class on costco.com. (*Id.* ¶ 3.)

Due to the manner in which the costco.com website operated, however, it was not possible to post documents directly onto the Fuel Settlement Website. (*Id.* ¶ 4.) Costco developed and implemented a work around to this limitation by redirecting the Fuel Settlement

Website URL to an HTML page that Costco refers to internally as the "Feature Page." (*Id.* ¶ 4.) The Feature Page — http://www.costco.com/Service/FeaturePage.aspx?ProductNo=11494300 — contained links to the Original Settlement, the Detailed Notice, and instructions for downloading the posted documents. (*Id.* ¶ 4.) As of September 1, 2009, the Fuel Settlement Website was accessible to the public and redirected viewers to the Feature Page, which contained functioning links to the Original Settlement and the Detailed Notice. (*Id.* ¶ 5.)

On or about August 31, 2010, Costco replaced its servers. (*Id.* ¶ 6.) When the new servers were activated on that date, it appears the redirect configuration between the Fuel Settlement Website and the Feature Page was inadvertently broken. (*Id.* ¶ 6.) As a result, the link between the Fuel Settlement Website and Feature Page was no longer active and the Fuel Settlement Website only directed viewers to a copy of the Original Settlement. (*Id.* ¶ 6.) Up until the server replacement, however, the redirect from Fuel Settlement Website to the Feature Page was fully functioning, allowing viewers to access all of the content posted by Costco to the Feature Page, including, but not limited to, the Detailed Notice. (*Id.* ¶ 7.)

On June 14, 2011, after Costco learned that the redirect configuration between the Fuel Settlement Website and Feature Page was not functioning properly, Costco re-configured the redirect connection. (*Id.* ¶ 8.) The Fuel Settlement Website is now fully operational and viewers are once again able to access the Original Settlement and the Detailed Notice posted on the Feature Page via the Fuel Settlement Website. (*Id.* ¶ 8.) In addition, viewers are also able to access the Amended Settlement via the Fuel Settlement Website, which Costco had posted directly to the Feature Page. (*Id.* ¶ 9.)

> C. **Costco Has Updated Its Website to Include Additional Information Regarding the Amended Settlement and Class Counsel's Fee Request, Copies of Which Have Been Served On the Objectors.**

In addition to re-configuring the redirect from the Fuel Settlement Website to the Feature Page, Costco has expanded the information accessible via the Fuel Settlement Website. Specifically, the Fuel Settlement Website now links to copies of the Court's August 13, 2010

5

la-1129392

order overruling Plaintiffs' motion and memorandum for final approval [Doc. No. 1707], as well as Plaintiffs' renewed motion and memorandum in support of final approval (the "Renewed Approval Motion"), filed on February 4, 2011.  [Doc. No. 1769.]  The Fuel Settlement website also has information regarding Class Counsel's fee request, including copies of the motion for attorneys' fees and supplement to the motion for attorneys' fees, filed on March 23, 2011 and June 6, 2011, respectively (collectively, "Fees Motion").  [Doc. Nos. 1820, 1824, 1951.]  In addition to being available on the Fuel Settlement Website, copies of the Renewed Approval Motion and the Fees Motion were directly served on the objectors, certain of whom have filed objections.  [*See* Doc. Nos. 1783, 1799, 1800, 1877, 1869.]

### III.   QUESTION PRESENTED

Whether this Court should enter an Order, pursuant to Federal Rule of Civil Procedure 23(e), that reasonable notice has been provided to the settlement class in accordance with the requirements of Rule 23(e) such that additional notice of the Amended Settlement is neither required nor necessary.

### IV.   NOTICE OF THE SETTLEMENT HAS BEEN PROVIDED IN ACCORDANCE WITH RULE 23(E) AND THIS COURT'S PRIOR ORDERS

As set forth in Plaintiffs' initial motion for final approval, individual notice, with content approved by the Court, was provided to more than 10,000,000 settlement class members.  [Doc. No. 1620 at 3; *see also* Doc. No. 1284 (approving form of individual notice to settlement class members).]  In addition, since the filing of Plaintiffs' initial and renewed motion for final approval, the Court has examined a copy of the actual notice that Costco sent to settlement class members, and has noted that the content of that notice appears substantially similar to the notice that the Court previously approved.  [Doc. No. 1952, fn. 7.]

Consistent with the Court's August 2009 Orders and the Original Settlement, the actual notice provided to the class directed settlement class members to the Fuel Settlement Website, located at http://www.Costco.com/fuelsettlement.pdf.  [*See* Doc. No. 1769, Ex. B.]  During the entire notice period, *i.e.*, through the February 23, 2010 opt out and March 2, 2010 objection

deadlines, the Fuel Settlement Website redirected viewers to an HTML Feature Page, located at http://www.costco.com/Service/FeaturePage.aspx?ProductNo=11494300, which contained the detailed information regarding the settlement previously approved by the Court.  (Kindelberger Dec. ¶ 4.)

The Fuel Settlement Website allowed viewers to access the foregoing documents until on or about August 31, 2010 — long after the deadlines to opt out or object had passed — when Costco moved its www.costco.com website to a new server and the redirect configuration between the Fuel Settlement Website and Feature Page was inadvertently broken.  Thus, although the issues noted by the Court in its June 8, 2011 Order appeared to be well-founded based on recent visits to the URLs for the Fuel Settlement Website and Feature Page, the discrepancy observed by the Court did not exist during the notice period or in the time leading up to the April 1, 2010 final approval hearing on the Original Settlement.  Moreover, since the Court's June 8, 2011 Order, Costco has re-configured the Fuel Settlement Website and expanded the information available to include additional detail regarding the Amended Settlement, Plaintiffs' Renewed Approval Motion, and Class Counsel's Fees Motion.

Any notice regarding the Fees Motion resulting from these additions to the Fuel Settlement Website, however, is duplicative of notice that has already been provided to individual class members.  Settlement class members were initially informed that Class Counsel would be seeking attorneys' fees and expenses not to exceed $10 million in the Detailed Notice, which was posted on the Fuel Settlement Website during the notice period (and beyond).  Settlement class members, therefore, not only had an opportunity to object, but did indeed object or voice opposition to attorneys' fees for Class Counsel.  [*See* Doc. Nos. 1296, 1300, 1349, 1401, 1402, 1405, 1438, 1577, 1578, 1579, 1581, 1584, 1587.]

In addition, at or near the time Plaintiffs filed the Renewed Approval Motion and the Fees Motion, Plaintiffs also served copies of public versions of the Motions on the objectors, the

la-1129392

only class members who arguably have standing to respond or object.[3]  [*See* Doc. No. 1707 at 61 (ordering class counsel to serve any motion for attorneys' fees on all class members who filed objections to the proposed settlement).]  So far, four objections have been filed to the Renewed Approval Motion [Doc. Nos. 1783, 1799, 1800, 1877] and one objection has been filed to the Fees Motion [Doc. No. 1869].  None of these objections raise any new arguments not previously made after Costco provided notice of the Original Settlement, which further bolsters the parties' position that additional notice of the Amended Settlement should not be required because the relief provided to the settlement class remains exactly the same and the changes made to the Original Settlement have resulted in a settlement that is more (not less) beneficial to the settlement class.

In light of the foregoing and as set forth fully in the Joint Motion, additional notice of the Amended Settlement is not necessary because, aside from improvements to the protections conferred to class members based on the Court's suggestions, the Amended Settlement is effectively identical to the Original Settlement and does not adversely affect the rights of the settlement class in any way.  Moreover, the expense associated with providing an additional round of notice to all class members of an amended settlement that is more protective of class members' interests would be unduly burdensome, and would be highly disproportionate to any value resulting from such notice.[4]

---

[3] In this case, where a modification of a fee award "would not actually benefit the objecting class member, the class member lacks standing because his challenge to the fee award cannot result in redressing any injury." *Glasser v. Volkswagen of Am., Inc.*, No. 09-56618, 2011 U.S. App. LEXIS 9943, at *8 (9th Cir. Cal. May 17, 2011) (quotation and citation omitted).  This is not a common-fund settlement and the payment of attorneys' fees will not be made out of a common fund.  Moreover, all class members received notice of Class Counsel's intended fee request, and, as discussed above, several objected to or expressed displeasure with the requested amount.

[4] Costco has already expended more than $1.3 million to provide the settlement class notice of the Original Settlement.  Even if the Court were to order notice only to class members who purchased gasoline in states with new class representatives, Costco estimates the cost would reach at least $700,000.

la-1129392

To the extent notice of the Amended Settlement is required to any settlement class member, as set forth more fully in the parties' Proposed Notice to Class Members of Amended Settlement, the parties respectfully submit that a two-prong notice plan would be more than sufficient under these circumstances: (1) publication notice to inform all settlement class members of the developments regarding the settlement since the April 1, 2010 final approval hearing and (2) supplemental notice by U.S. Mail or e-mail (to the extent addresses are available) to individuals who opted out of the Original Settlement to give them an opportunity to opt in to the Amended Settlement. The form of the notice contemplated by the parties is set forth in the Proposed Notice filed concurrently with this renewed joint motion.

### V. CONCLUSION

For the foregoing reasons and those set forth in the parties' Joint Motion [Doc. No. 1867], Plaintiffs and Costco respectfully request that the Court enter an order, similar to the proposed order submitted contemporaneously with this renewed motion and memorandum, finding that reasonable notice has been provided to the settlement class in accordance with the requirements of Rule 23(e) and no further notice is necessary.

Dated: June 22, 2011   Respectfully submitted,

/s/ Robert A. Horn
Robert A. Horn (KS #70254)
HORN AYLWARD & BANDY, LC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
Telephone 816-421-0700
Facsimile 816-421-0899
rhorn@hab-law.com

/s/ Thomas V. Girardi
Thomas V. Girardi
GIRARDI AND KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017-1904
Telephone: 213-977-0211
Facsimile: 213-481-1554
tgirardi@girardikeese.com

**LEAD COUNSEL FOR PLAINTIFFS**

/s/ Thomas V. Bender
Thomas V. Bender (KS #22860)
WALTERS BENDER STROHBEHN
& VAUGHAN, P.C.
 2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
(816) 421-6620
(816) 421-4747 (Facsimile)
tbender@wbsvlaw.com

**LIAISON COUNSEL FOR PLAINTIFFS**

 /s/ David F. McDowell
David F. McDowell
MORRISON & FOERSTER LLP
555 West 5th Street, Suite 3500
Los Angeles, CA 90013-1024
Telephone:  (213) 892-5383
Facsimile:  (213) 892-5454
E-mail: dmcdowell@mofo.com

Gregory L. Musil (KS #13398)
Amy E. Morgan (KS #18796)
POLSINELLI SHUGHART PC
6201 College Boulevard, Suite 500
Overland Park, KS 66211
Telephone:  (913) 451-8788
Facsimile:  (913) 451-6205
E-mail: gmusil@polsinelli.com
         amorgan@polsinelli.com

**ATTORNEYS FOR DEFENDANT
COSTCO WHOLESALE CORPORATION**

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the 22nd day of June, 2011, **Plaintiffs and Defendant Costco Wholesale Corporation's Renewed Joint Motion and Memorandum in Support of Proposed Order Finding Rule 23(e) Notice Requirement Satisfied** was filed electronically on the CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

                          /s/ Gregory L. Musil
                          Gregory L. Musil

                          *Attorney for Defendant*
                          *Costco Wholesale Corporation*