# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE SALES PRACTICES LITIGATION | ) ) ) ) ) ) ) |
| (This Document Relates to All Cases) | |

MDL No. 1840

Case No. 07-MD-1840-KHV

### PLAINTIFFS AND DEFENDANT COSTCO WHOLESALE CORPORATION'S JOINT MOTION AND MEMORANDUM IN SUPPORT OF PROPOSED ORDER FINDING RULE 23(e) NOTICE REQUIREMENT SATISFIED

Pursuant to the Court's April 5, 2011 Order, Plaintiffs and Defendant Costco Wholesale Corporation ("Costco") respectfully submit this joint motion and memorandum in support of their proposed order finding that reasonable notice has been provided to the settlement class in accordance with the requirements of Rule 23(e).

**I.      NATURE OF THE MATTER BEFORE THE COURT**

On April 5, 2011, the Court issued an order regarding Plaintiffs' Renewed Motion and Memorandum In Support Of Final Approval of Class Action Settlement (the "Renewed Motion") stating that the Renewed Motion did not discuss the procedures set forth in Rule 23(e) for proposed class action settlements. [Doc. No. 1841.] In the order, the Court stated that "[b]efore the Court may approve the new settlement, it must direct notice in a reasonable manner to all class members who would be bound by the new agreement and – after allowing class members an opportunity to request exclusion and/or object – hold a hearing to determine whether the new settlement is fair, reasonable and adequate." (*Id*. at 3.)

In this memorandum, Plaintiffs and Costco respectfully submit that reasonable notice in accordance with the requirements of Rule 23(e) has been provided to the settlement class and additional notice is neither necessary nor required under the circumstances for the following reasons:

*First*, there is no "new" agreement here — the Amended Settlement[1] is a continuation of the Original Settlement[2] and contains no changes that would be materially adverse to the settlement class. Indeed, aside from improvements based on the Court's suggestions, the Amended Settlement is identical to the Original Settlement and provides the settlement class with the exact same injunctive relief.

*Second*, all class members who would be bound by the settlement have already received notice, the content of which was approved by the Court. Moreover, consistent with the Court's directive in its August 13, 2010 Order, Costco has provided the settlement class notice of the Amended Settlement on its website and Plaintiffs have provided objectors with written notice of the Amended Settlement.

*Third*, to the extent the Court is concerned by the Alkon Objectors' assertion that the Amended Settlement expands the class to include members who have not been given notice or an opportunity to object, Plaintiffs and Costco submit that the inclusion of new settlement class members in each Subclass definition was a scrivener's error.[3] The parties never intended to expand the settlement class beyond that which was contemplated in the Original Settlement — purchasers of gasoline from Costco between January 1, 2001 and April 12, 2009. Therefore, there are no new class members who will be bound by the Amended Settlement who require notice prior to final approval.

*Finally*, given the costs associated with providing additional notice to 10,000,000-plus settlement class members (which would exceed $1 million) such additional notice would be

---

[1] Amended Stipulation of Class Action Settlement Agreement and Release ("Amended Settlement"), attached hereto as Exhibit A.

[2] Stipulation of Class Action Settlement Agreement and Release ("Original Settlement"), attached hereto as Exhibit B.

[3] As discussed below, each subclass in the Amended Settlement was inadvertently defined to include purchasers of Costco gasoline from January 1, 2001 through the date of "this Agreement." (Amended Settlement § 2.1.) The subclasses should have been defined to include purchasers of Costco gasoline from January 1, 2001 through the date of the *Original* Settlement.

unduly burdensome, particularly where, as here, the Amended Settlement is effectively identical to the Original Settlement.

Consistent with this Court's prior orders and the discretion afforded to the trial court to determine what constitutes reasonable notice, Plaintiffs and Costco request that the Court enter an order finding that reasonable notice has been provided to the settlement class in accordance with the requirements of Rule 23(e) and no further notice is necessary.

## II.     STATEMENT OF THE FACTS

### A.     The Court Preliminarily Approved the Original Settlement.

On April 12, 2009, Plaintiffs and Costco entered into a settlement agreement that resolves all of the claims against Costco in this MDL proceeding, subject to the Court's final approval. (Original Settlement at 1.)   On August 13, 2009, the Court entered an order preliminarily certifying the proposed settlement class and preliminarily approving the proposed settlement between Plaintiffs and Costco.  [Doc. No. 1273.]  Subsequent to its preliminary approval order, on August 27, 2009, the Court entered an order approving the substance of the class notice finding that "it contains the criteria set forth in Rule 23(c)(2)(B) and a fair description of the settlement pursuant to Rule 23(e)(3)."  [Doc. No. 1284 at 2.]

In the Original Settlement, the Settlement Class is defined as follows:

> All residents of the States at Issue who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family.

(Original Settlement § 2.1.)

The "States at Issue" are Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, the District of Columbia, and Guam.  (*Id*. § 1.17.)  Of the 28 States at Issue, Costco and Plaintiffs agreed that Costco has not sold motor fuel in 7 of them: Arkansas, Delaware, Louisiana, Mississippi, Oklahoma, the District of Columbia, and Guam.

(Original Settlement § 1.17.) The parties further agreed that Costco does not currently purchase motor fuel on a temperature-adjusted basis in 7 additional states: Indiana, Kansas, Maryland, Missouri, New Jersey, Oregon, and Pennsylvania (the "Non-Conversion States"). (*Id.*) Therefore, there are 14 states in which Costco currently purchases motor fuel on a temperature-adjusted basis: Alabama, Arizona, California, Florida, Georgia, Kentucky, Nevada, New Mexico, North Carolina, South Carolina, Tennessee, Texas, Utah, and Virginia (the "Conversion States"). (*Id.*)

In exchange for release of settlement class claims, including claims for any type of restitution or damages, Costco agreed to convert its motor fuel dispensers to automatic temperature compensation (ATC) dispensers at existing retail stations and install ATC equipment at any new retail stations in the Conversion States pursuant to the schedule and terms set forth in the settlement agreement. (*Id*. §§ 4.2 – 4.4.) Costco also agreed that if it begins consistently to purchase motor fuel on a temperature-adjusted basis in the Non-Conversion States, it will likewise convert its motor fuel dispensers in those states to ATC at existing retail stations and install ATC at new retail stations. (*Id*.)

The Original Settlement further provides that prior to the entry of final judgment, it may, "with the approval of the Court, be modified by written agreement of Class Counsel and Costco's Counsel . . . without giving additional notice to the Class, provided such modifications are not materially adverse to the Class." (*Id*. at § 14.8.)

### B. In Denying Final Approval, the Court Suggested Ways for the Parties to Restructure the Original Settlement.

Following a final approval hearing held on April 1, 2010 for the Original Settlement, on August 13, 2010, the Court overruled Plaintiffs' motion for final approval of the settlement because it was concerned that the class representatives had not demonstrated that they met the adequacy requirements of Rule 23(a)(4) and the predominance and superiority requirements of Rule 23(b)(3). [Doc. No. 1707.] In overruling the motion, the Court proposed suggestions to

Case 2:07-md-01840-KHV-JPO Document 1876 Filed 04/22/11 Page 6 of 16

restructure the settlement to satisfy the concerns expressed by the Court in its August 13, 2010 Order. [Doc. No. 1707.]

For the 7 states where Costco does not sell motor fuel (Arkansas, Delaware, Louisiana, Mississippi, Oklahoma, the District of Columbia, and Guam) the Court questioned whether class members exist and whether a restructured settlement should include those states. (*Id*. at 37 n.31, 45-46, 62.) In its analysis, the Court observed that because Costco does not sell motor fuel in these states, it appears that class members in these states have no viable claim against Costco and, therefore, Plaintiffs could not prevail against Costco in these states. (*Id*. at 45.)

For the Conversion States and Non-Conversion States, with respect to the adequacy requirement, the Court suggested that the parties could create subclasses with named representatives for each state to account for any material differences in state laws and to assure that representatives from Conversion States represent class members from Conversion States and representatives from Non-Conversion States represent class members from Non-Conversion States. (*Id*. at 36-37.) The Court indicated that if the parties restructured the settlement to include a named representative to represent a subclass for each state, it appeared "likely that the settlement classes would satisfy the predominance and superiority requirements of Rule 23(b)(3)." (*Id*. at 38, n.33.) The Court further indicated that if the parties elected to restructure the settlement to assure adequate representation, it appeared that the settlement would be "fair, reasonable, and adequate" under Rule 23(e). (*Id*. at 39.)

### C. The Parties Did Not Intend to Expand the Settlement Class in the Amended Settlement.

Although the Alkon objectors correctly state that, as drafted, the Amended Settlement expands the settlement class [Doc. No. 1783 at 4], the parties intended no such expansion of the settlement class. (Declaration of David F. McDowell ("McDowell Dec.") ¶¶ 3-4, attached hereto as Exhibit C.) In the Original Settlement, the Settlement Class was defined to include purchasers of gasoline through "the date of this Agreement," *i.e.*, the date of the Original Settlement. (Original Settlement § 2.1; McDowell Dec. ¶ 5.) In the course of amending the Original

5

la-1119425

Settlement, the parties should have replaced the words "the date of this Agreement" with either a reference to the Original Settlement or a reference to April 12, 2009, the date on which the parties entered into the Original Settlement. (McDowell Dec. ¶ 6.) Due to this oversight, the Amended Settlement inadvertently included purchasers through the date of the Amended Settlement when it should have only included purchasers through the date of the Original Settlement. (*Id.* ¶ 7.) The parties are willing, if necessary, to execute a simple amendment to correct this scrivener's error. (*Id.* ¶ 8.) With this correction, the settlement class under the Original Settlement and Amended Settlement will — consistent with the parties' intent — be identical.

### D. The Amended Settlement Contains No Terms That Are Materially Adverse to the Settlement Class.

Following extensive negotiations, Plaintiffs and Costco entered into the Amended Settlement, dated January 3, 2011, that addressed the comments provided in the Court's August 13, 2010 ruling. (Amended Settlement at 1.) Pursuant to the Court's instructions, Costco has provided notice of the Amended Settlement on Costco's website. (*See* http://www.costco.com/Service/FeaturePage.aspx?ProductNo=11494300; August 13, 2010 Order at 60-61, [Doc. No. 1707] ("Should the parties choose to restructure the proposed settlement, Costco should maintain its web site and provided updated information regarding the restructured settlement . . . .").)

As the Court suggested, the Amended Settlement provides for a Settlement Class consisting of 21 subclasses covering the Conversion States and Non-Conversion States with a named representative for each state. (Amended Settlement at § 2.1.) As a result, representatives from Conversion States represent class members from Conversion States and representatives from Non-Conversion States represent class members from Non-Conversion States. In addition, after considering the Court's observations regarding the issues presented by the inclusion of the 7 states where Costco did not sell motor fuel, the parties decided to exclude those 7 states from the Amended Settlement.

In addition to the foregoing restructuring, as instructed by the Court, the parties also made the following changes to address certain complaints made by objectors: (1) Costco shall file compliance reports with the Court every six months (as opposed to solely serving compliance reports on Class Counsel),[4] and (2) any amount awarded by the Court for Class Counsel's fees and costs shall be payable in accordance with any payment schedule set by the Court (as opposed to fully payable within 15 days after the Effective Date of the Agreement).[5]

### E. Plaintiffs' Renewed Motion for Final Approval Informed the Court and Objectors of the Changes to the Original Settlement and Provided the Court with the Information Requested by the Court in its August 13, 2010 Order.

On February 4, 2011, Plaintiffs filed a renewed motion and memorandum in support of final approval (the "Renewed Motion"). [Doc. No. 1769.] In the Renewed Motion, Plaintiffs explained that the Amended Settlement resolved the Court's concerns regarding the two issues that prevented the Court from approving the Original Settlement: (1) the inclusion of states where Costco does not sell motor fuel and (2) that the class representatives did not meet the adequacy requirements of Rule 23(e)(4) and the predominance and superiority requirements of Rule 23(b)(3). (*Id*. at 3-5.) Plaintiffs also explained that other than addressing these two issues, the Amended Settlement was identical to the Original Settlement in all material respects. (*Id*. at 3.)[6]

## III. QUESTION PRESENTED

Whether this Court should enter an Order, pursuant to Federal Rule of Civil Procedure 23(e), that reasonable notice has been provided to the settlement class in accordance with the requirements of Rule 23(e).

---

[4] *Compare* Original Settlement § 8.2 *with* Amended Settlement § 8.2.

[5] *Compare* Original Settlement § 7.3 *with* Amended Settlement § 7.3.

[6] In addition, in the Renewed Motion, Plaintiffs also provided the Court with the following information requested by the Court in its August 13, 2010 Order: (1) criteria used by Costco to determine potential settlement class members, (2) cost of conversion and Costco's total annual fuel sales and profits, and (3) a physical copy of the actual notice Costco sent to settlement class members. (*Id*. at 5-8.)

7

la-1119425

## IV. THE NOTICE REQUIREMENTS OF RULE 23(e) HAVE BEEN SATISFIED

Federal Rule of Civil Procedure 23(e) governs notice of a proposed settlement and requires the court to "direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Fed. R. Civ. P. 23(e)(1). Notice pursuant to Rule 23(e) must "fairly apprise the class members of the terms of the proposed settlement and of their options." *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1111 (10th Cir. 2001) (citation and internal quotation marks omitted). Whether the content and form of the notice is reasonable is left to the discretion of the Court. *Id.*; 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1797.6 ("The court has complete discretion in determining what constitutes a reasonable notice scheme, both in terms of how notice is given and what it contains.")

### A. There Are No New Settlement Class Members Requiring Notice.

To the extent the Court's order regarding additional notice is informed by a concern that the Amended Settlement expands the class (as suggested by the Alkon Objectors in their Opposition to Approval of Amended Settlement, [Doc. No. 1783 at 4]), no such expansion was intended by the parties. Due to a scrivener's error, each Subclass definition included purchasers of Costco gasoline from January 1, 2001 through the date of "this Agreement." (Amended Settlement § 2.1.) Each Subclass definition, however, should only include purchasers of Costco gasoline from January 1, 2001 through the date of the *Original* Settlement — April 12, 2009. To that end, Plaintiffs and Costco have included in the proposed order accompanying this memorandum language correcting the error. Alternatively, if the Court prefers, the parties are willing to formally correct this error via a simple amendment.

With this correction, the scope of the settlement class under the Amended Settlement is the same as the scope of the settlement class under the Original Settlement. Thus, there are no new class members who would be bound by the Amended Settlement who were not already bound by the Original Settlement. Because all 10,000,000-plus members of the settlement class

8

la-1119425

have already been sent notice, there are no class members lacking notice or an opportunity to object.

### B. Notice of the Settlement Has Been Provided in Accordance With Rule 23(e) and This Court's Prior Orders.

As set forth in Plaintiffs' initial motion for final approval, individual notice, with content approved by the Court, was provided to more than 10,000,000 settlement class members. [Doc. No. 1620 at 3; *see also* Doc. No. 1284 (approving form of individual notice to settlement class members).] Because Costco directed notice to every Costco member who purchased gasoline at a Costco store located in a State at Issue, regardless of state or country of residence, every single class member was sent notice. [Doc. No. 1769 at 5-6.]

In its August 13, 2010 Order, despite denying final approval, the Court concluded that "the content of notice regarding the proposed settlement was adequate under Rule 23(e)." [Doc. No. 1707 at 60.] The only potential issue with respect to notice addressed by the Court was in response to one objector's complaint that Costco provided notice on a note card that looked like junk mail. (*Id.*) In response, the Court stated that "[i]f the parties restructure the settlement, their application for approval should provide a physical copy of the actual notice which Costco sent to the class members and explain how the notice was sent," suggesting that prior notice would suffice in the event the parties restructured the settlement. (*See id.*) In addition, the Court further directed Costco to "maintain its web site and provide updated information regarding [any] restructured settlement . . . ." (*Id.* at 60-61.) Costco has provided notice of the Amended Settlement on its website, and for the reasons discussed below, such notice is reasonable under the circumstances, particularly in light of the costs associated with mail notice. Costco has already expended more than $1.3 million to provide the settlement class notice of the Original Settlement. Thus, the expenses that Costco would incur in connection with printing and postage, which would meet, if not exceed, the $1.3 million already incurred, would be unduly burdensome in a case where all 10,000,000-plus class members were already sent notice of a substantively identical settlement.

### C. The Amended Settlement Contains No Changes That Would Be Materially Adverse to the Settlement Class.

The relief provided to the settlement class in the Amended Settlement is exactly the same as the relief provided in the Original Settlement. Under both versions, Costco has agreed to certain injunctive relief based on whether the state at issue is a Conversion State or a Non-Conversion State. For those states where Costco did not sell motor fuel, Costco did not agree to provide any injunctive relief, and, as the Court recognized, the Original Settlement provided no relief to "class members" in those states. [Doc. No. 1707 at 37 n.31, 45-46, 62.] The removal of these states from the Amended Settlement cannot be materially adverse to any "class members" because there are no class members whose rights have changed between the Original Settlement and the Amended Settlement. The Court observed, and the parties agree, that for states where Costco did not sell motor fuel, no class members can exist. As a result, they are appropriately excluded from the Amended Settlement.

The other changes to the Original Settlement, driven entirely by the parties' efforts to address the concerns raised by the Court, have arguably resulted in a settlement that is more (rather than less) beneficial to the settlement class. Aside from changes regarding Costco's compliance reporting and the payment schedule for any fees and costs awarded to Class Counsel, the only other change to the Original Settlement is to add class representatives on a state-by-state basis. The addition of these class representatives does not affect the relief provided for under the settlement. If anything, it addresses the concerns regarding adequacy of representation expressed by certain objectors and the Court. Thus, any class member inclined to object or opt out would have done so under the Original Settlement, which did not provide for individual class representatives for each Conversion State and Non-Conversion State.

This case is ideally suited for the Court to exercise its discretion and find that notice has reasonably been provided to the settlement class. *See In re Integra Realty*, 262 F.3d at 1111 ("While due process and Rule 23(e) require notice of a settlement to be given, the content and form of that notice are left to the court's discretion.") (citation and internal quotation marks

omitted). First, no material change, adverse or otherwise, has been made to the Original Settlement, thus obviating the need for notice of the Amended Settlement. *See Int'l Union v. Ford Motor Co.*, No. 07-CV-14845, 2009 U.S. Dist. LEXIS 104036, at *42 (E.D. Mich. Nov. 9, 2009) ("Notice of an amendment to a class settlement and an opportunity to object *may* be required when the amendment will effectuate a *material change* in the settlement terms.") (emphasis added) (citations omitted).

Second, this Court has preliminarily approved the Original Settlement, which provides that the settlement can be modified by written agreement without additional notice, provided "such modifications are not materially adverse to the Class." (*See* Original Settlement § 14.8.) In addition, other courts have expressly indicated that a settlement may be approved even if modified, without additional notice to the settlement class. *See Horton v. USAA Cas. Ins. Co.*, 266 F.R.D. 360, 369 (D. Ariz. 2009) ("The Court reserves the right . . . to approve the settlement with modifications, if any, consented to by Class Counsel and [defendant] without further notice."); *In re Ready-Mixed Concrete Antitrust Litig.*, No. 1:05-cv-00979-SEB-JMS, 2009 U.S. Dist. LEXIS 118716, at *17 (S.D. Ind. Dec. 18, 2009) ("[T]he Court may consider and grant final approval of the Settlement, with or without minor modification and without further notice to the Settlement Class.").

Third, Costco has provided notice of the Amended Settlement on its website and Plaintiffs have provided written notice of the Amended Settlement to the objectors. Such notice has been found sufficient when balanced against the burden and costs of a repeat mail notice to millions of class members of an Amended Settlement that is arguably more beneficial to the settlement class. *See In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 292 F. Supp. 2d 184, 186 (D. Me. 2003).

In *Compact Disc*, as in this case, after notice was provided to the settlement class, the court declined to approve a proposed settlement. *Id.* at 185. Following amendments that improved the settlement, the *Compact Disc* court approved a limited notice program where notice of the amended settlement would be provided to absent class members through updates on

defendants' websites. *In re Compact Disc*, 292 F. Supp. 2d at 186 ("caselaw supports limited notice to non-objectors when the class members have already received an earlier form of notice"). In addition to the website notice, individual notice was provided to objectors and opt outs. *Id*. After considering the notice program applicable to the amended settlement, the *Compact Disc* court concluded "such notice is sufficient because it would be too burdensome and costly to repeat a mailing to the over eight million class members informing them of favorable changes in the proposed amended settlement, especially to those who never objected to the first proposed settlement." *Id*.

In this case, Costco provided notice to over 10,000,000 settlement class members — a total of 3,022 members (about 0.03 percent) timely opted out of the class and a mere 29 objectors (about 0.0003 percent) filed 18 objections to the Original Settlement. [Doc. No. 1598.] Just as in *Compact Disc*, additional mail notice here would be unduly burdensome, particularly because such notice is unnecessary given the response of the settlement class and nature of the changes implemented in the Amended Settlement.

Accordingly, the parties should not be required to provide additional individual notice because the Amended Settlement, restructured pursuant to the Court's suggestions, does not adversely affect the rights of the settlement class in any way. To the extent notice of the Amended Settlement is required to any settlement class member, such notice has been provided to class members via Costco's website. In addition, the objectors, certain of whom have already voiced an opposition to the Amended Settlement, have been given individual notice of the Amended Settlement by Plaintiffs when Plaintiffs served the objectors with a copy of their Renewed Motion.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs and Costco respectfully request that the Court enter an order, similar to the proposed order submitted contemporaneously with this memorandum, finding that reasonable notice has been provided to the settlement class in accordance with the

requirements of Rule 23(e) and no further notice is necessary.  To the extent the parties have not fully addressed the Court's concerns or if the Court requires further information, the parties respectfully request that the Court set a status conference to facilitate further discussion of this issue.

Dated:  April 20, 2011                                  Respectfully submitted,

/s/ Robert A. Horn
Robert A. Horn (KS #70254)
HORN AYLWARD & BANDY, LC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
Telephone 816-421-0700
Facsimile 816-421-0899
rhorn@hab-law.com

Thomas V. Girardi
GIRARDI AND KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017-1904
Telephone: 213-977-0211
Facsimile: 213-481-1554
tgirardi@girardikeese.com

**LEAD COUNSEL FOR PLAINTIFFS**

Thomas V. Bender (KS #22860)
WALTERS BENDER STROHBEHN
& VAUGHAN, P.C.
 2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
(816) 421-6620
(816) 421-4747 (Facsimile)
tbender@wbsvlaw.com

**LIAISON COUNSEL FOR PLAINTIFFS**

  /s/ David F. McDowell
David F. McDowell
MORRISON & FOERSTER LLP
555 West 5th Street, Suite 3500
Los Angeles, CA 90013-1024
Telephone:  (213) 892-5383
Facsimile:  (213) 892-5454
E-mail: dmcdowell@mofo.com

Gregory L. Musil (KS #13398)
Amy E. Morgan (KS #18796)
POLSINELLI SHUGHART PC
6201 College Boulevard, Suite 500
Overland Park, KS 66211
Telephone:  (913) 451-8788
Facsimile:  (913) 451-6205
E-mail: gmusil@polsinelli.com
        amorgan@polsinelli.com

**ATTORNEYS FOR DEFENDANT
COSTCO WHOLESALE CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of April, 2011, **Plaintiffs and Defendant Costco Wholesale Corporation's Joint Motion and Memorandum in Support of Proposed Order Finding Rule 23(e) Notice Requirement Satisfied** was filed electronically on the CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

        */s/ Joseph A. Kronawitter*
        Joseph A. Kronawitter

        *Attorney for Plaintiffs*