IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE MOTOR FUEL | ) | CIVIL NO. 07-MD-1840-KHV-JPO |
| SALES PRACTICE LITIGATION | ) | MDL NO.: 1840 |

## McKERLEY OBJECTORS' SUPPLEMENTAL OBJECTIONS AND OPPOSITION TO PROPOSED NOTICE OF AMENDED SETTLEMENT

COME NOW Objectors Mike McKerley, David V. Kenner, Bonnie Anderson, Charles B. Zuravin, Carroll Putnam, Karen Waldvogel, and Suzanne Carpenter ("Objectors"), responding in opposition to the Proposed Notice to Class Members of Amended Settlement (Docket No. ["Doc"] 1977), and in further support of their Objections (Doc. 1581), state as follows:

### I. The Proposed Notice Is Inconsistent With Due Process

The best possible notice must be sent to all Class Members and former Class Members, advising them about the Amended Settlement. They must have an opportunity to opt out. They must have an opportunity to object. And they must have an opportunity to appear at a Fairness Hearing and be heard. Due Process permits no less. Class counsel and defendants have proposed publication notice to the vast majority of class members, and individual, mailed notice to those who opted out of the Original Settlement. Both the form and content of the proposed new Notice fails to provide absent class members with due process. The purpose of notice is to apprise absent class members that their rights are going to be affected by a settlement, and to afford them an opportunity to object to or opt out of the settlement.

### A. Class Members Must Receive Individual Notice

Rule 23(e)(B) requires that "the court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." All class members in a Rule 23(b)(3) action are entitled to due process, including

1

notice.  *Phillips Petroleum v. Shutts*, 472 U.S. 797, 810-813 (1985).  The notice requirement has been stated in no uncertain terms: "notice is required as a matter of due process in all representative actions."  *Eisen v. Carlisle and Jaquelin*, 391 F.2d 555, 564-65 (2nd Cir. 1968).  The court in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) agreed and ordered a supplemental notice to the one million class members who had not received notice. The *Hanlon* court held, "All class members in a Rule 23(b)(3) action are entitled to due process, including notice."  *Id* at 1018-1019.  Individual, mailed notice is the preferred method; the Supreme Court has affirmed its preference for individual notice and noted that publication notice is disfavored.  *See Eisen v. Carlisle & Jaquelin*, 417 U.S. 156, 173-77 (1974).  Where class members have already been identified, there is no justification for anything less than individual notice.  *See id.*; *see also Larson v. Sprint Nextel Corp.*, 2009 WL 1228443, *5 (D.N.J. 2009).

      While the mailing of notice to persons who opted out of the Original Settlement is a good start, it does not go far enough in providing sufficient notice to all class members whose rights are affected by the Amended Settlement.  All absent class members must be given the same notice, and the same opportunities to object to or opt out, that they received under the notice of the Original Settlement.  All persons whose rights would be *limited or eliminated* by the Amended Settlement must have an opportunity to be heard. *Phillips Petroleum*, 472 U.S. at 811-813.  Notice in this instance is not a mere formality. Substantial differences exist between the original Settlement Agreement and the Amended Settlement.  After all, if the Amended Settlement were not significantly different from the original Agreement, the Court would have approved that original Agreement.  There would be no need to revise.  And this is not a situation in which the relief is enhanced, improved or enlarged.  Rather, the relief is less for some Class

Members (of the states which are now omitted, for instance), and the representation is different in that class representatives are realigned and subgroups are created in the Amended Settlement.

Under Rule 23(e)(3), a court is permitted to allow class members a second opportunity to opt out. Rule 23(e)(3) was intended to be applied in cases in which the first opt-out period closed prior to reaching a settlement. *Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317, 345 (S.D.N.Y. 2005), *vacated in part on other grounds by Denny v. Deutsche Bank AG*, 443 F.3d 253 (2nd Cir. 2006).[1] In the instant case, the initial opt-out period has closed prior to proposing the Revised Settlement. In the Revised Settlement, the Class Members are now divided into subclasses represented by new class representatives. Class Members must be informed of their changed representation and an opportunity to challenge that, and must be given another opportunity to opt out. Where a subclass is created after notice has been provided, additional, individual notice to the class members qualifying for the subclass is proper. *See Grunin v. International House of Pancakes*, 513 F.2d 114, 119 (8th Cir. 1975)(the creation of a subclass required additional individual notice even without more substantial changes to the settlement, as a "similar" notice was sent to those class members who qualified for the subclass. *Id.*) Additional individual notice is required for at least those class members in states for which a subclass was created and a class representative appointed.

A revised, individual notice is especially necessary for the now-former Class Members in

---

[1] Though the court in *Denney* did not permit an additional opt out period, that decision was influenced by the distinguishing facts that the revised settlement was more beneficial to class members and that the delay occasioned by another opt out period posed significant risks of bankrupting the defendants and depriving all class members of the settlement benefits. *Denney*, 230 F.R.D. at 345-46. The Second Circuit affirmed the district court's decision to not provide an additional opt out period on review for abuse of discretion. *Denney*, 443 F.3d at 271.

the seven states which have been removed from this Class Action. Those former Class Members are no longer represented in the settlement. Most of these Class Members did not opt out after the

original Notice. Thus they will have the mistaken belief they still are Class Members and are included in the Settlement.  Additional individual notice is required where the first notice mailed had to be corrected.  *See Staton v. Boeing Co.*, 327 F.3d 938, 947 (9th Cir. 2003).  Because the notice mailed to those Class Members informing them of their class membership is now incorrect, they must receive notice of the correction.  The procedural due-process rights of all Class Members include an opportunity to be excluded from this action, or to object to exclusion, as the case may be.  The right to participate or to opt-out is an individual right and cannot be made by the class representative or class counsel. *Hanlon*, 150 F.3d at 1024. The Amended Settlement effectively would opt out those now-former Class Members.  They must receive a revised notice informing them of the change, and thereby protect those Class Members' rights and allow them to decide if they wish to file their own lawsuits.

     Subsequent individual notices have been sent in other multi-state class actions in which proposed settlements were modified. In *Denney v. Jenkens & Gilchrist, supra*, a second individual notice was sent to class members notifying them of the amended settlement and extending the objection deadline.  *Denney*, 230 F.R.D. at 325.  New objections were filed, and the court ordered a third individual notice to the class after the settling parties agreed to "minor changes to the language of the proposed judgment. . ." *Id.* at 325, 344.  Thus, at least one court has found that *three* individual notices were warranted, the final one merely for minor changes to the final judgment.  *Id.*

4

Other cases provide for subsequent individual notice to non-objectors when class members have already received an earlier form of notice. *See, e.g.*, *White v. National Football League*, 836 F.Supp. 1458, 1466, 1468-69 (D.Minn. 1993) (court ordered that notice of the proposed changes be mailed to those class members the changes would affect). Where the plan of allocation was revised after notice to class members, a second, individual notice of the revised plan of allocation was sent to "each member of the settlement class." *Law v. National Collegiate Athletic Ass'n,* 108 F.Supp.2d 1193, 1195-96 (D. Kansas 2000). Contrary to COSTCO's assertions, the changes in the revised Settlement will not affect only those who previously opted out. At least all of those class members in states with new subclasses and subclass representatives, as well as persons in states now omitted from the revised Settlement who previously received the now-incorrect notice will be affected. At least those persons should all receive individual, mailed notice.

### B. The Proposed Notice Lacks Necessary Information

The new Notice primarily notifies former class members who opted out that they now have an opportunity to opt in. This is not the purpose of the notice requirement. The proposed notice to be mailed to opt-outs is detailed, however, on notifying opt-outs of their right to opt in. (*See* Doc. 1977-5). Bold print at the top of the mailed Notice instructs readers to "**READ THIS NOTICE TO DETERMINE WHETHER YOU WANT TO OPT IN TO THE SETTLEMENT NOW THAT IT HAS BEEN AMENDED**" (emphasis in original), provided that they meet certain criteria, one of which is "**IF YOU. . . 3. OPTED OUT OF THE SETTLEMENT**" (emphasis in

original).  (*Id.* at 2).  The mailed Notice does not mention that certain states have been omitted from the revised Settlement.  (*See id.*)  The proposed published Notice, which seems to be intended to replace individual notice to all class members, including those who did not opt out of the Original Settlement, is also aimed solely at opt outs.  The published Notice has glaring deficiencies that render it inconsistent with due process.  The published Notice is titled "**NOTICE REGARDING RIGHT TO BE INCLUDED IN PROPOSED AMENDED CLASS ACTION SETTLEMENT**", states very generally that the settlement has been amended, and directs readers to the website to learn more.  (Doc. 1977-4, p. 2).  Nowhere does the published Notice even mention that certain states where former class members received individual notice of their class membership have been totally excluded from the settlement, rendering those previous individual and published notices incorrect.  (*Id.*).  Further, the published Notice merely informs those who opted out of the creation of subclasses and the changes to the requirements for compliance reports, and describes the process for opting back into the Revised Settlement.  (*Id.*).  The published Notice mentions that those previous opt-outs who opt back in may object, but it never mentions that current class members may have a right to object or opt out of the revised Settlement.  (*Id.*).

## CONCLUSION

The proposed Notices fall short of due process.  Absent class members in states for which subclasses were created and representatives appointed must receive individual, mailed notice of those changes, as well as the opportunity to object or opt out.  Those former class members who received individual notice of their class membership but are

now excluded based on the settling parties' decision to omit certain states from the revised Settlement must receive individual, mailed notice that their claims are no longer governed by the revised Settlement. In order to ensure fairness, all Class Members and former Class Members should receive the same individual notice that includes all the information regarding changes to the Original Settlement, including the omission of several states formerly included. The Notices must also include information regarding the opt-out and objection rights of Class Members who did not opt out of the Original Settlement.

    /s/ Kenneth E. Nelson
Kenneth E. Nelson  (Bar No. 70337)
Nelson Law Firm, P.C.
Attorney for Objector Kenner
1813 NE 83rd St.
Kansas City, MO 64118
Ph:   816-421-7225
Fax:  815-642-8274
kennelson@mclaw.com

N. Albert Bacharach, Jr.
N. Albert Bacharach, Jr., P.A..
Attorney for Objector Putnam
115 Northeast 6th Avenue
Gainesville, Florida 32601-3416
Ph:   352-378-9859
Fax: 352-338-1858
E-mail: N.A.Bacharach@att.net

Frank H. Tomlinson
Attorney at Law
Attorney for Objectors McKerley, Carpenter
15 North 21st Street, Suite 302
Birmingham AL 35203Ph:   205-326-6626
Fax: 205-328-2889
htomlinson@bellsouth.net

Paul S. Rothstein
Law Offices of Paul S. Rothstein
Attorney for Objector Anderson
626 NE First Street
Gainesville, FL 32601
Ph:  352-376-7650
Fax: 352-374-7133
psr@rothsteinforjustice.com

Edward W. Cochran
Law Offices of Edward W. Cochran
Attorney for Objectors Zuravin, Carpenter
20030 Marchmont Rd.
Cleveland Ohio 44122
Ph:   216-751-5546
Fax: 216-751-6630
edwardcochran@wowway.com

Darrell Palmer, LL.M.
Law Offices of Darrell Palmer
Attorney for Waldvogel
603 North Highway 101, Ste A
Solana Beach, CA 92075
Ph:  858-792-5600
Fax: 866-583-8115
darrell.palmer@palmerlegalteam.com

## CERTIFICATE OF SERVICE

This is to certify that on July 8, 2011, a true and correct copy of the aforementioned was electronically filed with the court using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system.

 /s/ Kenneth E. Nelson
Kenneth E. Nelson