THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

_____
                                                                      )
**IN RE: MOTOR FUEL TEMPERATURE**           )         **MDL No. 1840**
**SALES PRACTICES LITIGATION**                  )         **Case No. 07-MD-1840-KHV**
                                                                      )
**(This Document Relates to All Cases)**            )
                                                                      )
                                                                      )
                                                                      )
_____  )

### CERTAIN DEFENDANTS'[1] RESPONSE TO MOTION OF PLAINTIFFS FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE INCENTIVE AWARDS

Plaintiffs' attorneys seek a fee and expense award of $10,000,000 for their proposed settlement with one defendant in this action, Costco Wholesale Corp. ("Costco"). Plaintiffs' attorneys argue that they are entitled to such an award because the proposed "Settlement will result in a net benefit to Class Members that will *exceed* $100 million" over the course of a few years and an award representing 10% of that amount would be "reasonable."[2]

Defendants wish to advise the Court that plaintiffs' valuation of the settlement is based on two assumptions that defendants believe to be demonstrably false. Defendants will vigorously dispute and disprove these assumptions in summary judgment motions and, if necessary, at trial. Because these issues will be more fully addressed later in these proceedings, defendants respectfully request that the Court defer any findings about

---

[1] This response is submitted with approval and on behalf of the defense steering committee. *See* Court's Order dated June 2, 2011 (Doc. No. 1945) ("Costco and any other party's response [to the Motion for Attorneys' Fees] shall be filed on or before July 21, 2011."). These defendants take no position on whether the Court should approve the Costco settlement or the propriety of the plaintiffs' fee request under a typical hours and rate analysis. Defendants reserve all rights to contest any statement of fact or law at issue in connection with the Costco settlement and plaintiffs' request for fees.

[2] *See* Mot. for Award of Attorneys' Fees, Expenses and Class Representative Incentive Awards ("Motion for Attorneys' Fees") (Doc. No. 1820) at 12 (emphasis original).

whether there is a basis for plaintiffs to claim a fee on a purported $100 million consumer benefit. As the Court has recognized in its past orders on the proposed settlement, it should not judge the merits of the case but instead must conduct a rigorous analysis to ensure that the requirements of Rule 23 are met. *E.g.*, Mem. and Order, Aug. 13, 2010 (Doc. No. 1707) at 4.

Plaintiffs' erroneous assumptions are that: (a) the laws and regulations of the states at issue will permit the use of Automatic Temperature Compensation ("ATC") equipment at retail; and (b) if a retailer like Costco were to sell fuel at retail using ATC, it would sell the fuel in units larger than the current standard 231-cubic-inch gallons, but charge the same price as if it were selling only 231 cubic inches. Defendants will demonstrate that both of these assumptions are incorrect in the upcoming motions for summary judgment.

With respect to the regulatory/legal issue, defendants will present testimony from the very state regulators (including Kansas) responsible for overseeing the sale of motor fuel to the public, which testimony was obtained in this case following the Court's preliminary approval hearing for the Costco settlement, confirming that the use of ATC devices at retail would violate existing state laws. Indeed, plaintiffs concede this reality in the Costco Settlement itself when they recognize that implementation of ATC would occur only after plaintiffs' counsel obtains "regulatory approval required by law" to permit ATC devices to be used. *See* Pls.' Renewed Mot. and Mem. In Supp. of Final Approval of Class Action Settlement, Ex. 1 (Am. Stipulation of Class Action Settlement and Release) (Doc. No. 1769-1) at ¶ 4.6. As this Court noted at the hearing on preliminary approval, this issue of state regulatory compliance would have to be

addressed. Tr. of Arg. on the Proposed Costco Settlement, Apr. 1, 2010 (Doc. No. 1696) ("Hr'g Tr.") at 48:12-18, 53:10-16, 53:23-54:4.

As for the economic assumption, defendants will present testimony from economists and other witnesses that basic economic principles reject plaintiffs' assertion that when selling bigger "gallons," retailers will charge the same price as they did for smaller "gallons." In fact, when plaintiffs' economic expert (Dr. Safir, the same individual who now opines that the value of the settlement exceeds $100M) was deposed in this case at the class certification stage, he was asked what price a retailer would charge if it began to sell fuel to consumers using ATC "net gallons" (or, as he put it, by selling in units of a "gallon plus") rather than a gallon. In response to that question, Dr. Safir admitted: "I have no idea what a retailer would or wouldn't do." Dep. of Andrew Safir, Ph.D. (Doc. No. 1309-1) at 88:24-25. Tellingly, in response to the Court's questioning at the preliminary approval hearing, Costco also declined to predict what would happen to its unit prices if it were to implement ATC. *See* Hr'g Tr. at 92:20-93:8.

Defendants believe that the proper time to address these issues is after the defendants and plaintiffs have had a full opportunity to present their positions concerning the illegality of ATC and the flawed economics behind plaintiffs' theories--that is, during the summary judgment phase of this case. The Court will then be able to more fully evaluate and harmonize its treatment of these issues with respect to not only non-settling defendants' positions, but also with whatever result this Court should reach regarding the plaintiffs' $100 million claimed class benefit to allegedly support a fee award.

Accordingly, to the extent the Court intends to base any award of attorneys' fees on the claimed $100 million value of the settlement to the class, defendants respectfully

submit that such a determination be delayed until the record on these issues is established through the summary judgment process.  Alternatively, if the Court is inclined to resolve the issue of fees based simply on the hours and rate analysis addressed by Costco in its filings, and not based on a percentage of the claimed value to the class, then this disputed matter of the "value" of the settlement need not be decided now.

Dated:  July 21, 2011                             Respectfully submitted,

                                                  /s/  Sean Morris
                                                  Sean Morris (CA S.B. #200368)

                                                  Arnold & Porter LLP
                                                  777 South Figueroa Street, 44th Floor
                                                  Los Angeles, California  90017
                                                  (213) 243-4000
                                                  (213) 243-4199 (fax)
                                                  Sean.Morris@aporter.com

                                                  Counsel for BP West Coast Products
                                                  LLC and BP Products North America Inc.
                                                  signing for this purpose with approval and on behalf
                                                  of the defense steering committee.

4

5

## CERTIFICATE OF SERVICE

I, Sean Morris, hereby certify that on July 21, 2011, I caused the foregoing, **CERTAIN DEFENDANTS' RESPONSE TO MOTION OF PLAINTIFFS FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE INCENTIVE AWARDS**, to be filed electronically with the United States District Court for the District of Kansas, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons.

Dated:  July 21, 2011                                         /s/  Sean Morris