**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **IN RE: MOTOR FUEL TEMPERATURE**    ) | |
| **SALES PRACTICES LITIGATION**    ) | |
| ) | **MDL No. 1840** |
| **(This Document Relates to All Cases)**    ) | **Case No. 07-MD-1840-KHV** |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

On June 8, 2011, with regard to the proposed amended settlement agreement between plaintiffs and Costco Wholesale Corporation ("Costco"), the Court overruled the settling parties' motion to find notice requirements of Rule 23(e), Fed. R. Civ. P., satisfied and ordered the settling parties to submit a proposed notice to individual class members pursuant to Rule 23(c)(2)(B) and (e), Fed. R. Civ. P.  See Memorandum And Order (Doc. #1952).  This matter comes before the Court on Plaintiffs And Defendant Costco Wholesale Corporation's Renewed Joint Motion And Memorandum In Support Of Proposed Order Finding Rule 23(e) Notice Requirement Satisfied (Doc. #1978) filed June 22, 2011 and Plaintiffs' Renewed Motion And Memorandum In Support Of Final Approval Of Class Action Settlement (Doc. #1769) filed February 4, 2011, which the Court construes and a motion for conditional class certification and preliminary approval of the proposed amended settlement.  For reasons stated below, the Court overrules the parties' motion to find Rule 23(e) notice requirements satisfied and grants conditional class certification and preliminary approval of the proposed amended settlement.

## I.   Factual Background

Plaintiffs bring putative class action claims for damages and injunctive relief against motor fuel retailers in Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, the District of Columbia, Puerto Rico and Guam. See Second Consolidated Amended Complaint (Doc. # 652) filed December 1, 2008 ¶ 11. Plaintiffs claim that because defendants sell motor fuel for a specified price per gallon without disclosing or adjusting for temperature expansion, they are liable under state law theories which include breach of contract, breach of warranty, fraud and consumer protection. Following a transfer order of the Judicial Panel on Multidistrict Litigation ("JPML"), the Court has jurisdiction over consolidated pretrial proceedings in these actions. See 28 U.S.C. § 1407; Transfer Order (Doc. # 1) filed June 22, 2007. Costco is a defendant in 19 of the MDL cases.

### A.   Original Settlement Agreement

On April 12, 2009, plaintiffs and Costco agreed to settle class claims against Costco (the "original settlement agreement"). Under the proposed settlement, Costco agreed (1) in states in which it does not sell fuel, i.e. Arkansas, Delaware, Louisiana, Mississippi, Oklahoma, the District of Columbia and Guam, to do nothing; (2) in states in which it purchases fuel on a temperature adjusted basis, i.e. Alabama, Arizona, California, Florida, Georgia, Kentucky, Nevada, New Mexico, North Carolina, South Carolina, Tennessee, Texas, Utah and Virginia, over the next five years to convert its existing motor fuel dispensers to automatic temperature compensation ("ATC") dispensers and install ATC dispensers at any new retail stations; and (3) in states in which it does

not purchase fuel on a temperature adjusted basis, i.e. Indiana, Kansas, Maryland, Missouri, New Jersey, Oregon and Pennsylvania, to convert its motor fuel dispensers to ATC dispensers if it begins to purchase motor fuel on a temperature adjusted basis. The original settlement agreement proposed the following settlement class:

> All residents of [Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, the District of Columbia and Guam] who, between January 1, 2001 and [April 22, 2009], purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit, excluding (a) officers and employees of Costco or its affiliates; and (b) the Court, and members of the Court's immediate family.

Doc. # 1273 at 6-7, 10-14.[1]  In addition, the agreement proposed the following persons to represent the settlement class: Zachary Wilson of Kansas, Joanne Korleski of South Carolina, Phyllis Lerner of California, Herb Glaser of California and James Graham of Virginia. See id. ¶ 1.4; Memorandum And Order (Doc. #1707) filed August 13, 2010 at 8-9.

On August 13, 2009, the Court entered a memorandum and order which conditionally certified the proposed settlement class and granted preliminary approval of the settlement.  See Memorandum And Order (Doc. #1273).  The Court ordered the settling parties to give notice to settlement class members pursuant to Rule 23(c)(2) and (e), Fed. R. Civ. P.  See id. at 16-19; Order (Doc. #1284) filed August 27, 2009.  Specifically, the Court approved the method of notice set forth in the original settlement agreement, i.e. that Costco would communicate a notice substantially in the form of Exhibit B to the original settlement agreement, which would direct interested persons

---

[1]      The original settlement agreement defined the proposed class in terms of all residents of the states at issue who purchased motor fuel from Costco at a temperature above  60 degrees Fahrenheit.  See Original Settlement Agreement ¶ 2.1.

-3-

to a web site which provided detailed information set forth in Exhibit D to the original settlement agreement.  <u>See</u> Doc. #1273 at 16-17; Doc. #1284.

Following a hearing on April 1, 2010, the Court declined final class certification and final approval of the settlement.  <u>See</u> Doc. #1624; Doc. #1707.  The Court found that the structure of the proposed settlement did not assure that the named representatives operated under a proper understanding of their representational responsibilities to three distinct subgroups,[2] and that plaintiffs had not shown that a representative from one state could adequately represent the interests of class members who resided in different states.  <u>See</u> Doc. #1707 at 31-36.  The Court concluded that plaintiffs had not shown that the named representatives were adequate representatives under Rule 23(a)(4), Fed. R. Civ. P.  <u>See</u> <u>id.</u> at 31-37.  The Court found that the parties could restructure the agreement to try to remedy the problem.[3]  <u>See</u> <u>id.</u> at 36-37.  The Court directed that if the parties chose to restructure the settlement, Costco should maintain its web site and provide updated information regarding the restructured settlement and any fee request by class counsel.  <u>See</u> <u>id.</u> at 60-61.

### B.    Amended Settlement Agreement

On January 3, 2011, plaintiffs and Costco entered into an amended settlement agreement. <u>See</u> Exhibit A to Doc. #1769 ("Amended Settlement Agreement").  The amended settlement

---

[2]    The three distinct subgroups were (1) states in which Costco does not sell fuel; (2) states in which Costco purchases fuel on a temperature adjusted bases; and (3) states in which Costco does not purchase fuel on a temperature adjusted basis.

[3]    Specifically, the Court noted that the parties could restructure the proposed settlement to (1) assure that representatives from conversion states represented class members from conversion states and representatives from non-conversion states represented class members from non-conversion states; and (2) create subclasses to account for material differences in state laws. <u>See</u> Doc. #1707 at 36-37.

-4-

agreement omits seven jurisdictions in which Costco does not sell motor fuel, i.e. Arkansas, Delaware, Louisiana, Mississippi, Oklahoma, the District of Columbia and Guam.[4]  See Doc. #1769 at 3.  Under the proposed amended settlement, Costco agrees (1) in states in which it purchases fuel on a temperature adjusted bases, i.e. Alabama, Arizona, California, Florida, Georgia, Kentucky, Nevada, New Mexico, North Carolina, South Carolina, Tennessee, Texas, Utah and Virginia, over the next five years to convert its existing motor fuel dispensers to ATC dispensers and install ATC dispensers at any new retail stations; and (2) in states in which it does not purchase fuel on a temperature adjusted basis, i.e. Indiana, Kansas, Maryland, Missouri, New Jersey, Oregon and Pennsylvania, to convert its motor fuel dispensers to ATC dispensers if it begins to purchase motor fuel on a temperature adjusted basis.  See Amended Settlement Agreement ¶¶ 1.17, 4.2, 4.3.  The amended settlement agreement creates subclasses of persons who purchased fuel in each state and appoints a representative from each state to represent the subclass.[5]  See id. ¶¶ 2.1(a)-(u).[6]

---

[4]      In its previous order, the Court found it unclear why the original settlement included residents of states in which Costco does not sell motor fuel.  See Doc. #1707 at 32 n.27, 37 n.31.

[5]      The amended settlement agreement proposes the following subclasses:

*Alabama Purchasers Subclass:*  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Alabama, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representative:  Annie Smith.

*Arizona Purchasers Subclass:*  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Arizona, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representative:  Christopher Payne.

*California Purchasers Subclass:*  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60

(continued...)

---

[5](...continued)
degrees Fahrenheit in the State of California, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representatives  Phyllis Lerner and Herb Glazer.

*Florida Purchasers Subclass:*  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Florida, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representative:  Mara Redstone.

*Georgia Purchasers Subclass:*  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Georgia, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representative:  Brent Crawford.

*Indiana Purchasers Subclass:*  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Indiana, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representative:  Victor Ruybald.

*Kansas Purchasers Subclass:*  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Kansas, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representative:  Zach Wilson.

*Kentucky Purchasers Subclass:*  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Kentucky, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representative:  Lisa McBride.

*Maryland Purchasers Subclass:*  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Maryland, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representative:  Raphael Sagalyn.

*Missouri Purchasers Subclass:*  All persons who, between January 1, 2001 and the

(continued...)

[5](...continued)
date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Missouri, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representative:  Brent Donaldson.

*Nevada Purchasers Subclass:*  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Nevada, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representative:  Gary Kohut.

*New Jersey Purchasers Subclass:*  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of New Jersey, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representative:  Richard Gaulauski.

*New Mexico Purchasers Subclass:*  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of New Mexico, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representative:  Charles Bryan.

*North Carolina Purchasers Subclass:*  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of North Carolina, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representative:  Jean Neese.

*Oregon Purchasers Subclass:*  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Oregon, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representative:  Shonna Butler.

*Pennsylvania Purchasers Subclass:*  All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Pennsylvania, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family.  Class representative:  Gerald Panto.

(continued...)

On February 4, 2011, plaintiffs filed a "renewed" motion asking the Court to certify the

---

[5](...continued)

*South Carolina Purchasers Subclass:* All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of South Carolina, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family. Class representative: Joann Korleski.

*Tennessee Purchasers Subclass:* All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Tennessee, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family. Class representative: Tamara Miller.

*Texas Purchasers Subclass:* All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Texas, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family. Class representative: Priscilla Craft.

*Utah Purchasers Subclass:* All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Utah, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family. Class representative: Jeff Jenkins.

*Virginia Purchasers Subclass:* All persons who, between January 1, 2001 and the date of this Agreement, purchased motor fuel from Costco at a temperature above 60 degrees Fahrenheit in the State of Virginia, excluding: (a) officers and employees of Costco or its affiliates; and (b) the Court and members of the Court's immediate family. Class representative: James Graham.

Amended Settlement Agreement ¶¶ 2.1(a)-(u).

[6]        The amended settlement agreement defines the proposed subclasses in terms of *all persons who purchased* fuel from Costco at a temperature above 60 degrees Fahrenheit in the subject state. See Amended Settlement Agreement ¶ 2.1. As such, the amended settlement agreement appears to expand the original settlement class from residents of the settlement states who purchased fuel from Costco to all persons who purchased fuel from Costco in a settlement state, regardless of residence.

proposed amended subclasses for settlement purposes and grant final approval of the amended settlement agreement with Costco.  See Doc. #1769.  Plaintiffs state that the parties have amended the settlement agreement to resolve two issues which the Court previously raised, i.e. the inclusion of states in which Costco does not sell motor fuel and the plan for five representatives to represent class members from all of the settlement states.  See id. at 2.  Plaintiffs state that the amended agreement resolves these concerns by (1) omitting the states in which Costco does not sell fuel and (2) creating subclasses for each settlement state and naming a representative for each subclass.  See id. at 3-5.  Plaintiffs state that the amended agreement is "otherwise identical to the Original Settlement in all material respects and provides the same injunctive relief to the Class."  Id. at 3.

On April 5, 2011, the Court entered an order which found that under the procedures set forth in Rule 23(e), Fed. R. Civ. P., the Court must direct notice in a reasonable manner to all class members who would be bound by the amended settlement agreement and – after allowing class members an opportunity to request exclusion and/or object – hold a hearing to determine whether the amended settlement is fair, reasonable and adequate.  See Order (Doc. #1841) at 3.  The Court allowed plaintiffs until April 22, 2011, to submit a proposed order which directs notice of the amended settlement agreement to all class members in compliance with Rule 23(e).  See id. at 4.

On April 20, 2011, plaintiffs and Costco filed a motion asking the Court to find that with respect to the amended settlement agreement, they have satisfied the notice requirements of Rule 23(e) and no further notice is necessary.  See Plaintiffs And Defendant Costco Wholesale Corporation's Joint Motion And Memorandum In Support Of Proposed Order Finding Rule 23(e) Notice Requirements Satisfied (Doc. #1867).  Specifically, plaintiffs and Costco asserted that they provided reasonable notice of the amended settlement agreement by (1) posting a copy of the

amended agreement on Costco's web site and (2) providing written notice of the amended agreement to those class members who objected to the original settlement agreement. See id. at 2, 6, 9, 11-12. The parties asserted that additional notice is unnecessary because (1) class members received adequate notice of the original settlement agreement; (2) the amended settlement agreement contains no changes which are materially adverse to class members; and (3) the cost of providing additional notice would be unduly burdensome. See id. at 2-3, 9-12.

On June 8, 2011, the Court overruled the motion. See Memorandum And Order (Doc. #1952). The Court found that the parties had not shown that they provided class members reasonable notice of the amended settlement agreement. See id. Specifically, the Court found that (1) class members did not have the address to access the web site where Costco posted a copy of the amended settlement agreement; and (2) it appeared that the notice which Costco mailed to individual class members regarding the original settlement agreement did not direct them to a web site which contained detailed information set forth in Exhibit D, as contemplated by the Court's memorandum and order of August 13, 2009 (Doc. #1273).[7]  Id. at 5-8. The Court allowed the parties until June 22, 2011 to submit a proposed notice regarding the amended settlement agreement pursuant to

_____

[7]       The parties asserted that Costco provided notice of the amended settlement agreement at http://www.costco.com/Service/FeaturePage.aspx?ProductNo=11494300, see Doc. #1867 at 6, but the Court could not determine how class members would know to look at that web site. See Doc. #1952 at 5-6. The notice which the Court approved and Costco mailed out stated that class members could find information regarding the settlement at http://www.Costco.com/fuelsettlement.pdf. See id. at 5-7. The Court noted that that web site, i.e. http://www.Costco.com/fuelsettlement.pdf, consisted of only a direct link to a copy of the original settlement agreement and did not contain the detailed information set forth in Exhibit D to the original settlement agreement or information regarding the amended settlement agreement and request for attorney's fees which class counsel filed March 23, 2011. See id. at 7-8, n.12.

-10-

Rule 23(c)(2)(B) and (e), Fed. R. Civ. P.[8]  See id. at 8-9.

On June 22, 2011, plaintiffs and Costco filed a proposed notice of the amended settlement.

See Plaintiffs And Defendant Costco Wholesale Corporation's Proposed Notice To Class Members

Of Amended Settlement (Doc. #1977).  The parties propose to (1) publish information regarding the

amended settlement in USA Today;[9] and (2) provide individual notice by U.S. Mail or e-mail (to the

_____

[8]       The Court did not address whether the notice which class members received satisfied
Rule 23(c)(2)(B) and due process notice requirements and if so, whether additional notice of the
amended settlement agreement is necessary.  See Doc. #1952 at 8 n.13.  The Court allowed the
parties until June 22, 2011 to file a renewed motion addressing these issues.  See id.  The Court
ordered that even if the parties filed a renewed motion, they must also submit a proposed notice to
individual class members pursuant to Rule 23(c)(2)(B) and (e).  See id.

[9]       The parties propose to publish the following notice in USA Today:

TO:     All residents of the States listed below who, between January 1, 2001 and
        April 12, 2009, purchased gasoline from Costco in Alabama, Arizona,
        California, Florida, Georgia, Indiana, Kansas, Kentucky, Maryland,
        Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oregon,
        Pennsylvania, South Carolina, Tennessee, Texas, Utah, and Virginia.

        YOU ARE HEREBY NOTIFIED that the settlement agreement previously
        entered into between Costco and Plaintiffs on or about April 12, 2009 (the "Original
        Settlement") in In re Motor Fuel Temperature Sales Practices Litigation, Case No.
        07-MD 1840 (United States District Court, District of Kansas) has been amended
        based on suggestions made by the Court. The parties entered into the amended
        settlement on or about January 3, 2011 (the "Amended Settlement"). Please visit the
        web site http://www.Costco.com/fuelsettlement.pdf for information regarding the
        Court's order denying final approval of the settlement, a copy of the Amended
        Settlement, Plaintiffs' renewed motion for final approval, and Class Counsel's
        request for attorneys' fees.

        If you purchased gasoline at Costco in one of the states identified above
        between January 1, 2001 and April 12, 2009, and you OPTED OUT of the Original
        Settlement (i.e., you asked to be excluded from the settlement), your rights may be
        affected by the Amended Settlement. The Amended Settlement provides for a
        Settlement Class consisting of 21 subclasses, one for each state covered by the
        settlement. In other words, class members in each of the identified states now have
        a representative from that state.  In addition to creating state-specific subclasses, in

                                                              (continued...)

-11-

extent addresses are available) to the 3,034 individuals who opted out of the original settlement, to give them an opportunity to opt in the amended settlement.  See id. at 5.  Both notices would direct interested persons to a web site which would contain information regarding the amended settlement and an opt-in procedure for those individuals who previously opted out.  See id.

  Also, on June 22, 2011, plaintiffs and Costco filed a renewed motion asking the Court to find Rule 23(e) notice requirements satisfied with respect to the amended settlement agreement.  See

---

[9](...continued)
the Amended Settlement, Costco agreed to file compliance reports with the Court every 6 months and the parties agreed that any amount that the Court awards Class Counsel for attorneys' fees and costs will be payable in accordance with a payment schedule set by the Court.

  If you now want to OPT IN to the settlement and want to be bound by the settlement, you must include yourself by sending a letter by mail stating: "I request that I be included in the Amended Settlement in In re Motor Fuel Temperature Sales Practices Litigation, MDL Docket No. 1840."  You must also include: (1) your full name and current address and (2) your signature.  You must postmark your inclusion request to [Notice Administrator and Address] no later than [date].  REQUESTS FOR INCLUSION THAT ARE NOT POSTMARKED ON OR BEFORE [DATE], WILL NOT BE HONORED.

  If you decide to opt in, you may also file with the court objections to the settlement by [date].  The Court will hold a hearing in this case on [date], to consider whether to approve the Amended Settlement.  You may ask to appear at the hearing, either in person or through an attorney of your choosing, but you do not have to do so.  For further information regarding the settlement and your rights, including information on how to object to the terms of the settlement agreement, please visit the web site http://www.Costco.com/fuelsettlement.pdf or write to Fuel Settlement Notice, P.O. Box 34680, Seattle, Washington 98124.

  If you do nothing, your original election to opt out of the settlement will not change.  In other words, you will not be included in the class and will not be bound by the terms of the proposed settlement.  You will remain able to pursue any other lawsuit against Costco concerning or relating to the claims alleged in these lawsuits.

   PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE.

Exhibit D to Doc. #1977.

Doc. #1978.  The parties state that throughout the objection and opt out period for the original

settlement and during and after the fairness hearing on April 1, 2010, i.e. from September 1, 2009

to August 31, 2010, the web site at http://www.Costco.com/fuelsettlement.pdf contained the detailed

information set forth in Exhibit D to the original settlement agreement.[10]  The parties state that on

or about August 31, 2010, Costco replaced its servers and inadvertently broke the link to information

contained on the web site.  See Doc. #1978 at 5.  The parties state that until the Court's order of

June 8, 2011, Costco was unaware that the link was severed.  See id.  On June 14, 2011, Costco re-

configured the connection and the web site is now fully operational.  See id.  In addition, Costco

added information to the website regarding (1) the Court's order denying final approval of the

original settlement agreement; (2) the amended settlement agreement and the parties request for

approval thereof; and (3) class counsel's fee request.  See id. at 5-6.  The parties assert that no

further notice of the amended settlement agreement is required because (1) the amended settlement

is identical to the original settlement and does not adversely affect the rights of class members in

any way; and (2) the cost of providing additional notice would be unduly burdensome and highly

disproportionate to any value resulting from such notice.  See Doc. #1978 at 8.

## II.   Legal Standards

### A.   Class Certification

The determination of class certification is committed to the broad discretion of the trial court.

See Shook v. El Paso Cnty., 386 F.3d 963, 967 (10th Cir. 2004).  In deciding whether to certify, the

Court performs a "rigorous analysis" whether the proposed class satisfies the requirements of

---

[10]     As noted, the notice to class members regarding the original settlement agreement
stated that class members could find detailed information regarding the settlement at
http://www.Costco.com/fuelsettlement.pdf.  See Doc. #1952 at 5-7.

-13-

Rule 23, Fed. R. Civ. P. <u>Gen. Tel. Co. v. Falcon</u>, 457 U.S. 147, 155 (1982); <u>see also</u> <u>Nat'l Union</u>

<u>Fire Ins. Co. v. Midland Bancor, Inc.</u>, 158 F.R.D. 681, 685 (D. Kan. 1994). As the parties seeking

class certification, plaintiffs have the burden to demonstrate "under a strict burden of proof" that the

requirements of Rule 23 are clearly satisfied. <u>See</u> <u>Trevizo v. Adams</u>, 455 F.3d 1155, 1162 (10th Cir.

2006). In so doing, plaintiffs first must satisfy the prerequisites of Rule 23(a), that is, they must

demonstrate that (1) the class is so numerous that joinder of all members is impracticable,

(2) questions of law or fact are common to the class, (3) the claims of the representative parties are

typical of the claims of the class and (4) the representative parties will fairly and adequately protect

the interests of the class. Fed. R. Civ. P. 23(a). After meeting these requirements, plaintiffs must

demonstrate that the proposed class action fits within one of the categories described in Rule 23(b).

Plaintiffs seek to proceed under Rule 23(b)(3), which requires that "questions of law or fact

common to the members of the class predominate over any questions affecting individual members,"

and that a class action "is superior to other available methods for the fair and efficient adjudication

of the controversy." Fed. R. Civ. P. 23(b)(3). In determining predominance and superiority under

Rule 23(b)(3), the Court considers the following factors:

(A)    the class members' interests in individually controlling the prosecution or
defense of separate actions;
(B)    the extent and nature of any litigation concerning the controversy already
begun by or against class members;
(C)    the desirability or undesirability of concentrating the litigation of the claims
in the particular forum; and
(D)    the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). In deciding whether to certify a settlement class, the Court need not inquire

whether the case, if tried, would present difficult management problems under Rule 23(b)(3)(D).

<u>See</u> <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 620 (1997). All of the other requirements

apply, however, and demand even heightened attention in the settlement context.  Id.  Such attention

is vital because in the settlement context, the Court generally lacks an opportunity to adjust the class

as it becomes informed by the proceedings as they unfold.  See id.

### B.   Preliminary Approval Of Class Settlement

Under Rule 23(e), Fed. R. Civ. P., once a class is certified, the parties may not settle, dismiss

or compromise the action without Court approval.[11]  Preliminary approval of a proposed settlement

is the first of two steps required before a class action may be settled.  See Am. Med. Ass'n v. United

Healthcare Corp., No. 00 Civ. 2800LMM, 2009 WL1437819, at *3 (S.D.N.Y. May 19, 2009).  If

the Court grants preliminary approval, it directs notice to class members and sets a hearing at which

it will make a final determination on the fairness of the class settlement.  See Am. Med. Ass'n, 2009

WL1437819 at *3; In re Wireless Facilities, Inc. Sec. Litig., 253 F.R.D. 630, 634 (S.D. Calif. 2008).

---

[11]      Rule 23(e) provides as follows:

(e) SETTLEMENT, VOLUNTARY DISMISSAL, OR COMPROMISE.  The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval.  The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:

> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e).

At the preliminary approval stage, the Court makes a preliminary evaluation of the fairness of the proposed settlement and determines whether it has any reason to not notify class members of the proposed settlement or to not hold a fairness hearing.  See Am. Med. Ass'n, 2009 WL1437819 at *3; Gautreaux v. Pierce, 690 F.2d 616, 621 n.3 (7th Cir. 1982).  The Court will ordinarily grant preliminary approval where the proposed settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious-deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval."  Am. Med. Ass'n, 2009 WL1437819 at *3.  The standards for preliminary approval of a class settlement are not as stringent as those applied for final approval.  See Karvaly v. eBay, Inc., 245 F.R.D. 71, 86 (E.D.N.Y. 2007).  The Court is mindful, however, that a higher degree of scrutiny applies when determining the fairness of a settlement which is negotiated prior to class certification. See D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001).

In deciding whether to approve a proposed settlement, the Court assesses the reasonableness of the compromise, taking into account the context in which the parties reached settlement.  See Nat'l Treasury Empls. Union v. United States, 54 Fed. Cl. 791, 797 (Fed. Cl. 2002).  Although the Court must assess the strength of plaintiffs' claims, it should "not decide the merits of the case or resolve unsettled legal questions."  Id. (quoting Carson v. Am. Brands, Inc., 450 U.S. 79, 88 n.14 (1981)).

### C.     Notice

With respect to class certification under subsection (b)(3), Rule 23(c)(2)(B) requires the following notice:

For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:

(i)     the nature of the action;

(ii)    the definition of the class certified;

(iii)   the class claims, issues, or defenses;

(iv)   that a class member may enter an appearance through an attorney if the member so desires;

(v)    that the court will exclude from the class any member who requests exclusion;

(vi)   the time and manner for requesting exclusion; and

(vii)  the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

With respect to a proposed class settlement, Rule 23(e) requires the Court to direct notice "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e). The content and form of notice are left to the Court's discretion. See Gottlieb v. Wiles, 11 F.3d 1004, 1013 (10th Cir. 1993), overruled in part on other grounds by Devlin v. Scardelletti, 536 U.S. 1 (2002). Under Rule 23(e), a notice of settlement must "fairly apprise" class members of the terms of the proposed settlement and their options with respect thereto. Id. (quoting 3B Moore's Federal Practice ¶ 23.80[3], at 23-484). Such notice is not mandatory in all instances, but "shall be given to all members of the class in such manner as the court directs." 4 Newberg on Class Actions § 11:66 (4th ed. 2002). Broadly interpreted, this language is sufficiently flexible to permit the Court to approve a compromise but to determine that class notice is not required when the compromise will not result in any prejudice to the class.[12] See id.

---

[12]    Rule 23(c)(2) imposes a higher notice requirement – that class members receive "the best notice practicable under the circumstances" of the pendency of a class action. Fed. R. Civ. P. 23(c)(2). This higher standard is designed to ensure that class members who desire to pursue their own claims individually have the opportunity to exercise their right to opt out of the class. See Gottlieb, 11 F.3d at 1012.

-17-

In addition to the requirements of Rule 23, the Due Process Clause in the Fifth Amendment of the United States Constitution guarantees unnamed class members the right to notice of class certification or settlement.  See U.S. Const., amend. V; DeJulius v. New England Healthcare Empls. Pension Fund, 429 F.3d 935, 943-44 (10th Cir. 2005).  This due process right does not require actual notice to each party intended to be bound by adjudication of a class action.  See DeJulius, 429 F.3d at 944.  The Court must give "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Id. (quoting In re Integra Realty Res., Inc., 262 F.3d 1089, 1110-11 (10th Cir. 2001)).  The legal standards for satisfying Rule 23(c)(2)(B) and due process are coextensive and substantially similar.  See DeJulius, 429 F.3d 944.

### III.    Analysis

Plaintiffs and Costco assert that notice of the amended settlement agreement under Rule 23(c)(2)(B) and (e) is not necessary because class members received adequate notice of the original settlement agreement and the amended agreement is "effectively identical" to the original agreement and does not adversely affect the rights of class members in any way.  Doc. #1978 at 8; see also Doc. #1867 at 9-12.  They ask the Court to certify the proposed amended subclasses and grant final approval of amended settlement agreement.  See Doc. #1769 at 5, 8.

#### A.    Notice To Class Members

Plaintiffs and Costco assert that they need not give notice of the amended settlement agreement because they provided adequate notice of the original settlement agreement and the amended agreement is "effectively identical" to the original agreement and does not adversely affect the rights of class members in any way.  Doc. #1978 at 8; see also Doc. #1867 at 9-12.  As a

preliminary matter, the Court has questioned whether Costco provided notice of original settlement, specifically the detailed information set forth in Exhibit D to the original settlement agreement.[13] See Doc. #1952 at 7.  In their renewed motion, the parties assert that with regard to notice of the original settlement agreement, at all relevant times, the web site http://www.Costco.com/fuelsettlement.pdf contained the detailed information set forth in Exhibit D to the original settlement agreement.[14]  See Doc. #1978 at 4-5.  Based on this representation, the Court finds that Costco provided adequate notice of the original settlement agreement.

The settling parties assert that because they provided adequate notice of the original settlement agreement, they need not provide notice of the amended settlement agreement. Specifically, they assert that the amended agreement is "effectively identical" to the original agreement and does not adversely affect the rights of class members in any way.  Doc. #1978 at 8; see also Doc. #1867 at 9-12.  This assertion overlooks the fact that the amended settlement proposes

_____

[13]     As noted, in the memorandum and order of August 13, 2009, the Court granted conditional class certification and preliminary approval of the original settlement agreement between plaintiffs and Costco.  See Doc. #1273.  At that time, the Court approved the method of notice set forth in the original settlement agreement, i.e. that Costco would communicate notice substantially in the form of Exhibit B to the original settlement agreement, which would direct interested persons to a web site containing the detailed information set forth in Exhibit D to the original settlement agreement.  See id. at 16-17; Doc. #1284.  In ruling on the parties' first motion to find notice requirements satisfied as to the amended settlement agreement, the Court found that the web site to which the original notice directed class members, i.e. http://www.Costco.com/fuelsettlement.pdf, contained only a direct link to a copy of the original settlement agreement and not the detailed information set forth in Exhibit D to the original settlement agreement.  See Doc. #1952 at 8-9 n.11.

[14]     The parties state that from September 1, 2009 to August 31, 2010 (i.e. throughout the objection and opt out period for the original settlement and during and after the fairness hearing on April 1, 2010), the web site http://www.Costco.com/fuelsettlement.pdf contained the detailed information set forth in Exhibit D to the original settlement agreement.  On August 31, 2010, Costco replaced its servers and inadvertently broke the link to information on the web site.  See Doc. #1978 at 5.  The parties state that until the Court's order of June 8, 2011, Costco was unaware that the link was severed.  See id.  On June 14, 2011, Costco re-configured the connection and the web site is now fully operational.  See id.

to re-structure the settlement class into 21 subclasses and appoint 17 new representatives.  As noted, the original settlement agreement proposed one settlement class with five representatives.[15]  The Court denied final approval of that agreement because the structure of the proposed settlement did not assure that the named representatives operated under a proper understanding of their representational responsibilities to three distinct subgroups, and plaintiffs had not shown that a representative from one state could adequately represent the interests of class members who resided in different states.  See Doc. #1707 at 31-36.  The Court found that if the parties restructured the agreement to create subclasses with a named representative for each state, it appeared that Wilson, Korleski, Lerner, Glaser and Graham would adequately represent the interests of class members in Kansas, South Carolina, California and Virginia, and that plaintiffs would need additional representatives to represent class members from the remaining states.  See Doc. #1707 at 36-37.  The amended settlement agreement retains Wilson, Korleski, Lerner, Glaser and Graham as representatives for Kansas, South Carolina, California and Virginia and adds new representative for the remaining 17 states.  Specifically, the amended settlement agreement adds the following representatives:

> Annie Smith for Alabama; Christopher Payne for Arizona; Mara Redstone for Florida; Brent Crawford for Georgia; Victor Ruybald for Indiana; Lisa McBride for Kentucky; Raphael Sagalyn for Maryland; Brent Donaldson for Missouri; Gary Kohut for Nevada; Richard Gaulauski for New Jersey; Charles Byram for New Mexico; Jean Neese for North Carolina; Shonna Butler for Oregon; Gerald Panto for Pennsylvania; Tamara Miller for Tennessee; Priscilla Craft for Texas; and Jeff Jenkins for Utah.

Doc. #1769 at 4-5.

---

[15]    The original settlement agreement named the following representatives:  Zachary Wilson of Kansas, Joanne Korleski of South Carolina, Phyllis Lerner of California, Herb Glaser of California and James Graham of Virginia.  See Doc. #1707 at 8-9.

The parties state that the new representatives are named plaintiffs in the MDL litigation; however, they provide no information regarding whether the new representatives can adequately represent the proposed subclasses.  See Doc. #1769 at 5.  Moreover, class members have not received notice of the new representatives and an opportunity to opt out or object.  Absent such notice, the Court cannot assure that the class is adequately represented.  See Wright, Miller & Kane Federal Practice And Procedure: Civil 3d § 1793; see also id. § 1786 (notice of Rule 23(b)(3) action alleviates due process concerns whether absent class members adequately represented).  Assuring effective representation in a Rule 23(b)(3) action is especially important because class members are only loosely associated by common questions of law or fact, and not by any pre-existing or continuing legal relationship.  See id. § 1786.  The cost of providing such notice is not a factor in this analysis.  See id.

Here, because class members have not received notice and an opportunity to object to the proposed re-structuring of the class and new class representatives, the Court cannot determine whether class members are adequately represented.[16]  Accordingly, pursuant to Rule 23(c)(2)(B) and (e), the Court will require plaintiffs and Costco to provide notice of the proposed amended subclasses and amended settlement agreement.[17]  Cf. Harris v. Graddick, 615 F.

---

[16]    Moreover, it appears that the amended settlement subclasses include new class members which the original settlement class did not include.  The original settlement applied to all residents of the settlement states who purchased fuel from Costco.  See Original Settlement Agreement ¶ 2.1.  The amended settlement applies to all persons who purchased fuel from Costco in the settlement states, regardless of residence.  See Amended Settlement Agreement ¶ 2.1(a)-(u).  Thus, the amended settlement includes new class members, i.e. persons who reside outside the settlement states and purchased fuel from Costco in the settlement states.  Those individuals presumably received no notice of the proposed class settlement.  Even if they did receive notice of the original settlement, the original settlement class definition did not include them.

[17]    The Court will not require notice to class members in the seven jurisdictions which
(continued...)

Supp. 239, 244 (M.D. Ala. 1985) (additional notice under Rule 23(e) unnecessary in limited circumstances where amendment is narrow and it is clearly apparent that interests of classes are not substantially impaired).   The proposed notice which the parties submitted on June 22, 2011, see Doc. #1977, falls woefully short of meeting the requirements of Rule 23(c)(2)(B) and (e).   On or before October 6, 2011, the parties shall file a proposed notice which complies with the requirements of Rule 23(c)(2)(B) and (e).

**B.      Conditional Class Certification And Preliminary Approval Of Amended Settlement**

Plaintiffs and Costco ask the Court to certify the proposed subclasses and grant final approval of the amended settlement.  See Doc. #1769 at 5, 8.  In light of the Court's conclusion that the parties must provide class members notice and an opportunity to object or opt out of the amended settlement, these requests are premature.  Accordingly, the Court construes the motion as one for conditional class certification and preliminary approval of the proposed amended settlement. For substantially the same reasons stated in the Court's memorandum and order granting conditional certification and preliminary approval to the original settlement agreement, see Doc. #1273 at 10-16, the Court conditionally certifies the proposed amended subclasses and preliminarily approves the amended settlement agreement.  The Court finds that subject to plaintiffs demonstrating at the final approval hearing – "under a strict burden of proof" – that the requirements of Rule 23(a) and (b)(3)

---

[17](...continued)
the amended settlement agreement omits, i.e. Arkansas, Delaware, Louisiana, Mississippi, Oklahoma, the District of Columbia and Guam.  Costco does not sell motor fuel  in these jurisdictions, and it appears that no such class members exist.  See Doc. #1707 at 45-46 (unclear whether class members exist in these jurisdictions and if so whether they have viable claims against Costco).  To the extent residents of these jurisdictions may have purchased fuel from Costco in other jurisdictions, Costco asserts that it has provided notice to every Costco member who purchased gasoline at a Costco store located in a state in issue, regardless of residence, and that such individuals are included in the amended settlement.  See Doc. #2009 at 2-3.

are clearly satisfied, it appears that plaintiffs can (1) satisfy the numerosity, commonality, typicality and fair and adequate representation requirements of Rule 23(a), see id. at 10-13; and (2) demonstrate that common questions of law or fact predominate over individual questions and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, see id. at 10-14.  In addition, the Court finds that the factors for determining whether a settlement is fair, reasonable and adequate weigh in favor of granting preliminary approval of the amended settlement.  See id. at 15-16.

The amended settlement appears to expand the settlement class to include fuel purchases from April 22, 2009 to January 3, 2011, and to include all fuel purchasers in a given state, as opposed to only residents of the state who purchased fuel in the state.[18]  In their motion to find Rule 23(e) notice requirements satisfied as to the amended settlement, plaintiffs and Costco state that the expansion in dates was a "scrivener's error" and they did not intend to expand the settlement class beyond that contemplated by the original settlement agreement.  Doc. #1867 at 2.  In the proposed notice to amended settlement class members, plaintiffs and Costco should clarify the scope of the proposed amended settlement subclasses.

For the reasons stated above, the Court conditionally certifies the proposed amended settlement subclasses and preliminarily approves the proposed amended settlement.  On or before **October 6, 2011,** plaintiffs and Costco may submit a revised notice which complies with the requirements of Rule 23(c)(2)(B) and (e).  In addition, the parties should inform the Court of the

---

[18]     The amended settlement agreement proposes subclasses for all persons who purchased fuel from Costco in a given state between January 1, 2001 and the date of the amended settlement agreement, i.e. January 3, 2011.  The original settlement agreement proposed a class comprised of residents of the settlement states who purchased fuel from Costco between January 1, 2001 and April 22, 2009.  See Doc. #1273 at 10 n.6.

earliest date on which it may hold a final approval hearing.  The Court notes that trial in the Kansas cases remains set for **May 7, 2010 at 9:30 a.m.**  The parties' failure to obtain Court approval of the amended settlement before then will not constitute grounds to continue the trial.

**IT IS THEREFORE ORDERED** that Plaintiffs And Defendant Costco Wholesale Corporation's Renewed Joint Motion And Memorandum In Support Of Proposed Order Finding Rule 23(e) Notice Requirement Satisfied (Doc. #1978) filed June 22, 2011 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Renewed Motion And Memorandum In Support Of Final Approval Of Class Action Settlement (Doc. #1769) filed February 4, 2011, which the Court construes as a motion for conditional class certification and preliminary approval of the proposed amended settlement, be and hereby is **SUSTAINED.**  The Court orders as follows:

The Court preliminarily certifies the proposed amended settlement subclasses, subject to plaintiffs demonstrating at the final approval hearing "under a strict burden of proof" that the requirements of Rule 23(a) and (b)(3) are clearly satisfied.

The Court preliminarily approves the proposed amended settlement.

On or before **October 6, 2011,** the settling parties may submit a revised notice which complies with the requirements of Rule 23(c)(2)(B) and (e).  In addition, the parties should inform the Court of the earliest date on which it may hold a final approval hearing.

Robert A. Horn and Thomas V. Girardi shall represent the amended settlement subclasses as lead counsel and Thomas V. Bender shall represent the amended settlement subclasses as liaison counsel.

Trial in the Kansas cases remains set for **May 7, 2010 at 9:30 a.m.**  The parties' failure to

obtain Court approval of the amended settlement before then will not constitute grounds to continue the trial.

Dated this 22nd day of September, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge