IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE: MOTOR FUEL TEMPERATURE SALES PRACTICES LITIGATION** ) ) ) | |
| | **MDL No. 1840** |
| **(This Document Relates to All Cases)** ) | **Case No. 07-MD-1840-KHV** |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

On September 23, 2011, the Court conditionally certified a settlement class and preliminarily approved the proposed amended settlement between plaintiffs and Costco Wholesale Corporation ("Costco"). See Memorandum And Order (Doc. #2120). This matter comes before the Court on the Motion To Intervene As Of Right Pursuant To Rule 24(a) Or In The Alternative Motion To Permissively Intervene Pursuant To Rule 24(b) ("Motion To Intervene") (Doc. #1801) filed March 7, 2011. James Phillips and Michael Sandoval, purported members of the New Mexico subclass, seek to intervene in the case to challenge certain aspects of the proposed settlement. For reasons stated below, the Court overrules the motion.

### Legal Standards

Under Rule 24(a)(2), Fed. R. Civ. P., upon timely motion, the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Under this provision, a party may intervene as of right if (1) its application is timely; (2) it claims an interest relating to the property or transaction which is the subject of the action; (3) its interest may as a practical matter be impaired or impeded; and (4) its interest is not adequately represented by existing parties. See Elliot Indus. Ltd. v. BP Am. Prod. Co., 407 F.3d

1091, 1103 (10th Cir. 2005).

Under Rule 24(b)(1)(B), Fed. R. Civ. P., the Court may permit a party to intervene if it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Permissive intervention is within the sound discretion of the Court. See Arney v. Finney, 967 F.2d 418, 421 (10th Cir. 1992). In deciding the motion, the Court considers (1) whether the application is timely; (2) whether the movants' claims and the underlying action share a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice adjudication of rights of the original parties. Cont'l W. Ins. Co. v. Al's Custom Cutting, Inc., No. 05-2453-CM-DJW, 2006 WL 2920315, at *1 (D. Kan. Oct. 11, 2006).

## Analysis

James Phillips and Michael Sandoval seek to intervene in the case to (1) object to the proposed amended settlement between plaintiffs and Costco; (2) pursue discovery regarding whether the New Mexico subclass is adequately represented; and (3) seek new counsel and new representatives for the New Mexico subclass. See Motion To Intervene (Doc. #1801) at 2; Memorandum Of Law In Support Of Proposed Intervenors' Motion To Intervene ("Memorandum Of Law") (Doc. #1802) filed March 7, 2011 at 4, 6. Costco opposes the motion. See Defendant Costco Wholesale Corporation's Opposition To Phillips/Sandoval Motion To Intervene (Doc. #1815) filed March 21, 2011.

### I.     Object To Proposed Settlement

Phillips and Sandoval seek to intervene to object to the proposed amended settlement between plaintiffs and Costco. See Memorandum Of Law (Doc. #1802) at 1-5. On September 22, 2011, the Court ordered the settling parties to give class members notice and an opportunity to

object or opt out of the proposed amended settlement. See Memorandum And Order (Doc. #2118) at 21-22, 24. In light of this ruling, Phillips and Sandoval need not intervene to object to the proposed settlement.[1] Phillips and Sandoval are not entitled to intervene as of right, and the Court declines to permit intervention on this ground. See, e.g., Davis v. J.P. Morgan Chase & Co., 775 F. Supp.2d 601, 605-06 (W.D.N.Y. 2011) (denying intervention where proposed intervenors can protect interests by objecting or opting out of settlement); Doe v. Cin-Lan, Inc., No. 08-CV-12719, 2011 WL 37970, at **2-4 (E.D. Mich. Jan. 5, 2011) (same); see also UAW v. Gen. Motors Corp., No. 05-CV-73991-DT, 2006 WL 334283, at *5 (E.D. Mich. Feb. 13, 2006) (denying permissive intervention where proposed intervenors can assert points of view by filing objections to proposed settlement).

## II.     Discovery Regarding Adequate Representation

Phillips and Sandoval seek to intervene to pursue discovery regarding whether the named representative of the New Mexico subclass, Charles Byram, has adequately represented the interests of that subclass. See Motion To Intervene (Doc. #1801) at 2; Memorandum Of Law (Doc. #1802) at 4-6; Preliminary Objections (Doc. #1800) at 2. Phillips and Sandoval assert that under New Mexico law, subclass members can recover $100 for each violation without proof of damages. See Preliminary Objections (Doc. #1800) at 2 (citing New Mexico Unfair Trade Practices Act, N.M. Stat. § 57-12-10(B)). Phillips and Sandoval assert that the mere fact that the amended settlement provides no monetary relief to New Mexico subclass members shows *ipso facto* that class

---

[1] Indeed, on March 7, 2011, Phillips and Sandoval filed preliminary objections to the proposed amended settlement and gave notice of their intent to appear at the final approval hearing. See Preliminary Objections To Amended Stipulation Of Class Action Settlement And Notice Of Intent To Appear (Doc. #1800) filed March 7, 2011.

counsel and Byram have inadequately represented New Mexico subclass members. See Preliminary Objections (Doc. #1800) at 2. Phillips and Sandoval seek to intervene to pursue discovery, including deposing Byram, to determine the basis for his determination that the amended settlement is fair, adequate and reasonable to the New Mexico subclass. See id.

As noted, under Rule 24(a)(2), a party may intervene as of right if (1) its application is timely; (2) it claims an interest relating to the property or transaction which is the subject of the action; (3) its interest may as a practical matter be impaired or impeded; and (4) its interest is not adequately represented by existing parties. See Elliot Indus., 407 F.3d at 1103. For purposes of ruling on the motion to intervene, the Court assumes without deciding that Phillips and Sandoval can satisfy the first two requirements, i.e. that their application is timely and they claim an interest relating to transactions which are the subject of the proposed settlement. Phillips and Sandoval, however, have not satisfied the remaining requirements. In particular, they have not shown the third requirement, i.e. that their interest may as a practical matter be impaired or impeded, because they can protect their interest by opting out of the settlement. See, e.g., Cin-Lan, 2011 WL 37970, at *3.

Likewise, Phillips and Sandoval have not shown the fourth requirement, i.e. that their interest is not adequately represented by existing parties. Proposed intervenors bear the burden to show inadequate representation. See Davis, 775 F. Supp.2d at 606 (presumption that class member interests are adequately represented); UAW, 2006 WL 334283, at *4 (citing Meyer Goldberg, Inc. of Lorain v. Goldberg, 717 F.2d 290, 292 (6th Cir. 1983)). Factors relevant to the determination include (1) whether collusion exists between the representative and an opposing party; (2) whether the representative fails in fulfilling his duty; and (3) whether the representative has an interest adverse to the proposed intervenors. See UAW, 2006 WL 334283, at *4 (citing Triax Co. v. TRW,

Inc., 724 F.2d 1224, 1227-28 (6th Cir. 1984)). Here, the proposed intervenors point to no facts which show that Byram has colluded with an opposing party, not fulfilled a duty or has an interest adverse to subclass members. Phillips and Sandoval point only to the fact that Byram agreed to a settlement which they contend is unreasonable.[2] A mere disagreement over litigation strategy does not in itself establish inadequate representation. See UAW, 2006 WL 334283, at *4. On this record, Phillips and Sandoval have not shown that they can intervene as of right under Rule 24(a)(2).

For similar reasons, the Court declines to permit intervention under Rule 24(b)(1)(B). Due to the potential for undermining the settlement process, absent some evidence of collusion in the settlement negotiations, courts disfavor motions to intervene to conduct discovery. See Davis, 775 F. Supp.2d at 607. Here, the proposed intervenors present no evidence of collusion. At most, they point to a difference of opinion regarding whether the settlement is fair and reasonable to the New Mexico subclass. The Court will determine this issue, along with adequate representation, at the final fairness hearing. In the meantime, proposed intervenors have the right to object or opt out of

---

[2] Although the Court does not reach the substance of the proposed intervenors' objection, it appears that they may be incorrect in their assertion that under state law, New Mexico subclass members can recover $100 for each violation without proof of damages. See Preliminary Objections (Doc. #1800) at 2. The statute which they cite states, in part, as follows:

> B. Any person who suffers any loss of money . . . as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater. * * *
>
> E. In any class action filed under this section, the court may award damages to the named plaintiffs as provided in Subsection B of this section and may award members of the class such actual damages as were suffered by each member of the class as a result of the unlawful method, act or practice.

N.M. Stat. § 57-12-10(B). Under a plain reading of the statute, it appears that named plaintiffs can recover damages of $100 but class members must prove actual damages. See id.

the proposed settlement. The Court will not allow Phillips and Sandoval to intervene on this ground.

### III.     New Counsel And New Representatives For New Mexico Subclass

Phillip and Sandoval seek to intervene to obtain new counsel and new representatives for the New Mexico subclass. For the reasons stated above with regard to their request to intervene to pursue discovery regarding adequate representation, the Court denies the request. Phillips and Sandoval are not entitled to intervene as of right because they can protect their interests by objecting or opting out of the settlement. Moreover, they have not shown inadequate representation by existing parties. For similar reasons, the Court declines to permit intervention under Rule 24(b)(1)(B). Intervention is not appropriate on this ground.

**IT IS THEREFORE ORDERED** that the <u>Motion To Intervene As Of Right Pursuant To Rule 24(a) Or In The Alternative Motion To Permissively Intervene Pursuant To Rule 24(b)</u> ("<u>Motion To Intervene</u>") (Doc. #1801) filed March 7, 2011 be and hereby is **OVERRULED.**

Dated this 4th day of November, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
