IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: MOTOR FUEL TEMPERATURE )
SALES PRACTICES LITIGATION )
) **MDL No. 1840**
[This Document Relates To All Cases.] ) Case No. 07-1840-KHV
_____ )

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Defendants' Motion To Strike Plaintiffs' Expert Terry Faddis And Memorandum In Support</u> (Doc. #2003) filed July 21, 2011 and plaintiffs' <u>Motion For Leave To File Surreply</u> (Doc. #2064) filed August 23, 2011.  Defendants move to strike Dr. Terry Faddis under Rule 37(c)(1), Fed. R. Civ. P., for failure to comply with the disclosure requirements of Rule 26(a)(2)(B), Fed. R. Civ. P.  Defendants argue that Dr. Faddis' expert report violates Rule 26(a)(2)(B) because it does not include a complete statement of all opinions which Dr. Faddis will express or the basis and reasons for them.  For the following reasons the Court overrules both motions.

Rule 26(a)(2)(B) requires that witnesses retained to give expert testimony provide a written report which contains, among other things, a complete statement of all opinions the witness will express, the basis and reasons for them and the facts or data considered by the witness in forming them. Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).  Such disclosures are meant not only to identify the expert witness, but also to set forth the substance of the direct examination and allow the opposing party a reasonable opportunity to prepare for effective cross examination.  <u>Jacobsen v. Deseret Book Co.</u>, 287 F.3d 936, 953 (10th Cir. 2002); Fed. R. Civ. P. 26(a)(2) Advisory Committee Note (1993).

The Rule 26 expert report must be complete such that opposing counsel is not forced to depose an expert to avoid ambush at trial.  <u>Salgado v. Gen. Motors Corp.</u>, 150 F.3d 735, 742 n.6 (7th

Cir. 1998) (citing Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir.), cert. denied, 516 U.S. 822 (1995)).  So an expert report must not be sketchy, vague or preliminary; it must be detailed and complete, including how and why the expert reached a particular result, not merely the expert's conclusory opinions.  Fed. R. Civ. P. 26(a)(2)(B) Advisory Committee Note (1993); Salgado, 150 F.3d at 742 n.6; Sierra Club v. Cedar Point Oil Co., 73 F.3d 546, 571 (5th Cir. 1996); Finwall v. City of Chicago, 239 F.R.D. 494, 501 (N.D. Ill. 2006) (expert who gives only ultimate conclusion with no analysis gives nothing of value to judicial process).  If an expert report does not comply with Rule 26(a), the offering party may not use the expert to supply evidence on a motion, at a hearing or at trial unless the failure was substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1).  The Court may also impose other appropriate sanctions.  Id.

Here, Dr. Faddis' expert report states as follows:

1. Motor fuel is a liquid that expands and contracts with temperature.  This is similar to what happens when air is heated in a hot air balloon.  When the air is heated in the balloon the air expands and causes the balloon to expand.  When a gallon of fuel is heated to some higher temperature the gallon of fuel expands to a larger volume.  If the gallon is cooled to a lower temperature the gallon of fuel contracts to a smaller volume.

2. It is the custom and practice in the petroleum industry to measure the energy contained in motor fuel at a reference temperature of 60 degrees Fahrenheit (F).  When the temperature of the motor fuel is warmed to a temperature higher than 60 degrees F it causes the motor fuel to expand.  However the chemical energy contained in the motor fuel does not change.  Therefore a gallon of motor fuel that is warmer than 60 degrees F does not provide as much chemical energy as a gallon of the same motor fuel at 60 degrees F.  This is because a warm gallon of motor fuel has fewer molecules of motor fuel than a cooler gallon of the same motor fuel.

3. If a retail motor fuel storage tank temperature is above 60 degrees F and the ambient air temperature is above 60 degrees F, the dispensed motor fuel will be above 60 degrees F. If a retail motor fuel storage tank temperature is below 60 degrees F and the ambient air temperature is below 60 degrees F, the dispensed motor fuel will be below 60 degrees F.

>    4.    If the ambient air temperature is greater than the motor fuel storage tank temperature, the dispensed motor fuel temperature will be equal to or above the storage tank temperature.

Expert Report (Doc. #2003-1) at 2-3.

These statements are based upon Dr. Faddis' training, research, experience, education and review of materials produced in connection with this case, which he listed in Exhibit C to his report. Shortly after receiving the initial Faddis expert report, defendants served written objections and asked plaintiffs to withdraw it. Plaintiffs requested case law to support defendants' position, and defendants supplied it. Plaintiffs declined to withdraw the report. Subsequently, however, they produced an Amplification Of Basis And Reasons (Doc. #2003-2) filed July 21, 2011 in which Dr. Faddis explained that he based his report on "the simple, straightforward application of basic scientific laws and principles to the subject matter of this case, motor fuel." Doc. #2003-2 at 1.

## I.    Motion For Leave To File Surreply

Plaintiffs request leave to file a surreply to identify defendant's purported admission on the issue of surprise, and to address two cases which defendants cite and discuss for the first time in their reply. Surreplies are typically not allowed. See Metzger v. City of Leawood, 144 F. Supp.2d 1225, 1266 (D. Kan. 2001). But they are permitted in rare cases with leave of court. Humphries v. Williams Natural Gas Co., Case No. 96–4196–SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998). For example, a nonmoving party should be given an opportunity to respond to new material, including both new evidence and new legal arguments, raised for the first time in a reply brief. Green v. New Mexico, 420 F.3d 1189, 1196 (10th Cir. 2005); Doebele v. Sprint/United Mgmt. Co., 342 F.3d 1117, 1139 n.13 (10th Cir. 2003).

Plaintiffs' proposed surreply does not qualify for this rare exception. With respect to the

"surprise" factor, plaintiffs simply rehash arguments from their response to defendants' motion to strike.  Compare Plaintiffs' Response To Defendants' Motion To Strike Plaintiffs' Expert Terry Faddis And Memorandum In Support (Doc. #2018) filed August 4, 2011 at 9 with Plaintiffs' Surreply To Defendants' Reply In Support Of Motion To Strike Plaintiffs' Expert Terry Faddis (Doc. #2064, Ex. A) filed August 23, 2011 at 2-3.  Defendants' purported admission is not an admission, new evidence or new legal argument, and the two cases first cited in defendants' reply do not constitute new legal argument.  They stand for the very same proposition as the cases cited in defendants' original motion to strike – that the expert report must describe in detail the opinions which the expert will offer at trial and the basis for those opinions.  See Doc. #2047 at 2-3.  The Court therefore overrules plaintiffs motion for leave to file a surreply.

## II.   Sufficiency Of Opinions

Defendants argue that the Faddis report does not include a complete statement of all opinions which Dr. Faddis will express or the basis and reasons for those opinions.  They assert that the opinions are "vague and unexplained" and that his report offers no description of how he "reached these generalized opinions or what if any data he reviewed or studies he conducted to verify those opinions."  Doc. #2003 at 3.  Plaintiffs counter that Dr. Faddis' opinions are complete and final, founded on generally accepted scientific laws and principles of chemistry and physics, and based on Dr. Faddis' training, research, experience, education and review of litigation materials.

The Faddis report recites and applies basic scientific facts which defendants heretofore have not contested (e.g. that fuel expands and contracts with temperature and that one gallon of motor fuel which is warmer than 60 degrees Fahrenheit provides less chemical energy than one gallon of the same motor fuel at 60 degrees Fahrenheit).  These statements are based on self-evident laws of

4

science regarding the affect of temperature on motor fuel. Cf. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 593 n.11 (1983) (certain scientific principles "so firmly established as to have attained the status of scientific law, such as the laws of thermodynamics, [which] properly are subject to judicial notice under Federal Rule of Evidence 201"). Dr. Faddis' expert report may be elementary, but it is not sketchy, vague or preliminary. See Fed. R. Civ. P. 26(a)(2)(B) Advisory Committee Note (1993).

Plaintiffs state that the report sets forth the entire substance of Dr. Faddis' testimony on direct examination. The Court finds no basis to doubt them. To the extent defendants are concerned that Dr. Faddis' testimony at trial will exceed the scope of his report, they may move to limit his testimony at the appropriate time.

Dr. Faddis' expert report satisfies Rule 26(a)(2)(B). Even if it did not, however, any technical deficiencies in the report would not prejudice defendants. For these reasons, and in the interest of securing the just, speedy and inexpensive determination of this action, the Court overrules defendants' motion. In the same vein, given the parties' apparent agreement on the substance of Dr. Faddis' report, i.e. that motor fuel expands and contracts with temperature, the parties should consider stipulating to the matters contained in the report. The Court notes that the parties in the Kansas cases have stipulated that gasoline expands and contracts approximately 1.0 per cent for every 15 degrees Fahrenheit change in temperature and that diesel fuel expands and contracts approximately 0.6 per cent for every 15 degrees Fahrenheit change in temperature. Pretrial Order (Doc. #2558) filed November 1, 2011 at 6. In light of the stipulation, defendants' motion as to the other cases is bewildering to say the least, and perhaps even sanctionable – though the Court is not inviting a motion for sanctions.

**IT IS THEREFORE ORDERED** that <u>Defendants' Motion To Strike Plaintiffs' Expert Terry Faddis And Memorandum In Support</u> (Doc. #2003) filed July 21, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED THAT** plaintiffs' <u>Motion For Leave To File Surreply</u> (Doc. #2064) filed August 23, 2011 be and hereby is **OVERRULED**.

Dated this 10th day of November, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
