## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE ) | |
| SALES PRACTICES LITIGATION ) | |
| ) | **MDL No. 1840** |
| (This Document Relates to All Cases) ) | **Case No. 07-MD-1840-KHV** |
| ) | |
| _____ ) | |

### ORDER

On September 22, 2011, the Court preliminarily approved the proposed amended settlement between plaintiffs and Costco Wholesale Corporation ("Costco") and conditionally certified a settlement class. See Memorandum And Order (Doc. #2118). The Court ordered the settling parties to submit a revised notice which complies with the requirements of Rule 23(c)(2)(B) and (e), Fed. R. Civ. P.[1]  See id. at 23-24.

On October 11, 2011, the settling parties submitted a proposed notice plan. See Doc. #2157. The parties propose to provide individual notice in the form of Exhibit A to Doc. #2157 by

---

[1]      Rule 23(c)(2)(B) states as follows:

For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

Rule 23(e) requires the Court to direct notice of a class settlement "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).

U.S. Mail and email (to the extent available), and to publish Exhibit A in USA Today twice during a 30-day period.  The individual notice would direct interested persons to a website which contains the detailed information set forth in Exhibit B to Doc. #2157.[2]

After careful review, the Court will approve the proposed notice plan subject to the following modifications:

(1)      With respect to Costco's plan to communicate individual notice to class members by email, the Court is concerned about the effect of spam filters.  Before proceeding with email notification, Costco must take steps to safeguard against spam filters to ensure that class members actually receive the email.  If Costco intends to proceed with email notification, it should provide a detailed plan, including affidavit testimony, as to how it will protect against spam filters and ensure that class members actually receive the notice.

(2)      If Costco plans to proceed with email notification, it must allow class members to opt out of the class and object to the settlement electronically.  If Costco intends to proceed with email notification, it should provide a detailed plan, including affidavit testimony, as to how it will collect objections and requests for exclusion by class members electronically.

(3)      The proposed notice must instruct the class members who opted out of the original settlement that they will be included in the amended settlement unless they submit a new request to be excluded from the amended settlement.

(4)      Costco should post the detailed notice (Exhibit B) directly on its website (http://www.costco.com/Service/FeaturePage.aspx?ProductNo=11494300), as opposed to providing

---

[2]      The parties also propose to provide state weights and measures officials, state attorneys general and the United States Attorney General supplemental notice under 28 U.S.C. § 1715, as provided in Exhibit C to Doc. #2157.

it as a link among the numerous links already contained on the website.

(5)     The notices must contain an accurate description of the settlement class and the relief which the proposed amended settlement provides.  In addition, Exhibit B should inform class members of the identity of the class representatives.  Both notices should state that the Court's website contains additional information regarding the class action lawsuits.[3]

The Court has emailed the parties Exhibits A and B with redline changes which incorporate substantive changes which the Court will require in the notices.[4]

**IT IS THEREFORE ORDERED** that on or before, **November 17, 2011,** the parties shall submit revised notices which incorporate the substance of the Court's proposed changes and any additional changes which the parties believe are necessary.  If Costco intends to proceed with email notification, it should provide a detailed plan, including affidavit testimony, as to (1) how it will protect against spam filters and ensure that class members actually receive the notice and (2) how it will collect objections and requests for exclusion by class members electronically.

**IT IS FURTHER ORDERED** that the Court sets the following deadlines:

**November 30, 2011** – Deadline to mail supplemental CAFA notice.

**January 17, 2012** – Last day to provide notice to the class.

**February 17, 2012** – Last day for settlement class members to opt out or object.

**March 2, 2012** – Deadline for plaintiffs and Costco to file responses to objections.

---

[3]     http://www.ksd.uscourts.gov/motor-fuel-temperature-sales-practices-litigation/.

[4]     The Court takes no license in the style and format of the notices and, indeed, encourages the parties to improve the Court's efforts in that regard.

**IT IS FURTHER ORDERED** that the Court will hold a final approval hearing on **Thursday, March 22, 2012 at 9:30 a.m.** in Courtroom 476.

Dated this 10th day of November, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge