IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE ) <br> SALES PRACTICES LITIGATION ) <br> ) <br> This Document Relates To: ) <br> ) <br> <u>Willson, et al. v. Ampride, Inc., et al.</u>, ) <br>      Case No. 06-2582-KHV, ) <br> ) <br> and ) <br> ) <br> <u>American Fiber & Cabling, LLC, et al. v. BP Products</u> ) <br> <u>North America Inc., et al.</u>, ) <br>      Case No. 07-2053-KHV. ) <br> _____) | MDL No. 1840 <br> Case No. 07-1840-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' responses to the Court's order to file a proposed trial plan: <u>Defendant's Submission In Response To Court's November 11, 2010 Order Requiring A Proposed Trial Plan</u> (Doc. #1734) filed December 3, 2010; <u>Plaintiffs' Response To Defendants' Submission In Response To Court's November 11, 2010 Order Requiring A Proposed Trial Plan</u> (Doc. #1750) filed December 28, 2010; <u>Defendants' Reply To Plaintiffs' Response Regarding The Court's November 11, 2010 Order Regarding Trial Plan</u> (Doc. #1761) filed January 14, 2011; see <u>Scheduling Order No. 4</u> (Doc. #1729) filed November 17, 2010 (requiring parties to file proposed trial plan).

Defendants raise several trial-related issues. At this time, the Court addresses only whether plaintiffs must give putative members notice and an opportunity to opt out of a potential class for damages under Rule 23(b)(3), Fed. R. Civ. P.[1]  This issue arose because the Court severed the

---

[1]  Defendants also question how the Court will preserve their Seventh Amendment right
(continued...)

damage portion of plaintiffs' claims from the liability and injunctive portions. Defendants are concerned that if they win in the liability phase, they will not be able to enforce the judgment against absent class members to prevent them from filing individual or class actions for damages, unless the class members received proper notice and an opportunity to opt out. Plaintiffs concede that out of "an abundance of caution, and to avoid any conceivable issue related to this Court's trial plan and schedule, Plaintiffs do not object to Defendants providing notice to the Class pursuant to a Court-approved notice and opt-out plan." Doc. #1750 at 8. Defendants' reasons for requiring notice and an opportunity to opt-out prior to trial are well taken and plaintiffs do not dispute them. See West v. Capitol Savings & Loan Ass'n, 558 F.2d 977, 980 (10th Cir. 1977) (judgment before notice to Rule 23(b)(3) class violates due process and is void); Brown v. Ticor Title Ins. Co., 982 F.2d 386, 392 (9th Cir. 1992) (due process requirements prevent judgment in class action certified under Rules 23(b)(1) and (2) without notice and opt-out from barring related damages claims). The Court therefore orders that on or before November 21, 2011, the parties shall submit a joint notice plan that complies with Rule 23(c)(2)(B), Fed. R. Civ. P.

      Plaintiffs argue that defendants should pay for the notice. The Court disagrees. Where the parties' relationship is truly adverse, plaintiffs usually must pay for notice as part of the ordinary burden of financing their suit. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 356-59 (1978); Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178-79 (1974). In some instances, such as where defendants could provide notice with less difficulty or expense than plaintiffs, the Court has discretion to require defendants to bear the burden of providing notice. See Oppenheimer Fund,

---

[1](...continued)
to trial by jury on claims for which plaintiffs seek damages and ensure an impartial jury, and how plaintiffs will prove entitlement to class-wide relief.

437 U.S. at 356-59; Kansas Hosp. Ass'n v. Whiteman, 167 F.R.D. 144, 146-47 (D. Kan. 1996). That is not that case here; the Court sees no reason why defendants would be in any better position than plaintiffs to provide notice. Given the size of the class, the cost of providing notice could be substantial. Although giving putative class members notice and an opportunity to opt out would enhance the res judicata effect of a judgment in defendants' favor, defendants should not be forced to purchase these benefits. Oppenheimer Fund, 437 U.S. at 361 n.30. For these reasons, plaintiffs should bear all costs related to providing class notice. Id. at 356-59. After all, it is their case. Id. at 357.

**IT IS THEREFORE ORDERED** that on or before **November 21, 2011**, the parties submit a joint notice plan that complies with Rule 23(c)(2)(B), Fed. R. Civ. P., and that plaintiffs bear all costs related to providing the notice.

Dated this 10th day of November, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge