**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE ) | |
| SALES PRACTICES LITIGATION ) | |
| ) | MDL No. 1840 |
| **This Document Relates To:** ) | Case No. 07-1840-KHV |
| ) | |
| **Am. Fiber & Cabling, LLC v. BP Corp. N. Am. Inc.,** ) | |
| Case No. 07-2053-KHV. ) | |
| ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Mathew Cook brings class action claims against defendants whom he alleges own, operate or control retail gas stations in Kansas.[1] Plaintiffs claim that because defendants sell motor fuel for a specified price per gallon without disclosing or adjusting for temperature expansion, they are liable under the Kansas Consumer Protection Act ("KCPA"), Kan. Stat. Ann. §§ 50-623 through 50-643. Specifically, plaintiffs claim that defendants willfully concealed, suppressed, omitted or failed to state a material fact in connection with a consumer transaction under K.S.A. § 50-626(b)(3) and committed unconscionable acts and/or practices under K.S.A. § 50-627. Amended Pretrial Order (Doc. #3809) at 16-17.[2] With regard to the liability and injunctive relief aspects of plaintiffs' claims, the Court has certified identical classes under Rule 23(b)(2) and Rule 23(b)(3) and (c)(4), Fed. R. Civ. P. In re Motor Fuel Temp. Sales Practices Litig., 271 F.R.D. 221, 234-37 (D. Kan.

---

[1] American Fiber & Cabling, LLC and Robert Miller also brought suit but voluntarily dismissed their claims. Complaint (Doc. #1) filed January 1, 2007 in Case No. 07-2053; Notice Of Stipulation Of Dismissal (Doc. #758) filed February 12, 2009 filed in Case No. 07-1840 and (Doc. #28) filed April 21, 2010 in Case No. 07-2053. The Court has consolidated this case for all purposes with Wilson v. Ampride, Inc., Case No. 06-2582. Order (Doc. #29) filed August 20, 2010 in Case No. 07-2053.

[2] Plaintiffs also asserted claims for civil conspiracy against some defendants, but the Court granted summary judgment in favor of defendants on those claims. See Memorandum And Order (Doc. #3816) filed March 22, 2012.

2010); In re Motor Fuel Temp. Sales Practices Litig., — F.R.D. —, 2012 WL 205904, at *14-16 (D. Kan. Jan. 19, 2012).[3]  This matter is before the Court on Defendant Kum & Go, L.C.'s Partial Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment On Plaintiffs' Claim For Injunctive Relief (Doc. #2398) filed October 31, 2011.  For reasons stated below, the Court overrules defendant's motion.

**I.    Legal Standards**

**A.    Rule 12(b)(1)**

The standards which apply to a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P., are well settled.  Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Rev., 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting Penteco Corp. v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)).  The Court may only exercise jurisdiction when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994).  The Court must "dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee Cnty Bd. of Cnty. Comm'rs, 895 F. Supp. 279, 280 (D. Kan.1995); see Fed. R. Civ. P. 12(h)(3).  Plaintiffs carry the burden of showing that jurisdiction is proper, see id., and must demonstrate that the case should not be dismissed.  See Jensen v. Johnson Cnty. Youth

---

[3] On May 28, 2010, with regard to the injunctive aspects of plaintiffs' claims, the Court certified classes under Rule 23(b)(2). In re Motor Fuel, 271 F.R.D. at 234-37  On the same date, with regard to the liability aspects of plaintiffs' claims, the Court certified issue classes under Rule 23(b)(3) and (c). Id. at 238.  The Court found it appropriate to bifurcate the damage portion of plaintiffs' claims and declined to certify a class for damages under Rule 23(b)(3). Id. at 237-38.
    On January 19, 2012, the Court overruled defendants' motion to decertify and granted plaintiffs' request to certify issue classes under Rule 23(b)(3) and (c)(4) as to the liability and injunctive relief aspects of plaintiffs' claims in the Kansas cases. In re Motor Fuel, 2012 WL 205904, at *14-16.

Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan.1993). Mere conclusory allegations of jurisdiction are not enough. United States ex rel. Hater v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

Pursuant to Article III of the United States Constitution, a federal court may adjudicate only "cases or controversies." The Court must decline to exercise jurisdiction where the award of any requested relief would be moot – i.e. where the controversy is no longer live and ongoing. Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994) (citing Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990)), superceded on other grounds as recognized in Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001). An exception to the doctrine of mootness arises when defendant voluntarily ceases the challenged practice or action. This exception "traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." Greater Yellowstone Coal. v. Tidwell, 572 F.3d 1115, 1121 (10th Cir. 2009) (quoting City News & Novelty, Inc. v. City of Waukesha, 531 U.S. 278, 284 n.1 (2001)). Even if a defendant voluntarily ceases a challenged act, however, a claim will still be moot if it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Adarand Constructors, Inc. v. Slater, 528 U.S. 216, 222 (2000) (quoting United States v. Concentrated Phosphate Export Assn., Inc., 393 U.S. 199, 203 (1968)). The party asserting mootness bears a "heavy burden" of persuading the Court that the challenged conduct cannot reasonably be expected to start up again. Adarand Constructors, 528 U.S. at 222 (quoting Friends of Earth, Inc. v. Laidlaw Env. Servs., Inc., 528 U.S. 167, 189 (2000)).

### B.     Summary Judgement

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Liberty Lobby, 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of evidence. Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, Okla., 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters for which it carries the burden of proof. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest on the pleadings but must set forth specific facts. Applied Genetics, 912 F.2d at 1241.

The Court views the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991). It may grant summary judgment if the nonmoving party's evidence is merely colorable or is not significantly probative. Liberty Lobby, 477 U.S. at 250-51. In response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial. Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). The heart of the inquiry is "whether the evidence presents a sufficient disagreement to

require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Lobby, 477 U.S. at 251-52.

**II.     Facts**

The following facts are undisputed or construed in the light most favorable to plaintiffs.

On January 31, 2007, Cook filed the complaint in this case. Complaint (Doc. #1). At that time, Kum & Go leased and operated seven retail motor fuel stations in the State of Kansas. At those stations, Kum & Go sold motor fuel to consumers in Kansas.

In January of 2008, Kum & Go voluntarily ceased leasing and operating each of the seven retail motor fuel stations. Since that time, Kum & Go has not owned, operated or leased any retail motor fuel stations in Kansas. Also since that time, Kum & Go has not owned, operated or maintained any retail motor fuel dispensing devices in Kansas or sold any motor fuel at retail in Kansas.

Kum & Go continues to operate retail stores and sell motor fuel in states other than Kansas. On average, Kum & Go opens ten to 20 new stores each year. It aims to open 15 new stores and to rebuild ten existing stores each year.

In all retail motor fuel transactions, Kum & Go sells non-temperature-adjusted fuel, i.e. it sells fuel by the gallon without adjusting for temperature. Kum & Go does not use automatic temperature compensation ("ATC") dispensers in the sale of retail motor fuel to consumers. Kum & Go does not disclose to consumers the temperature of retail motor fuel or the effect of temperature on the energy content of retail motor fuel.

**III.    Analysis**

Defendant asserts that the Court lacks subject-matter jurisdiction over plaintiffs' claims for

injunctive relief.[4] Specifically, defendant asserts that because it no longer sells retail motor fuel in Kansas, plaintiffs' requests for injunctive relief are moot and the Court lacks subject matter

---

[4] Plaintiffs seek the following injunctive relief:

An order prohibiting and enjoining defendants from engaging in the following practices and acts:

 Selling motor fuel in the State of Kansas at temperatures in excess of 60 degrees Fahrenheit at prices not adjusted to account for temperature expansion;

 Selling motor fuel in the State of Kansas at temperatures in excess of 60 degrees Fahrenheit without adjusting the volume to account for temperature expansion;

 Failing to disclose what the price of a gallon of motor fuel sold at retail in the State of Kansas would be if it were adjusted to be the equivalent of a standard U.S. petroleum gallon (i.e., a gallon at 60 degrees Fahrenheit);

 Failing to disclose the temperature of motor fuel sold at retail in the State of Kansas; and

 Failing to disclose that the energy, quality and value of motor fuel sold at retail in the State of Kansas decreases when the temperature of the motor fuel increases.

An order directing defendants to:

 Install and maintain ATC-equipped motor fuel dispensers at all retail locations it owns, franchises, or that sell its branded motor fuel in the State of Kansas in a manner the court deems just and proper;

 Disclose the temperature of motor fuel sold at all retail locations it owns, franchises, or that sell its branded motor fuel in the State of Kansas in a manner the court deems just and proper; and/or

 Disclose, in a manner the court deems just and proper, at all retail locations it owns, franchises, or that sell its branded motor fuel in the State of Kansas that the energy, quality, and value of motor fuel sold at retail decreases when the temperature of the motor fuel increases.

Amended Pretrial Order (Doc. #3809) filed March 20, 2012 at 43-44.

jurisdiction over them. Alternatively, defendant asserts that it is entitled to summary judgment on the injunctive relief claims because plaintiffs cannot show irreparable injury.[5]

### A. Mootness

Defendant asserts that plaintiffs' claims for injunctive relief are moot because it no longer sells retail motor fuel in Kansas. Defendant Kum & Go, L.C.'s Memorandum In Support Of Its Partial Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment On Plaintiffs' Claim For Injunctive Relief ("Defendant's Memorandum") (Doc. #2400) filed October 31, 11 at 3, 5-6. Because defendant voluntarily terminated its operations in Kansas, the voluntary cessation exception to the mootness doctrine applies unless defendant can show that it is "absolutely clear" that the challenged conduct cannot reasonably be expected to recur. Adarand Constructors, 528 U.S. at 222 (quoting Friends of Earth, 528 U.S. at 189).

Defendant has shown that it no longer sells retail motor fuel in Kansas. Defendant presents no evidence, however, regarding whether it plans to sell motor fuel in Kansas again. Plaintiffs point out that defendant continues to sell motor fuel in other states and that it opens ten to 20 new stores each year. Plaintiffs' Response In Opposition To Kum & Go's Partial Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment On Plaintiffs' Claim For Injunctive Relief ("Plaintiffs' Response") (Doc. #3145) at 2-3. On this record, defendant has not shown that it is "absolutely clear" that the challenged conduct could not reasonably be expected to occur again. Accordingly, the Court will not dismiss as moot plaintiffs' claims for injunctive relief.

---

[5] Defendant's motion does not address the liability portion of plaintiffs' claims. Thus, even if the Court granted the motion and dismissed the claims for injunctive relief, defendant would remain in the case on the liability portion of plaintiffs' claims. See, e.g., Defendant Kum & Go's Reply Brief In Support Of Its Partial Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment On Plaintiffs' Claim For Injunctive Relief (Doc. #3177) filed January 9, 2012 at 6 (Kum & Go will remain defendant even if injunctive remedy disallowed).

### B. Irreparable Injury

Defendant asserts that it is entitled to summary judgment on the injunctive relief claims because plaintiffs cannot show irreparable injury. See Defendant's Memorandum (Doc. #2400) at 7. Specifically, defendant asserts that the traditional four-factor test for injunctive relief applies, i.e. plaintiffs must show that (1) they have suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between plaintiffs and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. Id. (citing Monsanto Co. v. Geertson Seed Farms, — U.S. —, 130 S. Ct. 2743, 2756 (2010)). Defendant contends that as a matter of law, because it no longer sells retail motor fuel in Kansas, plaintiffs cannot show the first element, i.e. they cannot show that they have suffered irreparable injury. Defendant's Memorandum (Doc. #2400) at 8.

Plaintiffs counter that because the KCPA specifically provides for injunctive relief, the traditional four-factor test does not apply. Plaintiffs assert that to obtain injunctive relief, they need only show a violation of the KCPA and need not show irreparable injury. See Plaintiffs' Response (Doc. #3145) at 11. Regarding class action injunctive relief, the KCPA provides as follows:

> Whether a consumer seeks or is entitled to recover damages or has an adequate remedy at law, a consumer may bring a class action for declaratory judgment, an injunction and appropriate ancillary relief, except damages, against an act or practice that violates this act.

K.S.A. § 50-634(c).

The Tenth Circuit has found that when evidence shows that defendant is engaged in or about to be engaged in the acts or practices prohibited by a statute which provides for injunctive relief to prevent such violations, plaintiffs need not show irreparable harm to obtain injunctive relief. See

8

Mical Commc'ns, Inc. v. Sprint Telemedia, Inc., 1 F.3d 1031, 1035 (10th Cir. 1993); see also State of Kan. ex rel. State Bd. of Healing Arts v. Thomas, 33 Kan. App.2d 73, 82, 97 P.3d 512, 521 (2004) (same).  Here, because the KCPA expressly provides for injunctive relief, plaintiffs do not necessarily have to show irreparable injury to obtain injunctive relief.[6] See Mical Commc'ns, 1 F.3d at 1035; State Bd. of Healing Arts, 33 Kan. App.2d at 82, 97 P.3d at 521.  On this record, defendant has not shown that as a matter of law, plaintiffs cannot obtain injunctive relief.  Defendant is not entitled to summary judgment on this ground.

**IT IS THEREFORE ORDERED** that Defendant Kum & Go, L.C.'s Partial Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment On Plaintiffs' Claim For Injunctive Relief (Doc. #2398) filed October 31, 2011 be and hereby is **OVERRULED**.

Dated this 27th day of April, 2012 at Kansas City, Kansas.

s/  Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[6] Although plaintiffs need not show the traditional four-part test to obtain injunctive relief, the Court retains its discretion in equity to withhold such relief if appropriate under the circumstances.  See, e.g., Garcia v. Bd. of Educ. of Albuquerque Pub. Sch., 520 F.3d 1116, 1128-29 (10th Cir. 2008).