## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: MOTOR FUEL TEMPERATURE | ) | |
| SALES PRACTICES LITIGATION | ) | |
| | ) | MDL No. 1840 |
| (This Document Relates to All Cases) | ) | Case No. 07-MD-1840-KHV |
| _____ | ) | |

### MEMORANDUM AND ORDER

Plaintiffs bring putative class action claims for damages and injunctive relief against motor fuel retailers in 26 states (Alabama, Arizona, Arkansas, California, Delaware, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Maryland, Mississippi, Missouri, Nevada, New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Utah and Virginia), the District of Columbia, Puerto Rico and Guam.  Second Consolidated Amended Complaint (Doc. #652) filed December 1, 2008 ¶ 11.  Plaintiffs claim that because defendants sell motor fuel for a specified price per gallon without disclosing or adjusting for temperature expansion, they are liable under state law theories which include breach of contract, breach of warranty, fraud and consumer protection.  Following a transfer order of the Judicial Panel on Multidistrict Litigation ("JPML"), the Court has jurisdiction over consolidated pretrial proceedings in these actions.  See 28 U.S.C. § 1407; Transfer Order (Doc. #1) filed June 22, 2007.  This matter comes before the Court on Certain Defendants' Motion For A Suggestion Of Remand (Doc. #4306) filed May 16, 2012, and plaintiffs' Unopposed Motion For Extension Of Time To Respond To Certain Defendants' Motion For A Suggestion Of Remand (Doc. #4316) filed May 29, 2012.  For reasons stated below, the Court overrules defendants' motion and overrules plaintiffs' motion as moot.

### Legal Standards

Pursuant to statute, the JPML must remand MDL member cases to the district from which

they were transferred "at or before the conclusion of" coordinated or consolidated pretrial proceedings. 28 U.S.C. § 1407(a). The power to remand MDL cases to their transferor courts rests solely with the JPML. Id. See In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Pract. Litig., No. 09-md-2059 (RHK/JJK), 2012 WL 72844, at *4 (D. Minn. Jan. 10, 2012). Typically, the JPML relies on the transferee court to suggest when it should order remand. In re Light Cigarettes Mktg. Sales Pract. Litig., No. 1:09-md-02068-JAW, 2012 WL 6151510, at *2 (D. Me. Dec. 12, 2011) (citing Manual For Complex Litigation § 31.133 (3d ed. 1994)); see Rule 10.1, Rules of Proc. of U.S. JPML. Indeed, the JPML is "reluctant to order remand absent the suggestion of the transferee judge." Rule 10.3(a), Rules of Proc. of U.S. JPML.

The JPML has recognized that the transferee judge is uniquely situated to determine when remand is appropriate:

> After all, the transferee judge is charged with the day-to-day supervision of centralized pretrial proceedings and, accordingly, has special insight into the question of whether further coordinated or consolidated proceedings are likely to be useful. A transferee judge's suggestion of remand to the Panel is an obvious indication that he has concluded that the game is no longer worth the candle (and, therefore, that he perceives his role under section 1407 to have ended).

In re Brand-Name Prescription Drugs Antitrust Litig., 170 F. Supp.2d 1350, 1352 (JPML 2001).

In determining whether to suggest remand, the Court is guided by the JPML's standards for remand. See In re Activated Carbon-Based Hunting Clothing, 2012 WL 72844, at *5. Generally, the decision turns on whether the cases will benefit from further coordinated proceedings as part of the MDL. Id. In making its determination, the Court looks to the totality of the circumstances. See In re Light Cigarettes, 2012 WL 6151510, at *3. Remand is appropriate where everything that remains to be done is case-specific or where remand "will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation." Id. (quoting In re

Patenaude, 210 F.3d 135, 145 (3d Cir. 2000)).

### Factual Background

On June 18, 2007, the JPML entered a transfer order finding that these MDL cases "share factual allegations relating to the sale of motor fuel at temperatures greater than 60 degrees Fahrenheit." Transfer Order (Doc. #1) filed June 22, 2007. Specifically, the JPML found that centralization is necessary to eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary. Id.

In all of the MDL cases, the parties have completed common discovery. In addition, the parties have filed and fully briefed motions for class certification, motions to exclude expert witnesses and motions for summary judgment.

On August 20, 2010, the Court consolidated for all purposes the two MDL cases which were originally filed in the District of Kansas: Wilson v. Ampride, Inc., Case No. 06-2582-KHV and Am. Fiber & Cabling, LLC v. BP Corp. N. Am. Inc., Case No. 07-2053-KHV. See Order (Doc. #1708). In those cases, with regard to the liability and injunctive relief aspects of plaintiffs' claims, the Court has certified identical classes under Rule 23(b)(2) and Rule 23(b)(3) and (c)(4), Fed. R. Civ. P. In re Motor Fuel Temp. Sales Practices Litig., 271 F.R.D. 221, 234-37 (D. Kan. 2010); In re Motor Fuel Temp. Sales Practices Litig., No. 07-1840-KHV, 2012 WL 205904, at *14-16 (D. Kan. Jan. 19, 2012). In addition, the Court has made numerous rulings regarding the admissibility of expert testimony. See In re Motor Fuel Temp. Sales Practices Litig., No. 07-1840-KHV, 2012 WL 645997 (D. Kan. Feb. 28, 2012); In re Motor Fuel Temp. Sales Practices Litig., No. 07-1840-KHV, 2012 WL 380159 (D. Kan. Feb. 6, 2012); In re Motor Fuel Temp. Sales Practices Litig., No. 07-1840-

KHV, 2012 WL 162395 (D. Kan. Jan. 19, 2012); In re Motor Fuel Temp. Sales Practices Litig., No. 07-1840-KHV, 2012 WL 205893 (D. Kan. Jan. 19, 2012).  The Court has also ruled on defendants' motions for summary judgment.  See In re Motor Fuel Temp. Sales Practices Litig., No. 07-1840-KHV, 2012 WL 1672994 (D. Kan. May 14, 2012); In re Motor Fuel Temp. Sales Practices Litig., No. 07-1840-KHV, 2012 WL 1536161 (D. Kan. April 30, 2012); In re Motor Fuel Temp. Sales Practices Litig., No. 07-1840-KHV, 2012 WL 1473411 (D. Kan. April 27, 2012); In re Motor Fuel Temp. Sales Practices Litig., No. 07-1840-KHV, 2012 WL 1108510 (D. Kan. April 2, 2012); In re Motor Fuel Temp. Sales Practices Litig., No. 07-1840-KHV, 2012 WL 976039 (D. Kan. March 22, 2012).  The Kansas cases are currently set for trial on August 27, 2012.

On April 24, 2012, the Court approved an amended settlement regarding the MDL claims against Costco Wholesale Corporation.  See In re Motor Fuel Temp. Sales Practices Litig., No. 07-1840-KHV, 2012 WL 1415508 (D. Kan. April 24, 2012).  Plaintiffs have announced settlements with additional MDL defendants but have not yet filed motions to obtain approval of those settlements.[1]  Defendants represent that 52 non-settling defendants remain in the MDL cases.  See Memorandum In Support Of Certain Defendants' Motion For A Suggestion Of Remand (Doc. #4307) filed May 16, 2012 at 5.

### Analysis

Non-settling defendants urge the Court to suggest to the JPML that it remand these MDL cases to the transferor courts.  Specifically, defendants assert that the MDL has reached a point of diminishing returns because (1) the parties have completed joint discovery; (2) the unresolved

---

[1]     Regarding settlements in the MDL, the Court has ordered that by June 1, 2012, plaintiffs file motions regarding conditional class certification, preliminary approval and proposed notice plans.  Doc. #4289 filed May 14, 2012.

motions are primarily grounded in laws of 26 different states and would be most efficiently resolved by the transferor courts; and (3) no good cause exists for delaying remand at this time.  While defendants are correct that joint discovery is complete, the Court strongly disagrees with their remaining assertions.  The Court firmly believes that significant portions of its rulings in the Kansas cases, particularly with respect to class certification, expert witnesses and summary judgment, will apply to the remaining MDL cases.  Accordingly, before suggesting remand, the Court intends to determine which of its rulings should apply to the motions currently pending in the MDL.  The Court therefore determines that all cases will benefit from further coordinated proceedings as part of the MDL.  In particular, retaining jurisdiction over the MDL cases will promote the just and efficient conduct of the litigation.

IT IS THEREFORE ORDERED that Certain Defendants' Motion For A Suggestion Of Remand (Doc. #4306) filed May 16, 2012 be and hereby is **OVERRULED**.

IT IS FURTHER ORDERED that plaintiffs' Unopposed Motion For Extension Of Time To Respond To Certain Defendants' Motion For A Suggestion Of Remand (Doc. #4316) filed May 29, 2012 be and hereby is **OVERRULED as moot**.

Dated this 30th day of May, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

-5-