IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: MOTOR FUEL TEMPERATURE | ) | |
| SALES PRACTICES LITIGATION | ) | |
| | ) | MDL No: 1840 |
| (This Document Relates to All Cases) | ) | |
| | ) | No: 07-md-1840-KHV-JPO |

**ALKON OBJECTORS' OPPOSITION TO RULE 54(b) FINDING**

Plaintiffs' Motion for a Rule 54(b) Judgment (Docket No. 4330) is not unopposed, notwithstanding the caption's representation to the contrary. Amy Alkon and Nicolas S. Martin (collectively "Alkon") objected to the settlement, but have not yet appealed because there is not yet a final judgment creating appellate jurisdiction under 28 U.S.C. § 1291; plaintiffs incorrectly assumed that this meant Alkon had no interest in appealing, and did not consult with counsel for Alkon before making their representation to the Court.

It is too soon to issue a Rule 54(b) final judgment, because the Court has not yet resolved all of the claims with respect to Costco. The Court's order approving the settlement (Docket No. 4248) that the plaintiffs seek to convert into a Rule 54(b) final judgment deferred the question of attorneys' fees. Order at 40; Docket No. 1820.

A "judgment is not final unless the claims disposed of are separable from the remaining claims against the same parties." *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (*quoting Moore's Federal Practice 3d* § 202.06[2]). Normally, as plaintiffs point out, an attorney-fee order is collateral to the final judgment. But this is not true in the case of a Rule 23(e) approval of a class-action settlement, where the interests of absent third parties are affected by both the settlement and the fee award. The fairness of the Costco settlement as a whole is inextricably tied up in the question of the attorneys' fees. The fees, though separately

awarded, are part of a "constructive common fund," because every dollar awarded to the attorneys is a dollar that could have gone to the class members. "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness.... The settlement must stand or fall in its entirety." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *accord In re Bluetooth Headset Prods. Liab. Lit.*, 654 F.3d 935, 948 (9th Cir. 2011). "There is no exception in Rule 23(e) for fee provisions contained in proposed class action settlement agreements. … If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have obtained." *Staton v. Boeing Co.*, 327 F.3d 938, 963-64 (9th Cir. 2003). After all, a "defendant is interested only in disposing of the total claim asserted against it." *Id*.

"[P]rivate agreements to structure artificially separate fee and settlement arrangements cannot transform what is in economic reality a common fund situation into a statutory fee shifting case." *In re GM Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 820-21 (3d Cir. 1995). "[I]n essence the entire settlement amount comes from the same source. The award to the class and the agreement on attorney fees represent a package deal." *Johnson v. Comerica*, 83 F.3d 241 (8th Cir. 1996); *accord GMC Pickup* at 820 (severable fee structure "is, for practical purposes, a constructive common fund"); *Manual for Complex Litigation* (4th ed. 2008), § 21.71 at 525 ("If an agreement is reached on the amount of a settlement fund and a separate amount for attorney fees" then "the sum of the two amounts ordinarily should be treated as a settlement fund for the benefit of the class, with the agreed-on fee amount constituting the upper limit on the fees that can be awarded to counsel."). "Even if the plaintiff's attorney does not consciously or explicitly bargain for a higher fee at the expense of the beneficiaries, it is very likely that this situation has indirect or subliminal effects on the negotiations." Report of the Third Circuit Task Force, *Court Awarded Attorney Fees*, 108 F.R.D. 237, 266 (1985).

Thus, when the Tenth Circuit evaluates the fairness of the settlement, it will need to evaluate the settlement holistically, especially in a case like this where the attorneys receive a disproportionate share of the constructive common fund settlement proceeds. Such a disproportionate benefit going to the attorneys is a "red flag" of self-dealing that makes the settlement unfair. *Bluetooth*, 654 F.3d at 947-49 (9th Cir. 2011). Simply put, one cannot divorce the fairness of the settlement from the fairness of the fee determination. *Id.* If "class counsel agreed to accept excessive fees and costs to the detriment of class plaintiffs, then class counsel breached their fiduciary duty to the class." *Lobatz v. U.S. West Cellular of Cal., Inc.,* 222 F.3d 1142, 1147 (9th Cir. 2000).

*Bluetooth* is instructive in this regard. There, as here, the district court adjudicated the fairness of the settlement without regard to the effect of the attorneys' fees on that fairness on the grounds that the fees would be separately reviewed by the court and class counsel had a "possibility of recovering nothing in fees." 654 F.3d at 940, 947-49. The Ninth Circuit reversed. "[A]ssessment of the settlement's overall reasonableness must take into account the defendant's overall willingness to pay," and thus a "district court therefore must ensure that both the amount and mode of payment of attorneys' fees are fair, regardless of whether the attorneys' fees come from a common fund or are otherwise paid." *Id.* at 949. The fairness of the fee determination weighed heavily on the fairness of the settlement itself; the fairness of the settlement could not be determined in isolation. *Id.* at 941, 947-49. If the Court issues a Rule 54(b) judgment before the determination of the fee award, it will lose the opportunity to correct the same reversible error.[1]

---

[1] Alkon acknowledges that this settlement, unlike the one in *Bluetooth*, does not have a clear sailing provision, and the Court will have the benefit an adversary presentation on the size of the fee request from defendant Costco. That is not enough to make it fair, given the disproportion between the amount of compensatory class relief and the maximum available to the attorneys, and the reversion of denied attorneys' fees to the defendant; nor does the absence of a clear-sailing clause change the underlying principle in *Bluetooth* that, unlike the case tried to judgment where a fee award is collateral to the judgment itself, the fairness of a negotiated class-action settlement affecting the rights of absent class members depends on the fairness of the fee award.

A settlement that pays the attorneys $10 million while waiving class members' rights without any compensation distinguishing class members from non-class members is *per se* unfair: it is a plain breach of the class representatives' duties under Rule 23(a)(4) to put the interests of the class ahead of the interests of the attorneys. *Id.*; *In re Aqua Dots Prod. Liab. Lit.*, 654 F.3d 748 (7th Cir. 2011); *cf. also Robert F. Booth Trust v. Crowley*, -- F.3d --, No. 10-3285 (7th Cir. June 13, 2012) (shareholder derivative suit brought solely to benefit attorneys at expense of putative clients should be dismissed). If, however, the Court awards the attorneys $1, that particular unfairness is *de minimis*, and Alkon would have much less reason to complain about the disproportion between class relief and attorney recovery.[2] A Rule 54(b) judgment before the fee award is determined would require Alkon to file a premature notice of appeal, and then move the appeals court to stay briefing or remand for jurisdictional reasons until the fee award is determined.

The resulting duplication of effort from a premature Rule 54(b) judgment is both a just reason for delay and grounds to hold that this is not a final judgment. "[T]rial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Oklahoma Turnpike Auth.*, 259 F.3d at 1242; *id.* at 1243 (finding lack of appellate jurisdiction because claims on appeal "intertwined" with claims remaining at district court). Plaintiffs have not identified any undue hardships from waiting until there is a fee determination to issue a Rule 54(b) judgment. Indeed, the words "undue hardship" are entirely absent from their brief (Docket No. 4331).

---

[2] That said, given that Costco was willing to pay up to $10 million in cash to resolve the claims against it, if the Court awards less than $10 million and the remainder reverts to Costco, there is "no apparent reason" why that money should go to the defendant instead of the class, and this is a red flag suggesting settlement unfairness. *Bluetooth*, 654 F.3d at 947, 949.

There is a second independent reason to hold that a Rule 54(b) judgment would be premature. Before issuing a Rule 54(b) judgment, a district court should consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. Dickinson*, 446 U.S. 1, 8 (1980); *accord Stockman's Water Co. v. Vaca Partners, LP*, 425 F.3d 1263, 1265 (10th Cir. 2005). Here, as Plaintiffs admit, there are multiple settlements pending similar to the Costco settlement. Different class members objecting to those settlements will not be bound by any Tenth Circuit decision on the Costco settlement, and might appeal decisions approving those settlements, requiring duplicative and piecemeal review.

For these reasons, Alkon requests that the Court deny the motion for Rule 54(b) judgment.

Dated:  June 22, 2012

    Respectfully submitted,

    */s/ Theodore H. Frank*
    Theodore H. Frank (D.C. Bar No. 450318)
    CENTER FOR CLASS ACTION FAIRNESS LLC
    1718 M Street NW, No. 236
    Washington, DC 20036
    Telephone:  (703) 203-3848
    Email:  tedfrank@gmail.com

    Attorney for Objectors
    Amy Alkon and Nicolas Martin

## **PROOF OF SERVICE**

      I hereby certify that on June 22, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all persons registered for ECF as of that date.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on June 22, 2012.

                                    */s/ Theodore H. Frank*  
                                    Theodore H. Frank