# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: MOTOR FUEL TEMPERATURE | ) | |
| SALES PRACTICES LITIGATION | ) | |
| | ) | **MDL No. 1840** |
| **This Document Relates To:** | ) | **Case No. 07-1840-KHV** |
| | ) | |
| **Wilson, et al. v. Ampride, Inc., et al.,** | ) | |
| **Case No. 06-2582-KHV,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **American Fiber & Cabling, LLC, et al. v. BP Products** | ) | |
| **North America Inc., et al.,** | ) | |
| **Case No. 07-2053-KHV.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion In Limine And Memorandum In

Support To Exclude Opinions By Neuberg Regarding The Named Plaintiffs' And Absent Class

Members' Knowledge, Beliefs, States Of Mind, And Perceptions Of "Fairness" (Doc. #4252) filed

April 25, 2012.[1]  Defendants contend that plaintiffs' social psychology expert, Steven L. Neuberg,

Ph.D., intends to testify as to plaintiffs' and absent class members' personal knowledge, beliefs,

states of mind and perceptions of fairness.  This, they argue, is patently improper and would allow

plaintiffs to use the class action procedure to change substantive law.  For substantially the reasons

stated in Plaintiffs' Response To Defendants' Motion In Limine And Memorandum In Support To

Exclude Opinions By Neuberg Regarding The Named Plaintiffs' And Absent Class Members'

---

[1]      On May 29, 2012, defendants filed a  motion for leave to file replies in support of
their motions in limine.  Motion For Leave To File Reply Briefs In Support Of Motions *In Limine*
(Doc. #4317).  The pretrial order states that "[r]eply briefs in support of motions in limine shall not
be allowed without leave of court."  Amended Pretrial Order (Doc. #3809) filed March 20, 2012 at
50.  Defendants' reply in support of this motion in limine, which they attached to their motion for
leave to file, essentially rehashes the arguments made in their motion.  The Court therefore denies
leave to file the reply.

Knowledge, Beliefs, States Of Mind, And Perceptions Of Fairness (Doc. No. 4252) (Doc. #4283) filed May 11, 2012 ("Plaintiffs' Response"), the Court overrules defendants' motion.

The Court notes that defendants' motion does not squarely address Dr. Neuberg's actual opinions.  Dr. Neuberg's report summarizes his opinions as follows:

- Consumers believe they receive the same amount of energy, and that they should receive the same amount of energy, from each gallon of any given kind of fuel they purchase.  Consumers generally are also unaware that temperature affects the energy content of a gallon of fuel and that, when they purchase fuel at a higher temperature, they receive less energy per gallon than they believe they are receiving.  Practices of fuel retailers, including the practice of selling gasoline by the gallon without compensating for fuel temperature, contribute to consumers being misled into believing they are receiving the same amount of energy per gallon of any given kind of fuel.
- The fact that retailers make no price adjustment for warmer fuel, despite the fact that warmer gallons of fuel provide less energy than cooler gallons of the same fuel, is material to consumers.  For both financial and psychological reasons, consumers would be upset to learn they are receiving less energy than they believe they are paying for.  This perceived unfairness would be substantial.
- In light of human perceptual and cognitive inclinations and limitations, customers are not in a position to make informed choices and factor fuel temperature into their purchasing decisions.  Responsible disclosure by fuel retailers would need to go well beyond the attempts made to this point in time.

2011 Neuberg Report (Doc. #2640-1) filed November 1, 2011 at 1.

These opinions do not purport to state the personal knowledge, beliefs, states of mind or perceptions of fairness of individual plaintiffs or absent class members.  Rather, they speak to what motor fuel consumers generally believe.  Plaintiffs contend that these opinions are relevant to prove whether defendants failed to disclose a material fact, which is an element of their willful omission claim under the Kansas Consumer Protection Act, K.S.A. § 50-626(b)(3).  Plaintiffs' Response (Doc. #4283) at 3.  They define a "material fact" as "one to which a reasonable person would attach importance in determining his or her choice of action in the transaction involved." Id. (quoting Tufts v. Newmar Corp., 53 F. Supp.2d 1171, 1178 (D. Kan. 1999)).  Dr. Neuberg's 2011 expert report

2

appears to be limited to what motor fuel consumers generally believe, which is relevant to determining whether particular facts are material to retail motor fuel transactions.

Thus defendants' motion misses the mark.  It argues that Dr. Neuberg's opinions attempt to speak to the personal knowledge or beliefs of particular plaintiffs or absent class members.  But it does not show how Dr. Neuberg's opinions actually do so.  Although defendants contend that Dr. Neuberg's opinions contradict plaintiffs' deposition testimony, they have not shown that any perceived inconsistencies between the two merit excluding Dr. Neuberg's testimony.

Defendants also argue that Dr. Nebuerg's testimony contradicts Kansas law because the National Institute of Standards and Technology Handbooks 44 and 130, as adopted by Kansas law, provide the material terms to a retail motor fuel transaction and temperature is not one of them. Defendants have not shown, however, that the handbooks contain an exclusive list of terms that are material to retail motor fuel transactions under the KCPA.

In addition to knowledge and beliefs, defendants argue that Dr. Neuberg should not be allowed to opine about the intent, motive or state of mind of any plaintiff.  The Court recently noted in this case that "[a]n expert witness may not speculate as to the intent or motives of parties or others."  In re Motor Fuel Temp. Sales Practices Litig., 07-1840-KHV, 2012 WL 380159, at *7 (Feb. 6, 2012).  Defendants have not, however, specified which of Dr. Neuberg's opinions purports to opine on these topics.

Finally, defendants argue that Dr. Neuberg's opinions regarding "fairness" are inadmissible. As noted above, Dr. Neuberg opines that "[f]or both financial and psychological reasons, consumers would be upset to learn they are receiving less energy than they believe they are paying for.  This perceived unfairness would be substantial."  2011 Neuberg Report (Doc. #2640-1) at 1.  The Court

has twice rejected attempts by plaintiffs' experts to express personal opinions with respect to whether a particular method of selling motor fuel is fair or unfair. <u>Memorandum And Order</u> (Doc. #3618) filed February 6, 2012 at 19; <u>Memorandum And Order</u> (Doc. #3205) filed January 19, 2012 at 5-6. In both instances, the Court held that an expert could not offer opinions based on his personal sense of what was fair or unfair. Dr. Neuberg's opinions, however, are not based on his own sense of fairness. Rather, based on principles of social psychology, Dr. Neuberg opines on how ordinary consumers would react to finding out that they receive less energy than they thought they were buying. The opinion is grounded in Dr. Neuberg's field of expertise and is relevant to whether temperature is a material term in a retail motor fuel transaction.

For the reasons state above, and substantially the reasons stated in plaintiffs' response, the Court overrules defendants' motion. On this record, defendants have not shown that admitting Dr. Neuberg's opinions will unfairly prejudice defendants under Federal Rule of Evidence 403.

**IT IS THEREFORE ORDERED** that <u>Defendants' Motion In Limine And Memorandum In Support To Exclude Opinions By Neuberg Regarding The Named Plaintiffs' And Absent Class Members' Knowledge, Beliefs, States Of Mind, And Perceptions Of "Fairness"</u> (Doc. #4252) filed April 25, 2012, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendants' <u>Motion For Leave To File Reply Briefs In Support Of Motions *In Limine*</u> (Doc. #4317) filed May 29, 2012, be and hereby is **OVERRULED** with respect to their motion to exclude Neuberg's opinions.

Dated this 27th day of June, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

4