## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE: MOTOR FUEL TEMPERATURE** ) | |
| **SALES PRACTICES LITIGATION** ) | |
| ) | **MDL No. 1840** |
| **This Document Relates To:** ) | **Case No. 07-1840-KHV** |
| ) | |
| <u>**Wilson, et al. v. Ampride, Inc., et al.,**</u> ) | |
| **Case No. 06-2582-KHV,** ) | |
| ) | |
| **and** ) | |
| ) | |
| <u>**American Fiber & Cabling, LLC, et al. v. BP Products**</u> ) | |
| <u>**North America Inc., et al.,**</u> ) | |
| **Case No. 07-2053-KHV.** ) | |
| _____ ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on <u>Defendants' Motion In Limine And Memorandum In Support To Exclude Preferences Of Residents Of States Other Than Kansas</u> (Doc. #4251) filed April 25, 2012. Defendants seek to exclude any evidence or argument based on the claimed preferences of residents of states other than Kansas. They specifically target a survey conducted by two of plaintiffs' experts, J. Michael Dennis, Ph.D. and Steven L. Neuberg, Ph.D. (the "Dennis-Neuberg" survey). Defendants contend that the survey is irrelevant because it did not poll any Kansas residents. Plaintiffs respond that the survey can be generalized to consumers in Kansas and that defendants' arguments go only to the weight, and not the admissibility, of the survey. They rely in part on a declaration of Dr. Dennis, which defendants move to strike as untimely.[1] For the

---

[1] On May 29, 2012, defendants filed a motion for leave to file replies in support of their motions in limine. <u>Motion For Leave To File Reply Briefs In Support Of Motions *In Limine*</u> (Doc. #4317). The pretrial order states that "[r]eply briefs in support of motions in limine shall not be allowed without leave of court." <u>Amended Pretrial Order</u> (Doc. #3809) filed March 20, 2012 at 50. Defendants' reply in support of this motion in limine also asks the Court to strike the declaration of one of plaintiffs' experts – J. Michael Dennis, Ph. D. <u>Defendants' Reply In Support Of Their</u>
(continued...)

following reasons, the Court overrules the motion.

Although plaintiffs ultimately bear the burden of showing that the universe of the Dennis-Neuberg survey is proper and that the survey is relevant, Citizen Fin. Grp., Inc. v. Citizens Nat'l Bank of Evans City, No. Civ.A. 01-1524, 2003 WL 24010950, at *3 (W.D. Pa. April 23, 2003), on a motion in limine the movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground, Koch v. Koch Indus., Inc., 2 F. Supp.2d 1385, 1388 (D. Kan. 1998). Defendants argue that the Dennis-Neuberg survey is irrelevant to the claims by Kansas residents because it only polled residents of North Carolina, South Carolina, Georgia, Florida, Tennessee, Alabama, Texas, Arizona and California. They cite four cases to support their position, but none are particularly apt.[2] The Court does take defendants' general point: for the survey to be relevant it must closely relate to plaintiffs' claims. In other words, it must be probative of an issue in the

---

[1](...continued)
Motion In Limine To Exclude Preferences Of Residents Of States Other Than Kansas/Motion To Strike May 8, 2012 Declaration Of J. Michael Dennis (Dkt. No. 4251) (Doc. #4317-1) filed May 29, 2012.

Because the Court overrules defendants' motion without relying on the affidavit, and because defendants' reply otherwise rehashes arguments made in their motion, the Court denies leave to file the reply.

[2]  See City of Tusacloosa v. Harcros Chems., Inc., 158 F.3d 548, 566-67 (11th Cir. 1998) (in Alabama chlorine price-fixing conspiracy case, improper for expert to rely on data regarding chlorine sales in Florida panhandle; although such evidence may corroborate Alabama findings, it should not be used to make calculations used as circumstantial evidence of collusive behavior in Alabama); Burton v. Wyeth-Ayerst Labs. Div. Of Am. Home Prods. Corp., 513 F. Supp.2d 719, 732 (N.D. Tex. 2007) (plaintiff relying on epidemiological studies to establish causation must show similarity to persons studied); Citizen Fin. Grp., 2003 WL 24010950, at *3 (excluding survey that purported to poll defendant's customer base because it did not conduct survey where defendant's customer base was located and potentially excluded individuals within customer base); EEOC v. Kim & Ted, Inc., No. 95 C 1151, 1995 WL 591451, at *4 (N.D. Ill. Oct. 3, 1995) (in sexual harassment case, non-class-members' tax returns and personnel information not discoverable because not relevant to class members' efforts to mitigate damages).

case.  See Harolds Stores, Inc. v. Dillard Dept. Stores, Inc., 82 F.3d 1533, 1544 (10th Cir. 1996) (survey respondents must adequately represent opinions relevant to litigation).

Defendants, however, have not shown that the survey respondents are different than Kansas consumers in any meaningful way.  And they have not shown that this case is like Harcros Chemicals or Citizens Financial Group in which the location where the survey data was obtained made a difference.  Harcros Chems., 158 F.3d at 566-67; Citizens Fin. Grp., 2003 WL 24010950, at *3.  To the contrary, without geographical limitations, defendants have described the Dennis-Neuberg survey results as "manifestly obvious."  Memorandum In Support Of Defendants' Motion To Exclude Testimony Of Steven L. Neuberg And J. Michael Dennis (Doc. #2640) filed November 1, 2011 at 23.  They have argued that "only an irrational respondent" would have answered the survey differently.  Id. at 23.  Defendants have not asserted that Kansas consumers are irrational or provided any reasoned basis for their conclusion that the survey is irrelevant.

Defendants' arguments go to the weight of the evidence, not its admissibility.  Harolds Stores, 82 F.3d at 1544 (technical and methodological deficiencies in survey, including sufficiency of universe sampled, bear on weight of evidence, not admissibility).  Based on all the evidence regarding the survey, including the population it polled, the jury can determine how much (or little) weight to give it.

**IT IS THEREFORE ORDERED** that Defendants' Motion In Limine And Memorandum In Support To Exclude Preferences Of Residents Of States Other Than Kansas (Doc. #4251) filed April 25, 2012, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendants' Motion For Leave To File Reply Briefs In Support Of Motions *In Limine* (Doc. #4317) filed May 29, 2012, be and hereby is **OVERRULED**

with respect to their motion to exclude preferences of residents of states other than Kansas.

Dated this 27th day of June, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
