## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE SALES PRACTICES LITIGATION | ) ) ) MDL No: 1840 |
| (This Document Relates to All Cases) | ) ) No: 07-md-1840-KHV-JPO |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER DIRECTING ENTRY OF A FINAL JUDGMENT ON THE APRIL 24, 2012 ORDER GRANTING FINAL APPROVAL OF THE COSTCO SETTLEMENT**

### INTRODUCTION

Plaintiffs' Motion For An Order Directing Entry Of A Final Judgment On The April 24, 2012 Order Granting Final Approval Of The Costco Settlement ("the Motion") is not being opposed by any of the Defendants, nor is the Motion being opposed by any of the eight Objectors who have appealed the April 24, 2012 Order to the Tenth Circuit. Instead, the only opposition to the Motion has been made by two other Objectors to the Costco Settlement, Amy Alkon and Nicholas Martin ("Alkon Objectors").

For the reason discussed below, the arguments which the Alkon Objectors raise in opposition to Plaintiffs' request for Rule 54(b) certification are without merit, and the April 24, 2012 Order should be certified as a Final Judgment pursuant to Fed.R.Civ.P. 54(b).

**1.   The district court's ruling on the amount of attorneys' fees to be awarded to Class Counsel will not affect the district court's ruling that the Costco settlement is fair, reasonable and adequate.**

The Costco settlement is not set up as a "constructive common fund", as the Alkon objectors contend, because the Costco Settlement does not provide for direct monetary compensation for the members of the settling Class. Indeed, should the district court not award Class Counsel any attorneys' fees, the members of the settling Costco Class will still receive

1

injunctive relief, not direct monetary payments from Costco.  Simply put, there is no monetary "common fund" set aside by Costco to pay Class Counsel's attorneys' fees.  And the Court has acknowledged that fact.[1]

Moreover, the district court has assessed the reasonableness of an award of attorneys' fees in conjunction with the fact that the members of the settling Costco Class are not receiving monetary payments.  In its final approval order, the district court determined that the Costco settlement is fair, reasonable and adequate even though there is no award of monetary compensation to the settling Costco Class, and overruled all objections regarding the lack of monetary compensation. (Dkt. No. 4248 at 29-30).  This finding remains true regardless if Class Counsel are awarded $1 or $10 Million in reasonable attorneys' fees.

In addition, whatever amount under $10 Million is not awarded to Class Counsel is not designed to "revert back" to Costco.  As recognized by the district court when it rejected the Alkon objectors' argument that Class Counsel breached their fiduciary duty to the settling Class, Costco has not set aside $10 Million to pay Class Counsel, but has agreed that Class Counsel will be paid a reasonable sum determined by the Court and Class Counsel has agreed that such amount will not to exceed $10 Million. (Dkt. No. 37-38). The reasonable attorneys' fees awarded to Class Counsel will compensate Class Counsel for their efforts in litigating this case and obtaining a benefit to the Class, and this payment is not being made regardless of the Court's reasonableness determination.   (Dkt. No. 4248 at 35, 37-38).   Indeed, the district court determined that if Class Counsel are entitled to an award of attorneys' fees to be paid by Costco because of their efforts in achieving the use of ATC in the purchase of retail motor fuel for the Costco Class, the amount of attorneys' fees awarded to Class Counsel will be fair, reasonable

---

[1] Doc. 1707, pgs. 57-58.

and adequate based on the factors set forth in *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). (Dkt. No. 4248 at 35).  Thus, the Alkon Objector's reliance on cases such as *Bluetooth Headset Prods. Liab. Lit.*, 654 F.3d 935, 949 (9th Cir. 2011) is misplaced because the district court has already analyzed the overall fairness of the Costco Settlement, including the provision that Costco will pay whatever fees the Court deems fair and reasonable.

Finally, unlike the *Bluetooth* court's recognition that often the allocation between the class payment and the attorneys' fees is of little or no interest to the defense, 654 F.3d at 949, Costco has vigorously opposed the amounts attorneys' fees requested by Class Counsel.  There is no need for the district court to make a separate determination as to whether an award of attorneys' fees to Class Counsel was the result of collusion between the settling parties and adversely affected the members of the settling Costco Class.

In essence, all aspects of the Costco settlement related to the Class and the claims against Costco have already been adjudicated by this Court.  The only remaining is this Court's determination of a fee that is fair and reasonable, which is independent of this Court's prior determination that the Costco settlement is fair and reasonable to the Class.

**2.    An order directing entry of a final judgment on the April 24, 2012 order granting final approval of the Costco Settlement will not result in duplicative and piecemeal appellate review.**

The Alkon objector's second argument ignores that all of the claims against Costco have been resolved through the Costco settlement, which makes certification appropriate even though claims against the other defendants remain pending. *Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339, 341 (2nd Cir. 1963) (appellate jurisdiction through Rule 54(b) appropriate when case involved multiple parties and the judgment appealed from wholly terminated the action against one of the defendants); *Federal Deposit Ins. Corp. v. Tripati* 769

F.2d 507, 508 (8th Cir. 1985) (Rule 54(b) certification appropriate where default judgment against two of the defendants was unrelated to the merits of the claims against the other defendants; therefore the underlying action did not need to be reviewed as single unit).  Any subsequent rulings approving the other settlements will not involve the claims against Costco requiring additional appellate review of claims and issues involving Costco, and delaying the appeal of the April 24, 2012 order granting final approval of the Costco Settlement until all claims against all defendants are resolved in the various jurisdictions will cause a significant delay in the implementation of ATC at retail by Costco. Avoiding such a delay by an entry of final judgment on the April 24, 2012 order will meet the essential purpose of Rule 54(b) to avoid the possible injustice of a delay in entering judgment as to fewer than all of the parties until the final adjudication of the entire case. *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001). Moreover, with respect to the approval of the other settlement agreements with the other defendants, a review by the Tenth Circuit will only benefit all parties involved by providing direction to the district court as to whether such settlement agreements, which are similar to the Costco settlement, should be approved as fair, reasonable and adequate.

## CONCLUSION

For the reasons stated above, and in Plaintiffs' June 19, 2012 motion for an order directing entry of a final judgment on the April 24, 2012 Order granting final approval of the Costco Settlement, the Plaintiffs request that the April 24, 2012 Order be certified as a final judgment under Fed. R. Civ. P. 54(b), and that the Court expressly determine that there is no just reason for delay in certifying the April 24, 2012 Order as a final judgment.

Dated: July 6, 2012                                   Respectfully submitted,

                                               */s/ Robert A. Horn*
                                               Robert A. Horn        KS Bar No. 70254
                                               HORN AYLWARD & BANDY, LLC
                                               2600 Grand Boulevard, Suite 1100
                                               Kansas City, Missouri 64108
                                               Telephone: (816) 421-0700
                                               Facsimile: (816) 421-0899
                                               rhorn@hab-law.com

                                               CO-LEAD CLASS COUNSEL

## CERTIFICATE OF SERVICE

      I hereby certify that on July 6, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all persons registered for ECF as of that date.

                                               */s/ Joseph A. Kronawitter*