**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE ) | |
| SALES PRACTICES LITIGATION ) | |
| ) | **MDL No. 1840** |
| **This Document Relates To:** ) | **Case No. 07-1840-KHV** |
| ) | |
| <u>Wilson, et al. v. Ampride, Inc., et al.</u>, ) | |
| Case No. 06-2582-KHV, ) | |
| ) | |
| **and** ) | |
| ) | |
| <u>American Fiber & Cabling, LLC, et al. v. BP Products</u> ) | |
| <u>North America Inc., et al.</u>, ) | |
| Case No. 07-2053-KHV. ) | |
| _____ ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on <u>Defendants' Motion *In Limine* And Memorandum In Support To Exclude Evidence Regarding Use Of Automatic Temperature Compensation In Canada Or Other Countries</u> (Doc. #4254) filed April 25, 2012.[1] Defendants ask the Court to exclude all evidence and argument concerning the use of Automatic Temperature Compensation ("ATC") in Canada or other countries. They contend the matter is irrelevant under Federal Rules of Evidence 401 and 402, and that any probative value of such evidence would be substantially outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury and undue

---

[1] On May 29, 2012, defendants filed a motion for leave to file replies in support of their motions in limine. <u>Motion For Leave To File Reply Briefs In Support Of Motions *In Limine*</u> (Doc. #4317). The pretrial order states that "[r]eply briefs in support of motions in limine shall not be allowed without leave of court." <u>Amended Pretrial Order</u> (Doc. #3809) filed March 20, 2012 at 50. Defendants' reply brief in support of this motion rehashes old arguments and raises new, though meritless arguments regarding piercing the corporate veil and character evidence under Federal Rule of Evidence 404(b). The Court therefore overrules the motion for leave file a reply brief.

delay under Rule 403. For the following reasons, the Court overrules the motion.[2]

Plaintiffs intend to offer evidence that a wholly-owned subsidiary of 7-Eleven, Inc. – 7-Eleven Canada, Inc. – sells motor fuel using ATC in Canada, where the temperature of fuel is generally cold. They contend that this evidence is relevant to show that temperature must be important (i.e. material) to retail motor fuel transactions. They also argue that because 7-Eleven chooses not to disclose or account for the temperature of the motor fuel which it sells in Kansas, where fuel is generally warmer, its voluntary use of ATC in Canada is relevant to show willful and and unconscionable conduct under the Kansas Consumer Protection Act, K.S.A. §§ 50-626(b)(3) and 50-627. In addition, plaintiffs argue that if defendants introduce evidence regarding the feasibility of ATC, they should be able to show that 7-Eleven Canada sells fuel using ATC devices.

Defendants argue that this evidence is irrelevant because 7-Eleven Canada is not a defendant, and no defendant has ever sold motor fuel in Canada. Primarily, however, they argue that numerous differences between Kansas and Canada make Canadian motor fuel sales practices irrelevant. They contend that allowing plaintiffs to drag Canadian motor fuel sales practices into the case will force defendants to present additional evidence regarding the Canadian regulatory scheme that allows the use of ATC and the complex reasons for its adoption by some retailers in Canada. They argue that given the vastly different circumstances in Canada and Kansas, all evidence about Canada will be a waste of time and mislead or confuse the jury.

On one hand, plaintiffs' evidence that 7-Eleven Canada sells motor fuel using ATC is of some relevance to plaintiffs' claims that 7-Eleven willfully omitted material facts or engaged in

---

[2]  Although defendants seek to exclude any evidence or argument concerning the use of ATC in Canada or any other country, the parties' arguments focus only on evidence and argument regarding 7-Eleven Canada, Inc. This order is therefore likewise limited.

2

unconscionable acts or practices in connection with a consumer transaction in violation of the KCPA, K.S.A. §§ 50-626(b)(3) and 50-627. On the other hand, comparing practices in Canada and Kansas would require evidence – quite limited in scope – about the relationship between defendant 7-Eleven and its subsidiary, 7-Eleven Canada. It could involve comparing different regulatory schemes, methods of sale and the advantages or disadvantages of ATC under different circumstances and conditions. On this record, however, the Court cannot ascertain the scope of such evidence or whether it would unnecessarily complicate the case.

Plaintiffs suggest that the contextual evidence defendants would seek to introduce is not necessary. But admitting evidence of 7-Eleven Canada's decision to sell motor fuel using ATC without providing some context concerning relevant aspects of its decision-making processes and the Canadian motor fuel market "would strip the jury of any framework within which to evaluate the meaning of that evidence." In re Seroquel Prods. Liab. Litig., 601 F. Supp.2d 1313, 1318 (M.D. Fla. 2009) (excluding evidence of foreign regulatory actions potentially relevant to defendant's knowledge and state of mind).[3] 7-Eleven, however, has not specified exactly what evidence it would want to introduce with respect to the Canadian regulatory scheme and its Canadian sales practices. Without knowing what evidence 7-Eleven would seek to present, it is not possible to determine whether the danger of undue delay, wasting time or confusion of the issues substantially outweighs the probative value of plaintiffs' evidence.

---

[3]   See also Deviner v. Electrolux Motor, AB, 844 F.2d 769, 773 (11th Cir. 1988) (in chain saw product liability action, district court did not abuse discretion by excluding evidence that after enactment of 1978 Swedish law making chain brakes mandatory, number and severity of chain saw injuries went down in Sweden); In re Baycol Prods. Litig., 532 F. Supp.2d 1029, 1054 (D. Minn. 2007) (in products liability case against drug manufacturer, excluding expert testimony regarding foreign regulatory actions offered to prove defendant had notice of dangerous side-effects of drug because the evidence would likely cause jury confusion).

Plaintiffs seek to use evidence about 7-Eleven Canada to argue that (1) 7-Eleven knew the effect of temperature on motor fuel, (2) in Kansas, 7-Eleven did not disclose the temperature of the fuel it sold or disclose the effect of temperature on fuel, (3) in Kansas, 7-Eleven did not adjust fuel sales for temperature. These facts, however, are basically undisputed. Therefore, evidence about 7-Eleven Canada is not necessary to establish such facts. Plaintiffs also seek to use evidence of Canadian sales practices to prove motive and wilfulness, i.e. that 7-Eleven uses ATC in Canada, but not Kansas, because Canada is cooler and Kansas is warmer. Neither party has shown what evidence (or how much) it plans to offer on this issue. On this record, the Court finds no basis to conclude that the danger of unfair prejudice, confusion or waste of time substantially outweighs the probative value of evidence relating to 7-Eleven Canada's use of ATC.

Plaintiffs also contend that if defendants argue that the installation of ATC devices is infeasible because of convenience, the cost of installation or other similar factors, they should be able to offer evidence that 7-Eleven Canada uses ATC devices. If defendants open the door to this evidence, it seems plaintiffs could introduce it without requiring defendants to offer evidence of the Canadian regulatory scheme, sales practices, etc. This issue, however, is contingent on defendants opening the door. It is therefore not yet properly before the Court.

For the reasons stated above, the Court overrules defendants' motion pending further developments at trial.

**IT IS THEREFORE ORDERED** that Defendants' Motion *In Limine* And Memorandum In Support To Exclude Evidence Regarding Use Of Automatic Temperature Compensation In Canada Or Other Countries (Doc. #4254) filed April 25, 2012 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendants' Motion For Leave To File Reply Briefs In

Support Of Motions *In Limine* (Doc. #4317) filed May 29, 2012 be and hereby is **OVERRULED**

with respect to their motion to exclude evidence that 7-Eleven Canada uses ATC at retail.

Dated this 18th day of July, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
