# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IN RE: MOTOR FUEL TEMPERATURE     )
SALES PRACTICES LITIGATION      )
                                         )       **MDL No. 1840**
(This Document Relates to All Cases)    )       **Case No. 07-1840-KHV**
_____)

## MEMORANDUM AND ORDER

On April 24, 2012, the Court granted final approval of plaintiffs' class action settlement with defendant Costco Wholesale Corporation.  Memorandum And Order (Doc. #4248).  It did not, however, rule on plaintiffs' request for attorneys' fees or enter final judgment on plaintiffs' claims against Costco.  Several objectors have appealed the Costco settlement approval.  See Notice Of Appeal (Doc. #4310) filed May 22, 2012; Notice Of Appeal (Doc. #4312) filed May 23, 2012.  This matter comes before the Court on Plaintiffs' Motion For An Order Directing Entry Of A Final Judgment On The April 24, 2012 Order Granting Final Approval Of The Costco Settlement (Doc. #4330) filed June 19, 2012.  Two objectors – Amy Alkon and Nicolas S. Martin (collectively "Alkon objectors") – oppose the motion.  Because entering judgment now would create a risk of piecemeal litigation, the Court overrules the motion.

Rule 54(b), Fed. R. Civ. P., provides as follows:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

By making immediate appeal available, Rule 54(b) seeks to avoid the possible injustice caused by delaying judgment on a distinctly separate claim or as to fewer than all of the parties until final

adjudication of the entire case.  Okla. Turnpike Auth. v. Bruner, 259 F.3d 1236, 1241 (2001).  It also

"preserves the historic federal policy against piecemeal appeals," Sears, Roebuck & Co. v. Mackey,

351 U.S. 427, 438 (1956) – a policy that promotes judicial efficiency, expedites the ultimate

termination of an action and relieves appellate courts of the need to repeatedly familiarize

themselves with the facts of a case, Okla. Turnpike Auth., 259 F.3d at 1241.  Thus it attempts to

strike a balance between the undesirability of more than one appeal in a single action and the need

for making review available in multiple-party or multiple-claim situations at a time that best serves

the needs of the litigants.  Id.

     District courts should not routinely enter Rule 54(b) judgments.  Id. (citing Curtiss-Wright

Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980); Livesay v. Shollenbarger, 19 F.3d 1443 (Table),

1994 WL 56923, at *2 (10th Cir. 1994); Great Am. Trading Corp. v. I.C.P. Cocoa, Inc., 629 F.2d

1282, 1286 (7th Cir. 1980)).  They should be reluctant to enter such orders because the purpose of

the rule is limited: "to provide a recourse for litigants when dismissal of less than all their claims

[without immediate appeal] will create undue hardships."  Id. (quoting Gas-A-Car, Inc. v. Am.

Petrofina, Inc., 484 F.2d 1102, 1105 (10th Cir.1973)) (internal quotation marks omitted).  To enter

judgment under Rule 54(b), the Court must find that (1) the Costco settlement approval order was

a final order and (2) there is no just reason for delay.  Fed. R. Civ. P. 54(b); Okla. Turnpike Auth.,

259 F.3d at 1242.

     Plaintiffs contend that the Costco settlement approval order is final, and that there is no just

reason to delay entering judgment because the order settles all claims against Costco.  They argue

that immediate appellate review will not result in duplicative appeals and will benefit all parties by

providing direction to the Court regarding future approval of similar settlement agreements.  The

Alkon objectors argue that the order is not final because the fairness of the Costco settlement is inextricably intertwined with the attorney fee issue that is still before the Court. In their view, the fees are part of a "constructive common fund" even though plaintiffs ceded their claim for monetary damages in favor of injunctive relief under the terms of the settlement agreement.

The Alkon objectors also argue that entering judgment as to Costco, and allowing other objectors' appeals to proceed, will lead to a duplication of efforts by the Tenth Circuit. They note that similar settlement agreements are now pending before the Court, and class members who object to those settlements will not be bound by the Tenth Circuit decision on the Costco settlement. The result, they argue, would be piecemeal appellate review of similar settlement agreements involving similar legal issues. Moreover, they argue that plaintiffs have not shown that delaying entry of final judgment will result in the sort of undue hardship that Rule 54(b) was intended to prevent.

Assuming that the Costco settlement approval order is a final order, plaintiffs have not shown that there is no just reason for delaying entering judgment as to Costco. The Court is reluctant to enter Rule 54(b) judgments. Okla. Turnpike Auth., 259 F.3d at 1241. In this case it is particularly reluctant. This multidistrict litigation proceeding is five years old and is very complex; plaintiffs have filed additional motions for settlement approval and the case is set for trial on August 27, 2012. The Court does not anticipate further protracted litigation after trial, and will likely rule on the pending motions for settlement approval before the Tenth Circuit could resolve the Costco settlement approval appeals.

By entering judgment now the Court risks creating piecemeal appeals involving similar issues. For example, if the Court approves any of the pending settlements, a subsequent appeal would likely require the Tenth Circuit to address issues very similar to those involved in the Costco

settlement approval.  Thus entering judgment on the Costco settlement approval now could require the Tenth Circuit to repeatedly familiarize itself with the facts of the case, and address similar issues more than once.  This alone is just reason for delay.  See Okla. Turnpike Auth., 259 F.3d at 1241.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For An Order Directing Entry Of A Final Judgment On The April 24, 2012 Order Granting Final Approval Of The Costco Settlement (Doc. #4330) filed June 19, 2012 be and hereby is **OVERRULED**.

Dated this 26th day of July, 2012 at Kansas City, Kansas.

s/  Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge