**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **IN RE: MOTOR FUEL TEMPERATURE** ) | |
| **SALES PRACTICES LITIGATION** ) | |
| ) | **MDL No. 1840** |
| **(This Document Relates to All Cases)** ) | **Case No. 07-MD-1840-KHV** |
| _____) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Renewed Motion For Order Conditionally Certifying Settlement Classes, Preliminarily Approving Class Action Settlements, Directing And Approving Distribution Of Class Notice, Setting Hearing For Final Approval Of Class Action Settlements And Appointing Class Counsel ("Plaintiffs' Second Renewed Motion For Preliminary Approval") (Doc. #4472) filed December 3, 2012.  Plaintiffs seek preliminary approval of amended settlement agreements with Exxon Mobil Corporation, Esso Virgin Islands, Inc. and Mobil Oil Guam, Inc. (collectively, "ExxonMobil") and Valero Marketing and Supply Company and Valero Energy Corporation (collectively, "Valero").  For reasons stated below, the Court sustains plaintiffs' motion.

On November 20, 2012, the Court granted plaintiffs' motion for preliminary approval of seven proposed settlement agreements and overruled the motion with respect to proposed settlements with Exxon and Valero.  See Memorandum And Order (Doc. #4464).  For legal standards regarding class certification and preliminary approval of proposed class settlements, see id. at 2-5.  For descriptions of the original and previously amended settlement agreements with ExxonMobil and Valero, see id. at 5-6, 14-17, 20-23 and Memorandum And Order (Doc. #4424) at 5-23.

**I.     ExxonMobil Second Amended Settlement**

   **A.     Class Certification**

In its previous order, the Court found that the proposed subclasses under the ExxonMobil amended settlement met the requirements for conditional certification under Rule 23(a) and (b)(3). See Memorandum And Order (Doc. #4464) at 6-8. The proposed subclasses under the second amended settlement have not changed. See ExxonMobil Second Amended Settlement (redlined version) at 8-12, Exhibit 3 to Plaintiffs' Second Renewed Motion For Preliminary Approval (Doc. #4472). Accordingly, the Court will conditionally certify the proposed settlement classes as to ExxonMobil subject to plaintiffs demonstrating at the final approval hearing – "under a strict burden of proof" – that the requirements of Rule 23(a) and (b)(3) are clearly satisfied.

   **B.     Preliminary Approval**

In its previous order, the Court found that plaintiffs had not shown that the amended settlement with ExxonMobil provided sufficient value or benefit to class members to justify releasing their class action claims. See Memorandum And Order (Doc. #4464) at 8, 14-18. Specifically, the Court took issue with provisions which (1) gave ExxonMobil the right to object to any settlement fund payment of $10,000 or more and (2) provided for undistributed funds to go to the National Math and Science Initiative. See id. at 14-18. The second amended settlement eliminates the objection provision and provides that undistributed funds will go to the state for which the particular funds were originally allocated to facilitate ATC. See ExxonMobil Second Amended Settlement (redlined version) at 18-19. These amendments alleviate the Court's previous concerns and bring the ExxonMobil settlement in line with other settlements which the Court has preliminarily approved. See Memorandum And Order (Doc. #4464) at 8-14, 18-19. Accordingly,

the Court will preliminarily approve the second amended settlement with ExxonMobil.

## II.     Valero Amended Settlement[1]

### A.     Class Certification

In its previous order, the Court found that the proposed subclasses under the Valero settlement met the requirements for conditional certification under Rule 23(a) and (b)(3). See Memorandum And Order (Doc. #4464) at 18.  The proposed subclasses under the amended settlement have not changed.  See Valero Amended Settlement ¶ 2.1, Exhibit 4 to Plaintiffs' Second Renewed Motion For Preliminary Approval (Doc. #4472).  Accordingly, the Court will conditionally certify the proposed settlement classes as to Valero subject to plaintiffs demonstrating at the final approval hearing – "under a strict burden of proof" – that the requirements of Rule 23(a) and (b)(3) are clearly satisfied.

### B.     Preliminary Approval

The original settlement with Valero required it to post the temperature reading of diesel and regular unleaded gasoline, as reflected on its automatic tank gauge system.  In its previous order, the Court found that plaintiffs had not shown that the proposed settlement provided sufficient value or benefit to class members to justify releasing their class action claims.  See Memorandum And Order (Doc. #4464) at 20-24.  Specifically, the Court found that the proposed disclosures would provide little to no benefit to class members, and that any benefit would be outweighed by the potential of confusion to class members.  See id. at 24.

---

[1] Previously, plaintiffs did not submit an amended agreement with Valero but the parties agreed to additional terms regarding the original settlement. See Memorandum And Order (Doc. #4464) at 5 n.4. Thus, the proposed agreement submitted with the current motion is the first amended settlement with Valero.

Under the amended settlement, the parties agree that in exchange for a full release of class member claims relating to the underlying lawsuits, over the next five years in the settlement states, subject to regulatory approval, Valero will convert to ATC its existing retail motor fuel dispensers and install ATC at any new retail station opened during the agreement term, i.e. five years from the effective date of the settlement agreement.[2]  Valero Amended Settlement ¶¶ 4.1, 4.2, 4.3, 4.5, 6.1. However, if the standard practice in any of the settlement states changes such that sales of motor fuel to a material number of retailers are made on a non-temperature-corrected basis and if the majority of Valero's wholesale purchases for sale in that state are made on a non-temperature corrected basis within any fiscal year during the agreement term, the requirement that Valero convert to or install ATC in that state shall cease until such time that Valero purchases a majority of its wholesale purchases in that state on a net basis within any fiscal year.  Id. ¶¶ 4.1-4.2.

During the five-year phase-in period, Valero will install stickers on existing pumps at retail stations in the settlement states.  Id. ¶ 4.7.  The stickers shall generally disclose (1) whether the motor fuel being sold is adjusted for temperature; (2) the potential effect of temperature on the volume and energy content of motor fuel and (3) such other information as Valero chooses to include with respect to the energy content or other aspects of the motor fuel being sold.  Id.  Valero will control the specific content, style and placement of its disclosure stickers.  Id.

Valero will pay class counsel $50,000 toward the cost of class notice.  Id. ¶¶ 4.12.

---

[2]  Within the first two years, Valero will convert to ATC at least ten per cent of its retail motor fuel dispensers in each state.  Valero Amended Settlement ¶ 4.3.1.  Within three years, Valero will convert at least 40 per cent of its retail motor fuel dispensers in each state.  Id. ¶ 4.3.2. Within four years, Valero will convert at least 70 per cent of its retail motor fuel dispensers in each state.  Id. ¶ 4.3.3.  Within five years, Valero will convert 100 per cent of its retail motor fuel dispensers to ATC.  Id. ¶ 4.3.4.  Notwithstanding this schedule, the maximum number of stations which Valero must convert to ATC in one year may not exceed 50 stations in one state.  Id. ¶ 4.3.5.

Valero will pay class counsel up to $4,000,000 in attorney's fees, subject to Court approval. Id. ¶¶ 4.11.

Valero agrees to abstain from any regulatory, legislative, lobbying or trade association activity involving ATC and agrees not to oppose ATC. Id. ¶ 4.10.

Every six months, Valero will file with the Court and provide class counsel a status report describing its compliance with the ATC phase-in time line. Id. ¶ 7.2.

To the extent that any local, state or federal legislative or regulatory body or agency has adopted or adopts legislation, regulations, or rules or policies that conflict with or impose requirements substantially similar to the terms of the settlement agreement, then Valero's compliance with any such legislation, regulations, or rules or policies shall be deemed to constitute satisfaction of the terms of the settlement.[3] Id. ¶ 9.

The amended settlement with Valero is similar to the settlement with Costco Wholesale Corporation which the Court has approved, see In re Motor Fuel Temp. Sales Pract. Litig., No. 07-1840, 2012 WL 1415508, at *14 (D. Kan. April 24, 2012), and the settlements with Casey's General Stores, Inc. and Sam's Club which the Court has preliminarily approved. See Memorandum And Order (Doc. #4464) at 20. For the same reasons stated with respect to those settlements, the Court finds that class members would benefit under the Valero amended settlement by obtaining an opportunity to purchase ATC fuel. See Memorandum And Order (Doc. #4424) filed September 28, 2012 at 35; In re Motor Fuel, 2012 WL 1415508, at *14. Accordingly, the Court will preliminarily approve the amended settlement with Valero.

**IT IS THEREFORE ORDERED** that the Renewed Motion For Order Conditionally

---

[3] If regulatory approval of ATC is required by law, class counsel agrees to take all reasonable steps to seek such approval from each of the states at issue. Id. ¶ 4.5.

<u>Certifying Settlement Classes, Preliminarily Approving Class Action Settlements, Directing And Approving Distribution Of Class Notice, Setting Hearing For Final Approval Of Class Action Settlements And Appointing Class Counsel</u> (Doc. #4472) filed December 3, 2012 be and hereby is **SUSTAINED**.  Regarding the second amended settlement Exxon Mobil Corporation, Esso Virgin Islands, Inc. and Mobil Oil Guam, Inc. and the amended settlement with Valero Marketing and Supply Company and Valero Energy Corporation, the Court preliminarily certifies the proposed settlement classes, subject to plaintiffs demonstrating at the final approval hearing "under a strict burden of proof" that the requirements of Rule 23(a) and (b)(3) are clearly satisfied.  The Court preliminarily approves the proposed amended settlements and appoints Robert A. Horn, Thomas V. Girardi and George A. Zelcs as lead counsel and Thomas V. Bender as liaison counsel for the proposed settlement classes.

**IT IS FURTHER ORDERED** that on or before **December 17, 2012**, plaintiffs shall file proposed notice plans for all settlements which the Court has preliminarily approved.

Dated this 10th day of December, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge
