# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE: MOTOR FUEL TEMPERATURE** ) | |
| **SALES PRACTICES LITIGATION** ) | |
| ) | **MDL No. 1840** |
| **(This Document Relates to All Cases)** ) | **Case No. 07-MD-1840-KHV** |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiffs' <u>Proposed Notice Plan For Class Action</u>
<u>Settlements</u> (#4483) filed December 17, 2012, which the Court construes as a motion to approve the
proposed notice plan.  With respect to ten settlement agreements which the Court has preliminarily
approved, plaintiffs propose to give class members notice as follows:

In 20 states and one territory, where at least 75 per cent of the target population has Internet
access according to the 2010 U.S. Census, plaintiffs propose an exclusively web-based notice.[1]  <u>See</u>
<u>Affidavit Of Jeffrey D. Dahl With Respect To Settlement Notice Plan</u> ("<u>Dahl Affidavit</u>") ¶¶ 12, 15,
20-22, attached to <u>Proposed Notice Plan For Class Action Settlements</u> (#4483).  Specifically, in
those states, plaintiffs propose to twice expose Internet users to banner ads which state as follows:
"If you purchased gasoline or diesel fuel on or after January 1, 2001, a class action settlement may
affect your rights.  Click here for more information."  <u>Id.</u> ¶¶ 20-22 and Exhibit 7 thereto.  If a
computer user clicks on the ad, it would open a dedicated website which contains detailed
information regarding the proposed settlements.  <u>Proposed Notice Plan For Class Action Settlements</u>
(#4483) at 5.

In six states and two territories, where less than 75 per cent of the target population has

---

[1]    The areas in which plaintiffs propose web-based notice are as follows: Arizona,
California, Delaware, Florida, Georgia, Indiana, Kansas, Louisiana, Maryland, Missouri, Nevada,
New Jersey, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, Texas, Utah, Virginia,
and District of Columbia.

Internet access according to the 2010 U.S. Census, plaintiffs propose to give the same web-based notice and publish a summary notice in the top two circulation newspapers in the state or territory.[2] Dahl Affidavit ¶ 20.  The summary notice would briefly describe the settlements and provide a website address and automated telephone line where class members can obtain additional information, and a mailing address to which class members can write and request a detailed, long-form notice of the settlements.  Proposed Notice Plan For Class Action Settlements (#4483) at 5.

In addition, for all of the settlement states and territories, plaintiffs propose an "optional" publication of the summary notice in Parade magazine.  Id. at 6-7.  Plaintiffs suggest that this additional notice is not necessary, however, because the digital notice plan offers a higher degree of confidence that class members will be exposed to the notice.  Id.

Pursuant to Rule 23(c)(2)(B), the Court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  Fed. R. Civ. P. 23(c)(2)(B).  The notice must clearly and concisely state in plain language the following information: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B).  Also, pursuant to Rule 23(e), the Court must direct notice in a reasonable manner to all class members who will be bound by the proposed settlements.  Fed. R.

---

[2]     The areas in which plaintiffs propose to publish web-based and newspaper notices are as follows: Alabama, Arkansas, Kentucky, Mississippi, South Carolina, Tennessee, U.S. Virgin Islands and Guam.

Civ. P. 23(e).[3]

Under Rule 23, notice "is designed to fulfill requirements of due process to which the class action procedure is of course subject." Fed. R. Civ. P.  23(c) advisory committee's note (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306 (1950)).  Plaintiffs' pocketbooks are not a factor – the mandatory notice requirement may not be relaxed based on the high cost of providing notice.  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 617 (1997); Burns v. Copley Pharm., Inc., 132 F.3d 42 (Table), 1997 WL 767763, at *2 (10th Cir. 1997).  Thus, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Mullane, 339 U.S. at 315.  The constitutional validity of any chosen method may be defended on the ground that it is reasonably certain to inform those affected.  Id.  For example, publication notice does not satisfy due process where the names and addresses of the putative class members are known or very easily ascertainable.  Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 174-75 (1974) (citing Mullane, 339 U.S. at 318).  Rule 23(c)(2) prefers individual notice because notice by publication has long been recognized as a poor substitute for actual notice and its justification is "difficult at best."  Id. at 175 (quoting Schroeder v. City of New York, 371 U.S. 208, 213 (1962)).  Its plain language leaves no doubt that individual notice must be provided to class members who are identifiable through reasonable effort.  Id.

---

[3]      In addition, the Due Process Clause of the United States Constitution guarantees unnamed class members the right to notice of class certification or settlement.  See U.S. Const., amend. V; Dejulius v. New England Health Care Emp. Pension Fund, 429 F.3d 935, 943-44 (10th Cir. 2005).  This due process right does not require actual notice to each party intended to be bound by adjudication of a class action.  Id. at 944.  The Court must give "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Id. (quoting In re Integra Realty Res., Inc., 262 F.3d 1089, 1110-11 (10th Cir. 2001)).  The legal standards for satisfying Rule 23(c)(2)(B) and due process are coextensive and substantially similar.  See Dejulius, 429 F.3d at 944.

Here, plaintiffs' motion is silent as to whether class members can be identified through reasonable effort.[4] Moreover, even if individual notice is not reasonably feasible, plaintiffs have not shown that the proposed notice plan would likely inform class members of the settlements. To obtain information about the settlements under the proposed plan, class members must click on banner ads that would display twice during visits to popular web sites. Plaintiffs provide no evidence regarding the likelihood that class members would actually click on the banner ads.

The Court is skeptical whether a notice program based primarily on banner ads would satisfy the notice requirements of Rule 23. At least one study suggests that more than 90 per cent of people do not click on banner advertisements because they (1) do not wish to be taken away from their current online activity; (2) believe that the ads lack relevance to them; and (3) are concerned about computer security (e.g., spam, viruses). See Yahoo Finance, Top Ten Reason Users Don't Click Banner Ads: They Don't Want To Be Diverted From Their Current Online Activity, http://finance.yahoo.com/news/Top-Reason-Users-Don't-Click-iw-129671171.html (April 19, 2011) (last visited Jan. 7, 2013). In another study, more than half of adults surveyed indicated that they do not click on banner ads because they are afraid that clicking will lead to spam or a computer virus. See BizReport, AdKeeper: 57% Scared to Click Banner Ads,

---

[4]    In another settlement in this proceeding, Costco Wholesale Corporation provided individual notice to class members. See In re Motor Fuel Temp. Sales Pract. Litig., No. 07-1840-KHV, 2012 WL 1415508, at *6 (D. Kan. April 24, 2012).

On the other hand, in the Kansas cases which proceeded to trial, the parties agreed that identifying individual class members would require unreasonable effort because mailing lists, if available, would include only a small percentage of the class and would likely be over and/or under inclusive. See In re Motor Fuel Temp. Sales Pract. Litig., 279 F.R.D. 598, 618 (D. Kan. 2012). The parties agreed to – and the Court approved – a notice plan which consisted of statewide print and radio notices that would reach roughly 75 per cent of current Kansas residents over the age of 18. Id.

http://www.bizreport.com/2011/04/adkeeper-57-scared-to-click-banner-ads.html (April 25, 2011)

(last visited Jan. 7, 2013).[5]

      With regard to measuring the reach of class notice via Internet advertising, the Federal

Judicial Center class action notice checklist states as follows:

> Audiences of Internet websites are measured by "impressions." Total, or "gross,"
> impressions of the entire website do not reveal how many people will view the notice
> "ad" appearing periodically on a particular page. Inflated audience data via Internet
> ads is common.  It is very expensive to reach a significant percentage of a mass
> audience with Internet banner ads. Watch for suggestions that Internet ads and social
> network usage can replace all other methods. Reach, awareness, and claims will
> likely be very low when such a program is complete.

Judge's Class Action Notice And Claims Process Checklist And Plain Language Guide at 4 (Federal

Judicial Center 2010) (available at http://www.fjc.gov/public/pdf.nsf/lookup/NotCheck

.pdf/$file/NotCheck.pdf.).

      On this record, plaintiffs have not shown that the proposed notice plan satisfies the notice

requirements of Rule 23.  On or before **January 24, 2013**, plaintiffs may opt to (1) submit additional

evidence in this regard; (2) request an evidentiary hearing; or (3) submit a revised proposed notice

plan.[6]

---

[5]    Apparently, concerns that clicking on banner ads can lead to computer viruses are
not unfounded.  See M&C Tech, New Online Virus Threat Comes Via Banner Ads,
http://www.monstersandcritics.com/tech/news/article_1514709.php/New-online-virus-threat-co
mes-via-banner-ads (Nov. 22, 2009) (last visited Jan. 7, 2013); Norton by Symantec, Your Security
Resource, New Source of Internet Threat: Banner Ads,
http://us.norton.com/yoursecurityresource/detail.jsp?aid=banner (2010) (last visited Jan. 7, 2013).
The Court is not saying that the banner ads proposed in this case would cause computer viruses, only
that class members may not click on them due to computer security concerns.

[6]    The Court notes that the proposed detailed notice does not contain information
specific to each settlement.  See Exhibit 4 to Proposed Notice Plan For Class Action Settlements
(#4483).  In particular, it does not inform class members which settlements apply to which state or
territory, or the class representatives for each state or territory.  Also, with regard to each settlement
(continued...)

**IT IS SO ORDERED.**

Dated this 10th day of January, 2013 at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          Kathryn H. Vratil
                                          United States District Judge

---

[6](...continued)
which pays money into a settlement fund, it does not explain (1) how the settlement fund may be used; (2) how the money will be divided up between states and territories; (3) the time frame for distribution; and (4) what will happen to undistributed funds.  In addition, with regard to each settlement which requires installation of automatic temperature compensation ("ATC") pumps, it does not explain (1) the time frame for ATC installation; (2) which states will receive ATC and under what conditions; and (3) conditions in which defendant will not install ATC.  In addition, the notice does not explain the funds which defendants have agreed to pay for class notice.  For a guide on the level of detail which the Court will require, the Court directs the parties to review the detailed class notice which the Court approved regarding the Costco settlement.  See Exhibit B to Plaintiffs And Defendant Costco Wholesale Corporation's Supplemental Memorandum Regarding Proposed Notice To Class Members Of Amended Settlement (Doc. #3034) filed November 17, 2011; Order (Doc. #3037) filed November 18, 2011.