# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE ) <br> SALES PRACTICES LITIGATION ) <br> ) <br> This Document Relates To: ) <br> ) <br> **Rushing, et al. v. Alon USA, Inc. et al.,** ) <br>     D. Kan. Case No. 07-2300-KHV, ) <br>     N.D. Cal. Case No. 06-07621-PJH, ) <br> ) <br> **Lerner, et al. v. Costco Wholesale Corp. et al.,** ) <br>     D. Kan. Case No. 07-2405-KHV, ) <br>     C.D. Cal. Case No. 07-01216-GHK-FMO, ) <br> ) <br> **and** ) <br> ) <br> **Wyatt, et al. v. B.P. Am. Corp., et al.,** ) <br>     D. Kan. Case No. 07-2507-KHV, ) <br>     S.D. Cal. Case No. 07-01754-BTM-JMA. ) <br> ) | MDL No. 1840 <br> Case No. 07-1840-KHV |

## MEMORANDUM AND ORDER

On April 9, 2013, the Court ordered plaintiffs and Chevron to show good cause in writing why the pretrial orders in the above-captioned California cases should not be amended to conform with each other such that the same claims are asserted against Chevron in each of the cases.[1] Order To Show Cause (Doc. #4546). This matter is before the Court on the parties' responses.[2] Plaintiffs

---

[1] Of the three cases, the Court has entered a pretrial order only in Lerner. The parties have submitted proposed pretrial orders in Rushing and Wyatt. Although the Court has not entered the pretrial orders in Rushing and Wyatt, when the Court refers to the "pretrial orders" it means the pretrial orders in all three cases.

[2] Chevron U.S.A. Inc.'s Response To Order To Show Cause (Doc. #4559) filed April 23, 2013; Plaintiffs' Brief Related To Amendments To Pretrial Orders In The California Cases (Doc. #4561) filed April 23, 2013; Chevron U.S.A. Inc.'s Response To Plaintiffs' Brief Related To Amendments To Pretrial Orders In The California Cases (Doc. #4571) filed April 26, 2013; Plaintiffs' Response To Defendant Chevron USA, Inc.'s Brief In Response To Order To Show Cause (Doc. #4573) filed April 26, 2013.

ask the Court for permission to amend the pretrial orders and have submitted draft proposed amended pretrial orders. Chevron opposes amending the pretrial orders because the proposed amendments would amount to an improper de facto consolidation and transfer of venue and because they are untimely, unduly prejudicial and inconsistent with the Court's prior orders. Allowing the requested amendments is well within the Court's broad discretion. The Court will allow plaintiffs to conform the pretrial orders to each other as described below.

In these three California cases, the Court has certified four of plaintiffs' claims: (1) breach of the duty of good faith and fair dealing (Lerner), (2) unjust enrichment (Lerner and Wyatt), (3) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. (Lerner, Rushing and Wyatt), and (4) violation of the California Consumers Legal Remedy Act ("CLRA"), Cal. Civ. Code § 1750 et seq. (Rushing). Although Chevron must defend all four claims in California district courts, no single California case includes all four claims. The Court has severed all claims against Chevron in these cases, and stated that it intends to remand the claims to their respective transferor courts with the thought that the transferor courts would transfer two of the cases to one district under 28 U.S.C. § 1404(a), and consolidate the three cases for trial and any other proceedings.

On further reflection, especially as the prospect of class certification became certain, the Court became concerned that its approach was opening the door to expensive, unnecessary and protracted litigation on procedural issues that might do nothing to advance a disposition on the merits and might yield inconsistent orders in the three transferor districts on remand. Furthermore, the Court became increasingly concerned about the possibility that the cases might not be consolidated for trial and that expensive, unnecessary and protracted litigation would be required

to determine any res judicata or collateral estoppel effects of the first judgment. The Court therefore suggested amending the pretrial orders in each of the three cases to include all four of the claims against Chevron in California. The amendment would not change Chevron's exposure in the California cases whatsoever – Chevron will have to defend the same claims by the same plaintiff class whether or not the pretrial orders are amended. The only difference is that Chevron will be allowed (and required) to defend all for claims in a single suit. This seems to be the outcome that Chevron contemplates, except that Chevron wants to achieve this result through expensive, unnecessary and protracted litigation on remand instead of streamlining the cases now.

## **Legal Standards**

The Court asked plaintiffs and Chevron to show cause why the pretrial orders in the above-captioned California cases "should not be amended to conform with each other such that the same claims are asserted against Chevron in each of the cases." Order To Show Cause (Doc. #4546). Under Rule 16, Fed. R. Civ. P., which governs pretrial proceedings, the Court may modify a pretrial order "to prevent manifest injustice." Fed. R. Civ. P. 16(e). In determining whether to permit amendment of a pretrial order, the Court considers (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1222 (10th Cir. 2000). As the party seeking to amend the pretrial order, plaintiffs bear the burden to prove the manifest injustice that would otherwise occur. Davey v. Lockheed Martin Corp., 301 F.3d 1204, 1208 (10th Cir. 2002).

Where a proposed amendment would add a claim to a pretrial order, the Court evaluates the propriety of the amendment under Rule 15(a), Fed. R. Civ. P, which governs amending pleadings.

-3-

Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006). Where the deadline for amending pleadings has passed, the scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Although the Tenth Circuit has not yet determined whether Rule 16(b)(4) applies "when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders," United States ex rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009), the District of Kansas routinely applies a two-step analysis based on Rules 16(b) and 15(a) when deciding a motion to amend a complaint filed past the scheduling order deadline, see, e.g., White v. Union Pac. R. Co., No. 09-1407-EFM-KGG, 2013 WL 441066, at *2-3 (D. Kan. Feb. 5, 2013).

As the proponent of the untimely amendment, under Rule 16(b) plaintiffs bear the burden of showing "good cause," i.e. that they could not have met the deadline even if they had acted with due diligence. Denmon v. Runyon, 151 F.R.D. 404, 407 (D. Kan. 1993). Lack of prejudice to the nonmovant does not demonstrate good cause. Monge v. St. Francis Health Ctr., Inc., No. 12-2269-EFM, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013). Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," which the Court should freely give when justice so requires. Granting leave to amend under Rule 15(a) is committed to the Court's broad discretion. Minter, 451 F.3d at 1204 (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971)). The purpose of Rule 15 is to provide litigants the "maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should,

as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Lateness does not of itself justify the denial of the amendment. R.E.B., Inc. v. Ralston Purina Co., 525 F.2d 749, 751 (10th Cir. 1975). The Tenth Circuit focuses primarily on the reasons for the delay. Minter, 451 F.3d at 1206. For example, courts properly deny a motion to amend when it appears that plaintiff is using Rule 15 to make the complaint "a moving target," Viernow v. Euripides Dev. Corp., 157 F.3d 785, 800 (10th Cir. 1998), to "salvage a lost case by untimely suggestion of new theories of recovery," Hayes v. Whitman, 264 F.3d 1017, 1027 (10th Cir. 2001), to present "theories seriatim" in an effort to avoid dismissal, Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994), or to knowingly delay raising an issue until the eve of trial, Walters v. Monarch Life Ins. Co., 57 F.3d 899, 903 (10th Cir.1995). Minter, 451 F.3d at 1206.

The most important fact in deciding a motion to amend is whether the amendment would prejudice the nonmoving party. Id. at 1208. Typically, an amendment is prejudicial only if it "unfairly affects" defendant in terms of preparing a defense to the amendment. Id. (quoting Patton v. Guyer, 443 F.2d 79, 86 (10th Cir. 1971)). This most often occurs when "the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." Id. (comparing cases).

**Analysis**

As noted, on April 9, 2013, the Court ordered plaintiffs and Chevron to show cause why the pretrial orders in the above-captioned California cases "should not be amended to conform with each other such that the same claims are asserted against Chevron in each of the cases." Order To Show Cause (Doc. #4546). Plaintiffs responded by asking the Court to let them do just that – amend the

pretrial orders in Rushing, Lerner and Wyatt so that each case includes all four of the certified claims against Chevron in those cases. The proposed amendments would not add a claim or party to any case that is not already present in one or more of the other cases. Chevron opposes amending the pretrial orders because based on the Court's prior orders, the proposed amendments are untimely and unduly prejudicial, and therefore inappropriate under Rules 15(a) and 16(e), Fed. R. Civ. P. Chevron also opposes harmonizing the pretrial orders because doing so would amount to improper de facto consolidation and transfer of venue.

**I.      Amendment Of Pretrial Orders As De Facto Change Of Venue And Consolidation**

Chevron's primary argument takes the form of a syllogism: transferee courts have no authority to change the venue of transferred cases or consolidate them for trial; allowing plaintiffs to amend the pretrial orders in Rushing, Lerner and Wyatt would constitute de facto transfer of venue and consolidation of the three cases for trial; therefore the Court has no authority to allow the amendments. See Chevron U.S.A. Inc.'s Response To Order To Show Cause (Doc. #4559) at 8-13. In other words, Chevron argues that the Court lacks authority to let plaintiffs conform the pretrial orders in the three California cases because the amendments would be the functional equivalent of consolidating the cases and changing their venue. Chevron cites no support – in the multidistrict litigation ("MDL") statute or in case law – for imposing such sweeping restrictions on transferee courts' broad authority over pretrial proceedings in MDLs.

The purpose of the MDL statute is to "promote the just and efficient conduct" of numerous complex cases with common questions of fact through "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The phrase "pretrial proceedings" has been broadly interpreted to give the transferee judge control over any and all proceedings before trial. See In re Korean Air

Lines Co., 642 F.3d 685, 698-99 (9th Cir. 2011); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1230-31 (9th Cir. 2006) (citing Stanley A. Weigel, The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts, 78 F.R.D. 575, 578-79 (1978)); In re Neurontin Mktg., Sales Practices, and Prods. Liab., 245 F.R.D. 55, 57 (D. Mass. 2007). This is because a "district judge charged with the responsibility of 'just and efficient conduct' of the multiplicity of actions in an MDL proceeding must have discretion to manage them that is commensurate with the task." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1231. The task of a transferee judge requires "broad discretion to structure a procedural framework for moving the cases as a whole as well as individually, more so than in an action involving only a few parties and a handful of claims." Id. at 1231-32. Thus "a transferee judge can handle all types of pretrial matters that otherwise would have been handled by the transferor court," including "amendment or adjustment of pleadings." In re Korean Air Lines Co., 642 F.3d at 699-700. This authority "is generally coextensive with pretrial proceedings." So, for example, a transferee judge "does not have authority to transfer a case to itself for trial, Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 28 (1998), nor may it consolidate actions for all purposes, as might be proper in other circumstances pursuant to Federal Rule of Civil Procedure 42, see Wright et al., Federal Practice & Procedure § 3866." In re Korean Air Lines Co., 642 F.3d at 699-700.

To be clear, it is obvious that this Court is not transferring the California cases to itself for trial, ruling on a motion to change venue under 28 U.S.C. § 1404 or consolidating actions for all purposes under Rule 42. Indeed, the Court intends to eventually remand all three California cases to their transferor courts, just as Section 1407(a) and Lexecon require. The Court is simply

determining whether to allow plaintiffs to amend pretrial orders, a function that is squarely within its authority to conduct "pretrial proceedings." See In re Rhone-Poulenc Rorer Pharm., Inc., 138 F.3d 695, 697 (7th Cir. 1998); Wright et al., Federal Practice & Procedure § 3866 & n.7. That this pretrial decision may affect trial is of no moment, and in fact should be expected. It is "inevitable that pretrial proceedings will affect the conduct of the trial itself, a notable example being a final pretrial order issued under Fed. R. Civ. P. 16 – an order that a judge presiding over pretrial proceedings by reference from the Multidistrict Litigation Panel has (or so all the cases we've found on the question hold or assume) the power to issue." Id. (compiling cases).

This is where Chevron's syllogism breaks down: just because the proposed amendments may affect trial of the California cases does not strip the Court of authority to permit the amendments, if plaintiffs have satisfied the requirements for doing so. Chevron's argument – that transferee judges are powerless to rule on pretrial motions or enter pretrial orders that could have an effect similar to a change of venue or consolidation – would decimate transferee judges' ability to carry out their statutory duty to "promote the just and efficient conduct of . . . coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a); see In re Factor VIII or IX Concentrate Blood Prods. Litig., 169 F.R.D. 632, 637 (N.D. Ill. 1996) (if transfer is to serve legislative purpose of Section 1407, transferee judge must have same authority that any pretrial judge has to enter pretrial orders; "Rule 16 applies to multidistrict proceedings the same as it applies to individual cases"), mandamus denied sub nom., In re Rhone-Poulenc Rorer Pharm., Inc., 138 F.3d 695 (7th Cir. 1998).

> [Chevron] fundamentally misconceive[s] the nature of multidistrict litigation and "the role of an MDL court." The source of [its] confusion is [its] failure to understand, or at least to acknowledge, the relationship between the "pretrial proceedings" referred to in § 1407 and the trial itself. The pretrial and the trial are not, as [Chevron] impl[ies], two unrelated phases of the case. Rather, they are part of a continuum that results in resolution of the case, and the relationship between

> them is intimate. "Pretrial" proceedings are conducted to prepare for trial. A judge who has no power to impose limits as to what will happen at trial is obviously a judge who has little ability to manage pretrial proceedings in a meaningful way, since there would be no assurance that the judge's efforts are directed toward what is likely to happen at trial. That it is essential for the "pretrial" judge to have the authority to enter orders that will be binding as to the conduct of the trial is recognized by Rule 16(c)(4), (13), (14) and (15), of the Federal Rules of Civil Procedure, which gives the judge conducting pretrial conferences authority to enter a variety of orders that will shape the conduct of the trial . . . .

In re Factor VIII or IX Concentrate Blood Prods. Litig., 169 F.R.D. at 636.

In addition, a transferee judge's authority to enter and permit amendment of pretrial orders is more limited than, i.e. not the functional equivalent of, transferring cases from one venue to another and consolidating them for trial. The cases will retain their individual character and will be remanded to their respective transferor courts at appropriate times. Having found that the Court has the authority to allow plaintiffs to conform the pretrial orders in Rushing, Lerner and Wyatt, the Court proceeds to determine whether plaintiffs have satisfied the requirements for doing so.

## II.    Good Cause Under Rule 16(b)(4)

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Chevron argues that because the deadline for amending the pleadings has long passed, plaintiffs must show good cause for amending the pretrial orders.[3] To establish "good cause," plaintiffs must show that they could not have met the deadline for amending their complaints in Rushing, Lerner and Wyatt even if they had acted with due diligence. Monge, 2013 WL 328957, at *2. Rule 16(b) "focuses on the diligence of the party seeking to modify the scheduling order,"

---

[3] Plaintiffs contend that Rule 16(b), which applies to modifications of scheduling orders, does not apply here because the Court's order to show cause effectively reset the deadlines for amending the pleadings in these cases and the Court has broad authority to set and amend its own scheduling orders. The Court agrees. Nevertheless, the Court finds that "good cause" exists to amend the pleadings in Rushing, Lerner and Wyatt.

-9-

not prejudice to the other party. Manuel v. Wichita Hotel Partners, No. 09-1244-WEB-KGG, 2010 WL 3861278, at *2 (D. Kan. Sept. 20, 2010). Lack of prejudice to Chevron does not enough to justify modifying a scheduling order under Rule 16. Monge, 2013 WL 328957, at *2. Whether plaintiffs have shown "good cause" is within the Court's broad discretion. Camp v. Gregory, Inc., No. 12-1083-EFM-KGG, 2013 WL 391172, at *2 (D. Kan. Jan. 30, 2013).

Although this multidistrict litigation has been pending for more than six years, and the deadline for amending the pleadings in the underlying cases passed nearly five years ago, the Court (and the parties) only recently turned its attention to the California cases in particular. On January 23, 2013, the Court first indicated its intent to remand the California cases. See also 28 U.S.C. § 1407(a). Since that time, consistent with Rule 1, Fed. R. Civ. P., the Court and the parties have been working diligently to establish a "just, speedy, and inexpensive" plan for resolving the MDL. The parties first submitted proposed pretrial orders in Rushing, Lerner and Wyatt on March 16, 2013. The Court entered the pretrial order for Lerner on April 9, 2013. See Pretrial Order (Doc. #4541).

Furthermore, as of April 5, 2013, the California cases stand in a materially different posture than they did when the Court set its deadline for amending the pleadings. On that date, the Court certified identical classes in each of the three cases, and the problems engendered by three different lawsuits between identical parties, arising from a common nucleus of operative fact, came into sharp focus in a way that the parties and the Court could not have anticipated earlier.

Under the circumstances, plaintiffs have acted diligently in asking the Court to conform the pretrial orders in the three California cases. Accordingly, good cause exists to allow them to do so.

**III.     Leave Of Court Under Rule 15(a)**

Under Rule 15(a), plaintiffs may amend the pretrial orders in Rushing, Lerner and Wyatt only with Chevron's consent or leave of Court, which the Court should freely give when justice so requires. Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is committed to the Court's broad discretion. Minter, 451 F.3d at 1204 (citing Zenith Radio Corp., 401 U.S. at 330). Chevron argues that the Court should not give plaintiffs leave to amend because the proposed amendments are untimely and unduly prejudicial. Chevron's argument rests almost exclusively on four previous orders that denied plaintiffs' requests to amend the pleadings in some or all of the underlying cases. See Order (Doc. #646) filed November 18, 2008; Order (Doc. #1033) filed May 1, 2009; Memorandum And Order (Doc. #1287) filed September 1, 2009; Order (Doc. #1377) filed October 19, 2009; Order (Doc. #2202) filed October 28, 2011. But these orders addressed much broader amendments than plaintiffs propose now.

In three of the four instances that Chevron cites, plaintiffs asked the Court to conform some or all of the complaints in transferred cases to the Second Consolidated Amended Complaint ("SCAC") (Doc. #652) filed December 1, 2008. See Plaintiffs' Motion For Leave To Amend Pleadings (Doc. #520) filed July 30, 2008; Motion For Leave To Correct Defendant Misnomer, Substitute Real Parties In Interest, Intervene Class Representatives And File Conformed Amended Complaint (Doc. #683) filed December 30, 2008; Defendants' Motion To Strike Portions Of Plaintiffs' Amended Pleadings Filed May 15, 2009 (Doc. #1083) filed May 29, 2009. Allowing plaintiffs to do so at that time would have dramatically changed the landscape of the cases. Order (Doc. #646) at 6-7.

For example, plaintiffs' motion to amend on July 30, 2008, would have added 39 new

-11-

defendants and 13 new plaintiffs, and exposed defendants to liability for fuel sales that were not at issue in any then-existing complaint. Id. Their motion to amend on December 30, 2008, would have added 23 new plaintiffs and expanded the legal issues in the underlying cases. Order (Doc. #1033) at 11; see also Memorandum And Order (Doc. #1287) at 16 & n.16 (proposed amendments would add multiple substantive claims in each underlying case). Defendants in Becker v. Marathon Petroleum Company, D. Kan. No. 07-2350-KHV, D. Del. No. 07-136, would have faced eight additional causes of action, and in Galauski v. Amerada Hess Corp, D. Kan. No. 07-2293, D.N.J. No. 06-6005-GEB, Motiva Enterprises LLC would have faced 97 new claims. Order (Doc. #1033) at 11. On May 15, 2009, under the guise of adopting the "style of the SCAC," plaintiffs attempted to amend several complaints, which would have added new causes of action and expanded the legal issues in the actions. Order (Doc. #1377) at 8-9.

Similarly, in the fourth example that defendants cite, plaintiffs sought leave to amend complaints in the Kansas cases to add the motor fuel tax issue to those cases. The Court rejected plaintiffs' attempt to "add additional bases for relief." Order (Doc. #2202) at 7. Each time the Court rejected plaintiffs' attempt to amend their complaints, the Court emphasized the prejudice that defendants would suffer as a result of adding new plaintiffs and/or new claims. That obviously is not the case here. Here, plaintiffs ask the Court conform the three pretrial orders in Rushing, Lerner and Wyatt so that the four claims that are spread across the three cases against Chevron are brought in each of the three cases. The amendments would not add any plaintiffs or claims that Chevron is not already facing in the California suits.

Nevertheless, Chevron argues that the "contemplated amendments would unduly prejudice Chevron by fundamentally changing the nature of these cases." Chevron U.S.A. Inc.'s Response

-12-

To Order To Show Cause (Doc. #4559) at 17-18. It cites two examples: (1) Wyatt currently involves only bench-tried claims but the proposed amendments would insert claims triable to a jury; and (2) the proposed amendments would insert tax claims into Rushing because Lerner and Wyatt both contain tax-related allegations but Rushing currently does not. These examples, however, only underscore the importance of harmonizing the pleadings in all three cases. Without adding any claim or theory or plaintiff not already part of one of the three California cases against Chevron, the proposed amendments would avoid costly, time-consuming, duplicative and unnecessary litigation in three district courts on remand, and would clarify the res judicata effect of a judgment in one of the three cases.

Chevron also argues that if plaintiffs are allowed to amend the pretrial orders, it will have to amend its motions for summary judgment. Chevron does not explain what it would have to change or why, and the Court cannot conceive of any substantive change that would be necessary. Because the amendments will not change the plaintiffs or claims that Chevron faces in the California cases, the Court will simply treat the summary judgment motions as though they apply to all three cases. For example, if the Lerner pretrial order is amended to include a CLRA claim, the Court will treat Chevron's motion for summary judgment on plaintiffs' CLRA claim as though it applies to Lerner. This does not amount to undue prejudice. Moreover, as noted above, because the Court and the parties only recently turned their attention to the California cases, plaintiffs' request to amend the pleadings in Rushing, Lerner and Wyatt is not untimely. See Minter, 451 F.3d at 1206.

**IV. Manifest Injustice Under Rule 16(e)**

As discussed above, because plaintiffs' proposed amendments would add claims to each of the cases, the Court must evaluate them under Rule 15(a). Id. at 1204. Nevertheless, Chevron

insists that the amendments must satisfy Rule 16(e), Fed. R. Civ. P., which provides that a Court may modify a pretrial order "only to prevent manifest injustice." Although Minter does not require this two-step analysis under both Rule 15(a) and Rule 16(e), the Court finds that the proposed amendments would "prevent manifest injustice."

The "purpose of the pretrial order is to insure the economical and efficient trial of every case on its merits without chance or surprise." Davey, 301 F.3d at 1208 (quoting Hull v. Chevron U.S.A., Inc., 812 F.2d 584, 588 (10th Cir. 1987)). Because the issues and defenses of a lawsuit are defined by the terms of the pretrial order, "total inflexibility is undesirable." Id. (quoting Hull, 812 F.2d at 588). In determining whether to permit amendment of a pretrial order, the Court considers (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order. Koch, 203 F.3d at 1222. The party seeking to amend the pretrial order bears the burden to prove the manifest injustice that would otherwise occur. Davey, 301 F.3d at 1208. The Court also takes into consideration the timeliness of the motion to amend. Id. at 1210.

Each of these factors favors allowing plaintiffs to amend the pretrial orders in Rushing, Lerner and Wyatt. Although Chevron may be surprised that plaintiffs have asked the Court to amend the pretrial orders, as discussed above, it will not be prejudiced in any articulable way. Indeed, Chevron will be benefitted, rather than harmed, by the proposed amendments. A trial date has not yet been set, and trial is not likely to take place before the summer of 2014. The proposed amendments will not disrupt the trial and Chevron will have ample time to cure any perceived prejudice. The Court finds no evidence that plaintiffs have acted in bad faith.

While Chevron will not be prejudiced by the proposed amendments, failure to amend the pretrial orders would severely (and unnecessarily) complicate and prolong the resolution of the California cases and the MDL. As discussed above, failing to amend the pretrial orders would waste the parties' time and money, and waste valuable judicial resources. Allowing plaintiffs to amend the pretrial orders would therefore avoid manifest injustice.

For these reasons, the Court will allow plaintiffs to amend the pretrial orders to conform with each other such that the same claims are asserted against Chevron in each of the cases.

**IT IS THEREFORE ORDERED** that on or before **May 8, 2013**, the parties shall submit final proposed pretrial orders that conform to each other as described above. The pretrial orders should include all four claims for which the Court has certified a class and should be the same in all substantive respects.

Dated this 6th day of May, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge