# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE ) | |
| SALES PRACTICES LITIGATION ) | |
| ) | MDL No. 1840 |
| This Document Relates To: ) | Case No. 07-1840-KHV |
| ) | |
| <u>Lerner, et al. v. Costco Wholesale Corp., et al.</u>, ) | |
|    D. Kan. Case No. 07-2405-KHV, ) | |
|    C.D. Cal. Case No. 07-1216-GHK-FMO. ) | |
| _____) | |

## MEMORANDUM AND ORDER

In <u>Lerner v. Costco Wholesale Corp.</u>, D. Kan. Case No. 07-2405-KHV, C.D. Cal. Case No. 07-1216, plaintiffs bring suit against Costco Wholesale Corporation, USA Petroleum Corporation (now known as Dansk Investment Group, Inc.), Chevron USA, Inc., G&M Oil Company, Inc., G&M Oil Co., LLC, United El Segundo, Inc. and World Oil Corporation. Plaintiffs claim breach of the duty of good faith and fair dealing, unjust enrichment, violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 <u>et seq.</u>, and violation of the California Consumers Legal Remedy Act ("CLRA"), Cal. Civ. Code § 1750 <u>et seq.</u> Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), plaintiffs allege "minimal diversity" jurisdiction. This matter is before the Court on <u>Defendants' Motion To Dismiss Complaint For Lack Of Subject Matter Jurisdiction Pursuant To 28 U.S.C. § 1332(d)(4)(B)</u> (Doc. #4526) filed March 15, 2013.¹ Chevron argues that plaintiffs' settlement with Costco and the severance of plaintiffs' claims

---

¹    All non-settling defendants – World Oil Corp., Chevron U.S.A., Inc., G&M Oil Company, Inc., G&M Oil Co., LLC and United El Segundo, Inc. – joined the motion to dismiss. On March 21, 2013, the Court stayed proceedings as to all non-settling defendants in the California cases except Chevron. <u>Order</u> (Doc. #4530) filed March 21, 2013. As a result, plaintiffs tailored their response to Chevron, <u>Plaintiffs' Response To Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction</u> (Doc. #4542) filed April 8, 2013 at 2 n.3, and only Chevron replied, <u>see</u> <u>Chevron's Reply To Plaintiffs' Response To Motion To Dismiss Complaint For Lack Of Subject</u>
(continued...)

against Costco bring this case within the "home-state exception" to minimal diversity jurisdiction under CAFA. See 28 U.S.C. § 1332(d)(4)(B). Because Costco is still a defendant in the case, the Court overrules the motion to dismiss.[2]

## Procedural And Factual Background

In 2007, plaintiffs brought suit as representatives of a putative class of California residents who purchased motor fuel at a temperature greater than 60 degrees Fahrenheit from defendants in California. The complaint alleged minimal diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2). For purposes of minimal diversity jurisdiction, the class members are residents of California.[3] See Complaint (Doc. #1-2), D. Kan. Case No. 07-2405-KHV, filed August 24, 2007

---

[1](...continued)
Matter Jurisdiction Pursuant To 28 U.S.C. § 1332(d)(4)(B) (Doc. #4555) filed April 22, 2013. For purposes of this order, the Court considers Chevron to be the only movant.

[2] Plaintiffs' complaint alleged additional claims, including a claim under the Langham Act, 15 U.S.C. § 1125(a). They alleged federal question jurisdiction under 28 U.S.C. § 1338 based on the Langham Act claim. At least as to Chevron, plaintiffs recently abandoned their Langham Act claim. See Amended Pretrial Order (Doc. #4576) filed May 17, 2013) (voluntarily dismissing Langham Act claim); Pretrial Order (Doc. #4541) filed April 5, 2013 (same). The parties do not address federal question jurisdiction. In ruling on the motion, the Court does not address whether Section 1338 provides an alternative basis for jurisdiction.

[3] CAFA states as follows:

> Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction.

28 U.S.C. § 1332(d)(7).

The parties agree that the complaint satisfied the requirements of minimal diversity jurisdiction, so the Court looks to the complaint to determine the citizenship of the class members. See id. The complaint states that "Plaintiffs are residents of the State of California who have
(continued...)

(originally filed on February 22, 2007 in C.D. Cal. Case No. 07-1216-GHK). Except for Costco, all defendants are citizens of California.

All of the seven original defendants are still in the case, i.e. the Court has not dismissed or entered judgment against any of them, but the procedural posture of the claims against them is different. Costco has settled and the Court has granted final class certification and settlement approval. Memorandum And Order (Doc. #4248) filed April 24, 2012. Plaintiffs' motion for attorney fees against Costco remains pending. See Motion For Award Of Attorneys' Fees, Expenses, And Class Representative Incentive Awards And Memorandum In Support Thereof (Doc. #1820) filed March 23, 2011. Dansk has also settled and the Court has granted conditional class certification and preliminary settlement approval. Memorandum And Order (Doc. #4424) filed September 28, 2012. The remaining defendants have not settled and have filed motions for summary judgment.

At the time Chevron filed this motion to dismiss, the Court had indicated that it intended to sever plaintiffs' claims against the non-settling defendants, i.e. all defendants but Costco and Dansk, in three California cases – Rushing v. Alon USA, Inc.., D. Kan. Case No. 07-2300-KHV, N.D. Cal. Case No. 06-7621-PJH, Lerner v. Costco Wholesale Corp., D. Kan. Case No. 07-2405-KHV, C.D. Cal. Case No. 07-1216-GHK-FMO, and Wyatt v. B.P. Am. Corp., D. Kan. Case No. 07-2507-KHV, S.D. Cal. Case No. 07-1754-BTM-JMA. Order (Doc. #4496) filed January 23, 2013 at 1 n.1. Anticipating the severance of Costco, Chevron argued that such a severance would trigger the home-

---

[3](...continued)
purchased motor fuel from the Defendants within the State of California at a temperature greater than 60 degrees Fahrenheit for personal or business uses and purposes on numerous occasions, and have been injured in the manner alleged herein." Complaint (Doc. #1-2), D. Kan. Case No. 07-2405-KHV ¶ 37.

state exception as to the non-settling defendants. See Defendants' Motion To Dismiss Complaint For Lack Of Subject Matter Jurisdiction Pursuant To 28 U.S.C. § 1332(d)(4)(B) (Doc. #4526) at 1, 2, 3, 5, 6, 9, 11. In other words, it argued that once the Court severed the claims against Costco and Dansk, they would "no longer be . . . in the lawsuit." Id. at 13.[4]

Ultimately, instead of severing plaintiffs' claims against Costco and Dansk, the Court severed plaintiffs' claims against Chevron. It also stayed proceedings as to the other non-settling defendants, and conformed the plaintiffs' claims against Chevron in Rushing, Lerner and Wyatt.[5] See Memorandum And Order (Doc. #4575) filed May 6, 2013 at 2-3, 15 (permitting plaintiffs to conform pretrial orders); Order (Doc. #4535) filed March 27, 2013 (severing plaintiffs' claims against Chevron).[6] After severing plaintiffs' claims against Chevron, the Court certified them for class treatment under Rule 23, Fed. R. Civ. P. Memorandum And Order (Doc. #4539) filed April 5, 2013.

Chevron argues that the Costco settlement and the severance of plaintiffs' claims deprive the

---

[4] Chevron's motion focuses only on the severance of Costco because Costco is the only defendant that is not a citizen of California for purposes of diversity jurisdiction.

[5] In sum, the class settlements are proceeding on one track and plaintiffs' claims against Chevron in the California cases are on another track. Plaintiffs' claims against the other non-settling defendants in the California have been stayed and the Court has administratively terminated all dispositive motions that do not relate to defendants in the California cases, effectively staying them.

Although the current posture of the case is different than what Chevron anticipated when it filed its motion to dismiss, in that the Court severed plaintiffs' claims against Chevron instead of severing plaintiffs' claims against all non-settling defendants in the California cases, it is not materially different. Presumably, Chevron's arguments regarding severance would apply with equal (if not greater) force now that the Court has severed plaintiffs' claims against Chevron (as opposed to all non-settling defendants).

[6] Chevron's reply, which it filed after the Court severed plaintiff's claims against it, does not mention severance as an alternative ground for invoking the home-state exception.

Court of jurisdiction under the home-state exception to minimal diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d)(4)(B).

## Legal Standards

Federal courts are courts of limited jurisdiction, and as such they must have a statutory or constitutional basis to exercise jurisdiction. Devon Energy Prod. Co., L.P. v. Mosaic Potash, 693 F.3d 1195, 1201 (10th Cir. 2012); K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1027 (9th Cir. 2011). Ordinarily, the party seeking to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. Devon Energy, 693 F.3d at 1201; K2 Am. Corp., 653 F.3d at 1027. Mere conclusory allegations of jurisdiction are not enough. United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999); see Harris v. Rand, 682 F.3d 846, 850 (9th Cir. 2012). The party invoking an exception to minimal diversity jurisdiction under CAFA, however, bears the burden of establishing that the exception applies. See Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 154 (3d Cir. 2009); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1024 (9th Cir. 2007); Hat v. FedEx Ground Package Sys Inc., 457 F.3d 675, 680 (7th Cir. 2006); Frazier v. Pioneer Americas LLC, 445 F.3d 542, 546 (5th Cir. 2006); Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 (11th Cir. 2006).

## Analysis

The parties agree that when plaintiffs filed suit, the Court had minimal diversity jurisdiction under CAFA. As noted, Chevron argues that plaintiffs' settlement with Costco and the severance of plaintiffs' claims against Costco strip the Court of jurisdiction by bringing this action within the home-state exception to CAFA minimal diversity jurisdiction, 28 U.S.C. § 1332(d)(4)(B).

**I.      Minimal Diversity Jurisdiction Under CAFA**

The minimal diversity jurisdiction provisions of CAFA provide in relevant part as follows:

> [D]istrict courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; * * *

28 U.S.C. § 1332(d)(2). Congress limited this broad, new diversity jurisdiction by carving out discretionary and mandatory exceptions to it. See 28 U.S.C. § 1332(d)(3) (discretionary exceptions); 28 U.S.C. § 1332(d)(4) (mandatory exceptions). These exceptions are tailored to constrain federal jurisdiction over "primarily local, intrastate matters." Coffey v. Freeport McMoRan Copper & Gold, 581 F.3d 1240, 1243 (10th Cir. 2009); Johnson v. Advance Am., 549 F.3d 932, 938 (4th Cir. 2008). Here, Chevron relies on the "home-state exception" under Section 1332(d)(4)(B). It is a mandatory exception to minimal diversity jurisdiction, and states that a "district court shall decline to exercise [minimal diversity] jurisdiction" over a class action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

The parties' dispute boils down to this: where a court acquires jurisdiction under CAFA and the parties later change, should the court determine the applicability of the home-state exception based on the roster of parties at the time the action was filed or based on the roster of parties as they exist after the change. Plaintiffs argue that under the general "time-of-filing" rule, courts should ignore any post-filing change of parties and apply the home-state exception based on the parties' original makeup. Based on a change-of-parties exception to the general time-of-filing rule, Chevron

argues that the home-state exception strips the Court of jurisdiction whenever its requirements become satisfied during the course of litigation due to a change of parties. The Court need not reach this difficult question because Chevron's argument relies on a faulty premise – that the Costco settlement and the severance of plaintiffs' claims make Costco "no longer . . . a defendant in the lawsuit." Defendants' Motion To Dismiss Complaint For Lack Of Subject Matter Jurisdiction Pursuant To 28 U.S.C. § 1332(d)(4)(B) (Doc. #4526) at 13 (Costco settlement and severance render lawsuit local dispute between California-resident defendants and California class members).

## II. Effect Of Settlement And Severance

Chevron's argument is premised on the assumption that because plaintiffs have settled with Costco and the Court has severed plaintiffs' claims against Chevron, Costco is no longer a "primary defendant" for purposes of the home-state exception. It cites no precedent for this argument. Although the Court has approved the Costco settlement, the Court has not entered judgment against Costco or dismissed it from the case. In fact, plaintiffs' motion for attorney fees from Costco remains pending. Chevron has cited no basis for finding that the settlement, without dismissal of Costco, makes Costco no longer a "primary defendant" for jurisdictional purposes.

Likewise, Chevron has not provided any basis for finding that severance of plaintiffs' claims makes Costco "no longer . . . a defendant." Id. Here, the Court used severance as a procedural tool to structure the California cases in the most efficient way. Cf. 28 U.S.C. § 1407 (MDL panel may separate any claim and remand it before remainder of action is remanded). It did not dismiss Costco from the case and did not create new, separate cases for purposes of determining diversity jurisdiction. See Ravenswood Inv. Co. v. Avalon Corr. Servs., 651 F.3d 1219, 1222-24 (10th Cir. 2011) (rejecting argument that severance of claims created separate cases); Order (Doc. #4535) at 1

(severing claims against Chevron, staying proceedings as to other non-settling defendants); see also Helm v. Alderwoods Grp. Inc., No. C 08-1184 SI, 2011 WL 2837411, at *3 (N.D. Cal. July 18, 2011) (severance of claims did not defeat subject matter jurisdiction properly invoked at time of filing); cf. 28 U.S.C. § 1407.

To be fair, the Court required Chevron to file its motion by March 15, 2013. Order And Order To Show Cause (Doc. #4519) filed March 12, 2013. But until its reply, Chevron did not mention that its argument might be premature because Costco is still in the case.[7] Chevron's reply, however, appears to concede just that. It states: "Defendants did not intend to file a motion to dismiss unless and until the Costco settlement was finalized and dismissal entered." Chevron's Reply To Plaintiff's Response To Motion To Dismiss Complaint For Lack Of Subject Matter Jurisdiction Pursuant To 28 U.S.C. § 1332(d)(4)(B) (Doc. #4555) filed April 22, 2013 at 2 n.1.[8]

Because Costco remains in the case, the parties have not changed. So the Court need not

---

[7] Indeed, counsel had represented to the Court at informal status conferences that the Court already had been stripped of jurisdiction, but that it intended to wait until after remand to file its motion to dismiss. Rather than leave the fundamental question of jurisdiction unresolved until remand, the Court ordered Chevron to promptly file a motion to dismiss to formally raise that argument.

[8] Chevron states that in November of 2012, it "informed the Court that the pending settlement and dismissal of Costco from Lerner would divest the trial court of subject matter jurisdiction under CAFA." Chevron's Reply To Plaintiff's Response To Motion To Dismiss Complaint For Lack Of Subject Matter Jurisdiction Pursuant To 28 U.S.C. § 1332(d)(4)(B) (Doc. #4555) filed April 22, 2013 at 2 n.1 (citing Joint Plan To Address Remaining MDL Motions And Cases (Doc. #4455) filed November 5, 2012 at 19-25) (emphasis added). This is not exactly true. The joint plan stated that as of November 5, 2012, "there exist[ed] a substantial question as to whether federal subject matter jurisdiction continue[d] to exist in [Lerner]" because "all of the named plaintiffs and all non-settling defendants who presumably would participate in a bellwether trial in Lerner are California residents," and that the "sole diverse defendant, Costco, has settled as its settlement agreement has been finally approved by this Court and under no conceivable circumstances would Costco be a participant in any 'bellwether' trial." Joint Plan To Address Remaining MDL Motions And Cases (Doc. #4455) at 20. The joint plan did not mention that Chevron's argument regarding the home-state exception turned on dismissal of Costco.

-8-

reach the merits of Chevron's argument regarding the change-of-parties exception to the time-of-filing rule. Under the home-state exception, Chevron offers no basis for finding that Costco is not a "primary defendant" at this time. For these reasons, the Court overrules the motion to dismiss. Nevertheless, because this issue could come before the Court again, the Court takes this opportunity to raise a few issues regarding the time-of-filing rule that the parties' briefs did not address.

### III. Time-Of-Filing Rule

Chevron argues that the time-of-filing rule does not apply where parties to an action change. Instead of determining diversity jurisdiction based on the facts that exist when plaintiffs file suit, Chevron argues that courts must reevaluate diversity jurisdiction as the parties to a diversity action change. Plaintiffs maintain that, notwithstanding any change of parties, the time-of-filing rule applies. As noted above, the Court does not resolve this dispute, but merely notes various gaps in the briefing that the parties should address if this issue comes before the Court again.

The parties recite various permutations of the time-of-filing rule and exceptions to it, but they do not take into consideration how the rule and exceptions have been applied. One of the most commonly cited versions of the rule comes from Connolly v. Taylor, 27 U.S. (2 Pet.) 556, 565 (1829), in which Chief Justice Marshall writing for the Supreme Court stated: "Where there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." Courts have applied this rule to allow plaintiffs to perfect jurisdiction by dropping parties. See, e.g., Connolly, 27 U.S. (2 Pet.) at 565; Horn v. Lockhart, 84 U.S. (17 Wall.) 570, 579 (1873); Ravenswood, 651 F.3d at 1223. The parties do not squarely address, however, whether courts have applied the rule to allow a simple post-filing change of party to destroy jurisdiction, which is the case here. See Grupo Dataflux v. Atlas Global Grp.,

L.P., 541 U.S. 567, 583-84 (Ginsburg, J., dissenting) (Supreme Court has long applied "time-of-filing rule categorically to postfiling changes that otherwise would destroy diversity jurisdiction" though it "has not adhered to a similarly steady rule for postfiling party lineup alterations that perfect previously defective statutory subject-matter jurisdiction"); see also id. at 575 n.5 (majority opinion). But cf. Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 152 (3d Cir. 2009) (discussed below).[9]

Chevron cites Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 152 (3d Cir. 2009), for the proposition that where parties change, courts should apply the mandatory exceptions to minimal diversity jurisdiction to the parties "presently in the action" – not to the jurisdictional facts as they existed at the time of filing. Kaufman involved the "local controversy exception" in 28 U.S.C. § 1332(d)(4)(A), not the home-state exception in 28 U.S.C. § 1332(d)(4)(B). Although it is unclear whether the time-of-filing analysis in Kaufman would apply here, it appears to be relevant to Chevron's change-of-parties argument. Yet plaintiffs do not even mention it in their response.

The parties also do not discuss whether it matters that the change of parties results from an amendment to the complaint, see, e.g., China Basin Props., LTD. v. Allendale Mut. Ins. Co., 818 F. Supp. 1301, 1302-04, 1306 (N.D. Cal. 1992), as opposed to a court order in the normal course of litigation, see, e.g., Mansker v. Farmers Ins. Co. of Wash., No. C10-0511JLR, 2011 WL 1327111 (W.D. Wash. 2011).

Finally, the parties do not mention that the Seventh and Eighth Circuits have found, albeit in a different context, that the mandatory exceptions to minimal diversity jurisdiction are not

---

[9] In certain circumstances, courts apply an absolute time-of-filing rule, even where the parties change after filing. See, e.g., Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 427 (1991); Hardenbergh v. Ray, 151 U.S. 112, 118-19 (1894); S. Pac. Co. v. Haight, 126 F.2d 900, 903 (9th Cir. 1942); Sanders v. Hall, 74 F.2d 399, 405 (10th Cir. 1934).

"jurisdictional," but operate as abstention doctrines that do not divest district courts of subject matter jurisdiction. Morrison v. YTB Int'l., Inc., 649 F.3d 533, 536 (7th Cir. 2011); Graphic Commc'ns Union v. CVS Caremark Corp., 636 F.3d 971, 973 (8th Cir. 2011). It is unclear what effect, if any, these decisions have on the time-of-filing question in this case.

Chevron's motion raises issues which, if and when they mature, are novel and complex. At this point, any effort to further address them would be solely advisory in nature.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Dismiss Complaint For Lack Of Subject Matter Jurisdiction Pursuant To 28 U.S.C. § 1332(d)(4)(B) (Doc. #4526) filed March 15, 2013, be and hereby is **OVERRULED**.

Dated this 28th day of June, 2013, at Kansas City, Kansas.

                                             s/ Kathryn H. Vratil
                                             KATHRYN H. VRATIL
                                             United States District Judge