**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

IN RE: MOTOR FUEL TEMPERATURE )
SALES PRACTICES LITIGATION )
) **MDL No. 1840**
**This Document Relates To:** ) **Case No. 07-1840-KHV**
)
<u>Rushing, et al. v. Alon USA, Inc., et al.</u>, )
    D. Kan. Case No. 07-2300-KHV, )
    N.D. Cal. Case No. 06-7621-PJH, )
)
<u>Lerner, et al. v. Costco Wholesale Corp., et al.</u>, )
    D. Kan. Case No. 07-2405-KHV, )
    C.D. Cal. Case No. 07-1216-GHK-FMO, )
)
**and** )
)
<u>Wyatt, et al. v. B.P. Am. Corp., et al.</u>, )
    D. Kan. Case No. 07-2507-KHV, )
    S.D. Cal. Case No. 07-1754-BTM-JMA. )
_____)

**MEMORANDUM AND ORDER**

Plaintiffs in these three California cases bring class action claims against motor fuel retailers alleging various claims based on defendants' practice of selling motor fuel for a specified price per gallon without disclosing or adjusting for temperature, and without disclosing the effect of temperature on motor fuel. Under Rule 23(b)(2) and (3), the Court certified plaintiffs' claims for violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 <u>et seq.</u>, violations of the California Consumers Legal Remedy Act ("CLRA"), Cal. Civ. Code § 1750 <u>et seq.</u>, breach of the implied covenant of good faith and fair dealing and unjust enrichment. <u>Order</u> (Doc. #4544) filed April 9, 2013; <u>Memorandum And Order</u> (Doc. #4539) filed April 5, 2013. On July 19, 2013, as to Chevron, the Court sustained defendants' motions for summary judgment on

plaintiffs' four certified claims. Memorandum And Order (Doc. #4600).[1] That same day, the Court ordered the parties to show cause whether and to what extent the summary judgment order can be applied to plaintiffs' claims against the remaining non-settling defendants, i.e. Circle K Stores, Inc., Flying J, Inc., Petro Stopping Centers, L.P., Pilot Travel Centers LLC, TravelCenters of America LLC, G&M Oil Company, Inc., G&M Oil Co., LLC, World Oil Corp., United El Segundo, Inc. and 7-Eleven, Inc. (collectively "remaining non-settling defendants"). Order To Show Cause (Doc. #4601). The Court also asked the parties to propose how to proceed in the California cases and to explain what effect (if any) the summary judgment order has on the proposed class notices and notice plan. Id.

## I. Parties' Proposals On How To Proceed In California Cases

The parties agree that the Court's summary judgment order applies equally to the remaining non-settling defendants, but disagree how the Court should proceed in these California cases. Plaintiffs ask the Court to rule on the remaining non-settling defendants' motions for summary judgment and then hold a status conference to discuss how to proceed. Chevron states that the Court should issue class notice and after the opt-out period has expired, enter judgment for Chevron in Rushing, Wyatt and Lerner. The remaining non-settling defendants ask the Court to approve and implement the class notice plan, then sustain their motions for summary judgment as to plaintiffs'

---

[1] Specifically, the Court sustained in part Defendants' Joint Notice Of Motion For Summary Judgment On Plaintiffs' California Unfair Competition Law, Consumer Legal Remedies Act, Florida Deceptive Trade Practices Act And Breach Of Contract (Doc. #2584) filed November 1, 2011 (Rushing), Defendants' Joint Notice Of Motion For Partial Summary Judgment On Plaintiffs' Duty Of Good Faith And Fair Dealing, Unfair Competition Law And Unjust Enrichment Claims (Doc. #2302) filed October 30, 2011 (Lerner), and Defendants' Joint Notice Of Motion For Summary Judgment On Plaintiffs' Unfair Competition Law And Unjust Enrichment Claims (Doc. #2298) filed October 30, 2011 (Wyatt).

claims for the reasons the Court granted the summary judgment motions as to Chevron. They ask the Court to then (1) enter judgment in Lerner and Rushing, and (2) in Wyatt, rule on 7-Eleven, Inc.'s motion for summary judgment based on lack of subject matter jurisdiction, preemption and violation of due process. All defendants propose that the Court remand to the Northern District of California the numerous non-California claims alleged in Rushing.

**II.     Effect Of Summary Judgment Ruling On Class Notices And Notice Plan**

Plaintiffs assert that in light of the summary judgment ruling in the California cases, the Court should not order notice to the California classes.[2] See Plaintiffs' Response (Doc. #4603) at 2-4. Specifically, plaintiffs cite the Ninth Circuit decision in Schwarzschild v. Tse, 69 F.3d 293 (9th Cir. 1995), which held that when a defendant obtains summary judgment before class notice has been issued, it effectively waives any right to compel plaintiffs to notify the class of the pending action. Id. at 297.

Chevron asserts that before the Court enters judgment in its favor in the California cases, it should order plaintiffs to give the classes notice and an opportunity to opt out.[3] Chevron U.S.A., Inc.'s Response To Order To Show Cause ("Chevron's Response") (Doc. #4602) filed July 26, 2013

---

[2]      On April 5 and 9, 2013, the Court entered orders which certified classes as to Chevron and the remaining non-settling defendants in the California cases. See Memorandum And Order (#4539); Order (Doc. #4544). On April 15, 2013, plaintiffs proposed a combined notice plan for the California cases and certain settlements which the Court has preliminarily approved. See Proposed Notice Plans For Class Action Settlements And California Trial Cases (Doc. #4549). The Court has twice ordered plaintiffs to provide supplemental information regarding the proposed plan, Memorandum And Order (Doc. #4583) filed May 29, 2013; Memorandum And Order (Doc. #4599) filed July 19, 2013, and has not yet approved the proposed notice plan.

[3]      Chevron proposes that the notice include language which notifies the classes that the Court has issued an order granting summary judgment to Chevron but has not yet entered final judgment. Chevron's Response (Doc. #4602) at 2.

-3-

at 2. More specifically, Chevron states that the Court should order class notice "[t]o ensure that this Court's rulings on summary judgment are given appropriate legal effect and that class members are given their opportunity to opt-out of the classes previously certified by the Court." Id. Chevron cites no legal support for its position. See id. On the other hand, in opposition to plaintiffs' revised settlement notice plan (which does not include notice as to the non-settling defendants in the California cases), Chevron does assert factual and legal arguments in support of its position. See Chevron U.S.A.'s Opposition To Plaintiffs' Motion For Order Approving Class Settlement Notice Plan ("Chevron's Opposition") (Doc. #4608) filed August 2, 2013.[4] Specifically, Chevron asserts that (1) Schwarzschild is out-of-circuit, non-binding authority, id. at 7; (2) Chevron did not "elect" to file summary judgment motions, it merely complied with the Court's deadline to file them, id.; (3) Chevron filed summary judgment motions with an "understanding" that the transferor courts would decide them, id. at 8; (4) this Court has inherent authority to direct class notice at this time, id. at 9-10; and (5) it would be inequitable and unfair for the Court not to do so, id. at 7-8.

The remaining non-settling defendants assert that before the Court applies the summary judgment ruling to them, it should order plaintiffs to provide notice which informs the class of the summary judgment ruling and its possible effect on plaintiffs' claims against them. Non-Settling California Defendants' Response To Court's July 19, 2013 Order ("Remaining Non-Settling Defendants' Response") (Doc. #4604) at 4. Remaining non-settling defendants state that they "have not been able to find any authority precisely on point, as to whether notice and an opportunity to opt

---

[4] Certain non-settling defendants have joined in Chevron's opposition. See Certain Non-Settling California Defendants' Joinder In Chevron U.S.A. Inc.'s Opposition And Opposition To Plaintiffs' Motion For Order Approving Class Settlement Notice Plan (Doc. #4612) filed August 7, 2013.

out should be provided to the classes before the Court applies [the summary judgment ruling to them]." Id. at 4. They state that by filing their response to the show cause order or otherwise, they "do not intend to waive any right they have to compel the plaintiff to provide notice so that any judgment will be binding on the entire class." Id. at 4 n.2.

For claims certified under Rule 23(b)(3), Fed. R. Civ. P., the Court does not have jurisdiction over absent class members – and therefore a judgment is not binding on them – unless the Court has provided notice and an opportunity to opt out under Rule 23(c)(2), Fed. R. Civ. P.[5] See, e.g., Besinga v. United States, 923 F.2d 133, 137 (9th Cir. 1991). In Schwarzschild, the Ninth Circuit found that the purpose of Rule 23(c)(2) is to ensure that class members receive notice of an action well before its merits are adjudicated. 69 F.3d at 295. More specifically, after reviewing the history and language of Rule 23(c)(2), the Ninth Circuit found that the rule "clearly contemplates that the notice requirement will be met before the parties are aware of the district court's judgment on the

---

[5] Rule 23(c) provides in part as follows:

> For (b)(3) Classes. For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

merits."[6] Id. at 295-96 (emphasis in original). The Ninth Circuit concluded that when a defendant moves for and obtains summary judgment before a class has been properly certified and notified, it effectively waives the right to have notice circulated under Rule 23(c)(2). Id. at 297. Under this analysis, defendants would be precluded from compelling plaintiffs to provide class notice in the California cases.

Chevron asserts that Schwarzschild is out-of-circuit authority which is not binding on this Court. Chevron's Opposition (Doc. #4608) at 7. Regardless, the reasoning of Schwarzschild is highly persuasive – especially in these California cases which the Court intends to remand to California transferor courts to enter final judgment. Chevron has not identified persuasive authority to the contrary.

Chevron argues that it did not "elect" to file the summary judgment motions; rather, it "complied" with the court deadline to file them. Id. at 7. Chevron asserts that to apply Schwarzschild on these facts would result in a "catch-22" which would require Chevron to either (1) file a motion for summary judgment and assume the risk that judgment will not be binding on class members; or (2) altogether waive its arguments for summary judgment. On the facts of these cases, the Court disagrees. Over the course of these proceedings, the Court has repeatedly requested the parties' input on procedural issues. More than 20 months ago, pursuant to the dispositive motion deadline, Chevron filed its motions for summary judgment. Both before and after that time, Chevron has had ample opportunity to provide input regarding the timing of judicial rulings. Not once has

---

[6] The Ninth Circuit noted that Rule 23(c)(2) was adopted to prevent "one-way intervention," i.e. the intervention of a plaintiff in a class action after the court has made an adjudication which favors the class, and that the Advisory Committee concluded that "class members should be brought in prior to the determination of defendant's liability, thus making the estoppel mutual." Schwarzschild, 69 F.2d at 296 (quoting Katz v. Carte Blanche Corp., 496 F.3d 747, 759 (3d Cir. 1974) (emphasis in original).

Chevron raised an issue regarding the timing of the Court's rulings on dispositive motions vis-a-vis class notice.[7]

Chevron asserts that it filed summary judgment motions with an "understanding" that the Court would remand them to the transferor courts for adjudication. Chevron's Opposition (Doc. #4608) at 8. Chevron cites no circumstances which could have reasonably given rise to such an "understanding" or to any "understanding" that any court would resolve class certification and notice issues before ruling on dispositive motions.[8] Moreover, as events unfolded in these proceedings, Chevron clearly knew that this Court planned to rule on all dispositive motions in the California cases. On January 23, 2013, the Court informed the parties that it planned to remand the California cases with an expectation that they would be tried by the summer of 2013. Order (Doc. #4496) at 1. At that time, it ordered an expedited schedule for supplemental briefs regarding pending class certification and dispositive motions in the California cases. See id. at 2-3. Subsequently, at informal status conferences up to and including May 14, 2013, the Court informed the parties that it intended to rule on all class certification and dispositive motions before remanding

---

[7] As recently as May 14, 2013, the Court asked Chevron to provide a "roadmap" which identified an efficient method for addressing all arguments raised in dispositive motions in the California cases. See Chevron's Response To The Court's Request That It Provide A Roadmap For Addressing Dispositive Motions In The California Cases (Doc. #4579) filed May 24, 2013 at 1. Chevron responded that in its opinion, the most efficient course would be for this Court to rule on those dispositive motions which address federal jurisdiction issues and/or issues that turn on federal law and then remand the California cases to the transferor courts for further proceedings, including resolutions of those remaining dispositive motions which are governed by state law. See id. Chevron did not mention class notice or request the Court to finalize the notice plan before ruling on any motions. See id.

[8] As noted, Chevron filed its motions for summary judgment on or about November 1, 2011. At that time, the Court's scheduling order contemplated that in non-Kansas cases, the Court would remand summary judgment and class certification issues to the transferor courts. Scheduling Order No. 4 (Doc. #1729) filed November 17, 2010 at 6. The order said nothing regarding the order in which those issues should be addressed.

the California cases for trial.⁹ At the last status conference on May 28, 2013, even as issues of class notice remained unresolved, the Court announced that it planned to start ruling on dispositive motions. No parties objected to that plan, or suggested that class notice issues take priority. See Order (Doc. #4582) filed May 29, 2013 (vacating all status conferences previously set in California cases).¹⁰

Chevron asserts that this Court has the inherent authority to direct class notice. Chevron's Opposition (Doc. #4608) at 7-9. The Court agrees that it may have discretion to order class notice after it has ruled on a summary judgment motion. See, e.g., Postow v. OBA Fed. Sav. & Loan Assoc., 627 F.2d 1370, 1383 (D.C. Cir. 1980) (trial court did not abuse discretion in ordering class notice after granting summary judgment in favor of plaintiffs where parties agreed to stay discovery on identity of potential class members and notice did not inform class of judgment in their favor); Katz v. Carte Blanche Corp., 495 F.2d 747, 759-62 (3d Cir. 1974) (allowing court to rule on liability

---

⁹ On March 27, 2013, the Court severed plaintiffs' claims against Chevron in the California cases and stayed proceedings as to the other non-settling defendants. See Order (Doc. #4535).

¹⁰ Chevron asserts that even after this Court indicated that it would rule on class certification and dispositive motions in the California cases, Chevron "understood" that its summary judgment motions "should be adjudicated after all class issues had been resolved." Id. (emphasis in original). Specifically, Chevron asserts that it "consistently urged" the Court to first resolve class certification motions and then remand to the transferor courts its summary judgment motions regarding state-specific issues. Chevron's Opposition (Doc. #4608) at 8.

These statements are misleading and disingenuous. In support of its arguments, Chevron cites plans which it proposed before the Court indicated its plan to move forward with ruling on dispositive motions in the California cases. See id. (citing Proposed Plans For Resolution Of The MDL And Agenda For The October 10, 2012 Status Conference (Doc. #4435) filed October 8, 2012 at 9-13; Joint Plan To Address Remaining MDL Motions And Cases (Doc. #4455) filed November 5, 2012 at 2-4; Chevron's Response To The Court's Request That It Provide A Roadmap For Addressing Dispositive Motions In The California Cases (Doc. #4579) filed May 24, 2013 at 2-4). Chevron did not object to the Court's announcement on May 28, 2013 that it intended to start ruling on summary judgment motions, or ask the Court to finalize class notice before ruling on such motions.

-8-

before class certification where defendant claimed class notice would harm business and agreed that class could be enlarged if it lost on liability ruling). The Court disagrees, however, that this record presents equitable reasons to direct class notice after the Court has ruled on the merits of these cases.

Chevron asserts that it would be inequitable and unfair if the Court does not order class notice. Chevron's Opposition (Doc. #4608) at 7-8. The Court finds otherwise. At best, class notice at this point seems nonsensical. At worst, it would seemingly amount to legal chicanery. What rational class member would choose to remain in the California classes after the Court has granted summary judgment in favor of defendants? To issue class notice now would circumvent the purposes behind Rule 23(c)(3), i.e. to give class members notice and an opportunity to opt out before the Court rules on the merits of the case. Schwarzschild, 69 F.3d at 295. Under these circumstances, the Court will not require plaintiffs to give class notice regarding their claims against Chevron in the California classes.[11]

The same reasoning applies to the remaining non-settling defendants. These defendants state that by filing their response to the show cause order or otherwise, they "do not intend to waive any right they have to compel the plaintiff to provide notice so that any judgment will be binding on the entire class." Non-Settling Defendants' Response (Doc. #4604) at 4 n.2. This statement comes too late. Non-settling defendants assert that it is "clear" that the Court's summary judgment ruling regarding Chevron applies equally to them. Non-Settling Defendants' Response (Doc. #4604) at

---

[11] If to defendants this decision seems superficially inequitable or unfair, the Court notes that any injustice is illusory. Defendants continue to market fuel in the exact way that plaintiffs challenge in this case. As long as defendants do so, they cannot preclude future litigation: the population in the State of California will continue to generate new classes of hot fuel purchasers who can bring suit based on defendants' conduct outside the dates which are covered by this class. The idea that Chevron can foreclose future litigation through a judgment that binds class members in this case is flat-out erroneous.

2. Plaintiffs agree. See Plaintiffs' Response (Doc. #4603) at 1. Under these circumstances, giving class notice now would circumvent the purpose of Rule 23(c)(2), i.e. to provide class members notice and an opportunity to opt out before the parties are aware of the Court's judgment on the merits. See Schwarzschild 69 F.3d at 295-96. Under these circumstances, the Court will not require plaintiffs to give class notice regarding their claims against non-settling defendants in the California classes.

**III.    Applying Summary Judgment Order To Remaining Non-Settling Defendants**

Although plaintiffs disagree with the summary judgment order they concede that the Court's analysis applies equally to the remaining non-settling defendants in the California cases.[12] See Plaintiffs' Response To Order To Show Cause ("Plaintiffs' Response") (Doc. #4603) filed July 26, 2013 at 1. As to the remaining non-settling defendants, for the reasons stated in Memorandum And Order (Doc. #4600), the Court sustains in part defendants' motions for summary judgment on plaintiffs' UCL, CLRA, duty of good faith and fair dealing and unjust enrichment claims. See supra n.1.

---

[12]    The Court notes one difference between plaintiffs' claims against Chevron and plaintiffs' claims against the remaining non-settling defendants in Wyatt. Against Chevron, plaintiffs brought claims for breach of the implied covenant of good faith and fair dealing and unjust enrichment. In granting Chevron summary judgment on plaintiffs' unjust enrichment claim, the Court relied on plaintiffs' attempt to maintain mutually exclusive claims and the parties' apparent agreement that a contract existed. Memorandum And Order (Doc. #4600) at 35-36. In Wyatt, as to the remaining non-settling defendants, plaintiffs allege an unjust enrichment claim but do not allege breach of contract or breach of the implied duty of good faith and fair dealing. The non-settling defendants in Wyatt are nevertheless entitled to summary judgment on plaintiffs' unjust enrichment claim because plaintiffs in Wyatt agreed that "[e]ach time Defendants sold fuel to Plaintiffs and class members, they entered into a contract for the sale of motor fuel with them." Defendants' Reply To Plaintiffs' Responses To Defendants' Statement Of Uncontroverted Material Facts And Responses To Plaintiffs' Statement Of Additional Uncontroverted Facts (Doc. #3868-2) filed March 25, 2012 at 25-27 (quoting plaintiffs' response to Defendants' Consolidated Sixth Set Of Interrogatories No. 6).

**IV.      7-Eleven, Inc.'s Motion For Summary Judgment**

7-Eleven, Inc. asks the Court to rule on <u>Certain Defendants' Motion For Summary Judgment Based On Lack Of Subject Matter Jurisdiction, Preemption And Related Doctrines</u> (Doc. #2820), which it and Circle K Stores, Inc. filed November 1, 2011 in <u>Wyatt</u>. Circle K Stores, Inc., Flying J Inc., Pilot Travel Centers, LLC and 7-Eleven, Inc. filed a similar motion in <u>Rushing</u>. See <u>Certain Defendants' Motion For Summary Judgment Based On Lack Of Subject Matter Jurisdiction, Preemption And Related Doctrines</u> (Doc. #2788) filed November 1, 2011. The Court addresses these motions only to the extent that they question the Court's subject matter jurisdiction. The only aspect of these motions that implicates subject matter jurisdiction is defendants' argument that plaintiffs' claims are not justiciable under the political question doctrine. See <u>Memorandum And Order</u> (Doc. #4369) filed August 15, 2012 at 3. The Court has already rejected identical arguments in this case. <u>Memorandum And Order</u> (Doc. #1444) filed December 3, 2009; <u>see also</u> <u>Memorandum And Order</u> (Doc. #4369). The Court finds no reason to reach a different conclusion here.

**V.      Remand**

Having sustained defendants' motions for summary judgments on plaintiffs' certified claims, and having declined to require plaintiffs to provide class notice regarding those claims, the Court intends to suggest that the Judicial Panel on Multidistrict Litigation remand to their respective transferor courts plaintiffs' California claims against the non-settling defendants in <u>Rushing</u>, <u>Lerner</u> and <u>Wyatt</u> with instructions to enter judgment consistent with the Court's summary judgment orders herein.

**IT IS THEREFORE ORDERED** that <u>Defendants' Joint Notice Of Motion For Summary Judgment On Plaintiffs' California Unfair Competition Law, Consumer Legal Remedies Act, Florida</u>

Deceptive Trade Practices Act And Breach Of Contract (Doc. #2584) filed November 1, 2011 (Rushing), Defendants' Joint Notice Of Motion For Partial Summary Judgment On Plaintiffs' Duty Of Good Faith And Fair Dealing, Unfair Competition Law And Unjust Enrichment Claims (Doc. #2302) filed October 30, 2011 (Lerner), and Defendants' Joint Notice Of Motion For Summary Judgment On Plaintiffs' Unfair Competition Law And Unjust Enrichment Claims (Doc. #2298) filed October 30, 2011 (Wyatt) be and hereby are **SUSTAINED** as to Circle K Stores, Inc., Flying J, Inc., Petro Stopping Centers, L.P., Pilot Travel Centers LLC, TravelCenters of America LLC, G&M Oil Company, Inc., G&M Oil Co., LLC, World Oil Corp., United El Segundo, Inc. and 7-Eleven, Inc.

**IT IS FURTHER ORDERED** that Certain Defendants' Motion For Summary Judgment Based On Lack Of Subject Matter Jurisdiction, Preemption And Related Doctrines (Doc. #2788), which Circle K Stores, Inc., Flying J Inc., Pilot Travel Centers, LLC and 7-Eleven, Inc. filed November 1, 2011 (Rushing), and Certain Defendants' Motion For Summary Judgment Based On Lack Of Subject Matter Jurisdiction, Preemption And Related Doctrines (Doc. #2820), which 7-Eleven, Inc. and Circle K Stores, Inc. filed November 1, 2011 (Wyatt) be and hereby are **OVERRULED in part** with respect to defendants' arguments that plaintiffs' claims are not justiciable under the political question doctrine.

**IT IS FURTHER ORDERED** that with regard to the California claims against the non-settling defendants, the Court will not require plaintiffs to provide notice to the California classes.

Dated this 14th day of August, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge