# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

IN RE: MOTOR FUEL TEMPERATURE )
SALES PRACTICES LITIGATION )
) MDL No. 1840
This Document Relates To: ) Case No. 07-1840-KHV
)
<u>Rushing, et al. v. Alon USA, Inc., et al.</u>, )
    D. Kan. Case No. 07-2300-KHV, )
    N.D. Cal. Case No. 06-7621-PJH. )
_____)

## ORDER TO SHOW CAUSE

Lesley Duke asserts claims under the laws of Florida, Louisiana, Oklahoma, Mississippi, North Carolina, South Carolina, Tennessee, Texas and Virginia against the following defendants: Chevron U.S.A., Inc.; Flying J, Inc.; Petro Stopping Centers, L.P.; Pilot Travel Centers LLC; and TravelCenters of America LLC.[1] See Second Amended Complaint (Doc. #5) in Case No. 07-2300 filed October 30, 2009. Upon reviewing the second amended complaint and the pretrial orders submitted by counsel, it appears that this Court lacks subject matter jurisdiction over plaintiff's claims and that plaintiff has mis-joined his claims against defendants.

## I. Subject Matter Jurisdiction

In the second amended complaint, plaintiff asserts subject matter jurisdiction under 28 U.S.C. § 1332(d)(2), i.e., minimal diversity jurisdiction under the Class Action Fairness Act

---

[1] Multiple plaintiffs filed suit asserting claims under the laws of various states. Some defendants have settled, and the Court retains jurisdiction over those claims. See, e.g., Memorandum And Order (Doc. #4478) filed December 10, 2012. As to remaining claims under California law, the Judicial Panel on Multidistrict Litigation has separated and remanded the claims to the transferor court, i.e., the Northern District of California. See Separation Of Claims And Conditional Remand Order (Doc. #4643) filed September 13, 2013. As to remaining non-California claims, except for Lesley Duke and William Younger, plaintiffs have stipulated to dismiss the claims without prejudice. See Order Of Dismissal Without Prejudice (Doc. #4641) filed September 10, 2013. Younger is deceased and the Court has dismissed his claims with prejudice. See Order (Doc. #4656) filed October 7, 2013.

("CAFA"). See Second Amended Complaint (Doc. #5) ¶¶ 52-54. In the parties' proposed pretrial orders, however, it is unclear whether plaintiff asserts minimal diversity jurisdiction under Section 1332(d)(2), or general diversity jurisdiction under Section 1332(a).[2] In either case, it appears that the Court lacks subject matter jurisdiction.

### A. Diversity Jurisdiction Under Section 1332(d)(2)

In cases involving 100 or more putative class members, CAFA simplifies the jurisdictional inquiry by adopting minimal diversity, i.e., allowing diversity jurisdiction so long as any defendant is diverse from any class member and permitting aggregation of the amount in controversy. See 2 McLaughlin on Class Actions § 12:6 (9th ed.). Section 1332(d)(2) provides as follows:

> [D]istrict courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; * * *

28 U.S.C. § 1332(d)(2).

Based on allegations in the second amended complaint, it appears that in this case plaintiff can satisfy the requirements of Section 1332(d)(2) with respect to citizenship of parties and the amount in controversy.[3] See Second Amended Complaint (Doc. #5) in Case No. 07-2300 ¶¶ 12, 23,

---

[2] On September 6, 2013, the Court ordered the parties to jointly submit an agreed pretrial order for each state law claim against non-settling defendants. See Order (Doc. #4639) at 2. On September 23, 2013, plaintiff's counsel e-mailed to chambers nine proposed pretrial orders. The proposed pretrial orders state only that plaintiff invokes subject matter jurisdiction under 28 U.S.C. § 1332; they contain no specific factual or legal allegations regarding jurisdiction.

[3] As noted, Section 1332(d)(2) requires that only one member of the class be a citizen of a state which is different from any defendant. Plaintiff alleges that he is a resident of North Carolina and that non-settling defendants are organized and/or have their principal places of
(continued...)

32, 34, 36, 46. To retain jurisdiction under Section 1332(d)(2), however, plaintiff must obtain class certification of his claims. If it becomes clear that plaintiff cannot obtain class certification, the Court loses jurisdiction. See Clausnitzer v. Fed. Express Corp., 621 F. Supp.2d 1266, 1270 -1271 (S.D. Fla. 2008); Falcon v. Philips Elec. N. Am. Corp., 489 F. Supp.2d 367, 368 (S.D.N.Y. 2007) (court may lose jurisdiction if class certification denied on basis that precludes reasonably foreseeable possibility of subsequent class certification).

In otherwise seeking class certification, plaintiff does not seek class certification of his claims under the law of Louisiana, Mississippi, Oklahoma and Virginia. See Plaintiff's Motion For Class Certification (Doc. #1131) filed June 1, 2009. Thus, it appears that Section 1332(d) does not provide jurisdiction over those claims. Plaintiff does seek class certification of his claims under the law of Florida, North Carolina, South Carolina, Tennessee and Texas.[4] See id. As a practical matter, however, it appears that plaintiff cannot obtain certification of these claims. To obtain class

---

[3](...continued)
business in the following states: California, Delaware, Ohio, Pennsylvania, Tennessee, Texas and Utah. Specifically, with respect to non-settling defendants, plaintiff alleges as follows: (1) that Chevron U.S.A., Inc. is incorporated under Pennsylvania law with its principal place of business in California; (2) that Flying J, Inc. is incorporated under Utah law with its principal place of business in Utah; (3) that Petro Stopping Centers, L.P. is formed under the laws of Delaware and has its principal place of business in Texas; (4) that Pilot Travel Centers LLC is formed under the laws of Delaware and has its principal place of business in Tennessee; and (5) that TravelCenters of America LLC is incorporated under Delaware law with its principal place of business in Ohio. Second Amended Complaint (Doc. #5) in Case No. 07-2300 ¶¶ 23, 32, 34, 36, 46.

With respect to unincorporated associations such as limited partnerships and limited liability companies, CAFA abrogates the general rule that an unincorporated association shares the citizenship of each of its members for diversity purposes. Specifically, CAFA provides that for purposes of original and removal jurisdiction under Section 1332(d), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); see 2 McLaughlin on Class Actions § 12:6 (9th ed.).

[4] The Court set a deadline of June 1, 2009, for plaintiffs to file motions for class certification. See Status Conference Order (Doc. #1021) filed April 28, 2009 at 1.

certification, plaintiff must satisfy the prerequisites of Rule 23(a), Fed. R. Civ. P., one of which is adequate representation. Specifically, under Rule 23(a)(4), plaintiff must show that he will fairly and adequately protect the interests of the class. To meet this requirement, plaintiff must be a member of the class which he seeks to represent and show that (1) his interests do not conflict with those of class members, and (2) he will be able to prosecute the action vigorously through qualified counsel. See E. Tex. Motor Freight Sys., Inc., v. Rodriguez, 431 U.S. 395, 403 (1977); Rutter & Wilbanks Corp. v. Shell Oil Co., 314 F.3d 1180, 1187–88 (10th Cir.2002); Olenhouse v. Commodity Credit Corp., 136 F.R.D. 672, 680 (D. Kan. 1991).

Here, counsel for plaintiff have filed a motion to withdraw stating, inter alia, that they disagree with plaintiff regarding whether to seek class certification of his claims. Specifically, counsel state as follows:

> After the Court's . . . summary judgment ruling with respect to [the California] claims against Chevron, counsel has advised Mr. Duke that continuing to seek certification of a class of consumers with respect to Mr. Duke's claims would not be in the best interests of the putative class and sought Mr. Duke's consent to withdraw the pending motion for class certification with respect to Mr. Duke's claims. Mr. Duke refused to give his consent. Consistent with their obligations as potential class counsel, counsel advised the Court in recently submitted pretrial orders that counsel does not believe class certification would be in the best interests of the putative class, and have asked the Court not to appoint them as class counsel, should the Court nevertheless certify a class.

Motion To Withdraw Appearances (Doc. #4655) filed October 4, 2013.

Under these circumstances, it appears that plaintiff cannot show that his interests do not conflict with those of class members, or that he will be able to prosecute the action vigorously through qualified counsel. Accordingly, it appears that plaintiff cannot satisfy the adequate representation requirement of Rule 23(a)(4) and therefore cannot obtain class certification of his claims. Thus, it appears that Section 1332(d)(2) does not provide jurisdiction over plaintiff's claims.

See, e.g. Clausnitzer, 621 F. Supp.2d at 1270 -1271; Falcon, 489 F. Supp.2d at 368. The Court therefore orders that on or before **November 8, 2013**, plaintiff shall show cause in writing why it should not dismiss his claims without prejudice for lack of subject matter jurisdiction under Section 1332(d)(2).

### B. Diversity Jurisdiction Under Section 1332(a)

To the extent plaintiff seeks to invoke general diversity jurisdiction under Section 1332(a), he has not alleged facts sufficient to establish diversity of citizenship or the amount in controversy. Section 1332(a) provides, inter alia, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Regarding plaintiff's individual claims, the record contains no allegations regarding the amount in controversy.[5] Also, the record is devoid of information regarding the citizenship of the members and/or partners of Petro Stopping Centers, L.P., Pilot Travel Centers LLC and TravelCenters of America LLC. See, e.g., Carden v. Arkoma Assoc., 494 U.S. 185, 192-96 (1990) (diversity jurisdiction in suit by or against unincorporated entity depends on citizenship of all members); Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs., 651 F.3d 1219, 1222 (10th Cir. 2011) (limited partnerships deemed citizens of every state where any partner resides); JCM 082763, LLC v. Heinen Bros. Agra Servs., Inc., No. 12-1451-SAC, 2013 WL 2368327, at *1 (D. Kan. May 29, 2013) (limited liability company is citizen of each state in which members are citizens). Thus, on this record, it appears that the Court

---

[5] With respect to the putative class action claims, the second amended complaint alleges that the amount in controversy exceeds $5,000,000. The parties' proposed pretrial orders contain no allegations regarding the amount in controversy.

lacks diversity jurisdiction over plaintiff's individual claims.[6] See, e.g., Rice v. Office of Servicemembers' Group Life Ins., 260 F.3d 1240, 1245 (10th Cir. 2001); Gaines v. Ski Apache, 8 F.3d 726, 729 (10th Cir. 1993) (to establish diversity jurisdiction, complaint must allege or record must show amount in controversy and citizenship of parties). The Court therefore orders that on or before **November 8, 2013**, plaintiff shall show cause in writing why it should not dismiss his claims without prejudice for lack of subject matter jurisdiction under Section 1332(a).

## II. Joinder Of Defendants

Under Rule 20(a)(2), Fed. R. Civ. P., plaintiff may join defendants in one action if the following conditions exist:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Here, it appears that plaintiffs' claims do not satisfy the first requirement, i.e., that his right to relief against defendants is with respect to or arises out of the same series of transactions or occurrences. Plaintiff does not allege that defendants engaged in a conspiracy or concerted action. Rather, his claims are based on independent conduct by defendants, i.e., independent sales of motor fuel for specified prices per gallon without disclosing or adjusting for temperature.

Under these circumstances, it appears that plaintiff has mis-joined defendants. See, e.g.,

---

[6] To the extent plaintiff may assert that Section 1332(a) provides jurisdiction over his putative class action claims, plaintiff has not established that each class member's claim exceeds $75,000 or that every class member is diverse in citizenship from each defendant. See, e.g., Bates v. General Nutrition Ctr., Inc., 897 F. Supp.2d 1000, 1002-03 (C.D. Cal. 2012) (Section 1332(a) requires complete diversity between parties; unless single title or right in common interest exists, multiple plaintiffs may not aggregate claims to reach $75,000 threshold).

Body Sci. LLC v. Boston Scientific Corp., 846 F. Supp.2d 980, 987-88, 2012 WL 718495, at *2 (N.D. Ill. 2012) (joinder improper where unrelated defendants, based on different acts, infringe same patent); Interscope Records v. Does 1-25, No. 6:04-cv-197-Orl-22DAB, 2004 WL 6065737, at *4 (M.D. Fla. 2004) (joinder improper where defendants independently copied songs); DIRECTV, Inc. v. Brown, No. 4:03-cv-234-Orl-22KRS, 2003 WL 25569731, at *3-4 (M.D. Fla. May 22, 2003) (joinder improper where defendants independently purchased pirate access devices); DIRECTV v. Loussaert, 218 F.R.D. 639, 643 (S.D. Iowa 2003) (joinder improper where defendants independently possessed and used pirate access devices). The Court therefore orders that on or before **November 8, 2013**, plaintiff shall show cause in writing why the Court should not sever his claims as to each defendant.[7] In addition, on or before **November 8, 2013**, plaintiff shall show cause in writing why the Court should not separate his claims as to each different state, based on considerations of venue and trial convenience.

**IT IS THEREFORE ORDERED** that on or before **November 8, 2013**, plaintiff shall show cause in writing why the Court should not dismiss his claims without prejudice for lack of subject matter jurisdiction under Section 1332(d)(2) and/or Section 1332(a).

**IT IS FURTHER ORDERED** that on or before **November 8, 2013**, plaintiff shall show cause in writing why the Court should not sever his claims as to each defendant, and why the Court should not separate his claims as to each different state law, based on considerations of venue and trial convenience.

**IT IS FURTHER ORDERED** that on or before **November 15, 2013**, defendants may reply

---

[7] If it severs plaintiff's claims against each defendant, the Court will stay each of the newly created cases for ten days and order plaintiff to pay the requisite filing fee for each new case. If plaintiff failed to pay the required filing fee, the case would be dismissed without prejudice, without further notice.

to plaintiff's response to this show cause order.

Dated this 29th day of October, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge