**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: MOTOR FUEL TEMPERATURE ) | |
| SALES PRACTICES LITIGATION ) | **MDL No. 1840** |
| ) | **Case No. 07-1840-KHV** |
| **(This Document Relates To All Cases.)** ) | |
| _____) | |

## MEMORANDUM AND ORDER

On June 18, 2007, the Judicial Panel on Multidistrict Litigation ("MDL Panel") designated this Court as the transferee court for federal cases challenging sales practices of motor fuel retailers and refiners with regard to motor fuel temperature. The cases challenge defendants' practice of selling motor fuel by the gallon without disclosing or adjusting for temperature and without disclosing the effect of temperature on motor fuel. Numerous cases in the MDL have been resolved on the merits, by settlement or through voluntary dismissal. Except for the claims of one individual plaintiff,[1] only claims against settling defendants remain pending before this Court. This matter comes before the Court on the oral motion (Doc. # 4789) of Costco Wholesale Corporation. Specifically, under Section 4.7 of its amended settlement agreement, Costco seeks leave to adopt the more beneficial terms of the agreements reflected in the Stipulation Of Dismissal (Doc. #4711) and have plaintiffs' claims against it dismissed with prejudice. For reasons stated below, the Court overrules Costco's motion.

## Factual Background

On April 24, 2012, the Court entered an order which granted final approval to an amended class action settlement with Costco Wholesale Corporation, a defendant in 19 constituent MDL

---

[1] The Court has retained jurisdiction over the claims of Lesley Duke to resolve outstanding issues regarding subject matter jurisdiction and severance of claims. See Suggestion Of Remand And Final MDL Pretrial Order For Remanded Cases (Doc. #4671) filed November 15, 2013 at 3 n.5.

cases. See Memorandum And Order (Doc. #4248). Under the amended settlement, Costco agreed (1) over the next five years, in states in which it purchases fuel on a temperature-adjusted basis, i.e. in conversion states, to convert its existing motor fuel dispensers to automatic temperature compensation ("ATC") dispensers and install ATC dispensers at any new retail stations; and (2) in states in which it purchases fuel on a non-temperature-adjusted basis, i.e. in non-conversion states, to convert its motor fuel dispensers to ATC dispensers if it begins to purchase motor fuel on a temperature-adjusted basis. Id. at 9.

Under the amended Costco settlement agreement, class representatives from each conversion and non-conversion state represent a subclass from each state. Specifically, the Costco amended settlement is comprised of the following class representatives for subclasses for the following states:

    Alabama – Annie Smith
    Arizona – Christopher Payne
    California – Phyllis Lerner and Herb Glazer
    Florida – Mara Redstone
    Georgia – Brent Crawford
    Indiana – Victor Ruybald
    Kansas – Zach Wilson
    Kentucky – Lisa McBride
    Maryland – Raphael Sagalyn
    Missouri – Brent Donaldson
    Nevada – Gary Kohut
    New Jersey – Richard Gaulauski
    New Mexico – Charles Bryan
    North Carolina – Jean Neese
    Oregon – Shonna Butler
    Pennsylvania – Gerald Panto
    South Carolina – Joann Korleski
    Tennessee – Tamara Miller
    Texas – Priscilla Craft
    Utah – Jeff Jenkins
    Virginia – James Graham

See id. at 5-8 n.5.

The Court deferred any consideration of attorney fees until all settlements have been finalized. See Memorandum And Order (Doc. #4248) at 39-40. Also, plaintiffs' motion for attorney fees from Costco remains pending.[2] As a result, the Costco settlement is not yet effective. See Costco Amended Settlement Agreement, § 1.8 at 3-4, Exhibit B to Defendant Costco Wholesale Corporation's Notice To Invoke Rights Under Section 4.7 Of The Settlement ("Costco Notice To Invoke Rights") (Doc. #4729) filed March 20, 2014.

On February 6, 2014, plaintiffs in 22 constituent MDL cases filed a stipulation of dismissal regarding individual claims against other defendants in the MDL.[3] See Stipulation Of Dismissal With Prejudice (Doc. #4711). Specifically, the stipulation of dismissal states that "by agreement of the undersigned parties" and pursuant to Fed. R. Civ. P. 41(a)(1),[4] the following defendants are dismissed with prejudice from the separate civil actions with each party to bear their own attorney fees and costs: 7-Eleven, Inc.; Circle K Stores, Inc.; Flying J, Inc.; Kum & Go, LC; Mac's Convenience Stores, LLC; Marathon Ashland Petroleum, LLC n/k/a Marathon Petroleum Company LP; Marathon Petroleum Company LLC n/k/a Marathon Petroleum Company LP; Murphy Oil USA,

---

[2]    See Motion For Award Of Attorneys' Fees, Expenses, And Class Representative Incentive Awards And Memorandum In Support Thereof (Doc. #1820) filed March 23, 2011.

[3]    Because the stipulation involved individual claims, rather than class claims, it did not require court approval.

[4]    Rule 41(a)(1)(A) states as follows:

Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
    (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
    (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

Inc.; The Pantry, Inc.; Pilot Travel Centers LLC; PTCAA TEXAS, LP; QuikTrip Corporation; RaceTrac Petroleum, Inc.; Sheetz, Inc.; Speedway Petroleum Corp./Speedway SuperAmerica LLC; and Wawa, Inc. The stipulation of dismissal is signed by Robert A. Horn as co-lead counsel for plaintiffs and Tristan L. Duncan as counsel for defendants. Id.

By its terms, the stipulation of dismissal applies to claims against specific defendants in the specific civil actions listed below. The stipulation itself does not list individual plaintiffs or claims which are dismissed. Based on the docket sheets and complaints in each case, the Court has derived such information as listed below. The names of individual plaintiffs who are also class representatives in the amended Costco settlement appear in boldface type.

> Cook, et al. v. Hess Corp., et al., Case No. 07-2492-KHV (S. Garrett Cook and Don Hall asserting claims under Alabama law).
>
> Williams, et al. v. BP Products North America Inc., et al., Case No. 07-2355-KHV (Linda Williams, Team Trucking, 3 Girls Enterprises, Inc. and Dennis K. Mann asserting claims under Alabama law).
>
> Payne, et al. v. Chevron U.S.A. Inc., et al., Case No. 07-2366-KHV (**Christopher Payne**, James Anliker and Jim's Trucking, Inc. asserting claims under Arizona law).
>
> Jones, et al. v. E-Z Mart, Inc., et al., Case No. 07-2518-KHV (Charles D. Jones and Michael Gauthreaux asserting claims under Arkansas law).
>
> Rutherford v. RaceTrac Petroleum USA, Inc., Case No. 07-2390-KHV (Heather Rutherford and Steven Rutherford asserting claims under Georgia law).
>
> Rutherford, et al. v. Murphy Oil USA, Inc., et al., Case No. 07-2389-KHV (Steven Rutherford, Ellison and Sons Trucking Co. LLC, W.E. Hicks, Inc., **Brent Crawford**, Dixcee L. Millsap, Carl Rittenhouse and Samuel Ely asserting claims under Georgia law).
>
> Keen Exploration, LLC, et al. v. Amoco Oil Company et al., Case No. 07-2294-KHV (**Lisa McBride** asserting claims under Kentucky law).

Lalor, et al. v. BP Products North America Inc., et al., Case No. 07-2483-KHV (Dawn Lalor asserting claims under Louisiana law).

Sagalyn v. Chevron U.S.A. Inc., et al., Case No. 07-2374-KHV (**Raphael Sagalyn** asserting claims under Maryland law).

Wash, et al. v. Chevron U.S.A. Inc., et al., Case No. 07-2361-KHV (J. C. Walsh asserting claims under Mississippi law).

Donaldson, et al. v. BP Products North America Inc., et al., Case No. 07-2280-KHV (**Brent Donaldson** and Sam Baylard asserting claims under Missouri law).

Kohut, et al. v. Chevron U.S.A. Inc., et al., Case No. 07-2371-KHV (**Gary Kohut**, Scott Campbell, Debra Berg, Tia Gomez and Marlene Thomas asserting claims under Nevada law).

Neese, et al. v. Abercrombie Oil Company, Inc., et al., Case No. 07-2358-KHV (**Jean Neese** and Cecil Wilkins asserting claims under North Carolina law).

Bower, et al. v. 7-Eleven, et al., Case No. 07-2430-KHV (Hadley Bower, Larry O. Bower, Kristy DeAnn Mott and Temco asserting claims under Oklahoma law).

Cary, et al. v. BP Products North America Inc., et al., Case No. 07-2298-KHV (Cynthia Cary and Heartland Landscape Group LLC asserting claims under Oklahoma law).

Massey, et al. v. BP Products North America Inc., et al., Case No. 07-2289-KHV (Craig Massey and Bobby Roberson asserting claims under Oklahoma law).

Korleski v. BP Products North America Inc., et al., Case No. 07-2531-KHV (**Joann Korleski** asserting claims under South Carolina law).

Foster, et al. v. BP Products North America Inc., et al., Case No. 07-2296-KVH (Diane Foster and **Tamara Miller** asserting claims under Tennessee law).

Shields, et al. v. Racetrac Petroleum, Inc, et al., Case No. 07-2416-KHV (Charles Cockrell, Jr., William Rutherford and Jan Rutherford asserting claims under Tennessee law).

Couch, et al. v. BP Products North America Inc., et al., Case No. 07-2397-KHV (Melissa Couch, Lee Coates, Kennedy Kraatz, Melissa Murray, Shawn Trader, Michael Warner, Sherry Dosch, Drew Stevens, Clinton Davis and Lisa Ann Lee asserting claims under Alabama, Mississippi, Nevada and Texas law).

> Jenkins, et al. v. Amoco Oil Company, et al., Case No. 07-2508-KHV (**Jeff Jenkins**, Sam Hotchkiss, Sara Terry, Glenn Terry, Jacob Steed, Max John Johnson, David Delow Bisel asserting claims under Utah law).
>
> Graham v. Chevron USA Inc., et al., Case No. 07-2399-KHV (**James Graham** asserting claims under Virginia law).

The Court had not certified a class as to any of the claims which were subject to the stipulation of dismissal.[5] Thus, the Federal Rules of Civil Procedure did not require the parties to obtain Court approval before dismissing said claims. Compare Fed. R. Civ. P. 41(a)(1) with Fed. R. Civ. P. 23(e).[6]

---

[5] The Court only certified classes as to claims under Kansas and California law. See Memorandum And Order (Doc. #4544) filed April 9, 2013; Memorandum And Order (Doc. #4539) filed April 5, 2013; Memorandum And Order (Doc. #3208) filed January 19, 2012. In addition, the Court conditionally certified settlement classes as to claims against certain defendants who are not parties to the stipulation of dismissal. See Order (Doc. #4786) filed December 10, 2014 (conditionally certifying settlement classes as to E-Z Mart Stores, Inc., Love's Travel Stops & Country Stores, Inc., Sunoco, Inc. and Tesoro Refining and Marketing Company LLC); Memorandum And Order (Doc. #4775) filed October 27, 2014 (conditionally certifying settlement classes as to B-B Oil Company, Inc., Chevron U.S.A., Inc., Coulson Oil Company, Inc., Diamond State Oil, LLC, Flash Market, Inc., G&M Oil Company, Inc. and G&M Oil Co., LLC, J&P Flash, Inc., M.M. Fowler, Inc., Magness Oil Company, Port Cities Oil, LLC, Thorntons Inc., United El Segundo, Inc., W. R. Hess and World Oil Corp); Memorandum And Order (Doc. #4478) filed December 10, 2012 (conditionally certifying settlement classes as to Exxon Mobil Corporation, Esso Virgin Islands, Inc., Mobil Oil Guam, Inc., Valero Marketing and Supply Company and Valero Energy Corporation); Memorandum And Order (Doc. #4464) filed November 20, 2012 (conditionally certifying settlement classes as to BP Products North America Inc., BP West Coast Products LLC, CITGO Petroleum Company, ConocoPhillips Company, Motiva Enterprises LLC, Equilon Enterprises LLC d/b/a Shell Oil Products US, Sinclair Oil Corporation, Casey's General Stores, Inc., Sam's Club, Sam's East, Inc., Sam's West, Inc., Wal-Mart Stores, Inc. and Wal-Mart Stores East, LLP); Memorandum And Order (Doc. #4424) filed September 28, 2012 (conditionally certifying settlement classes as to Dansk Investment Group, Inc.).

[6] Rule 23(e) states as follows:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:

(continued...)

On March 20, 2014, Costco filed notice that it intended to invoke rights under the so-called most favored nations ("MFN") clause in the amended settlement agreement. See Costco Notice To Invoke Rights (Doc. #4729). Specifically, Costco stated that under that Section 4.7 of the amended settlement, it intended to adopt more favorable terms of the "agreement" reflected in the stipulation of dismissal which plaintiffs filed February 6, 2014. See id. at 3-4.

On December 11, 2014, the Court conducted a telephone status conference regarding Costco's notice. During the conference, counsel for Costco made an oral motion under Section 4.7 for leave to adopt the more beneficial terms of the agreements reflected in the Stipulation Of Dismissal (Doc. #4711) and to have the claims against it dismissed with prejudice. As to said motion, the parties agreed to incorporate their briefing with respect to Costco's notice, i.e. Costco Notice To Invoke Rights (Doc. #4729). In addition, the parties stipulated that with respect to the Stipulation Of Dismissal (Doc. #4711), all terms of the agreement between the parties were reflected in the documents filed with the Court and that no additional or underlying agreements exist.

---

[6](...continued)

    (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

    (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

    (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

    (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

    (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e).

**Legal Standards**

The amended settlement agreement with Costco provides that it shall be governed by the law of the State of Washington. See Amended Settlement Agreement at 20, Exhibit B to Costco Notice To Invoke Rights (Doc. #4729) at 12. Under Washington law, courts follow the objective manifestation theory of contracts. See Hearst Commc'ns, Inc. v. Seattle Times Co., 115 P.3d 262, 504 (Wash. 2005) (en banc.). Under this approach, the Court determines the parties' intent by focusing on the objective manifestations of the agreement, as opposed to the unexpressed subjective intent of the parties. Id. The Court imputes an intention corresponding to the reasonable meaning of the words used. Id. Thus, the subjective intent of the parties is generally irrelevant if intent can be determined from the words used. Id. Unless the entirety of the agreement clearly demonstrates a contrary intent, the Court will generally give words in a contract their ordinary, usual and popular meaning. Id. The Court's job is to interpret what was actually written, not what the parties intended to write. Id.

To determine the meaning of specific words and terms in a contract, the Court may examine extrinsic evidence regarding the context in which the contract was made. Id. at 502-03. Such extrinsic evidence may include (1) the subject matter and objective of the contract, (2) circumstances surrounding the making of the contract, (3) subsequent acts and conduct of the parties and (4) the reasonableness of the respective interpretations urged by the parties. Id. at 502. Extrinsic evidence may not be used to show an intention independent of the instrument or to vary, contradict or modify the written word. Id. at 503 (quotations and citations omitted).

**Analysis**

Under Section 4.7 of the amended settlement agreement, Costco seeks to adopt terms of the

agreements contained in the Stipulation Of Dismissal (Doc. #4711) filed February 6, 2014, to vacate its obligation to implement ATC under the class settlement and to have the class claims against it dismissed with prejudice.  See Costco Notice To Invoke Rights (Doc. #4729) at 3-4.

> Section 4.7 of the amended settlement agreement states as follows:
>
> If at any time prior to the completion of conversion and installation of ATC, Class Counsel and Class Representatives agree to enter into any agreement with any person or company to resolve any action or any other pending or threatened claim concerning ATC that is materially more favorable to that person or company than this Amended Settlement Agreement is to Costco (including, without limitation, calling for a lower conversion percentage, slower rate of conversion to ATC, or for completion of conversion to ATC at a later date than required by Section 4.4), Class Counsel and Class Representatives agree to notify Costco promptly of the terms of such agreement. At Costco's sole discretion, it may adopt the materially more favorable terms in any such agreement in place of its obligations under Section 4.4. Costco agrees to notify Class Counsel and Class Representatives in writing of any such election. The Parties agree that any change in Costco's obligations under Section 4.4 as a result of any such election that is not a change that is materially adverse to the Settlement Class does not require additional notice to the class.

Amended Settlement Agreement at 12 (emphasis added).

The parties dispute whether the subject agreement to dismiss individual claims triggers Costco's right to adopt materially more favorable terms of the other agreement. Plaintiffs assert that for Costco to adopt more favorable terms under Section 4.7, the other agreement must be made by "Class Counsel and Class Representatives," i.e. the other agreement must involve class claims. See The Class Representatives' Response To Defendant Costco Wholesale Corporation's Notice To Invoke Rights Under Section 4.7 Of The Settlement  ("Plaintiffs Response") (Doc. #4753) filed April 8, 2014.  Costco asserts that nothing in Section 4.7 limits the type of action or claim to a "certified class action or claim."  Defendant Costco Wholesale Corporation's Reply To Class Representatives' Response To Costco's Notice To Invoke Rights Under Section 4.7 Of The

Settlement ("Costco Reply") (Doc. #4755) filed April 23, 2014 at 4.

The Court agrees with plaintiffs. Section 4.4 addresses agreements between "Class Counsel and Class Representatives," on the one hand, and ATC defendants or potential ATC defendants, on the other. As such, Section 4.4 clearly contemplates that only agreements on behalf of "Class Counsel and Class Representatives" will trigger Costco's rights under the MFN clause.[7] Here, although the stipulation of dismissal involves the claims of some plaintiffs who are also class representatives under the Costco settlement, it does not involve class claims.[8] Rather, it involves

---

[7] The parties dispute whether the other agreement must include all class representatives and all class counsel identified in the amended settlement agreement. See Amended Settlement Agreement at 3, § 1.3 and § 1.4. Because the stipulation of dismissal does not involve class claims, the Court need not address this issue.

[8] Under the stipulation of dismissal, 65 plaintiffs agreed to dismiss individual claims against 16 defendants in 22 cases involving the law of 17 states. Of those 65 plaintiffs, the following 12 are also class representatives under the Costco settlement:

Christopher Payne released individual claims under Arizona law against certain defendants in Payne, et al. v. Chevron U.S.A. Inc., et al., Case No. 07-2366-KHV, and represents the Arizona subclass under the Costco settlement.

Brent Crawford released individual claims under Georgia law against certain defendants in Rutherford, et al. v. Murphy Oil USA, Inc., et al., Case No. 07-2389-KHV, and represents the Georgia subclass under the Costco settlement.

Lisa McBride released individual claims under Kentucky law against certain defendants in Keen Exploration, LLC, et al. v. Amoco Oil Company et al., Case No. 07-2294-KHV, and represents the Kentucky subclass under the Costco settlement.

Raphael Sagalyn released individual claims under Maryland law against certain defendants in Sagalyn v. Chevron U.S.A. Inc., et al., Case No. 07-2374-KHV, and represents the Maryland subclass under the Costco settlement.

Brent Donaldson released individual claims under Missouri law against certain defendants in Donaldson, et al. v. BP Products North America Inc., et al., Case No. 07-2280-KHV, and represents the Missouri subclass under the Costco settlement.

(continued...)

individual plaintiffs dismissing individual claims in their individual capacities, i.e. not class representatives dismissing class claims on behalf of a class.

Moreover, in the context of this case, the only reasonable reading of Section 4.7 is that the other agreement with "Class Counsel and Class Representatives" must involve ATC. As noted, Section 4.7 addresses the scenario in which "Class Counsel and Class Representatives agree to enter into any agreement with any person or company to resolve any action or any other pending or threatened claim concerning ATC that is materially more favorable to that person or company." One could read the phrase "concerning ATC" to modify either agreement or claim, i.e. that the agreement must concern ATC, or that the pending or threatened claim must concern ATC. Read in context,

---

⁸(...continued)
Gary Kohut released individual claims under Nevada law against certain defendants in Kohut, et al. v. Chevron U.S.A. Inc., et al., Case No. 07-2371-KHV, and represents the Nevada subclass under the Costco settlement.

Jean Neese released individual claims under North Carolina law against certain defendants in Neese, et al. v. Abercrombie Oil Company, Inc., et al., Case No. 07-2358-KHV, and represents the North Carolina subclass under the Costco settlement.

Joann Korleski released individual claims under South Carolina law against certain defendants in Korleski v. BP Products North America Inc., et al., Case No. 07-2531-KHV, and represents the South Carolina subclass under the Costco settlement.

Tamara Miller released individual claims under Tennessee law against certain defendants in Foster, et al. v. BP Products North America Inc., et al., Case No. 07-2296-KVH, and represents the Tennessee subclass under the Costco settlement.

Jeff Jenkins released individual claims under Utah law against certain defendants in Jenkins, et al. v. Amoco Oil Company, et al., Case No. 07-2508-KHV, and represents the Utah subclass under the Costco settlement.

James Graham released individual claims under Virginia law against certain defendants in Graham v. Chevron USA Inc., et al., Case No. 07-2399-KHV, and represents the Virginia subclass under the Costco settlement.

however, to trigger the MFN clause of Section 4.7, the "materially more favorable terms" in the "other agreement" must concern the implementation of ATC. Section 4.7 provides examples of materially more favorable terms which include calling for a lower conversion percentage, a slower rate of conversion to ATC or completion of conversion to ATC at a later date than required by Section 4.4. Moreover, if faced with an agreement which contains more favorable terms, Section 4.7 only allows Costco to substitute the more favorable terms for its obligations under Section 4.4, which sets forth the time table for implementing ATC.[9] It does not relieve Costco of obligations contained elsewhere in the agreement, i.e. to convert existing stores to ATC under Section 4.2 and to install ATC at new stores under Section 4.3.

Here, Class Counsel and Class Representatives did not enter into an "agreement" with respect to ATC implementation. On this record, the Court therefore finds that under Section 4.7 of the amended settlement agreement, Costco may not replace its obligations under Section 4.4. with terms contained in the Stipulation Of Dismissal (Doc. #4711).

**IT IS THEREFORE ORDERED** that the oral motion (Doc. # 4789) of Costco Wholesale Corporation under Section 4.7 of its amended settlement agreement for leave to adopt the more beneficial terms of the agreements reflected in the Stipulation Of Dismissal (Doc. #4711), and have

---

[9] Section 4.4 sets forth the implementation period for Costco to convert and install ATC in retail motor fuel stations in conversion states. See Amended Settlement Agreement at 10-11. Specifically, it provides the following timetable (provided that Costco receives appropriate regulatory approvals):

  2 years – 10 per cent of motor fuel dispensers in conversion states
  3 years – 40 per cent of motor fuel dispensers in conversion states
  4 years – 70 per cent of motor fuel dispensers in conversion states
  5 years – 100 per cent of motor fuel dispensers in conversion states

Id.

the claims against it dismissed with prejudice, be and hereby is **OVERRULED**.

Dated this 23rd day of January, 2015 at Kansas City, Kansas.

s/  Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge