IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: MOTOR FUEL TEMPERATURE SALES PRACTICES LITIGATION | ) ) ) | |
| | ) | MDL No. 1840 |
| (This Document Relates to All Cases) | ) | Case No. 07-MD-1840-KHV |
| | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion For Leave To File Under Seal A Certain Exhibit To Their Motion And Memorandum In Support Of Final Approval Of Class Action Settlements ("Motion For Leave To Seal") (Doc. #4837) filed June 8, 2015. For reasons stated below, the Court overrules the motion.

**Legal Standards**

Federal courts have long recognized a common-law right of access to judicial records. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. City of Topeka, No. 03-2450-JWL, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. Helm, 656 F.3d at 1292. The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access. Id.; United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties. Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461. The party seeking to overcome the presumption of public access to the documents bears the burden of showing that some significant interest outweighs the

presumption.  <u>Helm</u>, 656 F.3d at 1292; <u>Mann</u>, 477 F.3d at 1149.  The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture.  <u>Worford</u>, 2004 WL 316073, at *1; <u>Stapp v. Overnite Transp. Co.</u>, No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr. 10, 1998.

## **Analysis**

Plaintiffs seek to file under seal Exhibit 51 to <u>Plaintiffs' Motion And Memorandum In Support Of Final Approval Of Class Action Settlements</u> ("<u>Motion For Final Settlement Approval</u>") (Doc. #4834) filed June 8, 2015.[1]  In support of the motion, plaintiffs state that defendants designated the document as "Confidential" under the Court's <u>Protective Order</u> (Doc. #417) filed April 21, 2008.[2]  Plaintiffs state they in no way concede that the document contains sensitive

---

[1] Exhibit 51 is a letter dated April 18, 2008 from The Pantry, Inc., a former defendant in these MDL proceedings, regarding filings which it made with the Securities and Exchange Commission ("SEC").  The letter includes an explanation of its interim accounting policy for dealing with increases to gasoline inventory resulting from temperature expansion and corresponding decreases in the cost of goods sold.  <u>See</u> Exhibit A to <u>Motion For Leave To Seal</u> (Doc. #4837) ¶ 12.

[2] Regarding confidential information, the protective order states as follows:

> If a party wishes to use any Confidential Information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this court in this litigation, the party shall apply to have such papers or transcript filed under seal upon separate, specific motion and later order of the court. However, as is implicit in paragraph 11 above, regardless of who files such application, the party seeking or claiming confidential protection shall have the burden of establishing grounds for confidential treatment.

<u>Protective Order</u> (Doc. #417) ¶ 19.

Paragraph 11 states as follows:

> This protective order shall be without prejudice to the right of the parties (i) to bring before the court at any time the question of whether any particular document or

(continued...)

-2-

business information which warrants confidential treatment and that they reserve the right to contest the confidentiality designation at a later date. See Motion For Leave To Seal (Doc. #4837) at 1. Defendants did not respond to the motion.

The fact that defendants designated the document as "confidential" under the protective order does not in itself provide sufficient reason to seal. See Stormont-Vail Healthcare, Inc. v. BioMedix Vascular Solutions, Inc., No. 11-4093-SAC, 2012 WL 884926, at *1 (D. Kan. Mar. 14, 2012); Carfusion 213, LLC v. Prof'l Disposables, Inc., No. 09-2616-KHV, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010). As provided in the protective order, the party seeking confidential protection bears the burden to establish the grounds for confidential treatment. See Protective Order (Doc. #417) ¶¶ 11, 19. On this record, defendants have not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process. See Helm, 656 F.3d at 1292.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Leave To File Under Seal A Certain Exhibit To Their Motion And Memorandum In Support Of Final Approval Of Class Action Settlements (Doc. #4837) filed June 8, 2015 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that on or before **August 28, 2015**, plaintiffs shall file

---

[2](...continued)
information is confidential or whether its use should be restricted or (ii) to present a motion to the court for a separate protective order as to any particular document or information, including restrictions differing from those as specified in the present order. The party desiring to maintain confidentiality shall have the burden of establishing grounds for confidential treatment. This protective order shall not be deemed to prejudice the parties in any way in any future application for modification of this order.

Protective Order (Doc. #417) ¶ 11.

Exhibit 51 to Plaintiffs' Motion And Memorandum In Support Of Final Approval Of Class Action Settlements (Doc. #4834) filed June 8, 2015.

Dated this 21st day of August, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge