IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: MOTOR FUEL TEMPERATURE )
SALES PRACTICES LITIGATION )
) MDL No. 1840
(This Document Relates to All Cases) ) Case No. 07-MD-1840-KHV
)
_____)

### MEMORANDUM AND ORDER

This matter comes before the Court on the letter from Lesley Duke (Doc. #4841) filed June 23, 2015, which the Court construes as a pro se motion for miscellaneous relief. For reasons stated below, the Court overrules the motion.

### Background Information

Duke is a named plaintiff in Rushing, et al. v. Alon USA, Inc., et al., D. Kan. Case No. 07-2300-KHV, N.D. Cal. Case No. 06-07621, a case in these MDL proceedings which asserted claims against multiple defendants under the laws of 18 states. See Suggestion Of Remand Of Cases Involving Claims Of Lesley Duke (Doc. #4794) filed January 26, 2015 at 5. Some defendants entered into class settlements and the Court retains jurisdiction over those claims. Id. As to claims under California law, the Court granted summary judgment in favor of the remaining defendants. Id. at 6. As to remaining claims under non-California law, except for Duke, plaintiffs stipulated to dismiss the claims without prejudice. Id. As a result, Duke's non-California claims remain pending against the following defendants: Chevron U.S.A., Inc., Flying J, Inc., Petro Stopping Centers, L.P., Pilot Travel Centers LLC and TravelCenters of America LLC. Id. The Court retained jurisdiction over Duke's claims to resolve outstanding issues regarding subject matter

jurisdiction and severance of claims.[1]  Id.  On January 26, 2015, the Court suggested that the MDL Panel remand Duke's claims to the transferor court, i.e. the Northern District of California, for further proceedings.  See Suggestion Of Remand (Doc. #4794) at 4.  On February 19, 2015, the MDL Panel remanded Duke's claims to that court.[2]  See Separation Of Claims And Conditional Remand Order (Doc. #4800).

## Analysis

On June 11, 2015, the Court received Duke's letter dated June 8, 2015.  See Doc. #4841. In the letter, Duke states that he is asking the Court "to hold a contract for Lesley E. Duke and attorney George Zelcs and others to be ordered to receive 33 1/3 percent as his contract reads. . . ." Id. at 2.  Duke states that Zelcs and another attorney, Robert Horn, have refused to meet with him. He further states that "[d]ue to their unwanted actions, I am also asking the Court to uphold or stop any monies that they are requesting or have been offered by oil companies."  Id.  Duke also states as follows:

> I am Laying Claim to my share of those monyes [sic] the attorney may receive.  I also have claims against Pilot Travel Plaza and Petro Truck Stops.  If the Court can approve settlements on those cases, I am Praying the Court will do so.  After almost a decade, I am ready for closure.  I am asking the Court to ask those Parties to make settlements offers [sic] today.

Id. at 2.  Although the letter is somewhat difficult to follow, it appears that Duke objects to

---

[1] On January 17, 2014, this Court severed the claims against each defendant, thereby creating four separate cases.  The original case (Rushing) includes Duke's claims against Chevron. The three new cases are Duke v. Flying J., Inc., D. Kan. Case No. 14-2025-KHV; Duke v. Pilot Travel Centers, LLC, D. Kan. Case No. 14-2026-KHV; and Duke v. Petro Stopping Centers, L.P., D. Kan. Case No. 14-2027-KHV.  See Order (Doc. #4702).

[2] At the time of remand, Duke was represented by counsel who had filed a motion to withdraw which remained pending.  See Suggestion Of Remand (Doc. #4794) at 4-5 n.1; Motion To Withdraw Appearances (Doc. #4655) filed October 4, 2013.

attorney's fees under the settlements and requests that the Court ask certain defendants to make settlement offers on his claims.

To the extent that Duke objects to attorney's fees under the settlements, the Court will consider his comments in conjunction with the <u>Second Motion For Award Of Attorneys' Fees, Expenses, And Class Representative Incentive Awards and Memorandum In Support</u> (Doc. #4827) filed May 29, 2015. That matter is set for hearing on November 19, 2015 at 9:30 a.m. in Courtroom 476. On or before **October 2, 2015**, class members may file objections to the fee request. <u>See</u> <u>Memorandum And Order</u> (Doc. #4851) filed August 21, 2015 at 62-63.

To the extent that Duke requests the Court to ask or order certain defendants to engage in settlement talks, the Court lacks subject matter jurisdiction over the request. As discussed, on February 19, 2015, the MDL Panel remanded Duke's claims to the Northern District of California. <u>See</u> <u>Suggestion Of Remand</u> (Doc. #4794) at 4.

**IT IS THEREFORE ORDERED** that the letter from Lesley Duke (Doc. #4841) filed June 23, 2015, which the Court construes as a <u>pro se</u> motion for miscellaneous relief, be and hereby is **OVERRULED.**

Dated this 21st day of August, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
